# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, Yuquan Ni, Li Fang,
Zhongzao Shi, Fang Sheng, Shunli Shao, Kaiyuan Wu,
Zhijian Wu, Zhongwei Li, and Yuwei Dong,
        Plaintiffs,

        v.                                          Hon. Magistrate Scott Varholak

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC, and
Peter Knobel,
        Defendants.

## EMERGENCY MOTION TO SHOW CAUSE TO HOLD JAMES KILROY AND HIS CLIENTS IN CONTEMPT

        Two Defendants represented by attorney James Kilroy - Colorado Regional Center I LLC and Colorado Regional Center Project Solaris LLLP - are threatening the Plaintiffs that this Court will "revoke their Green Cards" (effectively sending them back to China) as the result of pursuing securities law claims for rescission in the failed Project Solaris. Already one Plaintiff, Li Fang, has withdrawn in fear.

        Plaintiffs' counsel hereby demands that attorney Kilroy and his clients give this Court legal authorities to support their assertion that this Court can revoke a green card. Unless attorney Kilroy can do so in three (3) days, he and his clients should be held in contempt.

        By letter dated September 16, 2019, Mr. Kilroy's clients wrote to all 160 limited partners saying that they would ask the Court to revoke the Plaintiffs' green cards, sending

a wave of fear through every Plaintiff and every potential future plaintiff that might join this lawsuit:

> As the lawsuit proceeds, we may ask the Plaintiffs to voluntarily abandon their Green Card or ask the Court to revoke their Green Cards should the Plaintiffs continue to seek rescission as a remedy...

See Exhibit 1, Letter from Rob Glucksman of the Colorado Regional Center, which was sent by email attaching a letter from James Kilroy as their lawyer, so it is reasonable to assume that Mr. Kilroy saw and approved this letter. This threat was directed only at Plaintiffs and not the other limited partners, so it was a targeted threat to deter this lawsuit.

This Court lacks the power to revoke a green card, just as it lacks the power to *grant* a green card: it isn't in the green card business. That power rests exclusively with the United States Citizenship and Immigration Services (the USCIS).

USCIS regulations provide that if an immigrant puts $500,000 at risk in a Regional Center project that generates 10 jobs per investor, and the application paperwork checks out, then the investor can receive a green card from the USCIS. Once the investor gets a green card, he is like any other American who holds a financial investment in the underlying project. He can pursue any remedies to get his money back from that project, just like any other American investor. If a financial remedy allows for rescission, then rescission applies only to the financial investment, not to every single thing that transpired in the investors' life since the investment was made: the investors' whole life is not suddenly rescinded 8 years, taking his green card with it. That is a misstatement of law.

By way of example, suppose a person enters into a contract with a law school to get a JD and then passes the bar and gets licensed, but the Department of Education later rules

that the law school violated certain regulations and that payments made to the school by students are rescindable; this means that the person can get their money back from the school, but it has no effect on his bar license, since the two are not causally related.

The USCIS - not the federal courts - are the body that determines whether a green card should be rescinded, and the process is very complicated, very long, and it involves multiple steps such as a hearing, right to respond, motions, and the right to an appeal. Anecdotal evidence suggests that application fraud is responsible for 99.99% of green card rescission, such as cases where the investor uses a fake name, has a criminal history, engages in a sham marriage, or claims that certain persons are family members when they are not. Plaintiffs know of no cases where seeking a remedy of rescission under the securities laws gives anyone (either the Courts or the USCIS) the right to rescind an already granted green card.  According to the USCIS Policy Manual, which is the definitive guide to EB-5 matters, rescission of a green card is determined at the time when the person applies for citizenship (which has already passed in this case):

> **Keep in mind that the central issue of rescission proceedings is the alien's ineligibility for lawful permanent resident status at the time that it was granted**. In any case where the evidence demonstrates that the alien obtained status through fraud, you should prepare the case for removal proceedings. In other cases where INS or USCIS improperly conferred benefits, even though no fraud or deception was involved, you must exercise considerable judgment and discretion to determine whether either removal proceedings or rescission is appropriate.

https://www.uscis.gov/ilink/docView/AFM/HTML/AFM/0-0-0-1/0-0-0-12524/0-0-0-12583.html (emphasis added).

In other words, this Court cannot summarily 'revoke a green card.'   And again, if this Court finds a right of rescission, it would exist because Mr. Kilroy's clients themselves committed a securities law violation, so there is little reason to suppose that the USCIS would

3

punish the *victims* for that.  In any event, the Regional Center has a fiduciary duty to the limited partners, and they have evidenced this by threatening to have this Court take away the investors' green cards if they dare to ask for rescission to get their money out of this sinkhole.

## SHOW CAUSE

Attorney Kilroy has not appeared in this case, so he cannot be given a Rule 11 letter. Nor have the Defendant Regional Center entities appeared, so they cannot be subject to Rule 11(b)(3) which allows the Court to enforce Rule 11(b) *sua sponte* against any party who files a document with the Court.  However, this Court has inherent contempt powers to control the litigation and to prevent lawyers from having their clients propagate misstatements of the law to the opposing side's clients.

Accordingly, the Plaintiffs seek an Order whereby attorney Kilroy and his clients have three (3) business days to provide this Court with the case authority backing up his client's threat that this Court can revoke the Plaintiffs' green cards.   If he cannot do this, he should be held in contempt for using unsupported threats to scare off plaintiffs.

Dated: September 17, 2019

Respectfully Submitted,

/s/ Douglas Litowitz
413 Locust Place
Deerfield, IL 60015
312-622-2848
Litowitz@gmail.com

4

5

Certificate of Service: There being no other parties of record, this document was served by email on James Kilroy on September 17, 2019 and filed on the ECF system for the District of Colorado