**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:19-cv-02443-STV**

Jun Li, Qi Qin, Yi Liu, Jie Yang, Yuquan Ni, Li Fang,
Zhongzao Shi, Fang Sheng, Shunli Shao, Kaiyuan Wu,
Zhijian Wu, Zhongwei Li, and Yuwei Dong,

      Plaintiffs,

v.

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC, and
Peter Knobel,

      Defendants.

---

**PETITION FOR ORDER TO SHOW CAUSE PURSUANT TO**
**C.R.S. § 38-35-204**

---

      Defendant Colorado Regional Center Project Solaris, LLLP ("CRCPS") and non-party Solaris Property Owner I, LLC ("SPO I"), by and through respective undersigned counsel, jointly submit their Petition for Order to Show Cause Pursuant to C.R.S. § 38-35-204 (this "Petition"), stating as follows:

**CERTIFICATE OF CONFERRAL**

      Pursuant to D.C.COLO.LCivR 7.1(a), counsel for CRCPS and SPO I conferred in good faith with counsel for Plaintiffs regarding the substance of this Petition.  Plaintiffs oppose the relief requested herein.

4846-6491-9974

## INTRODUCTION

Despite having no legal justification for doing so, Plaintiffs – who are limited partners of CRCPS – improperly recorded a notice of lis pendens against certain real property that is owned by SPO I and encumbered with a first deed of trust held by CRCPS.  Not only does the notice of lis pendens contain material misstatements that alone render it invalid, but Plaintiffs also have not asserted any claim or requested any affirmative relief affecting title to such property to justify recording a notice of lis pendens.  Instead, Plaintiffs seek only to recover monetary damages, which, by itself, is insufficient to support a lis pendens.  And even if CRCPS held title to the property at issue, and Plaintiffs ultimately prevailed on their claims, it would not affect title because CRCPS's limited partners do not have any legal or equitable interest in partnership property.  The lis pendens should therefore be declared invalid, and SPO I and CRCPS should be awarded their respective attorneys' fees and costs.

## STATEMENT OF FACTS

1.      Plaintiffs Jun Li, Qi Qin, Yi Liu, Jie Yang, Yuquan Ni, Li Fang, Zhongzao Shi, Fang Sheng, Shunli Shao, Kaiyuan Wu, Zhijian Wu, Zhongwei Li, and Yuwei Dong (collectively, the "Plaintiffs") are Chinese investors who each purchased a limited partnership interest in CRCPS for $500,000, as part of an approved EB-5 Program through the U.S. Citizenship and Immigration Services to obtain a permanent residence visa, commonly referred to as a "green card."  *See* **Exhibit A**, Affidavit of Rick Hayes, at ¶ 4.  Plaintiffs are thirteen of a total of 165 original CRCPS limited partners. *See id*. at ¶ 5.

2.      Under the terms of the partnership agreement, CRCPS agreed to loan the proceeds of the investment, which totaled approximately $82.5 million, to Solaris Property Owner, LLC

("SPO").  *See id.* at ¶ 6; *see* **Exhibit B**, Affidavit of Peter Knobel, at ¶ 3.[1]  SPO is the developer of a residential and commercial development in Vail, Colorado, consisting of 79 high-end residential condominium units (the "Project").  *See* Ex. A at ¶ 7; Ex. B at ¶ 2.  The proceeds of the loan were to be used by SPO to pay certain costs pertaining to the development of the Project.  *See* Ex. A at ¶ 8; Ex. B at ¶ 3.

3.       The loan was evidenced by a loan agreement and a promissory note and was funded in multiple advances over a period of time.  *See* Ex. A at ¶ 9; Ex. B at ¶ 4.  To secure the loan, SPO granted a lien, evidenced by a deed of trust, to CRCPS for each of nineteen condominium units valued in the aggregate at approximately $82.5 million at the time of execution of the loan agreement (the "Property").  *See* Ex. A at ¶ 10; Ex. B at ¶ 5.  Prior to the commencement of this action, two of the nineteen units have been assigned to entities owned by certain limited partners of CRCPS in consideration of a redemption of their partnership interests.  *See* Ex. A at ¶ 11; Ex. B at ¶ 6.

4.       The loan accrued interest at a rate of 5.55% per annum.  *See* Ex. A at ¶ 12; Ex. B at ¶ 7.  The principal balance together with all accrued and unpaid interest of each loan advance was due and payable five years after the date of each loan advance.  *See* Ex. A at ¶ 13; Ex. B at ¶ 7.

5.       Pursuant to the terms of the loan agreement, three years following each loan advance, SPO had the right to prepay the amount of the loan advance by either paying cash or conveying title to one or more condominium units, which would reduce the principal balance of the loan, as set forth in the loan agreement and promissory note.  *See* Ex. A at ¶ 14; Ex. B at ¶ 8.

---

[1] Mr. Knobel is currently traveling.  SPO I will supplement its filing with a notarized version of his affidavit later this week.

6.      Prior to the first advance under the loan, SPO assigned all rights, obligations, title and interest related to the loan, note and Property to SPO I, and SPO I assumed all obligations thereunder, thus becoming the borrower pursuant to the loan agreement.  *See* Ex. A at ¶ 15; Ex. B at ¶ 9.

7.      Consistent with the terms of the loan agreement, SPO I delivered notice of its intention to exercise the right to collateral transfer with respect to each condominium unit to CRCPS in lieu of cash payment after three years following each loan advance.  *See* Ex. A at ¶ 16; Ex. B at ¶ 10.

8.      Pursuant to the terms of an Agreement Regarding Collateral Units between CRCPS and SPO I, CRCPS has not yet been assigned title to the remaining units comprising the Property (other than two condominium units conveyed to CRCPS's designees, *see* ¶ 3) because  SPO I agreed to continue to hold title and, upon the instruction of CRCPS,  to directly sell the units to a buyer designated by CRCPS.  *See* Ex. A at ¶ 17; Ex. B at ¶ 11.  Such deferral of title transfer benefits CRCPS because it avoids a significant municipal transfer tax, prepayment of HOA dues, and over $100,000 of working capital payments that would be due to the HOA, which costs would be borne by the limited partners, including Plaintiffs (investors).  *See* Ex. A at ¶ 18.  Accordingly, SPO I continues to hold title to the Property, as the successor in interest to SPO, and CRCPS continues to hold a first priority lien on the Property by means of the respective deeds of trust.  *See* Ex. A at ¶ 19; Ex. B at ¶ 12.

9.      On June 5, 2019, CRCPS entered into a Letter of Intent to sell all of the Property, comprised of 17 units, to a buyer in a transaction referred to as a bulk sale.  *See* Ex. A at ¶ 20.  The rationale of the bulk sale is to satisfy the demands of the limited partners for immediate liquidity

4

and to monetize the assets of the limited partnership. *See* Ex. A at ¶ 21. The net proceeds of the bulk sale (after payment of transaction costs and accrued partnership expenses) will be distributed to limited partners, including Plaintiffs, as a return of capital. *See* Ex. A at ¶ 22.

10. On August 28, 2019, Plaintiffs filed a complaint against CRCPS, Colorado Regional Center I, LLC, SPO and Peter Knobel (collectively, the "Defendants"), seeking monetary damages and rescission for alleged violations of federal and state securities law, breach of fiduciary duty and fraud (the "Complaint"). Plaintiffs also purport to assert a claim for "lis pendens," but failed to name SPO I as a party to the action and requested no affirmative relief in connection with this "claim."

11. Nevertheless, on September 13, 2019, Plaintiffs recorded a Notice of Lis Pendens Pursuant to C.R.S. § 38-35-110 in Eagle County, Colorado, Reception No. 201915152, falsely claiming that this action affects title to the Property. *See* **Exhibit C**, Notice of Lis Pendens. The Notice of Lis Pendens also incorrectly states that Plaintiffs asserted a derivative claim under C.R.S. § 7-62-1001 to compel CRCPS to take title to the Property. *See id.*

12. Although counsel for CRCPS has had telephone and email communications with Plaintiffs' counsel and offered to accept and waive service of the Summons and Complaint, Plaintiffs have not served any of the Defendants with the Complaint.

### ARGUMENT AND AUTHORITY

C.R.S. § 38–35–110 sets forth the circumstances under which a party to a lawsuit may record a notice of lis pendens. In particular, it provides:

> (1) After filing any pleading in an action in any court of record of this state or in any district court of the United States within this state wherein relief is claimed affecting the title to real property, any party

4846-6491-9974

> to such action may record in the office of the county clerk and recorder in the county or counties in which the real property or any portion thereof is situated a notice of lis pendens containing the name of the court where such action is pending, the names of the parties to such action at the time of such recording, and a legal description of the real property.

C.R.S. § 38-35-110(1).

The intended purpose of a lis pendens is "to provide notice to the world that there is litigation pending which could impact the ownership or title to certain real property so as to avoid fraudulent or mistaken conveyances of the property." *Roth v. Wilder*, Civil Action No. 09-cv-01939, 2009 WL 4730741, at *2 (D. Colo. 2009). "A lis pendens has serious consequences because '[o]nce a lis pendens is filed, it renders title unmarketable and therefore effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged.'" *Hewitt v. Rice*, 154 P.3d 408, 412-13 (Colo. 2007) (quoting *Kerns v. Kerns*, 53 P.3d 1157, 1164 n.6 (Colo. 2002)).

C.R.S. § 38-35-204 provides the mechanism for challenging a "spurious document," which includes a lis pendens, filed against real property. *See Shyanne Properties, LLC v. Torp*, 210 P.3d 490, 491 (Colo. App. 2009) (a notice of lis pendens is subject to analysis as a spurious document); *Pierce v. Francis*, 194 P.3d 505, 508 (Colo. App. 2008) (same). A "spurious document" is "any document that is forged or groundless, contains a material misstatement or false claim, or is otherwise patently invalid." C.R.S. § 38–35–201(3). Colorado courts have further defined a "groundless document" as "one for which a proponent can advance no rational argument based on evidence or the law to support the claim of a lien." *Westar Holdings P'ship v. Reece*, 991 P.2d 328, 330 (Colo. App. 1999) (citing *Harris v. Hanson*, 821 P.2d 821, 824 (Colo. App. 1991)).

A person whose real property is affected by a spurious lis pendens may petition the district court in the county in which the notice was filed or the federal district court in Colorado for an order to show cause why the document should not be declared invalid.  *See* C.R.S. § 38-35-204(1); *see also* C.R.C.P. 105(f)(2) (allowing "[a]ny interested person [to] petition the court in the action identified in the notice of lis pendens for a determination that a judgment on the issues raised by the pleadings in the pending action will not affect all, or a designated part, of the real property described in the notice of lis pendens. . . .").[2]  Upon the filing of the petition, the statute mandates an expedited proceeding, requiring the party who filed the notice of lis pendens to appear before the court no more than twenty-one days after service of the order.  *See* C.R.S. § 38-35-204(1)(a). If the court determines that the lis pendens is spurious and therefore invalid, the petitioner shall be awarded costs, including reasonable attorneys' fees.  *See* C.R.S. § 38-35-204(2).

Colorado courts have long recognized that "[a] simple claim for money damages, by itself, does not affect title to real property and thus would not support the filing of a lis pendens." *Brossia v. Rock Const., L.T.D. Liability Co.*, 81 P.3d 1126, 1129 (Colo. App. 2003) (citing *Peoples Bank & Trust Co. v. Packard*, 642 P.2d 57, 58 (Colo. App. 1982)); *Roth*, 2009 WL 4730741, at * 2 (a notice of lis pendens in a lawsuit for monetary damages is patently invalid and constitutes a spurious document); *Lowell,* 596 F. Supp. at 1432 (same).  To justify the filing of a lis pendens, a complaint must include affirmative relief affecting the title of real property.  *Lowell,* 596 F. Supp. at 1432.  Although a court may, in its discretion, award equitable relief based on pleadings seeking

---

[2] Federal law requires the adoption of relevant state statutes and procedural rules dealing with the filing of lis pendens.  *Lowell Staats Min. Co., Inc. v. Pioneer Uravan, Inc.,* 596 F. Supp. 1428, 1433 (D. Colo. 1984).

4846-6491-9974

only monetary relief, generalized pleadings are insufficient to support the filing of a lis pendens. *See id*. Instead, a complaint must include particularized allegations to permit the encumbrance of real property by a lis pendens prior to the adjudication of the parties' rights. *See id.*

There can be no genuine dispute that Plaintiffs' Complaint falls woefully short of what is required to permit the filing of a lis pendens. It is not directed to, nor will it impact, the ownership or title to any real property; it is simply a lawsuit for money damages. The claims asserted arise from alleged misconduct related to the purchase and sale of Plaintiffs' partnership interests and the subsequent management of the Property. Plaintiffs generally complain that CRCPS has failed to sell the Property, but they do not seek any affirmative relief affecting title to the Property. Instead, Plaintiffs only seek a rescission of their investment contracts, a return of their capital contributions and other monetary damages. And while Plaintiffs improperly include "lis pendens" as a standalone claim, they failed to include any requested relief associated with such "claim" that could conceivably be construed as affecting title to the Property. In the absence of such requested relief, the lis pendens is "patently invalid and constitute[s] a spurious document[]." *See Roth*, 2009 WL 4730741, at * 2.

But even so, as a matter of law, Plaintiffs cannot claim any interest in the Property to justify the filing of a lis pendens. Under Colorado law, limited partners own an interest in a legal entity, but they do not acquire a legal or equitable property right in the partnership realty. *See Caley Investments I v. Lowe Family Assocs., Ltd.*, 754 P.2d 793, 795 (Colo. App. 1988); *Winter Park Devil's Thumb Inv. Co. v. BMS P'ship*, 926 P.2d 1253, 1256 (Colo. 1996). The Colorado Limited Partnership Act (the "Act") codifies this by providing that "a partnership interest is personal property." *See* C.R.S. § 7–62–701. The Act further provides that a partner has no right to demand

and receive any distribution from a limited partnership in any form other than cash, except as provided in the partnership agreement.  *See* C.R.S. § 7-62-605.  Under the provisions of the Act alone, Plaintiffs have no right to claim any interest in, or distribution in the form of, the Property.

Under strikingly similar facts, the court in *Central Allied Profit Sharing Trust v. Bailey*, 759 P.2d 849, 850 (Colo. App. 1988), held that a lis pendens filed by limited partners seeking rescission of their investment contracts was improper.  In that case, limited partners asserted claims against the limited partnership and general partners for alleged improprieties related to their investment contracts and the management of real property owned by the partnership.  *See Central Allied*, 759 P.2d at 850.  The limited partners sought rescission of their investment contracts as well as other monetary damages, and recorded a notice of lis pendens against the partnership property.  *See id.*  In affirming the trial court's order striking the lis pendens, the court held that the limited partners had no legal or equitable interest in partnership property.  *See id.*  The court reasoned that even if the limited partners prevailed on their claims and were awarded their requested relief – which is nearly identical to the relief requested by Plaintiffs – it would not affect title to the property owned by the partnership.  *See id.*  Thus, even assuming CRCPS held title to the Property, there is simply no basis to depart from this reasoning here.

Finally, the lis pendens contains factual inaccuracies, which alone constitutes sufficient grounds to invalidate the lis pendens.  For example, the lis pendens states that Plaintiffs asserted a derivative claim under C.R.S. § 7-62-1001 "to compel [CRCPS] to take title to the Property as enforcement of its right to judgment and collection of collateral under the transaction documents described in the Action."  But Plaintiffs have not asserted any derivative claims, let alone a claim to compel CRCPS to take title to the Property.  Plaintiffs' statement is not only demonstrably false,

but it also constitutes a material misstatement under C.R.S. § 38-35-201(3).  On this basis alone, the Notice of Lis Pendens is spurious and should be deemed invalid.

## CONCLUSION

Plaintiffs' Notice of Lis Pendens is patently invalid and constitutes a spurious document. In addition to material misstatements contained in the document itself, the lawsuit amounts to nothing more than a claim for monetary damages.  On these grounds alone, the Notice of Lis Pendens is invalid.  Moreover, even assuming that CRCPS held title to the Property, a judgment on the merits of this case will not – and cannot – affect title to the Property.

**WHEREFORE**, Defendant CRCPS and non-party SPO I respectfully request that the Court issue an order to show cause directing Plaintiffs to appear before the Court to show cause why the Notice of Lis Pendens should not be declared invalid.

DATED: September 24, 2019.

*/s/ James D. Kilroy*
James D. Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email:  jkilroy@swlaw.com
Email:  skanan@swlaw.com

***Counsel for Defendants Colorado Regional Center Project Solaris, LLLP and Colorado Regional Center I, LLC***

10

*/s/ Ty Gee*
Harold A. Haddon
Ty Gee
Haddon Morgan Foreman
150 East 10th Avenue
Denver, CO 80203
Phone: (303) 831-7364
Fax: (303) 832-2628
Email: hhaddon@hmflaw.com
Email: tgee@hmflaw.com

***Counsel for Solaris Property Owner I, LLC***

11

## **CERTIFICATE OF SERVICE**

This is to certify that on September 24, 2019, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

<em>/s/ Sandy Braverman</em><br>
for Snell & Wilmer L.L.P.

4846-6491-9974