# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, Yuquan Ni, Zhongzao Shi,
Fang Sheng, Shunli Shao, Kaiyuan Wu,
Zhijian Wu, Zhongwei Li, and Yuwei Dong,
        Plaintiffs,

      v.                      Hon. Magistrate Scott Varholak

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC, and
Peter Knobel,
        Defendants.

## Joint Statement

## on

## Plaintiffs' Motion for Preliminary Injunction to Block Bulk Sale of Collateral Units

By Minute Order dated October 8, 2019 (Dkt#33), Judge Varholak ordered the parties to jointly answer three (3) questions about Plaintiff's Motion for Preliminary Injunction to Block Bulk Sale of Collateral Units. The parties have conferred and state as follows:

### Issue #1:  Identify the Date and Timeframe of the Proposed Bulk Sale

**Joint Defendants' Response from Attorneys Kilroy and Gee:**
CRC [Colorado Regional Center] has entered into a letter of intent with a potential bulk sale purchaser, but has not executed a final purchase and sale agreement and so there is no understanding as to when any bulk sale may occur. Plaintiffs' contentions that the

bulk sale transaction was concocted as a reaction to this lawsuit and that someone has "bonded over" the lis pendens that Plaintiffs filed are false. From CRC's perspective, this lawsuit and Plaintiffs' motion for preliminary injunction are interfering with CRC's ability to sell the residential units for the benefit of all the investors.

**Plaintiffs' Response from Attorney Litowitz:**

First, if the parties have a letter of intent for a bulk sale, then the letter must have a tentative timeline which should be disclosed. Alternatively, if a bulk sale could happen at any time, then this is precisely why the issue needs to be addressed now, before it happens without warning.

Second, Plaintiffs never contended that a bulk sale was 'concocted as a reaction to this lawsuit.' Plaintiffs noted that the proposal of a bulk sale appears in the May 30 Notice to investors, and in a letter from James Kilroy dated September 13, 2019. However, this is different from an *imminent* bulk sale under a *specific letter of intent* - which has never been disclosed to the investors nor to opposing counsel, which is why it should be disclosed now and addressed by the Court.

Third, Plaintiffs cannot reveal their source, but heard that the lender was seeking a buyer who will take the units if a title company bonds over the lis pendens. If this is true, then the bulk sale is likely or imminent, and should be addressed by the Court.

Fourth, CRC's last sentence rings hollow and self-righteous. If they were concerned to benefit all investors, they would not have structured this loan so horrendously. No competent lender makes a non-recourse loan *of other peoples' money* against only 19 condominiums out of 79 held by the borrower, foregoing 60 other units and commercial, residential, parking, and retail space held by the borrower, and only accepting units that obviously cannot be sold with any speed. Nor is there a shred of evidence that a bulk sale will 'benefit' the investors, unless by 'benefit' they mean getting perhaps 50 cents on a dollar (after telling investors the collateral is worth over 90 cents on the dollar), while the Colorado parties (CRC, the lender, and the borrower) walk away with 100 cents. There are 165 investors who will lose half their money: ask them how 'benefitted' they feel.

## Issue #2: Proposed Briefing Schedule on the Motion

**Defendants' Response from Attorney Kilroy:**
Response in 14 days.

**Defendants' Response from Attorney Gee:**
Response in 14 days or join in Attorney Kilroy's Response in 14 days.

**Plaintiffs' Response from Attorney Litowitz:**
Fine with Defendants responding in 14 days.

## Issue #3: Does Either Party Request Evidentiary Hearing, and if so, the Anticipated Length of Such a Hearing

**Joint Defendants' Response from Attorneys Kilroy and Gee:**
CRC requests an evidentiary hearing on Plaintiffs motion for preliminary injunction. CRC disputes virtually everything in Plaintiffs' unverified motion for preliminary injunction, and CRC proposes three (3) hours to present its evidence.

**Plaintiffs' Response from Attorney Litowitz:**
No evidentiary hearing is needed. No oral argument is needed. Either a bulk sale is planned or it isn't. If so, the Defendants can summarize the information to the Court on a single piece of paper. If not, they can inform the Court whether they plan to make a future bulk sale and whether they propose to do so with or without Court review.

Plaintiffs oppose a demand for three hours of evidence, unless the Defendants' lawyer is Helen Keller.

This Joint Statement was reviewed by attorneys Litowitz, Kilroy, and Gee.

Respectfully Submitted,

/s/ Douglas Litowitz
Dated: October 9, 2019          Attorney for Plaintiffs