

From: Colorado Regional Center I, LLC (the "General Partner") and Colorado Regional Center Project Solaris, LLLP (the "Partnership")

To: Limited Partners of the Partnership

Date: September 16, 2019

Re: Pending Litigation

---

This letter serves as notice informing all Limited Partners of the commencement of a litigation proceeding against the Partnership, along with other salient points. As you may be aware, 13 Limited Partners (the "Plaintiffs") have joined in filing a lawsuit against the Partnership, the General Partner, Solaris Property Owner, LLC (the "Borrower") and Peter Knobel, an individual. A copy of the Complaint is attached. The Partnership and General Partner find the lawsuit to be factually inaccurate, without merit and frivolous, and we are vigorously defending against it.

The Partnership is also informing the Limited Partners on the impact of Section 8.05 of the Partnership Agreement, which is an indemnification provision for the General Partner. The Partnership has an obligation to indemnify the General Partner from any loss, including attorneys' fees, for any act performed by the General Partner on behalf of the Partnership unless the actions of the General Partner are the result of negligence or willful or wanton misconduct. Simply, unless the Court finds the General Partner's actions to be negligent or constitute willful or wanton misconduct, the Partnership will be responsible to pay for the General Partner's legal fees in defense of the lawsuit and any other losses incurred by the Partnership and General Partner, which would be deemed to be operational expenses and would reduce cash available for distributions to the Limited Partners, including reducing the amount of proceeds available to Limited Partners from a sale of the collateral units.

The lawsuit may impact the Partnership and its Limited Partners in additional ways. Of the various claims for relief the Plaintiffs are seeking, the Plaintiffs attorney asks the Court to order a rescission of their investment. The Plaintiffs request that the entire EB-5 transaction be "undone" – that they should be put back in the same position they would have been had they never made the investment. However, the Complaint fails to address the significant benefit received by the Plaintiffs in the form of a permanent Green Card. As the lawsuit proceeds, we may ask the Plaintiffs to voluntarily abandon their Green Card or ask the Court to revoke their Green Cards should the Plaintiffs continue to seek rescission as a remedy.

More importantly, the Partnership's ability to sell the units has been impaired. On June 5, 2019, the Partnership entered into a Letter of Intent to sell the remaining 17 units in the portfolio. We began negotiations on a Purchase and Sale Agreement ("PSA") with the potential buyer and have exchanged multiple drafts of the PSA. On July 1, 2019 we received a demand letter from the Plaintiffs' attorney. The Complaint was subsequently filed on August 28, 2019 and contains a threat of the Plaintiffs filing a *lis pendens* on the allocated condo units, which puts any potential buyer on notice that there is a pending legal action against the property and can prevent a clean transfer of title. The demand letter and subsequent actions Plaintiffs' counsel has taken, incorporating the threat of an action to encumber the property without any basis to do so, threatens the Partnership's ability to consummate a bulk sale or any

Page 1 of 2

Not For Distribution Outside of the Partnership

**EXHIBIT A**



other transaction. While the Plaintiffs' ask for liquidity and an immediate return of their invested capital, the lawsuit they have filed derails the Partnership's good faith efforts to achieve just that.

Plaintiffs have also sued the Borrower and Peter Knobel as an individual. Mr. Knobel is the owner manager of the Borrower as well as of Solaris PBK Acquisitions, LLC which has a Right of First Refusal on all the residential units in the Solaris building. We believe the lawsuit has brought negative attention to the Solaris building and may frustrate efforts to work with Mr. Knobel and Solaris PBK Acquisitions on addressing the Right of First Refusal and other matters pertaining to the units. Additionally, we understand the Borrower and Mr. Knobel are evaluating whether to bring a lawsuit in the form of counterclaims against Plaintiff's attorney and each individual Plaintiff.

The Partnership and General Partner have retained experienced litigation counsel to defend against the frivolous claims alleged in the Complaint. To provide you with more background on this matter, enclosed please find a copy of the response provided by the Partnership and General Partner's counsel to the Plaintiffs' lawyer. The Partnership was copied on a letter from the Borrower and Mr. Knobel's counsel to Plaintiffs' counsel. We are also enclosing a copy of that letter.

Please contact us with any questions you may have.

Not For Distribution Outside of the Partnership

**EXHIBIT A**



**Haddon, Morgan and Foreman, P.C.**
Ty Gee

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364 FX 303.832.2628
www.hmflaw.com
tgee@hmflaw.com

September 13, 2019

Douglas Litowitz
413 Locust Place
Deerfield, IL 60015
*Via* U.S. mail and litowitz@gmail.com

Re: *Li v. Colo. Regional Ctr. Project Solaris LLLP*, No. 19-cv-2443 (D. Colo.)

Dear Mr. Litowitz:

This firm represents Solaris Property Owner, LLC and Peter Knobel. We have reviewed your complaint in the above-referenced action. It has serious flaws. I am writing to request that you immediately voluntarily dismiss my clients from the lawsuit.

You and plaintiffs have no factual or legal basis to implead Mr. Knobel. He is the manager of Solaris Property Owner, LLC ("SPO"). As you must know from complying with your Rule 11 obligations, LLC managers "are not liable under a judgment, decree, or order of a court, or in any other manner, for a debt, obligation, or liability of the limited liability company," § 7-80-705, C.R.S. (2019). As you also must know, you and plaintiffs in the complaint do not allege any facts (as opposed to factual or legal conclusions), let alone with particularity, that plausibly would support the claims asserted against Mr. Knobel.

Nor is there any basis to implead SPO. You and plaintiffs failed to allege facts that plausibly would support the claims asserted against SPO. More fundamentally, the borrower under the loan is and before the first advance has been Solaris Property Owner I, LLC ("SPO I"), successor in interest to SPO, which we also represent.

**EXHIBIT A**

Douglas Litowitz
September 13, 2019
Page 2

Although you and plaintiffs did not implead SPO I, you have asserted a claim for "Lis Pendens" that impacts SPO I's rights, since it holds title to real property against which you have threatened to file a "lis pendens." This claim must be voluntarily dismissed immediately. "Lis pendens" is not a recognized, let alone a valid, claim for relief. You apparently know this, as you requested no relief in connection with this "claim." The assertion of a gratuitous and invalid lis pendens "claim" in a publicly filed lawsuit substantially injures the real property at issue and interferes with contractual relations relating to the property. As you undoubtedly know and intended, the media are aware of and have reported on your complaint. The assertion that plaintiffs have a "reasonable belief that they have a claim to title" is substantially groundless. If you record a notice of lis pendens, we will request expedited relief in the Court and seek attorney fees and costs against you and your clients.

If you and plaintiffs persist in this action against my clients without any factual or legal basis, we will pursue all remedies against both you and your clients, including counterclaims, attorney fees and costs.

Please notify me within two business days from the date of this letter whether you will dismiss voluntarily the lis pendens "claim." As to the remaining issues, I look forward to hearing from you within seven calendar days from the date of this letter.

Very truly yours,

Ty Gee

C:  James D. Kilroy and Stephanie Kanan, Counsel to Colorado Regional Center I, LLC, and Colorado Regional Center Project Solaris, LLLP

**EXHIBIT A**

# Snell & Wilmer
#### L.L.P
##### LAW OFFICES

1200 Seventeenth Street
Suite 1900
Tabor Center
Denver, CO 80202
303.634.2000
303.634.2020 (Fax)
www.swlaw.com

**James D. Kilroy**
(303) 634-2005
jkilroy@swlaw.com

DENVER
LAS VEGAS
LOS ANGELES
LOS CABOS
ORANGE COUNTY
PHOENIX
RENO
SALT LAKE CITY
TUCSON

September 13, 2019

VIA EMAIL AND FEDERAL EXPRESS
Litowitz@gmail.com

Douglas Litowitz
413 Locust Place
Deerfield, IL 60015

     Re:    2019cv02443

Dear Mr. Litowitz:

    As you know, I represent Colorado Regional Center Project Solaris LLLP ("CRCPS") and Colorado Regional Center I, LLC ("CRC") in connection with the action filed by your clients in the United States District Court for the District of Colorado, Case No. 1:19-cv-2443 (the "Lawsuit"). My clients still have not been served with the complaint, but as I offered previously, I will seek authority to accept and waive service on their behalf if you send me a form waiver.

    You have now demanded several times that CRCPS and CRC treat your clients differently, by paying them their initial investment before or to the exclusion of the other investors. It is ironic that in your complaint you accuse CRC of breaching fiduciary duties to the investors, while, at the same time, insisting that CRC breach their fiduciary duties to all investors by granting your clients preferential treatment. We do not intend to comply with your demands, and instead urge you to withdraw your complaint because it is harming all of the investors – including your own clients.

    In addition to the lis pendens that your clients have threatened to improperly file, which I addressed in my letter dated September 4, 2019, the Lawsuit itself is jeopardizing the bulk sale of the real property. While your clients complain of CRCPS's and CRC's failure to sell the units in an expeditious manner, your clients' Lawsuit is now directly interfering with the effort to do so. It is beyond perplexing that your clients would frustrate the anticipated sale while simultaneously complaining that such sale has not yet occurred.

    Further, your various comments, both in the Lawsuit and in a series of emails to CRC, demonstrate an extreme misunderstanding of the basic structure of the underlying investment. Your claim that somehow this transaction was a traditional collateralized loan completely

Snell & Wilmer is a member of LEX MUNDI, The Leading Association of Independent Law Firms.

4811-6612-6756.1

**EXHIBIT A**

Snell & Wilmer
———— L.L.P. ————
Douglas Litowitz
September 13, 2019
Page 2

ignores the underlying agreement with Solaris Property Owner I, LLC ("SPO I"), which, on its face, gave the parties certain put and call rights related to the collateral. Your suggestion that CRC somehow misrepresented the nature of the collateral is unsupportable, and your decision to include Solaris Property Owner, LLC ("SPO"), the predecessor in interest to SPO I, as a defendant in the Lawsuit is not only nonsensical, but it has already impeded CRC's anticipated bulk sale of units.

You seem to be asserting that CRC cannot consummate the bulk sale that we have notified you of because SPO I owns the units that CRC plans to sell under the bulk sale. Again, you are seriously mistaken. CRC has a first deed of trust on all of those units, and the only reason that CRC has not yet taken title to the units is because it has an agreement with SPO I whereby SPO I has agreed to directly sell the units to the bulk sale buyer in order to avoid a significant transfer tax and prepayment of HOA dues. This was done to *benefit* all of the investors, but your inclusion of SPO (which is the incorrect entity) and its principal in the Lawsuit has now jeopardized this structure and may result in significant additional transaction cost.

In the Lawsuit, you repeatedly claim that your clients had an insufficient command of the English language, and that they did not understand the details of the transaction that were spelled out in the loan agreement. In doing so, you have effectively admitted that your clients breached representations they made in their subscription agreements. As such, your clients will be required to indemnify CRC for damages caused by, or resulting from, their breach.

Moreover, as you know, in connection with their investment, the investors – including your clients – received Green Cards from USCIS as expressly contemplated under the approved EB-5 Program. Your demands in the Lawsuit that your clients' investments be rescinded would, of course, require a complete unwinding of the transactions. This necessarily would require your clients to abandon their Green Cards, voluntarily or by court order, as part of the Lawsuit.

Finally, your comments to the media, which are not even factually correct, will almost certainly result in an impairment of value in your clients' interest in CRCPS. By casting the project in a negative light, you may have dissuaded one or more potential buyers currently evaluating a condominium purchase in the project at prices which would have established very favorable comps for the collateral units.

In sum, CRCPS and CRC are not willing to place your clients' interests ahead of the other CRCPS investors. Your Lawsuit is impeding the very outcome that you claim CRC is not pursuing – a bulk sale of the units. And, your Lawsuit is harming the entire group of investors, not to mention your own clients. We do not understand how your Lawsuit can possibly benefit the investors, and, again, urge you to reconsider your perilous strategy.

4811-6612-6756.1

**EXHIBIT A**

Very truly yours,

Snell & Wilmer L.L.P.

*[signature]*

James D. Kilroy

JDK/ak

4811-6612-6756.1

**EXHIBIT A**