**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:19-cv-02443-STV**

Jun Li, Qi Qin, Yi Liu, Jie Yang, Yuquan Ni, Li Fang,
Zhongzao Shi, Fang Sheng, Shunli Shao, Kaiyuan Wu,
Zhijian Wu, Zhongwei Li, and Yuwei Dong,

    Plaintiffs,

v.

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC, and
Peter Knobel,

    Defendants.

---

**REPLY IN SUPPORT OF PETITION FOR ORDER TO SHOW CAUSE
PURSUANT TO C.R.S. § 38-35-204 [ECF 20]**

---

    Defendant Colorado Regional Center Project Solaris, LLLP ("CRCPS") and non-party Solaris Property Owner I, LLC ("SPO I"), by and through respective undersigned counsel, jointly submit their Reply in Support of Petition for Order to Show Cause Pursuant to C.R.S. § 38-35-204 (this "Reply") [ECF 20], stating as follows:

**INTRODUCTION**

    Relying almost exclusively on commentary, unsubstantiated facts and other extraneous matters, Plaintiffs fail to demonstrate that they have asserted a claim or requested any affirmative relief affecting title to the partnership property to justify the recording of a lis pendens.  Instead, it remains evident that this is simply a lawsuit for money damages.  And the sheer absence of citations to the Complaint in Plaintiffs' Response highlights the fact that the Complaint is entirely

1

devoid of the claims and allegations that Plaintiffs now contend they asserted to support the lis pendens.[1]

Indeed, without any regard to the substance of the Complaint, Plaintiffs attempt to reframe this case as a derivative suit to compel the partnership to take title to the Property. But the Complaint contains no such allegations, does not even refer to the remedy Plaintiffs now claim to seek, and includes no cause of action that would provide the relief that Plaintiffs now claim to seek. Nor does it demonstrate compliance with the requirements of Fed. R. Civ. P. 23.1 and C.R.S. § 7-62-1001, which are mandatory and must be shown on the face of a complaint. To the contrary, Plaintiffs assert only direct claims and seek individualized, monetary relief. But perhaps most telling, the Complaint itself expressly states that Plaintiffs recorded the lis pendens based on their "reasonable belief that they have a claim to title and beneficial interest in the proceeds of the sale of [partnership property]." *See* ECF 1, at ¶ 158. These reasons are indisputably insufficient and any attempt to amend the Complaint now would not, as a matter of law, relate back to validate an otherwise invalid recording of a lis pendens.

But even assuming that Plaintiffs had in fact brought a derivative claim on behalf of the other limited partners, they would be precluded from doing so while simultaneously pursing their own personal claims against the limited partnership. Not only would this present a serious conflict

---

[1] Apparently recognizing that their original Complaint [ECF 1] does not support the filing of a lis pendens, just yesterday Plaintiffs filed a motion to amend their pleading. [ECF 43]. As will be discussed herein, the Court's focus in this Petition must be on the original Complaint, which is the Complaint that supports the lis pendens. Plaintiffs cannot amend around the deficiencies in their original Complaint to support a lis pendens filed many weeks ago. Moreover, as also discussed below, Plaintiffs' effort to include a derivative cause of action now – for the first time – fails on several substantive bases, including the fact that Plaintiffs are pursuing direct claims for relief and direct damages.

of interest – for Plaintiffs and their counsel – but this kind of conflict alone is dispositive for purposes of Fed. R. Civ. P. 23.1. In short, Plaintiffs have not asserted, and cannot assert, any claims or requests for relief affecting title to the partnership property to justify their lis pendens.

### RESPONSE TO PLAINTIFFS' STATEMENT OF RELEVANT FACTS

Plaintiffs' Response is laden with facts that are conspicuously absent from the Complaint and largely irrelevant for purposes of determining whether the Notice of Lis Pendens is invalid. Nevertheless, CRCPS and SPO I address the following points below.

- Plaintiffs repeatedly characterize the terms of CRCPS's loan to SPO I as fraudulent because it was "undercollateralized" and not structured as a standard loan with a guaranteed repayment. This characterization, however, ignores the loan agreement itself and the Private Placement Memorandum ("PPM") provided to the investors – none of which support Plaintiffs' contention that Defendants made any misrepresentations to Plaintiffs.

- Plaintiffs insist that they have pled a derivative claim to require CRCPS to take action against SPO for some kind of unidentified breach of the loan agreement. [ECF 22, page 7] But there is no mention of this claim in Plaintiffs' Complaint [ECF 1]. What Plaintiffs are really complaining about is CRC's exercise of business judgment as the general partner of CRCPS, a limited partnership. In their Response, and in Plaintiffs' Motion for Preliminary Injunction, Plaintiffs generally complain about how much risk CRCPS should have undertaken and how much risk CRCPS should undertake. A close review of Plaintiffs' Complaint [ECF 1] and their Motion for Preliminary Injunction [ECF 36] reveals that Plaintiffs are insisting that CRC, as general partner of CRCPS, has not sold the collateral (condominium apartment units in Vail) quickly enough (in an effort to capture ongoing

3

management fees) and also that CRC has entered into a deal to sell the collateral too quickly and unwisely. Ultimately the judgment about how much risk CRCPS should undertake is not for the limited partners to decide or demand, so long as the judgment is reasonable based on CRC's business judgment. Plaintiffs simply ignore this basic principle.

- Plaintiffs also misunderstand the reasons for deferring title transfer to CRCPS. The transfer itself would trigger a significant municipal transfer tax, prepayment of HOA dues, and over $100,000 of working capital payments that would be due to the HOA. CRCPS exercised its business judgment to avoid these expenses and preserve its assets by having SPO I continue to hold title until CRPCS sells the units, at which time SPO I would deliver the units to the buyers, and the buyers would pay those expenses. Thus, to the extent that Plaintiffs contend that "the exact same economic effect could be achieved by… having SPO write a check to cover these costs, if they are covering them anyway," this is simply wrong. *See* ECF 22, at p. 13.

- Finally, although immaterial to the lis pendens analysis, Plaintiffs also apparently contend that CRCPS intentionally misrepresented to the investors that transfer of title had already occurred. In doing so, they single out various e-mail communications made by a non-lawyer, who used the term "transfer" instead of "put." These communications were not intentionally misleading, but were simply the product of a non-lawyer using non-technical terminology. Moreover, CRCPS delivered formal notice to the investors that it was in the process of developing a comprehensive plan to permit the transfer and orderly sale of the Property that was held by SPO I. But regardless, the Property was never unprotected or

4

subject to SPO I's creditors, as Plaintiffs suggest. CRCPS holds, and always has held, a first deed of trust on the Property.

## ARGUMENT AND AUTHORITY

### A. Plaintiffs Concede That They Cannot Claim Any Interest in Partnership Property

Notwithstanding the allegations in their Complaint, Plaintiffs apparently now agree that they cannot claim any interest in the partnership property to justify the recording of a lis pendens. They instead attempt to recast the nature of this dispute by claiming that they have not asserted their own right to title, but rather a derivative claim on behalf of the partnership itself. This is patently false.

The Complaint very clearly states Plaintiffs' rationale behind recording the notice of lis pendens. It states: "[b]ased on the reasonable belief that they have a claim to title and beneficial interest in the proceeds of the sale of any unit of collateral, the Plaintiffs will place a lis pendens on such units under C.R.S. [§] 38-25-110." ECF 1, at ¶ 158. To be sure, this statement immediately follows Plaintiffs' allegations asserting both "a right to their proportionate value in the title of each of the 19 units" or, in the alternative, "a 1/160th right to any proceeds from the sale of such units." *See id*., at ¶¶ 156-157. Not only do Plaintiffs expressly assert a claim to title to partnership property, which they now concede is improper and cannot support the filing of a lis pendens, they also assert a right to sale proceeds, which is a claim for money damages and likewise insufficient to support a lis pendens. And even construing these allegations liberally (and setting aside obvious procedural defects under Fed. R. Civ. P. 23.1 discussed in Section B, *infra*), they do not constitute a derivative claim on behalf of the partnership, as Plaintiffs assert only their

proportionate value in the title and proceeds of the Property. There is simply nothing in the Complaint that substantiates Plaintiffs' newfound position.

Plaintiffs' arguments that their claim is "mixed" – seeking both monetary damages and transfer of title – and that this is "a classic dispute over title to real estate" are equally unavailing. *See* ECF 1, pp. 2 and 11. There is not a single allegation or request for relief in the Complaint that even suggests that Plaintiffs are seeking anything other than monetary damages, let alone title transfer to CRCPS. Critically, Plaintiffs do not even identify the cause of action which they contend would entitle them to compel title transfer – either to CRCPS or to themselves. There is none. The Complaint is indisputably confined to legal causes of action and claims for monetary damages without any reference to equitable relief.[2] As such, it is unquestionably insufficient to support the filing of a lis pendens. *See Lowell Staats Min. Co. v. Pioneer Uravan, Inc.*, 596 F. Supp. 1428, 1432 (D. Colo. 1984) ("[p]articularized pleadings affecting real property are necessary to permit the [encumbrance] of property by a lis pendens prior to adjudication of the claimant['s] rights").

Plaintiffs ignore these deficiencies in their Complaint, however, and instead accuse CRCPS and SPO I of wrongly mischaracterizing the Notice of Lis Pendens. *See* ECF 22, at p. 10. But this argument misses the mark entirely. The relevant inquiry is not whether a lis pendens seeks affirmative relief affecting title to real property, but instead whether the underlying action does.

---

[2] In particular, Plaintiffs seek the following monetary damages: (i) an order returning their investment of $500,000 each; (ii) damages in an amount equal to what would make them whole if the transaction had been a true loan instead of a disguised sale; (iii) an award of damages in such amount that they will obtain the equivalent of a return on their investment as if the loan had been paid at maturity; and (iv) damages resulting from the breach of fiduciary duties by the general partners. *See* ECF 1, at pp. 16, 18, 21, 24, 26 and 29.

Indeed, a "notice of a lis pendens constitutes only a republication of the pleadings." *Westfield Dev. Co. v. Rifle Inv. Assoc.*, 786 P.2d 1112, 1117 (Colo. 1990). There is no remedy granted by a notice of lis pendens, nor does it involve the addition of new claims. *See Hewitt v. Rice*, 154 P.3d 408, 414 (Colo. 2007). And it certainly is not an opportunity for a party to try to amend its claims or seek alternative relief, as Plaintiffs have attempted to do here. Thus, whether the Notice of Lis Pendens "clearly states" that Plaintiffs seek to have title transferred to the limited partnership is inconsequential if the underlying action does not include such claims or allegations. And if anything, Plaintiffs' reliance on the Notice of Lis Pendens, which departs significantly from the allegations in the Complaint, simply reinforces the fact that the Notice of Lis Pendens contains material misrepresentations, which alone render it invalid.

Plaintiffs' effort to distinguish the holding in *Central Allied* is similarly misguided. First, while it is true that the limited partners in *Central Allied* filed a lien against the partnership property, this distinction is irrelevant because Colorado courts have repeatedly held that a notice of lis pendens is subject to analysis as a spurious document. *See Pierce v. Francis*, 194 P.3d 505 (Colo. App. 2008). And second, this is plainly not a derivative action on behalf of CRCPS. But even so, Plaintiffs mispresent the holding in *Bock v. Slater*, 241 P.3d 668 (Okla. App. 2010). *Bock* did not "reject" the holding in *Central Allied* and, to the extent it arguably did, it was not because the limited partners brought a derivative claim, but because it involved an entirely different state law. *Bock* analyzed and applied Oklahoma's lis pendens statute, which permits a party to record a notice of lis pendens in any case "involving or affecting real property." This language allows for a much different and far broader application of a lis pendens than is permitted under Colorado law.

7

4833-8846-5832

### B. Plaintiffs Cannot Satisfy the Requirements Under Fed. R. Civ. P. 23.1 to Assert a Derivative Claim

In addition to the fact that Plaintiffs assert only direct claims for individualized relief, the Complaint makes no attempt to comply with the procedural requirements for a derivative action. But more fundamentally, Plaintiffs' individual claims constitute a serious conflict of interest that would preclude them, as well as their current counsel, from bringing any derivative claims.

Courts have held that compliance with Fed. R. Civ. P. 23.1, C.R.C.P. 23.1 and C.R.S. § 7–62–1001 is mandatory when initiating derivative actions by limited partners. *See Caley Inv. I v. Lowe Family Assocs., Ltd.*, 754 P.2d 793, 795-96 (Colo 1988). "If state law requires that a demand be made before a plaintiff may bring a derivative action, a complaint must then satisfy the pleading requirements of [Fed. R. Civ. P. 23.1]." *Eschino v. Lopez*, Civ. No. 14-cv-2686, 2015 WL 5047650, at * 1 (D. Colo. 2015). Fed. R. Civ. P. 23.1 mandates that: (1) the complaint be verified; (2) the claim alleges that plaintiff was a member of the association at the time of the transaction of which he complains; (3) the claim alleges with particularity the efforts made, if any, by the complaining party to obtain the action he desires from the directors or comparable authority or the reason for failing to do so; and (4) plaintiffs fairly and adequately represent the interests of the limited partners similarly situated in enforcing the right of the partnership. Similarly, C.R.S. § 7–62–1001 requires that: (1) the general partners have refused to bring the action; (2) the general partners' decision not to sue constitutes an abuse of discretion or involves a conflict of interest; and (3) the complaining party was a limited partner at the time of the transaction at issue.

The Complaint contains none of the pleading requirements under Fed. R. Civ. P. 23.1 or C.R.S. § 7-62-1001. The Complaint is not verified, nor does it allege with particularity the efforts

made by Plaintiffs to cause CRC or CRCPS to bring any claims. *See Eschino*, 2015 WL 5047650, at * 2 (dismissing unverified complaint pursuant to Rule 23.1). And there are no allegations that the decision not to bring claims constitutes an abuse of discretion or involves any impermissible conflict of interest as required under C.R.S. § 7-62-1001. In the absence of these basic requirements, the Complaint cannot be construed as asserting any derivative claims.

Even assuming Plaintiffs cured those procedural defects, however, Plaintiffs and their counsel would be precluded from bringing any derivative claims due to an impermissible conflict of interest. Where there is a conflict of interest between the derivative plaintiff and the other shareholders or partners, courts have held that the plaintiff is deemed not be their "fair or adequate" representative. *See New Crawford Valley, Ltd. v. Benedict*, 847 P.2d 642, 647 (Colo. App. 1993) (applying comparable state law). In determining whether a conflict exists, courts consider the "existence of other litigation between a [Rule] 23.1 plaintiff and the same [Rule] 23.1 defendants in which that plaintiff seeks to have the defendants' assets applied to the satisfaction of a personal claim, rather than transferred to the corporation," to be a serious conflict of interest. *See id.*; *see also Prime Mover Capital Partners L.P. v. Elixir Gaming Technologies*, 898 F. Supp.2d 673,691-92 (S.D.N.Y. 2012) (dismissing derivative claim due to impermissible conflict of interest where plaintiff asserted securities fraud claims against the company). Because Plaintiffs are simultaneously pursuing their own individual claims against CRCPS for violation of federal securities law, any derivative claims for the benefit of CRCPS cannot also be pursued. And this conflict also creates an irreconcilable conflict for their counsel, precluding him from representing other limited partners. *See New Crawford*, 847 P.2d at 647.

### C. Plaintiffs Cannot Amend Their Complaint to Support Their Previously Recorded Notice of Lis Pendens.

As pointed out previously, just yesterday Plaintiffs filed a motion to amend their original Complaint – at least implicitly acknowledging that the original pleading contained no derivative claim. [ECF 43]. That does not change any aspect of the analysis provided herein: even assuming Plaintiffs could assert a claim or affirmative request for relief affecting title to the partnership property, and amended their Complaint to do so, the validity of the lis pendens is determined at the time it was recorded. In other words, Plaintiffs cannot cure the invalid Notice of Lis Pendens by now trying to amend their pleading.

Under Colorado law, the validity of a notice of lis pendens is determined at the time it was recorded. *See Brossia v. Rick Constr., L.T.D. Liability Co.*, 81 P.3d 1126, 1130 (Colo. App. 2003) (citing C.R.S. §§ 38–35–109(3) and 38–35–110(1)). Consistent with that approach, an amended complaint may relate back to the original complaint for some purposes under C.R.C.P. 15(c), but "it does not relate back for the particular purpose of validating, after the fact, an otherwise invalid recording of a lis pendens." *Id.* Accordingly, an amended complaint asserting a claim to support a previously recorded lis pendens "does not alter the fact that the lis pendens, when recorded, had an immediate and inappropriate effect on title and was invalid." *Id.* (citing *Peoples Bank & Trust Co. v. Packard*, 642 P.2d 57 (Colo. App. 1982)). To the extent Plaintiffs attempt to amend their Complaint to include a derivative claim or request affirmative relief affecting title to the Property, doing so will not validate the Notice of Pendens.

**WHEREFORE**, Defendant CRCPS and non-party SPO I respectfully request that the Court issue an order to show cause directing Plaintiffs to appear before the Court to show cause why the Notice of Lis Pendens should not be declared invalid.

DATED: October 15, 2019.

*/s/ James D. Kilroy*
James D. Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email: jkilroy@swlaw.com
Email: skanan@swlaw.com

***Counsel for Defendants Colorado Regional Center Project Solaris, LLLP and Colorado Regional Center I, LLC***

*/s/ Ty Gee*
Harold A. Haddon
Ty Gee
Haddon Morgan Foreman
150 East 10th Avenue
Denver, CO 80203
Phone: (303) 831-7364
Fax: (303) 832-2628
Email: hhaddon@hmflaw.com
Email: tgee@hmflaw.com

***Counsel for Solaris Property Owner I, LLC***

## CERTIFICATE OF SERVICE

This is to certify that on October 15, 2019, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

 Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Harold A. Haddon
Ty Gee
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

        /s/Erika Conner
        for Snell & Wilmer L.L.P.

12

4833-8846-5832