Code of Federal Regulations
  Title 8. Aliens and Nationality
    Chapter I. Department of Homeland Security (Refs & Annos)
      Subchapter B. Immigration Regulations
        Part 204. Immigrant Petitions (Refs & Annos)
          Subpart A. Immigrant Visa Petitions (Refs & Annos)

8 C.F.R. § 204.6

§ 204.6 Petitions for employment creation aliens.

Effective: December 23, 2016 to November 20, 2019
Currentness

<Text of section effective until Nov. 21, 2019.>

(a) General. A petition to classify an alien under section 203(b)(5) of the Act must be filed on Form I–526, Immigrant Petition by Alien Entrepreneur. The petition must be accompanied by the appropriate fee. Before a petition is considered properly filed, the petition must be signed by the petitioner, and the initial supporting documentation required by this section must be attached. Legible photocopies of supporting documents will ordinarily be acceptable for initial filing and approval. However, at the discretion of the director, original documents may be required.

(b) [Reserved by 74 FR 26937]

(c) Eligibility to file. A petition for classification as an alien entrepreneur may only be filed by any alien on his or her own behalf.

(d) Priority date. The priority date of a petition for classification as an alien entrepreneur is the date the petition is properly filed with the Service or, if filed prior to the effective date of these regulations, the date the Form I–526 was received at the appropriate Service Center.

(e) Definitions. As used in this section:

Capital means cash, equipment, inventory, other tangible property, cash equivalents, and indebtedness secured by assets owned by the alien entrepreneur, provided that the alien entrepreneur is personally and primarily liable and that the assets of the new commercial enterprise upon which the petition is based are not used to secure any of the indebtedness. All capital shall be valued at fair market value in United States dollars. Assets acquired, directly or indirectly, by unlawful means (such as criminal activities) shall not be considered capital for the purposes of section 203(b)(5) of the Act.

Commercial enterprise means any for-profit activity formed for the ongoing conduct of lawful business including, but not limited to, a sole proprietorship, partnership (whether limited or general), holding company, joint venture, corporation, business trust, or other entity which may be publicly or privately owned. This definition includes a commercial enterprise consisting of a holding company and its wholly-owned subsidiaries, provided that each such subsidiary is engaged in a for-profit activity formed for the ongoing conduct of a lawful business. This definition shall not include a noncommercial activity such as owning and operating a personal residence.

EXHIBIT 3

Employee means an individual who provides services or labor for the new commercial enterprise and who receives wages or other remuneration directly from the new commercial enterprise. In the case of the Immigrant Investor Pilot Program, "employee" also means an individual who provides services or labor in a job which has been created indirectly through investment in the new commercial enterprise. This definition shall not include independent contractors.

Full-time employment means employment of a qualifying employee by the new commercial enterprise in a position that requires a minimum of 35 working hours per week. In the case of the Immigrant Investor Pilot Program, "full-time employment" also means employment of a qualifying employee in a position that has been created indirectly through revenues generated from increased exports resulting from the Pilot Program that requires a minimum of 35 working hours per week. A job-sharing arrangement whereby two or more qualifying employees share a full-time position shall count as full-time employment provided the hourly requirement per week is met. This definition shall not include combinations of part-time positions even if, when combined, such positions meet the hourly requirement per week.

High employment area means a part of a metropolitan statistical area that at the time of investment:

(i) Is not a targeted employment area; and

(ii) Is an area with an unemployment rate significantly below the national average unemployment rates.

Invest means to contribute capital. A contribution of capital in exchange for a note, bond, convertible debt, obligation, or any other debt arrangement between the alien entrepreneur and the new commercial enterprise does not constitute a contribution of capital for the purposes of this part.

New means established after November 29, 1990.

Qualifying employee means a United States citizen, a lawfully admitted permanent resident, or other immigrant lawfully authorized to be employed in the United States including, but not limited to, a conditional resident, a temporary resident, an asylee, a refugee, or an alien remaining in the United States under suspension of deportation. This definition does not include the alien entrepreneur, the alien entrepreneur's spouse, sons, or daughters, or any nonimmigrant alien.

Regional center means any economic unit, public or private, which is involved with the promotion of economic growth, including increased export sales, improved regional productivity, job creation, and increased domestic capital investment.

Rural area means any area not within either a metropolitan statistical area (as designated by the Office of Management and Budget) or the outer boundary of any city or town having a population of 20,000 or more.

Targeted employment area means an area which, at the time of investment, is a rural area or an area which has experienced unemployment of at least 150 percent of the national average rate.

Troubled business means a business that has been in existence for at least two years, has incurred a net loss for accounting purposes (determined on the basis of generally accepted accounting principles) during the twelve- or twenty-four month period prior to the priority date on the alien entrepreneur's Form I–526, and the loss for such period is at least equal to twenty percent of the troubled business's net worth prior to such loss. For purposes of determining whether or not the troubled business has been in existence for two years, successors in interest to the troubled business will be deemed to have been in existence for the same period of time as the business they succeeded.

(f) Required amounts of capital—

(1) General. Unless otherwise specified, the amount of capital necessary to make a qualifying investment in the United States is one million United States dollars ($1,000,000).

(2) Targeted employment area. The amount of capital necessary to make a qualifying investment in a targeted employment area within the United States is five hundred thousand United States dollars ($500,000).

(3) High employment area. The amount of capital necessary to make a qualifying investment in a high employment area within the United States, as defined in section 203(b)(5)(C)(iii) of the Act, is one million United States dollars ($1,000,000).

(g) Multiple investors—

(1) General. The establishment of a new commercial enterprise may be used as the basis of a petition for classification as an alien entrepreneur by more than one investor, provided each petitioning investor has invested or is actively in the process of investing the required amount for the area in which the new commercial enterprise is principally doing business, and provided each individual investment results in the creation of at least ten full-time positions for qualifying employees. The establishment of a new commercial enterprise may be used as the basis of a petition for classification as an alien entrepreneur even though there are several owners of the enterprise, including persons who are not seeking classification under section 203(b)(5) of the Act and non-natural persons, both foreign and domestic, provided that the source(s) of all capital invested is identified and all invested capital has been derived by lawful means.

(2) Employment creation allocation. The total number of full-time positions created for qualifying employees shall be allocated solely to those alien entrepreneurs who have used the establishment of the new commercial enterprise as the basis of a petition on Form I–526. No allocation need be made among persons not seeking classification under section 203(b)(5) of the Act or among non-natural persons, either foreign or domestic. The Service shall recognize any reasonable agreement made among the alien entrepreneurs in regard to the identification and allocation of such qualifying positions.

(h) Establishment of a new commercial enterprise. The establishment of a new commercial enterprise may consist of:

(1) The creation of an original business;

(2) The purchase of an existing business and simultaneous or subsequent restructuring or reorganization such that a new commercial enterprise results; or

(3) The expansion of an existing business through the investment of the required amount, so that a substantial change in the net worth or number of employees results from the investment of capital. Substantial change means a 40 percent increase either in the net worth, or in the number of employees, so that the new net worth, or number of employees amounts to at least 140 percent of the pre-expansion net worth or number of employees. Establishment of a new commercial enterprise in this manner does not exempt the petitioner from the requirements of 8 CFR 204.6(j) (2) and (3) relating to the required amount of capital investment and the creation of full-time employment for ten qualifying employees. In the case of a capital investment in a troubled business, employment creation may meet the criteria set forth in 8 CFR 204.6(j)(4)(ii).

EXHIBIT 3

(i) State designation of a high unemployment area. The state government of any state of the United States may designate a particular geographic or political subdivision located within a metropolitan statistical area or within a city or town having a population of 20,000 or more within such state as an area of high unemployment (at least 150 percent of the national average rate). Evidence of such designation, including a description of the boundaries of the geographic or political subdivision and the method or methods by which the unemployment statistics were obtained, may be provided to a prospective alien entrepreneur for submission with Form I–526. Before any such designation is made, an official of the state must notify the Associate Commissioner for Examinations of the agency, board, or other appropriate governmental body of the state which shall be delegated the authority to certify that the geographic or political subdivision is a high unemployment area.

(j) Initial evidence to accompany petition. A petition submitted for classification as an alien entrepreneur must be accompanied by evidence that the alien has invested or is actively in the process of investing lawfully obtained capital in a new commercial enterprise in the United States which will create full-time positions for not fewer than 10 qualifying employees. In the case of petitions submitted under the Immigrant Investor Pilot Program, a petition must be accompanied by evidence that the alien has invested, or is actively in the process of investing, capital obtained through lawful means within a regional center designated by the Service in accordance with paragraph (m)(4) of this section. The petitioner may be required to submit information or documentation that the Service deems appropriate in addition to that listed below.

> (1) To show that a new commercial enterprise has been established by the petitioner in the United States, the petition must be accompanied by:

> (i) As applicable, articles of incorporation, certificate of merger or consolidation, partnership agreement, certificate of limited partnership, joint venture agreement, business trust agreement, or other similar organizational document for the new commercial enterprise;

> (ii) A certificate evidencing authority to do business in a state or municipality or, if the form of the business does not require any such certificate or the State or municipality does not issue such a certificate, a statement to that effect; or

> (iii) Evidence that, as of a date certain after November 29, 1990, the required amount of capital for the area in which an enterprise is located has been transferred to an existing business, and that the investment has resulted in a substantial increase in the net worth or number of employees of the business to which the capital was transferred. This evidence must be in the form of stock purchase agreements, investment agreements, certified financial reports, payroll records, or any similar instruments, agreements, or documents evidencing the investment in the commercial enterprise and the resulting substantial change in the net worth, number of employees.

> (2) To show that the petitioner has invested or is actively in the process of investing the required amount of capital, the petition must be accompanied by evidence that the petitioner has placed the required amount of capital at risk for the purpose of generating a return on the capital placed at risk. Evidence of mere intent to invest, or of prospective investment arrangements entailing no present commitment, will not suffice to show that the petitioner is actively in the process of investing. The alien must show actual commitment of the required amount of capital. Such evidence may include, but need not be limited to:

> (i) Bank statement(s) showing amount(s) deposited in United States business account(s) for the enterprise;

EXHIBIT 3

(ii) Evidence of assets which have been purchased for use in the United States enterprise, including invoices, sales receipts, and purchase contracts containing sufficient information to identify such assets, their purchase costs, date of purchase, and purchasing entity;

(iii) Evidence of property transferred from abroad for use in the United States enterprise, including United States Customs Service commercial entry documents, bills of lading, and transit insurance policies containing ownership information and sufficient information to identify the property and to indicate the fair market value of such property;

(iv) Evidence of monies transferred or committed to be transferred to the new commercial enterprise in exchange for shares of stock (voting or nonvoting, common or preferred). Such stock may not include terms requiring the new commercial enterprise to redeem it at the holder's request; or

(v) Evidence of any loan or mortgage agreement, promissory note, security agreement, or other evidence of borrowing which is secured by assets of the petitioner, other than those of the new commercial enterprise, and for which the petitioner is personally and primarily liable.

(3) To show that the petitioner has invested, or is actively in the process of investing, capital obtained through lawful means, the petition must be accompanied, as applicable, by:

(i) Foreign business registration records;

(ii) Corporate, partnership (or any other entity in any form which has filed in any country or subdivision thereof any return described in this subpart), and personal tax returns including income, franchise, property (whether real, personal, or intangible), or any other tax returns of any kind filed within five years, with any taxing jurisdiction in or outside the United States by or on behalf of the petitioner;

(iii) Evidence identifying any other source(s) of capital; or

(iv) Certified copies of any judgments or evidence of all pending governmental civil or criminal actions, governmental administrative proceedings, and any private civil actions (pending or otherwise) involving monetary judgments against the petitioner from any court in or outside the United States within the past fifteen years.

(4) Job creation—

(i) General. To show that a new commercial enterprise will create not fewer than ten (10) full-time positions for qualifying employees, the petition must be accompanied by:

(A) Documentation consisting of photocopies of relevant tax records, Form I–9, or other similar documents for ten (10) qualifying employees, if such employees have already been hired following the establishment of the new commercial enterprise; or

EXHIBIT 3

(B) A copy of a comprehensive business plan showing that, due to the nature and projected size of the new commercial enterprise, the need for not fewer than ten (10) qualifying employees will result, including approximate dates, within the next two years, and when such employees will be hired.

(ii) Troubled business. To show that a new commercial enterprise which has been established through a capital investment in a troubled business meets the statutory employment creation requirement, the petition must be accompanied by evidence that the number of existing employees is being or will be maintained at no less than the pre-investment level for a period of at least two years. Photocopies of tax records, Forms I–9, or other relevant documents for the qualifying employees and a comprehensive business plan shall be submitted in support of the petition.

(iii) Immigrant Investor Pilot Program. To show that the new commercial enterprise located within a regional center approved for participation in the Immigrant Investor Pilot Program meets the statutory employment creation requirement, the petition must be accompanied by evidence that the investment will create full-time positions for not fewer than 10 persons either directly or indirectly through revenues generated from increased exports resulting from the Pilot Program. Such evidence may be demonstrated by reasonable methodologies including those set forth in paragraph (m)(3) of this section.

(5) To show that the petitioner is or will be engaged in the management of the new commercial enterprise, either through the exercise of day-to-day managerial control or through policy formulation, as opposed to maintaining a purely passive role in regard to the investment, the petition must be accompanied by:

(i) A statement of the position title that the petitioner has or will have in the new enterprise and a complete description of the position's duties;

(ii) Evidence that the petitioner is a corporate officer or a member of the corporate board of directors; or

(iii) If the new enterprise is a partnership, either limited or general, evidence that the petitioner is engaged in either direct management or policy making activities. For purposes of this section, if the petitioner is a limited partner and the limited partnership agreement provides the petitioner with certain rights, powers, and duties normally granted to limited partners under the Uniform Limited Partnership Act, the petitioner will be considered sufficiently engaged in the management of the new commercial enterprise.

(6) If applicable, to show that the new commercial enterprise has created or will create employment in a targeted employment area, the petition must be accompanied by:

(i) In the case of a rural area, evidence that the new commercial enterprise is principally doing business within a civil jurisdiction not located within any standard metropolitan statistical area as designated by the Office of Management and Budget, or within any city or town having a population of 20,000 or more as based on the most recent decennial census of the United States; or

(ii) In the case of a high unemployment area:

EXHIBIT 3

(A) Evidence that the metropolitan statistical area, the specific county within a metropolitan statistical area, or the county in which a city or town with a population of 20,000 or more is located, in which the new commercial enterprise is principally doing business has experienced an average unemployment rate of 150 percent of the national average rate; or

(B) A letter from an authorized body of the government of the state in which the new commercial enterprise is located which certifies that the geographic or political subdivision of the metropolitan statistical area or of the city or town with a population of 20,000 or more in which the enterprise is principally doing business has been designated a high unemployment area. The letter must meet the requirements of 8 CFR 204.6(i).

(k) Decision. The petitioner will be notified of the decision, and, if the petition is denied, of the reasons for the denial and of the petitioner's right of appeal to the Associate Commissioner for Examinations in accordance with the provisions of part 103 of this chapter. The decision must specify whether or not the new commercial enterprise is principally doing business within a targeted employment area.

(l) [Reserved by 76 FR 53782]

(m) Immigrant Investor Pilot Program—

(1) Scope. The Immigrant Investor Pilot Program is established solely pursuant to the provisions of section 610 of the Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriation Act, and subject to all conditions and restrictions stipulated in that section. Except as provided herein, aliens seeking to obtain immigration benefits under this paragraph continue to be subject to all conditions and restrictions set forth in section 203(b)(5) of the Act and this section.

(2) Number of immigrant visas allocated. The annual allocation of the visas available under the Immigrant Investor Pilot Program is set at 300 for each of the five fiscal years commencing on October 1, 1993.

(3) Requirements for regional centers. Each regional center wishing to participate in the Immigrant Investor Pilot Program shall submit a proposal to the Assistant Commissioner for Adjudications, which:

(i) Clearly describes how the regional center focuses on a geographical region of the United States, and how it will promote economic growth through increased export sales, improved regional productivity, job creation, and increased domestic capital investment;

(ii) Provides in verifiable detail how jobs will be created indirectly through increased exports;

(iii) Provides a detailed statement regarding the amount and source of capital which has been committed to the regional center, as well as a description of the promotional efforts taken and planned by the sponsors of the regional center;

EXHIBIT 3

(iv) Contains a detailed prediction regarding the manner in which the regional center will have a positive impact on the regional or national economy in general as reflected by such factors as increased household earnings, greater demand for business services, utilities, maintenance and repair, and construction both within and without the regional center; and

(v) Is supported by economically or statistically valid forecasting tools, including, but not limited to, feasibility studies, analyses of foreign and domestic markets for the goods or services to be exported, and/or multiplier tables.

(4) Submission of proposals to participate in the Immigrant Investor Pilot Program. On August 24, 1993, the Service will accept proposals from regional centers seeking approval to participate in the Immigrant Investor Pilot Program. Regional centers that have been approved by the Assistant Commissioner for Adjudications will be eligible to participate in the Immigrant Investor Pilot Program.

(5) Decision to participate in the Immigrant Investor Pilot Program. The Assistant Commissioner for Adjudications shall notify the regional center of his or her decision on the request for approval to participate in the Immigrant Investor Pilot Program, and, if the petition is denied, of the reasons for the denial and of the regional center's right of appeal to the Associate Commissioner for Examinations. Notification of denial and appeal rights, and the procedure for appeal shall be the same as those contained in 8 CFR 103.3.

(6) Continued participation requirements for regional centers.

(i) Regional centers approved for participation in the program must:

(A) Continue to meet the requirements of section 610(a) of the Appropriations Act.

(B) Provide USCIS with updated information annually, and/or as otherwise requested by USCIS, to demonstrate that the regional center is continuing to promote economic growth, including increased export sales, improved regional productivity, job creation, and increased domestic capital investment in the approved geographic area, using a form designated for this purpose; and

(C) Pay the fee provided by 8 CFR 103.7(b)(1)(i)(XX).

(ii) USCIS will issue a notice of intent to terminate the designation of a regional center in the program if:

(A) A regional center fails to submit the information required in paragraph (m)(6)(i)(B) of this section, or pay the associated fee; or

(B) USCIS determines that the regional center no longer serves the purpose of promoting economic growth, including increased export sales, improved regional productivity, job creation, and increased domestic capital investment.

(iii) A notice of intent to terminate the designation of a regional center will be sent to the regional center and set forth the reasons for termination.

(iv) The regional center will be provided 30 days from receipt of the notice of intent to terminate to rebut the ground or grounds stated in the notice of intent to terminate.

(v) USCIS will notify the regional center of the final decision. If USCIS determines that the regional center's participation in the program should be terminated, USCIS will state the reasons for termination. The regional center may appeal the final termination decision in accordance with 8 CFR 103.3.

(vi) A regional center may elect to withdraw from the program and request a termination of the regional center designation. The regional center must notify USCIS of such election in the form of a letter or as otherwise requested by USCIS. USCIS will notify the regional center of its decision regarding the withdrawal request in writing.

(7) Requirements for alien entrepreneurs. An alien seeking an immigrant visa as an alien entrepreneur under the Immigrant Investor Pilot Program must demonstrate that his or her qualifying investment is within a regional center approved pursuant to paragraph (m)(4) of this section and that such investment will create jobs indirectly through revenues generated from increased exports resulting from the new commercial enterprise.

(i) Exports. For purposes of paragraph (m) of this section, the term "exports" means services or goods which are produced directly or indirectly through revenues generated from a new commercial enterprise and which are transported out of the United States;

(ii) Indirect job creation. To show that 10 or more jobs are actually created indirectly by the business, reasonable methodologies may be used. Such methodologies may include multiplier tables, feasibility studies, analyses of foreign and domestic markets for the goods or services to be exported, and other economically or statistically valid forecasting devices which indicate the likelihood that the business will result in increased employment.

(8) Time for submission of petitions for classification as an alien entrepreneur under the Immigrant Investor Pilot Program. Commencing on October 1, 1993, petitions will be accepted for filing and adjudicated in accordance with the provisions of this section if the alien entrepreneur has invested or is actively in the process of investing within a regional center which has been approved by the Service for participation in the Pilot Program.

(9) Effect of termination of approval of regional center to participate in the Immigrant Investor Pilot Program. Upon termination of approval of a regional center to participate in the Immigrant Investor Pilot Program, the director shall send a formal written notice to any alien within the regional center who has been granted lawful permanent residence on a conditional basis under the Pilot Program, and who has not yet removed the conditional basis of such lawful permanent residence, of the termination of the alien's permanent resident status, unless the alien can establish continued eligibility for alien entrepreneur classification under section 203(b)(5) of the Act.

**Credits**

[41 FR 55849, Dec. 23, 1976; 56 FR 60910, Nov. 29, 1991; 57 FR 1860, Jan. 16, 1992; 58 FR 44608, 44609, Aug. 24, 1993; 59 FR 17921, April 15, 1994; 74 FR 26937, June 5, 2009; 75 FR 58990, Sept. 24, 2010; 76 FR 53782, Aug. 29, 2011; 81 FR 73332, Oct. 24, 2016]

AUTHORITY: 8 U.S.C. 1101, 1103, 1151, 1153, 1154, 1182, 1184, 1186a, 1255, 1324a, 1641; 8 CFR part 2.

Notes of Decisions (34)

Current through October 17, 2019; 84 FR 55509.

End of Document                                  © 2019 Thomson Reuters. No claim to original U.S. Government Works.