# DOUGLAS LITOWITZ
### Attorney-at-Law
### 413 Locust Place   Deerfield, IL 60015
### 312-622-2848   Litowitz@gmail.com   WeChat: ChicagoD

July 1, 2019

**By Email and Priority Mail**

Attn: Roger Hauptman
Registered Agent
Colorado Regional Center Project Solaris LLLP
280 Detroit Street, Denver, CO 80206

      Re:    **Demand Prior to Commencing Derivative Action
                Pursuant to Colo. Rev. Stat. 7-62-1001**

Dear Mr. Hauptman,

I represent a group of Chinese limited partners in Colorado Regional Center Project Solaris LLLP (the "LP"). The number of my clients is expected to exceed ten percent (10%) of the limited partners in the partnership. An authorization from one limited partner is attached.

This letter is a demand that the general partner Colorado Regional Center I, LLC take the following actions for my clients as limited partners:

1. Declare default and accelerate the Note from Solaris Property Owner LLC, sue on the Note and immediately use the proceeds to repay investors;
2. Call the Guarantee from Principal Peter Knobel to cover any unpaid interest;
3. Enforce/foreclose the Pledge Agreement and other collateral agreements and use the funds from collateral to repay investors;
4. Terminate the management agreement with Waveland EB-5 Management LLC, as it represents a conflict of interest since they are affiliated with the general partner and stand to benefit so long as the EB-5 funds are outstanding;
5. Allow an independent valuation expert of my clients' choosing to appraise the value of their LP units to determine if there is capital appreciation; and
6. Under any scenario, immediately take action to obtain the return of $550,000 to each of my clients pending a final determination of the value of their limited partnership unit.

Should the general partner fail to take these actions, my clients may bring a derivative action in the name of the LP to take the above actions and to assert breach of fiduciary duties against the general partner. We reserve the right to file as a class action.

The PPM anticipates that when it was time for the borrower to pay back the $80MM loan, the lender (the LP and the general partner) would only exercise the option to

take collateral (condos) instead of cash if the condos have a higher value than $80MM. But it appears that the LP is resigned to taking back the condos even though they have a lower value than the $80MM. For many years, the limited partners have seen plan after plan for selling the condos and returning their money but no action has been taken, and they are ready to get what they are owed. I have reviewed six (6) exit plans going back many years, none of which have come to fruition.

If you believe that litigation can be avoided by some creative structuring of, say, an immediate cash payment and a call option on the increase in value of the collateral over time, then we are open to hearing your proposal.

I will be giving you a list of my clients shortly. You are NOT authorized to speak with them ex parte.

Sincerely,
/s/ Douglas Litowitz
Licensed in Illinois

CRC 000308