# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:19-cv-02443-STV**

Jun Li, Qi Qin, Yi Liu, Jie Yang, Yuquan Ni, Zhongzao Shi, Fang Sheng, Shunli Shao, Kaiyuan Wu, Zhijian Wu, Zhongwei Li, Sa Wu, Fan Zhang, Lin Qiao, Jinge Hu, Rujun Liu, Ying Xu, Lu Li, and Yuwei Dong, individually, as well as Derivatively for Colorado Regional Center Project Solaris LLLP,

     Plaintiffs,

v.

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I LLC, and
Peter Knobel,

     Defendants.

## PROTECTIVE ORDER

THIS MATTER comes before the Court on Colorado Regional Center Project Solaris LLLP, Colorado Regional Center, LLC and Colorado Regional Center I, LLC's Motion for Protective Order (the "Motion"). Having reviewed the Motion, the law and being otherwise fully advised in the premises, the Court hereby GRANTS the Motion and ORDERS as follows:

1.    This Protective Order shall apply to all documents, electronically stored information, materials, and information disclosed, filed, or served pursuant to the Federal Rules of Civil Procedure, including, without limitation, documents and data produced by any Party or non-

1

party, answers to interrogatories, responses to requests for admission, expert disclosures, and deposition testimony containing Confidential Information as defined below.

2. As used in this Protective Order, "Confidential Information" is documents and information that the designating Party or non-party believes is not in the public domain and which constitutes, contains, or reflects confidential business, commercial, or financial information.

3. Each Party shall mark all Confidential Information subject to this Protective Order as "Confidential." Confidential Information shall be used, shown, and disclosed only as provided in this Protective Order. The term "Confidential Information" as used in this Protective Order shall be construed to include all of the information contained in each document so marked; provided, however, that information obtained from non-confidential sources shall not be rendered confidential by inclusion in a "Confidential" document.

4. Confidential Information shall not, without the consent of the Party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys actively working on this case, regardless of whether those counsel have appeared or are formally designated as counsel of record;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the Parties and their respective employees, members, managers, and in-house counsel, including the employees, members, managers, and in-house counsel of any entity which directly or indirectly controls, is controlled by, or is under common ownership or control with a Party;

  (d) expert witnesses and consultants retained by a Party or its counsel to serve as an expert witness or a consultant in this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

  (e) the Court and its officers and employees;

  (f) stenographic reporters who are engaged in the proceedings necessarily incident to the conduct of this action; and

  (g) other persons by written agreement of the Parties.

5. Confidential Information may be disclosed and used solely for the purpose of pursuing claims or defenses relevant to this action.

6. If any Party receives a subpoena or other request to produce Confidential Information that is subject to the terms of this Protective Order, the receiving Party shall within three business days notify the Party who produced the Confidential Information and provide information about the subpoena or request. Unless and until a court, administrative judge, arbitrator, or other judicial officer of competent jurisdiction, orders otherwise, such documents shall not be produced to any third parties.

7. Deposition, hearing, and trial transcripts in this action shall be treated as Confidential Information if so designated at the time of the deposition or trial or within fourteen days after the receipt of a final copy of the transcript. Within thirty days after receipt of a final copy of the transcript any Party (or non-party deponent) may challenge the designation of any portion or all of any transcript as Confidential Information by letter to all other Parties in the action. Additionally, any Party or non-party participating in a deposition or trial may designate any portions of the transcript of the deposition or trial as Confidential Information at the time of such

deposition or trial. No person shall be present during portions of the depositions or trials designated as "Confidential" unless such person is an authorized recipient of Confidential Information pursuant to paragraph 4 of this Protective Order.

8.  To the extent that "Confidential" documents, materials, or tangible things, or information contained therein, are used in the taking of depositions, the documents, materials, other tangible things, or information shall remain subject to the provisions of this Protective Order and, if attached to a deposition, shall be maintained under seal by the court reporter. It shall be the designating Party's responsibility to notify court reporters of this provision at the time of the taking of a deposition. The failure of the designating Party to timely notify a court reporter of the "Confidential" designation pursuant to paragraph 7 of this Protective Order may constitute a waiver of confidentiality. A deponent may not divulge any "Confidential" document, materials, or other tangible thing or information contained therein.

9.  Subject to any contrary requirements of the Court, if Confidential Information is used in any filing, the filing party will take all reasonable steps to file the Confidential Information in a way that preserves confidentiality, including fully utilizing all procedures for filing the Confidential Information on a restricted basis under D.C.COLO.LCivR 7.2 (Level 1 Restriction). Confidential Information shall not be filed with the Court except when required in connection with matters pending before the court and shall be filed with pursuant to D.C.COLO.LCivR 7.2(e).

10. The inadvertent production of privileged documents or information, or of Confidential Information, that was mistakenly produced without the appropriate designation, shall be treated as follows:

(a) The inadvertent production of privileged documents or information, or of Confidential Information, produced without a "Confidential" designation, shall not be deemed a waiver in whole or in part of a claim for privilege or confidential treatment and shall be without prejudice to any claim that such documents or information should be treated as privileged as Confidential Information and designated as such.

(b) Pursuant to Model Rules of Professional Conduct 4.4(b) and (c), a Party receiving inadvertently or mistakenly produced privileged documents or information or Confidential Information produced without a "Confidential" designation, shall immediately destroy all copies of the privileged documents or information or Confidential Information or return said privileged documents or information or Confidential Information to counsel for the producing Party. The receiving Party shall also destroy summaries of, or notes relating to, the inadvertently or mistakenly produced documents or information and shall certify its compliance with these requirements in a letter accompanying the return of any inadvertently or mistakenly produced information.

(c) Should counsel for the producing Party first discover that it has inadvertently or mistakenly produced privileged documents or information, or Confidential Information produced without a "Confidential" designation, the Party making such inadvertent production is entitled to the prompt return of such privileged documents or information or Confidential Information upon written notice to the other Party, within a reasonable time after the inadvertent production.

4848-5365-1625.3

        The Party making the inadvertent production will promptly reproduce any such documents, things, materials, or information to the other Party with the appropriate confidentiality designation, or in the case of privileged information, will promptly disclose a privilege log containing an entry for the inadvertently produced and now-withheld documents or information.

        (d)    Any dispute regarding corrected designations or appropriateness of documents or information subject to this "clawback" provision that the Parties are unable to resolve shall be brought before the Court, but all corrected designations and "clawbacks" shall be binding upon the Parties unless and until the Court orders otherwise.

11.    At the conclusion of this action, all Confidential Information shall be returned to counsel for the disclosing party or destroyed.

12.    A Party may object to the designation of particular Confidential Information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten business days after the time the notice is received, it shall be the obligation of the Party designating the information as "Confidential" to file an appropriate motion within seven days of the ten day's expiration, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information or under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" and shall not

6

4848-5365-1625.3

thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

13. Nothing in this Protective Order will prejudice any Party from seeking amendments broadening or restricting the rights of access to and use of Confidential Information or contesting the designation of documents or information as "Confidential."

DATED: October  22 , 2019.

BY THE COURT:

  s/ Scott T. Varholak
United States Magistrate Judge