# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, et al.,
        Plaintiffs,

          v.                      Hon. Magistrate Scott Varholak

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I, and
Peter Knobel,
        Defendants.

## Plaintiffs' Motion to Add One Plaintiff (Cao Xiaolong) Under F.R.C.P. 20 - Strangely Opposed by Defendants' Counsel

Judge Varholak made two important suggestions at the hearing on October 22, 2019. First, his Honor believes that the parties should explore settlement. Second, his Honor wants the parties to be less acrimonious.

Plaintiffs' counsel submitted a settlement proposal which would split the difference between the full refund which Plaintiffs seek versus the diminished amount they would receive in a bulk sale. This is a compromise where none of the parities would walk away happy, which is the hallmark of a fair deal. Unfortunately, no response has been received. Anything his Honor can do to encourage settlement is greatly appreciated.

As for cooperation, Plaintiffs' counsel conferred with Defendants' counsels per Local Rule 7.1 about adding one single plaintiff, and both firms objected. Neither stated any reason to oppose this Motion, which should be a *pro forma* (indeed, it is such a perfunctory matter that there are no Local Rules on joinder of parties). The result is that his Court will have to wade through another set of briefs.

The alpha and omega of this matter is F.R.C.P. 20(a)(1) which allows permissive joinder of similarly situated plaintiffs, and provides in full:

> **Rule 20. Permissive Joinder of Parties**
>
> (a) Persons Who May Join or Be Joined.
>
> (1) *Plaintiffs.* Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Cao Xiaolong is a Project Solaris investor who has an identical claim as the other Plaintiffs who invested in this project. The Plaintiffs are fungible in their situations and their assertions, which arose from a common set of facts. The addition of Cao Xiaolong would not add any extra burden, nor have any effect on jurisdiction, venue, or the merits of this case.

The Supreme Court has long held that joinder is strongly encouraged as a matter of judicial economy. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724

2

(1966). This Circuit has held the same, at least in strongly worded dicta in cases on mandatory joinder: "Legal controversies should be settled, when possible, in whole and not through multiple litigation." *Fed. Res. Corp. v. Shoni Uranium Corp.*, 408 F.2d 875, 877-78 (10th Cir. 1969), citing *Provident Tradesmens Bank*, 390 U.S. 102, 108). It would be absurd to have Plaintiffs' counsel file another lawsuit in this Court just for Ms. Xiaolong, based on identical facts, identical law, and identical circumstances.

The Defendants should articulate a reasoned, thoughtful objection to the joinder of one plaintiff. If they cannot do so, then it is obvious that they are objecting just for the sake of objecting.

WHEREFORE, Plaintiffs seek an Order adding Cao Xiaolong as a plaintiff under F.R.C.P. 20(a).

/s/ Douglas Litowitz
Counsel for Plaintiffs

November 1, 2019

**Certificate of Service:**

I filed the foregoing on the ECF system on November 1, 2019.

/s/ Douglas Litowitz