**In the United States District Court
for the District of Colorado**

**Civil Action No. 1:19-cv-02443-STV**

JUN LI, *et al.*, individually and derivatively for Colorado Regional Center Project Solaris LLLP,

    Plaintiffs,

v.

WAVELAND VENTURES LLC, *et al.*,

    Defendants.

---

### The Parties' Stipulated Motion to Consolidate

---

The parties, through their respective counsel, stipulate under Federal Rule of Civil Procedure 42(a)(2) and D.C.Colo.LCivR 42.1 to consolidate this action and *Cui v. Waveland Ventures LLC*, No. 1:19-cv-02637-NYW (D. Colo.).

The parties note that under Local Rule 42.1 motions to consolidate "shall be given priority." Further, a consolidation motion "shall be filed in the lowest numbered case included in the proposed consolidation and shall be decided by the district judge to whom the lowest numbered case is assigned." D.C.Colo.LCivR 42.1.

*Conferral.* All counsel for plaintiffs and defendants in this action and in *Cui* have conferred. All the parties in this action and in *Cui* agree the two actions should be consolidated. Counsel for plaintiffs in *Cui* have not entered an appearance in this action, but are on the certificate of service of this motion.

    1.  Rule 42(a)(2) provides that the Court may consolidate two or more actions if they "involve a common question of law or fact." The decision whether to consolidate actions is committed to the district court's sound discretion. *Shump v. Balka*, 574 F.2d

1

1341, 1344 (10th Cir. 1978). Rule 42(a)'s purpose is "'to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties.'" *Ore. Laborers Employers Pension Trust Fund v. Maxar Techs. Inc.*, No. 19-cv-124-WJM-SKC, 2019 WL 3714798, at *2 (D. Colo. Aug. 7, 2019) (quoting *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004)).

    2. The case at bar shares questions of law or fact common with the *Cui* case. The plaintiffs in each action are limited partners of defendant Colorado Regional Center Project Solaris LLLP ("CRCPS"), which is a nominal defendant in *Cui*. The plaintiffs in each action have brought their respective actions individually and derivatively on behalf of CRCPS. The plaintiffs in each action have asserted claims arising out of their purchase of limited partnership interests in CRCPS and CRCPS's loan transaction with Solaris Property Owner LLC ("SPO") and Solaris Property Owner I LLC ("SPO I"). The plaintiffs in each case have asserted claims for fraud, breach of fiduciary duty, violation of the Colorado Consumer Protection Act, and violations of the Federal Securities Exchange Act. Plaintiffs in each case have sued Waveland Ventures, LLC ("Waveland"); Colorado Regional Center, LLC ("CRC"); Colorado Regional Center I, LLC ("CRC I"); CRCPS; SPO; and SPO I. The only non-common defendant is Peter Knobel, named in the case at bar but not in *Cui*, and John Does 1-10, named in *Cui* but not in the case at bar. Much of the documentary evidence and many if not most of the non-plaintiff witnesses, including defendants' officials and employees, will be common to both cases.

3. In *Oregon Laborers Employers Pension Trust Fund* the Court granted the consolidation motion. It found that both actions sought to be consolidated "involve common questions of law or fact, including common parties and common claims." *Id.* at *2. It also found that consolidation "will avoid unnecessary costs and delays." *Id.* It noted that none of the parties opposed consolidation. *Id.* The instant case and *Cui* are in the same posture as the cases consolidated in *Oregon Laborers Employers Pension Trust Fund*.

4. In accordance with Local Rule 42.1 counsel for defendants common to both this action and *Cui* (Waveland, CRC, CRC I, and CRCPS) are filing contemporaneously with this Motion a notice in *Cui* that the parties have moved in the case at bar to consolidate this case and the *Cui* case.

For the foregoing reasons the parties respectfully request that the Court consolidate this action, No. 1:19-cv-02443-STV, and *Cui*, No. 1:19-cv-02637-NYW.

///

3

Dated: November 14, 2019.

/s/Douglas Litowitz
Douglas Litowitz
413 Locust Place
Deerfield, IL 60015
Phone: (312) 622-2848
Email: Litowitz@gmail.com
**Counsel for Plaintiffs**

/s/ James D. Kilroy
James D. Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email: jkilroy@swlaw.com;
skanan@swlaw.com
***Counsel for Defendants Waveland Ventures, LLC, Colorado Regional Center Project Solaris LLLP, Colorado Regional Center, and Colorado Regional Center I, LLC***

/s/Ty Gee
Harold A. Haddon
Ty Gee
HADDON MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: (303) 831-7364
Fax: (303) 832-2628
Email: hhaddon@hmflaw.com
Email: tgee@hmflaw.com
***Counsel for Solaris Property Owner, LLC and Peter Knobel***

4

## **CERTIFICATE OF SERVICE**

This is to certify that on November 14, 2019, a true and correct copy of the above and foregoing **The Parties' Stipulated Motion to Consolidate** has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Harold A. Haddon
Ty Gee
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

And served via email on counsel for Plaintiffs in Case No. 1:19-cv-02637-NYW:

Brian P. Stewart
Herbert Kuo
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660
bstewart@ardentlawgroup.com
hkuo@ardentlawgroup.com

                                         */s/ Sandy Braverman*
                                         for Snell & Wilmer L.L.P.