# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:19-cv-02443-STV;**
**Consolidated with Civil Action No. 1:19-cv-02637**

**JUN LI, et al., individually and derivatively for Colorado Regional Center Project Solaris LLLP,**

**Plaintiffs,**
**v. WAVELAND VENTURES LLC, et al., Defendants.**

---

## PLAINTIFF'S AND DEFENDANT'S JOINT SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

November 20, 2019 at 2:20 p.m. in Department A-502 Alfred A. Arraj

United States Courthouse, 901 19th Street, Denver Colorado.

1) Hubert H. Kuo                                         Counsel for Plaintiffs
   Brian P. Stewart
   **Ardent Law Group**
   4340 Von Karman Ave.,
   Suite 290
   Newport Beach, California 92660
   Telephone: (949) 299-0188
   Facsimile: (949) 299-0127

1

hkuo@ardentlawgroup.com

2) James D. Kilroy
**Snell & Wilmer L.L.P.**
1200 17th Street, Suite 1900
Denver, Colorado 80202
Office: 303.634.2005
Cell: 720.341.3579
jkilroy@swlaw.com   www.swlaw.com

Counsel for Defendants Waveland Ventures LLC Colorado Regional Center, LLC, Colorado Regional Center Project Solaris LLLP (the "CRC Defendants")

3) Ty Gee
Harold A. Haddon

**Haddon Morgan & Forman, P.C.**
150 East 10th Avenue
Denver, Colorado 80203
(303) 831-7364
tgee@hmflaw.com; hhaddon@hmflaw.com; tmaxted@hmflaw.com;

Counsel for Defendants Solaris Property Owner, LLC and Solaris Property Owner I, LLC (the "SPO Defendants")

## 2. STATEMENT OF JURISDICTION

Plaintiffs Position:

Plaintiffs bring their Complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceed $75,000; under 28 U.S.C. §1331, in that this action arises under federal law, namely 15 U.S.C. §78(b) and Rule 10b-5 thereunder; this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state-law claim that is related to, and forms parts of, the same controversy; and this Court has personal jurisdiction over the defendants herein because they maintain a principal place of business in this judicial district, the lawsuit arises out of

defendants' activities in this district, and defendants consented to personal jurisdiction in the State of Colorado for any action in connect with the Offering Documents.

CRC Defendants' Position:

CRC Defendants have not confirmed the citizenship of each Plaintiff and reserve their right to challenge subject matter jurisdiction.

SPO Defendants' Position:

Plaintiffs' Amended Complaint does not allege facts supporting diversity jurisdiction. We therefore reserve the right to challenge the Court's alleged supplemental jurisdiction over any state-law claims. We disagree the Court has personal jurisdiction over the SPO Defendants because they "consented to personal jurisdiction in the State of Colorado for any action in connect[ion] with the Offering Documents."

### 3. STATEMENT OF CLAIMS AND DEFENSES

A. Plaintiff's Claims.

This case involves sixteen of 165 Chinese nationals who each invested $500,000[1] to help fund the completion of a condominium project located in Vail, Colorado aptly called The Residences at Solaris-Vail ("Solaris"). The developer of Solaris is

---

[1] Some investors paid $550,000 and some paid $535,000 depending on whether the investor paid for his/her own immigration attorney.

3

Solaris Property Owner ("SPO").  The 165 Chinese investors collectively invested $82.5^2$ million into a Colorado limited partnership, Colorado Regional Center Project Solaris LLLP ("LLLP") that Waveland, and CRC created.  CRC's subsidiary, Colorado Regional Center I, LLC ("GP") would be the general partner of the LLLP and received a 1% of partnership interest.  The LLLP would then lend the EB-5 Investors' money to SPO.  In exchange, SPO was supposed to pay 5% interest to the LLLP annually.   The loan between the LLLP and SPO (the "Loan") was supposed to be 100% collateralized and the interest on the Loan guaranteed by SPO's principal, Peter Knobel.  The Loan was due within 5 years from the date of the advancement.  The loan was secured by deeds of trust recorded against 18 individual units Solaris.  Plaintiffs First Amended Complaint alleges claims against the Defendants for 1) Fraud with respect to material misrepresentations made to the Chinese investors, including but not limited to, the expected return on investment, the manner in which the investment was to be secured, the manner in which the loans would be repaid, and the manner in which LLLP would be managed; 2) Breach of Fiduciary Duty for failure on the part of Colorado Regional Center ("CRC") and Colorado Regional Center I, LLC ("GP") to oversee the Plaintiffs investment in Solaris, and failure to exercise their duties of candor, good faith, and loyalty in the management and administration of the EB-5 Investors

---

[2] Not including "administrative fees" which vary between $50,000 to $35,000 for each investor.

4

investment; 3) Violation of the Colorado Consumer Protection Act C.R.S. §6-1-105 (1) by utilizing unfair and deceptive practices to entice the Plaintiffs to invest in the Solaris project: 4) Violation of 15 U.S.C. 80a for failing to register as a securities broker dealer and improperly claiming to be exempt from registration ; 5)  Violation of 15 U.S.C. 78o and 78j for failing to register as a securities broker dealer and for using manipulative and deceptive materials to sell EB-5 investments in Solaris; and 6) Specific Performance based upon the fact that payment has become due on the loan and the Defendants have attempted to exercise their right to transfer title to the Property to the LLLP in lieu of repaying the loan, but have failed and refuse to either repay the loan or convey title to the Property.

    B.    CRC Defendants' Defenses:

This case involves an EB-5 investment that relates to the development of a luxury residential and commercial project known as Solaris Residences ("Solaris"). Plaintiffs are investors who purchased equity interests in Colorado Regional Center Project Solaris, LLLP. CRC is the general partner and Plaintiffs and other investors are limited partners. The CRC Defendants prepared a Private Placement Memorandum ("PPM") to raise funds for the Solaris project. Plaintiffs were given full information about the nature and details of their investment and each investor was asked to confirm in writing his or her proficiency in English and his or her understanding of the overall project and use of proceeds raised through the PPM.

5

Plaintiffs were informed from the beginning of their investment and to date about the status of the Solaris project and the anticipated liquidation of their investment. The CRC Defendants have not yet filed a responsive pleading, Defendants deny that they have in any way misled Plaintiffs, defrauded Plaintiffs or committed any kind of breach of duty to Plaintiffs. The CRC Defendants contend that Plaintiffs' claims fail to state a claim upon which relief can be granted, and are time-barred. Defendants reserve their right to assert all defenses they may have through a motion to dismiss and/or an answer. The CRC Defendants also reserve their right to seek a counterclaim against Plaintiffs in light of the improper filings of lis pendens on the Solaris property, resulting in the termination of a specific bulk sale opportunity.

C. **SPO Defendants' Claims and Defenses.** Although Nos. 19-cv-2443 and 19-cv-2637 have been consolidated, there are differences between the two actions. For example, the plaintiffs do not overlap, many of the allegations are different, there are differences in the claims, and Mr. Knobel is named as a defendant in 19-cv-2443 but not in 19-cv-2637. So we address claims and defenses in each action.

The most conspicuous difference between the complaints in this case and in No. 19-cv-2637 is that the *Li* plaintiffs have named Mr. Knobel personally. While

the complaint is not a model of clarity,[3] it appears plaintiffs are asserting against him claims of federal securities fraud, state securities fraud, and common law fraud. As discussed in our response to the *Li* plaintiffs' motion to add plaintiff Xiaolong, it was substantially groundless to implead Mr. Knobel. He was and is the manager of Solaris Property Owner, LLC ("SPO") and Solaris Property Owner I, LLC ("SPO I"). SPO is the developer of a residential and commercial development in Vail, Colorado, and was the borrower in a non-traditional loan transaction with defendant Colorado Regional Center Project Solaris LLLP, in which all plaintiffs are limited partners. SPO I is the assignee and successor in interest of SPO for all purposes relevant to this action. There is no non-frivolous basis to implead Mr. Knobel. He is not liable for a debt, obligation or liability of SPO or SPO I. *See* § 7-80-705, C.R.S. (2019). Plaintiffs fail to allege any contact or communication with Mr. Knobel, let alone any fraudulent statement by him directed at the plaintiffs. The *Li* plaintiffs have failed to comply with Federal Rule of Civil Procedure 8 and 9, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. 104-67, 109 Stat. 737.

    As to both actions: None of the plaintiffs has alleged any communications

---

[3]The heading of Claim 4, asserting state securities fraud, says it is asserted only against CRCPS and CRC. But paragraphs within the claim suggest it is asserted against Mr. Knobel personally.

from SPO or SPO I, let alone any fraudulent communications. None of the plaintiffs has alleged any relationship between SPO and SPO I, on the one hand, and any of the plaintiffs, on the other hand, out of which would arise any duty to make any disclosure of anything to any of the plaintiffs. To the extent the plaintiffs allege "collusion" and "conspiracy," they do so solely in conclusory fashion, contrary to Rules 8 and 9, *Twombly*, *Iqbal*, and the PSLRA.

The SPO Defendants generally deny the allegations and claims. They will have other defenses as well. For example, the statute of limitations appears to foreclose all claims against the SPO Defendants. As another example, the very documents, e.g., the PPM and the documents all the plaintiffs signed before they invested a dime and agreed to become limited partners of CRCPS, refute their claims of fraud, deception and ignorance. At this time, however, based on the plaintiffs' failure to comply with basic pleading requirements it is difficult to identify all the possible defenses at this point. For those reasons we cannot identify possible counterclaims at this point but reserve the right to add counterclaims.

**UNIDSPUTED FACTS**

The following facts are undisputed:

1. CRC is an approved EB-5 Regional Center.
2. Plaintiffs are limited partners in CRCPS.
3. Plaintiffs received the PPM and executed proficiency certificates.

8

### 4. COMPUTATION OF DAMAGES

Each Plaintiff will be entitled to repayment of their $500,000 initial investment, plus interest.

### 5. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER F.RC.P. 26 (F)

a.  The Defendants have not filed an Answer or Responsive Pleading and any such Pleading is not due until after the scheduling conference, when the Court said it would set deadlines for responses to the respective plaintiffs' complaints. Therefore, there has been no Rule 26(f) meeting.

b.  Not applicable

c.  Rule 26(a)(1) disclosures have not been made. There has been no Rule 26(f) conference.

d.  The CRC Defendants intend to file a motion to dismiss, which will automatically stay the obligation to make Rule 26(a) (1) disclosures. The SPO Defendants intend to move to dismiss the complaints against them. All disclosure obligations and discovery are stayed pending a ruling on the defendants' respective motions to dismiss.

e.  The CRC Defendants have offered to permit Plaintiffs' counsel to do a site visit of Solaris.

f.  None.

g.  Neither the CRC Defendants nor the SPO Defendants (including Mr. Knobel) anticipate that this case will involve extensive or unusual electronically stored information ("ESI"). Discovery will include requests for ESI and the CRC Defendants have preserved all ESI appropriately.

9

h.  The CRC Defendants are always agreeable to some type of alternate dispute resolution at some point in the litigation process.

The SPO Defendants need to understand plaintiffs' claims and theories of liability before they can discuss a non-litigation resolution of the claims against them.

## 6. CONSENT

All parties [] have [x] have not consented to the exercise of jurisdiction of a Magistrate Judge.

## 7. DISCOVERY LIMITATIONS

The Cui Plaintiffs Position:

The parties do not anticipate any modifications or limitations of discovery allowed under the Federal Rules

1. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

2. Limitations which any party proposes on the length of depositions.

3. Limitations which any party proposes on the number of requests for production and/or requests for admissions.

4. Other planning or discovery orders.

CRC Defendants' Position:  The CRC Defendants propose a second scheduling conference after the Court rules on motions to dismiss, in light of the automatic stay of discovery occurring as a result of the motions to dismiss.

SPO Defendants' Position: All disclosures and discovery are subject to the

PSLRA-mandated stay while the motions to dismiss are pending. It is premature to discuss any modifications or limitations of discovery.

### 8. CASE PLAN AND SCHEDULE

<u>The Cui Plaintiffs Position:</u>

1. Deadline for Joinder of Parties and Amendment of Pleadings

2. Discovery Cut-Off.

    The parties have discussed the discovery cut-off and believe that the non-expert discovery cut-off should be July 1, 2020, and that the expert discovery cut-off should be 90 days before the date set for trial.

3. Law and Motion Cut-Off.

    The parties have discussed the law and motion cut-off and have mutually proposed a motion hearing deadline is August 1, 2020.

4. Expert Witness Disclosure.

    The parties agree that Expert Witness disclosures shall adhere to the provisions of F.R.C.P. Rule 26(a) (2).

5. Written Discovery.

6. The Parties are expected to serve all written discovery on opposing counsel on a schedule that allows timely responses on or before the proposed discovery cut-off date.

CRC Defendants' Position:

The CRC Defendants propose a second scheduling conference after the Court rules on motions to dismiss, in light of the automatic stay of discovery occurring as a result of the motions to dismiss. At the second scheduling conference the Court can set the dates under this Section 9.

SPO Defendants' Position:

The *Cui* plaintiffs state that the parties have discussed various discovery issues. Counsel for the SPO Defendants have not had any discussions with any of the parties regarding any discovery issues, including whether expert disclosures should adhere to Rule 26(a)(2) and how or when written discovery should be served before discovery cut-off.

There is an urgent need to set deadlines for joinder of parties and amendment of pleadings. The *Li* plaintiffs have filed three complaints—the original, an amended, and a second amended complaint. The second amended complaint added a plaintiff. Their counsel two weeks ago said he would be moving to file a fourth complaint to add another plaintiff. At the hearing on October 22, 2019, the *Li* plaintiffs' counsel suggested he would have as many as fifty additional plaintiffs. At the rate the *Li* plaintiffs' counsel is adding plaintiffs, it is impossible to determine when the *Li* complaints will be settled.

## 9. DATES FOR FURTHER CONFERENCES.

The parties will defer to the Court as to dates for any further Conferences.

## 10. OTHER SCHEDULING MATTERS.

The parties will defer to the Court as to dates for any additional scheduling issues.

                                  Respectfully submitted,
                                  **The Ardent Law Group**

Date: December 16, 2019        */s/ Brian P. Stewart*
                                  Hubert H. Kuo
                                  Brian P. Stewart
                                  Attorneys for Plaintiffs in the Cui Action

Date: December 16, 2019        **Snell & Wilmer L.L.P.**

                            By:    */s/ James D. Kilroy*
                                  James D. Kilroy
                                  Attorneys for Defendants,

Date: December 16, 2019        **Haddon Morgan & Forman, P.C.**

                            By:    *s/ Ty Gee*
                                  David Maxted
                                  Ty Gee
                                  Attorneys for Defendants, Solaris Property Owner, LLC and Solaris Property Owner I, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16TH day of December, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

jkilroy@swlaw.com;
tgee@hmflaw.com;
dmaxted@hmflaw.com;
litowitz@gmail.com