# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

JUN LI, QI QIN, JIE YANG, et al., individually and derivatively for defendant COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

Plaintiffs,

v.

WAVELAND VENTURES LLC, COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP, COLORADO REGIONAL CENTER I LLC, SOLARIS PROPERTY OWNER LLC, SOLARIS PROPERTY OWNER I LLC, AND PETER KNOBEL,

Defendants.

Hon. Judge Raymond Moore
Hon. Magistrate Scott Varholak

---

## Application to Require Defendants to Disclose Citizenship of Members

---

Most of the Defendants in this action are unincorporated associations who refuse to disclose the citizenship of their members. This information is necessary for the Plaintiffs and the Court to determine whether there is complete diversity of citizenship. Plaintiffs hereby ask this Court to compel the Defendants to immediately divulge the citizenship of their members, so the issue of diversity jurisdiction can be resolved *before* the next set of pleadings.

The federal diversity statute, 28 U.S.C. §1332(c), makes a *corporation* a citizen of the state where it is incorporated and the state where it has its principal place of business, but the statute is silent on the citizenship of an *unincorporated* business association such as an LLC or an LP. All federal circuits have filled this lacuna by holding that the citizenship of such entities is derived from the citizenship of their members and partners. *Siloam Springs Hotel LLC v. Century Sur.*

*Co.,* 781 F.3d 1233, 1234 (10th Cir. 2015).  If a member of an unincorporated association happens to be another unincorporated association, then the chain must be traced to the actual human beings at the bottom.  *Observatory Place LLC v. Interstate Fire & Cas.,* 2010 WL 4942534 *1 (D. Colo. November 23, 2010)("Moreover, when an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes.").

So far, the Plaintiffs have pled diversity jurisdiction on the grounds that no Plaintiffs are Colorado citizens and - on information and belief -- the Defendants are ultimately owned by members who are Colorado citizens. In addition, this is a largely a real estate dispute in which the subject property is in Colorado and the businesses are active in Colorado.  This has sufficed so far but at some point a full analysis will have to be conducted to ensure complete diversity.  Plaintiffs see no point in delaying.

The Plaintiffs have diligently tried to research the members of the Defendant entities, but have been stymied by the Enron-esque structure of their embedded LLCs.  For example, the Colorado Secretary of State shows Defendant Waveland Venture LLC which is ostensibly the parent or affiliate of Colorado Regional Center LLC and/or Defendant Colorado Regional Center I LLC, which is itself the General Partner of Defendant Colorado Regional Center Project Solaris LLLP. Defendant Knobel is listed in the private placement memorandum (at page 99) as the "sole equity member" of Defendant Solaris Property Owner LLC (a Delaware company doing business in Colorado) but that was dated March 31, 2011, and that entity apparently assigned all its rights and obligations to Solaris Property Owner I LLC, another Delaware company doing business in Colorado with unknown members.  In addition to these entities, the Colorado Secretary of State shows a Solaris Property Owner II LLC as a foreign company from Delaware, a Solaris Property Owner III LLC, Solaris Property Owner IV LLC, Solaris Property Owner V LLC, and Solaris

Property Owner VI LLC.  There are layers within layers like Russian Matryoshka dolls popping out of each other.  Some of the documents signed by Defendant Solaris Property Owner LLC were signed via non-Defendant Solaris Mezz LLC, under the signature of Defendant Peter Knobel, but the Secretary of State has multiple listings for Solaris Mezz LLC, and it might be dissolved.  There are dozens of possibly related "Solaris" entities floating around that may be related, such as Solaris Investment Group LLC, Solaris Management and Consulting LLC, as well as certain LLCs with the initials "PBK" which stand for Peter Knobel, such as P.B.K. Real Estate LLC, d/b/a Solaris Real Estate, which had a contract to sell the condo units that it utilized to repay the lender instead of paying cash.  It is unclear why so many entities are involved in this deal; it is unclear why they are so interlocked; and it is unclear why the members need to be hidden.  The net effect is to create hurdles for lawsuits, especially federal lawsuits.

This District has already heard one case where Solaris Vail hid the identities of LLC members. *Dermody v. Solaris Bowling & Restaurant LLC*, 2017 WL 1208758 (D. Colo., January 6, 2017). In *Dermody*, a former employee of Solaris Bowling & Restaurant LLC sued that entity in this Court, alleging diversity jurisdiction because she was residing in Florida and the LLC was [sic] 'incorporated" in Colorado and doing business there.  In other words, the plaintiff confused the citizenship determination for a corporation and an LLC.  The District Court dismissed the complaint because the pleadings did not allege the citizenship of the LLC's members. The Court did not address the Catch-22 of requiring a plaintiff to search *public* LLC records to find *nonpublic* information on the identity of the members. However, the Court warned in a footnote that LLCs should not use state business statutes to immunize themselves from federal lawsuits, *id.* at fn3, which is what the Defendants seem to be in the process of doing.

In situations where information is lacking after a diligent search, some Circuits have allowed limited discovery to determine the members' identities.  The Third Circuit summarized the problem succinctly:

> A plaintiff who files suit in federal court may face significant difficulties when jurisdiction is premised on diversity and the defendant is an unincorporated association such as a partnership or limited liability company ("LLC"). The members of the association determine its citizenship, but these members may be unknown to the plaintiff even after a diligent pre-filing investigation. The plaintiff may tentatively assert that complete diversity exists, but whether this assertion survives a motion to dismiss depends entirely on the pleading standard that the court chooses to apply. We hold that a plaintiff need not affirmatively allege the citizenship of each member of an unincorporated association in order to get past the pleading stage. Instead, if the plaintiff is able to allege in good faith, after a reasonable attempt to determine the identities of the members of the association, that it is diverse from all of those members, its complaint will survive a facial challenge to subject-matter jurisdiction. If the defendant thereafter mounts a factual challenge, the plaintiff is entitled to limited discovery for the purpose of establishing that complete diversity exists.

*Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 102 (3rd Cir. 2015).  In other words, the case should not be held up at the pleading stage due to lack of information: the Plaintiffs should not suffer because the Defendants are hiding behind the anonymity offered by state business laws.

The situation is asymmetrical: the Defendants know the domiciles of the Plaintiffs (since the Defendants prepare tax returns listing the residence of each limited partner) but the Plaintiffs don't know the citizenship of the Defendants.  This Court should equalize the situation.  This would allow the diversity issue to be solved before the next round of pleadings, potentially saving months of work.

WHEREFORE, Plaintiffs ask this Court to order the Defendant unincorporated associations to reveal their members down to the level of human beings, showing the domicile of each member.

Dated:  January 3, 2020

Respectfully Submitted,
/s/ Douglas Litowitz
Douglas Litowitz
413 Locust Place
Deerfield, IL 60015
Tel. (312) 622-2848
Email: litowitz@gmail.com
Attorney for the Li Plaintiffs

## Certificate of Service

I certify that the foregoing Application was served on all counsels of record by submitting the same through the ECF system for this District.

/s/ Douglas Litowitz
Douglas Litowitz
413 Locust Place
Deerfield, IL 60015
Tel. (312) 622-2848
Email: litowitz@gmail.com
Attorney for the Li Plaintiffs