Litowitz, Douglas 1/3/2020
For Educational Use Only

Dermody v. Solaris Bowling & Restaurant, LLC, Not Reported in Fed. Supp. (2017)

2017 WL 1208758
Only the Westlaw citation is currently available.
United States District Court, D. Colorado.

Lindlee DERMODY, Plaintiff,
v.
SOLARIS BOWLING & RESTAURANT, LLC,
d/b/a Bol, and Peter Knobel, Defendants.

Civil Action No. 16–cv–02803–PAB
|
Signed 01/06/2017

**Attorneys and Law Firms**

Ingrid C. Festin, Jonathan P. Whitcomb, Diserio Martin O'Connor & Castiglioni LLP, Stamford, CT, William James Kelly, III, Kelly & Walker, LLC, Denver, CO, for Plaintiff.

Maryam Naioom, Tiffaney A. Norton, Senter Goldfarb & Rice, LLC, Denver, CO, for Defendants.

## ORDER TO SHOW CAUSE

PHILIP A. BRIMMER, United States District Judge

**\*1**  The Court takes up this matter *sua sponte* on plaintiff's complaint [Docket No. 1]. Plaintiff states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 1, ¶ 1.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014)

("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Id.* Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09–cv–00491–PAB–MJW, 2009 WL 2338116, at \*3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff invokes 28 U.S.C. § 1332 as the basis for this Court's diversity jurisdiction. Docket No. 1 at 1, ¶ 1. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [ ] citizens of different States." The facts as presently averred, however, do not provide sufficient information regarding the citizenship of plaintiff or defendant Solaris Bowling & Restaurant, LLC ("Solaris"). [1]

**\*2**  The complaint states that plaintiff "is an individual who resides at 174 Watercolor Way, Suite 101, Santa Rosa Beach, Florida." Docket No. 1 at 1, ¶ 3. Domicile, not residency, is determinative of citizenship. *See Kramer v. Sears Roebuck & Co.*, 1997 WL 141175 (10th Cir. Mar. 28, 1997) (unpublished). Therefore, plaintiff must aver her domicile, not simply her residence.

The complaint identifies defendant Solaris as a limited liability company ("LLC") "incorporated" in Colorado that has a registered agent with an address of 141 East Meadow Drive, Suite 211, Vail, Colorado. Docket No. 1 at 2, ¶ 4. Neither the state of registration nor the address of Solaris' registered agent is relevant to determining Solaris' citizenship. While, for diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28

Litowitz, Douglas 1/3/2020
For Educational Use Only

Dermody v. Solaris Bowling & Restaurant, LLC, Not Reported in Fed. Supp. (2017)

U.S.C. § 1332(c)(1); *see* *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990), [2] these considerations are irrelevant to the determination of the citizenship of an LLC. The consensus throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1237–38 (10th Cir. 2015)* ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."); *see also* *Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 419–20 (3d Cir. 2010) (citing cases from eight circuits for the proposition that "every federal court of appeals to address the question has concluded that a limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship").

Furthermore, when an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes. In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court. *See* *U.S. Advisor, LLC, v. Berkshire Property Advisors, LLC,* 2009 WL 2055206, at *2; *SREI–Miami, LLC v. Thomas*, No. 08–cv–00730–MSK–BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008); *see also* *Hicklin Eng'g, L.C. v. Bartell,* 439 F.3d 346, 347 (7th Cir. 2006); *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, 2007 WL 2848154, at *4–5 (M.D. La. Sept. 24, 2007); *cf. Carden,* 494 U.S. at 195 ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.").

Plaintiff has not identified the members of Solaris or those members' domiciles. *Cf. Fifth Third Bank v. Flatrock 3, LLC,* 2010 WL 2998305, at *3 (D.N.J. July 21, 2010) (concluding that an allegation that "upon information and belief, the members of [an LLC] are citizens of New York" was insufficient because plaintiff "failed to identify or trace the citizenship of each individual member" of the LLC (internal quotation marks omitted)). [3] The Court is therefore unable to determine the citizenship of defendant Solaris and whether the Court has jurisdiction. *See* *United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted).

 **\*3** For the foregoing reasons, it is **ORDERED** that, on or before **5:00 p.m. on January 17, 2017**, plaintiff shall show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 1208758

Footnotes

1    While the complaint fails to allege the domicile of Peter Knobel, *see* Docket No. 1 at 2, ¶ 5, the parties have since stipulated to the dismissal of defendant Knobel. Docket No. 17. Pursuant to Fed. R. Civ. P. 41, the stipulated dismissal of defendant Knobel does not require a court order. *See* Fed. R. Civ. P. 41(a)(1). The United States Supreme Court has held that, where a named party destroys diversity, the plaintiff may dismiss the dispensable party that destroys diversity and cure a jurisdictional defect. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 573 (2004); *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832 (1989).

2    A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

3    This Court has previously noted that, "[w]hile various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity

**Litowitz, Douglas 1/3/2020**
**For Educational Use Only**

**Dermody v. Solaris Bowling & Restaurant, LLC, Not Reported in Fed. Supp. (2017)**

jurisdiction which would allow the members of LLCs to remain anonymous in federal court." *U.S. Advisor, LLC,* 2009 WL 2055206, at *3 (citing *Carden*, 494 U.S. at 196).

**End of Document**                                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.