# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 19-cv-02443-RM-STV

Jun Li,
Qi Qin,
Yi Liu,
Jie Yang,
Yuquan Ni,
Zhongzao Shi,
Fang Sheng,
Shunli Shao,
Kaiyuan Wu,
Zhijian Wu,
Zhongwei Li,
Sa Wu,
Fan Zhang,
Lin Qiao,
Jinge Hu,
Rujun Liu,
Ying Xu,
Lu Li,
Cao Xiaolong, and
Yuwei Dong, individually,
as well as Derivatively for Colorado Regional Center Project
Solaris LLLP,

    Plaintiffs,
v.

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I LLC, and
Peter Knobel,

    Defendants.

---

## ORDER

---

Plaintiffs' "Application to Require Defendants to Disclose Citizenship of Members" (the "Motion") (ECF No. 113) seeks an order compelling the disclosure of the members of Defendants which are unincorporated entities in order to show that diversity jurisdiction exists. The Motion causes the Court to pause and asks "Why?" Finding no legally sufficient answer in the Motion and the court record, the Motion is DENIED.[1]

Plaintiffs filed this action raising federal and state law claims alleging subject matter jurisdiction based on diversity of citizenship, federal question, and, as stated in the proposed Scheduling Order, supplemental jurisdiction. (ECF No. 109, p. 2.) Nonetheless, Defendants apparently contend the allegations are insufficient to support diversity jurisdiction and, *therefore*, reserve the right to challenge the court's supplemental jurisdiction over the state law claims. (ECF No. 109, p. 3.) Such contention, however, is unsupported by the statutes and the record.

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." And, where the district court has original jurisdiction, with exceptions inapplicable here, it "*shall have* supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (emphasis added).

In this case, the record shows no challenge by Defendants that federal question jurisdiction exists. After all, Plaintiffs raise claims under various federal statutes. (ECF No. 86, Counts I-III.) And, further, there is no challenge that the state law claims are unrelated to the federal claims. As such, on this record, subject matter jurisdiction exists over all claims by

---

[1] The Court finds no further briefing is required on the issue before ruling. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.")

virtue of Sections 1331 and 1367.  Thus, whether the court has, or does not have, *another* basis on which subject matter jurisdiction may exist is irrelevant.  Accordingly, it is

**ORDERED** that Plaintiffs' "Application to Require Defendants to Disclose Citizenship of Members" (ECF No. 113) is DENIED WITHOUT PREJUDICE.

DATED this 8th day of January, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge