## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443-RM-STV**

Li, *et al.*,

      Plaintiffs,

v.

Waveland Ventures, LLC, *et al.*,

      Defendants.

---

## PETITION FOR ORDER TO SHOW CAUSE PURSUANT TO C.R.S. § 38-35-204

---

Defendant Colorado Regional Center Project Solaris, LLLP ("CRCPS"), by and through undersigned counsel, submits its Petition for Order to Show Cause Pursuant to C.R.S. § 38-35-204 (this "Petition"), stating as follows:

### CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCivR 7.1(a)

This is a consolidated case. The Li Plaintiffs, in Case No. 19-cv-02443, filed the first complaint and, with it, a lis pendens clouding title to the subject property. The Court granted CRCPS's earlier Petition for Order to Show Cause Pursuant to C.R.S. § 38-35-204 on October 24, 2019, and the first lis pendens was extinguished, permitting CRCPS to sell the subject property – which is precisely what all Plaintiffs in this consolidated case claim to want to happen. The Li Plaintiffs promised not to refile a lis pendens in exchange for Defendants agreement to waive the mandatory attorneys' fees they were entitled to under C.R.S. § 38-35-204(3). Immediately

4835-2270-6609

thereafter, the Cui Plaintiffs, in Case No. 19-cv-02637, filed a lis pendens, again clouding title on the subject property.

For weeks, CRCPS has been conferring by email and multiple telephone conversations with the Cui Plaintiffs, repeatedly asking the Cui Plaintiffs to remove the lis pendens. The Cui Plaintiffs have indicated they may release "portions" of their lis pendens on a unit-by-unit basis, but that has not occurred and that position ignores the fact that the Cui Plaintiffs' lis pendens is legally improper and causing enormous damage to all investors in this project – including all Plaintiffs in this consolidated case. CRCPS specifically conferred regarding this petition. The Cui Plaintiffs have not responded as to their position and CRCPS assumes the Cui Plaintiffs will oppose.

## INTRODUCTION

Despite having no legal justification for doing so, the Cui Plaintiffs – who are limited partners of CRCPS – improperly recorded a notice of lis pendens against certain real property that is owned by Solaris Property Owner, I ("SPO I") and encumbered with a first deed of trust held by CRCPS.  Not only does the notice of lis pendens contain material misstatements that alone render it invalid, but the Cui Plaintiffs also have not asserted any viable claim or request for relief affecting title to such property to justify recording a notice of lis pendens.  Instead, the Cui Plaintiffs assert a claim for "specific performance" against Solaris Property Owner ("SPO") – who does not hold title to the property – and an order from the Court "directing Defendants to execute and deliver [to] Plaintiffs a sufficient conveyance of real property described herein."  But specific performance is a remedy that cannot be awarded without a valid underlying claim for breach of contract, which the Cui Plaintiffs do not, and cannot, assert.  And even if the Cui Plaintiffs

ultimately prevailed on their claims, it would not affect title because: (i) SPO I owns the real property at issue, not SPO; and (ii) CRCPS's limited partners do not have any legal or equitable interest in partnership property.

The lis pendens is not only legally unjustified, but it is practically unnecessary. CRCPS holds a first deed of trust that fully protects its interest in the real property. Given the absence of any legal or factual basis for the lis pendens, it is clear that the Cui Plaintiffs' objective is not to protect the limited partnership, but rather to create an improper obstacle to the sale of the real property – which is precisely what they complain has not yet occurred. The lis pendens should be declared invalid, and CRCPS should be awarded its attorneys' fees and costs.

## STATEMENT OF FACTS

1. The Cui Plaintiffs are Chinese investors who each purchased a limited partnership interest in CRCPS for $500,000, as part of an approved EB-5 Program through the U.S. Citizenship and Immigration Services to obtain a permanent residence visa, commonly referred to as a "green card." The Cui Plaintiffs are seventeen of a total of 165 original CRCPS limited partners.

2. Under the terms of the partnership agreement, CRCPS agreed to loan the proceeds of the investment, which totaled approximately $82.5 million, to SPO. *See* **Exhibit A**, Affidavit of Rick Hayes, at ¶ 6; *see* **Exhibit B**, Affidavit of Peter Knobel, at ¶ 3. SPO is the developer of a residential and commercial development in Vail, Colorado, consisting of 79 high-end residential condominium units (the "Project"). *See* Ex. A at ¶ 7; Ex. B at ¶ 2. The proceeds of the loan were to be used by SPO to pay certain costs pertaining to the development of the Project. *See* Ex. A at ¶ 8; Ex. B at ¶ 3.

3.　　　The loan was evidenced by a loan agreement and a promissory note and was funded in multiple advances over a period of time.　*See* Ex. A at ¶ 9; Ex. B at ¶ 4.　To secure the loan, SPO granted a lien, evidenced by a deed of trust, to CRCPS for each of nineteen condominium units valued in the aggregate at approximately $82.5 million at the time of execution of the loan agreement (the "Property").　*See* Ex. A at ¶ 10; Ex. B at ¶ 5.　Prior to the commencement of this action, two of the nineteen units have been assigned to entities owned by certain limited partners of CRCPS in consideration of a redemption of their partnership interests.　*See* Ex. A at ¶ 11; Ex. B at ¶ 6.

4.　　　The loan accrued interest at a rate of 5.55% per annum.　*See* Ex. A at ¶ 12; Ex. B at ¶ 7.　The principal balance together with all accrued and unpaid interest of each loan advance was due and payable five years after the date of each loan advance.　*See* Ex. A at ¶ 13; Ex. B at ¶ 7.

5.　　　Pursuant to the terms of the loan agreement, three years following each loan advance, SPO had the right to prepay the amount of the loan advance by either paying cash or conveying title to one or more condominium units, which would reduce the principal balance of the loan, as set forth in the loan agreement and promissory note.　*See* Ex. A at ¶ 14; Ex. B at ¶ 8.

6.　　　Prior to the first advance under the loan, SPO assigned all rights, obligations, title and interest related to the loan, note and Property to SPO I, and SPO I assumed all obligations thereunder, thus becoming the borrower pursuant to the loan agreement.　*See* Ex. A at ¶ 15; Ex. B at ¶ 9.

7.　　　Consistent with the terms of the loan agreement, SPO I delivered notice of its intention to exercise the right to collateral transfer with respect to each condominium unit to

4

CRCPS in lieu of cash payment after three years following each loan advance. *See* Ex. A at ¶ 16; Ex. B at ¶ 10.

8.       Pursuant to the terms of an Agreement Regarding Collateral Units between CRCPS and SPO I, CRCPS has not yet been assigned title to the remaining units comprising the Property (other than two condominium units conveyed to CRCPS's designees, *see* ¶ 3) because SPO I agreed to continue to hold title and, upon the instruction of CRCPS, to directly sell the units to a buyer designated by CRCPS. *See* Ex. A at ¶ 17; Ex. B at ¶ 11. Such deferral of title transfer benefits CRCPS because it avoids a significant municipal transfer tax, prepayment of HOA dues, and over $100,000 of working capital payments that would be due to the HOA, which costs would be borne by the limited partners, including the Cui Plaintiffs (investors). *See* Ex. A at ¶ 18. Accordingly, SPO I continues to hold title to the Property, as the successor in interest to SPO, and CRCPS continues to hold a first priority lien on the Property by means of the respective deeds of trust. *See* Ex. A at ¶ 19; Ex. B at ¶ 12.

9.       On August 28, 2019, the Li Plaintiffs filed their complaint in Case No. 19-cv-02443 against CRCPS, Colorado Regional Center I, LLC, SPO and Peter Knobel, seeking monetary damages and rescission for alleged violations of federal and state securities law, breach of fiduciary duty and fraud. [ECF 1; Case No. 19-cv-02443]. The Li Plaintiffs also purported to assert a claim for "lis pendens," but failed to name SPO I as a party to the action and requested no affirmative relief in connection with this "claim."

10.      On September 13, 2019, the Li Plaintiffs recorded a Notice of Lis Pendens Pursuant to C.R.S. § 38-35-110 in Eagle County, Colorado, Reception No. 201915152, falsely claiming that Case No. 19-cv-02443 affects title to the Property. [ECF 16; Case No. 19-cv-02443].

4835-2270-6609

11.     On September 24, 2019, CRCPS and SPO I jointly filed a Petition for Order to Show Cause Pursuant to C.R.S. § 38-35-204, seeking an order declaring the Li Plaintiffs' Notice of Lis Pendens spurious and therefore invalid.  [ECF 20; Case No. 19-cv-02443].  On October 24, 2019, after considering the parties' briefs as well as the testimony and documentary evidence submitted on the record during a hearing held on October 22, 2019, the Court ordered that the Li Plaintiffs' Notice of Lis Pendens was spurious and therefore invalid under C.R.S. § 38-35-201(3), and released pursuant to C.R.S. § 38-35-204(2).  [ECF 68; Case No. 19-cv-02443].  That same day, the parties filed a joint notice advising the Court that the Li Plaintiffs agreed to not file any additional notice of lis pendens on the Property in exchange for CRCPS and SPO I waiving their request for an award of attorneys' fees.  [ECF 66; Case No. 19-cv-02443].

12.     On November 8, 2019, the Cui Plaintiffs filed their First Amended Complaint and Jury Demand in Case No. 19-cv-02637 against Waveland Ventures, LLC, CRCPS, Colorado Regional Center I, LLC, Colorado Regional Center, LLC, SPO and SPO I, seeking monetary damages and rescission for alleged violations of federal securities law and the Colorado Consumer Protection Act, fraudulent misrepresentation, breach of fiduciary duty and violations of the Lanham Act (the "Amended Complaint").  [ECF 21; Case No. 19-cv-02637].  The Cui Plaintiffs also purport to assert a claim for "specific performance" to require conveyance of title, but they failed to plead an underlying claim for breach of contract entitling them to such remedy, and asserted it against SPO, which is the wrong entity.

13.     Nevertheless, on November 12, 2019, the Cui Plaintiffs recorded a Notice of Lis Pendens C.R.S. § 38-35-110 in Eagle County, Colorado, Reception No. 201919399, falsely

claiming that this action affects title to the Property, among other inaccuracies.  [ECF 28; Case No. 19-cv-02637].

14.     Like the Li Plaintiffs, the Cui Plaintiffs have no legal basis for recording their Notice of Lis Pendens.  Nor is there any practical purpose, as CRCPS's interest is fully protected by a first deed of trust.  Once again, this is simply an effort by a minority of the limited partners to set aside the general partner's reasonable business judgment and tie up limited partnership property in favor of their (yet undisclosed) business judgment of when and how to sell the real estate at issue.  And once again, this effort should be rejected.

## ARGUMENT AND AUTHORITY

C.R.S. § 38–35–110 sets forth the circumstances under which a party to a lawsuit may record a notice of lis pendens.  In particular, it provides:

> (1) After filing any pleading in an action in any court of record of this state or in any district court of the United States within this state wherein relief is claimed affecting the title to real property, any party to such action may record in the office of the county clerk and recorder in the county or counties in which the real property or any portion thereof is situated a notice of lis pendens containing the name of the court where such action is pending, the names of the parties to such action at the time of such recording, and a legal description of the real property.

C.R.S. § 38-35-110(1).

The intended purpose of a lis pendens is "to provide notice to the world that there is litigation pending which could impact the ownership or title to certain real property so as to avoid fraudulent or mistaken conveyances of the property."  *Roth v. Wilder*, Civil Action No. 09-cv-01939, 2009 WL 4730741, at *2 (D. Colo. 2009).  "A lis pendens has serious consequences because '[o]nce a lis pendens is filed, it renders title unmarketable and therefore effectively

prevents the property's transfer until the litigation is resolved or the lis pendens is expunged.'"

*Hewitt v. Rice*, 154 P.3d 408, 412-13 (Colo. 2007) (quoting *Kerns v. Kerns*, 53 P.3d 1157, 1164

n.6 (Colo. 2002)).

C.R.S. § 38-35-204 provides the mechanism for challenging a "spurious document," which

includes a lis pendens, filed against real property.  *See Shyanne Properties, LLC v. Torp*, 210 P.3d

490, 491 (Colo. App. 2009) (a notice of lis pendens is subject to analysis as a spurious document);

*Pierce v. Francis*, 194 P.3d 505, 508 (Colo. App. 2008) (same).  A "spurious document" is "any

document that is forged or groundless, contains a material misstatement or false claim, or is

otherwise patently invalid."   C.R.S. § 38–35–201(3).   Colorado courts have further defined a

"groundless document" as "one for which a proponent can advance no rational argument based on

evidence or the law to support the claim of a lien."  *Westar Holdings P'ship v. Reece*, 991 P.2d

328, 330 (Colo. App. 1999)  (citing *Harris v. Hanson*, 821 P.2d 821, 824 (Colo. App. 1991)).

A person whose real property is affected by a spurious lis pendens may petition the district

court in the county in which the notice was filed or the federal district court in Colorado for an

order to show cause why the document should not be declared invalid.  *See* C.R.S. § 38-35-204(1);

*see also* C.R.C.P. 105(f)(2) (allowing "[a]ny interested person [to] petition the court in the action

identified in the notice of lis pendens for a determination that a judgment on the issues raised by

the pleadings in the pending action will not affect all, or a designated part, of the real property

described in the notice of lis pendens. . . .").[1]  Upon the filing of the petition, the statute mandates

---

[1] Federal law requires the adoption of relevant state statutes and procedural rules dealing with the filing of lis pendens.  *Lowell Staats Min. Co., Inc. v. Pioneer Uravan, Inc.,* 596 F. Supp. 1428, 1433 (D. Colo. 1984).

an expedited proceeding, requiring the party who filed the notice of lis pendens to appear before the court for a hearing no more than twenty-one days after service of the order. *See* C.R.S. § 38-35-204(1)(a). If, following the hearing, the court determines that the lis pendens is spurious and therefore invalid, the petitioner shall be awarded costs, including reasonable attorneys' fees. *See* C.R.S. § 38-35-204(2).

The purpose of C.R.S. § 38-35-204 is "to protect individuals from those who use groundless claims to cloud title to real property as a form of protest or harassment." *Westar Holdings*, 991 P.2d at 331. Consistent with that purpose, courts are required to consider the merits of the underlying claims purporting to affect title based on the evidence presented at the hearing. *See id*. Indeed, courts have recognized that the failure to do so "could result in instances where a court makes a preliminary determination that documents are not spurious and awards attorney fees, only to determine later on the merits that the documents were in fact spurious." *Id*. Accordingly, courts are not required to accept a plaintiff's allegations as true and instead are permitted to look beyond the pleadings to evaluate the merits based on the evidence presented.

Colorado courts have long recognized that "[a] simple claim for money damages, by itself, does not affect title to real property and thus would not support the filing of a lis pendens." *Brossia v. Rock Const., L.T.D. Liability Co.*, 81 P.3d 1126, 1129 (Colo. App. 2003) (citing *Peoples Bank & Trust Co. v. Packard*, 642 P.2d 57, 58 (Colo. App. 1982)); *Roth*, 2009 WL 4730741, at * 2 (a notice of lis pendens in a lawsuit for monetary damages is patently invalid and constitutes a spurious document); *Lowell,* 596 F. Supp. at 1432 (same). To justify the filing of a lis pendens, a complaint must include affirmative relief affecting the title of real property. *Lowell,* 596 F. Supp. at 1432. Although a court may, in its discretion, award equitable relief based on pleadings seeking

9

only monetary relief, generalized pleadings are insufficient to support the filing of a lis pendens. *See id*. Instead, a complaint must include particularized allegations to permit the encumbrance of real property by a lis pendens prior to the adjudication of the parties' rights. *See id.*

There can be no genuine dispute that the Cui Plaintiffs' Amended Complaint falls woefully short of what is required to permit the filing of a lis pendens. It is not directed to, nor will it impact, the ownership or title to any real property; it is simply a lawsuit for money damages. The claims asserted arise from alleged misconduct related to the purchase and sale of the Cui Plaintiffs' partnership interests and the subsequent management of the Property. The Cui Plaintiffs generally complain that CRCPS has failed to sell the Property and primarily seek a rescission of their investment contracts, a return of their capital contributions and other monetary damages. And while the Cui Plaintiffs include a so-called derivative claim for "specific performance," which is the only claim that could conceivably be construed as affecting title to the Property, it is asserted against the wrong entity. SPO does not hold title to the Property – rather, SPO I does. Any claim against SPO does not, and cannot, affect ownership or title to the Property.

Even so, specific performance is a remedy, not a claim, and it is only available where there is an underlying claim for breach of contract. Plaintiffs did not plead such a claim and therefore they are not entitled to this remedy. In any event, Plaintiffs cannot demonstrate that any breach has occurred. According to the terms of the Agreement Regarding Collateral Units, which incorporates the underlying loan documents, SPO I is expressly authorized and required to hold record title to the Property. Thus, its failure to convey title to CRCPS does not constitute a breach. Moreover, "specific performance can only be accomplished according to the terms of the parties' contract." *Ballow v. PHICO Ins. Co*., 878 P.2d 672, 680 (Colo. 1994). To that end, "[a] court

may not make a contract for the parties and then order it to be specifically performed." *Id*.; *D.H. Overmyer Co. v. Brown*, 439 F.2d 926, 929 (10th Cir. 1971); *see also Elliott v. Joyce*, 889 P.2d 43, 46 (Colo. 1994) (internal citation omitted) ("[A] court is without authority to compel a party to do something he or she did not contract to do"). Because the parties agreed that SPO I would continue to hold title, the Court cannot order the specific performance that the Cui Plaintiffs seek. The Cui Plaintiffs' claim for specific performance therefore fails as a matter of law, rendering the lis pendens patently invalid. *See Roth*, 2009 WL 4730741, at * 2.

To the extent Plaintiffs' attempt to claim an interest in the Property to justify the filing of a lis pendens, this tactic also fails as a matter of law. In their prayer for relief, the Cui Plaintiffs request "an order directing Defendants to execute and deliver [to] Plaintiffs a sufficient conveyance to the [Property]." [ECF 21, ¶ 135]. The Cui Plaintiffs also allege that they have been "forced to retain counsel to protect their rights to title to the units securing the loan." [ECF 21, ¶ 124]. But under Colorado law, limited partners own an interest in a legal entity, but they do not acquire a legal or equitable property right in the partnership realty. *See Caley Investments I v. Lowe Family Assocs., Ltd.*, 754 P.2d 793, 795 (Colo. App. 1988); *Winter Park Devil's Thumb Inv. Co. v. BMS P'ship*, 926 P.2d 1253, 1256 (Colo. 1996). The Colorado Limited Partnership Act (the "Act") codifies this by providing that "a partnership interest is personal property." *See* C.R.S. § 7–62–701. The Act further provides that a partner has no right to demand and receive any distribution from a limited partnership in any form other than cash, except as provided in the partnership agreement. *See* C.R.S. § 7-62-605. Under the provisions of the Act alone, the Cui Plaintiffs have no right to claim any interest in, or distribution in the form of, the Property.

Under similar facts, the court in *Central Allied Profit Sharing Trust v. Bailey*, 759 P.2d 849, 850 (Colo. App. 1988), held that a lis pendens filed by limited partners seeking rescission of their investment contracts was improper.  In that case, limited partners asserted claims against the limited partnership and general partners for alleged improprieties related to their investment contracts and the management of real property owned by the partnership.  *See Central Allied*, 759 P.2d at 850.  The limited partners sought rescission of their investment contracts as well as other monetary damages, and recorded a notice of lis pendens against the partnership property.  *See id*. In affirming the trial court's order striking the lis pendens, the court held that the limited partners had no legal or equitable interest in partnership property.  *See id*.  The court reasoned that even if the limited partners prevailed on their claims and were awarded their requested relief – which is very similar to the relief requested by the Cui Plaintiffs – it would not affect title to the property owned by the partnership.  *See id.*  Thus, to the extent the Cui Plaintiffs are seeking title to or an interest in the Property, there is simply no basis to depart from this reasoning here.

Finally, the lis pendens contains factual inaccuracies, which alone constitutes sufficient grounds to invalidate the lis pendens.  For example, the lis pendens states that "Defendants have failed and refused and continue to fail and refuse to convey title to the Property to Plaintiffs." (emphasis added). The Amended Complaint contains no such allegations, but even so, the Cui Plaintiffs cannot claim any interest in the Property.  The lis pendens also states that the Cui Plaintiffs are seeking an "order from the court directing the Defendants to convey title to the Property to [CRCPS]."   The prayer for relief, however, requests that title be conveyed to the Cui Plaintiffs, not CRCPS.  [ECF, ¶ 135].  The Cui Plaintiffs' statements are not only demonstrably

false, but they also constitute material misstatements under C.R.S. § 38-35-201(3).  On this basis alone, the Notice of Lis Pendens is spurious and should be deemed invalid.

## CONCLUSION

The Cui Plaintiffs' Notice of Lis Pendens is patently invalid and constitutes a spurious document.  In addition to material misstatements contained in the document itself, the Cui Plaintiffs have not asserted – and cannot assert – any viable claim that will affect to the Property. On these grounds alone, the Notice of Lis Pendens is invalid.

**WHEREFORE**, Defendant CRCPS respectfully requests that the Court issue an order to show cause directing the Cui Plaintiffs to appear before the Court to show cause why the Notice of Lis Pendens should not be declared invalid.

DATED: January 17, 2020.

*/s/ James D. Kilroy*

James D. Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email:  jkilroy@swlaw.com
Email:  skanan@swlaw.com

*Counsel for Defendants Colorado Regional Center Project Solaris, LLLP and Colorado Regional Center I, LLC*

13

4835-2270-6609

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on January 17, 2020, a true and correct copy of the above and foregoing **PETITION FOR ORDER TO SHOW CAUSE PURSUANT TO C.R.S. § 38-35-204** has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Sandy Braverman*
for Snell & Wilmer L.L.P.

4835-2270-6609