**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:19-cv-02443-STV**

Jun Li, Qi Qin, Yi Liu, Jie Yang, Yuquan Ni, Li Fang,
Zhongzao Shi, Fang Sheng, Shunli Shao, Kaiyuan Wu,
Zhijian Wu, Zhongwei Li, and Yuwei Dong,

      Plaintiffs,

v.

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC, and
Peter Knobel,

      Defendants.

---

## AFFIDAVIT OF PETER KNOBEL

---

      I, Peter Knobel, being of the age of majority, and with personal knowledge, hereby state as follows:

      1.    I am the manager of Solaris Property Owner, LLC ("SPO") and Solaris Property Owner I, LLC ("SPO I"), both of which are Delaware limited liability companies.

      2.    SPO is the developer of a residential and commercial development in Vail, Colorado, which includes 79 high-end residential condominium units (the "Project").

      3.    As part of an EB-5 Program, Colorado Regional Center Project Solaris LLLP ("CRCPS"), a Colorado limited liability limited partnership, agreed to loan up to $82.5 million to SPO to pay certain costs pertaining to the development of the Project.

**EXHIBIT B**

4. The loan was evidenced by a loan agreement and a promissory note and was funded in multiple advances over a period of time.

5. To secure the loan, SPO agreed to grant a lien, evidenced by a deed of trust, to CRCPS for each of nineteen condominium units valued in the aggregate at approximately $82.5 million (the "Property").

6. Prior to the commencement of this action, two of the nineteen units have been conveyed to certain entities designated by CRCPS that I was informed were owned by limited partners of CRCPS and conveyed to such entities in consideration of a redemption of the limited partners' partnership interests.

7. The loan accrued interest at a rate of 5.55% per annum. The principal balance together with all accrued and unpaid interest of each loan advance was due and payable five years after the date of each loan advance.

8. Pursuant to the terms of the loan agreement, three years following each loan advance, SPO had the right to prepay the amount of the loan advance by either paying cash or conveying title to one or more condominium units, which would reduce the principal balance of the loan, as set forth in the loan agreement and promissory note.

9. Prior to the first advance under the loan, SPO assigned all rights, obligations, title and interest related to the loan, note and Property to SPO I, and SPO I assumed all obligations thereunder, thus becoming the borrower pursuant to the loan agreement.

10. Consistent with the terms of the loan agreement, SPO I delivered notice of its intention to exercise the right to collateral transfer with respect to each condominium unit to CRCPS in lieu of cash payment after three years following each loan advance.

**EXHIBIT B**

11.     Pursuant to the terms of an Agreement Regarding Collateral Units between CRCPS and SPO I, CRCPS has not yet been conveyed title to the remaining units comprising the Property because SPO I has agreed to continue to hold title and, upon the instruction of CRCPS, to directly convey such units to a buyer designated by CRCPS.

12.     Accordingly, SPO I continues to hold title to the remaining units comprising the Property, as the successor in interest to SPO, and CRCPS continues to hold a first priority lien on the remaining units comprising the Property by means of the respective deeds of trust.

Dated this 20th day of September, 2019.

_____
Peter Knobel

**EXHIBIT B**

| | |
|---|---|
| STATE OF COLORADO | ) |
| | )ss. |
| COUNTY OF _____ | ) |

      Subscribed and sworn to before me this \_\_\_\_ day of _____, 2019 by Peter Knobel.

Witness my hand and official seal.

                                                                               _____
                                                                               Notary Public

My Commission Expires:

[SEAL]

**EXHIBIT B**