# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

JUN LI, QI QIN, JIE YANG, et al., individually and derivatively for defendant COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

              Plaintiffs,

v.

WAVELAND VENTURES LLC,
COLORADO REGIONAL CENTER
PROJECT SOLARIS LLLP, COLORADO
REGIONAL CENTER I LLC, et al.
              Defendants.

Hon. Judge Raymond Moore
Hon. Magistrate Scott Varholak

## Request For Court to Amend Order (Dkt#124) and Rule on Disqualification

Plaintiffs are mystified by this Court's *sua sponte* Order to postpone its consideration of the Motion for Disqualification of Snell & Wilmer. The Court did not wait for a Reply Brief from Plaintiffs, but summarily dismissed the Motion for Disqualification without prejudice and demanded a 'meaningful concur' before it is refiled, on the ostensible grounds that the filing of a <u>Third</u> Amended Complaint somehow changes the issues surrounding disqualification. But this gets things backwards. Plaintiffs have already conferred with all the other lawyers on the Motion for Disqualification, and nothing has changed in the facts and the law requiring disqualification. Indeed, the <u>Third</u> Amended Complaint makes the issue of disqualification ***more*** urgent than the <u>Second</u> Amended Complaint, since a full 5 counts are derivatively stated for the limited partnership to sue the general partner for fraud and wrongdoing. This makes the conflict of interest between Snell & Wilmer's clients riper, and weighs in favor of immediate Court consideration.

1

Snell & Wilmer's dual representation has *already* compromised their clients. To give one example, when a derivative demand letter is presented to a limited partnership alleging wrongdoing by the general partner (as was the case here), the limited partnership typically forms an independent special litigation committee (SLC) to determine if the limited partner should sue the general partner. *Curtis v. Nevens*, 31 P.3d 146, 151 (Colo. 2001)(derivative demand should be assigned to "special litigation committee formed of individuals independent of those charged with wrongdoing."). It is virtually impossible to find any case in the last 20 years where a business that receives a derivative demand letter does not create an SLC. But here, the derivative letter put Snell & Wilmer in an impossible conflict: they had to advise one client (the limited partnership) whether to create an SLC to investigate wrongdoing by their other client (the general partner). There was no neutral middle course to steer -- no matter what advice Snell & Wilmer gave, one client would be favored and one would be exposed. Ultimately, Snell & Wilmer failed to advise the limited partnership to set up an SLC to investigate the general partnership; this protected the general partner but deprived the limited partnership of a procedural remedy (an SLC determination) that it could have invoked as a defense to this lawsuit. These are the types of conflicts that make dual representation implausible in the context of a derivative suit where the limited partnership accuses the general partner of wrongdoing,

The Court's failure to consider the disqualification issue will create problems in the future if it eventually rules for Plaintiffs by using the modern rule. As the Motion points out, the comments to RPC 1.7 say that when dual representation is severed and the clients move from one lawyer to separate lawyers, all the client communications are no longer protected by the attorney-client privilege or client confidentiality, allowing discovery by the other side. The father into the

2

nebulous future this Court pushes the issue of disqualification, the less information will be protected from discovery.

Plaintiffs further object to Snell & Wilmer's assertion (on an issue that was *not* before the Court) that *Plaintiffs* are the ones who are subject to disqualification for asserting simultaneous direct and derivative claims. Snell & Wilmer know from the 'confer' that this District had already ruled that plaintiffs *can* bring simultaneous direct and derivative claims in the same lawsuit. See *Srebnik v. Dean*, 2006 U.S. Dist. LEXIS 59232 *7; 2006 WL 2457386 (D. Colo. 2006). Despite being advised of this decision in the 'confer' they simply ignored it in their Response:

> **Snell & Wilmer**: "under no circumstance can the Li Plaintiffs simultaneously pursue direct claims against the limited partnership, while also pursing [derivative] claims on its behalf, as they purport to do here. This constitutes an impermissible conflict that requires immediate dismissal of any derivative claims. Because the Li Plaintiffs have not, and cannot, pursue any derivative claims, there is no basis for separate counsel." "Because the Li Plaintiffs and the Cui Plaintiffs are simultaneously pursuing their own individual claims against [the LP] for securities fraud, among other claims, any derivative claims cannot also be pursued". See Response at pp. 2, 12.
>
> *Srebnik* **(D. Colo.):** "It is well settled that shareholders have the right to bring direct and derivative actions simultaneously. *Moffatt Enterprises, Inc. v. Borden Inc*., 807 F.2d. 1169, 1176 (3rd Cir. 1986) . . . see also 19 *Am. Jur. 2d. Corporations* §1934 ("a shareholder may bring a derivative action and an individual claim at the same time if he or she has suffered a different injury than other shareholders.").

In addition to misstating the law of this District, Snell & Wilmer do not cite any cases from this District or this Circuit holding that in a derivative case, one law firm can represent both a limited partnership as well as the general partner alleged to have harmed the general partner *by fraud and wrongdoing*. They cannot find cases saying this, because it cuts against the modern rule that when

3

a limited partner is alleged to have suffered harm at the hands of the general partner, the entities need separate counsel. Defendants cite prodigiously from a 1978 case from the Northern District of Texas, which just proves that they cannot find a recent case in their favor under the 'modern rule.'

WHEREFORE, Plaintiffs ask this Court to amend its Order under Fed. R. Civ. Pro. 59(e), and to make a final appealable order on the motion to disqualify Snell & Wilmer from dual representation of both a limited partnership and the general partner accused of fraudulently harming it.

Dated: January 25, 2020

Respectfully Submitted,
/s/ Douglas Litowitz
Douglas Litowitz
413 Locust Place
Deerfield, IL 60015
Tel. (312) 622-2848
Email: litowitz@gmail.com
Attorney for the Li Plaintiffs

### Certificate of Service

I certify that the foregoing Application was served on all counsels of record by submitting the same through the ECF system for this District.

/s/ Douglas Litowitz
Douglas Litowitz
413 Locust Place
Deerfield, IL 60015
Tel. (312) 622-2848
Email: litowitz@gmail.com
Attorney for the Li Plaintiffs