**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 19-cv-02443-RM-STV**

Li, *et al*.,

    Plaintiffs,

v.

Waveland Ventures, LLC, *et al*.,

    Defendants.

---

**DEFENDANTS COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP, COLORADO REGIONAL CENTER, LLC, COLORADO REGIONAL CENTER I, LLC'S AND WAVELAND VENTURES, LLC'S MOTION TO STRIKE LI PLAINTIFFS' THIRD AMENDED COMPLAINT [ECF 121]**

---

Defendants Waveland Ventures, LLC Colorado Regional Center Project Solaris LLLP, Colorado Regional Center, LLC and Colorado Regional Center I, LLC (the "CRC Entities"), by and through undersigned counsel, hereby submit this Motion to Strike Third Amended Complaint for Derivative and Direct Relief [ECF 121], and state as follows:

D.C.COLO.LCivR 7.1 CERTIFICATION: Undersigned counsel has conferred telephonically with counsel for the Li Plaintiffs. The Li Plaintiffs intend to oppose this motion.

## I. INTRODUCTION

The Li Plaintiffs' Third Amended Complaint [ECF 121 and 123] was filed without a corresponding motion to amend under Fed. R. Civ. P. 15(a) because counsel for the Li Plaintiffs' repeatedly represented to counsel and the Court that the Third Amended Complaint he intended to file would include a simple addition of a single plaintiff – a "caption change." A simple review of

the redlined version of the Third Amended Complaint [ECF 123] shows that the new pleading is anything but a simple caption change; it is instead a *completely* new pleading with new factual allegations, new causes of actions and new requested remedies. The CRC Entities will be unfairly prejudiced if the Li Plaintiffs are allowed to impose this entirely new pleading on Defendants – without at least obtaining proper permission from the Court to do so, following the Fed. R. Civ. P. 15 process. The CRC Entities specifically request that the Court strike the Li Plaintiffs Third Amended Complaint [ECF 121], with leave to file a motion to amend in the normal course.

## II. BACKGROUND

The Li Plaintiffs' Third Amended Complaint is, of course, their *fourth* attempt to state claims upon which relief can be granted. They filed their original Complaint [ECF 1] on August 28, 2019. On October 17, 2019 the Li Plaintiffs filed their First Amended Complaint [ECF 53], which they were permitted to file without leave of Court and as a matter of course under Fed. R. Civ. P. 15(a)(1)(A) within 21 days after serving Defendants. The Li Plaintiffs then filed a motion called "Plaintiffs' Motion to Add One Plaintiff (Cao Xiaolong) Under F.R.C.P. 20 – Strangely Opposed by Defendants' Counsel."[1] Over objection of other Defendants Solaris Property Owner, Solaris Property Owner I and Peter Knobel [ECF 78], Magistrate Judge Varholak granted the Li Plaintiffs' leave to file a Second Amended Complaint. [ECF 81], which the Li Plaintiffs did on November 18, 2019. [ECF 86].

On November 19, 2019, the Court granted a stipulated Motion to Consolidate [ECF 85], and consolidated the Li Plaintiffs' action (No. 19-cv-2443) with a related action filed by a group

---

[1] Undersigned counsel actually never opposed this motion, instead advising counsel for the Li Plaintiffs, in writing before the Li Plaintiffs filed this motion, "On behalf of my clients I do not object." [ECF 74].

2

known as the Cui Plaintiffs (No. 19-cv-2637). On November 29, 2019, counsel for the Li Plaintiffs emailed counsel for Defendants the following: "Does anyone object if I add another plaintiff, Wu Hsi Yi?" In that email discussion, counsel for the Li Plaintiffs asked whether the "amendment of one name in the caption of the case is an "amendment" that creates extra work" for Defendants' counsel. *See* Exhibit A. At that time, counsel for Defendants expressed concerns about the Li Plaintiffs' serial amendments and the issue of further amendments was shelved until a December 19, 2019 Scheduling Conference with Magistrate Judge Varholak.

During the December 19, 2019 Scheduling Conference counsel for the Li Plaintiffs discussed the issue of further amendments of the Li Plaintiffs' pleading. *See* Exhibit B, the full transcript of the December 19, 2019 Scheduling Conference. Counsel for the Li Plaintiffs at first advised Magistrate Judge Varholak that he had at least two more plaintiffs he wanted to add and basically asked if he could just add them by "amending the caption." *See* Exhibit B, page 5. Magistrate Varholak advised counsel for the Li Plaintiffs that an amended pleading is necessary in order to add parties. *See* Exhibit B, page 5. Having been expressly advised by counsel that the anticipated Third Amended Complaint would essentially be a simple addition of two plaintiffs through a caption amendment, Magistrate Varholak ordered the Li Plaintiffs to file their Third Amended Complaint by January 31, 2020 and gave Defendants until February 28, 2020 to file motions to dismiss. *See* Exhibit B, page 5-7.

Reasonably believing that the Third Amended Complaint would be essentially identical to the Second Amended Complaint (with the addition of two plaintiffs), undersigned counsel has spent weeks researching and preparing a motion to dismiss the Li Plaintiffs' anticipated Third Amended Complaint. On January 23, 2020, the Li Plaintiffs filed their actual Third Amended

3

Complaint. [ECF 121]. The redlined version shows that this is an entirely new pleading in almost every respect.

### III.    ARGUMENT

Had counsel for the Li Plaintiffs advised counsel for Defendants and Magistrate Judge Varholak during the Scheduling Conference of December 19, 2020 that he intended to file a substantively *different* pleading, Defendants would have urged Magistrate Judge Varholak to require a written Fed. R. Civ. P. 15 motion in support of this effort – at least so that Defendants and the Court could see the proposed amended pleading.

Although Fed. R. Civ. P. 15 provides that leave to amend should be freely given when justice is required, the Court should keep in mind that the Third Amended Complaint is the Li Plaintiffs *fourth* complaint in this case. And leave to amend is properly denied if there is "undue prejudice to the opponent by virtue of allowance of the amendment" or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Mintner v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

Typically motions for leave to amend must be made in writing. Fed. R. Civ. P. 7(b)(1)(A). Presumably, and understandably, Magistrate Varholak granted what was essentially a verbal motion to amend based on clear representations by counsel of the very limited nature of the proposed amendment.  In the normal course of a written Fed. R. Civ. P. 15 motion, the Li Plaintiffs would have been required to submit a redlined version of their proposed amended pleading and Defendants would have had an opportunity to oppose. D.C.COLO.LCivR 15.1(B).

To be clear, the CRC Entities would *not* have objected to the simple addition of two plaintiffs through the Li Plaintiffs' Third Amended Complaint.  The CRC Entities, however,

4

certainly would have objected had they known of the wholesale changes in pleading that are represented in the Third Amended Complaint for a variety of reasons.

First, the CRC Entities would have argued that permitting the Third Amended Complaint would cause great and unfair prejudice to the CRC entities. *Foman*, 371 U.S. at 182. The CRC entities have been diligently working on motion to dismiss for the last five weeks directed at the factual allegations and substantive claims of the Second Amended Complaint [ECF 86]. The Third Amended Complaint barely resembles the Second Amended Complaint, and counsel will now have to start that process over – while trying a two- week jury trial that begins on February 3, 2010 in the case captioned *M.G. Dyess, Inc. v. MarkWest Liberty Midstream & Resources, LLC,* Denver District Court, Case No. 2018cv34745 (the Honorable Michael J. Vallejos).

Second, the CRC Entities would have argued that the Third Amended Complaint appears to constitute bad faith on the part of the Li Plaintiffs. *Foman*, 371 U.S. at 182. Indeed, the entire pleading appears to be a reaction to the CRC Entities Response to the Li Plaintiffs' motion to disqualify undersigned counsel. [ECF 117]. Frankly, it appears that he Li Plaintiffs are, at this point, simply trying to plead into a conflict of interest for the CRC Entities' attorneys in an improper manner.

Third, the CRC Entities would have argued that the Third Amended Complaint is futile. *Foman*, 371. U.S. at 182.  For instance, the new claims, and in particular the new posture of the Li Plaintiffs' case clarifies that the Li Plaintiffs and their counsel appear to be pursuing direct and

4844-5128-2866.1

derivative claims simultaneously.[2] The CRC Entities are only beginning the process of evaluating these new causes of action and wish to fully develop their analysis through a response to a motion to amend.

Fourth, the CRC Entities would have argued that if the Court permits the filing of the dramatically different Third Amended Complaint, the Court should impose conditions on the right to amend instead of a complete grant or denial. *Mullin v. Balicki*, 875 F. 3d 140, 150 (3rd Cir. 2017). For example, a court is permitted to narrow the scope of an amendment if it is too broad. *Id.* And, under the unique background of this case, the CRC Entities contend that the Li Plaintiffs have caused the CRC Entities to incur tremendous and now apparently unnecessary legal fees directed toward drafting a motion to dismiss that is now moot.

In sum, the CRC Entities were deprived of the opportunity to oppose the Third Amended Complaint because they and Magistrate Judge Varholak were misled about the nature of the amendments. Clearly, Magistrate Varholak dispensed with the Fed. R. Civ. P. 15 because of what counsel for the Li Plaintiffs said in their verbal motion. The CRC Entities are not in this motion seeking to strike the Li Plaintiffs' Third Amendment for all time, but instead they ask the Court to strike the Li Plaintiffs' Third Amended Complaint now, without prejudice and with leave to properly seek relief under Fed. R. Civ. P. 15. This would permit the CRC Entities and other Defendants to directly address and fully develop a response raising the issues identified herein.

---

[2] In their apparent reply in support of a motion to disqualify undersigned counsel [ECF 125], the Li Plaintiffs insist that it is well settled that shareholders have the right to bring direct and derivative actions simultaneously, citing to *Sebnik v. Dean*, 2006 Westlaw 2457386 (D. Colo. August 22, 2006), attached hereto as Exhibit C. In *Srebnik*, the district court denied a motion to disqualify after finding that the derivative and direct claims were "equally contingent upon the proof of the same nucleus of facts." *Srebnik*, at * 2. The Court held that "at this stage of the proceeding there is only a potential conflict. Notably, the CRC Entities, unlike the Li Plaintiffs, have not filed a motion to disqualify – expressly because it is not clear that there is a "serious conflict" at this early stage of the litigation process.

## IV. CONCLUSION

The CRC Entities respectfully request that the Court strike the Third Amended Complaint. [ECF 121 and 123].

DATED: January 27, 2020.

                                                                                                                           */s/James D. Kilroy*  
James D. Kilroy  
Stephanie A. Kanan  
SNELL & WILMER L.L.P.  
1200 Seventeenth Street, Suite 1900  
Denver, Colorado 80202  
Telephone: 303.634.2000  
Facsimile: .303.634.2020  
Email: jkilroy@swlaw.com  
Email: skanan@swlaw.com  

***Counsel for Defendants Waveland Ventures, LLC, Colorado Regional Center Project Solaris, LLLP, Colorado Regional Center, LLC and Colorado Regional Center I, LLC***

7

4844-5128-2866.1

**CERTIFICATE OF SERVICE**

This is to certify that on January 27, 2020, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
David Maxted
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

/s/Amy Kovarsky
for Snell & Wilmer L.L.P.