# EXHIBIT B

1

```
 1            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLORADO
 2
      Case No. 19-cv-02443-RM-STV
 3    _____

 4    JUN LI, et al.,

 5         Plaintiffs,

 6    vs.

 7    COLORADO REGIONAL CENTER PROJECT SOLARIS, LLLP, et al.,

 8         Defendants.
      _____
 9

10           Proceedings before SCOTT T. VARHOLAK, United States

11    Magistrate Judge, United States District Court for the

12    District of Colorado, commencing at 2:09 p.m., December 19,

13    2019, in the United States Courthouse, Denver, Colorado.

14    _____

15           WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

16    ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .

17    _____

18                         APPEARANCES

19           DOUGLAS LITOWITZ, Attorney at Law, appearing for

20    the Plaintiffs.

21           JAMES D. KILROY, STEPHANIE KANAN, HAROLD HADDEN and

22    TY GEE, Attorneys at Law, appearing for the Defendants.

23    _____

24                RULE 16(b) SCHEDULING CONFERENCE

25
```

2

```
 1                    P R O C E E D I N G S
 2              (Whereupon, the within electronically recorded
 3   proceedings are herein transcribed, pursuant to order of
 4   counsel.)
 5              THE COURT:  This is 19-cv-2443, consolidated with
 6   19-cv-2637.  Can I have entries of appearance, please.
 7              MR. KILROY:  Your Honor, I'll go first.  James
 8   Kilroy and Stephanie Kanan.  We're here in the courtroom.  I
 9   think everybody else is on the phone.  We represent Waveland
10   Ventures, Colorado Regional Center, LLC, Colorado Regional
11   Center I, LLC and Colorado Regional Center Project Solaris,
12   LLLP.
13              THE COURT:  And good afternoon.  Do we have counsel
14   for plaintiff?
15              MR. LITOWITZ:  Yeah, Doug Litowitz for the lead
16   plaintiff.
17              THE COURT:  Okay.
18              MR. STEWART:  Good afternoon, Your Honor.  Brian
19   Stewart on behalf of the plaintiffs in the 2637 case.
20              THE COURT:  Okay.
21              MR. GEE:  Good afternoon, Your Honor.  This is Ty
22   Gee.  Also on the phone with us are Hal Haddon, David Maxted
23   and Ryan Smith.  We represent the defendants Solaris Property
24   Owner and Solaris Property Owner I, both with whom are
25   defendants in both cases, and we also represent Peter Knobel
```

3

1  individually who is (inaudible) the defendant only in the
2  (inaudible).
3          THE COURT:  Good afternoon.  So I have received two
4  scheduling orders, one for the 2443 case and one for the 2637
5  case.  I don't think it makes sense to keep -- to split these
6  two up.  They were consolidated for a reason and I think that
7  that reason still stands and they should be consolidated.
8  The issue --
9          MR. LITOWITZ:  Your Honor, I can't hear you.
10         THE COURT:  Okay.  I said that I have received two
11  different scheduling orders, one for the 2443 case and one
12  for the 2637 case, and I don't think it makes sense to go on
13  two tracks.  These were consolidated for a reason and I think
14  that that reason still applies, and so I don't think it makes
15  sense to have two separate scheduling orders entered.
16         It's my understanding that everybody agrees the
17  2637 case is currently stayed as a result of the filing in
18  that case.  If that's the case, then I think what makes the
19  most sense is to stay both matters until we have a ruling in
20  the 2637 case, set these for status a few months out, and
21  then once we have the ruling on the 2637 case, then enter a
22  scheduling order that moves this case forward, but let me
23  hear if there is any objections from anybody on that
24  approach.
25         MR. KILROY:  Your Honor, this is Jim Kilroy.  No

4

1  objection, but clarification.  Actually, no motions to
2  dismiss have yet been filed.  The defendants have asked for
3  extensions of time so we could discuss the timing of our
4  motions to dismiss in light of at least Mr. Litowitz'
5  interest I think in amending his pleading again.
6              THE COURT:  Okay.
7              MR. KILROY:  But with that --
8              THE COURT:  Once it's filed, it will be stayed.
9              MR. KILROY:  -- we're planning on motions to
10 dismiss in both cases.  I know Mr. Gee's clients are as well.
11             THE COURT:  Okay.  And that triggers the automatic
12 stay, at least in the 2637 case, but not the 2443 case?
13             MR. KILROY:  In both cases.
14             THE COURT:  In both cases?
15             MR. KILROY:  Yes.
16             THE COURT:  Let me ask Mr. Litowitz, are you
17 planning on filing amended complaints?
18             MR. LITOWITZ:  I have a bit of an issue with that.
19 That's why I wanted to talk to you about today.  I have more
20 plaintiffs lined up and I wanted to ask the Court if they
21 thought it made sense for me to keep amending just to add
22 plaintiffs or whether I should just move it in for
23 (inaudible).
24             THE COURT:  I think you need to amend in order to
25 add parties.  When do you intend to be done adding parties?

5

1      MR. LITOWITZ:  Well, they keep calling me.  I have
2  at least two more and then I've got a group of Koreans that
3  want -- that may want to come in, so I don't know.  I have at
4  least two that want to come in now, but every time I amend a
5  complaint, if I just add a party, I don't know if that's an
6  amendment or not.  Nothing substantive was amended last time
7  except the name of the one party.
8      THE COURT:  But I don't know how you're going to
9  add parties without amending a complaint.
10     MR. LITOWITZ:  Well, I'm just amending the caption.
11     THE COURT:  Well, not necessarily, because you're
12 adding a party to it and that party has a claim, a separate
13 claim.
14     MR. LITOWITZ:  Then maybe I should just do a class
15 action claim.
16     THE COURT:  What's that?  You broke up.
17     MR. LITOWITZ:  Maybe I should just do a class
18 action complaint, because we're going to get above 40 between
19 the two groups.
20     THE COURT:  Well, that brings me to my question of
21 when can you get a final complaint so that we can move this
22 case forward filed with whoever you want involved on the
23 plaintiff's side of things?
24     MR. LITOWITZ:  I guess I could do it by -- by, I
25 don't know, end of January, mid-January.

6

```
 1              THE COURT:  Any objection to setting a deadline for
 2     amended pleadings of January 31?
 3              MR. KILROY:  I do, Your Honor.  I don't have a
 4     complaint about having some kind of bar date, but it seems
 5     like January -- you know, our clients on the defense side do
 6     at least want to get the dispositive motions rolling January
 7     15.  It sounds more reasonable in light of the fact that
 8     Mr. Litowitz at our preliminary injunction hearing said he
 9     would be amending the next day to add 50 new plaintiffs.  I
10     mean, it shouldn't take this long.
11              THE COURT:  Well, except that you have -- except
12     that you have people throughout -- I mean, they're not all in
13     one place.  We have them sort of spread about and it sounds
14     like they're contacting him as opposed to him contacting
15     them.
16              MR. KILROY:  The concept is fine to my clients in
17     terms of --
18              THE COURT:  Here is what I'm going to do.  I'm
19     going to set a deadline to amend pleadings -- to amend the
20     complaint because we don't have a responsive pleading yet.
21     Deadline to amend the complaint of January 31, 2020.
22              How long will the defendants need in order to
23     respond to file responsive pleading?
24              MR. KILROY:  If it -- if it's truly just adding
25     plaintiffs --
```

7

```
 1              MR. GEE:  On behalf of the SPO defendants and
 2    Mr. Knobel, we ask for 21 days.
 3              MR. KILROY:  And that's fine.
 4              THE COURT:  Okay.  Then what I'm going to do, I'm
 5    going to set the deadline to amend pleadings of January --
 6    amend the complaint of January 31, 2020.  Answers to that or
 7    other responsive pleadings are due February 21.  I'm going to
 8    stay any response to the current pleading because -- with the
 9    understanding that it's going to be amended at least once
10    more.
11              And then --
12              MR. LITOWITZ:  Your Honor?
13              THE COURT:  Yes.
14              MR. LITOWITZ:  I'm sorry.  Since I'll be out of --
15    I'll be overseas, you can give them until February 28.  I'm
16    happy to give them an extra week to respond.
17              THE COURT:  That's fine if you all want the extra
18    week, okay.  Then I'll set -- I'll set the deadline for
19    responsive pleadings of February 28, 2020, and then if that
20    responsive pleading is a motion to dismiss, which we're
21    anticipating it will be, then the briefing schedule is set by
22    our local rules.  It's essentially 21 and 14 after that.
23              That would put briefing completed by about April 3,
24    2020.  Realistically, I doubt that Judge Moore would rule on
25    that and that's going to automatically stay things.  I doubt
```

8

```
 1   seriously that you'll get a ruling within -- I mean, three
 2   months would be incredibly fast, and if it's referred, which
 3   it may be, then it's -- I mean, it's probably going to be six
 4   months because I have to issue a recommendation, and then if
 5   there are any objections to it, then there needs to be a
 6   response to that objection and then Judge Moore needs to
 7   address it de novo review.
 8              So I'm looking, are the parties available for a
 9   status hearing are August 20 of 2020 at 9:30 a.m.?
10              MR. STEWART:  My response to it on behalf of the
11   (inaudible) plaintiffs, Your Honor, we are available.  9 a.m.
12   on the 20th, correct?
13              THE COURT:  9:30 on the 20th of August, correct.
14              MR. KILROY:  That works for the CRC defendants too.
15              THE COURT:  Okay.
16              MR. LITOWITZ:  That's fine.
17              MR. GEE:  On behalf of SPO defendants, that's fine,
18   Your Honor.
19              THE COURT:  Okay.  Then what we're going to do is
20   we'll have a status at that point.  One of three things will
21   happen on that day.  If the motion to dismiss has been
22   decided and it has been granted such that this is dismissed
23   in its entirety, assuming that dismissal is with prejudice,
24   then that date will simply go away because the case will be
25   closed.  If the motion to dismiss has been decided and
```

9

1  denied, on that August 8 let's look for setting it for
2  scheduling conference.  And again, I want one scheduling
3  order for both cases together.
4           If the motion to dismiss is not decided yet, I'll
5  do one of two things.  I'll either just vacate that status
6  date a week before or so and set it for a new status date or
7  we'll have that status date, you all can appear
8  telephonically and I'll set a new date out, you know, at some
9  point after hopefully when the motion to dismiss is decided.
10 I just don't know, it only will be ripe for about four months
11 then.
12          Typically in this district a motion to dismiss
13 takes I think about six months to be decided and it's longer
14 if it's referred for recommendation first.  So I'm not overly
15 optimistic that we'll have a ruling by August 20, but -- but
16 maybe we will, okay.
17          All right.  Is there anything further that we can
18 do here today?
19          MR. LITOWITZ:  I have a couple issues.
20          THE COURT:  Okay.
21          MR. LITOWITZ:  Your Honor.
22          THE COURT:  Okay.
23          MR. LITOWITZ:  Doug Litowitz, Your Honor.
24          THE COURT:  Okay.
25          MR. LITOWITZ:  Two issues.  One is, is there -- is

10

1  there a stay on discovery pending this because we would like
2  to conduct some discovery.  Different courts have different
3  views on that.
4          THE COURT:  My understanding was it was
5  automatically stayed.  Once the motion to dismiss is filed,
6  it would be automatically stayed by statute.
7          MR. STEWART:  Your Honor, this is Ryan Stewart.
8  Because I've been a little confused.  I represent the
9  plaintiffs in the Qui (ph) matter and everyone keeps saying
10 that the automatic stay is in the Qui matter and there has
11 been no responsive pleading or anything filed by any of the
12 defendants, and I'm unaware of a discovery stay.  I don't
13 have an objection to it, but that's a huge coming up, and I
14 actually haven't really even started (inaudible) complaint
15 filed and no one has accepted service and no one has filed
16 anything, so I don't know how we got an automatic stay in
17 place.
18         THE COURT:  What -- what everybody is saying is
19 they haven't filed their motion to dismiss yet because the
20 complaint keeps being amended to add new plaintiffs.  And so
21 we stayed their response until we could have this hearing to
22 set a deadline for final amendment of the complaint.  That
23 has now been set.
24         Once -- what they are anticipating is filing a
25 motion to dismiss that will trigger the automatic stay

11

1  provision.

2         So while that provision has not been stayed -- has

3  not been triggered yet, we also haven't had a scheduling

4  conference yet so we haven't -- it's typically the scheduling

5  conference that begins the discovery, but we haven't had that

6  yet because we're anticipating the motion to dismiss that

7  will trigger the statutory stay.

8         MR. STEWART:  And that's fine.  My only question

9  was everyone keeps saying that there is an order for an

10 automatic stay and I -- you know, when we haven't had a

11 scheduling conference and no one has appeared, I haven't seen

12 that order.  I don't have an objection to there being an

13 automatic stay myself.  I know that Mr. Litowitz does.  I'm

14 just trying to get a handle on the why because everyone is

15 saying the stay is in my case.  It sounds like it's in the

16 2443 case.  I'm just trying to keep track of what's going on

17 here.

18        THE COURT:  No stay has been entered yet, although

19 I intend to enter it with today's minute order.

20        MR. LITOWITZ:  On what ground?

21        THE COURT:  On the grounds that we haven't had a

22 scheduling conference yet and as soon as the motion to

23 dismiss is filed, a statutory stay is going to be entered.

24 Does anybody dispute --

25        MR. LITOWITZ:  Under what statute?

12

```
1              THE COURT:  Does anybody dispute that?
2              MR. LITOWITZ:  I do.
3              THE COURT:  Okay.  You want to explain why.
4              MR. LITOWITZ:  Well, what rule does it say there is
5    an automatic mastic -- that the Court is stuck with?  Is it
6    Rule 12?
7              THE COURT:  No.  It is -- I just need to find it
8    now.
9              MR. LITOWITZ:  I'm just (inaudible) questioning
10   this.
11             THE COURT:  Go ahead.
12             MR. KILROY:  It's 15 U.S.C. Section 78U.
13             MR. LITOWITZ:  15 what?
14             THE COURT:  U.S.C. 78U.
15             MR. LITOWITZ:  78B?
16             THE COURT:  78.
17             MR. LITOWITZ:  Is it CSLRA?
18             THE COURT:  I couldn't hear what you said.
19             MR. LITOWITZ:  CSLRA.  CSLRA makes an automatic
20   stay for the -- for the securities claims, but not for the
21   other claims.  You know, we had claims for fraud, breach of
22   contract and the like.  Are those stayed too?
23             THE COURT:  I don't see any point in having
24   discovery commence on certain claims, but not on other
25   claims, because it's the same witnesses who are going to --
```

13

1      MR. LITOWITZ:  Why not?
2      THE COURT:  Because it's the same witnesses who are
3  going to be deposed who have the information on the
4  securities claim as they have on the fraud and the other
5  claims, and so I don't think it makes any sense to go through
6  two separate rounds of briefing on this -- or excuse me,
7  discovery on this.
8      UNIDENTIFIED SPEAKER:  Okay, I see your point, but
9  my only concern is that this is all a long way off.
10     MR. LITOWITZ:  That kind of gets to my second
11 point, which is my agenda item.
12     THE COURT:  Your what item?
13     MR. LITOWITZ:  I filed some agenda item.
14     THE COURT:  Which -- I don't think I saw that
15 coming in here?  Which -- what is the item?
16     MR. LITOWITZ:  Well, Item 1 is why is it that if --
17 if the defendants are saying that, telling my clients that
18 the property is worth 73 million and the debt is 78 million,
19 why don't they just refinance the loan and pay it out and
20 then we're done?
21     THE COURT:  That's not an issue before me today.
22 That's not an issue before me.
23     MR. LITOWITZ:  Well, why can't it be before you?
24     THE COURT:  On what -- what are you asking me to
25 do, order me to pay out the loan?  On what grounds?

14

```
 1            MR. LITOWITZ:  On the grounds that you told us you
 2   wanted this case to settle and I'm giving you a way to do it.
 3            THE COURT:  I have absolutely no authority and
 4   certainly not in the referral role, since it's no longer with
 5   me on consent, to order the defendants to take on additional
 6   debt in order to pay out the loan.  I have no authority to do
 7   that.
 8            MR. LITOWITZ:  I'm not -- I'm not asking you to
 9   order it.  I'm asking you to raise it for discussion.
10            THE COURT:  Well, if you all want to try to engage
11   in settlement, I am happy to help with that through a
12   settlement conference.  I need -- you would need to file a
13   motion with Judge Moore and Judge Moore would need to refer
14   it, and you need to check our local rules for the
15   requirements in order to have it done by me as opposed to an
16   outside mediator, but I'm not having settlement discussions
17   in what was set for a half hour scheduling conference,
18   especially since I have a 2:30 with counsel in the courtroom
19   right now awaiting it.  Is there anything --
20            MR. LITOWITZ:  (Inaudible) settle this thing.
21            THE COURT:  Is there anything further from either
22   party?
23            MR. LITOWITZ:  All right.  My second agenda item --
24   well, it's pretty similar.  I'm trying to figure out a
25   solution to this, rather than push it through to August, you
```

15

```
 1   know, someone could die by then.
 2           MR. STEWART:  Your Honor, this is Mr. Stewart.  My
 3   I ask question of the defendants, does anyone object to an
 4   early settlement conference?
 5           MR. KILROY:  From CRC defendant standpoint, we
 6   think --
 7           MR. GEE:  This is Ty Gee on behalf of the SPO
 8   defendants and Peter Knobel.  I might not -- I might not
 9   object to an early settlement conference, but I would need to
10   know what is the final complaint?  I have to see a complaint
11   from the lead plaintiff, and relatedly, Your Honor, this is
12   an issue I wanted to raise.  If the Court sets a January 31
13   deadline for amendment of pleading, I'm -- if that's a hard
14   deadline for the amendment of pleadings or whether there is a
15   request to add another plaintiff, let's say, on February 15
16   that that request is untimely.
17           THE COURT:  Well, that is the deadline for
18   amendment of complaint.  To amend the complaint after that,
19   they would need to demonstrate good cause, and I can't rule
20   here today in a vacuum as to whether or not they can
21   demonstrate good cause on some hypothetical attempt to add a
22   new plaintiff in February or March.
23           MR. GEE:  Thank you, Your Honor.
24           MR. KILROY:  From my standpoint, Your Honor, on the
25   question about settlement conference, the lawyers should talk
```

16

```
 1   about that like we always do in a conferral and then somebody
 2   will file a motion.  I do have one clarification question.
 3              THE COURT:  Sure.
 4              MR. KILROY:  I think we've been focused on
 5   Mr. Litowitz' pleading, and I understand that the schedule he
 6   has now to amend.  Are we on the same schedule for both
 7   complaints?
 8              THE COURT:  Yes, yes.  That applies -- from here on
 9   out until these cases become unconsolidated, all deadlines
10   that I give are deadlines in both consolidated cases.
11              MR. KILROY:  So even if Mr. Stewart doesn't amend,
12   we have to the end of February?
13              THE COURT:  That's correct, correct.
14              MR. STEWART:  And, gentlemen, nothing is ever 100
15   percent, but I have no intention of amending the complaint
16   unless I find out additional information during discovery,
17   which clearly I'm not going to find out before the 31st.  So
18   that's where we're going to see an amendment -- another
19   amended complaint from my office.  Nothing is ever written in
20   stone, but I --
21              THE COURT:  Again, that goes back to the good cause
22   standard, which the Tenth Circuit has held that the discovery
23   of new information through the discovery process that could
24   not have been discovered earlier is good cause.
25              On the other hand --
```

17

```
 1          MR. STEWART:  But then --
 2          THE COURT:  -- (inaudible) of a new theory that
 3   you -- that you had the facts on before is not good cause,
 4   but we'll take that up when we get there.
 5          MR. STEWART:  I understand, Your Honor.
 6          THE COURT:  All right.  We'll be in recess then,
 7   thank you
 8          (Whereupon, the within hearing was then in
 9   conclusion at 2:32 p.m.)
10
11
12                   TRANSCRIBER'S CERTIFICATION
13   I certify that the foregoing is a correct transcript to the
14   best of my ability to hear and understand the audio recording
15   and based on the quality of the audio recording from the
16   above-entitled matter.
17
18   /s/ Dyann Labo                        January 14, 2020
19   Signature of Transcriber              Date
20
21
22
23
24
25
```

PATTERSON TRANSCRIPTION COMPANY
scheduling@pattersontranscription.com