# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

JUN LI, QI QIN, JIE YANG, et al., individually and derivatively for defendant COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

                Plaintiffs,

                              Hon. Judge Raymond Moore

        v.                              Hon. Magistrate Scott Varholak

WAVELAND VENTURES LLC,
COLORADO REGIONAL CENTER
PROJECT SOLARIS LLLP, COLORADO
REGIONAL CENTER I LLC, et al.,

                Defendants.

## Rule 59(e) Motion to Amend Judgment due to Breach of Local Rules, Response to Motion to Strike, and Motion for Amended Compliant under Rule 15(a)(2)

**This Court Violated its Own Rules**

By issuing an overnight *ex parte* order, based on *ex parte* briefing that failed to cite the controlling rule under which it was filed, this Court has violated its own Local Rules:

> Excluding motions filed under Fed. R. Civ. Pro. 65, a motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority in the motion. The responding party shall have 21 days after the date of service of a motion, or such lesser or greater time as the court may allow, in which to file a response.

D.C. COLO. L. Civ. Rule 7.1(d).

1

The Motion to Strike was assigned to Magistrate Judge Varholak on January 27 at 3:50pm Mountain Time and it was granted on January 28 at 8:40am (See ECF Docket Numbers 128 and 130).  The Motion was heard on *ex parte* briefing and decided *ex parte* without giving the respondents an opportunity to be heard.

In violation of Local Rule 7.1, the Motion to Strike did not state which rule or statute it was filed under.  In fact, the Plaintiffs had to guess that it was a Rule 12(f) motion, but no authority was cited in the Motion to Strike itself.  Citation of a controlling rule is *mandatory*, and this failure is fatal.

In further violation of Local Rule 7.1, the responding party did not get 21 days to respond, nor did the Magistrate Judge set a briefing schedule expanding or contracting this response period, as required by the letter of the Local Rule.  The Magistrate Judge did not even bother to hear opposing counsel whatsoever.  This was the definition of a rush to judgment in which the Court violated its own rules and ignored the basic tenets of the adversary system.

*Ex parte* motions - and *ex parte* decisions - are disfavored except in special situations such as criminal cases, fleeing defendants or freezing assets. *Ayestas v. Davis,* 138 S. Ct. 1080, 1091 (2018)("In our adversary system, *ex parte* motions are disfavored").  That is highest court in the federal system saying that what Judge Varholak just did - hearing and granting a motion *ex parte* - is disfavored.  Not only the United States Supreme Court, but courts in this very District say that Motions to Strike are not only *disfavored*, but reserved for the "rarest of circumstances." *Gibson v. Campbell*, 2010 WL 11618835 *1 (March 12, 2010 D. Colo.).  This lawsuit is a garden variety civil suit, hardly the "rarest of circumstances."

Fed. R. Civ. Pro. 59(e) allows a court to alter or amend its judgement based on error or mistake. Here, the failure to follow the Local Rules and the failure to hear opposing counsel is a glaring error and a mistake. Plaintiffs hereby offer their opposition to the Motion to Strike, and alternatively, submit their Third Amended Complaint under Rule 15(a)(2).

## MOTION TO STRIKE

**Motions to Strike Are Disfavored**

The Defendants' Motion to Strike violates Local Rule 7.1(d) because it does not cite the Federal Rule of Civil Procedure under which it is brought. Since the only Rule that deals explicitly with motions to strike is Rule 12(f), presumably that must be the Rule they are invoking. However, motions to strike under Rule 12(f) are highly disfavored because they are a drastic remedy often used as a dilatory tactic to waste the court's time. *Sierra Club v. Tri-State Generation and Transmission Assoc., Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997)("Rule 12(f) motions, however, are a generally disfavored, drastic remedy"); *Martinez v. Naranjo*, 328 F.R.D. 581, 591 (D.N.M. 2018), citing 5C Wright & Miller, Federal Practice & Procedure §1382, at 433-36 (3d. ed. 2004)(federal courts see motions to strike as "time wasters" that "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy.") Motions to strike are within the discretion of the court but should only be granted "under the rarest of circumstances" and "the burden of proof is a heavy one." *Gibson v. Campbell*, 2010 WL 11618835 *1 (March 12, 2010 D. Colo.). The Defendants have not met this burden. This is not "the rarest of circumstances" - it is a commercial litigation dispute in which both sides knew six weeks in advance that an amended complaint would be filed, and the other side has an entire month to respond.

**The Court Ordered an Amended Complaint, so There is No Need for a Rule 15 Hearing**

Fed. R. Civ. Pro. 15(a)(2) provides that a party may amend its pleadings by leave of court, which is what happened here.  Nothing in the Rule requires a court to hold a second, contested hearing after leave to amend has already been granted.  Here is the entire Courtroom Minutes and Minute Order:

> **COURTROOM MINUTES/MINUTE ORDER**
>
> **HEARING: RULE 16(b) SCHEDULING CONFERENCE**
> **Court in session: 2:09 p.m.**
> **Court calls case. Appearance of counsel.**
>
> **The Court shares with the parties his thoughts regarding**
> **entering one Scheduling Order for this case and**
> **Consolidated case 19-cv-2637-RM-STV.**
>
> **Discussion regarding the filing of an Amended Complaint.**
> **Arguments by counsel.  For the reasons stated on the record,**
> **it is ORDERED:**
>
> **Deadline to Amend the Complaint is January 31, 2020.**
> **Answers or any other Responsive Pleadings are due on or**
> **before February 28, 2020.**

The Court Order did not limit the size, scope, or nature of the amended complaints. The Court Order did not incorporate any statements of any parties nor hold them to any conditions. The Court Order set no requirement that the amended complaints take the same form as the previously filed complaints.  The Court did not say that a secondary hearing on Rule 15 would be required if the amended complaint hit a certain size or format.  To rewrite these limitations into the Order above is to impose an *ex post facto* requirement on the Plaintiffs.

4

Although the Third Amended Complaint is edited for content, it doesn't add new parties and it contains only a few changes from the Second Amended Complaint, two of which are cosmetic and one that is substantive. *Cosmetically*, it beefs up the factual allegations by incorporating supplemental material from the transcript of a court hearing before Judge Varholak, and it clarifies which causes of action are derivative and which are direct (and which will raise piercing of the corporate veil at a later date). *Substantively*, it removes two claims for breach of securities laws (failure to register as an investment company, and failure to use registered broker-dealers) and adds two State claims (for civil theft and removal of the general partner). Otherwise, it is the same as the Second Amended Complaint: it still alleges securities fraud, general fraud, breach of fiduciary duty, a claim to title of the condominium units, and breach of contract. The facts have not changed in any material way.

The Motion to Strike - and this Court's latest order - make the circular argument that Plaintiffs must get a new court order authorizing the filing of an amended complaint to comply with the existing court order which allows it to file an amended complaint. That has no support in the language of Rule 15 itself, which nowhere requires a contested hearing secondary to an existing order granting leave to amend. Further, it is busywork that takes this Court from the merits of this lawsuit and the fact that $40,000,000 has been taken from the investors.

The Motion to Strike is devoted to the counterfactual supposition - *based on events that did not occur* - that if the Court had not made the December 19th Order instructing the Plaintiffs to file an amended complaint, then the Plaintiffs *would have* been required to bring a Rule 15 motion to amend, in which case the Defendants *would have* made certain arguments:

5

> Had counsel for the Li Plaintiffs advised counsel for Defendants and Magistrate Judge Varholak during the Scheduling Conference of December 19, 2020 that he intended to file a substantively *different* pleading, Defendants would have urged Magistrate Judge Varholak to require a written Fed. R. Civ. P. 15 motion in support of this effort – at least so that Defendants and the Court could see the proposed amended pleading.  [Motion to Strike at p. 4]

But this assumes that a plaintiff's lawyer can know in mid-December precisely what he will file at the end of January.  There was no harm in the Defendants simply waiting for the amended complaint and then taking a month to respond.

Plaintiffs are not bound by the discussion preceding the Order.  The transcript shows a wide-ranging discussion, and Litowitz talks about the possibly of filing a class action, or adding or subtracting parties, and a range of different possibilities.  At no point did the Court stop the conversation to place restrictions on what could be filed as an amended complaint.  At no point did the Judge say that certain amendments would trigger a Rule 15 hearing.  In fact, the Judge said precisely the opposite: that *after* the next amended complaint was filed (that is, after January 31st), it could thereafter be amended only for good cause.  See Motion to Strike, Exhibit 2 at transcript p. 15, line 18: "THE COURT: Well, that [January 31, 2020] is the deadline for amendment of complaint.  To amend the complaint after that, they would need to demonstrate good cause . . ." In other words, the good cause requirement kicks in *after* the amended complaint is filed, but there is no good cause requirement for the court to accept the amended complaint in the first place.

For the above reasons, this Court made a mistake in striking the Third Amended Complaint since their action was contrary to Local Rule 7.1 and violates precedents from the Supreme Court all the way down to this District.

## MOTION TO AMEND UNDER RULE 15(a)(2)

Rule 15(a)(2) permits the filing of an amended pleading by leave of court. As stated above, Plaintiffs were under the unmistakable impression that they had obtained this leave of court by the Order of December 19, 2019. However, since this is apparently not the case, Plaintiffs still have the right to submit the Third Amended Complaint under Rule 15(a)(2).

The starting point is the language of 15(a)(2) itself, which says that leave to amend should be given freely in the interests of justice. Here, $40,000,000 has gone missing from the investors into the pockets of the Defendants; that qualifies as "the interest of justice" to allow an amended complaint.

According to the Tenth Circuit, the purpose of Rule 15 generally is to allow a pleading to be amended as the facts develop, not to shoehorn the pleadings to formal limitations: "Rule 15 was promulgated to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir.1982), citing Wright & Miller, *Federal Practice Procedure* §1471, at 359 (1971). Here, the Third Amended Complaint fleshes out the facts and conforms the claims to these facts, precisely the purpose of Rule 15.

As pointed out in *Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006), the Tenth Circuit is further bound by the Supreme Court ruling in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227 (1962), which held that a plaintiff ought to be afforded the opportunity to test all of his claims on the merits and should be permitted to amend his complaint to do so. Here, the

7

Defendants knew that an amended complaint was coming down the pike by the end of January and that they would have a full month to respond. If - as it appears here - Defendants took it upon themselves to prepare a response to the Third Amended Complaint without even seeing it and without any assurance that it would be identical to previous complaints, then that is their own choice and their own consequence. They now have a month to file an answer or otherwise plead, which is plenty of time and does not impose any serious hardship or injury.

The Plaintiffs fear - ominously - that the purpose of the Motion to Strike is to force the Plaintiffs to file an entirely new lawsuit, thereby letting the Defendants make a bid for legal fees for *this* lawsuit. That is an ignoble and disreputable motive. This cuts against the 1963 advisory comment to Rule 15(d) which states a liberal policy of allowing supplemental material and new claims to avoid the absurd result of forcing the Plaintiffs to refile an entire case over again:

> Thus plaintiffs have sometimes been needlessly remitted to the difficulties of commencing a new action even though events occurring after the commencement of the original action have made clear the right to relief.

The Court should investigate whether the Motion to Strike is merely a gimmick to seek legal fees from the Plaintiffs.

As a final point, Plaintiffs urge this Court to have some tiny shred of perspective. $40,000,000 of investor money has been lost through the hands of the Defendants. That is why we are here. This case should not be turned into some medieval common law quest for the proper form of writ to be submitted to a judge in a powdered wig: the Federal Rules of Civil Procedure at Rule 8 provide that no technical form of pleading is required, because form should not take precedence over substance. Rule 18 allows joinder of disparate claims, allowing liberality of

8

pleading. The Federal Rules are intended to allow amendment of the pleadings as the case moves forward, and this is entirely normal.

**Conclusion**

In conclusion, the Motion to Strike should be denied since it is not based on any clear Rule of Civil Procedure; it cannot satisfy its heavy burden of proof; it can be granted only in the rarest of cases; and a court already allowed an amendment to the complaint, which is *res judicata*. This means that the Third Amended Complaint should be accepted as filed.

Alternatively, if this Court insists on a freestanding Rule 15(a)(2) motion, then Plaintiffs have reattached the redline of their Third Amended Complaint for approval, and remind this Court that Rule 15 provides that leave should be granted freely in the interests of justice.

Dated: January 28, 2020

Respectfully Submitted,
/s/ Douglas Litowitz
Douglas Litowitz
413 Locust Place
Deerfield, IL 60015
Tel. (312) 622-2848
Email: litowitz@gmail.com

Attorney for the Li Plaintiffs

**Certificate of Service**

9

I certify that the foregoing Application was served on all counsels of record by submitting the same through the ECF system for this District.

/s/ Douglas Litowitz
Douglas Litowitz
413 Locust Place
Deerfield, IL 60015
Tel. (312) 622-2848
Email: litowitz@gmail.com
Attorney for the Li Plaintiffs