Litowitz, Douglas 1/27/2020
For Educational Use Only

**Gibson v. Campbell, Not Reported in Fed. Supp. (2010)**

2010 WL 11618835
Only the Westlaw citation is currently available.
United States District Court, D. Colorado.

Wellman E. GIBSON, Plaintiff,
v.
Anna Marie CAMPBELL, C. Holst, AIC, Shirley Steinbeck, Marshall Griffith, Lt. Steinbeck, and Doctor Assen, Defendants.

Civil Action No. 09-cv-00983-WYD-KLM
|
Signed 03/12/2010

**Attorneys and Law Firms**

Wellman E. Gibson, Canon City, CO, pro se.

Elisabeth L. Owen, Levin Sitcoff PC, Timothy M. Garvey, McDermott Law, LLC, Denver, CO, for Plaintiff.

Christopher Wayne Alber, Colorado Attorney General's Office, Denver, CO, for Defendants.

**MINUTE ORDER**

Kristen L. Mix, U.S. Magistrate Judge

*1 This matter is before the Court on Plaintiff's **Motion to Strike** Defendants [sic] Motion to Dismiss [Docket No. 95; Filed February 18, 2010] (the "Motion"). Defendants have filed a response [Docket No. 99; Filed March 10, 2010], and the Court will now take up the Motion.

Plaintiff requests that the Court strike Defendants' Motion to Dismiss [Docket No. 85]. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). **Motions** to **strike** are **disfavored** and will only be granted under the rarest of circumstances. *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997). Therefore, the moving party's "burden of proof is a heavy one." *Holzberlein v. OM Fin. Life Ins. Co.*, 08-cv-02053-LTB, 2008 WL 5381503, at *1 (D. Colo. Dec. 22, 2008). Moreover, regardless of whether the moving party has met his burden to prove that allegations contained in a pleading violate Rule 12(f), discretion remains with the Court to grant or deny the motion. *See* Fed.R.Civ.P. 12(f) (denoting only that allegations which are subject to Rule 12(f) "may" be stricken).

Plaintiff requests that the Court strike the Motion to Dismiss because it is "scandalous." A motion may be "scandalous" when it contains allegations that "degrade [the opposing party's] moral character, contain repulsive language, or detract from the dignity of the court." *Sierra Club*, 173 F.R.D. at 285. Defendants' Motion to Dismiss does not contain allegations that are "scandalous."

Plaintiff argues that the Motion to Dismiss should be stricken because counsel cited cases that have been superseded by statute. This argument is specious. The Court does not strike pleadings because an opposing party asserts that the law cited therein is incorrect. That's what a response is for. Plaintiff may distinguish his case from the cases cited by counsel in his Response to the Motion to Dismiss.

Plaintiff also argues that the Motion to Dismiss presents defenses that are inappropriate and not properly supported. This argument is also specious, for the reason provided above. Plaintiff may raise his arguments against those defenses in his Response to the Motion to Dismiss.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**. Plaintiff's Response to the Motion to Dismiss remains due on or before March 17, 2010.

**All Citations**

Not Reported in Fed. Supp., 2010 WL 11618835

---