## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443-RM-STV

Li, *et al*.,

    Plaintiffs,

v.

Waveland Ventures, LLC, *et al*.,

    Defendants.

---

### DEFENDANT COLORADO REGIONAL CENTER PROJECT SOLARIS, LLLP'S MOTION FOR FORTHWITH HEARING RE: PETITION FOR ORDER TO SHOW CAUSE PURSUANT TO C.R.S. § 38-35-204 [ECF 115]

---

Defendant Colorado Regional Center Project Solaris, LLLP ("CRCPS"), by and through undersigned counsel, hereby submits this Motion for Forthwith Hearing Re: Petition for Order to Show Cause Pursuant to C.R.S. § 38-35-204 [ECF 115], stating as follows:

### CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCivR 7.1 (a)

Undersigned counsel has conferred with counsel for the Cui Plaintiffs regarding the subject matter of this motion. The Cui Plaintiffs intend to oppose this motion.

### CERTIFICATE OF COMPLIANCE WITH THE COURT'S PRACTICE STANDARD (Civil) IV.I.

Undersigned counsel has conferred with counsel, as stated above, and the Cui Plaintiffs oppose this request to hold a forthwith hearing on CRCPS' Petition for Order to Show Cause Pursuant to C.R.S. § 38-35-204 [ECF 115]. Upon filing this Motion, undersigned counsel's office will advise Chambers of the filing, pursuant to the Court's Practice Standard (Civil) IV.I.1

## BACKGROUND

The Cui Plaintiffs are a group of investors in a limited liability limited partnership, CRCPS. Plaintiffs generally complain that CRCPS' general partner is not making, and has not made, sufficient efforts to sell 17 luxury condominium units in The Residences at Solaris-Vail, in Vail Colorado. [ECF 21 of 19-cv-2637 (before consolidation), page 2]. The Cui Plaintiffs apparently claim to want CRCPS to sell the 17 units (the Solaris Units), and then pay the Cui Plaintiffs and the other limited partners their pro rata shares of the proceeds of the sales.

This is a consolidated case. Before consolidation, the Li Plaintiffs filed a lis pendens on the Solaris Units [ECF 16] and then sought to enjoin CRCPS from a specific bulk sale of the Solaris Units for $49.5 million. [ECF 32].[1] After an evidentiary hearing, Magistrate Judge Varholak denied the Li Plaintiffs' motion to enjoin the bulk sale. [ECF 59]. Magistrate Judge Varholak also granted CRCPS' Petition for Order to Show Cause Pursuant to C.R.S. § 38-35-204, extinguishing the lis pendens filed by the Li Plaintiffs. [ECF 59 and 68]. The Li Plaintiffs then agreed to not refile the lis pendens on the Solaris Units in exchange for CRCPS' waiver of its right to statutory attorneys' fees under C.R.S. § 38-35-204.

Immediately thereafter, and before this case became consolidated, the Cui Plaintiffs filed a new lis pendens on the Solaris Units. [ECF 28 of 19-cv-2637]. The prospective bulk sale buyer on the $49.5 million sale then backed out of the bulk sale, specifically citing the Cui Plaintiffs' lis pendens. In recent weeks, CRCPS has developed another specific opportunity – this time to sell a single unit of the Solaris Units. But the Cui Plaintiffs' lis pendens is obstructing this opportunity

---

[1] For ease of reference, the plaintiffs in the first filed case, 19-cv-2443 are referred to as the "Li Plaintiffs," and the plaintiffs in the second filed case, 19-cv-2637, are referred to as the "Cui Plaintiffs."

as well, and CRCPS will not be able to sell this single unit, or any of the Solaris Units, until the cloud created by the Cui Plaintiffs' lis pendens is cleared.

In sum, Plaintiffs – first the Li Plaintiffs and now the Cui Plaintiffs – have used the lis pendens process to obtain what is an effect a prejudgment attachment of all of CRCPS's property, in a clear effort to obtain preferential treatment over the other limited partners in CRCPS.

## ARGUMENT

An immediate and forthwith hearing is warranted under the circumstances described above. The Cui Plaintiffs have already killed a $49.5 million opportunity that would have been in the best interest of CRCPS, and all of its limited partners, including the Cui Plaintiffs themselves.

Independent of the obvious immediacy of the current situation, C.R.S. § 38-35-204 *requires* a forthwith process. C.R.S. § 38-35-204(1) provides as follows:

> (1) Any person whose real or personal property is affected by a record or filed lien or document that the person believes is a spurious lien or spurious document may petition the district court in the county or city and county in which the lien or document was recorded or filed or the federal district in Colorado for an order to show cause why the lien or document should not be declared invalid. The petition shall set forth a concise statement of the facts upon which the petition is based and shall be supported by an affidavit of the petitioner or the petitioner's attorney. The order to show cause may be granted *ex parte* and shall:
>
> (a) Direct any lien claimant and any person who recorded or filed the lien or document to appear as respondent before the court at a time and place certain not less than fourteen days nor more than twenty-one days after service of the order to show cause why the lien or document should not be declared invalid and why such other relief provided for by this section should not be granted;
>
> (b) State that, if the respondent fails to appear at the time and place specified, the spurious lien will be declared invalid and released; and
>
> (c) State that the court shall award costs, including reasonable attorney fees, to the prevailing party.

CRCPS has expressly notified the Cui Plaintiffs of this mandatory statutory process, but the Cui Plaintiffs have provided no basis for apparently objecting to the process proscribed by statute. The Cui Plaintiffs have simply stated that they intend to object to this request – which is nothing more than a request for a specific process described in C.R.S. § 38-35-204.

As the Cui Plaintiffs have acknowledged, CRCPS holds a first deed of trust on the subject real property [ECF 21 of 19-cv-2637, page 3]. As a practical matter, there is no conceivable reason for the Cui Plaintiffs to even file a lis pendens on the Solaris Units because their interest – whether direct or derivative – is entirely protected. The only conceivable basis the Cui Plaintiffs have to cloud title to the Solaris Units is that they wish to obstruct CRCPS' efforts to sell the Solaris Units.

In any case, as a first deed of trust holder, CRCPS obviously has standing to challenge the lis pendens.  *See* C.R.C.P 105(f)(2)("Any interested person may petition the court in the action identified in the notice of lis pendens for a determination that a judgment on the issues raised by the pleadings in the pending action will not affect all, or a designated part of the real property described in the notice of lis pendens, or a specifically described interest therein.")[2]

Clearly, and as CRCPS has advised the Court, the Cui Plaintiffs intend to oppose CRCPS' Petition for Order to Show Cause Pursuant to C.R.S. § 38-35-204. [ECF 115]. But is entirely unclear – because the Cui Plaintiffs will not share – why the Cui Plaintiffs contend the mandatory process of C.R.S. § 38-35-204 for determining CRCPS' petition should not apply.  Indeed, if the

---

[2]  Federal law requires the adoption of relevant state statutes and procedural rules dealing with the filing of lis pendens. *Lowell Staats Min. Co., Inc. v. Pioneer Uravan, Inc.*, 596 F. Supp. 1428, 1433 (D. Colo. 1984).

Cui Plaintiffs have an actual basis to justify their lis pendens, they should share CRCPS' interest in having the Court determine that issue right now.[3]

## CONCLUSION

CRCPS respectfully requests, both because of the immediacy of the circumstances and also pursuant to the provisions of C.R.S. § 38-25-204, that the Court: (a) immediately grant an order to show cause pursuant to C.R.S. § 38-35-204; and (b) set a forthwith hearing, directing the Cui Plaintiffs to show cause why the lis pendens they filed on the Solaris Units should not be declared invalid, and why such other relief provided for by law, including an award to CRCPS of attorney fees, should not be granted.

DATED: January 28, 2020.

*/s/James D. Kilroy*
James D. Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202
Telephone: 303.634.2000
Facsimile: .303.634.2020
Email: jkilroy@swlaw.com
Email: skanan@swlaw.com

*Counsel for Defendants Waveland Ventures, LLC, Colorado Regional Center Project Solaris, LLLP, Colorado Regional Center, LLC and Colorado Regional Center I, LLC*

---

[3] The focus of CRCPS' Petition, of course, is on the Cui Plaintiffs' First Amended Complaint [ECF 21 of 19-cv-2637], which is the pleading supporting their lis pendens. The Cui Plaintiffs cannot now amend their pleading to avoid CRCPS' Petition. *See Brossia v. Rick Constr., L.T.D. Liability Co.*, 81 P.3d 1126, 1130 (Colo. App. 2003) (an amended complaint asserting a claim to support a previously recorded lis pendens "does not alter the fact that the lis pendens, when recorded, had an immediate and inappropriate effect on title and was invalid").

5

4822-3893-1891.1

**CERTIFICATE OF SERVICE**

  This is to certify that on January 28, 2020, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
David Maxted
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

              */s/Amy Kovarsky*
              for Snell & Wilmer L.L.P.