# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
        Plaintiffs,

        v.                                          Hon. Magistrate Scott Varholak

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I, and
Peter Knobel,
        Defendants.

## PLAINTIFFS' OPPOSITION TO DEFENDANT COLORADO REGIONAL CENTER PROJECT SOLARIS, LLLP'S MOTION FOR FORTHWITH HEARING RE: PETITION FOR ORDER TO SHOW CAUSE PURSUANT TO C.R.S. § 38-35-204 [ECF 115]

Defendant Colorado Regional Center Project Solaris, LLLP ( "LLLP") filed its Petition For Order to Show Cause Pursuant to C.R.S. § 38-35-204[ECF115] (the "OSC Request") on January 17, 2020.  Plaintiff's Opposition to the –OSC Request is due on February 7, 2020. CRCPS filed its Motion for Forthwith Hearing Re: Petition For Order to Show Cause Pursuant to C.R.S. § 38-35-204 [ECF134] (the "Motion") on January 28, 2020, seeking an expedited hearing of its OSC Request.

## BACKGROUND

Plaintiffs filed their original Complaint on September 16, 2019[ECF1; CUI Matter]. Thereafter, Plaintiffs filed their First Amended Complaint on November 8, 2019 [ECF 21; CUI Matter]. Plaintiffs filed and recorded a lis pendens based upon the alleged breach of contract by Defendant Solaris Property Owners I, LLC ("SPOI") based upon its numerous claims that it intended to exercise its option to convey title to the Collateral Units but failing to do so. Plaintiffs demanded specific performance and filed the lis pendens based upon the LLLP's right to title to the Collateral Units. On November 19, 2019 this case was consolidated with *Li v. Waveland Ventures, LLC*, Civil Case No. 1:19-cv-02443-RM-STV. Plaintiffs will be filing a Motion for Leave to File a Second Amended Complaint later this week.

On January 14, 2020, Defendant CRCPS's counsel contacted Plaintiffs' counsel and informed him that CRCPS had an offer to purchase Unit 6CWest. Defendant's counsel asked if Plaintiffs' counsel would be willing to remove the lis pendens to accommodate the sale. *See* Declaration of Brian P. Stewart ("BPS Dec.") served concurrently herewith, ¶ 14. Plaintiffs' counsel indicated that Plaintiffs would be willing to consider it but that they would need to know the identity of the purchaser, the purchase price, and how the proceeds of the sale would be distributed. CRCPS indicated that the proceeds of the sale would be applied to:

> "First, given the volume of concerns my client has heard from LP's regarding the status of title (even though we believe that they are without merit), to the necessary expenses to effectuate the transfer of all remaining collateral units from SPO to CRCPS, including closing costs, HOA payments etc.
> Second, to accrued and unpaid liabilities of the partnership;
> Third, to establish adequate reserves for working capital expenses; and
> To the extent there are available proceeds, to the LP's on a pro rata basis."

*See* BPS Dec., ¶ 15. Plaintiffs' counsel responded that Plaintiffs would be willing to release the Unit from the lis pendens if the sale proceeds were placed in an escrow account to determine the proper application of the funds. *See* BPS Dec., ¶ 16. Essentially, two large groups of investors

are questioning the motives of Colorado Regional Center I, LLC (the "GP").  A review of the numerous documents which comprise the loan and the financials produced by the accountants for LLLP indicate that at best the actions of the GP with respect to this "loan" are highly questionable.  Plaintiffs have a right to file the action for breach of contract/specific performance on behalf of LLLP, , and to file and record the lis pendens.  Plaintiffs should be given the opportunity to fully brief their opposition to the OSC Request.

## ARGUMENT

In its brief, CRCPS states several times that C.R.S. § 38-35-204 **requires** that the OSC Request be heard on an Ex Parte basis, yet its citation to the statute clearly states, "[t]he order to show cause **may** be granted ex parte**…**." C.R.S. § 38-35-204(1) (emphasis added).  There is no requirement that it be done ex parte.  There is no urgent need to move forward, nor are the LLLP or the Plaintiffs protected by the Deed of Trust as maintained by the GP.  The agreements entered into by the GP in contravention of its duties to the LLLP have allowed the GP to pay itself or its affiliates almost $20 million over a 5 year period (BPS Dec., ¶ 9 Exhibits "B" through "F") while directing none of the rental income to the limited partners ("LP") and little if any of the interest income to the LP.  Suddenly, it is now urgent that the GP be allowed to sell unit 6CWest so that it can apply the entire proceeds to pay itself, its affiliates and its attorneys.  The GP argued at the injunction hearing in the consolidated action that selling the Collateral Units at a discount is the only way that the LP will ever be paid.  That certainly isn't true.   It appears that the procees of any sale will benefit the GP, but not the limited partners as even these sale proceeds will dwindle to nothing if the GP is allowed to continue to slice portions of the LP's money off at every sale.

The GP's actions in structuring and amending this "loan" have resulted in numerous windfalls to SPOI and the GP while the repayment of the loan continues to dwindle with little or

3

no return to the limited partners.  Defendants' argument is hollow and the falsity is borne out from the financial statements and the "loan documents" themselves – most glaringly exhibited in the Yield Enhancement Agreement (*see* BPS Dec., ¶¶ 7-8 and Exhibit "A" attached thereto) and the Agreement Regarding Collateral Units (*see* BPS Dec., ¶¶ 10-11and Exhibit "G" attached thereto).

Finally, the GP argues that the lis pendens is unnecessary because the LLLP is protected by the Deed of Trust.  This is either an intentional misrepresentation or it demonstrates an inability to understand secured transactions.

> "Mortgages, **trust deeds**, or other instruments intended to secure the payment of an **obligation** affecting title to or an interest in real property shall not be deemed a conveyance, regardless of its terms, so as to enable the owner of the **obligation** secured to recover possession of real property without foreclosure and sale, but the same shall be deemed a lien." C.R.S. 38-35-117

Any a Deed of Trust, serves to secure payment of an underlying obligation, and is deemed a lien against the property.  If the underlying obligation is extinguished there is nothing for the Deed of Trust to Secure and the lien expires.  The position taken by the GP and SPOI is that SPOI no longer is required to make payments on the loan, or in other words the underlying obligation no longer exists.  Therefore the Deed of Trust is no longer an enforceable lien **and LLLP is not protected**.  If as moving party demands, the lis pendens must be removed, the LLLP will no longer have any interest in the Property, not surprising considering what has transpired thus far.  SPOI is completely silent on this issue and chooses to allow the GP to fight its investors on the issue of removing the only lien claim that LLLP has for repayment of the debt.  Curious circumstances indeed.

## CONCLUSION

There is no emergency here other than the GP's desire to apply the proposed sale proceeds to pay itself, its affiliates and its attorneys.  Plaintiffs offered to approve the sale and

5

place the proceeds in an escrow account pending resolution of the dispute as to application of the funds. This was not good enough. If the lis pendens is removed, Plaintiffs will no longer have any interest in the property. Plaintiffs should be allowed to fully brief its opposition to the OSC Request, but at the very least, if the Court is inclined to lift the lis pendens, the Court should only remove the lis pendens as to Unit 6CWest and order the proceeds placed in a blocked account.

                                            ARDENT LAW GROUP, PC

January 31, 2020                                    /s/ Brian Stewart
                                                       Counsel for Plaintiffs

## CERTIFICATION OF SERVICE

The undersigned attorney certifies that copies of the foregoing:
PLAINTIFFS' OPPOSITION TO DEFENDANT COLORADO REGIONAL CENTER PROJECT SOLARIS, LLLP'S MOTION FOR FORTHWITH HEARING RE: PETITION FOR ORDER TO SHOW CAUSE PURSUANT TO C.R.S. § 38-35-204 [ECF 115] was served through ECF on January 30, 2020 upon all parties who have appeared.

/s/ Brian Stewart
Brian Stewart