IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, Yuquan Ni, Li Fang,
Zhongzao Shi, Fang Sheng, et al.,
    Plaintiffs,

                                    Hon. Judge Raymond Moore
        v.                      Hon. Magistrate Scott Varholak

Waveland Ventures LLC, Colorado Regional Center I, LLC,
Colorado Regional Center LLC, Solaris Property Owner LLC,
Colorado Regional Center Project Solaris LLLP,
Solaris Property Owner I LLC, and Peter Knobel,
    Defendants.

## Motion For Expedited Briefing and Hearing For Declaratory Relief Authorizing the Li Plaintiffs to Record a Lis Pendens

      This Court has expedited Defendants' Motion to Show Cause whether the lis pendens recorded by the Cui Plaintiffs is a "spurious document." See ECF Docket 134, 139. This is fortuitous timing, as the Li Plaintiffs plan to file a lis pendens on the same properties, in the form attached as Exhibit 1. The Li Plaintiffs seek expedited consideration as well, and a declaratory judgment under Fed. R. Civ. Pro. 57 that their proposed lis pendens is not a so-called 'spurious document.' Judicial economy justifies putting all the parties on the same briefing schedule.

**The Second Amended Complaint Justifies a Lis Pendens**

      At the hearing in October, this Court held that the lis pendens recorded by the Li Plaintiffs was not justified by the specific complaint that was in place when they recorded it. But the Court reserved judgment whether a *subsequently* amended complaint - even the Amended Complaint on file at the time of the October hearing - would support a lis pendens:

> THE COURT: Now, I know that the Amended Complaint does now contain such a challenge [asserting a dispute over title], and whether or not a lis pendens would be appropriate with respect to the Amended Complaint is an issue that the parties should discuss following today's hearing. I made no ruling on that because any ruling would be advisory and without full briefing on the issue.

See Transcript, Exhibit 2 p. 103. So the Court imposed two conditions to hearing the issue once again: it would not issue an advisory opinion, and it required the parties to discuss the matter.

First, the issue is no longer advisory since the Li Plaintiffs intend to record a new lis pendens. Second, the parties discussed the issue per Local Rule 7.1, and to the surprise of precisely no one including God himself, there was no progress (this is not to place any fault on Defendants' counsels, since they have been generous with their time, cooperative, and willing to talk).

This means that the issue is ripe now, and the Court can hear briefing as to whether the Second Amended Complaint sets forth sufficient claims to justify a lis pendens. See Exhibit 3 at Count VIII for the derivative claim that title as rightfully belonging to the limited partnership.

**The Spurious Document Law is Irrelevant**

The Li Plaintiffs are dumbfounded that this Court has allowed the Defendants to invoke the spurious document law in the first place. The purpose of the spurious document law is to prevent insane zealots from recording imaginary liens against the private property of government workers. *Tuscany, LLC v. Western States Excavating Pipe & Boring*, 128 P.3d 274, 278 (Colo. App. 2005)(the spurious document laws were created to combat the "very serious problem" of "groups who are disgruntled with the present American system of government" filing "phony documents and liens against public officials' property.") There is nothing in this contractual business dispute that is remotely analogous to government protesters filing imaginary liens.

2

A spurious document is defined in §38-35-201(3) as "forged, groundless, contains a material misstatement or false claim, or is otherwise patently invalid." Here, there is nothing forged, nothing groundless, no false claims have been made, nor are there any patently invalid assertions -- there is only a business dispute over which party should hold title. There is no question that the PPM, the Promissory Note, and other loan documents require the borrower to transfer title of units to the lender as repayment of the loan; the only question is whether this contractual obligation to transfer title is overridden by a secret agreement 5 years ago allowing the borrower to 'temporarily' hold titles. The Court doesn't have to reach the merits now, it merely has to decide if the Second Amended Complaint establishes a prima facie contractual dispute over title, which it obviously does.

C.R.S. §38-35-110 allows recording a lis pendens when "relief is claimed affecting title to real property." The statute has been expansively interpreted to cover any dispute over the use, enjoyment, title, or possession of real estate. *Pierce v. Francis*, 194 P.3d 505, 509 (Colo. App. 2008); *Kerns v. Kerns*, 53 P.3d 1157, 1163 (Colo. 2002); *Hammersley v. Dist. Ct. Routt Cty.*, 610 P.2d 94, 96 (Colo. 1980). All these cases hold that the Colorado statute must be expansively applied to allow recording a lis pendens for any lawsuit including those in the penumbrum outside the core of title disputes. Here, The Li Plaintiffs seek the relief of having titles transferred to the name of the entity in which they are investors. This fits squarely within the express language of a dispute "affecting title," and *unquestionably* fits within Colorado's expansive interpretation of the statute.

So this case has nothing whatsoever in common with the statute on spurious documents, and fits easily within the statute permitting a lis pendens.

Finally, the Li Plaintiffs are disturbed to see the Court engaging in economic speculation about the cost savings of transfer taxes, homeowner association fees, speculating on the economics of holding title versus holding a first mortgage, or making the judgment that the sale of a unit will benefit the limited partnership so it shouldn't be blocked by a lis pendens for *economic* reasons. This Court's job is not to save money for anyone, but to decide *legal* issues under *legal* documents. If the Court is so interested in economics, it should feel free to set about figuring out how the Defendants managed to lose $40,000,000 of Chinese money in three years. The sole issue for this Court is *legal*: do the pleading raise a dispute over title?  They do.  And that justifies a lis pendens.

WHEREFORE, the Li Plaintiffs ask this Court to declare that the Second Amended Complaint raises a legitimate dispute over title to the units at issue in this case, and thereby justifies the filing of a lis pendens and is not a so-called 'spurious document.'

Dated: January 31, 2020

Respectfully Submitted,

/s/ Douglas Litowitz
413 Locust Place
Deerfield, IL 60015
312-622-2848
Litowitz@gmail.com