**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
Plaintiffs,

v. Hon. Magistrate Scott Varholak

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I, and
Peter Knobel,
Defendants.

---

# Plaintiffs' Motion for Leave to File a Second Amended Complaint Under F.R.C.P. 15

---

Plaintiffs, by and through the undersigned counsel, hereby submit this Motion for Leave to File Second Amended Complaint.

## CERTIFICATE OF COMPLIANCE WITH D.C. COLO. LCiv R 7.1(a)

As for cooperation, the undersigned Plaintiffs' counsel conferred with Defendants' counsels via email correspondence between January 27, 2020 and January 29, 2020 about filing a Second Amended Complaint adding only two claims, for Declaratory Relief and for piercing the corporate veil, and adding one single plaintiff. (Declaration of Brian P. Stewart filed concurrently herewith ["BPS Dec"] ¶ 22] Counsel for Colorado Regional Center I, LLC participated in the conferral. I

provided him a copy of the proposed 2nd Amended Complaint. He indicated that he intended to oppose the motion but failed to provide any reason other than that I indicated during the Scheduling conference that I was not planning on amending the Complaint.

**BACKGROUND**

On September 16, 2019, the undersigned counsel for Plaintiffs filed original Complaint for Civil Action No. 19-cv-02637 (ECF No. 1). Thereafter, on November 8, 2019, Plaintiffs filed a First Amended Complaint for Civil Action No. 19-cv-02637 ("*Cui* matter") [BPS Dec¶ 6] adding a cause of action for specific performance (ECF No. 21). Subsequently on November 19, 2019, the instant case was consolidated with *Li v. Waveland Ventures, LLC*, Civil Case No. 19-cv-02443 (ECF #93). [BPS Dec¶ 7].

On December 10, 2019, opposing counsel sent the undersigned Plaintiffs' counsel copies of the evidence submitted in the preliminary injunction hearing in the *Li v. Waveland Ventures, LLC*, Civil Case No. 19-cv-02443 ("*Li* matter") along with the court transcript. [BPS Dec¶ 8] The Scheduling Conference was held on December 19, 2019, and the Minute Order states, "[d]eadline to Amend Complaint is January 31, 2020" and "[u]ntil these cases become unconsolidated, the deadlines provided today shall apply to both this case and 19-cv-02637-RM-STV" (ECF No. 110). [BPS Dec¶ 9]

Thereafter, during the holidays, Plaintiff's counsel reviewed all of the evidence provided by opposing counsel, and it became apparent that several agreements entered into by Colorado Regional Center I, LLC ("GP") and Solaris

Property Owner LLC I ("SPOI") were not supported by consideration and created a situation where SPOI was relieved of any and all obligations to pay for any fees associated with the Collateral Units, and GP or its affiliates would be paid for a laundry list of fees and costs from the LLLP. [BPS Dec¶ 13]

In light of the additional information learned, Plaintiffs now move to file a Second Amended Complaint to add a claim for declaratory relief and a claim for piercing the corporate veil naming individual defendants.

**ARGUMENT**

F.R.C.P. 15(a) (2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "A court should deny leave to amend only upon "undue delay, bad faith or dilatory motive on the part of the [moving party], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the [non-moving parties,] . . . [or] futility." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *see also Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-04 (2d Cir. 2005) ("A Rule 15(a) motion should be denied only for reasons as undue delay, bad faith, futility of the amendment, and perhaps the most important, the resulting prejudice to the opposing party.") *Lavigne v. Michael's Stores, Inc.,* 2015 U.S. Dist. LEXIS 52518, *9-10, 2015 WL 1826169.

None of the reasons for denying leave to amend exist in the matter at hand. First, the proposed Amendments are not made in bad faith, do not cause any undue delay and are not made with a dilatory motive. Plaintiffs are simply seeking to add

new claims based on evidence that was forwarded to the undersigned counsel by the opposing counsel themselves from a hearing on the preliminary injunction in the consolidated matter. Second, there is no undue prejudice to the Defendants' case as this case is in its early stages. None of the Defendants have filed answers in either of the consolidated actions and the new claims in the instant Second Amended Complaint for the *Cui* matter are for declaratory relief to interpret certain agreements between the parties and to include alter ego claims that are substantially similar to ones already made in the *Li* action. Therefore, there is no prejudice to the Defendants. Moreover, adding a single new individual Plaintiff with substantially similar claims would also preserve the Court's and the parties' resources. Third, the amendments sought would not be futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999). Here, the Second Amended Complaint adds additional details and provides sufficient detailed allegations supporting the new claims for declaratory relief and piercing the corporate veil naming individual defendants – all of which were discovered from the evidence provided by opposing counsel. Lastly, repeated failure to cure deficiencies by amendments previously allowed does not apply here as the amendments are based on newly discovered evidence. Thus, none of the reasons for denying leave to amend under F.R.C.P. 15(a) (2) exist in this case, and therefore leave to amend should be granted.

WHEREFORE, Plaintiffs seek an Order for leave to file a Second Amended Complaint pursuant to F.R.C.P. 15.

DATED: January 31, 2020

*/s/ Brian P. Stewart*__________________

Brian P. Stewart
**Ardent Law Group**
4340 Von Karman Ave.,
Suite 290
Newport Beach, California 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127
bstewart@ardentlawgroup.com
Attorney for Plaintiffs Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou Chunyu Zou, individually, and on behalf of Colorado Regional Center Project Solaris LLLP

**CERTIFICATION OF SERVICE**

This is to certify that on January 31, 2020, a true and correct copy of the above and foregoing **Plaintiffs' Motion for Leave to File a Second Amended Complaint Under F.R.C.P. 15** has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Brian P. Stewart*
For Ardent Law Group, P.C.