EXHIBIT "I"

# Brian Stewart

| | |
|---|---|
| **From:** | Brian Stewart <bstewart@ardentlawgroup.com> |
| **Sent:** | Wednesday, January 29, 2020 11:02 AM |
| **To:** | 'Ty Gee'; 'Hubert Kuo' |
| **Cc:** | 'James Kilroy'; 'Stephanie A. Kanan'; 'Hal Haddon' |
| **Subject:** | RE: Cui v Waveland Ventures: Conferral re Sec. Am. Compl. |

Ty –Perhaps Judge Varholak will consider my attempts to confer with you as a "drive by", I don't know. Having received more than a few conferrals in this matter from both Mr. Kilroy and Mr. Litowitz, I believe that my attempt has been by far the most comprehensive of any in these cases thus far. Lecturing me on the quality of my conferral is unusual since you completely ignored my first attempt to confer, complained that I didn't copy you on my response to Jim Kilroy when he engaged in the conferral process, and have now have simply mimicked Mr. Kilroy's response. If this somehow becomes an issue, I am comfortable with my attempts to confer. We have agreed to disagree.

I don't think your questions are particularly relevant, but the timeline is somewhat different: We filed our 1st amended complaint on November 8, 2019; This case was consolidated with Li v. Waveland Ventures, LLC case No. 1:19-cv-02443-STV on November 19, 2019; Jim sent me a Zip file with the transcript and evidence from the injunction hearing in the consolidated case on December 10, 2019; The Scheduling Conference was held on December 19, 2019, I had not had the opportunity to review the lengthy record prior to the Scheduling Conference; Over the Holidays I was able to sit down and wade through everything. It may be hard to believe, but I do have other matters to attend to.

Brian P. Stewart, Esq.
ARDENT LAW GROUP, P.C.
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
PH:        949.299.0188
FAX:       949.299.0127
Email: bstewart@ardentlawgroup.com

This message and any attached documents contain information from the law firm of Ardent Law Group, P.C. that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.

**From:** Ty Gee [mailto:tgee@hmflaw.com]
**Sent:** Wednesday, January 29, 2020 10:27 AM
**To:** 'Brian Stewart' <bstewart@ardentlawgroup.com>; 'Hubert Kuo' <hkuo@ardentlawgroup.com>
**Cc:** 'James Kilroy' <jkilroy@swlaw.com>; 'Stephanie A. Kanan' <skanan@swlaw.com>; Hal Haddon <hhaddon@hmflaw.com>
**Subject:** RE: Cui v Waveland Ventures: Conferral re Sec. Am. Compl.

Brian, in this district "drive-by conferrals" are frowned upon, i.e., meaningful conferral is required. I request you address the questions I asked, which bear on the "authority cited in [your] original e-

1

mail." I acknowledge I can't control whether movants confer meaningfully or whether or when movants file their motions, but I do respectfully request responses to my attempts to confer.

**From:** Brian Stewart <bstewart@ardentlawgroup.com>
**Sent:** Wednesday, January 29, 2020 11:23 AM
**To:** Ty Gee <tgee@hmflaw.com>; 'Hubert Kuo' <hkuo@ardentlawgroup.com>
**Cc:** 'James Kilroy' <jkilroy@swlaw.com>; 'Stephanie A. Kanan' <skanan@swlaw.com>; Hal Haddon <hhaddon@hmflaw.com>
**Subject:** RE: Cui v Waveland Ventures: Conferral re Sec. Am. Compl.

Great. Now all parties have conferred and all Defendants intend to oppose the Motion. If I understand both of you correctly, apparently my statement during the Scheduling Conference that I did not at that time intend to amend, but that my position could change in the future is somehow an adequate objection. None of the Defendants have addressed the authority cited in my original e-mail that "A Rule 15(a) motion should be denied only for reasons as undue delay, bad faith, futility of the amendment, and perhaps the most important, the resulting prejudice to the opposing party."

We will proceed to file the Motion.

Brian P. Stewart, Esq.
ARDENT LAW GROUP, P.C.
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
PH:         949.299.0188
FAX:       949.299.0127
Email: bstewart@ardentlawgroup.com

This message and any attached documents contain information from the law firm of Ardent Law Group, P.C. that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.

**From:** Ty Gee [mailto:tgee@hmflaw.com]
**Sent:** Tuesday, January 28, 2020 8:19 PM
**To:** 'Brian Stewart' <bstewart@ardentlawgroup.com>; Hubert Kuo (hkuo@ardentlawgroup.com) <hkuo@ardentlawgroup.com>
**Cc:** James Kilroy (jkilroy@swlaw.com) <jkilroy@swlaw.com>; Stephanie A. Kanan (skanan@swlaw.com) <skanan@swlaw.com>; Hal Haddon <hhaddon@hmflaw.com>
**Subject:** Cui v Waveland Ventures: Conferral re Sec. Am. Compl.

Brian/Hubert:

Yes, we should meaningfully confer, as the Court and the federal and local rules require it. I read your proposed second amended complaint. Brian, at the December 19 scheduling conference you said, "[N]othing is ever 100 percent, but I have no intention of amending the complaint unless I find out additional information during discovery, which clearly I'm not going to find out before the 31st. So that's where we're going to see an amendment—another amended complaint from my office. Nothing is ever written in stone…." Tr. 16:14-20.

2

You said in your email yesterday at 5:20 PM that the reason you wish to file the second amended complaint is because you reviewed the evidence introduced at the October 22 hearing. That doesn't square with what you said December 19, i.e., evidence introduced at a hearing three months ago is not "additional information [obtained] during discovery." I point this out because of the Court's stated interest in the lawyers' representations made to it at the scheduling conference and because of your open question about whether the *Cui* plaintiffs are required to file a motion to amend. I suggest you're in the same boat as the *Li* plaintiffs' counsel—having made a representation about what was going to happen in January and then doing something very different. So I agree the *Cui* plaintiffs must seek the Court's permission.

Setting aside your December 19 representation to the Court and focusing on the October 22 evidence. I did not see in your proposed second amended complaint how that evidence warranted the amendments to the amended complaint relative to SPO, SPO I and Mr. Knobel, e.g., the assertion of a securities claim against him. Would you please explain? Are you relying on any other information besides the October 22 evidence, i.e., information not in the second amended complaint and not in the October 22 evidence?

Ty

**From:** Brian Stewart <bstewart@ardentlawgroup.com>
**Sent:** Tuesday, January 28, 2020 6:51 PM
**To:** Ty Gee <tgee@hmflaw.com>
**Subject:** RE: Solaris

Ty I responded to counsel who responded to me. Do you wish to confer?

Brian P. Stewart, Esq.
ARDENT LAW GROUP, P.C.
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
PH:        949.299.0188
FAX:       949.299.0127
Email: bstewart@ardentlawgroup.com

This message and any attached documents contain information from the law firm of Ardent Law Group, P.C. that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.

**From:** Ty Gee [mailto:tgee@hmflaw.com]
**Sent:** Tuesday, January 28, 2020 4:09 PM
**To:** Brian Stewart <bstewart@ardentlawgroup.com>
**Cc:** Kilroy, James <jkilroy@swlaw.com>; Hubert Kuo <hkuo@ardentlawgroup.com>; **Hal Haddon** <hhaddon@hmflaw.com>; skanan@swlaw.com
**Subject:** Re: Solaris

Brian, you didn't copy me on your 1:56 PM email sent only to Jim and attaching the redlined complaint. Jim forwarded it to me. I haven't had a chance to review all of it. I'll get back to you.

Ty

> On Jan 28, 2020, at 4:51 PM, Brian Stewart <bstewart@ardentlawgroup.com> wrote:
>
> Interesting that adding a declaratory relief cause of action to interpret the agreements is considered a dramatically new complaint. In any event thank you for your response.
>
> I assume that none of the other counsel of record will be responding.
>
> Brian P. Stewart, Esq.
> ARDENT LAW GROUP, P.C.
> 4340 Von Karman Ave., Suite 290
> Newport Beach, CA 92660
> PH:     949.299.0188
> FAX:    949.299.0127
> Email: bstewart@ardentlawgroup.com
>
>
> This message and any attached documents contain information from the law firm of Ardent Law Group, P.C. that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.
>
>
>
> **From:** Kilroy, James [mailto:jkilroy@swlaw.com]
> **Sent:** Tuesday, January 28, 2020 3:36 PM
> **To:** Brian Stewart <bstewart@ardentlawgroup.com>
> **Cc:** 'Ty Gee' <tgee@hmflaw.com>; Hal Haddon <hhaddon@hmflaw.com>; **Kanan, Stephanie A.** <skanan@swlaw.com>; 'Hubert Kuo' <hkuo@ardentlawgroup.com>
> **Subject:** RE: Solaris
>
> Brian:
>
> Yes, this case is 4 months old and no defendant has filed a responsive pleading. I find it a little odd that you seem to be complaining about that undeniable fact in the very same email where you are conferring for the first time regarding a dramatically new complaint that you wish to file.
>
> Incidentally, we don't understand any of your comments below about the transaction itself.
>
> In any case, my clients intend to object to your anticipated motion to amend. Thank you for conferring.
>
> Jim
>
> **James D. Kilroy**
> **Snell & Wilmer L.L.P.**
> **1200 17th Street, Suite 1900**
> **Denver, Colorado 80202**
> **Office: 303.634.2005**
> **Cell: 720.341.3579**

4

jkilroy@swlaw.com  www.swlaw.com

<image001.png>
Denver, Las Vegas, Los Angeles, Los Cabos, Orange County, Phoenix, Reno, Salt Lake City, Tucson

**From:** Brian Stewart <bstewart@ardentlawgroup.com>
**Sent:** Tuesday, January 28, 2020 1:56 PM
**To:** Kilroy, James <jkilroy@swlaw.com>
**Subject:** RE: Solaris

[EXTERNAL]

Jim this case is four months old and no defendant has filed a responsive pleading. During the Scheduling Conference I told the Judge that I didn't, at that time, intend to amend the Complaint. But also suggested that I might, if new information dictated an amendment. After the Scheduling Conference I had the opportunity to read all of the evidence you offered at the Li injunction hearing. It became clear that there are serious issues with some of the documents and whether or not they are enforceable. Documents that I believe you are relying on to force the LLLP to pay for transfer fees, which are really offensive when you look at the timeline. One day before the prepayment period begins GP and SPOI essentially agree that SPOI will opt to transfer title to the property thereby absolving it of its obligation to pay interest and unilaterally reducing the debt by 50%. But that wasn't enough they also, for the first time agree that the LLLP must be responsible for transfer taxes and other fees. All in all a fairly lucrative day for SPOI.

The Court clearly indicated that we would not be barred from bringing a Motion to Amend. Neither Mr. Litowitz nor I understood the order that the January 31 deadline was only to add parties, and neither did the Court Clerk who stated in the Minute Order on January 23 that Mr. Litowitz amended complaint "…was apparently filed in accordance with the Magistrate Judge's Order.".

However, the Courts order from this morning seems to indicate that Judge Varholak intended to limit amendments to additions of parties/ or maybe only additions of plaintiffs, who knows.

As I requested before, please let me know if you will consent to the filing. As previously indicated there is no prejudice to anyone as this case is fairly new, none of the Defendants have appeared, and the two new claims simply request declaratory relief and seek a determination of alter ego liability.

Brian P. Stewart, Esq.
ARDENT LAW GROUP, P.C.
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
PH:         949.299.0188
FAX:       949.299.0127
Email: bstewart@ardentlawgroup.com

This message and any attached documents contain information from the law firm of Ardent Law Group, P.C. that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.

**From:** Kilroy, James [mailto:jkilroy@swlaw.com]
**Sent:** Tuesday, January 28, 2020 8:54 AM
**To:** Brian Stewart <bstewart@ardentlawgroup.com>; 'Ty Gee' <tgee@hmflaw.com>; 'Dlitowit .' <litowitz@gmail.com>
**Cc:** 'Hubert Kuo' <hkuo@ardentlawgroup.com>; Hal Haddon <hhaddon@hmflaw.com>; Kanan, Stephanie A. <skanan@swlaw.com>
**Subject:** RE: Solaris

Brian:

You are neglecting to recognize that you told the Magistrate Judge that you did not anticipate filing a motion to amend. That is why I sought clarification on our deadlines, as you point out. The entire transcript of the 12-19 scheduling conference was attached to our motion to strike the Li Plaintiffs' complaint. As you know, the Magistrate Judge just struck the Li Plaintiffs' Third Amended Complaint, and he did not seem to struggle with this issue of what was said at the 12-19 conference.

In any case, it looks like you intend to file a motion to amend. Please send your proposed amended pleading so we can properly confer on this anticipated motion.

Finally, please include all counsel of record on these kind of emails. I have included on this my partner, Stephanie Kanan, and TY's partner, Hal Haddon.

Jim

**James D. Kilroy**
**Snell & Wilmer L.L.P.**
**1200 17th Street, Suite 1900**
**Denver, Colorado 80202**
**Office: 303.634.2005**
**Cell: 720.341.3579**
jkilroy@swlaw.com   www.swlaw.com

<image001.png>
Denver, Las Vegas, Los Angeles, Los Cabos, Orange County, Phoenix, Reno, Salt Lake City, Tucson

**From:** Brian Stewart <bstewart@ardentlawgroup.com>
**Sent:** Monday, January 27, 2020 5:20 PM
**To:** Kilroy, James <jkilroy@swlaw.com>; 'Ty Gee' <tgee@hmflaw.com>; 'Dlitowit .' <litowitz@gmail.com>
**Cc:** 'Hubert Kuo' <hkuo@ardentlawgroup.com>
**Subject:** Solaris

**[EXTERNAL]**

Jim and Ty – It was my understanding that the scheduling order applied to both of the consolidated cases. The court set a deadline to amend the pleadings of January 31, 2020 (transcript page 7 lines 4 thru 7) he did not say the deadline was for adding parties he said the deadline **"to amend pleadings"** the court then stated that responsive pleadings would be due on February 28, 2020 **"with**

6

**the understanding that it's going to be amended at least once more"** Furthermore, the Minute Order issued on December 19, 2019 [document 110] states that: "Deadline to Amend Complaint is January 31, 2020" it also states that "…until these cases become unconsolidated, the deadline provided today shall apply to both this case and 19-cv-02637-RM-STV." While there certainly was plenty of talk from Doug about adding parties, I had a discussion with the Court about amending the Complaint itself. it was not my understanding that the Court was limiting amendments to adding parties. I think if that was the Court's intent it would have stated so. I believe the Court granted leave to amend in both matters so long as any amended pleading was filed January 31, 2019, and I thought you guys understood that. Jim at page 17 lines 11 thru 13 you said "So even if Mr. Stewart doesn't amend, we have to the end of February?" to which the Court responded "That's correct. Correct."

I will be filing an Amended Complaint this week adding a claim for Declaratory Relief and a claim for piercing the corporate veil, naming individual defendants and adding one new Plaintiff. The need for these new claims was discovered in connection with the evidence that you forwarded me from the hearing on the preliminary injunction in the consolidated matter, and the claims that you are currently making in connection with how the sale proceeds will be disbursed upon completion of the proposed sales of single units.

I believe that Judge Varholak, in his minute order and in his comments from the bench, clearly gave Plaintiff's in both of the consolidated cases consent to "amend the pleadings", pursuant to F.R.C.P. Rule 15 (a) (2), until January 31, 2020. However, I notice that you have filed a Motion to Strike the 3rd Amended Complaint filed by Mr. Litowiz in the *Li* matter. This Motion is based upon your interpretation of the order and the proceedings, that the Court intended to limit any Amended Complaint for the sole purpose of adding parties.

Because January 31, 2020 is this Friday, in an abundance of caution, I will be filing a Motion for leave to file 2nd Amended Complaint. F.R.C.P. Rule 15 (a) (2), states that the court should freely give leave when justice so requires. It is commonly held that "A court should deny leave to amend only upon "undue delay, bad faith or dilatory motive on the part of the [moving party], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the [non-moving parties,] . . . [or] futility." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *see also Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-04 (2d Cir. 2005) ("A Rule 15(a) motion should be denied only for reasons as undue delay, bad faith, futility of the amendment, and perhaps the most important, the resulting prejudice to the opposing party.") *Lavigne v. Michael's Stores, Inc.,* 2015 U.S. Dist. LEXIS 52518, *9-10, 2015 WL 1826169. Even by your highly technical interpretation of the transcript of the Scheduling Conference, the order does not create a deadline for filing Motions for Leave to Amend. Moreover, Judge Varholak indicated that the Tenth Circuit always allows an amendment for good cause upon the discovery of new information.

The proposed Amendments are not made I bad faith, do not cause any undue delay and are not made with a dilatory motive. Furthermore, none of the Defendants have filed answers in either of the consolidated actions and the new claims in the *Cui* matter are for declaratory relief to interpret certain agreements between the parties and to include alter ego claims that have already been made in the Li action. Therefore, there is no prejudice to either of your clients.

Please accept this correspondence as my attempt to meet and confer with you on this issue so that perhaps we can negotiate a written consent to the filing. While I disagree with your interpretation of Judge Varholak's comments and his order, I can think of no reason why leave to amend the Complaint would not be granted. Reaching some kind of resolution makes sense as it is likely that the court will take a dim view of us constantly being unable to do anything without court supervision.

Brian P. Stewart, Esq.
ARDENT LAW GROUP, P.C.
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
PH:        949.299.0188
FAX:       949.299.0127
Email: bstewart@ardentlawgroup.com

This message and any attached documents contain information from the law firm of Ardent Law Group, P.C. that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.