## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443
Consolidated with Civil Action No. 19-cv-02637

Jun Li, Qi Qin, Yi Liu, et al.,
                    Plaintiffs,

            v.                                    Hon. Magistrate Scott Varholak

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I, and
Peter Knobel,
                    Defendants.

---

## PLAINTIFFS' OPPOSITION TO DEFENDANT COLORADO REGIONAL CENTER PROJECT SOLARIS, LLLP'S PETITION FOR ORDER TO SHOW CAUSE PURSUANT TO C.R.S. § 38-35-204 [ECF 115]

---

### BACKGROUND

Plaintiffs (the "LP's") filed their original Complaint on September 16, 2019 [ECF 1; *Cui* Matter]. Thereafter, Plaintiffs filed their First Amended Complaint ["FAC"] on November 8, 2019 [ECF 21; *Cui* Matter]. Plaintiffs filed and recorded a lis pendens based upon their derivative claim alleging breach of contract and request for specific performance of the contract against Defendant Solaris Property Owners I, LLC ("SPOI"). The breach of contract is based upon the numerous notifications wherein SPOI stated its intention to exercise its option to convey title to the Collateral Units. Plaintiffs demanded specific performance and filed the lis pendens based upon the LLLP's right to title to the Collateral Units. On November 19, 2019 this case was consolidated with *Li v. Waveland Ventures, LLC*, Civil Case No. 1:19-cv-02443-RM-

STV [ECF 93].   Plaintiffs filed their Motion for Leave to File a Second Amended Complaint on

January 31, 2020 [ECF 144].

On January 14, 2020, counsel for Defendant Colorado Regional Center I,  LLC (the

"GP") contacted Plaintiffs' counsel and informed him that there was an offer to purchase Unit

6CWest.  Defendant's counsel asked if Plaintiffs' counsel would be willing to remove the lis

pendens to accommodate the sale. *See* Declaration of Brian P. Stewart ("BPS Dec.") served

concurrently herewith, ¶ 14.  Plaintiffs' counsel indicated that Plaintiffs would be willing to

consider it but that they would need to know the identity of the purchaser, the purchase price,

and how the proceeds of the sale would be distributed.  The GP's counsel indicated that the

proceeds of the sale would be applied to:

> "First, given the volume of concerns my client has heard from LP's regarding the
> status of title (even though we believe that they are without merit), to the necessary
> expenses to effectuate the transfer of all remaining collateral units from SPO to
> CRCPS, including closing costs, HOA payments etc.
> Second, to accrued and unpaid liabilities of the partnership;
> Third, to establish adequate reserves for working capital expenses; and
> To the extent there are available proceeds, to the LP's on a pro rata basis."
> (*See* BPS Dec., ¶ 14)

Plaintiffs' counsel responded that Plaintiffs would be willing to release the Unit from the lis

pendens if the sale proceeds were placed in an escrow account to determine the proper

application of the funds.  *See* BPS Dec., ¶ 16.

Essentially, two large groups of investors are questioning the motives of the GP and the

likelihood of a conspiracy with SPOI to defraud the LP's.  A review of the numerous documents

which comprise the loan and the financials produced by the accountants for GP indicates that at

best the actions of the GP with respect to this "loan" are highly questionable.  Plaintiffs have a

right to file the derivative action for breach of contract/specific performance on behalf of LLLP

and to file and record the lis pendens based upon those claims.   Counsel for the GP is fully

aware of this since the GP intentionally created this situation by allowing the borrower the option of conveying title to the security in lieu of actually repaying the loan.  Plaintiffs hereby opposes the Petition for Order to Show Cause Pursuant to C.R.S. § 38-35-04 ("Petition"; ECF 115), and for the reasons stated herein the lis pendens should remain in place until these disputes are resolved.

## INTRODUCTION

## ARGUMENT

The grounds stated in the Petition for challenging the recorded lis pendens pursuant to C.R.S. § 38-35-204 are unfounded.  In its brief, the petitioner/GP improperly characterizes the recorded lis pendens as a "spurious document" as defined in C.R.S. § 38-35-201(3) and a "groundless document" as defined by Colorado courts. *See Westar Holdings P'ship v. Reece*, 991 P.2d 328, 330 (Colo. App. 1999).   For the reasons discussed below, the recorded lis pendens is *indeed* valid as Plaintiffs have a right to file a derivative action, which involves the real property that is the subject of the lis pendens.

A. <u>Plaintiffs have adequately plead a cause of action for breach of contract.</u>

Petitioners claim that Plaintiffs have not plead a cause of action for breach of contract. Petitioners have overlooked that Plaintiffs have *indeed* pled with particularity all of the elements for breach of contract in the FAC.  Federal Rule of Civil Procedure 8 provides for a liberal notice pleading standards by requiring a "short and plain statement" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)-(a)(3); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 575 (2007).  "'Any concise statement identifying the remedies and the parties against whom relief is sought' fulfills this requirement."   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Count VI of the FAC alleges a cause of action for breach of contract and seeks specific performance of the contract. "The elements of a breach of contract claim as (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance, (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *Horton v. Bischof & Coffman Constr., LLC*, 217 P.3d 1262, 1271, 2009 Colo. App. LEXIS 1221, *19-20. Here, each of these elements are plead in the FAC. The existence of the contract [FAC ¶ 118]; performance by the plaintiff [FAC ¶'s 122]; Defendants failure to perform [FAC ¶ 121]; resulting damages [FAC ¶ 123].

The GP's position that there is no real property claim is disingenuous and simply more of the same fraud that it has continually perpetrated by the GP against the LP's. The GP's actions in structuring and amending this "loan" have resulted in numerous windfalls to SPOI and the GP while the repayment of the loan continues to be nonexistent with little or no return to the LP's. Defendants' argument is hollow and the falsity is borne out from the financial statements and the "loan documents" themselves – most glaringly exhibited in the Yield Enhancement Agreement (*see* BPS Dec., ¶¶ 7-8 and Exhibit "A" attached thereto) and the Agreement Regarding Collateral Units (*see* BPS Dec., ¶¶ 10-11and Exhibit "G" attached thereto).

To attempt to claim that this is only about money is not merely unethical, but an outright lie. Because of the fraud perpetrated by the GP in conjunction with SPOI, the only thing that the breach of contract claim can be about is title to the property. That is the whole point of the dispute. SPOI has been relieved of the obligation to repay the loan and instead gets to convey

title to the Property.[1]   The GP is now fighting the LP's and declaring that the LPs cannot have title to the property *and* the LPs will not be repaid the principal on the loan.  Further, the GP state that the LPs are protected by the Deed of Trust.  The GP's declarations are all of which is a mountain of lies built on a hill of sand.

GP also argues that *Cui* Plaintiffs are limited partners under Colorado law, and therefore have no right to claim any interest in, or distribution of the real property.  This argument completely ignores that as limited partners, the *Cui* Plaintiffs have brought the breach of contract/specific performance count as a derivative claim on behalf of the LLLP.   The lis pendens is not recorded on behalf of the individual LP's but on behalf of the LLLP.   The GP's reliance on *Caley Investments I v. Lowe Family Assocs., Ltd.* is misguided.   First in Caley the Limited Partnership is the debtor not the creditor; second the Debt that the plaintiffs are attacking in *Caley* was incurred before the Plaintiffs were members of the Limited Partnership, finally and most importantly it states that the plaintiffs lack standing for their claims because as LP's they don't stand to suffer an injury because Limited Partners are generally protected from individual liability to creditors.  The *Caley* is case does not even remotely stand for the proposition put forth by the GP in its Petition.  Similarly, the remaining cases cited in the Petition, such as *Winter Park Devil's Thumb Inv. Co. v. BMS P'ship*, 926 P.2d 1253, 1256 (Colo. 1996) and *Central Allied Profit Sharing Turst v. Bailey*, 759 P.2d 849, 850 (Colo. App. 1988), are inapposite to the crux of the matter at hand.

---

[1]. Which is worth approximately 50% less than the amount owed on the loan.

The question here is not whether the LP's can file a lis pendens, it is whether the LP's may file a derivative claim under these circumstance.  The answer is clearly yes.

C.R.S. § 7-62-1001 states as follows:

> "(1)  A limited partner may bring an action in the right of a limited partnership to recover a judgment in its favor. In order to bring the action, a limited partner must establish the following:
>
> (a)  That those general partners with authority to do so have refused to bring the action or that an effort to cause those general partners to bring the action is not likely to succeed;
>
> (b)  That the general partners' decision not to sue constitutes an abuse of discretion or involves a conflict of interest that prevents an unprejudiced exercise of judgment; and
>
> (c)  That the plaintiff was a limited partner at the time of the transaction of which the plaintiff complains or the plaintiff's status as a limited partner had devolved upon the plaintiff by operation of law or pursuant to the terms of the partnership agreement from a person who was a partner at the time of the transaction."

In the instant case, the GP has not only refused to take the action requested but is **the only** party to the litigation objecting to it.  This is clearly an abuse of discretion.  The GP has a conflict of interest which is established by Mr. Hauptman's e-mail [BPS Dec ¶ 14], wherein he states that all of the proceeds from the sale will be applied to management fees, commission, and legal fees all of which benefit the GP.  Finally, each of the LP's was a limited partner at the time of the transactions complained of in the FAC.

Additionally, *Moore v. 1600 Downing Street* states, "under the common law, a limited partner may bring a derivative action against the general partners for breach of fiduciary duty in the management of the affairs of the partnership if the general partners refuse to or are unable to bring such an action." *Moore v. 1600 Downing Street, Ltd.*, 668 P.2d 16, 19, 1983 Colo. App. LEXIS 906, *5.   The Plaintiffs have laid out valid claims against the GP for breach of fiduciary duty.

Furthermore, contrary to GP's allegations, the lis pendens does not contain factual inaccuracies. The FAC [ECF 21 Cui matter] alleges in paragraph 123 that "Defendants have failed and refuse, and continue to fail and refuse to transfer title to the units to LLP as required under the terms of the contract and their frequently stated intention to exercise their right to satisfy their obligations under the terms of the contract in this manner.  Defendants have refused and continue to refuse to execute a conveyance to transfer title to the units securing the loan to LLLP."  The Cui Plaintiffs, in their derivative capacity, can indeed claim an interest in the real property. Furthermore, the petitioner attempts to mislead the reader by stating that Plaintiffs' prayer for relief "requests that title be conveyed to the *Cui* Plaintiffs, not CRCPS."  In their derivative capacity, the *Cui* Plaintiffs *are* CRCPS or LLLP as the *Cui* Plaintiffs are limited partners bringing the derivative claim on behalf of the LLLP.  There are no material misstatements other than those made by the petitioner in an attempt to mislead the court as to the intentions of the Plaintiffs.

Finally, the GP argues that the lis pendens is unnecessary because the LLLP is protected by the Deed of Trust.  This is either an intentional misrepresentation or it demonstrates an inability to understand secured transactions.

> "Mortgages, trust deeds, or other instruments intended to secure the payment of an obligation affecting title to or an interest in real property shall not be deemed a conveyance, regardless of its terms, so as to enable the owner of the obligation secured to recover possession of real property without foreclosure and sale, but the same shall be deemed a lien." C.R.S. 38-35-117

 Any  Deed of Trust, serves to secure payment of an underlying obligation, and is deemed a lien against the property.  If the underlying obligation is extinguished there is nothing for the Deed of Trust to Secure and the lien expires.  The position taken by the GP and SPOI is that SPOI no longer is required to make payments on the loan, because SPOI **has opted to transfer title to the Property to the LLLP**.  In other words the underlying obligation no longer exists.

Therefore the Deed of Trust is no longer an enforceable lien **and LLLP is not protected**.   If as moving party demands, the lis pendens must be removed, the LLLP will no longer have any interest in the Property, not surprising considering what has transpired thus far.

SPOI is completely silent on this issue and chooses to allow the GP to fight its investors on the issue of removing the only lien claim that LLLP has for repayment of the debt.   Curious circumstances indeed.

<b>CONCLUSION</b>

The Plaintiffs have filed a derivative claim for breach of contract demanding that SPOI transfer title to the Property to the LLLP.   Pursuant to the agreements this is a correct and valid claim.  Issues abound as to why the LLLP should pay a myriad of fees and costs as if the transfer of the property was a sale.  The LP's have objected and continue to object to this characterization.   How exactly a **borrower** who has opted to exercise a claimed right to convey title to property in lieu of payment of the loan can characterize the transfer as a **sale** is a mystery. Unless of course the GP and SPOI are looking for yet another way to defraud the LP's of their money.

February 7, 2020

*/s/ Brian Stewart*
Brian Stewart
**Ardent Law Group, P.C.**
4340 Von Karman Ave., Suite 290
Newport Beach, California 92660
Telephone: (949) 299-0188
Facsimile:  (949) 299-0127
Email: bstewart@ardentlawgroup.com
*Counsel for Plaintiffs Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou, Xun Zhu, Chunyi Zou, individually, and on behalf of Colorado Regional Center Project Solaris LLLP*

## **CERTIFICATION OF SERVICE**

The undersigned attorney certifies that copies of the foregoing:
PLAINTIFFS' OPPOSITION TO DEFENDANT COLORADO REGIONAL CENTER PROJECT SOLARIS, LLLP'S PETITION FOR ORDER TO SHOW CAUSE PURSUANT TO C.R.S. § 38-35-204 [ECF 115] was served through ECF on February 7, 2020 upon all parties who have appeared.

*/s/ Brian Stewart*
Brian Stewart