HIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443-RM-STV**

Li, *et al.*,

     Plaintiffs,

v.

Waveland Ventures, LLC, *et al.*,

     Defendants.

---

**DEFENDANTS WAVELAND VENTURES, LLC, COLORADO REGIONAL CENTER
PROJECT SOLARIS LLLP, COLORADO REGIONAL CENTER I, LLC AND
COLORADO REGIONAL CENTER, LLC'S RESPONSE IN OPPOSITION TO
MOTION FOR EXPEDITED BRIEFING AND HEARING FOR DECLARATORY
RELIEF AUTHORIZING THE LI PLAINTIFFS TO RECORD A LIS PENDENS
[ECF 141]**

---

Defendants Waveland Ventures, LLC, Colorado Regional Center Project Solaris LLLP

("CRCPS"), Colorado Regional Center I, LLC, and Colorado Regional Center, LLC (the "CRC

Entities"), by and through undersigned counsel, hereby submit this Response in Opposition to

Motion for Expedited Briefing and Hearing for Declaratory Relief Authorizing the Li Plaintiffs to

Record a Lis Pendens [ECF 141], and state as follows:

## I.    INTRODUCTION

Notwithstanding the Li Plaintiffs' agreement to not file or record a subsequent lis pendens

as part of this proceeding, they now seek a ruling regarding the validity of their proposed lis

pendens, which they evidently intend to file.  The Li Plaintiffs do not acknowledge the existence

of their prior agreement, which was jointly filed with the Court and signed by their counsel [ECF

66], let alone contest its validity to justify their apparent refusal to now honor its terms.  The Court should enforce the parties' agreement, and not tolerate what appears to be a pattern of disregarding their counsel's prior representations.  [*See, e.g.*, ECF 130].

More fundamentally, however, there is no procedural mechanism that permits the Court to grant the Li Plaintiffs' requested relief.   They have not pled any claim under Fed. R. Civ. P. 57 regarding the validity of their proposed lis pendens.  But even so, whether the circumstances support a lis pendens calls for a prohibited advisory opinion.  The Court should deny the Li Plaintiffs' motion.

## II.    BACKGROUND

1.    On August 28, 2019, the Li Plaintiffs filed their complaint in Case No. 19-cv-02443 against CRCPS, Colorado Regional Center I, LLC, Solaris Property Owner and Peter Knobel, seeking monetary damages and rescission for alleged violations of federal and state securities law, breach of fiduciary duty and fraud.  [ECF 1].  The Li Plaintiffs also purported to assert a claim for "Lis Pendens," but failed to name the property owner, Solaris Property Owner, I ("SPO I"), as a party to the action and requested no affirmative relief in connection with this "claim."

2.    On September 13, 2019, the Li Plaintiffs recorded a Notice of Lis Pendens Pursuant to C.R.S. § 38-35-110 in Eagle County, Colorado, Reception No. 201915152, falsely claiming that Case No. 19-cv-02443 affects title to the real property at issue.  [ECF 16].

3.    On September 24, 2019, CRCPS and SPO I jointly filed a Petition for Order to Show Cause Pursuant to C.R.S. § 38-35-204, seeking an order declaring the Li Plaintiffs' Notice of Lis Pendens spurious and therefore invalid.  [ECF 20].

2

4.      The Li Plaintiffs sought leave to file their First Amended Complaint on October 13, 2019 [ECF 43], which was granted on October 17, 2019.  [ECF 50 and 53].

5.      On October 24, 2019, after considering the parties' briefs as well as the testimony and documentary evidence submitted on the record during a hearing held on October 22, 2019, the Court ordered that the Li Plaintiffs' Notice of Lis Pendens was spurious and therefore invalid under C.R.S. § 38-35-201(3), and released pursuant to C.R.S. § 38-35-204(2).  [ECF 68].

6.      That same day, the parties filed a joint notice advising the Court that the Li Plaintiffs agreed to not file any additional notice of lis pendens on the real property at issue in exchange for CRCPS and SPO I waiving their request for an award of attorneys' fees under C.R.S. § 38-35-204(3).  [ECF 66].

7.      On November 18, 2019, the Li Plaintiffs filed their Second Amended Complaint (the "SAC"), asserting direct claims against the various defendants for alleged violations of federal and state securities law, breach of fiduciary duty and fraud.  [ECF 86].  The SAC also includes two purported derivative claims called "Force Borrower to Repay $82.5 Million" and "Lis Pendens."

8.      On January 31, 2020, the Li Plaintiffs filed their Motion for Expedited Briefing and Hearing for Declaratory Relief Authorizing the Li Plaintiffs to Record a Lis Pendens, seeking a ruling from the Court that their proposed lis pendens is not spurious under C.R.S. § 38-35-204. [ECF 141].

4844-4916-1651.1

### III.     ARGUMENT

**A.     The Li Plaintiffs Waived Their Right to File or Record a Subsequent Lis Pendens**

The Li Plaintiffs agreed to not file or record any additional notice of lis pendens on the real property at issue.  The Court should enforce this agreement and decline to render a ruling regarding the propriety of their proposed lis pendens.

It is well-settled that an attorney of record is presumed to have authority to compromise and settle litigation of his or her client.  *See Thomas v. Colo. Trust Deed Funds, Inc.*, 366 F.2d 136, 139 (10th Cir. 1966).  The presumption exists  "unless there is evidence to the contrary in the record."  *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004).  Moreover, there is substantial uniformity in the law that a concession or representation of counsel will bind a client. *See, e.g., City of Wichita v. Southwestern Bell Tel. Co.,* 24 F.3d 1282, 1288 (10th Cir. 1994) ("[a]n attorney is clothed with sufficient apparent authority to bind a client for services that are routinely and directly connected with the representation"); *Dehsara v. Gustafson*, 931 F.2d 896 (9th Cir. 1991); *Burgin v. Broglin*, 900 F.2d 990, 998 (7th Cir. 1990); *United States ex rel. Yesudian v. Howard Univ.*, 153 F.3d 731, 748 (D.C. Cir. 1998).  Indeed, in Colorado "[t]he choice of litigation tactics, including waivers, lies within the scope of an attorney's implied authority, and with regard to such matters the client is bound by his attorney's actions."  *Cordillera Corp. v. Heard*, 592 P.2d 12, 14 (Colo. App. 1978) *jud aff'd* 612 P.2d 92 (Colo. 1980); *see also Schleiger v. Schleiger*, 324 P.2d 370 (Colo. 1958).

The Li Plaintiffs are bound by counsel's representations to the parties and the Court.  There is no dispute that parties reached agreement pursuant to which CRCPS and SPO I would waive their right to pursue attorneys' fees and costs under C.R.S. § 38-35-204(2) in exchange for the Li

Plaintiffs' waiving their right to record or file an additional lis pendens on the real property at issue.  [ECF 66].  Counsel's agreement to waive this right on behalf of his clients is binding on the parties and precludes any subsequent lis pendens.  The Li Plaintiffs are not entitled to retract counsel's prior representations or unilaterally rescind the agreement.  The Court should therefore enforce the parties' agreement and decline to render any ruling regarding the validity of the proposed lis pendens.

**B.      The Court Lacks Authority to Render an Advisory Opinion**

Even if the Li Plaintiffs had not waived their right to pursue an additional lis pendens, their Motion is procedurally flawed.  First, they have failed to properly assert a claim for declaratory relief in their SAC, precluding the Court from considering this issue.  And second, there is no procedural mechanism that authorizes the Court to render an advisory opinion regarding the validity of a hypothetical notice of lis pendens.

As a general proposition, courts only consider claims that are properly asserted or pursued. *Kaplan v. Rose*, 49 F.3d 1362, 1370 (9th Cir. 1994), *overruled on other grounds*.   In determining whether a claim is properly before the court, courts have routinely held that legal theories set forth in motions practice cannot serve to amend a complaint.  *See Smith v. Pizza Hut, Inc*., 694 F. Supp.2d 1227, 1230 (D. Colo. 2010); *Evans v. McDonald's Corporation, et al*., 936 F.2d 1087 (10th Cir. 1991) (noting that claims not raised in a complaint are not properly before the court); *Lawmaster v. Ward*, 125 F.3d 1341, 1346 n. 2 (10th Cir. 1997) (refusing to consider claim not raised in complaint).  Instead, Fed. R. Civ. P. 15 requires a party to seek leave of the court to amend its pleadings, which the Li Plaintiffs have not done.  *See* Fed. R. Civ. P. 15(a)(2).  The SAC is entirely devoid of any claim for declaratory relief regarding the validity of an unfiled and

unrecorded, hypothetical notice of lis pendens.  And while the Li Plaintiffs filed a claim called "Lis Pendens," which of course is not recognized at law, this claim addresses only the notice of lis pendens that was previously filed and ultimately declared spurious.

But even if the Li Plaintiffs had properly asserted a claim for declaratory relief, Fed. R. Civ. P. 57 does not permit the Court to grant their requested relief.  Federal courts do not render advisory opinions and are limited to deciding issues in actual cases and controversies.  U.S. CONST. art. III, § 1 *et seq.*; *Barr v. Matteo*, 355 U.S. 171, 172 (1957); *Oklahoma City, Oklahoma v. Dulick*, 318 F.2d 830, 831 (10th Cir. 1963).  Seeking to litigate this ostensible controversy over an unfiled, potential future notice of lis pendens is "the very sort of speculative, 'hypothetical' factual scenario that would render such a [declaratory] judgment a prohibited advisory opinion."  *Schell v. OXY USA Inc*., 814 F.3d 1107, 1115 (10th Cir. 2016) (quoting *Jordan*, 654 F.3d at 1026).  This is particularly true where there is no requirement for judicial approval prior to filing a lis pendens. *See, e.g., Federal Home Loan Mortg. Corp. v. Desmet*, Civil No. 13-cv-041, 2013 WL 866877, at * 3, n. 4 (D. N.H. Feb. 5, 2013) (court held that it lacked statutory authority to endorse a lis pendens and declined to issue an "advisory opinion" on whether the circumstances supported a lis pendens).

**WHEREFORE**, the CRC Entities respectfully request that the Court enter an order denying the Motion for Expedited Briefing and Hearing for Declaratory Relief Authorizing the Li Plaintiffs to Record a Lis Pendens.

DATED: February 10, 2020.

/s/James D. Kilroy
James D. Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202
Telephone: 303.634.2000
Facsimile: .303.634.2020
Email: jkilroy@swlaw.com
Email: skanan@swlaw.com

**Counsel for Defendants Waveland Ventures, LLC, Colorado Regional Center Project Solaris, LLLP, Colorado Regional Center I, LLC and Colorado Regional Center, LLC**

7

## CERTIFICATE OF SERVICE

This is to certify that on February 10, 2020, a true and correct copy of the above and foregoing **DEFENDANTS WAVELAND VENTURES, LLC, COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP, COLORADO REGIONAL CENTER I, LLC AND COLORADO REGIONAL CENTER, LLC'S RESPONSE IN OPPOSITION TO MOTION FOR EXPEDITED BRIEFING AND HEARING FOR DECLARATORY RELIEF AUTHORIZING THE LI PLAINTIFFS TO RECORD A LIST PENDENS [ECF 141]** has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203


_/s/Sandy Braverman_____
for Snell & Wilmer L.L.P.

4844-4916-1651.1