**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 19-cv-02443-RM-STV**

Li, *et al.*,

    Plaintiffs,

v.

Waveland Ventures, LLC, *et al.*,

    Defendants.

---

**CRC DEFENDANTS' RESPONSE TO LI PLAINTIFFS' RULE 59(e) MOTION TO AMEND JUDGMENT MOTION TO AMEND COMPLAINT [ECF 131]**

---

Defendants Waveland Ventures, LLC Colorado Regional Center Project Solaris LLLP, Colorado Regional Center, LLC and Colorado Regional Center I, LLC (the "CRC Defendants"), by and through undersigned counsel, hereby submit this Response in Opposition to Rule 59(e) Motion to Amend Judgment Due to Breach of Local Rules, Response to Motion to Strike, and Motion for Amended Complaint Under Rule 15(a)(2) [ECF 131] ("Motion"), and state as follows:

**I.   BACKGROUND**

On January 22, 2020, the Li Plaintiffs' filed a Third Amended Complaint [ECF 121 and 123], which the Court struck on January 28, 2020 based on the Li Plaintiffs' counsel's incorrect representation that the Third Amended Complaint would simply be for purposes of adding two additional Plaintiffs. [ECF 130]. That same day the Li Plaintiffs then filed a combined motion to "alter judgment" under Fed. R. Civ. P. 59 and to amend their pleading under Fed. R. Civ. P. 15(a)(2). [ECF 131]. The Court denied the motion to alter judgment and stated "(t)o the extent the

Plaintiffs now seek leave to amend pursuant to Rule 15 in the instant Motion, Defendants shall file a response to the Motion on or before 2/11/2020."

The CRC Defendants oppose the Li Plaintiffs' Motion.

## II.     STANDARD OF REVIEW

Fed. R. Civ. P. 15(a)(2) provides that a party may amend its pleading only with the opposing party's written consent or the court's leave.  This rule also provides that the court should freely give leave when justice so requires.

In the Tenth Circuit, it has "been long established" that the decision to grant or deny leave to amend a complaint lies solely within the district court's discretion.  *See State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) (citing *United States Fidelity and Guaranty Co. v. United States*, 389 F.2d 697, (10th Cir. 1968)). A court may deny leave to amend based upon a litany of reasons, including "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc*., 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

An amendment may be denied based solely on the lack of an adequate explanation for the delay. *See, Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

## III.     ARGUMENT

The Li Plaintiffs' Third Amended Complaint is, of course, their *fourth* attempt to state claims upon which relief can be granted. They filed their original Complaint [ECF 1] on August 28, 2019. On October 17, 2019 the Li Plaintiffs filed their First Amended Complaint [ECF 53], which they were permitted to file without leave of Court and as a matter of course under Fed. R.

2

Civ. P. 15(a)(1)(A) within 21 days after serving Defendants. The Li Plaintiffs then filed a motion called "Plaintiffs' Motion to Add One Plaintiff (Cao Xiaolong) Under F.R.C.P. 20 – Strangely Opposed by Defendants' Counsel."[1] Over objection of other Defendants Solaris Property Owner, Solaris Property Owner I and Peter Knobel [ECF 78], Magistrate Judge Varholak granted the Li Plaintiffs' leave to file a Second Amended Complaint. [ECF 81], which the Li Plaintiffs did on November 18, 2019. [ECF 86].

On November 19, 2019, the Court granted a stipulated Motion to Consolidate [ECF 85], and consolidated the Li Plaintiffs' action (No. 19-cv-2443) with a related action filed by a group known as the Cui Plaintiffs (No. 19-cv-2637). On November 29, 2019, counsel for the Li Plaintiffs emailed counsel for Defendants the following: "Does anyone object if I add another plaintiff, Wu Hsi Yi?" In that email discussion, counsel for the Li Plaintiffs asked whether the "amendment of one name in the caption of the case is an "amendment" that creates extra work" for Defendants' counsel. *See* Exhibit A. At that time, counsel for Defendants expressed concerns about the Li Plaintiffs' serial amendments and the issue of further amendments was shelved until a December 19, 2019 Scheduling Conference with Magistrate Judge Varholak.

During the December 19, 2019 Scheduling Conference counsel for the Li Plaintiffs discussed the issue of further amendments of the Li Plaintiffs' pleading. *See* Exhibit B, the full transcript of the December 19, 2019 Scheduling Conference. Counsel for the Li Plaintiffs at first advised Magistrate Judge Varholak that he had at least two more plaintiffs he wanted to add and basically asked if he could just add them by "amending the caption." *See* Exhibit B, page 5.

---

[1] Undersigned counsel actually never opposed this motion, instead advising counsel for the Li Plaintiffs, in writing before the Li Plaintiffs filed this motion, "On behalf of my clients I do not object." [ECF 74].

4819-9363-2691.1

Magistrate Varholak advised counsel for the Li Plaintiffs that an amended pleading is necessary in order to add parties. *See* Exhibit B, page 5. Having been expressly advised by counsel that the anticipated Third Amended Complaint would essentially be a simple addition of two plaintiffs through a caption amendment, Magistrate Varholak ordered the Li Plaintiffs to file their Third Amended Complaint by January 31, 2020 and gave Defendants until February 28, 2020 to file motions to dismiss. *See* Exhibit B, page 5-7.

Reasonably believing that the Third Amended Complaint would be essentially identical to the Second Amended Complaint (with the addition of two plaintiffs), undersigned counsel has spent weeks researching and preparing a motion to dismiss the Li Plaintiffs' anticipated Third Amended Complaint. On January 23, 2020, the Li Plaintiffs filed their actual Third Amended Complaint. [ECF 121]. The redlined version shows that this is an entirely new pleading in almost every respect.

### A.   The Proposed Third Amended Complaint Will Cause Prejudice to Defendants

First, the proposed Third Amended Complaint, if permitted, will cause great and unfair prejudice to the CRC Defendants. *Foman*, 371 U.S. at 182. The CRC Defendants have been diligently working on motion to dismiss for the last five weeks directed at the factual allegations and substantive claims of the Second Amended Complaint [ECF 86]. The Third Amended Complaint barely resembles the Second Amended Complaint, and counsel will now have to start yet again the process of preparing a new motion to dismiss. Prejudice under Fed. R. Civ. P. 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir.1969). *See United States ex rel. Adrian v. Regents of the University of California*, 363 F.3d

4

398, 404 (5th Cir. 2004) (where the Fifth Circuit upheld district court denial of leave to file third amended complaint and recognition that that "pleadings review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right"); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998) ("we do not favor permitting a party to attempt to salvage a lost case by untimely suggestion of new theories of recovery").

### B. The Proposed Third Amended Complaint Constitutes Bad Faith

Second, the proposed Third Amended Complaint appears to constitute bad faith on the part of the Li Plaintiffs. *Foman*, 371 U.S. at 182. Indeed, the entire pleading appears to be a reaction to the CRC Defendants' response to the Li Plaintiffs' motion to disqualify undersigned counsel. [ECF 117]. Frankly, it appears that he Li Plaintiffs are, at this point, simply trying to plead into a conflict of interest for the CRC Defendantss' attorneys in an improper manner. *See Proctor & Gamble Co. v. Haugen*, 179 F.R.D. 622, 630-31 (D. Utah 1998), *rev'd in part on other grounds,* 222 F.3d 1262 (10th Cir. 2000) (denying motion to amend which was mere tactical maneuver to obtain discovery) *see also Oneida Indian Nation v. County of Oneida. N.Y.*, 199 F.R.D. 61, 80 (N.D.N.Y. 2000) ("A finding that a party is seeking leave to amend solely to gain a tactical advantage ... supports a finding that such an amendment is made in bad faith.") (citing *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409,417-18 (2d Cir. 1990) (motion to amend denied where plaintiff delayed raising claims to gain strategic advantage); *Chitimacha Tribe of Louisiana v. Harry L. Laws Co*. 690 F.2d 1157, 1164 (5th Cir. 1982) ("improper to amend solely to gain a tactical advantage").

5

### C. The Proposed Third Amended Complaint is Futile

Third, the proposed Third Amended Complaint is futile. *Foman*, 371. U.S. at 182. For instance, the new claims, and in particular the new posture of the Li Plaintiffs' case clarifies that the Li Plaintiffs and their counsel appear to be pursuing direct and derivative claims simultaneously.[2]

The Li Plaintiffs insist that the proposed Third Amended Complaint "doesn't add new parties and it contains only a few changes from the Second Amended Complaint, two of which are cosmetic and one that is substantive." [ECF 131, page 5]. This is demonstrably untrue. The Third Amended Complaint specifically seeks to add as parties alleged "owners" of the alleged "Lender Group." Though not identified in the caption of the proposed Third Amended Complaint, these individuals are identified, by name, in paragraph 14 of the Third Amended Complaint – with no explanation at all of how or why they should be added to this lawsuit (if that is what the Li Plaintiffs are suggesting, while not pleading). The "cosmetic" changes are undeniably a complete make-over. Again, the proposed Third Amended Complaint does not even resemble the second Amended Complaint in any regard. It is true that the Li Plaintiffs seek to dismiss two claims for breach of the securities laws, but that is because there is not and never was a private right of action for those claims. *See In re Oppenheimer Rochester Funds Group Sec. Litigation*, 838 F. Supp. 2d 1148, 1158 (D. Colo. 2012). It is simply not true, as the Li Plaintiffs contend, that the only other

---

[2] In their apparent reply in support of a motion to disqualify undersigned counsel [ECF 125], the Li Plaintiffs insist that it is well settled that shareholders have the right to bring direct and derivative actions simultaneously, citing to *Sebnik v. Dean*, 2006 Westlaw 2457386 (D. Colo. August 22, 2006), attached hereto as Exhibit C. In *Srebnik*, the district court denied a motion to disqualify after finding that the derivative and direct claims were "equally contingent upon the proof of the same nucleus of facts." *Srebnik*, at * 2. The Court held that "at this stage of the proceeding there is only a potential conflict. Notably, the CRC Entities, unlike the Li Plaintiffs, have not filed a motion to disqualify – expressly because it is not clear that there is a "serious conflict" at this early stage of the litigation process.

6

substantive changes to the proposed Third Amended Complaint are the addition of two causes of action. [ECF 131, page 5]. A simple review of the Second Amended Complaint immediately reveals otherwise. As for the two claims that the Li Plaintiffs claim to be new, they are basically nonsensical. The proposed claim for civil theft under C.R.S. § 18-4-405 is, on its face, entirely duplicative of and preempted by what the Li Plaintiffs call "derivative" claims of securities fraud (Counts V and VI of the proposed Third Amended Complaint). The claim called "derivative for removal of CRC as general partner" is again completely nonsensical. By way of a single example, the CRC Defendants do not and cannot possibly know what the Li Plaintiffs mean where, in paragraph 218 of the proposed Third Amended Complaint, they allege: "If they cannot hit the nail on the head, they should get out of the way and stop bending the nail and making it harder for everyone that comes later. And their pay should be clawed back. No person should profit from their wrongdoing." [ECF 131-1, page 48.

### D. If the Third Amended Complaint is Permitted, Conditions on Amendment Are Appropriate

Fourth, if the Court permits the filing of the dramatically different proposed Third Amended Complaint, the Court should impose conditions on the right to amend instead of a complete grant or denial. *Mullin v. Balicki*, 875 F. 3d 140, 150 (3rd Cir. 2017). For example, a court is permitted to narrow the scope of an amendment if it is too broad. *Id.* And, under the unique background of this case, the CRC Defendants contend that the Li Plaintiffs have caused the CRC Defendants to incur tremendous and now apparently unnecessary legal fees directed toward drafting a motion to dismiss that is now moot.

7

## IV. CONCLUSION

The CRC Defendants respectfully request that the Court deny Plaintiffs' request for leave to amend their Third Amended Complaint. [ECF 131]. In the alternative, the CRC Defendants ask, as a condition for further amendment, that the Court order the Li Plaintiffs to be responsible for attorneys' fees that counsel for the CRC Defendants have incurred in preparing the now moot motion to dismiss the Second Amended Complaint.

DATED: February 11, 2020.

>/s/James D. Kilroy
James D. Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202
Telephone: 303.634.2000
Facsimile: .303.634.2020
Email: jkilroy@swlaw.com
Email: skanan@swlaw.com

*Counsel for Defendants Waveland Ventures, LLC, Colorado Regional Center Project Solaris, LLLP, Colorado Regional Center, LLC and Colorado Regional Center I, LLC*

**CERTIFICATE OF SERVICE**

      This is to certify that on Februrary 11, 2020, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
David Maxted
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

                                                */s/Amy Kovarsky*
                                                for Snell & Wilmer L.L.P.

9

4819-9363-2691.1