**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 19-cv-02443-RM-STV**

Li, *et al.*,

    Plaintiffs,

v.

Waveland Ventures, LLC, *et al.*,

    Defendants.

---

**DEFENDANTS COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP, COLORADO REGIONAL CENTER, LLC, COLORADO REGIONAL CENTER I, LLC'S AND WAVELAND VENTURES, LLC'S RESPONSE IN OPPOSITION TO CUI PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT UNDER F.R.C.P. 15 [ECF 144]**

---

Defendants Waveland Ventures, LLC Colorado Regional Center Project Solaris LLLP, Colorado Regional Center, LLC and Colorado Regional Center I, LLC (the "CRC Defendants"), by and through undersigned counsel, hereby submit this Response in Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint Under F.R.C.P. 15 [ECF 144] ("Motion"), and state as follows:

### I.   BACKGROUND

On September 16, 2019 the Cui Plaintiffs filed their complaint. [ECF 1]. Undersigned counsel accepted service of the summons and complaint on October 20, 2019 [ECF 12-15] and began preparing motions to dismiss. The Cui Plaintiffs then filed an amended complaint on November 8, 2019, which they were entitled to do as a matter of course under Fed. R. Civ. P. 15(a)(1).

On November 19, 2019, the Court granted a stipulated Motion to Consolidate [ECF 85], and consolidated the Cui Plaintiffs (No. 19-cv-2637) action with a related action filed by a group known as the Li Plaintiffs (No. 19-cv-2443). This Court then held a December 19, 2019 Scheduling Conference in which the Court discussed with the parties the issue of further amendments of the Plaintiffs' pleading. *See* Exhibit A, the full transcript of the December 19, 2019 Scheduling Conference. At the December 19, 2019 Scheduling Conference, counsel for the separate Li Plaintiffs advised Magistrate Judge Varholak that he had at least two more plaintiffs he wanted to add and basically asked if he could just add them by "amending the caption." *See* Exhibit A, page 5. Having been expressly advised by counsel that the anticipated Third Amended Complaint would essentially be a simple addition of two plaintiffs through a caption amendment, Magistrate Varholak ordered the Li Plaintiffs to file their Third Amended Complaint by January 31, 2020 and gave Defendants until February 28, 2020 to file motions to dismiss. *See* Exhibit A, page 5-7.

Counsel for the Cui Plaintiffs, on the other hand, told Magistrate Judge Varholak: "And gentlemen, nothing is ever 100 percent, but I have no intention of amending the complaint unless I find out additional information which clearly I'm not going to get before [January] 31st. *See* Exhibit A, page 16. Because the Court stayed all discovery in light of the discovery stay in the federal securities statutes, no discovery has taken place since the December 19, 2019 Scheduling Conference – or ever.

Based on counsel for the Cui Plaintiffs' representation, counsel for the CRC Defendants diligently prepared another motion to dismiss. On January 31, 2020, the Cui Plaintiffs filed their

Motion for Leave to File a Second Amended Complaint. The CRC Defendants oppose the Cui Plaintiffs' Motion.

## II.     STANDARD OF REVIEW

Fed. R. Civ. P. 15(a)(2) provides that a party may amend its pleading only with the opposing party's written consent or the court's leave.  This rule also provides that the court should freely give leave when justice so requires.

In the Tenth Circuit, it has "been long established" that the decision to grant or deny leave to amend a complaint lies solely within the district court's discretion.  *See State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) (citing *United States Fidelity and Guaranty Co. v. United States*, 389 F.2d 697, (10th Cir. 1968)). A court may deny leave to amend based upon a litany of reasons, including "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc*., 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

An amendment may be denied based solely on the lack of an adequate explanation for the delay. *See, Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

## III.    ARGUMENT

### A.    The Proposed Second Amended Complaint Will Cause Prejudice to Defendants

First, the proposed Second Amended Complaint, if permitted, will cause unfair prejudice to the CRC Defendants. *Foman*, 371 U.S. at 182. And the Cui Plaintiffs' explanation for the delay is misleading. While the Cui Plaintiffs claim to have recently "discovered" new information [ECF 144-1, page 2], their counsel was correct in previously pointing out that there has been no discovery

3

at all in this case.  In fact, the "new information" that the Cui Plaintiffs claim to have reviewed in late 2019 is the public record documents from a preliminary injunction motion hearing that occurred in October 2019.

The Cui Plaintiffs' Second Amended Complaint is, of course, their *third* attempt to state claims upon which relief can be granted. The CRC Defendants have been diligently working on motion to dismiss for the last five weeks directed at the factual allegations and substantive claims of the Cui Plaintiffs' First Amended Complaint, and, if the Court permits this amendment the CRC Defendants will have to start over. Prejudice under Fed. R. Civ. P. 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir.1969). *See United States ex rel. Adrian v. Regents of the University of California*, 363 F.3d 398, 404 (5th Cir. 2004) (where the Fifth Circuit upheld district court denial of leave to file third amended complaint and recognition that that "pleadings review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right"); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998) ("we do not favor permitting a party to attempt to salvage a lost case by untimely suggestion of new theories of recovery").

### B. If the Third Amended Complaint is Permitted, Conditions on Amendment Are Appropriate

If the Court permits the filing of the proposed Cui Plaintiffs' Second Amended Complaint, the Court should impose conditions on the right to amend instead of a complete grant or denial. *Mullin v. Balicki*, 875 F. 3d 140, 150 (3rd Cir. 2017). For example, a court is permitted to narrow the scope of an amendment if it is too broad. *Id.* And, under the unique background of this case,

the CRC Defendants contend that the Cui Plaintiffs have caused the CRC Defendants to incur apparently unnecessary legal fees directed toward drafting a motion to dismiss that is now moot.

## IV. CONCLUSION

The CRC Defendants respectfully request that the Court deny the Cui Plaintiffs' request for leave to amend their Second Amended Complaint. [ECF 144]. In the alternative, the CRC Defendants ask, as a condition for further amendment, that the Court order the Cui Plaintiffs to be responsible for attorneys' fees that counsel for the CRC Defendants have incurred in preparing the now moot motion to dismiss the First Amended Complaint.

DATED: February 11, 2020.

/s/James D. Kilroy
James D. Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202
Telephone: 303.634.2000
Facsimile: .303.634.2020
Email: jkilroy@swlaw.com
Email: skanan@swlaw.com

*Counsel for Defendants Waveland Ventures, LLC, Colorado Regional Center Project Solaris, LLLP, Colorado Regional Center, LLC and Colorado Regional Center I, LLC*

**CERTIFICATE OF SERVICE**

This is to certify that on February 11, 2020, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
David Maxted
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

/s/Amy Kovarsky
for Snell & Wilmer L.L.P.

4812-5679-0707.1