1

```
 1            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLORADO
 2
    Case No. 19-cv-02443-RM-STV
 3  _____

 4  JUN LI, et al.,

 5       Plaintiffs,

 6  vs.

 7  COLORADO REGIONAL CENTER PROJECT SOLARIS, LLLP, et al.,

 8       Defendants.
    _____
 9

10          Proceedings before SCOTT T. VARHOLAK, United States

11  Magistrate Judge, United States District Court for the

12  District of Colorado, commencing at 2:09 p.m., December 19,

13  2019, in the United States Courthouse, Denver, Colorado.

14  _____

15          WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

16  ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .

17  _____

18                       APPEARANCES

19          DOUGLAS LITOWITZ, Attorney at Law, appearing for

20  the Plaintiffs.

21          JAMES D. KILROY, STEPHANIE KANAN, HAROLD HADDEN and

22  TY GEE, Attorneys at Law, appearing for the Defendants.

23  _____

24              RULE 16(b) SCHEDULING CONFERENCE

25
```

**EXHIBIT G**

4

 1   objection, but clarification.  Actually, no motions to

 2   dismiss have yet been filed.  The defendants have asked for

 3   extensions of time so we could discuss the timing of our

 4   motions to dismiss in light of at least Mr. Litowitz'

 5   interest I think in amending his pleading again.

 6              THE COURT:  Okay.

 7              MR. KILROY:  But with that --

 8              THE COURT:  Once it's filed, it will be stayed.

 9              MR. KILROY:  -- we're planning on motions to

10   dismiss in both cases.  I know Mr. Gee's clients are as well.

11              THE COURT:  Okay.  And that triggers the automatic

12   stay, at least in the 2637 case, but not the 2443 case?

13              MR. KILROY:  In both cases.

14              THE COURT:  In both cases?

15              MR. KILROY:  Yes.

16              THE COURT:  Let me ask Mr. Litowitz, are you

17   planning on filing amended complaints?

18              MR. LITOWITZ:  I have a bit of an issue with that.

19   That's why I wanted to talk to you about today.  I have more

20   plaintiffs lined up and I wanted to ask the Court if they

21   thought it made sense for me to keep amending just to add

22   plaintiffs or whether I should just move it in for

23   (inaudible).

24              THE COURT:  I think you need to amend in order to

25   add parties.  When do you intend to be done adding parties?

5

1          MR. LITOWITZ:  Well, they keep calling me.  I have
2   at least two more and then I've got a group of Koreans that
3   want -- that may want to come in, so I don't know.  I have at
4   least two that want to come in now, but every time I amend a
5   complaint, if I just add a party, I don't know if that's an
6   amendment or not.  Nothing substantive was amended last time
7   except the name of the one party.
8          THE COURT:  But I don't know how you're going to
9   add parties without amending a complaint.
10         MR. LITOWITZ:  Well, I'm just amending the caption.
11         THE COURT:  Well, not necessarily, because you're
12  adding a party to it and that party has a claim, a separate
13  claim.
14         MR. LITOWITZ:  Then maybe I should just do a class
15  action claim.
16         THE COURT:  What's that?  You broke up.
17         MR. LITOWITZ:  Maybe I should just do a class
18  action complaint, because we're going to get above 40 between
19  the two groups.
20         THE COURT:  Well, that brings me to my question of
21  when can you get a final complaint so that we can move this
22  case forward filed with whoever you want involved on the
23  plaintiff's side of things?
24         MR. LITOWITZ:  I guess I could do it by -- by, I
25  don't know, end of January, mid-January.

16

1  about that like we always do in a conferral and then somebody

2  will file a motion.  I do have one clarification question.

3          THE COURT:  Sure.

4          MR. KILROY:  I think we've been focused on

5  Mr. Litowitz' pleading, and I understand that the schedule he

6  has now to amend.  Are we on the same schedule for both

7  complaints?

8          THE COURT:  Yes, yes.  That applies -- from here on

9  out until these cases become unconsolidated, all deadlines

10 that I give are deadlines in both consolidated cases.

11         MR. KILROY:  So even if Mr. Stewart doesn't amend,

12 we have to the end of February?

13         THE COURT:  That's correct, correct.

14         MR. STEWART:  And, gentlemen, nothing is ever 100

15 percent, but I have no intention of amending the complaint

16 unless I find out additional information during discovery,

17 which clearly I'm not going to find out before the 31st.  So

18 that's where we're going to see an amendment -- another

19 amended complaint from my office.  Nothing is ever written in

20 stone, but I --

21         THE COURT:  Again, that goes back to the good cause

22 standard, which the Tenth Circuit has held that the discovery

23 of new information through the discovery process that could

24 not have been discovered earlier is good cause.

25         On the other hand --

17

1          MR. STEWART:  But then --

2          THE COURT:  -- (inaudible) of a new theory that

3    you -- that you had the facts on before is not good cause,

4    but we'll take that up when we get there.

5          MR. STEWART:  I understand, Your Honor.

6          THE COURT:  All right.  We'll be in recess then,

7    thank you

8          (Whereupon, the within hearing was then in

9    conclusion at 2:32 p.m.)

10

11

12             TRANSCRIBER'S CERTIFICATION

13   I certify that the foregoing is a correct transcript to the

14   best of my ability to hear and understand the audio recording

15   and based on the quality of the audio recording from the

16   above-entitled matter.

17

18   /s/ Dyann Labo                        January 14, 2020

19   Signature of Transcriber              Date

20

21

22

23

24

25