# In the United States District Court
# for the District of Colorado

Civil Action No. 1:19-cv-02443-RM-STV
—*Consolidated with* No. 19-cv-2637-RM-STV

JUN LI, *et al.*, individually and derivatively for Colorado Regional Center Project Solaris LLLP,

 Plaintiffs,

v.

WAVELAND VENTURES LLC, *et al.*,

 Defendants.

## The SPO Defendants' Partially Opposed Motion for Leave to File a Combined Response that Exceeds the Page Limit

 Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel (collectively, "SPO Defendants") move partially unopposed for leave to file a combined response of thirty pages to the *Li* plaintiffs' and the *Cui* plaintiffs' motions to amend their respective complaints (Docs.131 & 144).

 *Certificate of conferral.* I certify I conferred with counsel for the other defendants ("CRC Defendants"), counsel for the *Li* plaintiffs, and counsel for the *Cui* plaintiffs. The CRC Defendants and the *Cui* plaintiffs do not object to the relief request. The *Li* plaintiffs do.

 1. The Court's Practice Standards limit responses to no more than twenty pages. Judge Raymond P. Moore Practice Standards IV.C.1. (Aug. 1, 2019). We respectfully

submit there is good cause to permit the SPO Defendants to exceed the page limit in their response to the *Li* plaintiffs' and *Cui* plaintiffs' respective motions to amend.

2.  The *Li* plaintiffs moved on January 28, 2020, to file a 54-page Third Amended Complaint. Doc.131. The *Cui* plaintiffs moved on January 31 to file a 35-page Second Amended Complaint. Doc.144. Responses to both were due February 11. The CRC Defendants filed two responses—a response to the *Li* plaintiffs' motion, and a response to the *Cui* plaintiffs' motion. Docs.150 & 151. Under the Practice Standards, each response could be up to twenty pages.

3.  Late yesterday we filed a single, combined response to both motions. It was thirty pages. This was our reasoning in filing a single, combined response: The *Li* and *Cui* plaintiffs are similarly situated in that they all invested $500,000 in the defendant Colorado Regional Center Project Solaris, LLLP ("CRCPS"); they all allege they were the victims of fraud and other misconduct that allegedly induced them to make the investment and allegedly caused them to have significant, if unrealized, losses on their investment; they all allege the defendants participated in the fraud and various other misconduct. Both sets of plaintiffs sued the SPO Defendants. These are among the reasons the Court consolidated the cases. *See* Doc.93, at 2. It is apparent counsel for the two sets of plaintiffs collaborated in preparing their respective proposed complaints. The *Li* and *Cui* plaintiffs' respective complaints they ask leave to file—and the amendments they propose to make to those complaints—share many similarities, including allegations concerning the same transactions and documents, and similar allegations and claims

against the SPO Defendants. The legal standards for pleading amendment apply equally to both motions to amend. Some of the same reasons the amendments should not be permitted apply to both proposed complaints. The same exhibits, one of which is voluminous, are relevant to the opposition to both motions. Filing two responses, we believed, would result in unnecessary repetitiveness. It was more efficient to file one response of thirty pages with one set of eight exhibits than two responses of fifteen-twenty pages with two sets of the same exhibits.

The SPO Defendants respectfully request the Court's leave to file a single, combined thirty-page response to the *Li* and *Cui* plaintiffs' respective motions to amend.

February 12, 2020

Respectfully submitted,

*s/ Ty Gee*
Harold A. Haddon
Ty Gee
HADDON, MORGAN AND FOREMAN, P.C.
150 East Tenth Avenue
Denver, CO 80203
Tel 303.831.7364
hhaddon@hmflaw.com; tgee@hmflaw.com

*Attorneys for Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel*

3