**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-02443

JUN LI, et al., individually and derivatively for defendant COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,
Plaintiffs,

v.

WAVELAND VENTURES LLC, COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP, et al.,
Defendants.

Hon. Judge Raymond Moore
Hon. Magistrate Scott Varholak

---

## Reply of the Li Plaintiffs on Motion to Amended Complaint

---

The Defendants' Response [ECF 152] is an insufferable carnival of self-pity by millionaires who got rich from defrauding the Plaintiffs, and now they want to play the victim card to prevent the Plaintiffs from making a full and complete amended Complaint. They looted tens of million from Chinese investors through bogus deals, but *they* come to this Court saying *they* are the victims. They assert mendaciously that the Third Amended Complaint substantially burdens them, but this is nonsense. There is no burden on them beyond what all other defendants have to do, which is simply respond to a pleading for the first time. Their Response is just a gimmick to prevent the Court from learning full facts as set forth in the Third Amended Complaint.

There is no way the Third Amended Complaint imposes a backbreaking burden on the Defendants solely because it differs from Second Amended Complaint, when the Defendants have yet to even file a single responsive pleading in this case. They have no burden to change a filing or making new filings or amending anything. They merely have to make their *first* responsive

pleading to a complaint, and they have a month to do it, which is the same ‘burden’ that all defendants face. In fact, their ‘burden’ of responding isn’t due until the end of February, so the burden hasn’t even hit yet, let alone constitute a *substantial* burden.

Fed. R. Civ. Pro. 15 solves this entire issue in one swipe by saying that pleadings can be amended all the way through the trial phase, and such amendments are liberally allowed in the interests of justice, a rule echoed by the Supreme Court and the Tenth Circuit. According to the Supreme Court, the purpose of Rule 15 is to allow parties to amend as necessary to test all their claims. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227 (1962); *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)(cases should not be decided on procedural niceties but on the interests of justice). More facts of this case are emerging as information is uncovered through communications between the Defendants and the plaintiffs-investors, and this is reflected in the Third Amended Complaint. So even if the Third Amended Complaint was hugely different from the previous iteration, the interests of justice require that all the facts be laid out in a Complaint, and the sole burden on the Defendants’ side is to only make one - 1 - responsive pleading. That is not a substantial burden that outweighs the rights of a plaintiff to amend, as set forth in the Federal Rules and echoed by the highest court in this land.

In fact, the Defendants created their own mess. All they had to do was sit back and wait for the Third Amended Complaint (which was filed early, on January 22nd), and then use the following five weeks to write a responsive pleading. Instead, they unilaterally decided to start working on a response to the *Second* Amended Complaint despite full knowledge that a *Third* Amended Complaint was coming. So when the *Third* Amended Complaint arrived with a fair amount of changes (most of which were cosmetic) they cried foul and insisted they were grievously

injured.  Instead of admitting that they wasted their time responding to a complaint they knew in advance would be replaced, they blame Plaintiffs' counsel for imposing a prejudicial burden by exercising their right to amend the complaint to fit the newly discovered facts and the court transcript of the October hearing.  Apparently, the whole world has to revolve around the Defendants: they wasted their time, and now the Court has to do their bidding to punish the Plaintiffs for the Defendants' own bad judgment.  In reality, their only burden is to prepare their very first responsive pleading, which is hardly a burden at all.

Any version of the Complaint must reflect these facts: the Regional Center Defendants raised $82,500,000 of Chinese cash by misrepresenting to the Chinese that the money would be loaned to the Knobel Defendants on a 1:1 *fully* collateralized non-recourse basis, and that the money would be repaid in five years or less.  The Regional Center Defendants turned around and made a loan that was *under-collateralized*, fraudulent, with hidden terms and secret documents prefabricated in Colorado in undisclosed meetings with the Knobel Defendants.  The proof was in the pudding.  After three years, the Defendants left the 165 Chinese investors holding merely 19 unsellable and wildly overpriced units at Solaris Vail that were not collateralized at $82,500,000 but rather, maybe, perhaps, at $40,000,000 but even that is a high-end guesstimate.  Meanwhile, the Regional Center Defendants feeds the Chinese Plaintiffs nonsense every six months, saying the units are worth $73 million on a balance of $78 million, yet if sold immediately the units would fetch only $40 million over 7 years, which actually creates a present value closer to $33,000,000 than to $73,000,000.  And now they want to sell a unit to pay fees to themselves.  To cap it off, they never foreclosed on the collateral.  The whole thing is a bottomless pit of fakery and fraud, and everyone knows it, so we should all be adults and stop pretending this was a legitimate investment.  The real estate market in Vail did not lose half its value in 3 years so the Chinese

should not have lost half their value in 3 years in a loan collateralized with Vail properties -- such asymmetry cannot happen by accident; it can only happen by wrongdoing. Those are the facts and they are set forth in the Third Amended Complaint, which is why the Defendants are fighting so hard to prevent it from being filed.

The Chinese Plaintiffs are not "disappointed investors" as the Response calls them. Their money is not 'lost in the market' or 'lost in a bad investment': it is not 'lost' at all, it is very easy to locate since it went straight into the pockets of Peter Knobel and his flow-through entities, and into the pockets of the Regional Center Defendants. This was not an investment gone wrong, it was a prefabricated disguised sale to defraud the investors for the benefit of specific identifiable persons, and it was set up long in advance with foreknowledge that the Chinese would bear all the expenses and lose their money. To hide the whole mess, the Defendants created a shell game of interlocking and successive LLCs to hide the true owners and to create bankruptcy-remote entities, and now they complain in their Response that the Plaintiffs cannot identify the residences of the persons whom they have hidden under the LLC shells. It's a scam, pure and simple, and the facts will be contested, and both consolidated cases will easily survive a motion to dismiss. The Defendants will keep submitting massive motions to make mountains out of molehills in an effort to wear down the Plaintiffs. It is the oldest and least imaginative strategy in the book.

At the hearing in October, Magistrate Judge Varholak asked attorney Litowitz what remedy would resolve this case quickly and fairly, and Litowitz said that Defendant Knobel should just pay back his loan of $82,500,000. Tr. October 22, 2019, at 93 (Litowitz: "Very easy. Very easy. The person that borrowed the money pays it back. That doesn't sound too complicated. They borrowed the money. They pay it back.") Knobel can take back his unsellable and overvalued

and overpriced "collateral" units which are already in his name anyway, and simply pay back the investors in cash. He had the use of the Plaintiffs' money for a long time, and now he should pay it back. That is not a punishment but simply a return of ill-gotten gains and honoring his obligations. There is no reason to waste Court resources spinning its wheels on technicalities when the entire thing can be solved by just having the borrower pay back the loan, which it has the ability to do.

In the end, the interests of justice require that this Court accept the Third Amended Complaint because it tells the truth about this debacle. There is no substantial harm to the Defendants in responding to this Complaint, since it will merely be their first ever responsive pleading and that is something they have to submit anyway.

Furthermore, the Response is 95% a Rule 12(b)(6) motion that is surreptitiously disguised as a Rule 15 motion, so it is untimely and premature. This motion is about Rule 15, not Rule 12. Their material on Rule 15 -- that it somehow bars a Third Amended Complaint -- is so weak that it cannot stand alone. It is unconvincing to say the least.

Dated: February 13, 2020

        Respectfully Submitted,
        /s/ Douglas Litowitz
        Douglas Litowitz
        413 Locust Place
        Deerfield, IL 60015
        Tel. (312) 622-2848
        Email: litowitz@gmail.com

        Attorney for the Li Plaintiffs

**Certificate of Service**

I certify that the foregoing Reply was served on all counsels of record by submitting the same through the ECF system for this District.

/s/ Douglas Litowitz