# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

JUN LI, et al., individually and derivatively for defendant COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

        Plaintiffs,

v.

WAVELAND VENTURES LLC,
COLORADO REGIONAL CENTER
PROJECT SOLARIS LLLP, et al.,

    Defendants.

Hon. Judge Raymond Moore
Hon. Magistrate Scott Varholak

## Li Plaintiffs' Reply on Declaratory Relief Authorizing a Lis Pendens

This is a court proceeding where the parties dispute who holds the superior claim to title of real property, based on business contracts. Therefore it easily justifies the filing of a lis pendens on the real property. Furthermore the Plaintiffs' claim for lis pendens has long been pleaded in the derivative manner requested by the Magistrate Judge, so there is no valid reason to deny a lis pendens at this time.

In the face of the Plaintiffs' overwhelming right to file a new lis pendens, the Defendants adopt a last-ditch strategy of gravedigging. They take this Court's Order in ECF 66 and contort it with linguistic plyers to rip away the context, until it resembles a perpetual promise by attorney

Litowitz to never - ever - under any circumstances - no matter what - as long as humans walk the earth - never to file a lis pendens on the real property at issue here.

Unfortunately for the Defendants, the Courts do not allow parties to strip away all context, since it is a bad interpretive methodology. The Supreme Court says that context matters. *Yates v. U.S.,* 574 U.S. 528, 135 S.Ct. 1074, 1082 (2015)("In law as in life, however, the same words, placed in different contexts, sometimes mean different things.") The Tenth Circuit also warns against taking statements out of context because it distorts their meaning. *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1108 (10th Cir. 2017)("we consider the entire context to determine if a false impression is created"); *Rinsley v. Brandt*, 700 F.2d 1304, 1310 (10th Cir. 1983)(court can look for truth or falsity of statements "as long as the court reads them in context.") So we must read Litowitz's promise not to file a lis pendens in the context of ECF 66.

The context of ECF 66 was that Judge Magistrate Varholak decided that a bulk sale was advantageous to the Plaintiffs, and that the first Complaint did not state a derivative claim to real estate. So in the context of the Judge's feeling that a bulk sale should be allowed to go through, attorney Litowitz agreed to refrain from filing a lis pendens to block the bulk sale, a promised which he has honored for long enough already. We are far beyond that the bulk sale possibility, and we are in a different context.

Even the Judge himself said that Litowitz could refile the lis pendens at a later time:

> THE COURT: I think that we - as the motion is currently sitting, I should grant the motion to strike the notice of lis pendens because as it was filed -- when it was filed there wasn't a derivative claim. Now, now there is, and in theory you can go back in after I strike this and file a new notice of lis pendens, and then we can argue about whether that's valid or not going into whether or not there is a validly pled

> derivative claim." Tr. October 22, 2019, at 86 (emphasis added).

That was in October of 2019. Now it is February 2020. Litowitz gave the Defendants months to conduct a bulk sale but they came up empty. At present there isn't any bulk sale contemplated, only the sale of a single unit with the proceeds going primarily to the managers and not to the limited partners. The context has changed, and ECF 66 is stale. Further, there is now a Second Amended Complaint which cures the defect cited by the Judge (lack of a derivative complaint) by having a specific derivative claim to lis pendens:

> **203.** Based on the reasonable belief that the LP has a claim to title of the collateral units currently held by SPO I, and a beneficial interest in the proceeds of the sale of any such unit of collateral, the Plaintiffs have placed a *lis pendens* on such units under C.R.S. 38-25-110 to reflect that there is litigation concerning the proper title holder of the units.
> **204.** The *lis pendens* is filed in good faith, under the Plaintiffs' informed belief that they have a derivative claim against such real estate to be transferred to the LP and then sold under terms and conditions that are fair and approved by the Court.

As this Court knows, the deal documents provided to the Plaintiffs say that title to the collateral must be transferred:

> **Promissory Note** at p. 1: "Borrower shall have the absolute right to prepay the portion of the Note attributable to any Loan Advance by repaying Lender the amount of such Loan Advance in cash or ***conveying*** Lender the Collateral Units"
>
> **Confidential Information Memorandum (PPP)** at pp. 12-13**:** "[T]he unpaid principal balance together with any accrued but unpaid interest shall be due and payable either in cash or by ***transfer*** of certain Condominium Units in lieu of cash.
>
> **Subscription Agreement** at p. 112 of the PPM: "Additionally, if SPO elects to redeem the Solaris Note ***by transferring ownership*** of one or more Condominium Units, ***then the Company will own the units*** and will be required to pay Homeowners Association dues,

3

> property taxes, insurance, and other expenses relating to ownership of the units.
>
> **Loan Agreement** at section 11: "[A]ny time after the expiration of thirty-six (36) months following a Loan Advance, Borrower shall have the absolute right to prepay the portion of the Note attributable to such Loan Advance by replaying Lender the amount of such Loan Advance or ***tendering to Lender the Collateral Units*** securing such Loan Advance."

This means that CRCPS has the right to hold title, and this can be enforced derivatively. In fact, Defendant CRC told investors that title had already been transferred:

> Friday, April 26, 2013
> From: Meagan C. Hayes
> To: Jinge Hu
> Hi,
> Please see the list below of condominium units that have been transferred from SPO to CRCPS. To date, 16/18 of the units have been transferred.

By another email, CRC told an investor, "CRCPS has all the benefits and burdens of ownership of the real estate and that the ultimate transfer of title is simply a matter of time." See ECF 22 at p. 5, Exs. 1-2. Currently, CRCPS creates the impression that it holds title to the units by referring to the units as its "Partnership Property" in its 6-month notices to limited partners. Basically the Defendants cannot keep their story consistent about whether title *has been* transferred or *should be* transferred or *will be* transferred or *won't be* transferred or *needn't be* transferred. They've created a gigantic ball of confusion.

    In fact, the Defendants' only argument against a lis pendens is the weak claim of a secret, never revealed agreement that they pulled out of some crypt. This 2015 Agreement Regarding Collateral Units was never shown to limited partners (so much for the duty of good faith and fair dealing!). It says that SPO1 agrees in 2015 to "temporarily" refrain from conveying title. Apparently, the Defendants think that the word "temporarily" stretches for

5 years, which is longer than the 3 years that SPO1 held the loan and then 'repaid' it with illiquid, overpriced, unsellable units worth half of the money that SPO received.

If that is their argument for keeping title in the name of SPO1, then fine. But it just proves the Plaintiffs' point that there is a title dispute here. It makes the case for lis pendens *stronger*.

In summary, this is a classic title dispute that is tailor-made for a lis pendens. This is a business dispute over who holds title to real estate, and the parties have brought this disagreement to the courthouse and pleaded it in the manner requested by the Judge Magistrate. That is what *lis pendens* means: litigation pending. There is litigation pending about title to these units, so a lis pendens is warranted. And to avoid the Defendants assertion that the Plaintiffs are requesting an 'advisory opinion,' the Plaintiffs will file a new lis pendens at their next convenience.

Dated: February 13, 2020

Respectfully Submitted,

/s/ Douglas Litowitz
413 Locust Place
Deerfield, IL 60015
312-622-2848
Litowitz@gmail.com

5