**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
                 Plaintiffs,

           v.                     Hon. Magistrate Scott Varholak

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I, and
Peter Knobel,
                 Defendants.

---

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT UNDER F.R.C.P. 15**

---

Plaintiffs, by and through the undersigned counsel, hereby submit this Reply to

Defendants' Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint

[ECF 151] ("Opposition").

## BACKGROUND

Defendants appear to contend that because Plaintiffs' counsel made a qualified comment

about his intention to amend the complaint, that Plaintiffs should be barred from filing an

amended complaint. Defendants not only take the position that Plaintiffs should be forever

barred from requesting leave to amend their complaint; but also contend that in the event leave to

amend is granted, Defendants should be awarded attorney's fees for "five weeks" of unnecessary

work to prepare a Motion to Dismiss the First Amended Complaint ["FAC"]. Defendants fail to

explain how the "work" would be unnecessary when all of the causes of action in the FAC are

still plead in the proposed Second Amended Complaint ["SAC"].  We can only surmise that changing the word "First" to the word "Second" in the proposed motion would be a daunting task that will undoubtedly require multiple associates several days to accomplish.

## LEGAL AUTHORITY

F.R.C.P. 15 (a) (2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. **The court should freely give leave when justice so requires**." Fed. R. Civ. P. 15(a)(2) (emphasis added). "A court should deny leave to amend only upon 'undue delay, bad faith or dilatory motive on the part of the [moving party], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the [non-moving parties,] . . . [or] futility.' *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *see also Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-04 (2d Cir. 2005) ("A Rule 15(a) motion should be denied only for reasons as undue delay, bad faith, futility of the amendment, and perhaps the most important, the resulting prejudice to the opposing party.")" *Lavigne v. Michael's Stores, Inc.,* 2015 U.S. Dist. LEXIS 52518, *9-10, 2015 WL 1826169. Defendants' Opposition fails to establish any of the elements required to deny the Plaintiffs' request.

## ARGUMENT

### A. Plaintiffs' Proposed Second Amended Complaint Will *Not* Cause Prejudice to Defendants

Defendants contend that they will be unfairly prejudiced if Plaintiffs are allowed to file their proposed Second Amended Complaint. This is not true. *Cui v. Waveland Ventures, LLC,* Civil Action No. 19-cv-02637 was consolidated with *Li v. Waveland Ventures, LLC*, Civil Case No. 19-cv-02443 on November 19, 2019 [ECF 93].  Defendants mischaracterize that the documents Plaintiffs reviewed in "late 2019" were "public record documents." In actuality,

Plaintiffs' counsel had to wait until December 2019 to review documents from an October 2019 preliminary injunction hearing in the *Li* matter because those documents were under seal, and were not available to Plaintiff's counsel until the two cases were consolidated.   Following the consolidation Defendants' counsel sent the copies of evidence along with the court transcript on December 10, 2019.

Defendants set forth that they have been "diligently working on motion to dismiss for the last five weeks" directed at Plaintiffs FAC, and Defendants would have to "start over" if the Court permits Plaintiffs' Second Amended Complaint ("SAC"). [ECF 151, page 4]. Defendants' assertion is preposterous and premature.  As part of the conferral process, Defendants were provided a draft of the proposed SAC, and if they had adequately reviewed it, they would realize that it is almost identical to the FAC with the only changes being the addition of two claims, Declaratory Relief and Piercing the Corporate Veil.  Defendants would *not* have to "start over" if and when they choose to file a motion to dismiss the SAC. Defendants would simply need to add arguments in their current drafted motion to dismiss to address the two new causes of action. To do otherwise and "start over" would be inefficient, impractical and would perpetrate a fraud upon the Court.

There is no undue prejudice to the Defendants as they have yet to file a responsive pleading in this matter.  Defendants have conceded that "there has been no discovery at all in this case." [ECF 151, page 3-4]. In their opposition, Defendants have cited cases that have all progressed far beyond the early stages of litigation. In *Deakyne v. Commissioners of Lewes*, 416 F.2d 290 (3d Cir. 1969), the Third Circuit reversed a district court decision, ordered a new trial, and held that the district court erred in not allowing appellant to amend its pleadings to include a statutory defense. *Deakyne*, 416 F.2d at 299-300. In *United States ex rel. Adrian v. Regents of University of California*, 363 F.3d 398 (5th Cir. 2004), defendants had already filed motions to

dismiss that were granted, and the Fifth Circuit upheld the district court's denial of allowing

plaintiff to file a *third* amended complaint when plaintiff already received objections raised in

the defendants' motions to dismiss plaintiff's *first* amended complaint. *United States ex rel.*

*Adrian*, 363 F.3d at 403-04. In *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785 (10th Cir. 1998),

appellant's motion to amend was denied because the amended complaint proposed new theories

that were not advanced until after appellant's primary theories had been dismissed. *Viernow*, 157

F.3d at 799-800.

In the instant matter, Defendants have ***not*** filed answers or motions to dismiss.

Accordingly, none of the *Cui* Plaintiffs' claims or theories has been dismissed, and the *Cui*

Plaintiffs are not making a third attempt to rehabilitate claims that have previously been found

inadequate.  Instead, the proposed SAC merely adds a claim for declaratory relief to interpret

certain agreements between the parties and a claim to include alter ego claims that are

substantially similar to ones already made in the *Li* action.  Given the early stages of litigation,

there is no undue prejudice to the Defendants. Moreover, permitting the two additional claims

would help to clarify the Plaintiff's claims to both the Court and the Defendants. Thus, for the

reasons set forth herein and in Plaintiffs' Motion for Leave to File a Second Amended Complaint

Under F.R.C.P. 15 [ECF 144], and because the Defendants have failed to establish any of the

recognized requirements for denying leave to amend, the Court should grant Plaintiffs request for

leave to amend.

**B.  Conditions Imposed on the Second Amended Complaint are Neither Necessary Nor Appropriate**

Alternatively, Defendants argue that if the Court permits filing of Plaintiffs' SAC, there

should be conditions imposed "on the right to amend instead of a complete grant or denial."

[ECF 151, page 4]. Defendants abruptly contend that given the "unique background" in the

instant case, Defendants have incurred "apparently unnecessary legal fees directed toward drafting a motion to dismiss that is now moot." [ECF 151, page 4-5]. Defendants' arguments are inapposite for the following reasons.

Defendants cite to *Mullin v. Balicki*, 875 F.3d 140 (3rd Cir. 2017) for the assertion that a court may narrow the scope of an amendment if the request is considered too broad. [ECF 151, page 4 (citing *Mullin*, 875 F.3d at 150)]. The use of this assertion is rather misleading and inapplicable to the instant matter. The *Mullin* case is a civil rights suit brought by decedent's mother ("Mullin") based on decedent's suicide while in custody. *Mullin*, 875 F.3d at 145. Mullin had already twice amended her complaint, each of which was met with motions to dismiss. *Id.* at 146. While the motions to dismiss were pending, Mullin's counsel received new evidence in discovery which was misplaced due to a clerical error, so Mullin's attorney was not aware of the new material and did not move to further amend her complaint. *Id.* at 147-48. The District Court granted the motion to dismiss, and when Mullin's counsel realized her mistake, she promptly moved for leave to amend her complaint to include the information from the misplaced discovery. *Id.* at 148. The Magistrate Judge denied leave to amend and Mullin's counsel appealed. *Id.* at 149. The Third Circuit concluded that the Magistrate Judge's denial was an abuse of discretion and remanded the matter to reassess the propriety of the amendment. *Id.* at 159. The Third Circuit further stated that if the lower court still found the delay was undue, then it *may* consider attaching conditions or limited the amendment to mitigate concerns. *Id.*

Unlike the *Mullin* case, the Cui matter *is not at issue*, none of the Defendants have filed a responsive pleading and discovery has not even commenced.  Moreover, Plaintiffs' proposed SAC merely adds two claims for Declaratory Relief and for Piercing the Corporate Veil. The claims are not overbroad and instead clearly deal with the underlying loan agreement that gave rise to the instant matter.

Defendants' contention that they have incurred "unnecessary legal fees" in drafting a motion to dismiss is patently ridiculous. The FAC contains seven (7) causes of action for: Fraud; Breach of Fiduciary Duty; Violations of the Colorado Consumer Protection Act; Violations of 15 U.S.C. § 80a; Violations of 15 U.S.C. § 78o and 78j; Specific Performance; and False Advertising. The proposed SAC contains the exact same seven (7) causes of action, adds a cause of action for Declaratory Relief and a cause of action to Pierce the Corporate Veil.  How Defendants have purportedly incurred "unnecessary legal fees" is a mystery.  In response to Defendants' request, Plaintiffs have courteously provided Defendants a drafted proposed SAC. If the Defendants actually reviewed the proposed SAC, they should recognize these very straightforward additions. If Defendants choose to file a motion to dismiss the Second Amended Complaint, Defendants should be able to incorporate any additions, if necessary, to address the new claims in the existing drafted Motion to Dismiss the FAC. Therefore, the Defendants have not incurred any "unnecessary legal fees", but instead have a head start on their anticipated Motion to Dismiss the SAC.

Moreover, the Supreme Court has consistently followed the American Rule when considering the award of attorney's fees, wherein "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Peter v. NantKwest, Inc.*, 140 S. Ct. 365, 370-71 (2019) (citations and internal quotations omitted). Defendants fail to point out any statute or contractual provision that supports its assertion that Plaintiffs be responsible for Defendants' attorneys' fees. It would be preposterous to order Plaintiffs to be responsible for attorneys' fees Defendants incurred in preparing the motion to dismiss.

**CONCLUSION**

Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Leave to File a

Second Amended Complaint pursuant to F.R.C.P. 15 [ECF 144]. Additionally, Plaintiffs

respectfully request that the Court deny Defendants' requests for "condition for further

amendment" and attorneys' fees Defendants' have incurred in preparing a motion to dismiss the

First Amended Complaint.


DATED: February 18, 2020                  */s/ Brian P. Stewart*_____
                                          Brian P. Stewart
                                          **Ardent Law Group**
                                          4340 Von Karman Ave.,
                                          Suite 290
                                          Newport Beach, California 92660
                                          Telephone: (949) 299-0188
                                          Facsimile:  (949) 299-0127
                                          bstewart@ardentlawgroup.com
                                          Attorney for Plaintiffs Dianwen Cui, Lei Gu,
                                          Sufen Leng, Xue Mei, Zhou Mei, Yan Song,
                                          Lu Wang, Yue Wu, Zhuo Yang, Jingwen
                                          Zhang, Lei Zhang, Ling Zhang, Xiaohong
                                          Zhang, Qin Zhou Chunyu Zou, individually,
                                          and on behalf of Colorado Regional Center
                                          Project Solaris LLLP

<u>**CERTIFICATION OF SERVICE**</u>

This is to certify that on February 18, 2020, a true and correct copy of the above and foregoing **Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint Under F.R.C.P. 15** has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Brian P. Stewart*
Brian P. Stewart
For Ardent Law Group, P.C.
