**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 19-cv-02443-RM-STV**

Li, *et al.*,

    Plaintiffs

v.

Waveland Ventures, LLC, *et al.*,

    Defendants.

**REPLY IN SUPPORT OF PETITION FOR ORDER TO SHOW CAUSE
PURSUANT TO C.R.S. § 38-35-204 [ECF 115]**

Defendant Colorado Regional Center Project Solaris, LLLP ("CRCPS"), by and through undersigned counsel, submits its Reply in Support of Petition for Order to Show Cause Pursuant to C.R.S. § 38-35-204 (this "Reply") [ECF 115], stating as follows:

**INTRODUCTION**

In their Response, the Cui Plaintiffs fail to demonstrate that they have asserted a claim or requested any affirmative relief affecting title to the partnership property to justify the recording of a lis pendens. Instead, it remains evident that the only viable claims asserted by the Cui Plaintiffs are for money damages. There is no dispute that their claim for "specific performance" – which is the only claim that even conceivably affects title to the real property at issue – is asserted against the wrong entity. SPO does not hold title to the real property – SPO I does. The Cui

1

Plaintiffs do not even address this issue, let alone offer any explanation for why this fact alone is not dispositive.

Indeed, without any regard to the substance of the Amended Complaint, the Cui Plaintiffs attempt to reframe this case as a derivative suit to compel the partnership to take title to the Property. But the Amended Complaint includes no cause of action that would provide the relief that the Cui Plaintiffs now claim to seek and contains no such prayer for relief. Nor does it demonstrate compliance with the requirements of Fed. R. Civ. P. 23.1 and C.R.S. § 7-62-1001, which are mandatory and must be shown on the face of a complaint. To the contrary, the Cui Plaintiffs assert only direct claims and seek individualized, monetary relief. But perhaps most telling, the Amended Complaint itself expressly states that the Cui Plaintiffs seek an order "directing Defendants to execute and deliver [to] Plaintiffs a sufficient conveyance to the real property described herein." *See* Case No. 19-cv-2637; ECF 21, at ¶ 135. The Cui Plaintiffs, however, do not have any interest in the Property to justify the filing of a lis pendens, and any attempt to amend the Amended Complaint now would not, as a matter of law, relate back to validate an otherwise invalid recording of a lis pendens. In short, the Cui Plaintiffs have not asserted, and cannot assert, any claims or requests for relief affecting title to the partnership property to justify their lis pendens.

## ARGUMENT AND AUTHORITY

### A.   The Cui Plaintiffs Have Not Asserted a Claim for "Specific Performance" Against SPO I.

While the Cui Plaintiffs contend that they "filed and recorded a lis pendens based on upon their derivative claim alleging breach of contract and request for specific performance of the

2

contract against Defendant Solaris Property Owner[] I, LLC ('SPOI')," this statement is demonstrably false. *See* Response, p. 1. Setting aside the fact that no breach of contract claim was in fact pled, Count VI of the Amended Complaint, which is for "specific performance," is asserted against SPO, not SPO I. For this reason alone, their lis pendens is invalid.

The Cui Plaintiffs do not contest that SPO I holds title to the Property. Indeed, in their Amended Complaint, the Cui Plaintiffs allege that "title to the 19 (now 17) units remained with SPO, who assigned it to Solaris Property Owner[], I, LLC ("SPO I")." *See* Case No. 19-cv-2637; ECF 21, at ¶ 11. This allegation is consistent with the statements contained in the Affidavit of Rick Hayes and the Affidavit of Peter Knobel submitted with CRCPS' Petition. *See* Case No. 19-cv-2443; ECF 115-1 at ¶¶ 17-19 and ECF 115-2 and ¶¶ 11-12. Nevertheless, the Cui Plaintiffs asserted their purported claim for "specific performance" for conveyance of title against SPO, not SPO I. The Cui Plaintiffs make no effort to address this defect in their pleading and instead repeatedly refer to their claim as against "SPOI." This characterization is misleading at best, but there is simply no dispute that Count VI of the Amended Complaint is asserted against SPO, which is the wrong entity. Nor is there any dispute that a claim against SPO for "specific performance" does not, and cannot, affect ownership or title to the Property to justify a lis pendens. Simply put, the Cui Plaintiffs' lis pendens is not supported by this claim.

**B.    The Cui Plaintiffs Concede That They Cannot Claim Any Interest in Partnership Property**

Notwithstanding the allegations in their Amended Complaint, the Cui Plaintiffs apparently now agree that they cannot claim any interest in the partnership property to justify the recording of a lis pendens. They instead attempt to recast their "specific performance" claim as a derivative

claim for breach of contract on behalf of the partnership. But their own pleading, again, contradicts this position.

The Amended Complaint, at most, states an individual claim for breach of contract, not a derivative claim. Count VI states that the Cui Plaintiffs – not CRCPS – have "performed all conditions, covenants and promises required by them on their part to be performed in accordance with the terms of the agreements." *See* Case No. 19-cv-2637; ECF 21, ¶ 122. It further states that the "[Cui] Plaintiffs have been forced to retain counsel to protect their rights to title to the units securing the loan to [CRCPS]…" *See id.* at ¶ 124. And the Prayer for Relief is similarly aimed at individual relief and requests an order "directing Defendants to execute and deliver [to] Plaintiffs a sufficient conveyance to the real property described herein." *See id.* at  ¶ 135. Not only do the Cui Plaintiffs expressly assert a claim to title to partnership property, which they now concede is improper and cannot support the filing of a lis pendens, they also assert a right to monetary damages under the contract between the partnership and SPO I, which is likewise insufficient to support a lis pendens. And even construing these allegations liberally (and setting aside obvious procedural defects under Fed. R. Civ. P. 23.1 discussed in Section C, *infra*), they do not constitute a derivative claim on behalf of the partnership, as the Cui Plaintiffs assert only <u>their</u> right to title and seek an order directing conveyance of title to <u>them</u> individually. There is simply nothing in the Amended Complaint that substantiates the Cui Plaintiffs' newfound position.

Rather than address these issues, however, the Cui Plaintiffs instead contend that the only question before the Court is whether they are entitled to bring a derivative claim on behalf of the partnership. *See* Response, p. 5. But this misses the mark entirely. CRCPS does not dispute that

4

limited partners can assert a derivative claim on behalf on the partnership. [1]  For purposes of their lis pendens, however, the relevant inquiry is whether the Cui Plaintiffs have properly asserted their derivative claim and whether such claim affects title to the real property at issue.  The answer to both of these questions is no.

Even assuming that the Cui Plaintiffs had pled their derivative claim against the correct entity and ultimately prevailed, it would not affect title to the Property.  Under the terms of the Agreement Regarding Collateral Units (the "Collateral Agreement"), which incorporates the underlying loan documents, SPO I is expressly authorized and required to hold record title to the Property.  Thus, to force transfer of title pursuant to the underlying loan documents, the Cui Plaintiffs would first need to assert either a fraud-based claim to rescind the Collateral Agreement or assert some other claim to challenge the validity of the Collateral Agreement, neither of which they have done.  Because the parties agreed that SPO I would continue to hold title, and the validity of that agreement has not been challenged, the Court cannot order the specific performance that the Cui Plaintiffs seek.  *See Elliott v. Joyce*, 889 P.2d 43, 46 (Colo. 1994) (internal citation omitted) ("[A] court is without authority to compel a party to do something he or she did not contract to do").  There is simply no viable claim that supports the Cui Plaintiffs' lis pendens, which renders it invalid.

---

[1] While the Cui Plaintiffs contend that they brought a derivative claim for breach of fiduciary duty against Colorado Regional Center I, LLC, the general partner of CRCPS, this claim does not affect title to the Property and is therefore irrelevant for purposes of whether the lis pendens is valid.

### C.  Plaintiffs Do Not Satisfy the Requirements Under Fed. R. Civ. P. 23.1 to Assert a Derivative Claim

In addition to the fact that the Cui Plaintiffs assert only direct claims for individualized relief, the Amended Complaint does not comply with the procedural requirements for a derivative action. For this reason as well, there is no viable claim to support their lis pendens.

Courts have held that compliance with Fed. R. Civ. P. 23.1, C.R.C.P. 23.1 and C.R.S. § 7–62–1001 is mandatory when initiating derivative actions by limited partners. *See Caley Inv. I v. Lowe Family Assocs., Ltd.*, 754 P.2d 793, 795-96 (Colo 1988). "If state law requires that a demand be made before a plaintiff may bring a derivative action, a complaint must then satisfy the pleading requirements of [Fed. R. Civ. P. 23.1]." *Eschino v. Lopez*, Civ. No. 14-cv-2686, 2015 WL 5047650, at * 1 (D. Colo. 2015). Fed. R. Civ. P. 23.1 mandates that: (1) the complaint be verified; (2) the claim alleges that plaintiff was a member of the association at the time of the transaction of which he complains; (3) the claim alleges with particularity the efforts made, if any, by the complaining party to obtain the action he desires from the directors or comparable authority or the reason for failing to do so; and (4) plaintiffs fairly and adequately represent the interests of the limited partners similarly situated in enforcing the right of the partnership. Similarly, C.R.S. § 7–62–1001 requires that: (1) the general partners have refused to bring the action; (2) the general partners' decision not to sue constitutes an abuse of discretion or involves a conflict of interest; and (3) the complaining party was a limited partner at the time of the transaction at issue.

The Amended Complaint does not satisfy the pleading requirements under Fed. R. Civ. P. 23.1 or C.R.S. § 7-62-1001. The Amended Complaint is not verified, nor does it allege with particularity the efforts made by the Cui Plaintiffs to cause CRC or CRCPS to bring a claim against

SPO I for "specific performance." *See Eschino*, 2015 WL 5047650, at * 2 (dismissing unverified complaint pursuant to Rule 23.1). And to the extent that the Cui Plaintiffs contend that demand was futile, the only allegations of futility relate to their claim for breach of fiduciary duty, not their claim for "specific performance." In the absence of these basic requirements, the Amended Complaint cannot be construed as asserting any derivative claim for "specific performance," let alone breach of contract.

### D. The Cui Plaintiffs Cannot Amend Their Amended Complaint to Support Their Previously Recorded Notice of Lis Pendens.

While the Cui Plaintiffs filed a motion to amend their Amended Complaint [*see* ECF 144], even if granted, it does not change any aspect of the analysis provided herein. That is, even assuming the Cui Plaintiffs could assert a claim or affirmative request for relief affecting title to the partnership property, and amended their Amended Complaint to do so, the validity of the lis pendens is determined at the time it was recorded. In other words, the Cui Plaintiffs cannot cure the invalid Notice of Lis Pendens by now attempting to amend their pleading.

Under Colorado law, the validity of a notice of lis pendens is determined at the time it was recorded. *See Brossia v. Rick Constr., L.T.D. Liability Co.*, 81 P.3d 1126, 1130 (Colo. App. 2003) (citing C.R.S. §§ 38–35–109(3) and 38–35–110(1)). Consistent with that approach, an amended complaint may relate back to the original complaint for some purposes under C.R.C.P. 15(c), but "it does not relate back for the particular purpose of validating, after the fact, an otherwise invalid recording of a lis pendens." *Id*. Accordingly, an amended complaint asserting a claim to support a previously recorded lis pendens "does not alter the fact that the lis pendens, when recorded, had an immediate and inappropriate effect on title and was invalid." *Id*. (citing *Peoples Bank & Trust*

7

*Co. v. Packard*, 642 P.2d 57 (Colo. App. 1982)).   To the extent the Cui Plaintiffs attempt to amend their Amended Complaint to include a derivative claim or request affirmative relief affecting title to the Property, doing so will not validate the Notice of Lis Pendens.

**WHEREFORE**, Defendant CRCPS respectfully requests that the Court issue an order to show cause directing the Cui Plaintiffs to appear before the Court to show cause why the Notice of Lis Pendens should not be declared invalid.

DATED: February 20, 2020.

*/s/ Stephanie A. Kanan*
James D. Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email:  jkilroy@swlaw.com
Email:  skanan@swlaw.com

*Counsel for Defendants Waveland Ventures, LLC, Colorado Regional Center Project Solaris, LLLP, Colorado Regional Center, LLC and Colorado Regional Center I, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on February 20, 2020 a true and correct copy of the above and foregoing **REPLY IN SUPPORT OF PETITION FOR ORDER TO SHOW CAUSE PURSUANT TO C.R.S. § 38-35-204 [ECF 115]** has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

                                                  */s/Sandy Braverman*
                                                  for Snell & Wilmer L.L.P.

4823-2040-0309