EXHIBIT 1

**Colorado Regional Center Project Solaris LLLP**

## Modified Cash Basis Statement of Assets, Liabilities, and Members' Equity

December 31, 2018

### Assets

**Assets**
Cash $ 153,436
Notes receivable 82,500,000

    Total assets $ 82,653,436

### Liabilities and Members' Equity

**Liabilities** $ -

**Members' Equity** 82,653,436

    Total liabilities and members' equity $ 82,653,436

See accountant's compilation report.      2

Form 1065 (2018)  COLORADO REGIONAL CENTER PROJECT SOLARIS,  XX-XXX6020  Page 5

### Analysis of Net Income (Loss)

1 Net income (loss). Combine Schedule K, lines 1 through 11. From the result, subtract the sum of Schedule K, lines 12 through 13d, and 16p . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1  **-2,179,608.**

2 Analysis by partner type:

| | (i) Corporate | (ii) Individual (active) | (iii) Individual (passive) | (iv) Partnership | (v) Exempt Organization | (vi) Nominee/Other |
|---|---|---|---|---|---|---|
| a General partners | | | | | | |
| b Limited partners | | | -2,179,608. | | | |

### Schedule L  Balance Sheets per Books

| Assets | (a) | (b) Beginning of tax year | (c) | (d) End of tax year |
|---|---|---|---|---|
| 1 Cash | | 1,667,437. | | 153,436. |
| 2a Trade notes and accounts receivable | | | | |
| b Less allowance for bad debts | | | | |
| 3 Inventories | | | | |
| 4 U.S. government obligations | | | | |
| 5 Tax-exempt securities | | | | |
| 6 Other current assets (attach statement) | | | | |
| 7a Loans to partners (or persons related to partners) | | | | |
| b Mortgage and real estate loans | | | | |
| 8 Other investments (attach statement) | | | | |
| 9a Buildings and other depreciable assets | | | | |
| b Less accumulated depreciation | | | | |
| 10a Depletable assets | | | | |
| b Less accumulated depletion | | | | |
| 11 Land (net of any amortization) | | | | |
| 12a Intangible assets (amortizable only) | | | | |
| b Less accumulated amortization | | | | |
| 13 Other assets (attach statement) | STMT 2 | 82,500,000. | | 82,500,000. |
| 14 Total assets | | 84,167,437. | | 82,653,436. |
| **Liabilities and Capital** | | | | |
| 15 Accounts payable | | | | |
| 16 Mortgages, notes, bonds payable in less than 1 year | | | | |
| 17 Other current liabilities (attach statement) | | | | |
| 18 All nonrecourse loans | | | | |
| 19a Loans from partners (or persons related to partners) | | | | |
| b Mortgages, notes, bonds payable in 1 year or more | | | | |
| 20 Other liabilities (attach statement) | | | | |
| 21 Partners' capital accounts | | 84,167,437. | | 82,653,436. |
| 22 Total liabilities and capital | | 84,167,437. | | 82,653,436. |

### Schedule M-1  Reconciliation of Income (Loss) per Books With Income (Loss) per Return

Note: The partnership may be required to file Schedule M-3. See instructions.

1 Net income (loss) per books . . . . . .
2 Income included on Schedule K, lines 1, 2, 3c, 5, 6a, 7, 8, 9a, 10, and 11, not recorded on books this year (itemize): _____
3 Guaranteed payments (other than health insurance) . . . . . . . . . .
4 Expenses recorded on books this year not included on Schedule K, lines 1 through 13d, and 16p (itemize):
   a Depreciation $ _____
   b Travel and entertainment $ _____
5 Add lines 1 through 4 . . . . . . . . . .

6 Income recorded on books this year not included on Schedule K, lines 1 through 11 (itemize):
   a Tax-exempt interest $ _____
7 Deductions included on Schedule K, lines 1 through 13d, and 16p, not charged against book income this year (itemize):
   a Depreciation $ _____
8 Add lines 6 and 7 . . . . . . . . . . .
9 Income (loss) (Analysis of Net Income (Loss), line 1). Subtract line 8 from line 5 . .

### Schedule M-2  Analysis of Partners' Capital Accounts

| | | | | |
|---|---|---|---|---|
| 1 Balance at beginning of year | 84,167,437. | 6 Distributions: a Cash STMT 2 | | 1,720,337. |
| 2 Capital contributed: a Cash | | b Property | | |
| b Property | | 7 Other decreases (itemize): _____ | | |
| 3 Net income (loss) per books | 206,336. | | | |
| 4 Other increases (itemize): _____ | | 8 Add lines 6 and 7 | | 1,720,337. |
| 5 Add lines 1 through 4 | 84,373,773. | 9 Balance at end of year. Subtract line 8 from line 5 | | 82,653,436. |

JSA  
8P1035 1.000  
4908EY  N752  117323  Form **1065** (2018)

2

```
  COLORADO REGIONAL CENTER PROJECT SOLARIS,                    XX-XXX6020
FORM 1065, SUPPORTING SCHEDULES
===============================================================================
SCHEDULE L - LINE 13 - OTHER ASSETS            BEGINNING              ENDING
===================================        ---------------      ---------------
NOTES RECEIVABLE                                82,500,000.          82,500,000.
                                           ---------------      ---------------
  TOTAL OTHER ASSETS                            82,500,000.          82,500,000.
                                           ===============      ===============


SCHEDULE M-2 - LINE 6A - CASH DISTRIBUTIONS
===========================================
CASH DISTRIBUTIONS                                                    1,720,337.
                                                                ---------------
TOTAL CASH DISTRIBUTIONS                                              1,720,337.
                                                                ===============
```

                                                                      STATEMENT 3

```
8XX063 1.000
     4908EY  N752                          117323
```

# DOUGLAS LITOWITZ
Attorney-at-Law
413 Locust Place   Deerfield, IL 60015
312-622-2848   Litowitz@gmail.com   WeChat: ChicagoD

July 1, 2019

**By Email and Priority Mail**

Attn: Roger Hauptman
Registered Agent
Colorado Regional Center Project Solaris LLLP
280 Detroit Street, Denver, CO 80206

Re:  Demand Prior to Commencing Derivative Action
Pursuant to Colo. Rev. Stat. 7-62-1001

Dear Mr. Hauptman,

I represent a group of Chinese limited partners in Colorado Regional Center Project Solaris LLLP (the "LP"). The number of my clients is expected to exceed ten percent (10%) of the limited partners in the partnership. An authorization from one limited partner is attached.

This letter is a demand that the general partner Colorado Regional Center I, LLC take the following actions for my clients as limited partners:

1. Declare default and accelerate the Note from Solaris Property Owner LLC, sue on the Note and immediately use the proceeds to repay investors;
2. Call the Guarantee from Principal Peter Knobel to cover any unpaid interest;
3. Enforce/foreclose the Pledge Agreement and other collateral agreements and use the funds from collateral to repay investors;
4. Terminate the management agreement with Waveland EB-5 Management LLC, as it represents a conflict of interest since they are affiliated with the general partner and stand to benefit so long as the EB-5 funds are outstanding;
5. Allow an independent valuation expert of my clients' choosing to appraise the value of their LP units to determine if there is capital appreciation; and
6. Under any scenario, immediately take action to obtain the return of $550,000 to each of my clients pending a final determination of the value of their limited partnership unit.

Should the general partner fail to take these actions, my clients may bring a derivative action in the name of the LP to take the above actions and to assert breach of fiduciary duties against the general partner. We reserve the right to file as a class action.

The PPM anticipates that when it was time for the borrower to pay back the $80MM loan, the lender (the LP and the general partner) would only exercise the option to

4

take collateral (condos) instead of cash if the condos have a higher value than $80MM. But it appears that the LP is resigned to taking back the condos even though they have a lower value than the $80MM. For many years, the limited partners have seen plan after plan for selling the condos and returning their money but no action has been taken, and they are ready to get what they are owed. I have reviewed six (6) exit plans going back many years, none of which have come to fruition.

If you believe that litigation can be avoided by some creative structuring of, say, an immediate cash payment and a call option on the increase in value of the collateral over time, then we are open to hearing your proposal.

I will be giving you a list of my clients shortly. You are NOT authorized to speak with them ex parte.

Sincerely,
/s/ Douglas Litowitz
Licensed in Illinois

5