**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:19-cv-02443-RM-STV;
Consolidated with Civil Action No. 1:19-cv-02637

Li, *et al*.,

    Plaintiffs,

v.

Waveland Ventures, LLC, *et al*.,

    Defendants.

**COLORADO REGIONAL CENTER PROJECT SOLARIS, LLLP'S MOTION FOR
ATTORNEYS' FEES PURSUANT TO C.R.S. § 38-35-204(2)**

Defendant Colorado Regional Center Project Solaris, LLLP ("CRCPS"), submits its Motion for Attorneys' Fees Pursuant to C.R.S. § 38-35-204(2) (this "Motion"), for entry of an attorney fee award in the amount of $22,270.50, stating as follows:

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1, undersigned counsel conferred with counsel for the Cui Plaintiffs regarding this Motion and, in particular, the reasonableness of CRCPS' attorneys' fees.  The Cui Plaintiffs oppose the amount requested by CRCPS.

**I.     INTRODUCTION**

The Cui Plaintiffs filed their First Amended Complaint and Jury Demand in Case No. 19-cv-02637 against CRCPS, among others, seeking damages for alleged violations of federal securities law and the Colorado Consumer Protection Act, fraudulent misrepresentation, breach

4835-2113-4262

of fiduciary duty and violations of the Lanham Act (the "Amended Complaint"). [ECF 21; Case No. 19-cv-02637]. The Cui Plaintiffs also purported to assert a derivative claim for "specific performance" to require conveyance of title of the real property at issue, but failed to assert the claim against the correct entity or comply with the requirements of Fed. R. Civ. P. 23.1. Nevertheless, the Cui Plaintiffs recorded a notice of lis pendens, falsely claiming that the Amended Complaint affects title to the property, among other inaccuracies. [ECF 28; Case No. 19-cv-02637].

Despite CRCPS' efforts, the Cui Plaintiffs repeatedly refused to release the notice of lis pendens, which forced CRCPS to resort to judicial intervention. After conducting a hearing and considering argument from the parties, the Court ordered that the lis pendens notice was spurious and therefore invalid under C.R.S. § 38-35-201(3), and released under C.R.S. § 38-35-204(2). [ECF 171]. As a result, CRCPS is entitled to recover its attorneys' fees under C.R.S. § 38-35-204(2).

## II.   ARGUMENT

### A.   Pursuant to C.R.S. § 38-35-204(2), CRCPS is Entitled to its Fees and Costs

A person whose real property is affected by a spurious lis pendens may petition the district court in the county in which the notice was filed or the federal district court in Colorado for an order to show cause why the document should not be declared invalid. *See* C.R.S. § 38-35-204(1); *see also* C.R.C.P. 105(f)(2) (allowing "[a]ny interested person [to] petition the court in the action identified in the notice of lis pendens for a determination that a judgment on the issues raised by the pleadings in the pending action will not affect all, or a designated part, of the

2

real property described in the notice of lis pendens. . . .").[1]  Upon the filing of the petition, the statute mandates an expedited proceeding, requiring the party who filed the notice of lis pendens to appear before the court no more than twenty-one days after service of the order.  *See* C.R.S. § 38-35-204(1)(a).

If the court determines that the lis pendens is spurious and therefore invalid, the "court shall make findings of fact and enter ... a monetary judgment in the amount of the petitioner's costs, including reasonable attorney fees, against any respondent and in favor of the petitioner." C.R.S. § 38-35-204(2); *see also* C.R.C.P. 105.1(d).  Both the statute and the procedural rule governing spurious document proceedings contain the mandatory language "shall."  *See Fiscus v. Liberty Mortg. Corp.*, 373 P.3d 644, 654 (Colo. App. 2014) (citing *Giguere v. SJS Family Enters., Ltd.*, 155 P.3d 462, 471 (Colo. App. 2006) ("shall award" language mandates an award of attorney fees and costs)). Thus, courts do not have any discretion on whether to award attorneys' fees and costs upon entering an order declaring a lis pendens invalid.  *Id*.

### B. The Fees Incurred by CRCPS Were Necessary and Reasonable Under the Circumstances

To calculate the reasonableness of attorneys' fees in statutory fee-shifting cases, the "lodestar" method is generally employed, and "a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee."  *See Brody v. Hellman*, 167 P.3d 192, 204 (Colo. App. 2007); *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).  The "lodestar" amount equals the product of hours "reasonably expended" times "a reasonable hourly rate."  *Id*.  Where a fee applicant has carried the burden of showing that the claimed

---

[1] Federal law requires the adoption of relevant state statutes and procedural rules dealing with the filing of lis pendens.  *Lowell Staats Min. Co., Inc. v. Pioneer Uravan, Inc.,* 596 F. Supp. 1428, 1433 (D. Colo. 1984).

rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee and adjustments should only be made in rare and exceptional cases. *See Pennsylvania v. Delaware Valley Citizens Council for Clear Air*, 478 U.S. 546, 564-65 (1986); *Clawson v. Mountain Coal Co.*, L.L.C., Civil Action No. 01-cv-02199, 2007 WL 4225578, at *6 (D. Colo. Nov. 28, 2007).

There is no dispute that CRCPS is entitled to an award of attorneys' fees under C.R.S. § 38-35-204(2). *See supra*, Section II.A. As a result, the only question to resolve is whether CRCPS' requested amount is reasonable under the circumstances. For the reasons set forth below, in conjunction with the information submitted herewith, the Court should find the amount sought is reasonable.

### 1. The Rates Charged by CRCPS' Counsel Are Reasonable

The lodestar calculation begins with examining the hourly rates charged by counsel. Considering the nature of the issues litigated, the experience of CRCPS' lawyers, and prevailing rates in the Denver market, the Court should find that Snell & Wilmer's hourly rates are reasonable.

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *See Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). The factors most relevant to determine reasonable hourly rates for work performed are: (1) the skill required to perform the services; (2) the fee customarily charged in this community for similar services; and (3) the experience, reputation, and ability of the attorneys (and others) involved. *See Colo. Hospitality Servs. Inc. v. Owners Ins. Co.*, 154 F. Supp. 3d, 1173, 1180-81 (D. Colo. 2015) (Jackson, J.). If

4

necessary, a court may also use its own knowledge of the prevailing market rate to determine whether the claimed rate is reasonable. *See Yarmouth Grp. Prop. Mgmt.*, 295 F.3d 1065, 1079 (10th Cir. 2002); *see also Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1259 (10th Cir. 2005) (approving the district court's determination of the applicable hourly rate by "relying on its knowledge of rates of lawyers with comparable skill and experience practicing" in the relevant market).

To support its request, CRCPS submitted the Declaration of James D. Kilroy, the lead counsel for CRCPS, as well as contemporaneous time records for all fees sought through this fee application. *See* **Exhibit A**, Declaration of James D. Kilroy ("Kilroy Decl."). In his declaration, Mr. Kilroy summarized his background and significant experience in business and securities matters such as this one, as well as the experience of other members of the team. *See* Kilroy Decl., ¶¶ 3-6 & Ex. 1. Mr. Kilroy has nearly thirty years of business litigation experience and currently is a partner of Snell & Wilmer LLP, a law firm with more than 400 lawyers and nine offices. *Id.* at ¶¶ 2-5 & Ex. 1. Evidence supporting the background of the other team members also was submitted. *Id.* at ¶ 6 & Ex. 1.

The hourly rates charged by Snell & Wilmer attorneys and paralegals working on this case are consistent with, and within the range of, prevailing market rates in Denver for litigation of this type. *Id.* at ¶ 15. The regular hourly rates of the team members were $550.00 per hour for Mr. Kilroy, which represents a 12% discount of his standard 2020 hourly rate of $625.00; $445.00 for Ms. Kanan; and $200.00 per hour for Jamie Ward, a paralegal who assisted with this matter. *Id.* at ¶ 7.

5

The rates charged fall squarely within the range of rates charged by similarly-sized firms performing similar work in this District and given the extensive experience of counsel. *Id.* at ¶ 15; *see also Biax Corp. v. NVIDIA Corp.*, 2013 WL 4051908, at *6 (D. Colo. Aug. 12, 2013) (Brimmer, J.) (relying on, among other things, 2010 National Law Journal survey that indicated "Denver firms billed between $285 and $810 per hour for partners and between $170 and $530 per hour for associates" to find rates charged were reasonable); *Dun-Rite Home Improvements, Inc. v Dun-Rite, LLC*, 2016 WL 11384331, at *8 (D. Colo. Feb. 2, 2016) (Schaffer, M.J.) (relying on *Biax Corp.* and holding that hourly rates falling within 2010 National Law Journal survey range indicating that "Denver firms billed between $285 and $810 per hour for partners and between $170 and $530 per hour for associates" were reasonable in unfair competition/trademark infringement case), *aff'd and adopted by*, 2016 WL 178276 (Daniel, J.). In addition, Mr. Kilroy's 2017 rate of $575.00 per hour was determined reasonable by a Colorado district court in El Paso County and his 2018 rate of $585.00 per hour was undisputed and approved by Judge Jackson in a case in this District last year. *Id.* at ¶ 15.

In sum, the relevant factors weigh heavily in favor of finding that Snell & Wilmer's hourly rates are reasonable.

**2.    The Hours Were Reasonably Expended**

The hours expended litigating this issue are also reasonable under the circumstances, were necessary, and represent fairly and accurately the time spent by CRCPS' counsel on this issue.

To demonstrate reasonableness, "[t]he prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (internal quotations omitted). While courts should approach the reasonableness inquiry "much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients," courts may not, however, simply "eyeball the fee request and cut it down by an arbitrary percentage." *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983); *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1314 (7th Cir. 1996) (internal quotations omitted). Instead, courts consider the following factors: "(1) whether the tasks being billed would normally be billed to a paying client; (2) the number of hours spent on each task; (3) the complexity of the case; (4) the number of reasonable strategies pursued; (5) the responses necessitated by the maneuvering of the other side; and (6) potential duplication of services by multiple lawyers." *Ramos*, 713 F.2d at 554 (internal quotations omitted).

The hours expended by Snell & Wilmer were reasonable, particularly given the Cui Plaintiffs' conduct, which significantly expanded the scope of the issues CRCPS was forced to address. *See* Kilroy Decl., ¶ 16. CRCPS gave the Cui Plaintiffs numerous opportunities to reconsider their position and release the lis pendens without resorting to judicial intervention. After weeks of refusing to cooperate, CRCPS filed its Petition for Order to Show Cause Pursuant to C.R.S. § 38-35-204 (the "Petition") and Motion for Forthwith Hearing, both of which were opposed by the Cui Plaintiffs. *See id*. In their Opposition to the Petition, the Cui Plaintiffs not only ignored, or attempted to minimize, the numerous pleading deficiencies in their Amended Complaint, which alone rendered the lis pendens invalid, but they also raised

7

several issues that were wholly irrelevant to the Court's analysis. *See id*. This required CRCPS to research and prepare responses to such arguments in its briefing and/or for oral argument. *See id*. For example, the Opposition to the Petition described the details of the Cui Plaintiffs' offer to release the lis pendens in exchange for an agreement to escrow any sale proceeds of the units, which would have effectively amounted to a pre-judgment attachment. *See id*. Although CRCPS did not specifically address this issue in its Reply, CRCPS was nevertheless required to research it in preparation for the hearing. *See id*.

The Cui Plaintiffs also forced CRCPS to spend unnecessary time drafting a reply to their Opposition to the Motion for Forthwith Hearing. *See id*. at ¶ 17. The Cui Plaintiffs entirely misconstrued CRCPS' request for a hearing and, again, raised issues that were inapplicable or altogether irrelevant. *See id*. Ultimately, the Court set a hearing to address the Petition and the other related motions, which eliminated the need to file any reply, but by that time, CRCPS had already finished drafting the motion. *See id*.

Moreover, given CRCPS' experience with prior hearings and the briefing in this matter, and the propensity of counsel to raise ancillary issues not before the Court, CRCPS prepared oral argument not only for the lis pendens issues, but also various unrelated issues that the Cui Plaintiffs had raised by email leading up to the hearing. *See id*. at ¶ 18. In addition, on the evening before the hearing, the Cui Plaintiffs filed a Notice of Errata, purporting to correct certain deficiencies contained in their Amended Complaint. *See id*. This required CRCPS to expend additional time researching this issue and preparing additional argument for the hearing the next day. *See id*.

8

In support of its request, CRCPS submitted detailed time records in addition to Mr. Kilroy's declaration. *See id*. at Ex. 2. As described in Mr. Kilroy's declaration, the work performed on this issue was done in a cost-efficient manner and was appropriately distributed in an effort to reduce the economic burden. *See id*. at ¶ 19. The matter was not overstaffed, and the hours billed were appropriate given the level of complexity of the issues and risk to CRCPS. *See id.* at ¶¶ 12 and 19. The representation provided was effective and valuable, as CRCPS ultimately prevailed on their Petition. *See id*. at ¶ 19.

Given these efforts and considering the complexity of the case and legal issues presented, the results obtained, and the amount of time that was required to be spent on this issue, as well as the experience and reputation of counsel involved, the Court should find that the overall fee amount of $22,270.50 was necessarily incurred and is reasonable under the circumstances.

### III.   CONCLUSION

As set forth above, an award of attorneys' fees is mandatory under C.R.S. § 38-35-204(2). CRCPS unquestionably achieved complete success in petitioning the Court and, as a result, CRCPS respectfully requests that the Court grant this Motion and award it $22,270.50 for the fees it reasonably incurred.

Dated:  March 12, 2020

                                  */ James D. Kilroy*
James D. Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email:  jkilroy@swlaw.com
Email:  skanan@swlaw.com

***Counsel for Defendants Colorado Regional Center Project Solaris, LLLP and Colorado Regional Center I, LLC***

10

4835-2113-4262

## CERTIFICATE OF SERVICE

       This is to certify that on March 12, 2020, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

                                             */s/Sandy Braverman*
                                             for Snell & Wilmer L.L.P.

4835-2113-4262