# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
           Plaintiffs,

       v.                                    Hon. Magistrate Scott Varholak

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I, and
Peter Knobel,
           Defendants.

## PLAINTIFFS' OPPOSITION TO DEFENDANT COLORADO REGIONAL CENTER PROJECT SOLARIS, LLLP'S MOTION FOR ATTORNEYS FEES  [ECF 173]

### BACKGROUND

Plaintiffs filed their original Complaint on September 16, 2019 [ECF1; CUI Matter]. Thereafter, Plaintiffs filed their First Amended Complaint on November 8, 2019 [ECF 21; CUI Matter].  Plaintiffs filed and recorded a lis pendens based upon the alleged breach of contract by Defendant Solaris Property Owners I, LLC ("SPOI") based upon its numerous claims that it intended to exercise its option to convey title to the Collateral Units but failing to do so. Plaintiffs demanded specific performance and filed the lis pendens based upon the LLLP's right to title to the Collateral Units.  On November 19, 2019 this case was consolidated with *Li v. Waveland Ventures, LLC*, Civil Case No. 1:19-cv-02443-RM-STV.

In early January, 2020, Defendant CRCPS's counsel contacted Plaintiffs' counsel and informed him that CRCPS intended to bring an Order to Show Cause Why the Lis Pendens Should Not be Removed as a Spurious Document.  Counsel gave no reason why he believed this and when asked, informed Plaintiff's counsel that he did not need to explain why he felt the lis pendens was improper (Declaration of Brian P. Stewart ¶ 3 & 4).

On January 16, 2020 Plaintiffs' counsel attempted to confer with Defendants counsel (Declaration of Brian P. Stewart ¶ 4).   During the conferral process, opposing counsel never once suggested that the lis pendens was improper because the complaint was not verified or that the specific performance cause of action was not plead against the proper party.  (*See* BPS Dec., ¶ 4).  Had Defendants counsel ever addressed these issues, Plaintiff would have withdrawn the lis pendens, until such a time that the pleadings could be amended to allege the cause of action properly (*See* BPS Dec., ¶ 5).  Defendants instead chose to be clever and avoid a proper conferral, or in fact any real conferral, under the courts rules, thereby creating the necessity of the present motion.  Moreover, Defendants did not bring up the issues related to a verified complaint until filing its reply brief improperly withholding that argument until the last possible moment.

Defendants additionally brought a second Motion requesting that the matter be heard forthwith, ignoring the normal statutory notice provisions.  No emergency was identified and the court denied eth motion and set a hearing date with a briefing schedule that was the same as the briefing mandated by the local rules.

///

///

///

///

2

# ARGUMENT

A. <u>Defendant's claims for attorney's fees must be reasonable</u>.

First and foremost, any claim for attorney's fees must be reasonable. Defendants claim that they have expended over 46 hours of attorney time and $22,270.22, for the preparation of a 13 page motion and an unnecessary motion to attempt to expedite the hearing of their Order to Show Cause Re Removal of the Lis Pendens.

> "An award of attorney fees must be reasonable. The determination of reasonableness is a question of fact for the trial court, and its ruling will not be disturbed on review unless patently erroneous and unsupported by the evidence. Hartman v. Freedman, 197 Colo. 275, 591 P.2d 1318 (1979).
>
> *Tallitsch v. Child Support Servs.*, 1996 Colo. App. LEXIS 103, *4-5, 926 P.2d 143, 147, 20 BTR 503

In its brief, CRCPS stated several times that C.R.S. § 38-35-204 **requires** that the OSC Request be heard on an Ex Parte basis.  This patently misrepresents the statute which clearly states: "[t]he order to show cause **may** be granted ex parte**…."** C.R.S. § 38-35-204(1) (emphasis added). There is no requirement that it be done ex parte.  There was no urgent need to move forward. Simply put, the Defendants Motion for a hearing forthwith was not required by statue; was not necessary under the circumstances; and was properly denied by the Court.  In light of these facts nay attorney's fees associated with the Motion for Hearing Forthwith are not reasonable and should not be awarded to the Defendants  The redacted billing statements attached to Mr. Kilroy's declaration are difficult to follow, but approximately half of the requested fees are related to the Motion for Hearing Forthwith.

3

Additionally, none of these fees would have been necessary had Defendants counsel participate in good faith in the Court mandated conferral process.  United States District Court District of Colorado Local Rule 7.1 (a) states that:

> "**Duty to Confer**. Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter.  The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty."

At no time during the conferral process did Defendants counsel ever address the basis for which the motion was granted the fact that the Complaint was not verified and the claim that the wrong Defendant was named in the title to the specific performance cause of action.  Had counsel raised these issues, as required by the local rules, the lis pendens would have been withdrawn and the Complaint would have been amended to address these issues.   Defendants instead chose to conceal these issues rather than confer.  The fact that the cause of action for specific performance inadvertently did not name SPOI in the title that should not have had an effect on the lis pendens.  The 1st Amended Complaint adequately provided notice of the Plaintiffs claims, including in paragraph 39 that SPOI is the wholly owned subsidiary of SPO.  The more important argument, that the Complaint was not verified, was never raised by the Defendants until the filing of the reply brief.  This type of behavior should not be rewarded.  A simple good faith conferral would have easily solved these issues and saved the Court and counsel considerable time.

///

///

///

///

///

///

4

**CONCLUSION**

Defendant's claims for attorney's fees are excessive in that the request over 46 hours of attorney time for a 13 page Order to Show Cause, and a Motion to Hear the Order to Show Cause Forthwith, that was unnecessary and in fact denied. Furthermore, Defendants counsel failed to confer in good faith pursuant to the local court rules, and such a good faith conferral would have made the motion unnecessary. Therefore, Plaintiffs respectfully request that the Court make a factual finding as to the reasonable amount of attorney's fees in this situation.

ARDENT LAW GROUP, PC

/s/ Brian P. Stewart
Hubert Kuo
Brian P. Stewart
**Ardent Law Group**
4340 Von Karman Ave.,
Suite 290
Newport Beach, California 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127
bstewart@ardentlawgroup.com
*Counsel for Plaintiffs Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou, Xun Zhu, Chunyi Zou, individually, and on behalf of Colorado Regional Center Project Solaris LLLP*

## CERTIFICATION OF SERVICE

The undersigned attorney certifies that copies of the foregoing:
**PLAINTIFFS' OPPOSITION TO DEFENDANT COLORADO REGIONAL CENTER PROJECT SOLARIS, LLLP'S MOTION FOR ATTORNEYS FEES  [ECF 173]**

was served through ECF on April 2, 2020 upon all parties who have appeared.

                                                /s/ Brian P. Stewart
                                                Brian P. Stewart