IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:19-cv-02443-RM-STV;
Consolidated with Civil Action No. 1:19-cv-02637

Li, *et al*.,

    Plaintiffs,

v.

Waveland Ventures, LLC, *et al*.,

    Defendants.

## COLORADO REGIONAL CENTER PROJECT SOLARIS, LLLP'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES PURSUANT TO C.R.S. § 38-35-204(2) [ECF 173]

Defendant Colorado Regional Center Project Solaris, LLLP ("CRCPS"), submits its Reply In Support of Motion for Attorneys' Fees Pursuant to C.R.S. § 38-35-204(2) [ECF 173] ("Reply"), stating as follows:

### I.  INTRODUCTION

In its Response to CRCPS' Motion for Attorneys' Fees Pursuant to C.R.S. § 38-35-204(2) (Response") [ECF 180], the Cui Plaintiffs do not dispute the undeniable fact that C.R.S. § 38-35-204(2) entitles CRCPS to an award of attorneys' fees, in light of the Court's Order and Decree of March 9, 2020. [ECF 171]. Instead, they blame CRCPS' counsel for failing to sufficiently educate them about their pleading deficiencies. The Cui Plaintiffs also apparently

claim that CRCPS incurred more legal fees than they had to in order to have their spurious lis pendens extinguished. The Cui Plaintiffs are wrong on both counts.

## II.    ARGUMENT

The Cui Plaintiffs claim that none of CRCPS' legal fees were necessary because undersigned counsel for CRCPS failed to participate in good faith in the conferral process preceding its petition for order to show cause pursuant to C.R.S. § 38-35-204 ("OSC Petition"). Response, p. 4. The Cui Plaintiffs accusations are false. Attached hereto as Exhibit A is a declaration of James D. Kilroy that responds to both the unverified allegations in the Cui Plaintiffs response to CRCPS' motion for attorneys' fees [ECF 180] and also the attached declaration of Brian Stewart [ECF 180-1].

It is not true, as the Cui Plaintiffs allege in their response [ECF 180], *as opposed to* Mr. Stewart's declaration, [ECF 180-1], that: (a) during the conferral process for the OSC Petition, undersigned counsel said he did not need to explain why the lis pendens was improper; (b) that undersigned avoided the conferral process; and (c) that undersigned counsel cleverly avoided a proper conferral. *See* Exhibit A, Kilroy Declaration, ¶ 3.[1]

The statements in Mr. Stewart's declaration [ECF 180-1], as opposed to his response [ECF 180], are at least partially accurate. Undersigned counsel had many, many conferrals with Mr. Stewart regarding the OSC Petition before it was filed. Undersigned counsel repeatedly advised Mr. Stewart's lis pendens was improper under Colorado law because his operative pleading did not assert a claim for relief that could conceivably affect title to the real property in this case. Undersigned counsel told Mr. Stewart that his clients' operative

---

[1] The same attorney who signed the response signed the attached declaration.

complaint suffered the same infirmities as had the Li Plaintiffs' operative complaint when Magistrate Varholak granted CRCPS' separate and earlier OSC Petition. [ECF 59]. *See* Exhibit A, Kilroy Declaration, ¶¶ 6-7. It is true that in those conferrals undersigned counsel did not tell Mr. Stewart that his complaint was unverified, as required by Fed. R. Civ. P. 23.1 or that his specific performance claim (a claim unattached to any stated or even cognizable breach of contract claim) was asserted against the wrong party. *See* Exhibit A, Kilroy Declaration ¶ 8. But undersigned counsel was not even aware of these facts during the conferral process and certainly did not conceal these facts from Mr. Stewart at any time; instead, when CRCPS was forced to draft its OSC Petition (after the Cui Plaintiffs repeatedly refused to withdraw the lis pendens), CRCPS discovered a number of additional reasons that the Cui Plaintiffs' lis pendens was even more baseless and spurious than the Li Plaintiffs' lis pendens had been. Naturally, CRCPS presented *all* of the bases for extinguishing the Cui Plaintiffs' lis pendens in its OSC Petition. [ECF 115].

The Cui Plaintiffs and Mr. Stewart insist that had CRCPS presented them with notice of their own improper party and improper pleading issues, the Cui Plaintiffs and Mr. Stewart would have withdrawn their lis pendens and sought to amend their pleading accordingly. [ECF 180, p.4; ECF 180-1, p. 2]. This insistence, however, is belied by their behavior.

First, it should be noted that in the OSC Petition itself, CRCPS accurately described in detail the conferral efforts it made prior to filing the OSC Petition – including multiple telephonic conferences. [ECF 115]. In response, the Cui Plaintiffs never refuted CRCPS' description of the conferral process in connection with the OSC Petition. [ECF 148]. Moreover, if CRCPS failed to identify the bases of its OSC Petition before it filed (which

3

CRCPS denies), it most certainly identified those bases in the OSC Petition itself. [ECF 115]. Upon review of the OSC Petition, the Cui Plaintiffs could have conceded the petition. Instead they actively *opposed* it, all the way through a hearing on the issue with the Court. [ECF 136]; *see also* Exhibit B, Transcript of February 27, 2020 hearing.

Second, instead of withdrawing their lis pendens upon learning of their pleading deficiencies, the Cui Plaintiffs attempted to cure the deficiencies through a "too cute" Notice of Errata, filed the day before the hearing on the OSC Petition. [ECF 161]; *see* Exhibit B, p. 18.

Third, to date Cui Plaintiffs have not amended their deficient complaint or even sought to amend their deficient complaint – even after the Court expressly advised Mr. Stewart of the deficiencies in the Cui Plaintiffs' complaint and even after Magistrate Judge Varholak gave Plaintiffs a deadline of March 23, 2020 to file motions to amend. *See* Exhibit B, pp 16-22; [ECF 166, "The deadline for joinder of parties and amendment of pleadings is set for March 23, 2020."].

The Cui Plaintiffs also claim that CRCPS' motion for forthwith hearing was unnecessary and the Court denied that motion.  Again, neither is true.  In the motion for forthwith hearing CRCPS explained the urgency of the issue – including the undeniable fact that the Cui Plaintiffs were attempting to tie up CRCPS' opportunities for their own preferential treatment.  And the Court simply did not deny this motion; it instead in fact clarified, with no parties objecting, that the February 27, 2020 hearing would resolve the OSC Petition, thus mooting that motion. *See* Exhibit B, pp. 6-7; 16-17.

Filing a lis pendens on real estate is serious business because it inhibits real estate transactions. The Cui Plaintiffs, like the Li Plaintiffs before them, filed a lis pendens on the property at issue not for the benefit of CRCPS and all of its limited partners, but in an effort to gain preferential treatment. The Court has already found that the Cui Plaintiffs' lis pendens, like that of the Li Plaintiffs before them, was spurious. CRCPS is entitled to its reasonable attorneys' fees.

### III. CONCLUSION

In sum, an award of attorneys' fees is mandatory under C.R.S. § 38-35-204(2). CRCPS unquestionably achieved complete success in petitioning the Court and, as a result, CRCPS respectfully requests that the Court grant this Motion and award it $22,270.50 for the fees it reasonably incurred.

Dated:  April 3, 2020

/ James D. Kilroy
James D. Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email:  jkilroy@swlaw.com
Email:  skanan@swlaw.com

***Counsel for Defendants Colorado Regional Center Project Solaris, LLLP and Colorado Regional Center I, LLC***

4843-9461-9833

## CERTIFICATE OF SERVICE

    This is to certify that on April 3, 2020, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

                        */s/Amy Kovarsky*
                        for Snell & Wilmer L.L.P.

4843-9461-9833