# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:19-cv-02443-RM-STV;
Consolidated with Civil Action No. 1:19-cv-02637

Li, *et al.*,

    Plaintiffs,

v.

Waveland Ventures, LLC, *et al.*,

    Defendants.

## DECLARATION OF JAMES D. KILROY

    I, James D. Kilroy being of lawful age and declare under penalty of perjury that the foregoing is true and correct:

    1.    I am counsel of record for the CRC Entities in this matter.

    2.    I have read the Cui Plaintiffs' response to the CRCPS' motion for attorney fees [ECF 180] and the sworn declaration of Brian Stewart attached to that response [ECF 180-1].

    3.    In the response [ECF 180], but notably not in Mr. Stewart's declaration [ECF 180-1], the Cui Plaintiffs allege: (a) that during the conferral process in connection with CRCPS's petition for order to show cause under C.R.S. § 38-35-204 ("OSC Petition") when asked I informed Plaintiff's counsel that I did not need to explain why I felt the lis pendens was improper; (b) that I chose to be clever and avoid a proper conferral on the OSC Petition; and, (c) that I chose to conceal the basis for CRCPS's OSC Petition.

4. Each of these unverified allegations is categorically false. In my 29 years of legal practice I have never once refused to explain the basis of my or my client's legal position in a meet and conferral process. I would not do so both as a matter of professionalism and honesty, but also because it would clearly not be in any of my clients' interest to conceal their position – as I am now accused of doing.

5. The statements in Mr. Stewart's declaration [ECF 180-1], as opposed to what appears in the response itself [ECF 180], are at least partially accurate, but they are incomplete and thus misleading.

6. It is true, as Mr. Stewart alleges in paragraph 2 of his declaration [ECF 180-1], that Mr. Stewart and I had numerous discussions about his filing of the lis pendens. In each of those discussions I urged him to withdraw the lis pendens that he and his clients filed. In each of those discussions I explained that the lis pendens was jeopardizing the sale of condominium units and that he and his clients were, by thwarting opportunities to sell the units harming all limited partners in CRCPS, including his own clients.

7. It is categorically not true, as Mr. Stewart alleges in paragraph 2 and 4 of his declaration, that I never articulated a reason why I felt his and his clients' lis pendens was improper. I repeatedly told Mr. Stewart – no less than four times in our various verbal discussions – that his clients' operative complaint did not assert a claim for relief that conceivably could affect title to the real property at issue in this case. I repeatedly told Mr. Stewart that his clients' operative complaint suffered the same infirmities that the Li Plaintiffs' operative complaint did when Magistrate Judge Varholak granted CRCPS' separate and earlier OSC Petition [ECF 59].

8. It is true, as Mr. Stewart alleges in paragraph 3 of his declaration, that during our conferrals I did not advise him that the specific performance claim was asserted against the wrong party or that he had failed to comply with Fed. R. Civ. P. 23.1. I did not mention these issues because I was not, at the time, aware of them. My focus, at that time, was on the more obvious deficiencies in Mr. Stewart's operative pleading; specifically, that on its face his operative complaint did not contain a cognizable cause of action that conceivably could affect title to the real property in this case. It was only after my office was forced to prepare the OSC Petition that we realized Mr. Stewart's lis pendens was even more baseless and inappropriate than had been the Li Plaintiffs. As such, in our OSC Petition all of the bases we recognized in support of the OSC Petition.

I hereby swear, under penalty of perjury of the laws of the State of Colorado and the United States of America, that the statements in this Declaration are true and accurate.

Executed on April 3, 2020.

James D. Kilroy