# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
              Plaintiffs,

           v.                                Hon. Magistrate Scott Varholak

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I, and
Peter Knobel,
              Defendants.

---

## Plaintiffs' Unopposed Motion for Leave to File a Third Amended Complaint Under F.R.C.P. 15

---

Plaintiffs, by and through the undersigned counsel, hereby submit this Unopposed Motion for Leave to File Third Amended Complaint.

**CERTIFICATE OF COMPLIANCE WITH D.C. COLO. LCiv R 7.1(a)**

The undersigned Plaintiffs' counsel conferred with Defendants' counsels via email correspondence between February 27, 2020 and March 20, 2020, March 23, 2020 and April 16, 2020 about filing a Third Amended Complaint for the purpose of correcting two clerical errors in the title to the 6th and 7th Claims for Relief and to attach Verifications of the Plaintiffs. (Declaration of Brian P. Stewart filed concurrently herewith ["BPS Dec"] ¶ 2)  Counsel for each of the Defendants

participated in the conferral, and indicated that they did not object to the proposed changes. I provided them a copy of the proposed 3rd Amended Complaint in the form required by Local Rule 15.1 (a). All Defense counsel have indicated that they would not oppose the motion.

## BACKGROUND

On September 16, 2019, the undersigned counsel for Plaintiffs filed the original Complaint for Civil Action No. 19-cv-02637 (CUI ECF No. 1). Thereafter, on November 8, 2019, Plaintiffs filed a First Amended Complaint for Civil Action No. 19-cv-02637 ("*Cui* matter") [BPS Dec¶ 3] adding a cause of action for specific performance (CUI ECF No. 21). Subsequently on November 19, 2019, the instant case was consolidated with *Li v. Waveland Ventures, LLC*, Civil Case No. 19-cv-02443 (ECF #93). [BPS Dec¶ 4].

On February 27, 2020 during the OSC Pursuant to C.R.S. § 38-35-204 it became apparent that a clerical error resulted in the Defendant SPO being named as the Defendant in the 6th and 7th causes of action instead of SPOI, and that the derivative claims contained in Plaintiffs 2nd Amended Complaint were required to be verified by the Plaintiff's. [BPS Dec¶ 6]. During the hearing Judge Moore identified that the same technical errors had been repeated in the proposed 2nd Amended Complaint which was the subject of a Motion for Leave to Amend on the following Monday March 2, 2020. On February 27, 2020 counsel for the Cui Plaintiff's reached out to the Defendants and indicated that he would be willing to stipulate to withdraw the Motion for Leave to Amend set for March 2, 2020, and

2

refile it to correct these errors, however Defense counsel would not enter into such a stipulation [BPS Dec¶ 7].

On March 2, 2020 Judge Varholak granted Plaintiffs' Motion for Leave to Amend, and stated from the bench that he was not sure how to address the issues, but he assumed he would address them at the Defendants 12 (b) (6) Motions [BPS Dec¶ 7]. On March 2, 2020 the Court issued an order granting the Cui Plaintiffs Motion for Leave to file the Second Amended Complaint [ECF 166] and indicating that a further Order would be issued regarding the Second Amended Complaint. The Order additionally contained language related to the Li Plaintiffs Motions heard on the same day.  Finally, the Order contained language related to a deadline for joinder of parties and amendments of March 23, 2020.  This language was confusing as it was substantially similar to the language contained in the scheduling order which was only intended to relate to joinder of parties [BPS Dec¶ 9].  On March 3, 2020, the Court issued Minute Order [ECF 167] instructing the Cui Plaintiffs to file a clean copy of the 2nd Amended Complaint, there was no mention of the issues related to the verifications and clerical error in the title of the 6th and 7th Claims for Relief [BPS Dec¶ 10].

Plaintiff's counsel contacted counsel for the CRC Defendants on March 20 2020 and inquired if they would be willing to stipulate to filing the 3rd Amended Complaint, for the limited purpose of attaching verifications and correcting the aforementioned clerical error. . [BPS Dec¶ 11].  Thereafter, on March 23, 2020, I sent all Defense counsel a copy of the proposed third Amended Complaint with the same request [BPS Dec¶ 11].  All Defense counsel indicated that they did not object

3

to the minor proposed changes the 3rd Amended Complaint or the attachment of Verifications of the Plaintiffs, and that they would not oppose a Motion to Amend [BPS Dec¶ 12]. Due to complications with the Covid-19 shut down in California and the fact that the Cui Plaintiffs were spread over several states Counsel for the Cui Plaintiffs did not receive all of the signed verifications until April 14, 2020 [BPS Dec¶ 14].

On April 16, Plaintiffs' counsel sent all Defense counsel a stipulation to file the 3rd Amended Complaint including a copy of the proposed 3rd Amended Complaint as required by Local Rule 15.1 (a) [BPS Dec¶ 15]. All defense counsel again reiterated that they would not oppose a motion to amend the Complaint but that not sign the stipulation [BPS Dec¶ 16]. The 3rd Amended Complaint will not prejudice any of the Defendants or their proposed F.R.C.P. 12 (b) (6) Motions as they do not add parties or claims for relief.

## ARGUMENT

F.R.C.P. 15(a) (2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. In an effort to speed up the process, the Cui Plaintiffs have made several attempts to secure a stipulation from the Defendants to allow the filing of the 3rd Amended Complaint. Despite the fact that none of the Defendants object to the proposed 3rd Amended complaint, they would not agree to stipulate to the filing of the 3rd Amended Complaint. Therefore this Unopposed Motion has become necessary.

The court should freely give leave when justice so requires." "A court should deny leave to amend only upon "undue delay, bad faith or dilatory motive on the

4

part of the [moving party], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the [non-moving parties,] . . . [or] futility." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *see also Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-04 (2d Cir. 2005). "If it appears that a more carefully drafted pleading might state a claim upon which relief could be granted, the court should give the claimant an opportunity to amend his claim rather than dismiss it." *Friedlander v. Nims*, 755 F.2d 810, 813(11th Cir. 1985); *Taylor v. Dallas County Hospital District*, 976 F.Supp. 437, 438 (N.D. Tex. 1996). Kennard v. Indianapolis Life Ins. Co., 420 F. Supp. 2d 601, 608-609, 2006 U.S. Dist. LEXIS 9750, *16, 97 A.F.T.R.2d (RIA) 2006-1459. Here, the addition of the Plaintiffs verifications and the correction of two technical errors related to the confusion of Defendants SPO and SPOI rehabilitate claims upon which relief may be granted.

"A Rule 15(a) motion should be denied only for reasons as undue delay, bad faith, futility of the amendment, and perhaps the most important, the resulting prejudice to the opposing party.") *Lavigne v. Michael's Stores, Inc.,* 2015 U.S. Dist. LEXIS 52518, *9-10, 2015 WL 1826169. None of the reasons for denying leave to amend exist in the matter at hand. First, the proposed Amendments do not add any parties or any new causes of action. They only seek to correct minor technical pleading errors brought to light at the hearing of the OSC Pursuant to C.R.S. § 38-35-204. These changes are necessary to support the Plaintiff's derivative claims. Such minor changes are not made in bad faith, do not cause any undue delay and are not made with a dilatory motive.

5

Second, there is no undue prejudice to the Defendants' case as they have yet to file a responsive pleading in this matter. Furthermore, acceptance of the 3rd Amended Complaint will not interfere with the current schedule for Defendants proposed F.R.C.P 12 (b) (6) motions as no new claims have been made nor have any new factual allegations been alleged. Therefore, there is no prejudice to the Defendants.

Third, the amendments sought will not be futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999). Here, the Third Amended Complaint adds verifications of the Plaintiffs, which are required in connection with the derivative claims alleged in the Complaint and corrects a clerical error wherein SPO was named instead of SPOI in the title of the 6th and 7th Claims for Relief. Each version of the Cui Plaintiff's Complaint has alleged that SPO's rights were assigned to SPOI, so this is hardly a revelation and was an obviously an oversight.

Lastly, repeated failure to cure deficiencies by amendments previously allowed does not apply. The Defendants have not filed a responsive pleading and have yet to file a motion attacking the pleadings. The defects in the Cui Plaintiffs complaint were not known prior to the February 27, 2020 OSC hearing. During the March 2, 2020 hearing, the Solaris Defendants attempted to assert that the Plaintiffs have delayed these proceedings. The Cui Plaintiffs have not attempted to delay these proceedings at all but rather have attempted to work with Defendants whenever possible. The Cui Plaintiffs suggested that the parties stipulate to the 3rd

Amended Complaint in an effort to expedite the proceedings [BPS Dec ¶'s 11 & 15]. Meanwhile, the Cui Plaintiffs have done everything that they can to accommodate the requests of the Defendants. The Defendants brought a Motion for an Extension of Time to file Answer to the Cui Complaint [ECF 104] on December 12, 2019, an extension that the Cui Plaintiffs stipulated to [ECF 106]. Additionally, the Cui Defendants have reached agreements with the Defendants on numerous issues in this matter in an effort to speed things along. Thus, none of the reasons for denying leave to amend under F.R.C.P. 15(a) (2) exist in this case, and therefore leave to amend should be granted. The 3rd Amended Complaint should create no issues as it contains no new parties and no new causes of action

WHEREFORE, Plaintiffs seek an Order for leave to file a Third Amended Complaint pursuant to F.R.C.P. 15.

DATED: April 22, 2020                         */s/ Brian P. Stewart*
                                                            Brian P. Stewart
                                                            **Ardent Law Group**
                                                            4340 Von Karman Ave.,
                                                            Suite 290
                                                            Newport Beach, California 92660
                                                           Telephone: (949) 299-0188
                                                           Facsimile:  (949) 299-0127
                                                           bstewart@ardentlawgroup.com
                                                           Attorney for Plaintiffs Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou Chunyu Zou, individually, and on behalf of Colorado Regional Center Project Solaris LLLP

## CERTIFICATION OF SERVICE

This is to certify that on April 22, 2020, a true and correct copy of the above and foregoing **Plaintiffs' Unopposed Motion for Leave to File a Third Amended Complaint Under F.R.C.P. 15** has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Brian P. Stewart*
Brian P. Stewart
For Ardent Law Group, P.C.
