# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
        Plaintiffs,

v.                                    Hon. Magistrate Scott Varholak

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner LLC I, and
Peter Knobel,
        Defendants.

---

## Declaration of Brian P. Stewart

---

I, Brian P. Stewart, am over the age of eighteen and have personal knowledge of the facts stated herein and hereby to state as follows:

1. I am an attorney at The Ardent Law Group, attorneys of record for the Plaintiff's in Civil Action No. 19-cv-02637.

2. This declaration is offered in support of Plaintiffs Unopposed Motion for Leave to File 3rd Amended Complaint. The Cui Plaintiffs seek to amend the current operative pleading to attach Plaintiffs Verifications; to correct two clerical errors in the title to the 6th and 7th Claims for Relief and to add paragraphs 127, 132 and 133, each of which were plead in the body of the 2nd Amended Complaint and incorporated by reference to the 6th Claim for relief but were not specifically plead in the 6th Claim for Relief as stand-alone allegations. The proposed 3rd Amended Complaint **does not add any new parties, claims for**

**relief or affirmative allegations**, but merely attaches signed verifications and corrects minor technical pleading errors. ( a true and correct copy of the proposed 3rd Amended Complaint, in the form required by Local rule 15.1(b) i9s attached hereto as Exhibit "A")

3. This office filed the Plaintiff's original Complaint on September16, 2019. Thereafter, on November 8, 2019 we filed the 1st Amended Complaint, adding an action for specific performance based upon SPOI's many offers to exercise its right to convey title to the Collateral Units, while continuing to retain title to and possession of the Collateral units.

4. On November 19, 2019 this case was consolidated with *Li v. Waveland Ventures, LLC* case No. 1:19-cv-02443-STV.

5. On January 31, 2020 I filed a Motion for leave to file 2nd Amended Complaint herein. The Court set the Motion for hearing on March 2, 2020, three days after the hearing on the CRC Defendants OSC Pursuant to C.R.S. § 38-35-204 on February 27, 2020.

6. During the hearing on February 27, 2020 defects in the Cui Plaintiffs Complaint were brought to light, specifically that in order to plead derivative claims, the Complaint was required to be verified and that the titles of 6th and 7th Claims for relief incorrectly named SPO instead of SPOI.

7. Following the February 27, 2020 hearing, I sent opposing counsel correspondence offering to withdraw the Motion for Leave to file the 2nd Amended Complaint, to refile it to include corrections of the clerical errors identifying the defendants and to attach verifications to the Complaint (a true and correct copy my February 27, 2020 e-mail is attached hereto as Exhibit "B"). Defendants indicated that they would not agree to withdrawal of the Motion.

8. On March 2, 2020 the Cui Plaintiffs Motion for Leave to file 2nd Amended Complaint was granted. A discussion was held on the record concerning the clerical errors and the lack of verifications, and the Court indicated that it understood the issues and that they would have to be

dealt with, most likely at the Defendants proposed F.R.C.P. Rule 15 Motions. At the same hearing additional Motions related to the Li Plaintiffs were heard, and some time was spent addressing the possible addition of new plaintiffs.

9. On March 2, 2020. The Court issued an order granting the Cui Plaintiffs Motion for Leave to file the Second Amended Complaint [ECF 166] and indicating that a further Order would be issued regarding the Second Amended Complaint. The Order additionally contained language related to the Li Plaintiffs Motions heard on the same day. The Order also contained language related to a deadline for joinder of parties and amendments of March 23, 2020. This language was confusing because counsel for the Li Plaintiffs discussed adding parties during the hearing and the language was substantially similar to the language contained in the scheduling order which had only applied to the joinder of additional plaintiffs.

10. On March 3, 2020, the Court issued another Minute Order [ECF 167] instructing the Cui Plaintiffs to file a clean copy of the 2nd Amended Complaint, there was no mention of the issues related to the verifications and clerical error in the title of the 6th and 7th Claims for Relief or amendments to the Pleadings.

11. Plaintiff's counsel contacted counsel for the CRC Defendants on March 20 2020 and inquired if they would be willing to stipulate to filing the 3rd Amended Complaint. (a true and correct copy of my March 20, 2020 e-mail is attached hereto as Exhibit "C"). Thereafter, on March 23, 2020, I sent all Defense counsel a copy of the proposed third Amended Complaint with the same request (a true and correct copy of my March 23, 2020 e-mail is attached hereto as Exhibit "D").

///

12. All Defense e counsel indicated that they did not object to the proposed changes and would not oppose a Motion.

13. I informed Defense counsel that by stipulating we would avoid the need for a motion and achieve some semblance of cooperation that Judge Varholak had indicated he would be happy to see. (a true and correct copy of my April 1, 2020 e-mail is attached hereto as Exhibit "E").

14. Due to complications related to the Covid-19 shut down in California and logistical problems reaching all of the Cui Plaintiffs, I did not secure all of the Verifications until April 14, 2020.

15. On April 16, 2020 I sent all Defense counsel a copy of the proposed Stipulation to File the 3rd Amended Complaint along with a copy of the proposed 3rd Amended Complaint in the form required by Local Rule 15.1 (a). (a true and correct copy of my April 16, 2020 e-mail is attached hereto as Exhibit "F").

16. All Defense counsel once again responded that they would not oppose the motion but would not sign the stipulation.

17. The Cui Plaintiffs are in no way attempting to delay the proceedings herein, but are prevent future delays.

18. The Cui Plaintiffs have bent over backwards to work with the defendants in this matter. The Cui Plaintiffs have stipulated to virtually every request made by the Defendants, including stipulating in December to extend the time in which the Defendants had to file Answers to the Complaint.

///

///

19.	It would be unjust to have the Plaintiffs claims suffer because of minor technical pleading errors of their counsel.  Therefore, the Cui Plaintiffs respectfully request that the Court grant the present motion.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 22nd day of April, 2020.

>	/s/ Brian P. Stewart
>	Brian P. Stewart
>	**Ardent Law Group**
>	4340 Von Karman Ave.,
>	Suite 290
>	Newport Beach, California 92660
>	Telephone: (949) 299-0188
>	Facsimile:  (949) 299-0127
>	bstewart@ardentlawgroup.com
>	Attorney for Plaintiffs Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou Chunyu Zou, individually, and on behalf of Colorado Regional Center Project Solaris LLLP

## **CERTIFICATION OF SERVICE**

This is to certify that on April 22, 2020, a true and correct copy of the above and foregoing **Declaration of Brian P. Stewart** has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Brian P. Stewart*
For Ardent Law Group, P.C.
