**In the United States District Court
for the District of Colorado**

Civil Action No. 1:19-cv-02443-RM-STV
—*Consolidated with* No. 19-cv-2637-RM-STV

JUN LI, *et al.*, individually and derivatively for Colorado Regional Center Project Solaris LLLP,

    Plaintiffs,

v.

WAVELAND VENTURES LLC, *et al.*,

    Defendants.

## SPO I's Response to *Li* Plaintiffs' Motion for Mandatory Injunction to Compel CRCPS to "Call the Loan"

    Defendant Solaris Property Owner I, LLC ("SPO I"), through its attorneys Haddon, Morgan and Foreman, P.C., submits this Response to the *Li* plaintiffs' motion for a mandatory injunction (Doc.165) to compel Colorado Regional Center Project Solaris LLLP ("CRCPS") to "call the loan" and enjoin CRCPS's plan to distribute collateral in kind to its limited partners.

    CRCPS loaned about $82.5 million to SPO I pursuant to a loan agreement. Doc.184-1 ¶ 13. In accordance with the loan agreement, SPO I notified CRCPS it intended to exercise its right to discharge its loan repayment obligation by tendering to CRCPS the collateral (condominium units) securing the loan. *Id.* ¶ 22. CRCPS and SPO I then entered into an agreement, Agreement Regarding Collateral Units ("ARCU"), under which SPO I agreed to "temporarily refrain" from conveying the units to CRCPS

and instead to convey them directly to a buyer designated by CRCPS. *Id.* ¶ 23; Doc.152-6, at 2 ¶ F. The ARCU provided that notwithstanding SPO I's agreement to temporarily hold title to the units, SPO I had discharged its obligations under the loan agreement except for the conveyance of title to the units as directed by CRCPS under the ARCU. *See* Doc.152-6, at 3 ¶ 1.

In the first half of the motion for mandatory injunction, the *Li* plaintiffs—without saying whether they are proceeding directly or derivatively on behalf of CRCPS—effectively seek judicial nullification of the ARCU. Colorado Regional Center I ("CRC I"), CRCPS's general partner at the time the motion for injunction was filed, filed a response (Doc.184) opposing the motion for mandatory injunction.

SPO I adopts and incorporates here by reference CRC I's response to the motion for mandatory injunction, which seeks an order judicially nullifying the ARCU. SPO I supplements as follows.

The *Li* plaintiffs two days ago filed a "Status Report" claiming CRCPS's limited partners had voted to remove CRC I as CRCPS's general partner. *See* Doc.183. We do not know if the claim is correct. If it is, then as CRC I said (Doc.184, at 2 n.1) the limited partners by their actions may have ousted this Court of jurisdiction to consider the *Li* plaintiffs' motion for injunction. *See Sutton v. Mikesell*, No. 19-1479, 2020 WL 1845283, at *4 (10th Cir. Apr. 13, 2020) ("Mootness renders a case nonjusticiable and deprives [the court] of subject-matter jurisdiction, because in a moot case, a plaintiff no longer suffers a redressable actual injury.") (internal quotations omitted; brackets altered).

Setting aside the looming problem of mootness, the entire premise of the *Li* plaintiffs' motion is fundamentally wrong. They believe all they need establish is that CRCPS carries on its books a note receivable from SPO I that "is overdue"; "[s]o the likelihood of collecting the debt is virtually guaranteed." Doc.165 at 2-3. That premise ignores the ARCU, which modified the loan agreement. *See, e.g.*, Doc.152-6, at 3 ¶ 1. Under the ARCU, by CRCPS's own agreement and acknowledgment the loan is not "overdue." Quite the contrary the repayment is in the form of condominium units that SPO I is temporarily holding at CRCPS's request pursuant to the ARCU while awaiting directions from CRCPS. Doc.184-1 ¶ 23. CRCPS specifically negotiated the ARCU to save CRCPS and its limited partners about $1 million in taxes, HOA dues, and insurance costs. Doc.184-2, at 3-4; Doc.184-1 ¶ 24. Having negotiated an agreement with SPO I to forbear conveyance of title to the units and having explicitly acknowledged in the ARCU that the loan is *not* in default, CRCPS may not seek a "mandatory injunction" to *undo* the very agreement it executed. *See McShane v. Stirling Ranch Prop. Owners Ass'n*, 2017 CO 38 ¶ 16 ("[W]e hold no authority to rewrite contracts and must enforce unambiguous documents in accordance with their terms."). We respectfully submit that the motion for mandatory injunction is substantially groundless.

      The Court should deny the motion.

3

April 22, 2020

        Respectfully submitted,

        *s/ Ty Gee*
        Harold A. Haddon
        Ty Gee
        HADDON, MORGAN AND FOREMAN, P.C.
        150 East Tenth Avenue
        Denver, CO 80203
        Tel 303.831.7364
        hhaddon@hmflaw.com; tgee@hmflaw.com

        *Attorneys for Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel*