**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-02443-RM-STV

Li, *et al*.,

    Plaintiffs,

v.

Waveland Ventures, LLC, *et al*.,

    Defendants.

---

**MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT COLORADO REGIONAL CENTER PROJECT SOLARIS, LLLP**

---

Defendant Colorado Regional Center Project Solaris, LLLP ("CRCPS"), by and through undersigned counsel, hereby submits this Motion to Withdraw as Counsel for CRCPS, pursuant to D.C.COLO.LAttyR 5(b), stating as follows:

**CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCivR 7.1 (a)**

Undersigned counsel has conferred with counsel for the Plaintiffs regarding the subject matter of this motion. The Li Plaintiffs intend to oppose this motion, apparently to the extent that the requested withdrawal is limited to CRCPS and not to undersigned counsel's other clients. The Cui Plaintiffs do not oppose this motion.

**BACKGROUND**

Undersigned counsel, James D. Kilroy and Stephanie A. Kanan, have entered appearances for the following Defendants: Waveland Ventures, LLC, Colorado Regional Center LLC, Colorado Regional Center I, LLC and CRCPS. Plaintiffs have amended their complaints

numerous times and the current deadline for filing answers or motions to dismiss is May 11, 2020.

Recently, counsel for Plaintiffs Douglas Litowitz filed a "Status Report on Removal of General Partner by Proxies and Written Consent," [ECF 183], which purports to be an announcement by the limited partners of CRCPS that Colorado Regional Center I, LLC has been removed as the general partner of CRCPS.

Colorado Regional Center I, LLC does not believe that it has been properly removed as the general partner of CRCPS but of course recognizes that the issue of who has legal authority to manage CRCPS is now in dispute.[1]

## ARGUMENT

In light of this dispute about who has legal authority to manage CRCPS, undersigned counsel now has at least a potential conflict of interest in continuing to represent CRCPS, and this conflict of interest constitutes good cause for this Motion under D.C.COLO.LAttyR 5(b).

The conflict arises because counsel for the Li Plaintiffs, Douglas Litowitz, claims that the removal of CRC I automatically occurred upon the execution of certain proxies by certain limited partners of CRCPS (most of whom are unidentified in the proxies themselves) [ECF 183]. Mr. Litowitz contends that he and his legal assistant now have legal authority to manage and direct CRCPS and its counsel. *See* Exhibit A. CRC I, on the other hand, contends that the Court must determine whether there is cause to remove CRC I and that it continues to have legal authority to

---

[1] The Status Report [ECF 183] appears to indicate that certain limited partners contend they have already removed CRC I for cause, specifically based on alleged fraud. But there has been no determination of this allegation of fraud, and in fact CRC I has not even had a chance to respond to Plaintiffs' fraud causes of action – which Plaintiffs have asserted in this lawsuit – or to Plaintiffs' seventh claim for relief in the Li Plaintiffs' Third Amended Complaint [ECF 121], which is for removal of CRC I as the general partner of CRCPS.

manage CRCPS until the Court determines the Li Plaintiffs' seventh claim for relief (for removal of the general partner of CRCPS) under the Li Plaintiffs' Third Amended Complaint. [ECF 121, page 47-48].

Undersigned counsel organized a verbal conferral regarding this issue upon receipt of the Status Report [ECF 183] in order to discuss the conflict issues for all attorneys.  Undersigned counsel pointed out that if the Court permits its withdrawal as counsel for CRCPS, there will be a dilemma for CRCPS because Plaintiffs' counsel have asserted not only derivative claims on behalf of CRCPS, but also direct damage claims against CRCPS.

In the verbal conferral, undersigned counsel asked Plaintiffs to consider cleaning up and streamlining this lawsuit by either dismissing their claims against CRCPS or else agreeing to a stay of Plaintiffs' claims against CRCPS for so long as there is uncertainty regarding the authority issue.[2]  In response, counsel for the Cui Plaintiffs, Brian Stewart, explained that the Cui Plaintiffs have identified CRCPS as a nominal defendant – not a defendant from whom the Cui Plaintiffs are seeking monetary relief.  Counsel for the Li Plaintiffs, Douglas Litowitz, did not agree with anything undersigned counsel proposed, insisting instead that the Li Plaintiffs are entitled to sue CRCPS for direct damages while at the same time prosecuting derivative claims on behalf of CRCPS. Moreover, Mr. Litowitz and his legal assistant now purport to actually manage CRCPS and are purporting to direct undersigned counsel in this litigation. *See* Exhibit A.  In sum, this has turned into an impossible situation that the parties appear unable to resolve without the Court's assistance.

---

[2]  Again, the Li Plaintiffs have asserted a claim for removal of CRC I as the general partner of CRCPS.  [ECF 121, page 47-48].  CRC I is in favor of an expedited resolution of this claim and will further address this issue with its response to the Li Plaintiffs' Third Amended Complaint [ECF 121], which is due for filing May 11, 2020.

The specific dilemma here is that undersigned counsel does not believe it can continue to represent CRCPS while the uncertainty remains about legal authority, but if the Court permits the requested withdrawal, CRCPS could be subject to a default on the claims Plaintiffs have asserted in this action.  The solution proposed by undersigned counsel is to: (a) permit undersigned counsel to withdraw from its representation of CRCPS; and (b) permit CRCPS to have a reasonable extension of time to file responsive pleadings – if Plaintiffs truly wish to pursue claims against CRCPS. (On this same date, undersigned counsel will file a separate motion for extension of time on behalf of CRCPS.)  While this proposal may delay Plaintiffs' claims against CRCPS, it will not impact anything else in this case, and in fact it will permit the Court to consider Fed. R. Civ. P. 12 motions of all other Defendants under the current briefing schedule.

Undersigned counsel is aware of the obligation to warn CRCPS client about compliance with all court orders and time limitations, as well as their obligation to notify CRCPS that it may not appear without counsel admitted to the bar of this Court – as a condition of withdrawal under D.C.COLO.LAttyR 5(b). Accordingly, undersigned counsel certifies that a copy of this Motion is simultaneously being served on CRC I and also on Mr. Litowitz, whose legal assistant claims to have legal authority over CRCPS's operation and management.

## CONCLUSION

For the foregoing reasons, undersigned counsel respectfully request that James D. Kilroy and Stephanie A. Kanan be permitted to withdraw from representation of CRCPS in this lawsuit.

4

4849-1435-7178.1

DATED: May 6, 2020.

    Snell & Wilmer L.L.P.

*/s/James D. Kilroy*
James D. Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202
Telephone: 303.634.2000
Facsimile: .303.634.2020
Email: jkilroy@swlaw.com
Email: skanan@swlaw.com

**Counsel for Defendants Waveland Ventures, LLC, Colorado Regional Center Project Solaris, LLLP, Colorado Regional Center, LLC and Colorado Regional Center I, LLC**

## CERTIFICATE OF SERVICE

This is to certify that on May 6, 2020, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
David Maxted
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203


And by email to the following:

Robert Glucksman, authorized representative of Colorado Regional Center I, LLC
rglucksman@coloradoregionalcenter.com

Yiwen Chen, who has identified as "Proxy" for CRCPS
c/o Douglas Litowitz, Attorney-at-Law
litowitz@gmail.com


　　　　　　　　　　　　　　　　　　　　　　*/s/Amy Kovarsky*
　　　　　　　　　　　　　　　　　　　　　　for Snell & Wilmer L.L.P.

6