# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

JUN LI, QI QIN, et al., individually and derivatively for defendant COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

           Plaintiffs,

v.

WAVELAND VENTURES LLC, COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP, COLORADO REGIONAL CENTER I LLC, et al.

           Defendants.

Hon. Judge Raymond Moore
Hon. Magistrate Scott Varholak

## Motion to Disqualify Snell & Wilmer LLP from Continuing to Represent the General Partner as a Current Client against its Former Client the Limited Partnership when they are Directly Adverse

The Third Amended Complaint asserts derivative claims in the name of Colorado Regional Center Project Solaris LLLP ("LP") against its (former) general partner Colorado Regional Center I LLC ("GP"). These claims make the parties directly adverse. For example, count I is by the LP against the GP for breach of fiduciary duty; count II is by the LP against the GP for civil theft; count V and VI are by the LP against the GP for federal and state securities fraud; and count VII is for removal of the GP.

The parties are further adverse because more than 2/3 of the limited partners removed the GP for fraudulently wasting the LP's assets [ECF 183]. No Court approval is required under the partnership agreement. The limited partners blame the GP for the loss of $40 million by putting their money in a crooked deal, and livid that the GP was still drawing a "management fee" for it.

1

After the limited partners removed the GP in the manner required by the Limited Partnership Agreement, they fired the law firm of Snell & Wilmer, who had previously appeared for <u>both</u> the LP and the GP. [1]  See Exhibit 1 for termination letter.

Snell and Wilmer represented both the LP and the GP for some 8 months before the limited partners took control of the LP and removed the GP and fired Snell & Wilmer.

Snell & Wilmer now take the position (in multiple emails to all counsels) that they will withdraw from representing the LP but continue to represent the removed GP as a current client in this action, which means they are continuing to represent a client who is directly adverse to their former client (the LP) in the same action.  They have jumped from multiple representation of the LP and GP to representing only the GP against the LP.

Snell & Wilmer's conduct is expressly forbidden by the Colorado Rules of Professional Conduct.  Specifically, RPC 1.9(a) prohibits representing a party against a former client in the same action when their interests are adverse:

> Duties to Former Clients
> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Comment 1 to the Rule specifically prohibits what Snell & Wilmer are doing right now:

> Nor could a lawyer who has represented multiple clients in a matter represent one of the clients against the others in the same or a substantially related matter after a dispute arose among the clients in that matter, unless all affected clients give informed consent.

---

[1] Snell & Wilmer assert that the GP has not been properly removed because the Court has not decided the merits of a derivative count seeking judicial removal of the GP, but this ignores the obvious point that judicial removal is only one method of removal, and an alternative method is proxy removal as accomplished non-judicially per the limited partnership agreement.

2

The purpose of the Rule is simple: an attorney cannot turn against a former client since it will have learned secrets about the former client which would give an unfair advantage to the adversary of that former client.  Comment 29 to RPC 1.7 says that where multiple representation becomes adverse, the lawyer must withdraw from representing *all* clients:

> In considering whether to represent multiple clients in the same matter, a lawyer should be mindful that if the common representation fails because the potentially adverse interests cannot be reconciled, the result can be additional cost, embarrassment and recrimination. ***Ordinarily, the lawyer will be forced to withdraw from representing all of the clients if the common representation fails.*** (emphasis added).

A party moving for disqualification in this District must show four elements: (i) an attorney-client relationship existed in the past; (ii) the present litigation is substantially related to the prior litigation; (iii) the present client's interests are materially adverse to the former client's interests; and (iv) the former client has not consented to the disputed representation.  *Funplex Partnership v. F.D.I.C.*, 19 F.Supp.2d 1201, 1206 (D. Colo. 1998); *Persichette v. Owens Ins. Co.*, 2020 WL 2108166 ¶20 (Sup. Ct. Colo. May 4, 2020)(matters are substantially related if "they involve the same transaction or legal dispute").  These factors are easily met because the disqualification sought is against a firm that is switching from representing the LP to representing a party adverse to the LP - in the same action - and the former client has not consented.  Where a lawyer switches sides in the same matter, there is an "irrebuttable presumption" that the client has revealed information to the attorney which requires his disqualification from representing an adversary. *English Feedlot, Inc. v. Norden Laboratories, Inc.*, 833 F. Supp. 1498, 1506 (D. Colo. 1993).  Here, Snell & Wilmer have represented the LP for greater than six months and have learned confidential information about its strategies, finances, internal disputes, strengths and weaknesses: it would be

3

inequitable for them to use this confidential information for a current client against their former client in the same case. The plain language of RPC 1.9(a) makes this verboten, and the comments to RPC 1.7 makes clear that a lawyer in this situation must withdraw from representing all clients in the matter.

Snell & Wilmer complain that the situation is impossibly complicated, but that is their own fault. If they would just bow out gracefully and as required by the RPC, they the limited partners can hire a new unconflicted law firm to represent the LP, and the removed GP can hire a new unconflicted law firm to represent it.[2] Snell & Wilmer has no further business in this case because once their multiple representation of the LP and GP went adverse, they were conflicted out, and now they must withdraw completely.

WHEREFORE, the Li Plaintiffs request this Court issue an order that Snell & Wilmer be disqualified from representing any party in this action.

**Statement of Conferral pursuant to Local Rule 7.1**: Counsel for the Li Plaintiffs conferred with Snell & Wilmer back and forth multiple times by email on May 5th and 6th, and informed them that continued representation of the GP would violate RPC 1.9(a) and 1.7. They agreed to withdraw from representing the LP but insist on representing the removed GP who is adverse to the LP.

Dated: May 6, 2020

---

[2] There is only one direct count pleaded by the Li Plaintiffs against the LP itself, which was inserted to keep the complaint alive as a direct action only in the unlikely event that the Court strikes it as a derivative action, as explained in the Third Amended Complaint itself. This Circuit allows a complaint to be pleaded in the alternative as direct and derivative. *Srebnik v. Dean*, 2006 U.S. Dist. LEXIS 59232 *7; 2006 WL 2457386 (D. Colo. 2006)( "It is well settled that shareholders have the right to bring direct and derivative actions simultaneously"). **The Li Plaintiffs can stay this direct Count since they have now taken control of the LP and cannot sue themselves**.

Respectfully Submitted,

/s/ Douglas Litowitz
Attorney for the Li Plaintiffs
413 Locust Place
Deerfield, IL 60015
312-622-2848
Litowitz@gmail.com

**Certificate of Service**

I hereby state that I have served this Motion for Disqualification on all counsels of record by filing the same with the ECF system for the District of Colorado.

/s/ Douglas Litowitz

5