**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-02443-RM-STV

Li, *et al*.,

    Plaintiffs,

v.

Waveland Ventures, LLC, *et al*.,

    Defendants.

### DEFENDANT CRCPS' MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING

Defendant Colorado Regional Center Project Solaris, LLLP ("CRCPS"), by and through undersigned counsel, hereby submits this Motion for Extension of Time to File Responsive Pleading (this "Motion"), stating as follows:

### CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCivR 7.1 (a)

Undersigned counsel has conferred with counsel for the Plaintiffs regarding the subject matter of this Motion. Brian Stewart, counsel for the Cui Plaintiffs, states that his clients do not oppose this Motion, and from his perspective substitute counsel for CRCPS is not necessary in light of the fact that the Cui Plaintiffs are not seeking relief against CRCPS, which he considers a nominal defendant. Douglas Litowitz, counsel for the Li Plaintiffs, states that his clients do not oppose the relief requested herein. Mr. Litowitz also states that his legal assistant and wife has already fired undersigned counsel from this case, and does not authorize undersigned counsel's filing of this motion.

## ARGUMENT

CRCPS respectfully requests an extension of time to file its answer or motion to dismiss to the Li Plaintiffs' Third Amended Complaint for Derivative and Direct Relief [ECF 121] and the Cui Plaintiffs' Third Amended Complaint [ECF 190]. Pursuant to D.C.COLO.LCivR 6.1(b): (a) the reason for the requested extension is the recent emergence of a potential conflict of interest issue that undersigned counsel has been unable to resolve with counsel for Plaintiffs, which will be discussed herein; (b) the length of the requested extension is sixty (60) days; and (c) this is CRCPS' first extension of time to respond to the above referenced pleadings. In accordance with D.C.COLO.LCivR 6.1(c), this Motion is served on both CRC I, the current general partner of CRCPS, and also upon counsel for the Li Plaintiffs' legal assistant, who now claims to be managing CRCPS.

Under separate cover, James D. Kilroy and Stephanie A. Kanan, counsel for CRCPS, have moved to withdraw from representing CRCPS because of a dispute that has arisen as a result of a filing by counsel for the Li Plaintiffs, Douglas Litowitz, called a "Status Report on Removal of General Partner by Proxies and Written Consent," [ECF 183], which purports to be an announcement by certain limited partners of CRCPS that Colorado Regional Center I, LLC ("CRC I") has been removed as the general partner of CRCPS. In sum, Colorado Regional Center I, LLC does not believe that it has been properly removed as the general partner of CRCPS but of course recognizes that the issue of who has legal authority to manage CRCPS is now in dispute.[1]

---

[1] The Status Report [ECF 183] appears to indicate that certain limited partners contend they have removed CRC I for cause, specifically based on alleged fraud. But there has been no determination of this allegation of fraud, and in fact CRC I has not even had a chance to respond to Plaintiffs' fraud causes of action – which Plaintiffs have asserted in this lawsuit – including a claim for removal of CRC I as general partner of CRCPS. [ECF 121, seventh claim for relief].

2

Plaintiffs have amended their complaints numerous times and the current deadline for filing answers or motions to dismiss as to the above-described operative pleadings is May 11, 2020.

In light of this dispute over who has legal authority to manage CRCPS, undersigned counsel now has a potential conflict of interest in continuing to represent CRCPS, and this potential conflict of interest constitutes good cause for the separate motion to withdraw under D.C.COLO.LAttyR 5(b). Undersigned counsel attempted to confer with Plaintiffs' counsel on the overall conflicts of interest that have now emerged and that impact *all* counsel.  Specifically, undersigned counsel attempted to explain to Mr. Litowitz that he (or his legal assistant) cannot both manage CRCPS and/or represent it, while simultaneously pursuing not only derivative claims against all other Defendants, but also pursuing direct damage claims on behalf of the named Plaintiffs against CRCPS.  Undersigned counsel also asked counsel for Plaintiffs to dismiss the direct claims their clients have asserted against CRCPS, without prejudice and/or agree to stay prosecution of those claims until the apparent dispute about legal authority over CRCPS is determined by the Court.  Mr. Litowitz advised that he has no conflict of interest, and the Li Plaintiffs have rejected the efforts to streamline or modify this lawsuit to address the recent development described in the Status Report [ECF 183].

Accordingly, as the matter currently stands, current counsel for CRCPS believes that they must withdraw from representing CRCPS, but with a May 11, 2020 deadline for CRCPS to respond to operative pleadings CRCPS could be prejudiced, or even defaulted by counsel for Plaintiffs unless an extension of time is granted.

Undersigned counsel respectfully seeks a sixty (60) day extension of time for CRCPS to file a responsive pleading as to the Li Plaintiffs' Third Amended Complaint for Derivative and

Direct Relief [ECF 121] and the Cui Plaintiffs' Third Amended Complaint [ECF 190]. This extension will not impact the remainder of the litigation, nor will it prejudice the parties. Defendants other than CRCPS would not be impacted by this request, and there is no reason to delay the current briefing schedule. The clear focus of Plaintiffs' claims in this case are the Defendants other than CRCPS in this case; indeed, it is unclear why Plaintiffs have even named CRCPS as a defendant. And while 60 days is an admittedly lengthy extension, it may take the parties and Court some time to resolve this new dispute regarding who has the right to control CRCPS, as currently set forth in the seventh claim for relief of the Li Plaintiffs' Third Amended Complaint. [ECF 121].

As undersigned counsel explained in the separate motion to withdrawal filed yesterday, the specific dilemma here is that undersigned counsel does not believe it can continue to represent CRCPS while the uncertainty remains about legal authority, but if the Court permits the requested withdrawal, CRCPS could be subject to a default on the claims Plaintiffs have asserted in this action. The solution proposed by undersigned counsel in the motion to withdraw and again here, in this Motion, is to: (a) permit undersigned counsel to withdraw from its representation of CRCPS; and (b) permit CRCPS to have a reasonable extension of time to file responsive pleadings – if the Plaintiffs truly wish to pursue claims against CRCPS.

## CONCLUSION

For the foregoing reasons, CRCPS respectfully requests an extension of time of up to sixty (60) days from May 11, 2020 to file a responsive pleading as to the Li Plaintiffs' Third Amended Complaint for Derivative and Direct Relief [ECF 121] and the Cui Plaintiffs' Third Amended Complaint [ECF 190].

4

DATED: May 7, 2020.

                              SNELL & WILMER L.L.P.

                              */s/James D. Kilroy*
                              James D. Kilroy
                              Stephanie A. Kanan
                              SNELL & WILMER L.L.P.
                              1200 Seventeenth Street, Suite 1900
                              Denver, Colorado 80202
                              Telephone: 303.634.2000
                              Facsimile: .303.634.2020
                              Email: jkilroy@swlaw.com
                              Email: skanan@swlaw.com

                              ***Counsel for Defendants Waveland Ventures, LLC, Colorado Regional Center Project Solaris, LLLP, Colorado Regional Center, LLC and Colorado Regional Center I,***

4850-0617-4651.1

**CERTIFICATE OF SERVICE**

This is to certify that on May 7, 2020, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
David Maxted
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

And by email to the following:

Robert Glucksman, authorized representative of Colorado Regional Center I, LLC
rglucksman@coloradoregionalcenter.com

Yiwen Chen, who has identified as "Proxy" for CRCPS
c/o Douglas Litowitz, Attorney-at-Law
litowitz@gmail.com


　　　　　　　　　　　　　　　　　　　　*/s/Amy Kovarsky*
　　　　　　　　　　　　　　　　　　　　for Snell & Wilmer L.L.P.

6