**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.  1:19-cv-02443-RM-STV
Consolidated with Civil Action No. 1:19-cv-02637**

Jun Li, *et al*.,

      Plaintiffs,

v.

Waveland Ventures, LLC, *et al*.,

      Defendants.

---

### ANSWER TO LI PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DERIVATIVE AND DIRECT RELIEF [ECF 121] AND COUNTERCLAIM AGAINST LI PLAINTIFFS

---

Defendants Waveland Ventures, LLC, Colorado Regional Center, LLC, and Colorado Regional Center I, LLC's (collectively, the "CRC Defendants"), hereby submit their Answer to the Li Plaintiffs' Third Amended Complaint for Derivative and Direct Relief ["LTAC," ECF 121] and Counterclaim Against Li Plaintiffs, stating as follows:

On this same date, the CRC Defendants are filing a Fed. R. Civ. P. 12(b)(6) motion to dismiss all claims for relief in the LTAC, other than Count VII of the LTAC. [ECF, 121, ¶¶ 212-19].

To the extent the introductory paragraphs on pages 1 through 4 are allegations directed at the CRC Defendants, the CRC Defendants deny such allegations.

1

## Jurisdiction and Venue

1.      The allegations in paragraph 1 constitute legal conclusions to which no response is required.  To the extent a response is required, the CRC Defendants deny the allegations. The CRC Defendants deny that diversity jurisdiction under 28 U.S.C. § 1332 is properly pled.

2.      The allegations in paragraph 2 constitute legal conclusions to which no response is required.  To the extent a response is required, the CRC Defendants deny the allegations.

3.      The allegations in paragraph 3 constitute legal conclusions to which no response is required.  To the extent a response is required, the CRC Defendants deny the allegations.

4.      The allegations in paragraph 4 constitute legal conclusions to which no response is required.  To the extent a response is required, the CRC Defendants deny the allegations.

5.      The allegations in paragraph 5 constitute legal conclusions to which no response is required.  To the extent a response is required, the CRC Defendants deny the allegations.

## Parties

6.      The CRC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and accordingly deny the allegations.

7.      The CRC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and accordingly deny the allegations.

8.      The CRC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and accordingly deny the allegations.

9.      The CRC Defendants admit the allegations in paragraph 9.

10.     The CRC Defendants admit the allegations in paragraph 10.

11.     The CRC Defendants admit the allegations in paragraph 11.

4828-1151-1228.1

12.     The allegations in paragraph 12 are not directed at the CRC Defendants, and therefore, no response is required.  To the extent a response is required, the CRC Defendants deny the allegations.

13.     The allegations in paragraph 13 are not directed at the CRC Defendants, and therefore, no response is required.  To the extent a response is required, the CRC Defendants deny the allegations.

14.     The CRC Defendants deny the allegations in paragraph 14.

15.     The CRC Defendants admit the allegations in paragraph 15.

16.     The CRC Defendants admit the allegations in paragraph 16.

17.     The CRC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and accordingly deny the allegations.

18.     The CRC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and accordingly deny the allegations.

**Factual Allegations Common to All Counts**

19.     The CRC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and accordingly deny the allegations.

20.     The CRC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and accordingly deny the allegations.

21.     The CRC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and accordingly deny the allegations.

22.     The CRC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and accordingly deny the allegations.

23.     The CRC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and accordingly deny the allegations.

24.     The CRC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and accordingly deny the allegations.

25.     The CRC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and accordingly deny the allegations.

26.     The CRC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and accordingly deny the allegations.

27.     The CRC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and accordingly deny the allegations.

28.     The CRC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and accordingly deny the allegations.

29.     The CRC Defendants deny the allegations in paragraph 29.

30.     The CRC Defendants deny the allegations in paragraph 30.

31.     The CRC Defendants admit the allegations in paragraph 31.

32.     The Loan Agreement referenced in paragraph 32 speaks for itself, and the CRC Defendants deny the allegations in paragraph 32 to the extent the same mischaracterize, misconstrue, or are inconsistent with the Loan Agreement.

33.     The Loan Agreement and Promissory Note referenced in paragraph 33 speaks for itself, and the CRC Defendants deny the allegations in paragraph 33 to the extent the same mischaracterize, misconstrue, or are inconsistent with the Loan Agreement and Promissory Note.

34.     The Loan Agreement and Promissory Note referenced in paragraph 34 speaks for itself, and the CRC Defendants deny the allegations in paragraph 34 to the extent the same mischaracterize, misconstrue, or are inconsistent with the Loan Agreement and Promissory Note.

35.     The Operating Agreement referenced in paragraph 35 speaks for itself, and the CRC Defendants deny the allegations in paragraph 35 to the extent the same mischaracterize, misconstrue, or are inconsistent with the Operating Agreement.

36.     The CRC Defendants deny the allegations in paragraph 36.

37.     The CRC Defendants deny the allegations in paragraph 37.

38.     The CRC Defendants deny the allegations in paragraph 38.

39.     The CRC Defendants deny the allegations in paragraph 39.

40.     The CRC Defendants deny the allegations in paragraph 40.

41.     The CRC Defendants deny the allegations in paragraph 41.

42.     The CRC Defendants deny the allegations in paragraph 42.

43.     The CRC Defendants deny the allegations in paragraph 43.

44.     The CRC Defendants deny the allegations in paragraph 44.

45.     The CRC Defendants deny the allegations in paragraph 45.

46.     The CRC Defendants deny the allegations in paragraph 46.

47.     The CRC Defendants deny the allegations in paragraph 47.

48.     The CRC Defendants deny the allegations in paragraph 48.

49.     The CRC Defendants deny the allegations in paragraph 49.

50.     The CRC Defendants deny the allegations in paragraph 50.

51.     The CRC Defendants deny the allegations in paragraph 51.

4828-1151-1228.1

52.     The CRC Defendants deny the allegations in paragraph 52.

53.     The CRC Defendants deny the allegations in paragraph 53.

54.     The CRC Defendants deny the allegations in paragraph 54.

55.     The CRC Defendants deny the allegations in paragraph 55.

56.     The CRC Defendants deny the allegations in paragraph 56.

57.     The CRC Defendants deny the allegations in paragraph 57.

58.     The CRC Defendants deny the allegations in paragraph 58.

59.     The CRC Defendants deny the allegations in paragraph 59.

60.     The CRC Defendants deny the allegations in paragraph 60.

61.     The Memorandum of Understanding referenced in paragraph 61 speaks for itself, and the CRC Defendants deny the allegations in paragraph 61 to the extent the same mischaracterize, misconstrue, or are inconsistent with the Memorandum of Understanding.

62.     The CRC Defendants deny the allegations in paragraph 62.

63.     The CRC Defendants deny the allegations in paragraph 63.

64.     The CRC Defendants deny the allegations in paragraph 64.

65.     The CRC Defendants deny the allegations in paragraph 65.

66.     The marketing materials referenced in paragraph 66 speak for themselves, and the CRC Defendants deny the allegations in paragraph 66 to the extent the same mischaracterize, misconstrue, or are inconsistent with the marketing materials.

67.     The marketing materials referenced in paragraph 67 speak for themselves, and the CRC Defendants deny the allegations in paragraph 67 to the extent the same mischaracterize, misconstrue, or are inconsistent with the marketing materials.

4828-1151-1228.1

68.     The CRC Defendants deny the allegations in paragraph 68.

69.     The CRC Defendants deny the allegations in paragraph 69.

70.     The CRC Defendants deny the allegations in paragraph 70.

71.     The CRC Defendants deny the allegations in paragraph 71.

72.     The PPM referenced in paragraph 72 speaks for itself, and the CRC Defendants deny the allegations in paragraph 72 to the extent the same mischaracterize, misconstrue, or are inconsistent with the PPM.

73.     The PPM referenced in paragraph 73 speaks for itself, and the CRC Defendants deny the allegations in paragraph 73 to the extent the same mischaracterize, misconstrue, or are inconsistent with the PPM.

74.     The CRC Defendants deny the allegations in paragraph 74.

75.     The CRC Defendants admit the allegations in paragraph 75.

76.     The CRC Defendants deny the allegations in paragraph 76.

77.     The CRC Defendants deny the allegations in paragraph 77.

78.     Exhibit A to the Promissory Note referenced in paragraph 78 speaks for itself, and the CRC Defendants deny the allegations in paragraph 78 to the extent the same mischaracterize, misconstrue, or are inconsistent with Exhibit A to the Promissory Note.

79.     Exhibit A to the Promissory Note referenced in paragraph 79 speaks for itself, and the CRC Defendants deny the allegations in paragraph 79 to the extent the same mischaracterize, misconstrue, or are inconsistent with Exhibit A to the Promissory Note.

80.     The CRC Defendants deny the allegations in paragraph 80.

81.     The Agreement referenced in paragraph 81 speaks for itself, and the CRC Defendants deny the allegations in paragraph 81 to the extent the same mischaracterize, misconstrue, or are inconsistent with the Agreement.

82.     The CRC Defendants deny the allegations in paragraph 82.

83.     The CRC Defendants deny the allegations in paragraph 83.

84.     The CRC Defendants deny the allegations in paragraph 84.

85.     The Secret Agreement referenced in paragraph 85 speaks for itself, and the CRC Defendants deny the allegations in paragraph 85 to the extent the same mischaracterize, misconstrue, or are inconsistent with the Secret Agreement.

86.     The CRC Defendants deny the allegations in paragraph 86.

87.     The CRC Defendants deny the allegations in paragraph 87.

88.     The CRC Defendants deny the allegations in paragraph 88.

89.     The report dated February 26, 1016 [sic] referenced in paragraph 89 speaks for itself, and the CRC Defendants deny the allegations in paragraph 89 to the extent the same mischaracterize, misconstrue, or are inconsistent with the report.

90.     The CRC Defendants deny the allegations in paragraph 90.

91.     The Agreement referenced in paragraph 91 speaks for itself, and the CRC Defendants deny the allegations in paragraph 91 to the extent the same mischaracterize, misconstrue, or are inconsistent with the Agreement.

92.     The CRC Defendants deny the allegations in paragraph 92.

93.     The CRC Defendants deny the allegations in paragraph 93.

94.     The CRC Defendants deny the allegations in paragraph 94.

4828-1151-1228.1

95.     The CRC Defendants deny the allegations in paragraph 95.

96.     The CRC Defendants deny the allegations in paragraph 96.

97.     The CRC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 and accordingly deny the allegations.

98.     The CRC Defendants deny the allegations in paragraph 98

99.     The CRC Defendants deny the allegations in paragraph 99.

100.    The CRC Defendants deny the allegations in paragraph 100.

101.    The CRC Defendants deny the allegations in paragraph 101.

102.    The CRC Defendants deny the allegations in paragraph 102.

103.    The CRC Defendants deny the allegations in paragraph 103.

104.    The CRC Defendants deny the allegations in paragraph 104.

105.    The CRC Defendants deny the allegations in paragraph 105.

106.    The CRC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 and accordingly deny the allegations.

107.    The CRC Defendants admit the allegations in paragraph 107.

108.    The CRC Defendants admit the allegations in paragraph 108.

109.    The CRC Defendants admit the allegations in paragraph 109.

110.    The allegations in paragraph 110 constitute legal conclusions to which no response is required.  To the extent a response is required, the CRC Defendants deny the allegations.

111.    The allegations in paragraph 111 constitute legal conclusions to which no response is required.  To the extent a response is required, the CRC Defendants deny the allegations.

4828-1151-1228.1

112.     The allegations in paragraph 112 constitute legal conclusions to which no response is required.  To the extent a response is required, the CRC Defendants deny the allegations.

### DERIVATIVE COUNTS

### COUNT I
**(Derivative for CRCPS against its general partner CRC1)**
**Breach of Fiduciary Duty arising by Contract and Statute**

113.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' first claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

114.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' first claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

115.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' first claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

116.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' first claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

117.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' first claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

118.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' first claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

119.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' first claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

120.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' first claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

121.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' first claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

122.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' first claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

123.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' first claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

124.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' first claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

4828-1151-1228.1

125.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' first claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

126.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' first claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

127.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' first claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

128.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' first claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

129.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' first claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

130.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' first claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

4828-1151-1228.1

**COUNT II**
**(Derivative CRCPS against CRC, SPO, SPO1, Knobel and LLC Principals)**
**Civil Theft and Treble Damages**
**Colo. Rev. Stat. 18-4-405**

131.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' second claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

132.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' second claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

133.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' second claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

134.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' second claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

135.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' second claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

136.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' second claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

4828-1151-1228.1

137.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' second claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

138.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' second claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

139.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' second claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

140.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' second claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

141.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' second claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

142.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' second claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

143.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' second claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

144.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' second claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

145.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' second claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

146.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' second claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

147.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' second claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

148.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' second claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

149.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' second claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

## COUNT III
### Derivative CRCPS against SPO1 for Breach of Loan Agreement)

150.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' third claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

15

151.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' third claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

152.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' third claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

153.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' third claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

154.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' third claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

155.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' third claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

156.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' third claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

157.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' third claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

158.   The CRC Defendants are concurrently moving to dismiss Plaintiffs' third claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

159.   The CRC Defendants are concurrently moving to dismiss Plaintiffs' third claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

160.   The CRC Defendants are concurrently moving to dismiss Plaintiffs' third claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

161.   The CRC Defendants are concurrently moving to dismiss Plaintiffs' third claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

162.   The CRC Defendants are concurrently moving to dismiss Plaintiffs' third claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

163.   The CRC Defendants are concurrently moving to dismiss Plaintiffs' third claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

164.   The CRC Defendants are concurrently moving to dismiss Plaintiffs' third claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

4828-1151-1228.1

**COUNT IV**
**(Derivative against SPO1 for Transfer of Title to CRCPS)**
**Colo. Rev Status 38-35-110**
**Claim for Relief Affecting Title to Real Property**

165.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' fourth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

166.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' fourth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

167.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' fourth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

168.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' fourth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

169.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' fourth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

170.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' fourth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

4828-1151-1228.1

171.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' fourth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

172.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' fourth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

173.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' fourth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

174.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' fourth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

175.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' fourth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

176.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' fourth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

177.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' fourth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

4828-1151-1228.1

178.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' fourth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

179.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' fourth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

180.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' fourth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

**COUNT V**
**(Derivative against CRC1)**
**15 U.S.C. 78j (17 CFR. 240-10b-5) and 78t**
**Federal Securities Exchange Act**

181.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' fifth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

182.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' fifth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

183.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' fifth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

184.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' fifth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

185.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' fifth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

186.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' fifth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

187.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' fifth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

188.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' fifth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

189.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' fifth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

190.     The CRC Defendants are concurrently moving to dismiss Plaintiffs' fifth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

191.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' fifth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

192.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' fifth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

193.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' fifth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

194.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' fifth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

195.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' fifth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

196.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' fifth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

4828-1151-1228.1

**COUNT VI**
**(Derivative against CRC and its principals, and Knobel personally)**
**Colo. Rev. Stat 11-51-501**
**Colorado Securities Act Fraud and Prohibited Conduct**

197.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' sixth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

198.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' sixth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

199.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' sixth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

200.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' sixth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

201.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' sixth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

202.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' sixth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

203.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' sixth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

204.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' sixth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

205.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' sixth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

206.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' sixth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

207.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' sixth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

208.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' sixth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

209.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' sixth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

4828-1151-1228.1

210.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' sixth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

211.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' sixth claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

<u>**COUNT VII**</u>
**(Derivative for Removal of CRC as General Partner)**

212.    The CRC Defendants incorporate the preceding responses as if fully set forth in this paragraph 212.

213.    The LPA referenced in paragraph 213 speaks for itself, and the CRC Defendants deny the allegations in paragraph 213 to the extent the same mischaracterize, misconstrue, or are inconsistent with the LPA.

214.    The CRC Defendants deny the allegations in paragraph 214.

215.    The CRC Defendants deny the allegations in paragraph 215.

216.    The CRC Defendants deny the allegations in paragraph 216.

217.    The CRC Defendants deny the allegations in paragraph 217.

218.    The CRC Defendants deny the allegations in paragraph 218.

219.    The CRC Defendants deny the allegations in paragraph 219.

4828-1151-1228.1

**DIRECT COUNTS**

## COUNT VII [sic]
**(Direct against Knobel and CRC, CRC1, and Waveland Ventures)**
**Fraud**

220.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

221.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

222.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

223.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

224.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

225.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

226.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

227.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

228.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

229.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

230.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

231.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

232.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

233.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

234.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

235.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

**COUNT VII [sic]**
**(Direct against CRCPS)**
**Fraud**

236.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

237.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

238.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

239.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

240.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

241.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

242.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

243.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

244.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

245.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

## COUNT VII [sic]

**(Direct to Pierce the Veils of CRC1 and SPO to hold their owners/members liable)**
**Fraud, Breach of Contract, Securities Violations**

246.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

247.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

248.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

249.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

250.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

251.    The CRC Defendants are concurrently moving to dismiss Plaintiffs' seventh [sic] claim for relief with prejudice.  Accordingly, the CRC Defendants reserve all rights to respond to and defend against these allegations and assert affirmative defenses with respect to this claim.

252.    The CRC Defendants deny each and every allegation of the Li Plaintiffs' Third Amended Complaint [ECF 121] not expressly admitted herein.

4828-1151-1228.1

## AFFIRMATIVE DEFENSES

1.      Plaintiffs fail to state a claim upon which relief can be granted as to every claim for relief other than Count VII. The CRC Defendants have, on this same date, filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss all claims other than Count VII, and hereby incorporate that motion as if fully set forth herein.

2.      Plaintiffs' claims are barred by the applicable statute of limitations and statute of repose.

3.      Plaintiffs' claims for relief are barred by the express or implied terms of the agreements between Plaintiffs and the CRC Defendants.

4.      Plaintiffs' claims for relief are barred by the express or implied terms of the agreements between the CRC Defendants and one or more third parties.

5.      Plaintiffs' claims for relief may be barred by the economic loss rule.

6.      Plaintiffs' claims for relief may be barred by the doctrine of estoppel, waiver or release.

7.      The CRC Defendants acted in good faith and dealt fairly with Plaintiffs.

8.      Plaintiffs' failure to act in good faith may bar Plaintiffs' claims.

9.      Plaintiffs' claims for relief may be barred for failing to satisfy conditions precedent.

10.     Plaintiffs may lack standing to assert certain of their claims for relief.

11.     Plaintiffs failed to mitigate their damages, if any.

12.     Plaintiffs' alleged damages, if any, are the result of actions of one or more third parties over whom the CRC Defendants had no control and for whose actions they cannot be held liable.

4828-1151-1228.1

13.     Plaintiffs' alleged damages, if any, were caused by themselves.

14.     Some of Plaintiffs' claims are preempted.

## COUNTERCLAIM

For its Counterclaim against Plaintiffs, CRC I alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1.     This Counterclaim is a compulsory counterclaim under Fed. R. Civ. P. 13(a).

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367(a).

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

4.     Defendant and Counterclaim Plaintiff CRC I is a Colorado limited liability limited partnership with its principal place of business located at 280 Detroit Street, Denver, Colorado 80206.

5.     Upon information and belief, all Plaintiffs are limited partners in CRCPS.

6.     The Plaintiffs and Counterclaim Defendants are collectively referred to herein as the "Counterclaim Defendants."

## GENERAL ALLEGATIONS

**A.     The Confidential Information Memorandum and Project**

1.     CRC is an approved EB-5 Regional Center, authorized by the U.S. Citizenship and Immigration Services ("USCIS") to operate anywhere within the State of Colorado.

2.     CRC I is the general partner of CRCPS.

32

3.      Counterclaim Defendants are Chinese investors who each purchased a limited partnership interest in CRCPS for $500,000, as part of an approved EB-5 Program for foreign nationals to obtain a permanent residence visa.

4.      CRCPS prepared a Confidential Information Memorandum dated March 31, 2011 (the "Memorandum") to raise funds related to the development of a luxury residential and commercial project known as Solaris Residences (the "Project").

5.      As the Memorandum explained, investors would pay $500,000 for a limited partnership interest in CRCPS, and the proceeds of the Memorandum offering were to be used to lend approximately $80 million to Solaris Property Owner, LLC ("SPO"), the developer of the Project.

6.      The Memorandum included, among other things, copies of the transactional documents related to CRCPS' contemplated loan to SPO, a fulsome description of the anticipated use of the Memorandum offering, a description of the investor qualifications and suitability requirements, and an actual copy of the CRCPS partnership agreement.

7.      According to the Memorandum, the proceeds of the loan were to be used by SPO to pay certain costs pertaining to the development of the Project.

8.      The loan would be evidenced by a loan agreement and promissory note, and would be funded in multiple advances over a period of time, accruing interest at a rate of 5.0% per annum.

9.      The principal balance together with all accrued and unpaid interest of each loan advance would be due and payable five years after the date of each loan advance.

10.     The promissory note, which was included in the Memorandum, indicated that the loan was non-recourse with the exception of interest payments.

4828-1151-1228.1

11.     To secure the loan, SPO would grant a lien, evidenced by a deed of trust, to CRCPS for each of the condominium units designated as collateral.

12.     The Memorandum does not state that all 79 units would be designated as collateral, nor would that have been feasible at that time.

13.     Exhibit I, which was attached to the Memorandum, detailed the various sources of funding for the Project, including $135 million that SPO received from the presales of numerous units that would, in turn, be unavailable as collateral.

14.     The Memorandum also stated that the total amount of the loan would be $80 million to be paid in multiple advances of approximately $5 million, depending on the price of the pledged unit.

15.     Based on the estimated value per unit, the investors were therefore advised that potentially as few as 16 units would be pledged as collateral.

16.     The Memorandum did not promise any of the investors a guaranteed return, nor would that have been permitted under the EB-5 Program, which requires the investment to be placed "at-risk."

17.     To the contrary, the Memorandum explicitly warned that the securities were "highly speculative and involve[d] a high degree of risk" and further cautioned prospective investors that they "should not invest any funds in this offering unless they can afford to lose their entire investment."

18.     In total, the Memorandum cautioned prospective investors 11 different times that there was no guarantee or assurance of a return or repayment of the capital contributions, and 13

34

different times that a return or repayment of the capital contributions could be contingent upon the ability to sell the collateral units.

19.     The Memorandum further stated that the investment involved "significant risks," and provided an 8-page summary of each of the principal risks.  Those risks included: (i) the failure to complete the Project; (ii) the failure to sell the condominium units; (iii) no guarantee of any returns to investors; (iv) the risk of foreclosure; (v) risk of ownership of the condominium units; (vi) lack of liquidity; (vii) the inability to refinance or sell; and (viii) the inability to repay debt and return capital contributions.

20.     The Memorandum also explicitly informed investors that they should not rely on any information or representation not contained within the document.

**B.     The Partnership Agreement**

21.     The limited partners subscribed to the partnership in 2011 and 2012, and entered into the Limited Liability Partnership Agreement of CRCPS (the "Partnership Agreement").

22.     Pursuant to the Partnership Agreement, CRCPS was formed "to lend funds to SPO" and "undertake all necessary actions in the General Partner's sole discretion to preserve the immigration benefits of the Limited Partners, including without limitation, investing in additional or alternate projects consistent with the requirements of the EB-5 Program, as described in the related Confidential Information Memorandum."

23.     To purchase an interest in CRPCS, each of the investors had to certify their proficiency in the English language and that they received and understood the Memorandum (the "Memorandum Agreement").

24.     The investors were also required to execute a Subscription Agreement, which provided the same 8-page summary of the principal risks as those outlined in the Memorandum.

25.     In executing the Subscription Agreements, Plaintiffs represented and warranted:

> That the offer to sell the Partnership Interests was directly communicated to the undersigned by the Partnership through the Memorandum and meetings with the General Partner of the Partnership in such a manner was able to ask questions of and receive answers from the Partnership or a person acting on its behalf concerning the terms and conditions of this investment. At no time was the undersigned presented with or solicited by or through any leaflet, public promotional meeting, television advertisement or any other form of general solicitation or advertising.

26.     Counterclaim Defendants further represented and warranted that they relied on their independent investigations in making the decision to purchase their interest in CRCPS and agreed that the Subscription Agreement constituted the entire agreement between the parties.

27.     According to the Partnership Agreement, CRC I, as the general partner, had the exclusive right and power to manage, operate and control CRCPS, and make all decisions necessary or appropriate to carry on the partnership's business and affairs.

28.     In particular, § 3.02 of the Partnership Agreement authorized CRC I to: (i) acquire, manage and operate partnership property and to hold it for economic gain; (ii) mortgage, sell, transfer and exchange or otherwise convey or encumber all or part of the partnership property in furtherance of any and all of the objectives of CRCPS' business; and (3) enter into, perform and carry out contracts of any kind necessary to, or in connection with or incidental to, the operation of the partnership property.

29.     CRC I also had a "fiduciary responsibility for the safekeeping and use of all funds and assets of the Limited Partnership."

4828-1151-1228.1

30.     Pursuant to § 9.06 of the Partnership Agreement, two-thirds all limited partners could vote, without the concurrence of CRC I, to remove CRC I as the general partner of CRCPS for cause.

31.     The term "cause" is defined in § 12.02 of the Partnership Agreement as "acts of the General Partner which constitute larceny, fraud, or a crime involving moral turpitude."

32.     Consistent with the Memorandum, § 13.06 of the Partnership Agreement provided an exit strategy for limited partners who wanted to liquidate their investment that would also be equitable to the remaining limited partners.

33.     Section 13.06 provided an opportunity for a limited partner to exercise a "put option" to sell their limited partnership interest to the partnership.

**C.     The Loan and Agreement Regarding Collateral Units**

34.     Prior to the first advance under the loan, SPO assigned all rights, obligations, title and interest related to the loan, note and collateral to Solaris Property Owner I, LLC ("SPO I").

35.     Thereafter, CRCPS loaned the proceeds of the investment in tranches, which totaled approximately $82.5 million, to SPO I.

36.     As set forth the Memorandum, the loan was evidenced by a loan agreement and a promissory note, and was secured by a deed of trust for each of 19 condominium units valued in the aggregate at approximately $82.5 million at the time of execution of the loan agreement (the "Property").

37.     The 19 units were designated pursuant to the selection process outlined in the Memorandum of Understanding ("MOU").

37

38.     Also consistent with the Memorandum, CRCPS was required to pay a subsidiary of Waveland Ventures, LLC for management and servicing duties prior to distributing available cash to the limited partners.

39.     Pursuant to the terms of the overall loan agreement and as expressed by the Memorandum, three years following each loan advance, CRCPS (the lender) and SPO I (the borrower) had certain "put" and "call" rights.

40.     Specifically, after three years SPO I was entitled to "put" the Property instead of repaying CRCPS with cash, and CRCPS was entitled to refuse SPO I's repayment of cash and require SPO I to convey the Property.

41.     As structured, if the value of the Property went down three years after the loan closing, SPO I had the option to repay its obligations by conveying the Property, and if the value of the Property went up three years after the loan closing, CRCPS could reject SPO I's cash repayment and demand a conveyance of the Property.

42.     After three years of each loan advance, SPO I exercised its "put" right to transfer each condominium unit in lieu of cash payment.

43.     Pursuant to the terms of an Agreement Regarding Collateral Units ("ARCU") between CRCPS and SPO I, CRCPS has not yet been assigned title to the remaining units comprising the Property, because SPO I agreed to continue to hold title and, upon the instruction of CRCPS, to directly sell the units to a buyer designated by CRCPS.

44.     Accordingly, SPO I continues to hold title to the Property, and CRCPS continues to hold a first priority lien on the Property by means of the respective deeds of trust.

4828-1151-1228.1

45.     CRC I has regularly provided the investors notices regarding appraisals of the Property, opportunities to sell, and plans for the return of the capital contributions.

46.     Consistent with the exit strategy described in the Memorandum and set forth in § 13.06 of the Partnership Agreement, CRC I sent notices beginning on February 25, 2016, to the limited partners giving them an opportunity to sell their limited partnership interest to the partnership (the "Notices").

47.     Counterclaim Defendants have not exercised the put option contained in the Notices.

**D.     CRC I's Purported Removal**

48.     On April 20, 2020, Counterclaim Defendants filed and served a Status Report on Removal of General Partner by Proxies and Written Consent (the "Status Report"), which purports to be an announcement by the limited partners of CRCPS that they have appointed Yi Wen Chen, the wife and legal assistant of Counterclaim Defendants' attorney, Douglas Litowitz, to serve as their proxy to remove CRC I as the general partner of CRCPS.

49.     The Status Report included one-hundred and six (106) proxies executed by certain limited partners of CRCPS, most of whom are unidentified in the proxies themselves.

50.     According to the proxies, the limited partners claim to have removed CRC I for fraud "due to failure of the [CRC I] to return the capital investments by failing to collect the loan to [SPO I]" and because "the entire structure of this transaction and the material given to [the limited partners] in China was fraudulent."

51.     The proxies further contend that CRC I's alleged conduct was a breach of fiduciary duty.

52.     CRC I disputes that "cause" existed to justify its removal as general partner of CRCPS and, in particular, disputes the allegations that it committed fraud based on the following:

(a)     CRC I has no legal right to demand repayment of the loan from SPO I.  SPO I validly exercised its "put" right to transfer each condominium unit in lieu of cash payment.  And under the terms of the ARCU, which incorporates all of the underlying loan documents, SPO I is expressly authorized and required to hold record title to the Property.  Thus, CRC I's failure to collect repayment of the loan from SPO I is not fraudulent;

(b)     the investments at issue were EB-5 offerings that were sold to Counterclaim Defendants through documents that comprehensively disclosed risks and waived claims.  The documents not only cautioned prospective investors that there was no guarantee or assurance of a return or repayment of the capital contributions, they also explicitly warned that "[t]here can be no assurance that [CRCPS] will achieve its investment objectives, including the return of capital invested by the Limited Partners";

(c)     CRC I's actions and inactions comport with the Memorandum, Partnership Agreement and the Agreement Regarding Collateral Units, and are undoubtedly the result of sound business judgment rule;

(d)     to the extent removal was based on the investment structure itself, removal was improper because conduct prior to the formation of the partnership and CRC I's role as general partner cannot form the basis for "cause"; and

(e)     aside from general criticism of the loan structure and characterizing the investment as unduly risky, there are no facts to substantiate the claim that it was fraudulent.

53.     Based on the foregoing and absent a determination that "cause" existed, CRC I does not believe that it has been properly removed as the general partner of CRCPS.

54.     Because the Partnership Agreement only provides for the expulsion of a general partner for cause, the parties are required to litigate any unconsented removal.

55.     Counterclaim Defendants, however, contend that the removal of CRC I automatically occurred upon the execution of the proxies and that such removal is not subject to judicial review.

4828-1151-1228.1

56.     Counterclaim Defendants' counsel, Mr. Litowitz, contends that he and his legal assistant now have legal authority to manage and direct CRCPS and its counsel.

## COUNT I
### (Declaratory Judgment)

57.     CRC I incorporates the preceding paragraphs, and all allegations set forth above, as if set forth fully herein.

58.     The Partnership Agreement only provides for the expulsion of a general partner for cause, which requires the parties to seek a judicial determination regarding any unconsented removal.

59.     CRC I does not consent to its removal and has not committed any acts of "fraud" that would justify its removal for "cause" as general partner of CRCPS.

60.     The purported removal of CRC I is therefore invalid and void for the reasons set forth above.

61.     Counterclaim Defendants, however, disagree and insist that they properly removed CRC I and that such removal is not subject to judicial review.

62.     Without a determination as to whether CRC I was properly removed, the parties will continue to dispute who has the legal authority to manage and direct CRCPS and its counsel.

63.     CRC I seeks a "speedy hearing" pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, for a declaratory judgment that the removal was improper and therefore void.

WHEREFORE, CRC I respectfully requests: (a) a declaration from the Court that no "cause" existed to justify the removal of CRC I as the general partner of CRCPS; (b) a declaration from the Court that CRC I has the authority to manage and direct CRCPS; (c) its attorneys' fees and costs; and, (d) such other relief as the Court deems appropriate.

DATED: May 11, 2020

/s/James D. Kilroy
James D. Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202
Telephone: 303.634.2000
Facsimile: .303.634.2020
Email: jkilroy@swlaw.com
Email: skanan@swlaw.com

*Counsel for Defendants Waveland Ventures, LLC, Colorado Regional Center, LLC and Colorado Regional Center I, LLC*

4828-1151-1228.1

## CERTIFICATE OF SERVICE

This is to certify that on May 11, 2020, a true and correct copy of the above and foregoing **PARTIAL ANSWER TO LI PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DERIVATIVE AND DIRECT RELIEF [ECF 121] AND COUNTERCLAIM AGAINST LI PLAINTIFFS** has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

*Amy Kovarsky*
for Snell & Wilmer L.L.P.

4828-1151-1228.1