# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02443-RM-STV;
Consolidated with Civil Action No. 1:19-cv-02637

Li, *et al.*,

    Plaintiffs,

v.

Waveland Ventures, LLC, *et al.*,

    Defendants.

## DECLARATION OF JAMES D. KILROY

I, James D. Kilroy being of lawful age and declare under penalty of perjury that the foregoing is true and correct:

1. I am counsel of record for Colorado Regional Center LLC ("CRC"), Colorado Regional Center I LLC (CRC I"), Waveland Ventures LLC ("Waveland") (collectively, "CRC Entities") in this matter. My partner Stephanie A. Kanan is also counsel of record for the CRC Entities.

2. I have read the Li Plaintiffs' two motions to disqualify me, my partner Stephanie Kanan and our law firm Snell & Wilmer LLP (collectively, "Snell & Wilmer"). [ECF 111 and 198].

3. Snell & Wilmer was retained by Colorado Regional Center I, LLC ("CRC I") at the very beginning of this lawsuit to represent the CRC Entities and also Colorado Regional Center Project Solaris LLLP ("CRCPS").

4834-7116-8701

4. At the time of the engagement, CRC I was the general partner of CRCPS, which is a Colorado limited liability partnership.

5. At that time, and to date, CRCPS has had no independent officers, directors or employees. It is a business entity that acts, and has acted, only through its general partner.

6. The Li Plaintiffs initial complaint contained various claims for relief directed at the CRC Entities and CRCPS. [ECF 1]. Since their filing of the initial complaint, the Li Plaintiffs have amended their pleading three additional times.

7. On January 1, 2020, the Li Plaintiffs filed their first motion to disqualify Snell & Wilmer. [ECF 111]. Before they did so, counsel for the Li Plaintiffs, Douglas Litowitz, conferred with me and with counsel for the Cui Plaintiffs, Brian Stewart. At that time, Mr. Litowitz advised that he had amended his initial pleading to include derivative causes of action on behalf of CRCPS, while continuing to pursue some damage claims against CRCPS. I pointed out to Mr. Litowitz that his doing so was a potential conflict of interest that, in turn, created the potential for a conflict of interest for Defendants as well. I urged Mr. Litotwiz to consider further amending his pleading to clarify that his clients were not in fact pursuing causes of action against CRCPS. He declined that invitation. I acknowledged that at that time there was the potential for a conflict of interest for all parties, but that from my perspective it was premature to determine whether the potential conflict was a real conflict because the case was not yet at issue, and in fact Plaintiffs had by that point already filed amended pleadings, as they continued to do through April 30, 2020 (which is when the Cui Plaintiffs filed their Third Amended Complaint, [ECF 190]).

8. The Li Plaintiffs then filed their first motion to disqualify, which the Court denied, without prejudice.

4834-7116-8701

9. On April 20, 2020, the Li Plaintiffs filed a "Status Report on Removal of General Partner by Proxies and Written Consent," whereby Mr. Litowitz purported to announce that CRC has been removed as general partner of CRCPS. [ECF 183]. Attached to the status report was a letter to CRC I purporting to both remove CRC I as general partner and also to perform certain functions, as general partner of CRCPS. The status report was signed by Yiwen Chen, assistant to Mr. Litowitz. [ECF 183-4].

10. Ten days later, on April 30, 2020, the Cui Plaintiffs filed their Third Amended Complaint. [ECF 190]. As of April 30, 2020, then, Defendants finally had operative complaints to respond to by the Court ordered deadline of May 11, 2020. [ECF 177].

11. Mr. Litowitz' filing of the status report [ECF 183] raised a new concern for me and Ms. Kanan because it became unclear who was in charge of CRCPS, which meant it was unclear who could direct CRCPS in this lawsuit.

12. Accordingly, I arranged for a telephonic conferral with Mr. Litowitz and Mr. Stewart. In that call, I explained that the filing of the status report caused me to believe that Snell & Wilmer's attorneys should withdraw from representing CRCPS. I also asked Mr. Litowitz and Mr. Stewart to consider cleaning up their pleading and just dismissing CRCPS, without prejudice, because by that point (after the multiple amendments) it was clear that CRCPS was not a proper defendant in that Plaintiffs did not appear to be seeking relief from CRCPS. On behalf of the Cui Plaintiffs, Mr. Stewart explained that he did not oppose our motion to withdraw, and Mr. Stewart clarified that the Cui Plaintiffs are not seeking any relief from CRCPS, but instead consider CRCPS a "nominal defendant." Mr. Litowitz, on the other hand, did not agree to the proposed motion to withdraw because he claimed that Snell & Wilmer should be completely disqualified from representing any party.

3

13. We then filed our motion to withdraw Snell & Wilmer's representation of CRCPS. [ECF 197]. The Court granted this Motion, directing the Clerk to terminate myself and Ms. Kanan as attorneys for Defendant CRCPS only. [ECF 207]

14. At all times, Snell & Wilmer has only communicated with CRC I regarding this lawsuit. Snell & Wilmer has never communicated with any employee of CRCPS because this company acts only through its general partners. CRCPS does not have a separate repository of documents or information – independent of its general partner, and thus Snell & Wilmer has not been privy to any confidential information of CRCPS.

I hereby declare, under penalty of perjury of the laws of the State of Colorado and the United States of America, that the statements in this Declaration are true and accurate.

Executed on May 27, 2020.

James D. Kilroy