# EXHIBIT 2

```
Eagle County, CO        201902022
Regina O'Brien          02/12/2019
Pgs: 8                  03:10:36 PM
REC: $48.00   DOC: $0.00
```



Land Title SC051969

The printed portions of this form, except differentiated additions, have been approved by the Colorado Real Estate Commission. (TD72-8-10) (Mandatory 1-11)

IF THIS FORM IS USED IN A CONSUMER CREDIT TRANSACTION, CONSULT LEGAL COUNSEL.

THIS IS A LEGAL INSTRUMENT. IF NOT UNDERSTOOD, LEGAL, TAX OR OTHER COUNSEL SHOULD BE CONSULTED BEFORE SIGNING.

# DEED OF TRUST
(Due on Transfer – Strict)

THIS DEED OF TRUST is made this 8th day of February, 2019, between CDWE LLC, a Colorado limited liability company (Borrower), whose address is 116 East Live Oak Avenue, #91, Arcadia, CA 91006; and the Public Trustee of the County in which the Property (see § 1) is situated (Trustee); for the benefit of Colorado Regional Center Project Solaris, LLLP, a Colorado limited liability limited partnership (Lender), whose address is c/o Colorado Regional Center Solaris Project, LLLP, 825 North Jefferson Street, Suite 300, Milwaukee, WI 53202.

Borrower and Lender covenant and agree as follows:

1. **Property in Trust.** Borrower, in consideration of the indebtedness herein recited and the trust herein created, hereby grants and conveys to Trustee in trust, with power of sale, the following legally described property located in the ———— County of Eagle, State of Colorado:

CONDOMINIUM UNIT 6E WEST, THE RESIDENCES AT SOLARIS-VAIL, ACCORDING TO THE CONDOMINIUM PLAT FOR THE RESIDENCES AT SOLARIS-VAIL RECORDED ON APRIL 26, 2010 AT RECEPTION NO. 201007818, IN THE OFFICE OF THE CLERK AND RECORDER OF EAGLE COUNTY, COLORADO, AND THE CONDOMINIUM DECLARATION FOR THE RESIDENCES AT SOLARIS-VAIL RECORDED ON APRIL 26, 2010 AT RECEPTION NO. 201007819 IN THE OFFICE OF THE CLERK AND RECORDER OF EAGLE COUNTY, COLORADO.

known as No. 141 East Meadow Drive #6E West, Vail, CO 81657 (Property Address).
    Street Address                City         State        Zip

together with all its appurtenances (Property).

2. **Note: Other Obligations Secured.** This Deed of Trust is given to secure to Lender:

   2.1. the repayment of the indebtedness evidenced by Borrower's note (Note) dated February 8, 2019 in the principal sum of Two Hundred Ten Thousand Seventy-Three and 98/100 Dollars (U.S. $210,073.98), with NO interest on the unpaid principal balance from February 8, 2019 until paid, ~~at the rate of _____ percent per annum, with principal and interest~~ payable at 825 North Jefferson Street, Suite 300, Milwaukee, WI 53202 or such other place as Lender may designate, in one payments of Two Hundred Ten Thousand Seventy-Three and 98/100 Dollars (U.S. $210,073.98), due ~~on the~~ within thirty (30) days after the Borrower's receipt of proceeds from the sale of the Property ~~day of each _____ beginning _____; such payments to continue until the entire indebtedness evidenced by said Note is fully paid~~; however, if not sooner paid, the entire principal amount outstanding and accrued interest thereon shall be due and payable on February 7, 2022; and Borrower is to pay to Lender a late charge of 15% of any payment not received by Lender within thirty (30) days after payment is due; and Borrower has the right to prepay the principal amount outstanding under said Note, in whole or in part, at any time without penalty except N/A.;

   ~~2.2. the payment of all other sums, with interest thereon at _____% per annum, disbursed by Lender in accordance with this Deed of Trust to protect the security of this Deed of Trust; and~~

   ~~2.3. the performance of the covenants and agreements of Borrower herein contained.~~

3. **Title.** Borrower covenants that Borrower owns and has the right to grant and convey the Property, and warrants title to the same, subject to general real estate taxes for the current year, easements of record or in existence, and recorded declarations, restrictions, reservations and covenants, if any, as of this date; and subject to N/A.

4. **Payment of Principal** ~~and Interest~~. Borrower shall promptly pay when due the principal of ~~and interest on~~ the indebtedness evidenced by the Note, ~~and late charges~~ as provided in the Note and shall perform all of Borrower's other covenants contained in the Note.

5. **Application of Payments.** All payments received by Lender under the terms hereof shall be applied by Lender first in payment of amounts due pursuant to § 23 (Escrow Funds for Taxes and Insurance), then to amounts disbursed by Lender pursuant to § 9 (Protection of Lender's Security), and the balance in accordance with the terms and conditions of the Note.

6. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any prior deed of trust and any other prior liens. Borrower shall pay all taxes, assessments and other charges, fines and

57  impositions attributable to the Property which may have or attain a priority over this Deed of Trust, and leasehold payments or
58  ground rents, if any, in the manner set out in § 23 (Escrow Funds for Taxes and Insurance) or, if not required to be paid in such
59  manner, by Borrower making payment when due, directly to the payee thereof. Despite the foregoing, Borrower shall not be
60  required to make payments otherwise required by this section if Borrower, after notice to Lender, shall in good faith contest
61  such obligation by, or defend enforcement of such obligation in, legal proceedings which operate to prevent the enforcement of
62  the obligation or forfeiture of the Property or any part thereof, only upon Borrower making all such contested payments and
63  other payments as ordered by the court to the registry of the court in which such proceedings are filed.
64      7.  **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property
65  insured against loss by fire or hazards included within the term "extended coverage" in an amount at least equal to the lesser of
66  (a) the insurable value of the Property or (b) an amount sufficient to pay the sums secured by this Deed of Trust as well as any
67  prior encumbrances on the Property. All of the foregoing shall be known as "Property Insurance."
68      The insurance carrier providing the insurance shall be qualified to write Property Insurance in Colorado and shall be chosen
69  by Borrower subject to Lender's right to reject the chosen carrier for reasonable cause. All insurance policies and renewals
70  thereof shall include a standard mortgage clause in favor of Lender, and shall provide that the insurance carrier shall notify
71  Lender at least ten (10) days before cancellation, termination or any material change of coverage. Insurance policies shall be
72  furnished to Lender at or before closing. Lender shall have the right to hold the policies and renewals thereof.
73      In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss
74  if not made promptly by Borrower.
75      Insurance proceeds shall be applied to restoration or repair of the Property damaged, provided said restoration or repair is
76  economically feasible and the security of this Deed of Trust is not thereby impaired. If such restoration or repair is not
77  economically feasible or if the security of this Deed of Trust would be impaired, the insurance proceeds shall be applied to the
78  sums secured by this Deed of Trust, with the excess, if any, paid to Borrower. If the Property is abandoned by Borrower, or if
79  Borrower fails to respond to Lender within 30 days from the date notice is given in accordance with § 16 (Notice) by Lender to
80  Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the
81  insurance proceeds, at Lender's option, either to restoration or repair of the Property or to the sums secured by this Deed of
82  Trust.
83      Any such application of proceeds to principal shall not extend or postpone the due date of the installments referred to in
84  §§ 4 (Payment of Principal and Interest) and 23 (Escrow Funds for Taxes and Insurance) or change the amount of such
85  installments. Notwithstanding anything herein to the contrary, if under § 18 (Acceleration; Foreclosure; Other Remedies) the
86  Property is acquired by Lender, all right, title and interest of Borrower in and to any insurance policies and in and to the
87  proceeds thereof resulting from damage to the Property prior to the sale or acquisition shall pass to Lender to the extent of the
88  sums secured by this Deed of Trust immediately prior to such sale or acquisition.
89      All of the rights of Borrower and Lender hereunder with respect to insurance carriers, insurance policies and insurance
90  proceeds are subject to the rights of any holder of a prior deed of trust with respect to said insurance carriers, policies and proceeds.
91      8.  **Preservation and Maintenance of Property.** Borrower shall keep the Property in good repair and shall not commit
92  waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of
93  Trust is on a leasehold. Borrower shall perform all of Borrower's obligations under any declarations, covenants, by-laws, rules,
94  or other documents governing the use, ownership or occupancy of the Property.
95      9.  **Protection of Lender's Security.** Except when Borrower has exercised Borrower's rights under § 6 above, if
96  Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if a default occurs in a prior lien, or
97  if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's
98  option, with notice to Borrower if required by law, may make such appearances, disburse such sums and take such action as is
99  necessary to protect Lender's interest, including, but not limited to:
100         9.1.  any general or special taxes or ditch or water assessments levied or accruing against the Property;
101         9.2.  the premiums on any insurance necessary to protect any improvements comprising a part of the Property;
102         9.3.  sums due on any prior lien or encumbrance on the Property;
103         9.4.  if the Property is a leasehold or is subject to a lease, all sums due under such lease;
104         9.5.  the reasonable costs and expenses of defending, protecting, and maintaining the Property and Lender's interest
105  in the Property, including repair and maintenance costs and expenses, costs and expenses of protecting and securing the
106  Property, receiver's fees and expenses, inspection fees, appraisal fees, court costs, attorney fees and costs, and fees and costs of
107  an attorney in the employment of Lender or holder of the certificate of purchase;
108         9.6.  all other costs and expenses allowable by the evidence of debt or this Deed of Trust; and
109         9.7.  such other costs and expenses which may be authorized by a court of competent jurisdiction.
110     Borrower hereby assigns to Lender any right Borrower may have by reason of any prior encumbrance on the Property or by
111  law or otherwise to cure any default under said prior encumbrance.

112 Any amounts disbursed by Lender pursuant to this § 9, with interest thereon, shall become additional indebtedness of Borrower secured by this Deed of Trust. Such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof, and Lender may bring suit to collect any amounts so disbursed plus interest specified in § 2.2 (Note: Other Obligations Secured). Nothing contained in this § 9 shall require Lender to incur any expense or take any action hereunder.

116 **10. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

119 **11. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender as herein provided. However, all of the rights of Borrower and Lender hereunder with respect to such proceeds are subject to the rights of any holder of a prior deed of trust.

123 In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Deed of Trust, with the excess, if any, paid to Borrower. In the event of a partial taking of the Property, the proceeds remaining after taking out any part of the award due any prior lien holder (net award) shall be divided between Lender and Borrower, in the same ratio as the amount of the sums secured by this Deed of Trust immediately prior to the date of taking bears to Borrower's equity in the Property immediately prior to the date of taking. Borrower's equity in the Property means the fair market value of the Property less the amount of sums secured by both this Deed of Trust and all prior liens (except taxes) that are to receive any of the award, all at the value immediately prior to the date of taking.

130 If the Property is abandoned by Borrower or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date such notice is given, Lender is authorized to collect and apply the proceeds, at Lender's option, either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

134 Any such application of proceeds to principal shall not extend or postpone the due date of the installments referred to in §§ 4 (Payment of Principal and Interest) and 23 (Escrow Funds for Taxes and Insurance) nor change the amount of such installments.

137 **12. Borrower not Released.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower, nor Borrower's successors in interest, from the original terms of this Deed of Trust. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower nor Borrower's successors in interest.

143 **13. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by law, shall not be a waiver or preclude the exercise of any such right or remedy.

145 **14. Remedies Cumulative.** Each remedy provided in the Note and this Deed of Trust is distinct from and cumulative to all other rights or remedies under the Note and this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

148 **15. Successors and Assigns Bound; Joint and Several Liability; Captions.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of § 24 (Transfer of the Property; Assumption). All covenants and agreements of Borrower shall be joint and several. The captions and headings of the sections in this Deed of Trust are for convenience only and are not to be used to interpret or define the provisions hereof.

153 **16. Notice.** Except for any notice required by law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be in writing and shall be given and be effective upon (1) delivery to Borrower or (2) mailing such notice by first class U.S. mail, addressed to Borrower at Borrower's address stated herein or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be in writing and shall be given and be effective upon (1) delivery to Lender or (2) mailing such notice by first class U.S. mail, to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in any manner designated herein.

160 **17. Governing Law; Severability.** The Note and this Deed of Trust shall be governed by the law of Colorado. In the event that any provision or clause of this Deed of Trust or the Note conflicts with the law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust and Note are declared to be severable.

164 **18. Acceleration; Foreclosure; Other Remedies.** Except as provided in § 24 (Transfer of the Property; Assumption), upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, or upon any default in a prior lien upon the Property, (unless Borrower has exercised Borrower's rights under § 6 above), at Lender's option, all of the sums secured by this Deed of Trust shall be immediately due and payable (Acceleration). To exercise this option, Lender may invoke

168  the power of sale and any other remedies permitted by law. Lender shall be entitled to collect all reasonable costs and expenses
169  incurred in pursuing the remedies provided in this Deed of Trust, including, but not limited to, reasonable attorney's fees.
170  If Lender invokes the power of sale, Lender shall give written notice to Trustee of such election. Trustee shall give such
171  notice to Borrower of Borrower's rights as is provided by law. Trustee shall record a copy of such notice and shall cause
172  publication of the legal notice as required by law in a legal newspaper of general circulation in each county in which the
173  Property is situated, and shall mail copies of such notice of sale to Borrower and other persons as prescribed by law. After the
174  lapse of such time as may be required by law, Trustee, without demand on Borrower, shall sell the Property at public auction to
175  the highest bidder for cash at the time and place (which may be on the Property or any part thereof as permitted by law) in one
176  or more parcels as Trustee may think best and in such order as Trustee may determine. Lender or Lender's designee may
177  purchase the Property at any sale. It shall not be obligatory upon the purchaser at any such sale to see to the application of the
178  purchase money.
179  Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale,
180  including, but not limited to, reasonable Trustee's and attorney's fees and costs of title evidence; (b) to all sums secured by this
181  Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.
182  **19. Borrower's Right to Cure Default.** Whenever foreclosure is commenced for nonpayment of any sums due
183  hereunder, the owners of the Property or parties liable hereon shall be entitled to cure said defaults by paying all delinquent
184  principal and interest payments due as of the date of cure, costs, expenses, late charges, attorney's fees and other fees all in the
185  manner provided by law. Upon such payment, this Deed of Trust and the obligations secured hereby shall remain in full force
186  and effect as though no Acceleration had occurred, and the foreclosure proceedings shall be discontinued.
187  **20. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder,
188  Borrower hereby assigns to Lender the rents of the Property; however, Borrower shall, prior to Acceleration under § 18
189  (Acceleration; Foreclosure; Other Remedies) or abandonment of the Property, have the right to collect and retain such rents as
190  they become due and payable.
191  Lender or the holder of the Trustee's certificate of purchase shall be entitled to a receiver for the Property after Acceleration
192  under § 18 (Acceleration; Foreclosure; Other Remedies), and shall also be so entitled during the time covered by foreclosure
193  proceedings and the period of redemption, if any; and shall be entitled thereto as a matter of right without regard to the solvency or
194  insolvency of Borrower or of the then owner of the Property, and without regard to the value thereof. Such receiver may be
195  appointed by any Court of competent jurisdiction upon ex parte application and without notice; notice being hereby expressly
196  waived.
197  Upon Acceleration under § 18 (Acceleration; Foreclosure; Other Remedies) or abandonment of the Property, Lender, in
198  person, by agent or by judicially-appointed receiver, shall be entitled to enter upon, take possession of and manage the Property
199  and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied,
200  first to payment of the costs of preservation and management of the Property, second to payments due upon prior liens, and then
201  to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually
202  received.
203  **21. Release.** Upon payment of all sums secured by this Deed of Trust, Lender shall cause Trustee to release this Deed of
204  Trust and shall produce for Trustee the Note. Borrower shall pay all costs of recordation and shall pay the statutory Trustee's
205  fees. If Lender shall not produce the Note as aforesaid, then Lender, upon notice in accordance with § 16 (Notice) from
206  Borrower to Lender, shall obtain, at Lender's expense, and file any lost instrument bond required by Trustee or pay the cost
207  thereof to effect the release of this Deed of Trust.
208  **22. Waiver of Exemptions.** Borrower hereby waives all right of homestead and any other exemption in the Property
209  under state or federal law presently existing or hereafter enacted.
210  **23. Escrow Funds for Taxes and Insurance.** This § 23 is not applicable if Funds, as defined below, are being paid
211  pursuant to a prior encumbrance. Subject to applicable law, Borrower shall pay to Lender, on each day installments of principal and
212  interest are payable under the Note, until the Note is paid in full, a sum (herein referred to as "Funds") equal to N/A of the
213  yearly taxes and assessments which may attain priority over this Deed of Trust, plus N/A of yearly premium installments for
214  Property Insurance, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills
215  and reasonable estimates thereof, taking into account any excess Funds not used or shortages.
216  The principal of the Funds shall be held in a separate account by Lender in trust for the benefit of Borrower and deposited
217  in an institution, the deposits or accounts of which are insured or guaranteed by a federal or state agency. Lender shall apply the
218  Funds to pay said taxes, assessments and insurance premiums. Lender may not charge for so holding and applying the Funds,
219  analyzing said account or verifying and compiling said assessments and bills. Lender shall not be required to pay Borrower any
220  interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing
221  credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as
222  additional security for the sums secured by this Deed of Trust.

201902022

223 If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments and insurance premiums as they
224 fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency within 30 days from the date notice is
225 given in accordance with § 16 (Notice) by Lender to Borrower requesting payment thereof. Provided however, if the loan
226 secured by this Deed of Trust is subject to RESPA or other laws regulating Escrow Accounts, such deficiency, surplus or any
227 other required adjustment shall be paid, credited or adjusted in compliance with such applicable laws.
228 Upon payment in full of all sums secured by this Deed of Trust, Lender shall simultaneously refund to Borrower any Funds
229 held by Lender. If under § 18 (Acceleration; Foreclosure; Other Remedies) the Property is sold or the Property is otherwise
230 acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender,
231 whichever occurs first, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of
232 Trust.

233   24.  **Transfer of the Property; Assumption.** The following events shall be referred to herein as a "Transfer": (i) a
234 transfer or conveyance of title (or any portion thereof, legal or equitable) of the Property (or any part thereof or interest therein);
235 (ii) the execution of a contract or agreement creating a right to title (or any portion thereof, legal or equitable) in the Property (or
236 any part thereof or interest therein); (iii) or an agreement granting a possessory right in the Property (or any portion thereof), in
237 excess of 3 years; (iv) a sale or transfer of, or the execution of a contract or agreement creating a right to acquire or receive,
238 more than fifty percent (50%) of the controlling interest or more than fifty percent (50%) of the beneficial interest in Borrower
239 and (v) the reorganization, liquidation or dissolution of Borrower. Not to be included as a Transfer are (x) the creation of a lien
240 or encumbrance subordinate to this Deed of Trust; (y) the creation of a purchase money security interest for household
241 appliances; or (z) a transfer by devise, descent or by operation of the law upon the death of a joint tenant. At the election of
242 Lender, in the event of each and every Transfer:
243   24.1. All sums secured by this Deed of Trust shall become immediately due and payable (Acceleration).
244   24.2. If a Transfer occurs and should Lender not exercise Lender's option pursuant to this § 24 to Accelerate,
245 Transferee shall be deemed to have assumed all of the obligations of Borrower under this Deed of Trust including all sums
246 secured hereby whether or not the instrument evidencing such conveyance, contract or grant expressly so provides. This
247 covenant shall run with the Property and remain in full force and effect until said sums are paid in full. Lender may without
248 notice to Borrower deal with Transferee in the same manner as with Borrower with reference to said sums including the
249 payment or credit to Transferee of undisbursed reserve Funds on payment in full of said sums, without in any way altering or
250 discharging Borrower's liability hereunder for the obligations hereby secured.
251   24.3. Should Lender not elect to Accelerate upon the occurrence of such Transfer then, subject to § 24.2 above, the
252 mere fact of a lapse of time or the acceptance of payment subsequent to any of such events, whether or not Lender had actual or
253 constructive notice of such Transfer, shall not be deemed a waiver of Lender's right to make such election nor shall Lender be
254 estopped therefrom by virtue thereof. The issuance on behalf of Lender of a routine statement showing the status of the loan,
255 whether or not Lender had actual or constructive notice of such Transfer, shall not be a waiver or estoppel of Lender's said
256 rights.
257   25.  **Borrower's Copy.** Borrower acknowledges receipt of a copy of the Note and this Deed of Trust.
258
259                           EXECUTED BY BORROWER.

~~IF BORROWER IS NATURAL PERSON(s):~~

_____        ~~doing business as~~ _____

~~IF BORROWER IS CORPORATION:~~
~~ATTEST:~~

                                        ~~Name of Corporation~~ _____

_____        By _____
~~Secretary~~                               ~~President~~

      ~~(SEAL)~~


~~IF BORROWER IS PARTNERSHIP:~~
                                        ~~Name of Partnership~~ _____

No. TD72-8-10.  DEED OF TRUST (Due on Transfer – Strict)                              Page 5 of 7

IF BORROWER IS LIMITED LIABILITY COMPANY:

By _____
~~A General Partner~~

CDWE LLC, a Colorado limited liability company
Name of Limited Liability Company

By _____[signature]_____
Its Authorized Representative

Name: Ms. Yonghong Huang

Manager
Title of Authorized Representative

STATE OF COLORADO
_____ COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 20_____,
by * _____.

Witness my hand and official seal.
My commission expires:  Dec. 6, 2022

See Attached Notary

_____
Notary Public

260 *If a natural person or persons, insert the name(s) of such person(s). If a corporation, insert, for example, "John Doe as President and Jane Doe
261 as Secretary of Doe & Co., a Colorado corporation." If a partnership, insert, for example, "Sam Smith as general partner in and for Smith &
262 Smith, a general partnership." A Statement of Authority may be required if borrower is a limited liability company or other entity (§ 38-30-
263 172, C.R.S.)
264

No. TD72-8-10. DEED OF TRUST (Due on Transfer – Strict)    Page 6 of 7

201902022

# California All-Purpose Certificate of Acknowledgment

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of California**

County of __Los Angeles__     s.s.

On __Feb. 8, 2019__ before me, __Richard A. Aguilar, Notary Public__,

personally appeared __Yonghong Huang__

Name of Signer (2)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Signature of Notary Public_

RICHARD A. AGUILAR
Notary Public - California
Los Angeles County
Commission # 2269986
My Comm. Expires Dec 6, 2022

Seal

--- OPTIONAL INFORMATION ---

Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.

**Description of Attached Document**

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of __Deed of Trust__

containing __7__ pages, and dated _____

The signer(s) capacity or authority is/are as:
- ☐ Individual(s)
- ☐ Attorney-in-fact
- ☐ Corporate Officer(s) _____
  Title(s)
- ☐ Guardian/Conservator
- ☐ Partner – Limited/General
- ☐ Trustee(s)
- ☐ Other: _____

representing: _____

**Method of Signer Identification**

Proved to me on the basis of satisfactory evidence:
☑ form(s) of identification  ☐ credible witness(es)

Notarial event is detailed in notary journal on:
Page # _____ Entry # _____

Notary contact: _____

Other _____

☐ Additional Signer  ☐ Signer(s) Thumbprints(s)

☐ _____

201902022

265

| IF BORROWER IS LIMITED LIABILITY COMPANY: | CDWE LLC, a Colorado limited liability company |
|---|---|
| | Name of Limited Liability Company |
| | By _____Bei Yu_____ |
| | Its Authorized Representative |
| | Name: Ms. Bei Yu |
| | Manager |
| | Title of Authorized Representative |

STATE OF ~~COLORADO~~ New Jersey
COUNTY OF Monmouth

The foregoing instrument was acknowledged before me this 7th day of February, 2019.
by * Bei Yu

**LEIGHTON S. HARRISON**
**Notary Public**
**State of New Jersey**
**My Commission Expires July 14, 2022**

Witness my hand and official seal. July 14 2022
My commission expires: _____

Notary Public

266 *If a natural person or persons, insert the name(s) of such person(s). If a corporation, insert, for example, "John Doe as President and Jane Doe
267 as Secretary of Doe & Co., a Colorado corporation." If a partnership, insert, for example, "Sam Smith as general partner in and for Smith &
268 Smith, a general partnership." A Statement of Authority may be required if borrower is a limited liability company or other entity (§ 38-30-
269 172, C.R.S.)
270

No. TD72-8-10.   DEED OF TRUST (Due on Transfer – Strict)                                              Page 7 of 7

201902022