# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
    Plaintiffs,

    v.              Hon. Raymond P. Moore

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner LLC I, and
Peter Knobel,
    Defendants.

---

## Declaration of Douglas Litowitz In Support of the Motion for Appointment of Receiver

---

  I, Douglas Litowitz, am over the age of eighteen and have personal knowledge of the facts stated herein, and I hereby state as follows:

1. I am the attorney of record for the Plaintiffs in Civil Action No. 19-cv-02443 (the "Li Action"), the lead case in this matter.

2. This declaration is offered in support of the Motion for Appointment of Receiver brought by the Plaintiffs in the so-called "Cui Action" that was a separate lawsuit consolidated with Civil Action No. 19-cv-02443. The Plaintiffs in the Cui Action (the "Cui Plaintiffs") seek, pursuant to the terms of the loan documents, to

have a Receiver Appointed to manage the real property (consisting of certain designated condominium units at the Residences at Solaris Vail), that secures the loan from Colorado Regional Center Project Solaris LLLP (the "LLLP") to Solaris Property Owner LLC, later assigned to Solaris Property Owner I LLC ("SPO").

3. 165 Chinese investors collectively invested $82.5 million into the LLLP that was created by Waveland Ventures, LLC ("Waveland") and Colorado Regional Center ("CRC").  CRC's subsidiary, Colorado Regional Center I, LLC ("GP") was established as the general partner of the LLLP and received a 1% partnership interest.

4. Both myself, and counsel for the Cui Plaintiff's made repeated requests for a list of e-mail addresses and to identify the members of the corporate entities, which counsel for the Waveland, GP, and LLLP - Snell & Wilmer ("S&W") - refused to provide for months (they still refuse to provide the members of LLCs and other corporate information).

5. Finally, on or about March 26, 2020 S&W provided me with the e-mail addresses of all of the limited partners.  I then circulated a Proxy and Written Consent to a Special Meeting of the Limited Partners to Revoke the General Partner (the "Proxy"), seeking the removal of GP as the General Partner of LLLP for fraud and negligence, due to the ongoing failure of the GP to demand payment of the loan that is now 5 years past due, and the GP's breach of fiduciary duty, among other reasons.

6. Under the applicable Limited Partnership Agreement, the GP could be removed for cause ("fraud") by a 66% vote of limited partners, who could vote by proxy and consent.

7. On or about April 20, 2020 I filed a Status Report with the Court [ECF #183] which attached 105 proxy and written consents from limited partners as Exhibits 1-3, satisfying the two thirds majority of the limited partners necessary to remove the GP.

8. On the same date, April 20th, the proxyholder sent a letter to the GP informing them that they had been removed for cause.

9. As of this date, the number of proxies received is 109 out of 152 limited partners, who all want the GP removed for fraud.

10. However, the GP refuses to leave its post or listen to the demand of some 70% of the limited partners, instead insisting that the Limited Partnership Agreement requires judicial removal of the GP despite no such language appearing anywhere in the Limited Partnership Agreement.

11. On May 11, 2020, S&W filed an Answer and Counterclaim to the Li Plaintiffs' Third Amended Complaint wherein they claim that the limited partners are powerless to remove the GP without a judicial declaration, even though there is nothing in the controlling agreements or case law that supports such an argument.

12. I have on several occasions made demands upon the GP and its counsel to declare SPOI to be in default, most recently in a correspondence delivered on May 18, 2020. (a true and correct copy of my correspondence is attached hereto as **Exhibit "V"**). To date the GP has taken no action to declare the loan to be in default.

13. The limited partners' first hope is to have the Court order that their investment be returned to them in cash as required by the Private Placement Memorandum given to investors, which said that the entire loan would be repaid at maturity if not prepaid by transfer of collateral by special warranty deed, which never happened.

14. If the Court refuses to order SPO to repay the loan as required under the Private Placement Memorandum, then the limited partners wish to continue with a neutral party as the substitute general partner.

I declare under penalty of perjury that the foregoing is true and correct. Executed electronically this 29th day of May, 2020.

*/s/Douglas Litowitz*_____
Douglas Litowitz

## CERTIFICATION OF SERVICE

This is to certify that on May 29, 2020, a true and correct copy of the above and foregoing **Declaration of Douglas Litowitz In Support of the Motion for Appointment of Receiver** has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Brian P. Stewart*
For Ardent Law Group, P.C.