# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
        Plaintiffs,

       v.                                        Hon. Raymond P. Moore

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner LLC I, and
Peter Knobel,
        Defendants.

## Declaration of Leng Sufen In Support of Motion for Appointment of Receiver

I, Leng Sufen, am over the age of eighteen and have personal knowledge of the facts stated herein and hereby to state as follows:

1. I am one of the Plaintiffs in Civil Action No. 19-cv-02637 (hereinafter the "Cui Complaint").

**2.** This declaration is offered in support of the Plaintiffs in the Cui Complaint's (hereinafter the "Cui Plaintiffs") Motion for Appointment of Receiver. The Cui Plaintiffs seek, pursuant to the terms of the loan documents, to have a Receiver Appointed to manage the real property (certain condominium units at the Residences at Solaris – Vail) that secures the loan from the LLLP to

Solaris Property Owner ("SPO")[1] which was given as security for repayment of the loan which is the subject of this litigation.

3.  165 Chinese investors collectively invested $82.5 million into a Colorado limited partnership, Defendant Colorado Regional Center Project Solaris LLLP ("LLLP") that was created by Waveland Ventures, LLC ("Waveland") and Colorado Regional Center ("CRC"). CRC's subsidiary, Colorado Regional Center I, LLC ("GP") was established as the general partner of the LLLP and received a 1% partnership interest. (A true and correct copy of the Limited Partnership Agreement is attached hereto as **Exhibit "A"**).

4.  The Investors were led to believe that the GP would represent the LLLP in good faith and with the best interests of the LLLP.

5.  The GP negotiated a loan from the LLLP to SPO. The loan documents included:

    A.  A Loan Agreement which was executed on November 5, 2010, (A true and correct copy of the Loan Agreement is attached hereto as **Exhibit "B"**).

    B.  A Promissory Note executed April 18, 2012 (A true and correct copy of the Promissory Note is attached hereto as **Exhibit "C"**). The Promissory Note was to be secured by Deeds of Trust recorded against 19 of the condominium units at the Residences at Solaris. These units are identified in Exhibit "A" to the Promissory Note.

    C.  There was also an Allonge to the promissory Note Executed on April 18, 2012. (A true and correct copy of the Allonge is attached hereto as **Exhibit "D"**).

---

[1]. SPO later assigned its rights under the loan documents to SPOI.

   D. Deeds of Trust were recorded against the Condominium Units. Although there were originally 19 units, SPOI has sold 3 of the units. (True and correct copies of the 16 Deeds of Trust Currently securing the Promissory Note are attached hereto as **Exhibits "E" through "U"**);

6. My attorneys have explained to me and the other Cui Plaintiffs what a Receiver is and what role a Receiver would play with respect to the Real Property and this litigation. The other Cui Plaintiffs and I have completely lost faith in CRC I and do not trust them to do what is in the best interests of the Limited Partners or the LLLP.

7. Having an unbiased 3rd party overseen by the managing the real property security would go along way toward making myself and the other Cui Plaintiffs more comfortable with the situation during the pendency of the litigation.

  I declare under penalty of perjury that the foregoing is true and correct. Executed this ___ day of May, 2020.

                 _____

                 Leng Sufen

     copy of the Allonge is attached hereto as Exhibit "D").

D. Deeds of Trust were recorded against the Condominium Units. Although there were originally 19 units, SPOI has sold 3 of the units. (True and correct copies of the 16 Deeds of Trust Currently securing the Promissory Note are attached hereto as Exhibits "E" through "U");

6. My attorneys have explained to me and the other Cui Plaintiffs what a Receiver is and what role a Receiver would play with respect to the Real Property and this litigation. The other Cui Plaintiffs and I have completely lost faith in CRC I and do not trust them to do what is in the best interests of the Limited Partners or the LLLP.

7. Having an unbiased 3rd party overseen by the managing the real property security would go along way toward making myself and the other Cui Plaintiffs more comfortable with the situation during the pendency of the litigation.

    I declare under penalty of perjury that the foregoing is true and correct. Executed this 27 day of May, 2020.

_____
Leng Sufen

**CERTIFICATION OF SERVICE**

This is to certify that on May 29, 2020, a true and correct copy of the above and foregoing **Declaration of Leng Sufen In Support of Motion for Appointment of Receiver** has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Brian P. Stewart*
For Ardent Law Group, P.C.

4