# EXHIBIT  L

**LAND TITLE GUARANTEE COMPANY**
**0090 BENCHMARK RD #205**
**PO BOX 3480**
**AVON, CO 81620**
**Phone:** 970-949-5099
**Fax:**   877-276-5043



**LOAN CLOSING STATEMENT**

MORTGAGOR(S):        **SOLARIS PROPERTY OWNER I, LLC, A DELAWARE LIMITED LIABILITY COMPANY**
LENDER:              **COLORADO REGIONAL CENTER**
PROPERTY ADDRESS:    **141 EAST MEADOW DRIVE PENTHOUSE C EAST  VAIL CO 81657**
LOAN AMOUNT:         **$2,000,000.00**

SETTLEMENT DATE:    **09/12/12**                  DATE OF PRORATION:    **09/12/12**

| ITEM DESCRIPTION | Debit | Credit |
|---|---|---|
| New Loan Amount  COLORADO REGIONAL CENTER | | 2,000,000.00 |
| Tax Report  LAND TITLE GUARANTEE COMPANY | 25.00 | |
| Record Deed of Trust  LAND TITLE GUARANTEE COMPANY | 171.00 | |
| Record Release | 26.00 | |
| Record Quit Claim Deed | 16.00 | |
| Loan Closing Fee  LAND TITLE GUARANTEE COMPANY | 330.00 | |
| **** SubTotals **** | 568.00 | 2,000,000.00 |
| Due To Buyer/Borrower | 1,999,432.00 | |
| Totals | 2,000,000.00 | 2,000,000.00 |

**\*\*\*FUNDS DUE FROM BORROWER SHOULD BE IN THE FORM OF A CASHIER'S CHECK OR CERTIFIED FUNDS**
**MADE PAYABLE TO LAND TITLE GUARANTEE COMPANY\*\*\***

The undersigned further understands that the payoff of any liens, mortgages, deeds of trust, etc. is based on written payoff figures obtained from the lien holder and agrees that in the event Land Title Guarantee Company is notified by the lien holder that the payoff is insufficient to render the loan paid in full the undersigned shall, upon notification by Land Title Guarantee Company, immediately tender the amount of funds necessary to complete the payoff.

MORTGAGOR(S):                                            LAND TITLE CLOSING AGENT:

_____                        _____
**AS DESIGNATED AGENT FOR SOLARIS**                      **Gail Ferry**
**PROPERTY OWNER I, LLC, A DELAWARE LIMITED LIABILITY**
**COMPANY**

Form 13139    06/2008    refi.no.res.odt          **VTF50034267**          **{14948073}**

TEAK J SIMONTON
Pgs: 2 04:39:48PM 09/13/2012
REC: $ $16.00 DOC: $



| State Documentary Fee |
|---|
| Date: September 11, 2012 |
| $0.00 |
| No Doc Fee Required |

### Quit Claim Deed
(Pursuant to 38-30-116 C.R.S.)

THIS DEED, made on **September 12, 2012** by **SOLARIS PROPERTY OWNER, LLC, A DELAWARE LIMITED LIABILITY COMPANY** Grantor(s), of the County of **EAGLE** and State of **COLORADO** for the  consideration of  *** **Ten Dollars and Other Good and Valuable Consideration** *** dollars in hand paid, hereby sells and quitclaims to **SOLARIS PROPERTY OWNER I, LLC, A DELAWARE LIMITED LIABILITY COMPANY** Grantee(s),  whose street address is **141 E MEADOW DR #211  VAIL, CO 81657** County of **EAGLE**, State of **COLORADO**, the following real property in the  County of **EAGLE**, and State of **Colorado**, to wit:

**SEE ATTACHED "EXHIBIT A"**
also known by street and number as **141 EAST MEADOW DRIVE PENTHOUSE C EAST  VAIL CO 81657**

with all its appurtenances.


SOLARIS PROPERTY OWNER, LLC, A DELAWARE LIMITED
LIABILITY COMPANY

BY: _Ryan Smith_ _____ AS DESIGNATED AGENT


State of **COLORADO**                                    )
                                                         )ss
County of **EAGLE**                                      )

The foregoing instrument was acknowledged before me this day of **September 11, 2012** by _Ryan Smith_ _____ AS DESIGNATED AGENT FOR SOLARIS PROPERTY OWNER, LLC, A DELAWARE LIMITED LIABILITY COMPANY

_____
Notary Public
My commission expires____4/10/14____

> KAREN BIGGS
> NOTARY PUBLIC
> STATE OF COLORADO
> NOTARY ID 19984002940
> My Commission Expires April 10, 2014

When recorded return to:      **SOLARIS PROPERTY OWNER I, LLC**
                              **141 E MEADOW DR #211  VAIL, CO 81657**


Land Title
GUARANTEE COMPANY

Form 13038  02/2011  qcd.odt                    **VTF50034267**          **{14948071}**

# EXHIBIT A

CONDOMINIUM UNIT PENTHOUSE C EAST, THE RESIDENCES AT SOLARIS-VAIL, ACCORDING TO THE CONDOMINIUM PLAT FOR THE RESIDENCES AT SOLARIS-VAIL RECORDED ON APRIL 26, 2010 AT RECEPTION NO. 201007818 AND AMENDMENT RECORDED APRIL 25, 2012 AT RECEPTION NO. 201208075, IN THE OFFICE OF THE CLERK AND RECORDER OF EAGLE COUNTY, COLORADO, AND THE CONDOMINIUM DECLARATION FOR THE RESIDENCES AT SOLARIS-VAIL RECORDED ON APRIL 26, 2010 AT RECEPTION NO. 201007819 IN THE OFFICE OF THE CLERK AND RECORDER OF EAGLE COUNTY, COLORADO.

TEAK J SIMONTON
Pgs: 16 04:39:48PM 09/13/2012
REC: $ $86.00 DOC: $

# DEED OF TRUST

THIS DEED OF TRUST IS DATED September 12, 2012, among Solaris Property Owner I, LLC, a Delaware limited liability company ("Grantor"), whose address is c/o Solaris Property Owner I, LLC, 141 East Meadow Drive, Suite 211, Vail, CO 81657 ("Grantor"); Colorado Regional Center Project Solaris, LLLP, a Colorado limited liability limited partnership, whose address is c/o Colorado Regional Center, 4643 S. Ulster Street, Suite 950, Denver, CO 80237 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and the Public Trustee of the Eagle County, Colorado (referred to below as "Trustee").

**CONVEYANCE AND GRANT.** For valuable consideration, Grantor hereby irrevocably grants, transfers and assigns to Trustee for the benefit of Lender as Beneficiary all of Grantor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, located in the County of Eagle, State of Colorado (the "Real Property"):

> **The real property located in the County of Eagle, State of Colorado, and legally described as set forth in Exhibit A attached hereto and incorporated herein by reference.**

Grantor presently assigns to Lender all of Grantor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. In addition, Grantor grants Lender a Uniform Commercial Code security interest in the Rents and the Personal Property defined below.

**DEFINITIONS.** The following words shall have the following meanings when used in this Deed of Trust. Terms not otherwise defined in this Deed of Trust shall have the meanings attributed to such terms in the Uniform Commercial Code. All references to dollar amounts shall mean amounts in lawful money of the United States of America.

**Beneficiary.** The word "Beneficiary" means Colorado Regional Center Project Solaris, LLLP, a Colorado limited liability limited partnership, its successors and assigns. Colorado Regional Center Project Solaris, LLLP also is referred to as "Lender" in this Deed of Trust.

**Borrower.** The word "Borrower" refers to Solaris Property Owner I, LLC, or its wholly-owned, single purpose subsidiary.

**Deed of Trust.** The words "Deed of Trust" mean this Deed of Trust among Grantor, Lender, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents.

**Grantor.** The word "Grantor" means any and all persons and entities executing this Deed of Trust.

**Indebtedness.** The word "Indebtedness" means all principal and interest payable under the Note and any amounts expended or advanced by Lender to discharge obligations of Grantor

RETURN TO:

COLORADO REGIONAL CENTER
4643 S. ULSTER STREET
SUITE 950
DENVER, CO 80237
ATTN: CHET SCHWARTZ



500 34267

or expenses incurred by Trustee or Lender to enforce obligations of Grantor under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust.

**Leases.**   The word "Leases" refers to those leases on the Property currently existing, together with any other leases that may be executed during the term of the Loan on the Property.

**Lender.**   The word "Lender" means Colorado Regional Center Project Solaris, LLLP, a Colorado limited liability limited partnership, its successors and assigns.   Colorado Regional Center Project Solaris, LLLP also is referred to as "Beneficiary" in this Deed of Trust.

**Note.**   The word "Note" means the Promissory Note dated April 18, 2012, in the principal amount of $100,000,000 from Borrower to Lender, together with all renewals, extensions, modifications, refinancings, and substitutions for the Note.   Notwithstanding anything contained herein to the contrary (including, without limitation, the Original Principal Amount set forth above), the maximum principal balance due under the Note at any point in time shall equal the total principal balance of all Loan Advances made to Borrower as set forth in <u>Exhibit A</u> to the Note and incorporated herein by this reference.   It is the express intent of the parties hereto that the Original Principal Amount of the Note is intended to reflect the maximum amount of principal to be loaned by Lender to Borrower from the various Loan Advances made from time to time and this Deed of Trust shall secure the total amounts of such Loan Advances outstanding at any time.

**Personal Property**.  The words "Personal Property" mean all furniture, fixtures, and other articles of personal property now or hereafter owned by Grantor, or now or hereafter attached or affixed to the Real Property, or located within a condominium unit designated in Exhibit A attached hereto, together with all accessions, parts and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.**   The word "Property" means collectively the Real Property and the Personal Property as defined in this Deed of Trust.

**Real Property.**   The words "Real Property" mean the property, interests and rights described above in the "Conveyance and Grant" section.

**Loan Documents.** The words "Loan Documents" mean and include without imitation the Promissory Note, Loan Agreement and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.**   The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Leases.

**Trustee**.  The word 'Trustee" means the Public Trustee of the County of Eagle, Colorado,

THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (1) PAYMENT OF THE INDEBTEDNESS AND (2) PERFORMANCE OF ANY AND ALL OBLIGATIONS OF GRANTOR UNDER THE NOTE, THE LOAN DOCUMENTS,

AND THIS DEED OF TRUST. THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS ALSO GIVEN TO SECURE ANY AND ALL OBLIGATIONS OF BORROWER UNDER THAT CERTAIN LOAN AGREEMENT BETWEEN BORROWER AND LENDER. ANY EVENT OF DEFAULT UNDER THE LOAN AGREEMENT, OR ANY OF THE LOAN DOCUMENTS REFERRED TO THEREIN, SHALL ALSO BE AN EVENT OF DEFAULT UNDER THIS DEED OF TRUST. THE NOTES AND THIS DEED OF TRUST ARE GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

**BORROWER'S REPRESENTATIONS AND WARRANTIES.**   Borrower warrants that: (a) this Deed of Trust is executed at Borrower's request and not at the request of Lender; (b) Borrower has the full power, right, and authority to enter into this Deed of Trust and to hypothecate the Property; and (c) the provisions of this Deed of Trust do not conflict with, or result in a default under any agreement or other instrument binding upon Borrower and do not result in a violation of any law, regulation, court decree or order applicable to Borrower.

**PAYMENT AND PERFORMANCE.**   Except as otherwise provided in this Deed of Trust, Borrower shall pay to Lender all Indebtedness secured by this Deed of Trust as it becomes due, and Borrower and Grantor shall strictly perform all their respective obligations under the Note, this Deed of Trust, and the Loan Documents.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.**   Grantor and Borrower agree that Grantor's possession and use of the Property shall be governed by the following provisions:

> **Possession and Use.**   Until the occurrence of an Event of Default, or until Lender exercises its right to collect Rents as provided for in the Assignment of Rents form executed by Grantor in connection with the Property, Grantor may (a) remain in possession and control of the Property, (b) use, operate or manage the Property, and (c) collect any Rents from the Property.

> **Duty to Maintain.**   Grantor shall maintain the Property or cause the Property to be maintained in tenantable condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

> **Hazardous Substances.**   The terms "hazardous waste," "hazardous substance," "disposal," "release," and "threatened release," as used in this Deed of Trust, shall have the same meanings as set forth in the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1988, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 8901, et seq., or other applicable state or Federal laws, rules, or regulations adopted pursuant to any of the foregoing.  The terms "hazardous waste" and "hazardous substance" shall also include, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.  Grantor represents and warrants to Lender that:  (a) During the period of Grantor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any hazardous waste or substance by any person on, under, about or from the Property; (b) Grantor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (i) any use, generation, manufacture, storage, treatment, disposal, release, or threatened release of any hazardous waste or substance on,

3

under, about or from the Property by any prior owners or occupants of the Property or (ii) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (c) Except as previously disclosed to and acknowledged by Lender in writing, (i) neither Grantor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of, or release any hazardous waste or substance on, under, about or from the Property and (ii) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation those laws, regulations, and ordinances described above. Grantor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Grantor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Grantor or to any other person. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Property for hazardous waste and hazardous substances. Grantor hereby (a) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any such laws, and (b) agrees to indemnify and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release of a hazardous waste or substance on the properties. The provisions of this section of the Deed of Trust, including the obligation to indemnify, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

**Nuisance, Waste.**  Grantor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property.

> **Lender's Right to Enter.**  Lender and its agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Property for purposes of Grantor's compliance with the terms and conditions of this Deed of Trust.

**Compliance with Governmental Requirements.**  Grantor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property, including without limitation, the Americans with Disabilities Act.  Grantor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Grantor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Grantor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Grantor agrees neither to abandon the Property nor leave it unattended. Grantor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at its option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without the Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest therein; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract to deed, leasehold interest with a term greater than five years, lease option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of Real Property interest. However, Lender, if such exercise is prohibited by federal law or by Colorado law, shall not exercise this option.

**TAXES AND LIENS.** The following provisions relating to the taxes and liens on the Property are a part of this Deed of Trust.

> **Payment.** Grantor shall pay when due (and in all events prior to delinquency) all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Grantor shall maintain the Property free of all liens having priority over or equal to the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due and except as otherwise provided in this Deed of Trust.

> **Right to Contest.** Grantor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Grantor shall within 15 days after the lien arises or, if a lien is filed, within 15 days after Grantor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and attorneys' fees or other charges that could accrue as a result of a foreclosure or sale under the lien, In any contest, Grantor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Grantor shall name Lender as an additional obligee under any surety bend furnished in the contest proceedings.

> **Evidence of Payment.** Grantor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Deed of Trust.

> **Maintenance of Insurance.** Grantor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender. Grantor shall also procure and maintain comprehensive general liability insurance in such coverage amounts as Lender may request with trustee and Lender being named as additional insureds in such liability insurance policies. Additionally, Grantor shall maintain such other insurance, including but not limited to hazard, business interruption, builders risk and boiler insurance, as Lender may reasonably require. Policies shall be written in

form, amounts, coverages and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender. Grantor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least ten days' prior written notice to Lender. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in anyway by any act, omission or default of Grantor or any other person. Should the Real Property at anytime become located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area, Grantor agrees to obtain and maintain Federal Flood Insurance for the full unpaid principal balance of the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Grantor shall promptly notify Lender of any loss or damage to the Property. Lender may make proof of loss if Grantor fails to do so within 15 days of the casualty. Grantor is specifically authorized to utilize the proceeds from any insurance policies available to accomplish the restoration and repair of the Property. If Lender elects to apply the proceeds to restoration and repair, Grantor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Grantor from the proceeds for the reasonable cost of repair or restoration if Grantor is not in default under this Deed of Trust. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Grantor as Grantor's interests may appear.

**Grantor's Report on Insurance.** Upon request of Lender, however not more than once a year, Grantor shall furnish to Lender a report on each existing policy of insurance showing: (a) the name of the insurer; (b) the risks insured; (c) the amount of the policy; (d) the property insured, the then current replacement value of such property, and the manner of determining that value; and (e) the expiration date of the policy. Grantor shall, upon request of Lender, have an independent appraiser satisfactory to Lender determine the cash value replacement cost of the Property.

**EXPENDITURES BY LENDER.** If Grantor fails to comply with any provision of this Deed of Trust, or if any action or proceeding is commenced that would materially affect Lender's interests in the Property, Lender on Grantor's behalf may, but shall not be required to, take any action that Lender deems appropriate. Any amount that Lender expends in so doing will bear interest at the rate provided for in the Note from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses, at Lender's option, will (a) be payable on demand, (b) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (i) the term of any applicable insurance policy or (ii) the remaining term of the Note, or (c) be treated as a balloon payment which will be due and payable at the Note's maturity. This Deed of Trust also will secure payment of these amounts. The rights provided for in this paragraph shall be in addition to any other rights or any remedies to which Lender may be entitled on account of the default. Any such action by Lender shall not be construed as curing the default so as to bar Lender from any remedy that it otherwise would have had.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Deed of Trust.

> **Title.** Grantor warrants that: (a) Grantor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Deed of Trust, and (b) Grantor has the full right, power, and authority to execute and deliver this Deed of Trust to Lender.

> **Defense of Title.** Subject to the exception in the paragraph above, Grantor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Grantor's title or the interest of Trustee or Lender under this Deed of Trust, Grantor shall defend the action at Grantor's expense. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Grantor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

> **Compliance with Laws.** Grantor warrants that the Property and Grantor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**CONDEMNATION.** The following provisions relating to condemnation proceedings are a part of this Deed of Trust.

> **Application of Net Proceeds.** If all or any part of the Property is condemned by eminent domain proceedings or by any proceeding or purchase in lieu of condemnation, Lender may at its election require that all or any portion of the net proceeds of the award be applied to the Indebtedness or the repair or restoration of the Property. The net proceeds of the award shall mean the award after payment of all reasonable costs, expenses, and attorneys' fees incurred by Trustee or Lender in connection with the condemnation.

> **Proceedings.** If any proceeding in condemnation is filed, Grantor shall promptly notify Lender in writing, and Grantor shall promptly take such steps as may be necessary to defend the action and obtain the award. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Grantor will deliver or cause to be delivered to Lender such instruments as may be requested by it from time to time to permit such participation.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust;

> **Current Taxes, Fees and Charges.** Upon request by Lender, Grantor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Lender to protect and continue Lender's lien on the Real Property. Grantor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Deed of Trust.

**Taxes.** The following shall constitute taxes to which this section applies: (a) a specific tax upon this type of Deed of Trust or upon all or any part of the Indebtedness secured by this Deed of Trust; (b) a specific tax on Borrower which Borrower is authorized or required to deduct from payments on the Indebtedness secured by this type of Deed of Trust; (c) a tax on this type of Deed of Trust chargeable against the Lender or the holder of the Note; and (d) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Borrower.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default (as defined below), and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Grantor either (a) pays the tax before it becomes delinquent, or (b) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust.

**Security Agreement.** This instrument shall constitute a security agreement to the extent any of the Property constitutes fixtures or other personal property, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Grantor shall execute financing statements and take whatever other action is requested by Lender to perfect and continue Lender's security interest in the Rents and Personal Property. In addition to recording this Deed of Trust in the real property records, Lender may, at any time and without further authorization from Grantor, file executed counterparts, copies or reproductions of this Deed of Trust as a financing statement. Grantor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Grantor shall assemble the Personal Property in a manner and at a place reasonably convenient to Grantor and Lender and make it available to Lender within three days after receipt of written demand from Lender.

**Addresses.** The mailing addresses of Grantor (debtor) and Lender (secured party), from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code), are as stated on the first page of this Deed of Trust.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust.

**Further Assurances.** At any time, and from time to time, upon request of Lender, Grantor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may in the sole opinion of Lender, be

necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (a) the obligations of Grantor and Borrower under the Note, this Deed of Trust, and the Loan Documents, and (b) the liens and security interests created by this Deed of Trust as first and prior liens on the Property, whether now owned or hereafter acquired by Grantor. Unless prohibited by law or agreed to the contrary by Lender in writing, Grantor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph.

**Attorney-in-Fact.**  If Grantor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Grantor and at Grantor's expense. For such purposes, Grantor hereby irrevocably appoints Lender as Grantor's attorney-in-fact for the purpose of making, executing, delivering filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** Trustee may, upon production of the Note duly cancelled, release this Deed of Trust, and such release shall constitute a release of the lien for all such additional sums and expenditures made pursuant to this Deed of Trust. Lender agrees to cooperate with Grantor in obtaining such release and releasing the other collateral securing the Indebtedness. Grantor, if permitted by applicable law shall pay any release fees required by law.

**DEFAULT.** Each of the following, at the option of Lender, shall constitute an event of default ("Event of Default") under this Deed of Trust:

**Default on Indebtedness**.  Failure of Borrower to make any payment when due on the Loan.

**Other Defaults.**  Failure of Borrower or any Grantor to comply with or to perform when due any other term, obligation, covenant or condition contained in this Deed of Trust or in any of the Loan Documents, or failure of Borrower to comply with or to perform any other term, obligation, covenant or condition contained in any other agreement between Lender and Borrower relating to the Loan secured by this Deed of Trust.

**False Statements.**  Any warranty, representation or statement made or furnished to Lender by or on behalf of Borrower or any Grantor under this Deed of Trust or the Loan Documents is false or misleading in any material respect at the time made or furnished, or becomes false or misleading at any time thereafter.

**Defective Collateralization.** This Deed of Trust or any of the Loan Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Insolvency.**  The insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.**  Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower, any creditor of any Grantor against any collateral securing

the Indebtedness, or by any governmental agency. This includes a garnishment, attachment, or levy on or of any of Borrower's deposit accounts with Lender.

**Adverse Change.** A Material Adverse Change occurs in Borrower's financial condition, or Lender reasonably believes the prospect of payment or performance of the Indebtedness is impaired.

**Transfer of Property.** The sale, transfer, hypothecation, assignment, or conveyance of the Property or the improvements or any portion thereof or interest therein by Borrower without Lender's prior written consent.

**Condemnation.** All or any material portion of the Property is condemned, seized, or appropriated without compensation, and Borrower does not within 30 days after such condemnation, seizure, or appropriation, initiate and diligently prosecute appropriate action to contest in good faith the validity of such condemnation, seizure, or appropriation.

**RIGHTS AND REMEDIES ON DEFAULT.** Upon the occurrence of any Event of Default and at any time thereafter, Lender shall give written notice to Borrower which notice shall describe the nature of the Event of Default. Borrower shall have three days in which to cure any default that can be cured by the payment of money and 30 days in which to cure any default that cannot be cured solely by the payment of money (which 30-day period may be extended for such time as may be reasonably necessary, not to exceed an additional 60 days, if the default cannot reasonably be cured in the initial 30-day period, provided that Borrower is making reasonable efforts to cure such default during such period). Upon the expiration of the applicable cure period, and at any time thereafter, Trustee or Lender, at its option, may exercise any one or more of the following rights and remedies, in addition to any other rights or remedies provided by law:

**Accelerate Indebtedness.** Lender shall have the right at its option without further notice to Grantor or Borrower to declare the entire Indebtedness immediately due and payable, in which event Borrower shall immediately convey the Collateral Unit(s) to Lender in full satisfaction of the Indebtedness. The foregoing shall in no event preclude Lender from proceeding against any guarantees provided pursuant to the Loan Documents.

**Foreclosure.** Lender shall have the right to cause all or any part of the Real Property, and Personal Property, if Lender decides to proceed against it as if it were real property, to be sold by the Trustee according to the laws of Colorado as respects foreclosures against real property. The Trustee shall give notice in accordance with the laws of Colorado. The Trustee shall apply the proceeds of the sale in the following order: (a) to all costs and expenses of the sale, including but not limited to Trustee's fees, attorneys' fees, and the cost of title evidence: (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled to the excess.

**UCC Remedies.** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code.

**Collect Rents.** Lender shall have the right, without notice to Grantor or Borrower, to take possession of and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender. If Lender collects the

10

Rents, then Grantor irrevocably designates Lender, as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver. Receiver may be appointed by a court of competent jurisdiction upon ex parte application and without notice, notice being expressly waived.

**Tenancy at Sufferance.** If Grantor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Grantor, Grantor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (a) pay a reasonable rental for the use of the Property, or (b) vacate the Property immediately upon the demand of Lender.

**Other Remedies.** Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or the Note or by law.

**Sale of the Property.** In exercising its rights and remedies, Lender shall be free to designate on or before it files a notice of election and demand with the Trustee, that the Trustee sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property. Upon any sale of the Property, whether made under a power of sale granted in this Deed of Trust or pursuant to judicial proceedings, if the holder of the Note is a purchaser at such sale, it shall be entitled to use and apply all, or any portion of, the Indebtedness for or in settlement or payment of all, or any portion of, the purchase price of the Property purchased, and, in such case, this Deed of Trust, the Note, and any documents evidencing expenditures secured by this Deed of Trust shall be presented to the person conducting the sale in order that the amount of Indebtedness so used or applied may be credited thereon as having been paid.

**Waiver; Election of Remedies.** A waiver by any party of a breach of a provision of this Deed of Trust shall not constitute a waiver of or prejudice the party's rights otherwise to demand strict compliance with that provision or any other provision. Election by Lender to pursue any remedy provided in this Deed of Trust, the Note, in any Related Document, or provided by law shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Grantor or Borrower under this Deed of Trust after failure of Grantor or Borrower to perform shall not affect Lender's right to declare a default and to exercise any of its remedies.

**Attorneys' Fees; Expenses.** If Lender forecloses or institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and on any appeal. Whether or not any court action is involved, all reasonable expenses incurred by Lender which in Lender's opinion are necessary at anytime for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note's rate from the date of expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees whether or not there is a lawsuit, including attorneys' fees for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

**Rights of Trustee.** Trustee shall have all of the rights and duties of Lender as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.** The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust.

**Powers of Trustee.** In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Lender and Grantor: (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public; (b) join in granting any easement or creating any restriction on the Real Property; and (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Lender under this Deed of Trust.

**Obligations to Notify.** Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Grantor, Lender, or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.** Trustee shall meet all qualifications required for Trustee under applicable law. In addition to the rights and remedies set forth above, with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**NOTICES TO GRANTOR AND OTHER PARTIES.** Any notice under this Deed of Trust shall be in writing, may be sent by facsimile (unless otherwise required by law), and shall be effective when actually delivered or when deposited with a nationally recognized overnight courier, or, if mailed, shall be deemed effective when deposited in the United States mail first class, certified or registered mail, postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust. Any party may change its address for notices under this Deed of Trust by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. All copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust shall be sent to Lender's address, as shown near the beginning of this Deed of Trust. For notice purposes, Grantor agrees to keep Lender and Trustee informed at all times of Grantor's current address.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Deed of Trust:

**Amendments.** This Deed of Trust, together with any Loan Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Deed of Trust. No alteration of or amendment to this Deed of Trust shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Financial Reports.** Grantor shall provide annual financial statements (consisting of a balance sheet and a profit and loss statement) to Lender during the term of the Loan, each of which shall be due by April 15 of each year for the preceding year.

**Applicable Law.** This Deed of Trust has been delivered to Lender and accepted by Lender in Colorado. This Deed of Trust shall be governed by and construed in accordance with the laws of Colorado.

**Caption Headings.** Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.

**Merger.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at anytime held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Multiple Parties; Corporate Authority.** All obligations of Grantor and Borrower under this Deed of Trust shall be joint and several, and all references to Borrower shall mean each and every Borrower, and all references to Grantor shall mean each and every Grantor. This means that each of the persons signing below is responsible for all obligations in this Deed of Trust.

**Severability.** If a court of competent jurisdiction finds any provision of this Deed of Trust to be invalid or unenforceable as to any person or circumstance, such finding shall not render that provision invalid or unenforceable as to any other persons or circumstances. If feasible, any such offending provision shall be deemed to be modified to be within the limits of enforceability or validity; however, if the offending provision cannot be so modified, it shall be stricken and all other provisions of this Deed of Trust in all other respects shall remain valid and enforceable.

**Assignment by Borrower.** Notwithstanding to the contrary set forth in any of the Loan Documents, Borrower shall have the absolute right (in Borrower's discretion) to assign this Deed of Trust, the Loan Agreement and the other Loan Documents to Borrower's wholly-owned, single-purpose subsidiary (the "**SPE**"). Upon such assignment, all of Borrower's rights and obligations under the Loan Documents shall automatically and forever terminate and, thereafter, Borrower shall have no further obligation of any kind whatsoever with respect to the Loan or Loan Documents. If Borrower so assigns Borrower's interest in the Loan Documents to Borrower's SPE prior to the execution of this Deed of Trust, Borrower's SPE shall be substituted for Borrower as the signatory hereof and construed to mean "Borrower" for all purposes hereunder and under the other Loan Documents. A condition precedent to any such assignment shall be that any assignee of Borrower shall continue to operate the Solaris Project, as defined in the Loan Agreement, to assure full construction expenditure to project completion and subsequent operation of the retail

businesses, all in satisfaction of the factual assumptions set forth in the EB-5 Econometric Report prepared in connection with the Solaris Project. The purpose of this condition precedent is to assure the Lender that the related EB-5 investors' ability to obtain removal of conditions on their U.S. permanent residency will not be impaired by any such assignment of the Borrower's rights and obligations under the Loan Documents. The Lender shall have sole discretion to determine satisfaction of this condition precedent prior to any assignment by Borrower.

**Successors and Assigns.** Subject to the limitations stated in this Deed of Trust on transfer of Grantor's interest, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Deed of Trust or liability under the Indebtedness.

**Time Is of the Essence.** Time is of the essence in the performance of this Deed of Trust.

**Waivers and Consents.** Lender shall not be deemed to have waived any rights under this Deed of Trust (or under the Loan Documents) unless such waiver is in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by any party of a provision of this Deed of Trust shall not constitute a waiver of or prejudice the party's right otherwise to demand strict compliance with that provision or any other provision. No prior waiver by Lender, nor any course of dealing between Lender and Grantor or Borrower, shall constitute a waiver of any of Lender's rights or any of Grantor or Borrower's obligations as to any future transactions. Whenever consent by Lender is required in this Deed of Trust, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required.

**Waiver of Homestead Exemption.** Grantor hereby releases and waives all rights and benefits of the homestead exemption laws of the State of Colorado as to all Indebtedness secured by this Deed of Trust.

[Signature Page Follows]

GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND GRANTOR AGREES TO ITS TERMS.

**GRANTOR:**

**Solaris Property Owner I, LLC,** a Delaware limited liability company

By: _____

Name: _____

Title: _____

**Acknowledgement:**

COUNTY OF EAGLE  )
                 ) ss:
STATE OF COLORADO          )

On this 17 day of September, 2012, before me, the undersigned Notary Public, personally appeared _Ryan Smith_____, the _Designated Agent_ of      Solaris Property Owner I, LLC, a Delaware limited liability company, and acknowledged the Deed of Trust to be the free and voluntary act and deed of the above-named limited liability company, by authority of statute or its Articles of Organization and Operating Agreement, for the uses and purposes therein mentioned, and on oath stated that he is authorized to execute this Deed of Trust and in fact executed the Deed of Trust on behalf of the limited liability company

By: _____
    Notary Public In and for the State of Colorado

My Commission Expires:  4/10/14

KAREN BIGGS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19984002940
My Commission Expires April 10, 2014

15

## Exhibit A

**CONDOMINIUM UNIT PENTHOUSE C EAST, THE RESIDENCES AT SOLARIS-VAIL, ACCORDING TO THE CONDOMINIUM PLAT FOR THE RESIDENCES AT SOLARIS-VAIL RECORDED ON APRIL 26, 2010 AT RECEPTION NO. 201007818 AND AMENDMENT RECORDED APRIL 25, 2012 AT RECEPTION NO. 201208075, IN THE OFFICE OF THE CLERK AND RECORDER OF EAGLE COUNTY, COLORADO, AND THE CONDOMINIUM DECLARATION FOR THE RESIDENCES AT SOLARIS-VAIL RECORDED ON APRIL 26, 2010 AT RECEPTION NO. 201007819 IN THE OFFICE OF THE CLERK AND RECORDER OF EAGLE COUNTY, COLORADO.**

**EXHIBIT A**
**(Promissory Note)**

| Date of Loan Advance | Amount of Loan Advance | Maturity Date |
|---|---|---|
| April 18, 2012 | $4,000,000 | April 18, 2017 |
| April 25, 2012 | $6,500,000 | April 24, 2017 |
| May 3, 2012 | $3,000,000 | May 2, 2017 |
| May 30, 2012 | $3,500,000 | May 29, 2017 |
| June 15, 2012 | $3,000,000 | June 14, 2017 |
| August 2, 2012 | $4,000,000 | August 1, 2017 |
| August 24, 2012 | $6,500,000 | August 23, 2017 |
| September 7, 2012 | $4,500,000 | September 6, 2017 |
| September 13, 2012 | $2,000,000 | September 12, 2017 |

1

**EXHIBIT B**
**(Promissory Note)**

| Date of Loan Advance | Collateral Unit | Collateral Unit Value |
|---|---|---|
| April 18, 2012 | Unit 6E West | $3,707,982 |
| April 25, 2012 | Unit 2A South | $6,439,950 |
| May 3, 2012 | Pent E West | $3,084,124 |
| May 30, 2012 | Unit 6E East | $3,707,485 |
| June 15, 2012 | Pent E East | $3,084,683 |
| August 2, 2012 | Unit 5E West | $3,581,090 |
| August 24, 2012 | Unit 4G West | $6,420,861 |
| September 7, 2012 | Unit 7E West | $4,556,554 |
| September 13, 2012 | Pent C East | $2,355,248 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

2

