# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
                    Plaintiffs,

                v.                                          Hon. Raymond P. Moore

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner LLC I, and
Peter Knobel,
                    Defendants.

---

## [PROPOSED] ORDER APPOINTING RECEIVER

---

The Court, having considered Plaintiff's  Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei,

Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong

Zhang, Qin Zhou, Xun Zhu, Chunyi Zou (collectively "Cui Plaintiffs") Motion for Appointment

of Receiver ("Motion"), and being fully advised in the premises, and for other good cause having

been shown hereby finds that:

   1. The Court has jurisdiction and venue is proper pursuant to F.R.C.P. 66.

   2. The allegations set forth in the Motion establish the Cui Plaintiffs right to the

appointment of a Receiver and the relief requested.  Based on the standards set forth in F.R.C.P.

66 and the case law thereunder, and based on the legal and factual arguments of the Cui Plaintiffs,

as set forth in the Motion, the Cui Plaintiffs are entitled to entry of this Order.  The Cui Plaintiffs

have demonstrated there is no adequate remedy at law, the balance of the equities favors the

appointment of a receiver, and the appointment of a receiver will preserve the assets of the estate pending any trial on the merits.

3.  Colorado Regional Center Project Solaris LLLP ((LLLP") is a single asset Colorado limited partnership, its sole asset being a loan secured by real property located in Vail, Colorado.

4. LLLP property, rents, revenues, income, issues and profits, are in danger of being materially injured and impaired, reduced in value, or lost.

5. The appointment of a receiver for LLLP is reasonable and necessary for the protection of the assets and the rights of the parties in this case.

6. Pear Partners, LLC,  a Colorado Limited Liability Company which possesses the necessary qualifications and experience to act as a receiver in this action and is not related to any party in this action, be and hereby is appointed Receiver ("Receiver") for LLLP.

7. This Order shall be effective immediately and shall continue in effect until terminated or modified by further order of this Court.

IT IS THEREFORE ORDERED THAT:

1. Patrick M. Donovan, Managing Partner of Pear Partners, LLC ("Receiver") is appointed as Receiver for LLLP, and shall forthwith take physical possession of, manage, operate and protect all of the property of LLLP, of whatever kind and wherever situated, including all tangible and intangible property, real and personal property, water rights, lease rights, bank accounts, contracts, receivables, inventory, supplies, materials, motor vehicles, equipment, furniture and furnishings owned by or held in the name of LLLP or used in connection with the operation of LLLP, including circumstances where such property may be in the possession of third parties, but is the property of LLLP (the "Assets"), for the purpose of proceeding with the operation and potentially the liquidation of the Assets of LLLP according to the provisions of this and any subsequent orders of Court.  "Assets" also includes all books and records, of any nature whatsoever including, without

limitation, minute and stock books and the like, contracts to which LLLP is a party, all correspondence to, from or referring to LLLP, all insurance policies, all documents and instruments related to any of the Assets, all books of account, receipts, checkbooks, tax returns, other financial records of LLLP in documentary or electronic form, and any rights, claims or chose in action of LLLP. With respect to any records or information existing in computer memory or other electronic medium such information shall be deemed to include the medium on which such information is stored and appropriate software and hardware to access such information. "Assets" also includes accounts receivable, securities, certificates of deposits, notes payable and receivable, contractor lists, development and construction plans and specifications, leases, appliances, escrowed funds and deposits and supplies.  If LLLP is found to be a nominee of an association of owners, rather than a corporation, the Assets shall also include all property of such association.

2. The parties to this litigation and all persons in active participation with them including without limitation banks, accountants, employees and other agents, are ordered to turn over all of the above-described Assets to the Receiver, and are further ordered to turnover to the Receiver all assets rightfully belonging to LLLP which are held or titled in any other name.

3.   The parties to this litigation and all persons in active participation with them, shall within ten days of the entry of this Order prepare and deliver to the Receiver a list of all Assets and liabilities and certify, to the extent they are able, that such list includes all property owned by, and liabilities of, LLP.  The requirement to provide such a list shall not delay the turnover to the Receiver of any Asset as required by the preceding paragraph.

4. The Receiver shall have all the powers and authority usually held by receivers and reasonably necessary to accomplish the purposes herein stated including, but not limited to, the following powers, which may be exercised without further order of the Court:

      a. To take from LLLP, and all persons in active concert and participation with them, immediate control of the Assets, wherever they may be found or by whom they may be held, to the exclusion of LLLP, and all persons acting in active concert and participation with it;

      b. To enter into any of LLLP's premises where any of the Assets may be, and search for, take possession of, remove, keep and store any of the Assets until the same will be sold or otherwise disposed of, and to store the same at LLLP's premises without cost to the Receiver;

      c. To hire and retain and otherwise obtain the advice and assistance of such legal counsel and accounting and other professionals as may be necessary to the proper discharge of the Receiver's duties, with all reasonable expenses incurred in connection therewith deemed to be expenses of the Receivership without the permission of the Court (and to pay such professionals from the rents, revenues, and proceeds of the Assets without further application to or order of the Court);

      d. To take charge of the Assets and all personal property used or associated therewith, regardless of where such property is located, including but not limited to bank accounts, checks, drafts, notes, security deposits, certificates, books, records, contracts, claims, deposits, rents, revenues, income, issues, profits, rental payments, lease payments, rent rolls, accounts receivable and payable, other accounting information, records, contracts, claims, including but not limited to claims against third parties, leases, files, furniture, certificates and licenses, fixtures, appliances, equipment, supplies, blueprints, building permits, property entitlements, soil reports, engineering reports and inspection reports;

      e. To manage, operate, maintain and otherwise protect the Assets as necessary to prevent diminution of the Assets value, until such time as the Assets are properly liquidated;

      f. To use the personnel of Pear Partners, LLC or hire on a contract basis personnel necessary to maintain and preserve the Assets, and to retain, hire and terminate property

4

management personnel and other personnel, and contract for and obtain such services, utilities, supplies, equipment and goods as are reasonably necessary to operate, preserve and protect the Assets or to liquidate the Assets and to make such repairs to the grounds and improvements on any property Assets, all as the Receiver may reasonably deem necessary; provided, however, no contract shall extend beyond the termination of the Receivership unless authorized by the parties.

g. To change any or all locks on any Assets;

h. To open, transfer and change all bank accounts and trade accounts of LLLP so that all such accounts are in the name of the Receivership.  The Receiver shall establish a bank account in the name of the Receivership in a financial institution insured by the Federal government and shall utilize such account for all purposes relating to financial transactions affecting his duties; to deposit all sums received by the Receiver and to write checks and make withdrawals on such accounts;

i. To collect receivables and claims arising from the Assets;

j. To exercise all of LLLP's rights and remedies with respect to proceedings brought to collect any accounts;

k. To surrender, release or exchange all or any part of any accounts of LLLP, or compromise or extend or renew for any period (whether or not longer than the original period) any indebtedness thereunder;

l. To sell or assign any account of LLLP upon such terms for such amount and at such time or times as the Receiver deems advisable;

m. To prepare, file, and sign LLLP's name on any proof of claim in bankruptcy or other similar document against any account debtor indebted on an Account of LLLP;

n. At LLLP's expense, to notify any parties obligated on any of the Accounts of LLLP to make payment directly to the Receiver of any amounts due or to become due thereunder;

o. To have continuing access to mail or other correspondence to and from NTMI concerning the Assets;

p. To the extent necessary, to conduct a full inventory of all personal property comprised in the Assets;

q. To perform ordinary and necessary repairs and maintenance on any Assets, subject to the limitations set forth in subparagraph (e) above;

r. To pay taxes, insurance, utility charges and other expenses and costs reasonably incurred in operating, managing, preserving and liquidating LLLP's Assets;

s. To reject any leases or unexpired contracts of NTMI connected to the Assets that are burdensome on the Receivership Estate, upon Court approval;

t. To invest funds of the Receivership Estate, without further permission of the Court, in savings accounts or in securities backed by the full faith and credit of the United States;

u. To make, enforce, modify, negotiate and enter into such leases of the Assets as the Receiver may reasonably deem appropriate in connection with the discharge of the Receiver's duties; provided, however, no lease shall extend beyond the termination of the receivership unless authorized by the parties;

v. To purchase or renew appropriate insurance policies that the Receiver deems necessary for the protection of the Assets and for the protection of the interest of the Receiver and the parties to this action with respect to the Assets until such time as the Assets are properly liquidated;

w. To account to this Court for all sums received and expenditures made and file periodic reports to this Court from time to time, not less than every three months;

6

x. To apply for, obtain, renew and, as necessary, to prevent the loss of all trademarks, copyrights, patents,  licenses, permits and entitlements required for the preservation or operation of the Assets or issued in connection with therewith;

y. With respect to any operation or activity that is now conducted on the Assets or is customarily conducted on similar properties, and that may lawfully be conducted only under governmental license or permit, to continue such operation or activity under the license or permits issued to the entity subject to compliance with the terms thereof;

z. To obtain, review and analyze the past records, including without limitation accounting records, disbursements, banking records, plans, specifications, engineering reports, soil reports, permits, entitlements, and any other books and documents necessary to determine whether there are any potential claims or rights against the other persons and entities arising out of the ownership and operation of the corporation, or otherwise perform the duties of the Receiver;

aa. To pay prior obligations incurred by LLLP its agents and servants, or any other person or entity charged with the responsibility of maintaining and operating the Assets, if such obligations are deemed by the Receiver to be necessary or advisable for the continued operation of the Assets, and any improvements thereto;

bb. To use receipts from the Assets and such funds as may be advanced by third parties for the payment of expenses of the Receivership and of the Assets;

cc. To enforce collection of any of LLLP's accounts, debts, contract rights or other rights arising from the Assets, to institute such legal actions as the Receiver deems necessary to collect accounts and debts, enforce contracts and other agreements relating to the Assets, to recover possession of the Assets from persons who may now or in the future be wrongfully in possession of such Assets and to otherwise preserve the Assets by suit or otherwise;

7

dd. To settle any mechanics' liens against the Assets by making recommendations for settlement to this Court;

ee. On a monthly basis, to pay itself as compensation for its services as Receiver at its current hourly rates as set forth in Exhibit A attached hereto, and to reimburse itself for customary expenses incurred;

ff. To deal with, hire or terminate present or future managers, brokers, leasing agents or other professionals in connection with the Assets, including hiring a management company or manager to engage in the day-to-day management of the Assets which management company or manager may be affiliated with the Receiver;

gg. To notify any and all insurers of the Assets of the pendency of these proceedings and that, subject to the prior rights of any party holding a lien encumbering the Assets, any proceeds or policy premium refunds paid under any such insurance policies shall be paid to the Receiver, and further, that any cancellation of any such insurance policies by any and all insurers of the Assets shall require advance notice to the Receiver;

hh. To borrow from third parties on an unsecured basis and on such other reasonable terms as may be acceptable to the Receiver, funds to meet the needs of the Receivership Estate in excess of the income from the Assets;

ii. To preserve and protect the improvements located on the Assets, and to secure same against loss and damage, and to preserve any and all construction claims and warranties as necessary; and

jj. Generally to do such other lawful acts as the Receiver reasonably deems necessary to the effective operation and management of the Assets, or for the orderly liquidation of the Assets, and to perform such other functions and duties as may from time to time be required

8

and authorized by this Court, by the laws of the State of Colorado or by the laws of the United States of America.

        kk. To sell the Assets, including real estate and personal property, in whole or in part, whether in the ordinary course or otherwise, by bulk sale, auction sale, or otherwise by contract with respect to all or a portion thereof.

        ll. To advertise Assets for sale or lease.

        mm. The Receiver is hereby authorized to apply the rents, revenues, income, issues and profits collected by the Receiver in connection with the management and operation of the Assets: first, to the Receiver's compensation as ordered below; second, to the other costs and expenses of the receivership, including any management fees, attorney fees and other out-of pocket expenses incurred by the Receiver in connection with the receivership; third, to the costs of operating, maintaining and protecting the Assets; fourth, to payment of expenses of the Assets, including but not limited to payment of real and personal property taxes and insurance; fifth, to repay all sums borrowed by the Receiver as evidenced by Receiver's Certificates; sixth, whenever sufficient funds are available for such purpose, the Receiver shall make principal and interest payments toward any loans which are secured by a lien on the Assets , in the order of their priority, and seventh to a fund to be held by the Receiver in an interest-bearing account, pending further order of this Court.

    5. The Receiver shall execute and file forthwith an oath of receiver.

    6. The Receiver shall enter upon and file its bond in the sum of $5,000.00 conditioned upon the faithful performance of its duties and proper accounting of all Receivership Assets.

    7. LLLP, its agents or any other third parties in possession of any documents or other information necessary for the Receiver to carry out its duties are ordered to deliver immediately

over to the Receiver or its agents all of the Receivership Assets now in his, her or its possession, and any Assets received after the date of the Order, endorsed to the Receiver when necessary, and to continue to deliver immediately to the Receiver any such Assets received at any time in the future and to permit the Receiver to carry out his duties hereunder without interference. Upon request or when deemed necessary, LLLP or its agents shall explain the operation, maintenance and management of the Assets and to cooperate with the Receiver in carrying out the Receiver's duties under this Order.

8. With respect to any items required to be turned over to Receiver under this Order, the Receiver, may, in the Receiver's sole discretion, accept photocopies of such documents accompanied, in each case, by the certificate of the person delivering the copy that such document is a true, correct, and complete copy of the original.  In such event, the Receiver shall have the right at any reasonable time, on reasonable notice, to inspect the originals of such documents.

9. Except as may be expressly authorized by this Court after notice and hearing, LLLP and its agents, employees and contractors are enjoined from:

a. Collecting any revenues from the entities, or withdrawing funds from any bank or other depository account relating to the LLLP;

b. Terminating, or causing to be terminated, any license, permit, lease, contract or agreement relating to the Assets or the operation of any of the Assets; or

c. Otherwise interfering with the operation of the Assets or the Receiver's discharge of its duties hereunder.

10. Nothing herein contained shall be construed as interfering with or invalidating any lawful lien or claim by any person or entity.

11. LLLP shall:

a. Deliver immediately over to the Receiver or his agents all Assets described above, including, without limitation, all of LLLP's Equipment, General Intangibles, Inventory, Receivables, Investment Property, all payment intangibles, instruments, corporate books and records, documents, chattel paper, deposit and all other accounts, and letter-of-credit rights (as such terms are defined in the UCC); together with (i) all substitutions and replacements for and products of any of the foregoing; (ii) proceeds of any and all of the foregoing; (iii) in the case of all tangible goods, all accessions; and (iv) all accessories, attachments, parts, equipment and repairs now or hereafter attached or affixed to or used in connection with any tangible goods whether now owned or hereafter acquired, and all other things of value relating to the Assets (including without limitations all funds on deposit in all bank accounts of LLLP and such records and other papers in its possession or under its control as may be pertinent to the status of the Assets and the Receiver's collection and liquidation thereof); properly endorsed to the Receiver when necessary;

b. Continue to deliver immediately to the Receiver all collections of proceeds of the Assets, including accounts receivable, other collections, books and other records relating to the operation, maintenance and management of the corporation or the Assets, and to permit the Receiver to carry out his duties hereunder without interference;

c. Disclose to the Receiver any assets of LLLP which LLLP believes are not a part of the Assets subject to the provisions of this Order.

12. Except as may be expressly authorized by this Court upon notice and a hearing, LLLP, and all persons in active concert and participation with them, including employees, agents, attorneys, managers, accountants and banks, and the same hereby are enjoined from:

a. Collecting the Assets, or any proceeds, revenues, accounts, issues, profits or other revenues thereof;

11

b. Withdrawing funds from any bank or other depository account belonging to the Receivership Estate;

c. Terminating or causing to be terminated any license, permit, lease contract, or agreement relating to the Assets; and

d. Otherwise interfering with the operation of the Receivership Estate or the Receiver's discharge of his duties.

13. LLLP or anyone else in possession of records related to LLLP shall respond in a timely fashion to requests and inquires of the Receiver concerning such records, record keeping protocols, filing systems, information sources, algorithms and processes used to manipulate data, and similar matters. With respect to any information or records stored in computer-readable form or located on computers of the borrower or the person in possession of the records, such person shall provide the Receiver full access to all media on which such records are located and all computers and the necessary application, system, and other software necessary to review, understand, print, and otherwise deal with such computerized records.

14. The Receiver, or any party to this action, may at any time, on proper and sufficient notice to all parties who have appeared in this action, apply to this Court for further instructions whenever such instructions shall be deemed to be necessary to enable the Receiver to perform the duties of his office properly.

15. The Receiver shall have no liability to any party, unless the Receiver has engaged in willful misconduct, fraud or conversion. Subject to the foregoing, any debts, liabilities or obligations incurred by the Receiver in the course of this receivership, including the operation or management of the Assets, whether in the name of the Receiver, the Property Assets, or the receivership estate, shall be the debt, liability, and obligation of the receivership estate only and not of the Receiver or any employee or agent thereof personally. All who are acting, or have acted,

on behalf of the Receiver at the request of the Receiver, are protected and privileged with the same protections of this Court as the Receiver enjoys.

16. By this Order, the Receiver is hereby authorized and empowered to (a) execute and deliver any of the documents necessary or helpful to the performance of its activities provided for herein with respect to the Assets; (b) sign the name of LLLP on any such documents; (c) sign each of LLLP name on any invoices, or notices to account debtors, or contracts necessary or helpful to the performance of its activities provided for herein; (d) endorse LLLP's name with respect to any Asset that may come into the possession or control of the Receiver; (e) make, settle, and adjust all claims under each of the LLLP's policies of insurance, to make all determinations and decisions with respect to such policies of insurance and to notify any and all insurers under any such policies of insurance that any proceeds paid thereunder shall be paid to the Receiver until such time as such insurance carriers are advised to the contrary by this Court or until such insurance carriers receive a certificate issued by the Clerk of this Court evidencing a dismissal of this action; and (f) settle and adjust disputes and claims respecting the Assets, for amounts and upon terms that the Receiver determines to be reasonable, and the Receiver may cause to be executed and delivered any documents and releases that the Receiver determines to be necessary.  The authority of the Receiver to act hereunder shall extend until the Receiver is duly discharged by this Court.

17. The Receiver is authorized to incur the risks and obligations ordinarily incurred by owners, managers and operators of similar businesses and enterprises, and no such risk or obligation so incurred shall be the personal risk or obligation of the Receiver, but rather a risk or obligation of LLLP.

18. LLLP shall give notice of the appointment of the Receiver by providing a copy of this Order to all parties to this litigation.  The Receiver shall provide written notice of the action to any persons in possession of the Assets otherwise affected by this Order.

19. Court approval of any motion or requests for authorization filed by the Receiver, shall be given as a matter of course, unless any party objects to the request for Court approval within ten (10) business days after the service by the Receiver of written notice of such request upon anyone entering an appearance in this action or who is known to have an interest in the Receivership Assets affected by the Receiver's motion or request for authorization. Service of motions by facsimile and electronic transmission is acceptable.

20. In the event that a cure of any foreclosure of any real property that is subject to this Receivership is tendered, or a foreclosure sale of any real property is held and the real property is redeemed, the redemption or cure amount shall include costs of this receivership, including, without limitation, all Receiver's fees, expenses of preserving and protecting the real property, and reasonable attorneys' fees, all funds advanced to the Receiver for the purposes permitted hereby, plus all other expenses incurred by the Receiver in the care and maintenance of the real property, including the payment of taxes, insurance, utility costs and such other expenses as are necessary.

21. The Receiver shall continue in possession of any Receivership real property during the period of redemption after the foreclosure sale, and during such further period as the Court may order.  At any time following the issuance of Public Trustees' Deeds with respect to the real property, the Receiver may (or upon issuance of a Court Order, shall) surrender possession of the real property to the grantee of such Public Trustees' Deeds and make suitable arrangements with such grantee for the delivery of leases, contracts, and other documents related to the real property and the assumption by such grantee of obligations under such leases, contracts and documents.

22. In the event there are insufficient funds to repay any receivership expenses as contemplated, above, the Receiver shall have a lien encumbering the Property having a priority immediately senior to that of any Deed of Trust and (equal – if the lien of Receiver's Certificates

14

have a lien senior to the Deed of Trust) to those of any Receiver's Certificates issued pursuant to paragraph four above.  The Receiver is hereby authorized to execute and record in the Clerk and Recorder's Office for any county in which the real property is located Certificates of Lien putting third-parties on notice of such liens.  Any such lien may be released of record by a Certificate of Release of Lien executed by the Receiver and recorded in the county where such Certificate of Lien was previously recorded.  The Receiver shall be entitled to all costs and expenses associated with enforcing such lien and such amount shall be secured by such lien.

23. Except as may be expressly authorized by the Receiver or by application to this Court, no person may buy, sell, or otherwise transfer any Assets in the control of the Receiver.

24. Sheriff's assistance to enforce the terms of this Order in the form of peacekeeping duties is hereby authorized.

25. All real and personal property lessors to LLLP are hereby enjoined, for a period not to exceed thirty days from entry of this Order, from seizing, or preventing the Receiver from taking possession of, the Assets, or any portion thereof.  Delivery of a copy of this Order on any such lessor shall serve as formal notice of this Order and the lessor's obligations under this paragraph.

26. All persons, including materialmen and vendors, lessors, management companies, creditors, banks, investors, or others, with actual notice of this Order, are enjoined from in any way disturbing the Assets or Receivership proceeds and from prosecuting any actions or proceedings which involve the Receiver or which affect the property of LLLP, to the extent that the same would interfere or disturb these receivership proceedings, without the permission of this Court, specifically including any proceedings initiated pursuant to the United States Bankruptcy Code.  Any such actions in violation of the preceding statements in this paragraph 26 shall be null and void.

27. The Receiver shall serve any request for relief or approval of any action required by this Order on the parties to this litigation, their counsel, and any other party filing an entry of appearance in this proceeding.  The Court may grant any such relief requested by the Receiver, without any further notice of hearing, unless an objection to the requested relief is filed with the Court and served on the Receiver, his counsel, if any, and counsel for the parties to this litigation within twenty days after filing and service of the Receiver's request.  In the event of any objection to any Receiver's proposed action requiring the Court approval hereunder, then the Court shall promptly hold a hearing on such objection upon at least three (3) days' prior written notice to all objecting parties.

28. The Receiver's Bond and the Oath of Receiver may be filed by facsimile transmission or other electronic means and this Order shall become effective upon the Court's receipt of such facsimile transmission or other electronic transmission provided, however, that the Receiver replace the facsimiles with originals within seven days of filing.

29. The Receiver may from time to time request that the Court enter additional orders to supplement, clarify or amend this Order.

30. Any notice required hereunder shall be deemed served on the date it is deposited in the United States mail, first class postage pre-paid, to counsel of record for any party, or directly to any party not represented by counsel, and any computation of time for purposes of this Order shall be governed by the provisions of the Federal Rules of Civil Procedure.

31. In the event that a bankruptcy case is filed by LLLP during the pendency of this Receivership, the parties to this litigation must give notice of same to this Court, to all parties, and to the Receiver, within 24 hours of the party's receipt of notice of the bankruptcy filing.  Upon receipt of notice that a bankruptcy has been filed which includes as part of the bankruptcy estate any Assets which is the subject of this Order, the Receiver shall do the following:

a. The Receiver shall immediately contact the parties to this litigation, and determine whether the parties to this litigation intend to move in the Bankruptcy Court for an order for relief from the Receiver's obligation to turn over the property (11 U.S.C. Section 543).

b. If the parties to this litigation indicate no intention to make such a motion, then the Receiver shall immediately turn over the property of LLLP to either the trustee in bankruptcy, if one has been appointed, or if not, then to the debtor in possession, and otherwise comply with U.S.C. Section 543.

c. If the parties to this litigation express an intention to immediately seek relief from the Receiver's obligation to turn over the Property, then the Receiver is authorized to remain in possession and preserve the property pending the outcome of such motion (11 U.S.C. Section 543(a)).  The Receiver's authority to preserve the Property is limited as follows:  The Receiver may continue to collect the Property and the proceeds thereof.  The Receiver may make disbursement, but only those, which are necessary to preserve and protect the Property.  The Receiver shall not execute any new leases or other long –term contracts.  The Receiver shall do nothing that would affect a material change in circumstances of the Property.

d. Notwithstanding the above, if the parties to this litigation fail to file a motion within 10 court days after their receipt of notice of the bankruptcy filing, then the Receiver shall immediately turn over the property of NTMI either to the trustee in bankruptcy if one has been appointed or, if not, to the debtor in the possession, and otherwise comply with 11 U.S.C. Section 543.

e. The Receiver is authorized to retain legal counsel to assist the Receiver with the bankruptcy proceedings.

32. The Receiver shall continue in possession of the Assets and the Receivership Estate until discharged by the Court.  The Receiver shall endeavor to wind up the Receivership

expeditiously in cooperation with the parties to this litigation or otherwise at the direction of the Court.  If no objections to the final report and motion for discharge have been delivered to the Court, the Receiver, and other parties having entered their appearance in this proceeding, by first class mail to such address as is reflected in the Court records within fifteen (15) days after the final report and motion for discharge are filed with the Court, the final report will be accepted by the Court, and the Court will enter an order terminating the Receivership and discharging the Receiver. The Receiver's bond shall be dismissed following the approval of the final report and entry of the discharge order.

Dated this _____ day of_____, 2020.

BY THE COURT:

_____
United States District Court Judge

## **CERTIFICATION OF SERVICE**

This is to certify that on May 29, 2020, a true and correct copy of the above and foregoing **[PROPOSED] ORDER APPOINTING RECEIVER** has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

_/s/ Brian P. Stewart_
For Ardent Law Group, P.C.