IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
              Plaintiffs,

              v.                            Hon. Raymond P. Moore

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I, and
Peter Knobel,
              Defendants.

---

### Plaintiffs' Motion for Forthwith Hearing RE Motion for Appointment of Receiver

---

Plaintiffs Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou, Xun Zhu, Chunyi Zou (collectively "EB-5 Investors" or "Cui Plaintiffs"), by and through their undersigned counsel, respectfully submit this Motion for Forthwith Hearing Re: Plaintiffs' Request for E*x Parte* Appointment of a Receiver over certain Receivership Property, stating as follows:

CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCivR 7.1 (a)

The Defendants have expressly waived notice of an ex parte application for appointment of a receiver in the Deeds of Trust, upon the occurrence of events of default. Nevertheless, undersigned counsel has conferred with counsel for all of the defendants regarding the subject matter of this motion. The Defendants have indicated that they intend to oppose this motion.

CERTIFICATE OF COMPLIANCE WITH THE COURT'S PRACTICE STANDARD (Civil) IV.I.

Undersigned counsel has conferred with defense counsel, as stated above, and the Defendants oppose this request to hold a forthwith hearing on Cui Plaintiffs' Motion for Appointment of Receiver. Upon filing this Motion, undersigned counsel's office will advise Chambers of the filing, pursuant to the Court's Practice Standard (Civil) IV.I.1

## BACKGROUND

165 Chinese investors collectively invested $82.5 million into a Colorado limited partnership, Colorado Regional Center Project Solaris LLLP ("LLLP") that Waveland Ventures, LLC and Partner of Colorado Regional Center ("CRC") created. CRC's subsidiary, Colorado Regional Center I, LLC ("GP") would be the general partner of the LLLP and received a 1% of partnership interest. The LLLP would then lend the EB-5 Investors' money to SPO. In exchange, SPO was supposed to pay an annual 5% interest to the LLLP. The loan between the LLLP and SPO (the "Loan") was supposed to be 100% collateralized and the interest on the Loan guaranteed by SPO's principal, Peter Knobbel. The Loan was due within 5 years from the date of the advancement. (Verified Third Amended Complaint ECF #190 ["VTAC"] ¶ 4).

In 2012, Defendant Solaris Property Owner LLC ("SPO") borrowed $82,500,000.00 from Colorado Regional Center Project Solaris LLLP ("LLLP") (the "Loan"). As more fully described below, SPO secured their promise to repay such Loan by, among other things, granting LLLP first priority Deeds of Trust secured by 19 Condominium Units in the Residences at

Solaris – Vail ("Solaris") [the "Collateral"] VTAC ¶ 5; ECF #190). SPO later assigned its rights to under the terms of the Loan to Defendant Solaris Property Owner LLC I ("SPOI"). [VTAC ¶ 15; ECF #190]. SPOI made advances on the loan over time, the first advance occurring on April 18, 2012 through the final advance on Janaury 30, 2015. SPOI has failed to repay the Loan on any of the maturyty dates and instead claimed that it was excercising its rights under the terms of the Loan to convey title to the Condominium Units to LLLP in lieu of repaying the loan. [VTAC ¶ 16; ECF #190]. The representations that the units would be transferred to the LLLP were made on February 25, 2016; October 27, 2016; June 19, 2017, December 26, 2017; July 18, 2018; and May 30, 2018 [Verified Complaint ¶ 128; ECF # 190].

SPOI has failed to either repay the loan or convey title to the Collateral to LLLP and is therefore in default under the of the Loan Documents and the Plaintiffs seek the appointment of a receiver to protect and preserve the Collateral during the pendency of this litigation. Furthermore, the GP has continuously failed and refused to represent the interests of the limited partners, to the point where such failure resulted in a vote of the limited partners to remove the GP as general partner of LLLP [ECF # 183].

The Cui Plaintiffs seek the appointment of a receiver pursuant to the terms of the parties' loan agreements and F.R.C.P. 66 in order to protect and preserve the real property which was given as security for repayment of the loan. As more fully described in the Deeds of Trust ( a copy of one of the Deeds of Trust is attached to the Declaration of Brian P. Stewart ["BPS Dec"] as Exhibit "A")[1], the LLLP is genreally granted a security interest and lien on the following assets of SPOI: Unit 2A South; Penthouse E West; Unit 6E East; Penthouse E East, Unit 5E

---

[1]. All of the Deeds of Trust recorded against each unit is identical.

West, Unit 4G West, Unit 7E West, Penthouse C East, Unit 6D East, Unit 5C West, Unit 6C West, Unit 5G West, Unit 3 E East, unit 7E East, Unit 4D East, Penthouse G West, Penthouse C West,[2] (a true and correct copy of the Promissory Note is attached to the BPS Dec as Exhibit 2, See Exhibit A to the Promissory Note, for a list of the Condominium Units securing the loan [the "Collateral"]).

In the last year, the GP has, without the consent of the limited partners and in violation of Section 9.05 of the Limited Partnership Agreement, transferred title to units 6E West and 3C East to small groups of limited partners, in violation of the Limited Partnership Agreement (see Limited Partnership Agreement Section 9.05; Exhibit "B" to BPS Dec) which provides that the limited partners may only receive cash distributions.  These units were transferred for nominal consideration of $10.00 for each unit [BPS Dec ¶'s 6 & 7; Exhibits "C" & "D" to the BPS Dec]. Under any valuation of the properties provided by SPOI and the GP these were improper preferential transfers.

The GP has also recently sold Unit 6C West without the consent of the limited partners for $2,800,000 [BPS Dec ¶ 8; Exhibit "E" to the BPS Dec].  The amount advanced against Unit 6C West was originally $3,500,000 [BPS Dec ¶ 9; Exhibit "F" to the BPS Dec].    The Cui Plaintiffs' are informed and believe that the GP used the proceeds of the sale of 6C West to pay management fees and its attorneys fees [BPS Dec ¶ 10].  The Limited Partnership Agreement states at Article V Section 5.01 that management fees and costs of the operation may only be made from "Available Cash Flow" and that under no circumstances shall they be deducted from the Limited Partners Capital Contributions.  When asked how the proceeds of the sale would be

---

[2]. The GP removed Unit 6E West (2-12-19); Unit 3C East (7-12-2019); and Unit 6C West (3-6-2020) from the collateral.

4

applied Roger Hauiptman indicated thtat they would be used "….to fund necessary expenses to effectuate the transfer the remaining collateral units from SPO to CRCPS, including closing costs, HOA payments etc… accrued and unpaid liabilities of the partnership and to establish adequate reserves for working capital."  During a telephone call with counsel for the GP it was also suggested that tranfering the collateral would result in transfer taxes of over $2 million that the LLLP would be responsible for.  Section 5.01 of the Limited Partenrship Agreement provides that no such payments may come fomr the Limited Parteners Cash Contributions.  Therefore, only sale proceeds that result in a profit over and above the amount of the loan advanced against each individual unit may be applied to pay management fees or costs.   Because 1) the loan has not been repaid; 2) title to the collateral has not been transferred to the LLLP; and 3) the GP has engaged in improperly transfering title to Collateral to small groups of limited partners in preference over the the remaining limmited partners and has improperly applied sale proceeds to managment fees and costs, the Cui Plaintiffs request that the Court place the LLLP into receivership.

## ARGUMENT

An immediate and forthwith hearing is warranted under the circumstances described above for the following reasons.  Federal Rules of Civil Procedure Rule 66 provides that the Court may appoint a receiver in accordance with the historical practice of the federal courts. There is no general requirement of hearing in Rule 66, and court may approve of appointment of receiver without hearing where record discloses sufficient facts to warrant it. *Citronelle-Mobile Gathering, Inc. v. Watkins,* 934 F.2d 1180, Unemployment Ins. Rep. (CCH) P16184, Unemployment Ins. Rep. (CCH) P16184A, 20 Fed. R. Serv. 3d (Callaghan) 284 (11th Cir. 1991).

  The Cui Plaintiffs have requested that the Court appoint a Receiver over the LLLP including all of the Collateral, which comprise the receivership property ("Receivership Property"), on an

Ex Parte basis as provided for in the Loan Documents [BPS Dec ¶ 4]. Each of the Deeds of Trust state on page 11 that:

> **Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the indebtedness. The receiver may serve without bond if permitted by law. Lender's right to appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver. **Receiver may be appointed by a court of competent jurisdiction upon ex parte application and without notice, notice being expressly waived.**

[BPS Dec ¶ 3 & 4].

While generally appointments of receivers are not made ex parte and without notice, federal courts of equity have jurisdiction to make such appointments upon proper showing. *Tennessee Pub. Co. v. Carpenter*, 100 F.2d 728 (6th Cir. 1938), cert. denied, 306 U.S. 659, 59 S. Ct. 775, 83 L. Ed. 1056 (1939).

Further, the covenants of the Deeds of Trust prohibit any further encumbrance of the Collateral and any sale or offer to sell the Collateral without LLLP's consent. SPOI breached the terms of the Loan Documents by failing repay the Loan by the Maturity Datesas shown on Exhibit A to the Promissory Note [BPS Dec ¶ 10] and/or by failing to transfer title to the Collateral to LLLP. (the "Original Defaults"). As more fully described in the Cui Plaintiffs Motion for Appointment of Reciever the ongoing dispute between the limited partners and the GP require the appointment of a reciever to protect and preserve the collateral during the pendency of this litigation. The continuous and ongoing breaches of its fiduciary duties to the limited partenrs by the GP, have resulted in and will continue to result in irreparable harm to the limited partners unlless a reciever is appointed.

SPOI has been in default on the loan now for over 5 years, and has neither paid the debt nor transferred title to the Collateral to the LLLP. Additionally, the GP has aided and abetted SPOI by refusing numerous requests by the limited partners to accelerate the note and call the obligations due. Finally the limited partners have taken action pursuant to the terms of the Limited Partnership Agreement to remove the GP [ECF # 183]. SPOI expressly consented to the appointment of a receiver over the Collateral upon default on an *ex parte* basis without notice. [BPS Dec ¶ 3 & 4; each Deed of Trust at page 11 ("**Appoint Receiver ……** Receiver may be appointed by a court of competent jurisdiction upon ex parte application and without notice. notice being expressly waived."). In light of the ongoing issues related to the conflicts of interest of the GP and the defaults of SPOI, it would be in the best interests of all of the parties, and the court to have an unbiased third party administered by the Court handling the assets of LLLP during the pendency of this action.

WHEREFORE, the Cui Plaintiffs request that this Court enter an order for a forthwith hearing of their Ex Parte Application for Aoppiontment of Receiver pursuant to F.R.C.P. 66 and LLLP's Loan Documents.

Dated: June 1, 2020

/s/ Brian P. Stewart
Hubert Kuo
Brian P. Stewart
**Ardent Law Group**
4340 Von Karman Ave.,
Suite 290
Newport Beach, California 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127
bstewart@ardentlawgroup.com
Plaintiffs, Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou, Xun Zhu, Chunyi Zou in the consolidated case

7

...

## CERTIFICATE OF SERVICE

This is to certify that on June 1, 2020, a true and correct copy of the above and foregoing **Plaintiffs' Motion for Forthwith Hearing RE Ex Parte Application for Appointment of Receiver (On Ex Parte Basis Without Bond As Permitted by the Loan Documents)** has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Brian P. Stewart*
For Ardent Law Group, P.C.