# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  1:19-cv-02443-RM-STV;
Consolidated with Civil Action No. 1:19-cv-02637

Li, *et al*.,

      Plaintiffs,

v.

Waveland Ventures, LLC, *et al*.,

      Defendants.

---

## DEFENDANT COLORADO REGIONAL CENTER I, LLC'S RESPONSE IN OPPOSITION TO CUI PLAINTIFFS' MOTION FOR FORTHWITH HEARING RE MOTION FOR APPOINTMENT OF RECEIVER [ECF 212]

---

Defendant Colorado Regional Center I, LLC's ("CRC I"), submits its Response in Opposition to Cui Plaintiffs' Motion for Forthwith Hearing Re Motion for Appointment of Receiver [ECF 212], stating as follows:

### INTRODUCTION

On May 29, 2020, the Cui Plaintiffs filed a motion seeking the appointment of a receiver to "protect and preserve" certain partnership property. [ECF 211]. On June 1, 2020, the Cui Plaintiffs filed a separate motion contending that an immediate and forthwith hearing to address this issue is warranted under the circumstances. [ECF 212].

CRC I contends that the Cui Plaintiffs' motion for appointment of receiver should be denied, but because that motion raises a number of factual and legal issues that require a

developed analysis, CRC I intends to separately respond to that motion. In the meantime, and because the Cui Plaintiffs have moved for a forthwith hearing on this matter, CRC I hereby contends that the Cui Plaintiffs' request for forthwith determination of its motion to appoint a receiver should be denied.

There are many important and substantive motions currently pending, including the CRC Entities' motion to dismiss [ECF 203], the Li Plaintiff's motion to dismiss the CRC Entities' counterclaim that seeks declaratory relief on the purported removal of CRC I as the general partner of CRCPS, the Li Plaintiffs' motion for mandatory injunction [ECF 165] and the Li Plaintiffs' second motion to disqualify counsel [ECF 198]. From CRC I's perspective, the Court should have the opportunity to review all of these motions at a reasonable pace and with the benefit of full analysis from all parties.

The Cui Plaintiffs appear concerned that before the Court has an opportunity to rule on their motion for appointment of receiver, CRC I intends to immediately sell, convey or transfer the property identified in the motion for appointment of a receiver – the Solaris luxury apartment condominium units in Vail, Colorado.  That is not the case. To be clear, CRC I commits that it will not sell, transfer, pledge or affect the subject real property in any way until the Court has resolved the motions to dismiss (or the motion for appointment of receiver, depending on the sequence of the Court's rulings). This proposal should allay any concerns about preservation and protection of the limited partnership property, while giving the Court the benefit of full briefing on all relevant issues.

## ARGUMENT

In their motion, the Cui Plaintiffs accuse CRC I of conveying certain of the condominium units "without the consent of the limited partners" and in violation of the CRCPS Limited Liability Limited Partnership Agreement. [ECF 212]. The Cui Plaintiffs also continue to insist that CRC I has not protected the interests of CRCPS by declaring a loan default, simply ignoring the fact that CRC I cannot pretend that a default in fact has occurred. [ECF 212]. The Cui Plaintiffs description of the facts is completely incorrect and unsupported, and their legal arguments are wrong. Again, CRC I will separately address the substance and merits of the Cui Plaintiffs' motion for an appointment of a receiver in response to that motion. [ECF 211].

The Cui Plaintiffs raise two arguments in support of the request for emergency and forthwith determination of their motion. First, they claim that an emergency determination is needed to protect the subject property.  CRC I has directly addressed this stated concern with its above proposal. Second, the Cui Plaintiffs claim that CRC I intends to use proceeds from the prospective sale of these condominium units to pay CRC I management fees and attorney fees. Again, CRC I's proposal directly addresses this stated concern.

Moreover, the repeated arguments by all Plaintiffs that CRC I is somehow churning management fees, or that it is not selling the condominium units fast enough in order to continue taking management fees is completely fictional. Plaintiffs have never supported such accusations with facts because the accusations are completely untrue. In fact, for nine months now, both sets of Plaintiffs have done everything possible to prevent and inhibit the sale of condominium units, all the while demanding preferential treatment for themselves to the detriment of the full set of limited partners. In addition, as a matter of fact, the manager of CRCPS, Colorado Regional

4845-9087-7118

Center ("CRC"), has *deferred* almost $4 million in management fees over a period of many years at this point. *See* **Exhibit A**, Declaration of Rick Hayes, ¶ 19-21.  The management fees owed to CRC, would ordinarily be paid out of available cash flow prior to, and have priority over, distributions to the limited partners.  *See id*. at ¶ 20.  But CRC has voluntarily deferred almost $4 million that it is contractually owed on account of these management fees in an effort to preserve CRCPS' overall cash flow.  *See id*. at ¶ 19-21.  The Cui Plaintiffs' suggestion that any funds have been misappropriated is entirely baseless, and notably is again completely unsupported. *See id*. at ¶ 19-21.

Plaintiffs have also repeatedly accused CRC I and its counsel of "stealing" money from the limited partners to pay the CRC Entities attorneys' fees.  Again, this is entirely untrue.  In fact, setting aside the undeniable fact that CRC I is entitled to indemnification under the CRCPS Limited Liability Partnership Agreement, undersigned counsel has now four times advised both sets of Plaintiffs' attorneys that the CRC Entities defense is covered by officer and director insurance policy. *See id*. at ¶¶ 23-26.  Counsel for Plaintiffs deny this fact, again, without providing any support for their false assertions. [ECF 212, page 4]; *see also* **Exhibit B**, Declaration of James D. Kilroy.

In sum, CRC I fully intends to substantively respond to the Cui Plaintiffs' motion for appointment of a receiver. [ECF 211]. But there is no need for a forthwith and immediate determination by the Court of the Cui Plaintiffs' motion for appointment of receiver (filed after the Cui Plaintiffs, like the Li Plaintiffs, have amended their complaint four times over a nine month period). The Court, of course, can and will rule on pending motions in the sequence and manner it deems appropriate, and there is no basis for the Cui Plaintiffs to insist that their motion

for appointment of receiver should be decided before the Court rules on dispositive or any other pending motions.

## CONCLUSION

For the foregoing reasons, the Cui Plaintiffs' motion for a forthwith hearing [ECF 212] should be denied.

Dated:  June 4, 2020

*/ James D. Kilroy*

James D. Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email:  jkilroy@swlaw.com
Email:  skanan@swlaw.com

***Counsel for Defendants Colorado Regional Center I, LLC, Colorado Regional Center LLC and Waveland Ventures, LLC***

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on June 4, 2020, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

*/s/Amy Kovarsky*
for Snell & Wilmer L.L.P.

4845-9087-7118