IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.

        Plaintiffs,

        v.

        Hon. Judge Moore
        Hon. Magistrate Varholak

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.

        Defendants.

---

**NOTICE:**

**ONE HUNDRED AND ELEVEN (111) LIMITED PARTNERS DEMAND REPAYMENT FROM SOLARIS PROPERTY OWNER I LLC AND PETER KNOBEL**

---

The Li Plaintiffs hereby inform the Court as follows:

1. One Hundred and Eleven (111) limited partners of Colorado Solaris Regional Center Project Solaris LLLP ("CRCPS") have now signed a Proxy and Written Consent to Remove the General Partner (the "Proxies").

2. 106 Proxies were already filed with this Court as exhibits to ECF 183. The 5 newly received Proxies - **and a list of 111 English names** - are attached as Exhibit 1.

3. The Proxies represent 73% of the 152 limited partners. More Proxies are likely since some limited partners were unreachable. Not a single proxy was returned in favor of keeping the General Partner. Every single Proxy demanded that the GP call the loan made by CRCPS to the borrower Solaris Property Owner I LLC ("SPO1").

4. The Proxies were given in favor of Yiwen "Vicki" Chen of Illinois as proxyholder.

5. Section 13.01(4) of the Limited Partnership Agreement says that removal of the GP creates a *dissolution* of the partnership. Per Section 13.03, *dissolution* triggers a *winding up* where a majority of limited partners can instruct "any other party" to act as a "Liquidator" to collect and distribute the partnership assets (such "Liquidator" can be Ms. Chen, her assignee, a receiver, or a substitute general partner):

> Section 13.03. Winding Up. Upon dissolution of the Limited Partnership for any reason, the General Partner, or any other party (the "Liquidator") designated by vote or written consent of Limited Partners owning Interests constitution in the aggregate a majority of the Interests of all Limited Partners, if required, shall commence to wind up the affairs of the Limited Partnership and to liquidate its assets.

6. This empowered Ms. Chen to fulfill the demands of the limited partners and send a 10-day notice of default to SPO1 dated May 18, 2020. See Exhibit 2.

7. SPO1 responded on May 28, 2020, through counsel, claiming that Ms. Chen lacked authority to call the loan. SPO1 ignored the Section cited above and refused to pay their 5-year loan in its 8th year. SPO1's letter is attached as Exhibit 3.

8. By letter dated June 1, 2020, proxyholder Yiwen Chen sent to SPO1 a letter of acceleration and demand for immediate payment of the loan. See Exhibit 4.

9. The limited partners are the actual owners of CRCPS whose $82.5 million was lent to SPO1 in cash. The limited partners don't need a GP to call the loan: they can remove the GP and do it themselves per Section 13.03 cited above.

10. The loan having been called, the Li Plaintiffs inform this Court that the failure of SPO1 and Knobel to repay the loan is willful, contumacious, and in bad faith.

Dated: June 7, 2020

Respectfully Submitted,

/s/ Douglas Litowitz

3

        413 Locust Place  
        Deerfield, IL 60015  
        312-622-2848  
        Litowitz@gmail.com

Certificate of Service:  This document was filed on the ECF system for the District of Colorado on June 7, 2020 and thereby sent to all counsels of record.