# DOUGLAS LITOWITZ
Attorney-at-Law
413 Locust Place   Deerfield, IL 60015
312-622-2848   Litowitz@gmail.com   WeChat: ChicagoD

May 18, 2020

**By Email Attachment to Counsels**

Attn: Roger Hauptman
Registered Agent
Colorado Regional Center I LLC
280 Detroit Street, Denver, CO 80206

Solaris Property Owner I
141 East Meadow Drive
Vail, Colorado 80237

    Re: Notice of Default to Solaris Property Owner I (borrower) by Colorado Regional Center Project Solaris LLLP (lender)

Dear Messrs. Gee and Hauptman,

As you know, my name is Yiwen Chen, proxy for more than two-thirds (66%) of the limited partners in Colorado Regional Center Project Solaris LLLP (the "LP"). The limited partners of the LP removed the former general partner Colorado Regional Center I LLC ("CRC1") and have authority to take action to wind up the LP and collect its assets. In the LP's tax returns and financial statements for the year 2018 (filed in 2019) they claim that the LP's only significant asset was a note receivable from Solaris Property Owner I LLC ("SPO") in the principal amount of $82.5 million (now $78.5 million) for the loan that it made to SPO, and further that they had never received from SPO a single shred of real property (the collateral) in prepayment of the loan.

Reference is made to Loan Agreement dated November 5, 2010 between the LP as lender and SPO as borrower. Section 17 of the Loan Agreement specifies that the LP must give ten (10) day notice of an event of default in failure to repay the loan, and such notice can be given by email.

Reference is made to the secret Agreement Regarding Collateral Units dated April 17, 2015 between LP and SPO. Section 1 says that for purposes of calculating the interest payable by SPO, a transfer of collateral in lieu of payment at maturity shall be temporarily deemed to have occurred for this limited purpose, but the lender (LP) can still provide Borrower with a notice of default pursuant to the above mentioned Section 17 of the Loan Agreement. In reality, despite the charade of property being temporarily "deemed" returned, there was no actual - real - return of property by special warranty deed as required by the loan documents. This means that SPO is currently in default of payment of money, triggering a default under the Loan Agreement.

**By this letter, the LP gives notice that SPO is in default under the Loan Agreement for all remaining principal and interest corresponding to the remaining collateral units held by SPO, which is believed to be principal of $78.5 million plus default interest at 14%. The LP demands an accounting and cash payment from SPO in the next ten (10) days.**

/s/ Yiwen Chen
Assistant to Attorney Litowitz