

**Haddon, Morgan and Foreman,** P.C.
**Ty Gee**

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364  FX 303.832.2628
www.hmflaw.com
tgee@hmflaw.com

May 28, 2020

Yiwen Chen
413 Locust Place
Deerfield, IL 60015
*Via* U.S. Mail and litowitz@gmail.com

Re: *Response to Notice of Default to Solaris Property Owner I by Colorado Regional Center Project Solaris LLLP*

Dear Ms. Chen:

I have your letter dated May 18 in which you purport to be acting via proxy on behalf of "more than two-thirds (66%) of the limited partners" in CRCPS. The letter purports to give my client Solaris Property Owner I notice of default.

Your letter raises many questions, chief among them whether it is a valid notice of default. It is of course quite important who at CRCPS has authority to speak for it, and who has authority to make demands and give notices on behalf of it. Please provide us with this information so that we can evaluate the letter and notice.

1. You say you are proxy for more than two-thirds of the limited partners; yet the letterhead and its argumentative text suggest your husband Douglas Litowitz, counsel of record in *Li v. Waveland Ventures,* No. 19-cv-2443-RM-STV (D. Colo.), is the author and proxy, and the signature block (with no signature) suggests you are not acting as proxy for the more than two-thirds of the limited partners but as "Assistant to Attorney Litowitz." Please verify your role and authority in a signed letter.

2. Mr. Litowitz filed in *Li* a "Status Report on Removal of General Partner" (Doc.183) attaching various purported signatures of limited partners. Many of the signatures were "signed" in hanzi and not notarized; therefore it is impossible for SPO I to determine which limited partners have given their proxy to you, let alone whether "more than two-thirds"

Yiwen Chen
May 28, 2020
Page 2

    have done so. That Mr. Litowitz has not withdrawn the *Li* plaintiffs' claim requesting removal of CRC I as the general partner (Doc.121 ¶¶ 212-217) suggests you have *not* removed CRC I as general partner and therefore you have no authority to act for CRCPS. Please provide notarized signatures of at least 66 percent of the limited partners. Please ensure that the notarization is in English so that we can verify that at least 66 percent of the limited partners have given their proxies to you in accordance with the partnership agreement's requirement for removal of the general partner.

3. I note that even if *you* believe you have removed CRC I as general partner, CRC I disagrees. CRC I asserts that your grounds for its removal were and are meritless, and suggests it remains the sole general partner, i.e., the only entity that has authority to speak for CRCPS and to make demands and give notices on its behalf. Doc.204 ¶¶ 48-63. CRC I has requested the Court decide whether it properly has been removed as general partner. In the face of this uncertainty over whether you have any authority to act on behalf of CRCPS, your "Notice of Default" is not well taken. Under the circumstances please state all the reasons you believe you have authority to act on behalf of CRCPS and provide documentation to that effect.

4. Even assuming *arguendo* you successfully have removed CRC I as general partner, you have presented us with no consent action stating that you and the limited partners through you have been selected to serve as the general partner. We assume the selection of a general partner under the partnership agreement requires an open process through which the limited partners consider a range of candidates for general partner as opposed to your and Mr. Litowitz's simply unilaterally selecting yourselves as husband and wife to serve as general partner. That raises a host of conflict of interest problems that further puts in doubt the validity of your purported "Notice of Default." Please confirm that you and the various limited partners have been selected as general partner(s), making sure to identify clearly the limited partners, since under the Colorado Limited Partnership Act they (and you) will become liable for their activities as general partners.

Yiwen Chen
May 28, 2020
Page 3


Very truly yours,

Ty Gee