**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-02443-RM-STV
      Consolidated with 19-cv-2637-RM-STV

**Derivatively:**
Hsin-Yi Wu, and Qi Qin,
in their capacity as limited partners of
Colorado Regional Center Project Solaris LLLP,

      Plaintiffs

v.

Colorado Regional Center Project Solaris LLLP,

      Nominal Defendant,
and

**Directly:**
Hsin-Yi Wu, Jun Li, Qi Qin, Yi Liu, Jie Yang, Yuquan Ni,
Zhongzao Shi, Fang Sheng, Shunli Shao, Kaiyuan Wu,
Zhijian Wu, Zhongwei Li, Sa Wu, Fan Zhang, Lin Qiao,
Jinge Hu, Rujun Liu, Ying Xu, Lu Li, Cao Xiaolong,
and Yuwei Dong,

      Plaintiffs,

v.

Colorado Regional Center LLC,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I LLC,
Peter Knobel, and
Colorado Regional Center Project Solaris LLLP, and
all principals and ultimate owners of business entities pursuant to
piercing of the limited liability veil,

      Defendants.

---

**ORDER**

---

This matter is before the Court on the Li Plaintiffs' Motion for Mandatory Injunction ("Motion") (ECF No. 165) requesting this Court to (1) force Defendant Colorado Regional Center Project Solaris LLLP ("CRCPS") to call the loan at issue in this case and repay investors; and (2) enjoin CRCPS' plan to distribute collateral in kind to limited partners. Li Plaintiffs are among many of the investors in and limited partners of CRCPS. Defendant Colorado Regional Center I, LLC (CRC I), the general partner of CRCPS, filed a response in opposition; Li Plaintiffs filed a reply. The Motion is now fully briefed and the Court finds that no hearing is necessary in order to resolve the Motion.[1] Upon consideration of the Motion and the court record, and being otherwise fully advised, the Court finds and orders as follows.

## I.   BACKGROUND

The factual allegations of how the parties landed here are mainly undisputed but nonetheless lengthy.[2] But the Court finds sorting out each of the minute details is not required to resolve the Motion. It suffices to say that Li Plaintiffs are limited partners who (in combination with other limited partners) invested millions of dollars in Defendant CRCPS, who then loaned the money to Defendant Solaris Property Owner LLC ("SPO"), who then assigned the promissory note and related loan documents to Defendant Solaris Property Owner I LLC ("SPO I"). The money was used to develop Solaris Vail,[3] 19 condominiums units located in Vail, Colorado. The market for such units was – and is – allegedly far from hot. And, the limited

---

[1] Rule Fed. R. Civ. P. 65(a) does not expressly require an evidentiary hearing before a court rules on a motion for a preliminary injunction. *Northglenn Gunther Toody's, LLC v. HQ8-10410-10450 Melody Lane LLC*, 702 F. App'x 702, 705 (10th Cir. 2017) ("[N]either Fed. R. Civ. P. 65(a) nor this circuit's precedent require the district court to hold an evidentiary hearing or oral argument before deciding a motion for a preliminary injunction.") Instead, a court may deny an injunction based on the written evidence without a hearing, even if one is requested, where "receiving further evidence would be manifestly pointless." 11A Charles Alan Wright et al., Federal Practice and Procedure § 2949 (3d ed. 2020). *See also Carbajal v. Warner*, 561 F. App'x 759, 764 (10th Cir. 2014) (district court within discretion to decide whether to hold an evidentiary hearing); *Reynolds & Reynolds Co. v. Eaves*, 149 F.3d 1191, 1998 WL 339465, at *3 (10th Cir. June 10, 1998) (table) (same).
[2] It is mainly the propriety, and motivation, of Defendants' alleged actions which are in dispute.
[3] One or more filings also refer to the development as Solaris Residences.

partners want the allegedly defaulted loan repaid – with cash, not condo units. Thus, this lawsuit followed.

At issue now is Li Plaintiffs' Motion. As relevant here, Li Plaintiffs' operative complaint alleges seven derivative counts, including Count III, a derivative claim on behalf of CRCPS against SPO I for "Breach of Loan Agreement." (ECF No. 121, Li Plaintiffs' Third Amended Complaint.) In Count III, Li Plaintiffs allege, among other things, that "[i]t is in the best interests of CRCPS to bring suit against SPO1 for the full value of the Promissory Note, or to force conveyance of units and bring suit for the deficiency from the amount of principal that ought to be returned." (ECF No. 121, ¶ 163.) The question is whether the Motion should be granted.

## II.     LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy, the exception rather than the rule." *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 797 (10th Cir. 2019) (quotation marks and citation omitted). Before such relief may be had, Li Plaintiffs must establish: "'(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest.'" *Diné Citizens Against Ruining our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)). Because Li Plaintiffs seek a disfavored injunction,[4] they face "a heavier burden on the likelihood-of-success-on-the-merits and the balance-of-harms factors: [they] must make a 'strong showing' that these tilt in [their] favor." *Free the Nipple-Fort Collins*, 916 F.3d at 797.

---

[4] "Disfavored preliminary injunctions don't merely preserve the parties' relative positions pending trial. … Instead, a disfavored injunction may exhibit any of three characteristics: (1) it mandates action (rather than prohibiting it), (2) it changes the status quo, or (3) it grants all the relief that the moving party could expect from a trial win. *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 797 (10th Cir. 2019) (citations omitted). Here, the Motion seeks all three disfavored injunctions.

### III.   DISCUSSION

Plaintiffs contend they meet the standards for granting their requested relief. The Court examines the record to see if it is so.

### A.  Mootness

The Court begins by addressing an issue CRC I raises in a footnote.[5] In this footnote, CRC I asserts that if it has been properly removed as the general partner of CRCPS, then Li Plaintiffs' Motion may be moot. Arguments made in a perfunctory manner in a footnote are generally waived, *In re C.W. Min. Co.*, 740 F.3d 548, 564 (10th Cir. 2014), but because the issue is one of mootness the Court will consider it. *See Paper, Allied-Indus., Chem.& Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1290 n.2 (10th Cir. 2005) (court raised *sua sponte* issue of whether certain actions could moot any portion of lawsuit). In this case, although there is a lot of posturing and argument over the removal of CRC I, there has been no showing (or finding) to date that CRC I has been properly removed. (*See, e.g.,* ECF No. 204, p. 41 (Counterclaim for Declaratory Judgment regarding whether CRC I has authority to manage and direct CRCPS); No. 121, Third Amended Complaint (Count VII for removal of CRC I as general partner).) If it were otherwise, that CRC I is no longer the general partner, this Motion may be moot because it appears there would be no viable party against whom Li Plaintiffs can seek to have this Court compel to act. However, on this current record, the Court finds the Motion is not moot.

### B.  Likelihood of Success on the Merits

Li Plaintiffs must make a strong showing that they are substantially likely to succeed on the merits of one or more of their claims. Li Plaintiffs allege the "likelihood of success is nearly

---

[5] ECF No. 184, p. 2 n.1.

100%"[6] but fail to identify which claim or claims in their complaint they will likely succeed on the merits. CRC I raises this deficiency in its response and assumes Li Plaintiffs rely on Count III, the derivative claim for breach of contract. Li Plaintiffs' reply is still silent on this issue, but the Motion apparently relies on the breach of contract claim. Thus, the Court assumes that to be the case.

Li Plaintiffs' breach of contract claim is a derivative claim; therefore, as the Court advised the parties during the February 27, 2020 hearing, Li Plaintiffs must show compliance with Fed. R. Civ. P. 23.1. Rule 23.1 requires, for derivative actions, that the complaint "must be verified" "and" must:

> (1) allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law;
> (2) allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack; and
> (3) state with particularity:
>    (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and
>    (B) the reasons for not obtaining the action or not making the effort.

CRC I argues Li Plaintiffs did not do so. The Court agrees.

Attached to the Third Amended Complaint is a "Verification" which is notarized and docketed as an "affidavit." (ECF No. 121-8.) An "affidavit" is a "voluntary declaration of facts written down and sworn to by a declarant," Black's Law Dictionary 68 (10th ed. 2014), but the Verification is not sworn and therefore does not qualify as such. Nor does the Verification qualify as an unsworn declaration because it fails to contain the requisite statement. *See* 28 U.S.C. § 1746(2) (unsworn declaration executed within the United States must state, "in substantially the following form … 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)'.") Moreover,

---

[6] ECF No. 165, p. 4.

5

while the Verification lists the three requirements under Rule 23.1(b)(1)-(3) it does not verify the complaint itself. *See* 7C Mary Kay Kane, Federal Practice & Procedure § 1827 (3d ed. 2020) ("A standard form for verification is as follows: A.B., being first duly sworn, says that he is the plaintiff in the above entitled action, that he has read the foregoing complaint and knows the contents thereof, and that the same is true to his own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters he believes it to be true. This statement is signed by the pleader and notarized."). Accordingly, as Li Plaintiffs fail to show they have properly asserted a derivative claim, they cannot make a strong showing of substantial likelihood of success on the merits of Count III.

### C. Irreparable Injury

"The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." *DTC Energy Grp., Inc. v. Hirschfeld*, 912 F.3d 1263, 1270 (10th Cir. 2018) (quotation marks and citation omitted). "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d at 1182, 1189 (10th Cir. 2003) (quotation marks and citation omitted). "It is also well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages." *Id.* Thus, the moving party "must demonstrate a significant risk that he … will experience harm that cannot be compensated after the fact by money damages." *First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d at 1136, 1141 (10th Cir. 2017) (quotation marks and citation omitted). CRC I argues Li Plaintiffs fail to demonstrate irreparable harm due to their unexplained delay in seeking injunctive relief and the available remedy of a money judgment. Again, the Court agrees.

"[D]elay is but one factor in the irreparable harm analysis," *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1211 (10th Cir. 2009), and may serve to undercut a finding of irreparable harm. Here, Li Plaintiffs' own arguments show they have sought to have the loan called since July 2019 but – inexplicably – waited until February 2020 to file their Motion, about six months after they filed this lawsuit. Thus, this undercuts Li Plaintiffs' argument of irreparable harm.

But, even if the Court does not consider the delay, Li Plaintiffs' alleged irreparable harm is nonetheless unavailing because it consists of no more than money damages. Here, Li Plaintiffs assert they will suffer irreparable harm if CRCPS does not call the loan because they will receive a distribution in kind " that deprives the limited partners of an easy path to receive 100 cents on the dollar." (ECF No. 165, p. 4.) Instead of the "easy path," Li Plaintiffs would allegedly be forced to sell the "units at perhaps 50 cents on the dollar at most," and to sue the general partner and pierce its corporate veil to recover. (*Id.*) But, such assertions show the alleged harm can be compensated after the fact by money damages. And, indeed, Li Plaintiffs have already sued CRC I to pierce its veil. (ECF No. 121, Count VII,[7] pp. 53-54.) Accordingly, Li Plaintiffs fail to show irreparable harm.

### D. The Remaining Two Factors

Because Li Plaintiffs fail to establish a likelihood of success on the merits or irreparable harm, the Court need not examine the remaining two factors. *Diné Citizens*, 839 F.3d at 1285 ("We therefore affirm on this ground [failure to show substantial likelihood of success on the merits] and do not address the parties' arguments regarding the other three prerequisites for preliminary relief."); *First W. Capital Mgmt. Co.*, 874 F.3d at 1141 (recognizing that all four

---

[7] There are four counts labeled as Count VII.

elements must be met with limited exception inapplicable here); *Heideman*, 348 F.3d at 1188–89 ("it is the movant's burden to establish that each of these factors tips in his or her favor").[8]

### IV. CONCLUSION

Based on the foregoing, it is

**ORDERED** that the Li Plaintiffs' Motion for Mandatory Injunction (ECF No. 165) is DENIED; and it is

**FURTHER ORDERED** that an in-person hearing shall be held on **Monday, August 31, 2020 at 9:00 a.m.** at the Alfred A. Arraj Courthouse, Courtroom A601, Sixth Floor, 901 19th Street, Denver, Colorado. At that time, the Court will hear the following motions:

(1) Motion to Disqualify Snell & Wilmer LLP (ECF No. 198);

(2) Motion to Dismiss (ECF No. 203);

(3) Motion to Dismiss (ECF No. 208); and

(4) Motion to Appoint Receiver (ECF No. 221); and it is

**FURTHER ORDERED** that the Motion for Hearing/Conference (ECF No. 212) is DENIED AS MOOT.

DATED this 8th day of June, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[8] The Court would reach the same conclusions even if it did not apply the heightened burden in this case.