# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.

Plaintiffs,

v.

Hon. Judge Moore
Hon. Magistrate Varholak

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.

Defendants.

---

## LI PLAINTIFFS' MOTION FOR LEAVE TO AMEND VERIFICATION TO THIRD AMENDED COMPLAINT [ECF 121-8] OR ACCEPT NEW VERIFICATIONS *SUA SPONTE*

---

**STATEMENT OF CONFERRAL: PLAINTIFFS' COUNSEL HAS CONFERRED WITH OPPOSING COUNSEL AND THEY OPPOSE THIS MOTION.**

The Li Plaintiffs move alternatively (i) for leave per Fed. R. Civ. P. 15(a)(2) to amend the Third Amended Complaint [ECF 121-8] solely to substitute the three attached verifications, or (ii) to accept the attached verifications as affidavits in compliance with Rule 23.1.

By Order at ECF 218 pp. 5-6, this Court ruled that the Rule 23.1 verification filed as an exhibit to the Third Amended Complaint (the "Verification"; ECF 121-8) was invalid, thereby depriving the entire Li Complaint of its derivative character.

The Li Plaintiffs' Verification followed Rule 23.1 word-for-word and was notarized. But the Court said it wasn't "verified" because (i) the plaintiff didn't use the word "oath" so it wasn't "sworn" despite being notarized, and (ii) it described the complaint as "accurate" instead of the synonyms "true and correct."  The Court didn't cite any case law nor any statutes, but simply compared the Rule 23.1 verification in this case to a sample form in the updated Wright & Miller treatise on Federal Practice which contained the words "true and correct," and thereby found this Verification lacking, without giving credence to the author's admonishment that a Rule 23.1 verification can be "in a manner similar to that prescribed by the above-quoted form." 7C Mary Kay Kane, Federal Practice and Procedure §1827 (3d ed. 2020).  This Court has obviously fixated on a particular phraseology of a Rule 23.1 verification.  Fine.  Attached are three substitute verifications that follow the language this Court has fetishized.

The Federal Practice treatise cited by this Court says that the a Rule 23.1 verification falls within the liberal pleadings standards of the federal rules, and any error should be remedied by granting leave to amend or by allowing an affidavit of verification: "the liberal pleading standards of the federal rules indicate that dismissal should be with leave to replead or conditioned on a failure to cure the defect within a reasonable period of time."  7C Mary Kay Kane, Federal Practice and Procedure §1827 (3d ed. 2020).

Different courts have chosen one of these two paths. *In Re Extreme Networks Inc. Shareholder Derivative Litigation*, 575 F. Supp. 2d 1228, 1237-8 (N.D. Cal. 2008)(plaintiff granted leave to amend the complaint when verification became stale because it was signed by a person no longer a plaintiff); *McDonough v. Americom Int'l Corp.*, 151 F.R.D. 140, 143

(M.D. Fla. 1993)(holding that verification is a mere technical requirement so plaintiff could simply submit one within thirty days); *In re ORFA Securities Litigation*, 654 F. Supp. 1449, 1458 (D. N.J. 1987)(court gave derivative plaintiff ten days to file an "affidavit verifying the Complaint").

Here, the Li Plaintiffs did in fact submit a notarized verification, and it contained everything required to be listed in Rule 23.1, but wasn't "verified" in the manner demanded by the Court. This calls for a quick remedy by accepting the attached verifications as substitutes for the one filed with the Third Amended Complaint.

The Federal Rules must be construed to secure the just, speedy, and inexpensive determination of an action. Fed. R. Civ. P. 1. Pleadings must be construed liberally to do justice. Fed. R. Civ. P. 8(e). Motions for leave to amend are to be freely given when justice requires. Fed. R. Civ. P. 15(a)(2). And changes in verifications fall within the liberal pleading standards of the federal rules according to the very Federal Practice treatise on which this Court relies.

WHEREFORE, the Li Plaintiffs seek an order amending the Third Amended Complaint to substitute the attached verifications for ECF 121-8, or to accept such verifications *sua sponte* as affidavits of verification in compliance with Rule 23.1 and rendering the Third Amended Complaint sufficiently verified as a derivative complaint.

Dated: June 9, 2020                     Respectfully Submitted,
                                        /s/ Douglas Litowitz
                                        413 Locust Place
                                        Deerfield, IL 60015

312-622-2848; Litowitz@gmail.com

Certificate of Service:

This document was filed on the ECF system for the District of Colorado on June 9, 2020, and thereby sent to all counsels of record.