# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.

        Plaintiffs,

        v.

        Hon. Judge Moore
        Hon. Magistrate Varholak

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.

        Defendants.

## LI PLAINTIFFS' JOINDER IN CRC ENTITIES' DEMAND FOR DECLARATORY JUDGMENT AS TO WHETHER THE GENERAL PARTNER HAS BEEN REMOVED

The "CRC Entities" ask this Court for a 'speedy hearing' under Fed. R. Civ. P. 57 and the Declaratory Judgment Act, 28 U.S.C. §2201, to declare whether the general partner has been removed by the limited partners [ECF 204 p. 41]. The Li Plaintiffs are happy for the Court to decide this. The matter has already been thoroughly briefed, so there is no need for supplemental briefing, nor is oral argument requested by the Li Plaintiffs.

The Li Plaintiffs' position is set forth in ECF 183, 208, and 217.

The CRC Entities' position is set forth in ECF 204 and 219.

In summary, the dispute is as follows. The partnership agreement allows removal of the general partner for cause ("fraud") by a 2/3 vote of limited partners. The Li Plaintiffs

have collected 111 signed proxies and written consents (out of 152 limited partners) with a list of English names. Each proxy explains the fraud allegations (which are also set forth in the Third Amended Complaint). Each proxy demands that the general partner be removed and that the partnership's sole asset (a loan receivable) be called for payment. The partnership agreement does not require judicial approval for removal of the general partner. Presumably, if the drafters wanted to require judicial approval they would have said that "cause" means "fraud *as determined by a court of competent jurisdiction*" - but this commonplace language was omitted, and this omission must be construed in favor of the limited partners. The partnership agreement doesn't require notice, nor does it require that proxies be verified, notarized, or inspected, nor that a new general partner be elected. As explained in the proxies, the removal of the general partner triggers a dissolution and winding up, during which the limited partners can appoint a liquidator to collect and distribute the partnership asset (the overdue loan). The limited partners believe they have already removed the general partner and called the loan for repayment [ECF 217].

Conversely, the CRC Entities assert that there is a judicial approval requirement *sub rosa* implied in the limited partnership agreement. Thus even if the limited partners have a 2/3 majority, they are required first to go to court and hold an evidentiary hearing proving fraud before they can remove the general partner. The CRE Entities also believe that the removal of a sole general partner leaves the partnership impermissibly rudderless, apparently disbelieving that the partnership can dissolve and be wound up through a proxy, liquidator, or subsequently appointed general partner. The CRC Entities claim a right to know the content of the proxy solicitations (conducted mostly in Chinese), even though the limited partnership agreement does not require this. The CRE Entities don't believe the

2

general partner has been removed and refuse to call the loan and distribute the proceeds to the limited partners. CRCI - the general partner entity - is continually accruing fees from the limited partners, and they know that at least 73% of the limited partners (with more to come) want to get rid of them and call the loan, which CRCI refuses to do.

So the declaratory issue for this Court is whether the 111 proxies (out of 152 limited partners) are sufficient to remove the general partner.

The limited partnership agreement is attached as Exhibit 1. The Li Plaintiffs rely on Sections 9.06, 12.02, 13.01, and 13.03 of the agreement. The CRC Entities do not expressly rely on any provisions of the agreement, but instead assert that the words "cause" and "fraud" require an evidentiary hearing even though this is not stated in the agreement.

WHEREFORE, the Li Plaintiffs accept the CRC Entities' demand for this Court to issue a 'speedy' declaratory judgment as to whether the general partner has been effectively removed pursuant to the limited partnership agreement and applicable laws.

Dated: June 10, 2020　　　　　　　　　　　　Respectfully Submitted,
　　　　　　　　　　　　　　　　　　　　　　/s/ Douglas Litowitz
　　　　　　　　　　　　　　　　　　　　　　413 Locust Place
　　　　　　　　　　　　　　　　　　　　　　Deerfield, IL 60015
　　　　　　　　　　　　　　　　　　　　　　312-622-2848; Litowitz@gmail.com

Certificate of Service:
This document was filed on the ECF system for the District of Colorado on June 10, 2020, and thereby sent to all counsels of record.