**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.
        Plaintiffs,

        v.

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.
        Defendants.

Hon. Judge Moore
Hon. Magistrate Varholak

### Notice of Supplemental Authority re "Conveyance"

Pursuant to Civil Practice Standard IV.E.4, the Li Plaintiffs attach *Ford v. Summertree Land LLC*, 56 P.3d 1206, 1208 (Colo. App. 2002), defining "conveyance" as title transfer by **deed**:

> The General Assembly has provided that "[a]ny person . . . entitled to hold real estate, or any interest in real estate whatever, shall be authorized to convey the same to another . . . by deed." [Colo. Rev. Stat. 38-20-101]. **A "conveyance" is a transfer of title to land by a deed.** *Stagecoach Prop. Owners Ass'n v. Young's Ranch*, 658 P.2d 1378 (Colo. App. 1982). (emphasis added).

Here, the PPM allowed prepayment of the loan only by special warranty deed [ECF 222, ex. 3, p.1], but there was no such deed. Yet defendants say that collateral was "conveyed" without a deed. They say, "SPOI elected to prepay the loan advances by conveying Collateral Units" [ECF 224; 29]; "[T]he borrower exercised its contractual right to put the collateral condominium units back to CRCPS" [ECF 229; 13](a "put" of real estate is a conveyance). *Ford* will help this Court evaluate whether the borrower SPOI truly 'conveyed' real estate without ever using a deed.

Dated: July 7, 2020                                                  Respectfully Submitted,

2

/s/ Douglas Litowitz
413 Locust Place,
Deerfield, IL 60015
312-622-2848
Litowitz@gmail.com

**Certificate of Service**

This document was filed on the ECF system for the District of Colorado on July 7, 2020 and thereby sent to all counsels of record.

2