**1206** Colo.                                56 PACIFIC REPORTER, 3d SERIES

Vincent FORD and Sheelagh Ford,
Plaintiffs–Appellants,

v.

SUMMERTREE LANE LIMITED LIA-
BILITY COMPANY, Woodside Realty
Co., Phil Shell, Van Wedgwood, Charles
S. Ochsner, and Kenny Pulsiani, Defen-
dants–Appellees.

No. 01CA1146.

Colorado Court of Appeals,
Div. II.

June 20, 2002.

Certiorari Denied Nov. 4, 2002.

Purchasers of property brought actions for fraud, nondisclosure and concealment, negligent misrepresentation, and promissory estoppel against developers and brokers in sale of property. The District Court, Jefferson County, Frank Plaut, J., dismissed the complaint. Purchasers appealed. The Court of Appeals, Jones, J., held that property owners did not assign their rights to maintain tort action against developers and brokers to subsequent buyers of the property in the warranty deed for the property.

Vacated and remanded with instructions.

1. **Appeal and Error** ⚖︎893(1)

Grants of summary judgment are reviewed de novo.

2. **Judgment** ⚖︎178, 181(2)

Summary judgment is a drastic remedy and should only be granted upon a clear showing that there is no genuine issue of material fact.

3. **Judgment** ⚖︎185(2)

On a motion for summary judgment, the moving party has the burden of establishing that no triable issue exists and all doubts should be resolved in favor of the non-moving party; in addition, the non-moving party is entitled to all favorable inferences that may be drawn from the facts.

4. **Appeal and Error** ⚖︎863

A reviewing court must apply same standards as used by trial court when determining whether summary judgment was proper.

5. **Deeds** ⚖︎3

A "conveyance" is a transfer of title to land by a deed.

   See publication Words and Phrases for other judicial constructions and definitions.

6. **Deeds** ⚖︎90

The general rules of construction for written instruments apply to the construction of deeds.

7. **Deeds** ⚖︎90

A deed is to be construed most strongly against the grantor and most favorably to the grantee; it is the language of the grantor, and the principle of self-preservation and self-interest, that are supposed to make him sufficiently careful not to prejudice his own interest.

8. **Deeds** ⚖︎93

The paramount purpose in construing any deed is to ascertain the parties' intent.

9. **Deeds** ⚖︎90, 93

In construing a deed, the preferred construction is that which renders all provisions of the instrument operative and effective and which carries out the intentions of the parties.

10. **Deeds** ⚖︎95

Unambiguous deeds are construed using the plain language of the document, while taking care to consider the entire deed, and not portions presented in isolated sentences and clauses.

11. **Assignments** ⚖︎41

Warranty deed used in sale of real property, which conveyed all claims and demands of grantor, in law or equity, of, in and to premises, did not assign to purchasers vendors' right to bring tort action against parties who originally sold premises to vendors, where deed contained only traditional language used to convey real property, language did not encompass personalty having connection to real property, neither deed nor other

evidence sufficiently described claims to support finding of assignment, and there was no separate document conveying choses in action to purchasers.

**12. Covenants ⇐47**

A covenant of general warranty is a guarantee that the grantor is vested of an estate in fee simple with full power to convey, that the property is free of all encumbrances except as listed in the deed, and that the grantor will guarantee title and peaceful possession and will defend the grantee's title to the property. West's C.R.S.A. § 38-30-113.

**13. Property ⇐5.5**

A "chose in action" is defined as a right to receive or recover a debt, or money, or damages for breach of contract, or for a tort connected with contract, but which cannot be enforced without action.

> See publication Words and Phrases for other judicial constructions and definitions.

**14. Property ⇐5.5**

A "chose in action" is a personal right not reduced into possession, but recoverable by a suit at law.

**15. Property ⇐5.5**

Choses in action belong to the party who suffered the injury.

**16. Assignments ⇐24(1)**

Choses in action in tort for damage to property, such as the fraudulent transfer of land, are transferable and may be assigned.

**17. Assignments ⇐41**

To be sufficient to assign a chose in action, a description of the matter to be assigned must identify with certainty the property, and such description may be aided by competent extraneous evidence, but a vague and indefinite extraneous description will not be considered sufficient identity of the chose in action.

**18. Deeds ⇐5**
   **Sales ⇐27.1**

When real estate is conveyed, and personal property is also transferred or used as security with that real property, two separate documents accomplish the two tasks.

---

Icenogle, Norton, Smith, Blieszner & Miller, Edward J. Blieszner, Sara Wagers–Johnson, Denver, Colorado, for Plaintiffs–Appellants.

Holley, Albertson & Polk, P.C., Dennis B. Polk, Eric E. Torgersen, Golden, Colorado, for Defendant–Appellee Summertree Lane Limited Liability Company.

White & Steele, P.C., Glendon L. Laird, James M. Meseck, Denver, Colorado, for Defendants–Appellees Woodside Realty Co., Phil Shell, Van Wedgwood, Charles S. Ochsner, and Kenny Pulsiani.

Opinion by Judge JONES.

Plaintiffs, Vincent Ford and Sheelagh Ford, appeal the judgment dismissing their claims for fraud, nondisclosure and concealment, negligent misrepresentation, and promissory estoppel against defendants, Summertree Lane Limited Liability Company, Woodside Realty Co., Phil Shell, Van Wedgwood, Charles S. Ochsner, and Kenny Pulsiani. We vacate the judgment and remand.

The Fords purchased a residential building lot overlooking a lake created by a dam, and they constructed a new home there. The home is in the Summertree Lane subdivision, of which defendant Summertree Lane was the developer. Defendants Shell, Wedgwood, Ochsner, and Pulsiani were brokers in the sale of the property to the Fords and were employees of defendant Woodside. At the time of trial, some individual defendants were members of defendant Summertree Lane as well.

The Fords bought the lot because it featured views of the lake and was located adjacent to the water. Not long after the Fords occupied their home, the lake was drained. Upon investigation, the Fords learned that before their purchase of the property, government officials had issued warnings that the dam holding the water in the lake was deficient and either it would have to be replaced or the lake would have to be drained. Defendants did not provide this

information to the Fords before their closing. Before initiating this action, but after the lake was drained, the Fords sold the property in question.

The Fords and other purchasers, who are not parties to this appeal, commenced a civil action alleging fraud, nondisclosure and concealment, negligent misrepresentation, and promissory estoppel arising from defendants' failures to disclose the unstable condition of the dam, even though defendants had marketed the lots as having lake views. The Fords sought, among other damages, the difference between their actual sales price and the price for which they could have sold their property had the lake not been drained.

In their motion for summary judgment, defendants argued that, when the Fords conveyed their interest in the real property, the deed also conveyed all claims for relief that the Fords had asserted. The trial court agreed with defendants and dismissed the Fords' claims.

The other purchasers claims were not dismissed, and the trial court stayed their claims pending this appeal. The buyers of the Fords' property are not parties to this action.

The Fords contend that the trial court erred in granting summary judgment because a general warranty deed conveying a parcel of real property cannot inadvertently convey tort or contract claims that arise from the defendants' alleged misrepresentations in connection with the earlier purchase and sale of the real property. We agree.

**[1–4]** Grants of summary judgment are reviewed de novo. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Bd.,* 901 P.2d 1251 (Colo.1995). "[S]ummary judgment is a drastic remedy and should only be granted upon a clear showing that there is no genuine issue of material fact. The moving party has the burden of establishing that no triable issue exists and all doubts should be resolved in favor of the non-moving party. In addition, the non-moving party is entitled to all favorable inferences that may be drawn from the facts. A reviewing court must apply these same standards when determining whether summary judgment was proper." *Smith v. Boyett,* 908 P.2d 508, 514 (Colo.1995) (citations omitted).

**[5]** The General Assembly has provided that "[a]ny person ... entitled to hold real estate, or any interest in real estate whatever, shall be authorized to convey the same to another ... by deed." Section 38–30–101, C.R.S.2001. A "conveyance" is a transfer of title to land by a deed. *Stagecoach Prop. Owners Ass'n v. Young's Ranch,* 658 P.2d 1378 (Colo.App.1982).

**[6, 7]** The general rules of construction for written instruments apply to the construction of deeds. *Terry v. Salazar,* 892 P.2d 391 (Colo.App.1994), *aff'd,* 911 P.2d 1086 (Colo.1996). It is generally conceded that a deed is to be construed most strongly against the grantor and most favorably to the grantee. "It is the language of the grantor, and the principle of self-preservation and self-interest are (sic) supposed to make him sufficiently careful not to prejudice his own interest." *Brown v. State,* 5 Colo. 496, 504 (1881).

**[8–10]** The "paramount purpose in construing any deed is to ascertain the parties' intent." *Notch Mountain Corp. v. Elliott,* 898 P.2d 550, 557 (Colo.1995)(citing *Percifield v. Rosa,* 122 Colo. 167, 220 P.2d 546 (1950)). "In construing a deed, the preferred construction is that which renders all provisions of the instrument operative and effective and which carries out the intentions of the parties." *Hornsilver Circle, Ltd. v. Trope,* 904 P.2d 1353, 1357 (Colo.App.1995)(citing *First Nat'l Bank v. Allard,* 31 Colo.App. 391, 506 P.2d 405 (1972), *aff'd,* 182 Colo. 297, 513 P.2d 455 (1973)). Unambiguous deeds are construed using the plain language of the document, while "tak[ing] care to consider the entire deed, and not portions presented in isolated sentences and clauses." *Notch Mountain Corp. v. Elliott, supra,* 898 P.2d at 557.

**[11]** Here, the deed states in pertinent part:

> [G]rantor ... has granted, bargained, sold and conveyed ... all the real property, together with improvements, if any, situate, lying and being in the County of Jefferson and State of Colorado, described as

**FORD v. SUMMERTREE LANE LTD. LIABILITY CO.** Colo. **1209**
Cite as 56 P.3d 1206 (Colo.App. 2002)

follows: LOT 44, SUMMERTREE LANE, COUNTY OF JEFFERSON, STATE OF COLORADO.

. . . .

TOGETHER with all and singular hereditaments and appurtenances thereunto, reversion and reversions, remainder and remainders, rents, issues and profits thereof, and all the estate, right, title, interest, claim and demand whatsoever of the grantor, either in law or equity, of, in and to the above bargained premises, with the hereditaments and appurtenances.

The Fords argue that the trial court erred in determining that, by way of warranty deed, they conveyed their rights of action in tort and contract against defendants as well as their interests in the real property. We agree.

**[12]** A "covenant of general warranty . . . is a guarantee that the grantor is vested of an estate in fee simple with full power to convey, that the property is free of all encumbrances except as listed in the deed, and that the grantor will guarantee title and peaceful possession and will defend the grantee's title to the property." *O'Brien v. Village Land Co.,* 794 P.2d 246, 251 (Colo. 1990); *see* § 38–30–113, C.R.S.2001.

**[13, 14]** The right to bring an action for damages, based in tort, is a "chose in action." 73 C.J.S. *Property* § 22 (1983); *see Baker v. Young,* 798 P.2d 889 (Colo.1990). A chose in action is personal property, not real property, 73 C.J.S. *Property* § 22 (1983), and is defined as, "[a] right to receive or recover a debt, or money, or damages for breach of contract, or for a tort connected with contract, but which cannot be enforced without action." *City & County of Denver v. Jones,* 85 Colo. 212, 214, 274 P. 924, 925 (1929). Thus, a "chose in action" is "a personal right not reduced into possession, but recoverable by a suit at law." *City & County of Denver v. Jones, supra,* 85 Colo. at 214, 274 P. at 924–925 (quoting 2 *Words & Phrases,* Third Series, 37); *see also Simmons v. Simmons,* 773 P.2d 602, 606 (Colo.App.1988)(concluding that sound policy precludes consideration of interspousal tort claims, identified as "choses in action" by dissent, in dissolution of marriage proceedings).

**[15, 16]** Choses in action belong to the party who suffered the injury. *See Micheletti v. Moidel,* 94 Colo. 587, 32 P.2d 266 (1934); *A.R.A. Mfg. Co. v. Cohen,* 654 P.2d 857 (Colo.App.1982)(determining that any loss caused by wrongful attachment of assets was a loss to bankrupt debtor and cause of action belonged to debtor and to its trustee in bankruptcy); *Piper v. Pueblo C.R. Co.,* 4 Colo. App. 424, 36 P. 158 (1894). They are transferable, *Webb v. Dessert Seed Co.,* 718 P.2d 1057 (Colo.1986), and, specifically, choses in action in tort for damage to property, such as the fraudulent transfer of land, are transferable and may be assigned. *Micheletti v. Moidel, supra.*

**[17]** "[T]o constitute an assignment there must be a purpose to assign the . . . chose in action, and the subject matter . . . must be described with such particularity as to render it capable of identification." 6A C.J.S. *Assignments* § 46 (1975). To be sufficient, a description of the matter to be assigned must identify with certainty the property and such description may be aided by competent extraneous evidence. But a vague and indefinite extraneous description will not be considered sufficient identity of the chose in action. *See Russell v. Texas Consol. Oils,* 120 F.Supp. 508, 512 (D.N.M.1954)(no implication that assignment intended where letter neither identified specific item to be assigned nor gave indication of attempt to bring about actual and present transfer of title).

**[18]** Moreover, in Colorado, when real estate is conveyed, and personal property is also transferred or used as security with that real property, two separate documents accomplish the two tasks. *See House v. Smith,* 117 Colo. 305, 187 P.2d 587 (1947)(deed for real property and bill of sale for personal property prepared); *Estate of Doerfer,* 100 Colo. 304, 67 P.2d 492 (1937)(assignment of personal property and deed for real property prepared as distinct documents); *Martynes & Assocs., No. 1 v. Devonshire Square Apartments,* 680 P.2d 246 (Colo.App.1984)(promissory note and deed of trust executed to secure earlier purchase of

same real property; each assigned through execution of separate document).

Here, the warranty deed contains only traditional language used to convey real property. *See Knight v. Lawrence,* 19 Colo. 425, 425, 36 P. 242, 242 (1894)(deed included "claim and demand whatsoever of the said party of the first part either in law or equity of, in and to the above bargained premises"); *see also Blair v. Bruns,* 8 Colo. 397, 8 P. 569 (1885).

Thus, we are not persuaded by defendants' argument that the words "claim and demand whatsoever of the grantor, either in law or equity, of, in and to the above bargained premises" encompass not only the title of the real property, but also personalty having a connection to the real property, including choses in action lying in tort.

Further, the deed neither sets forth a description of the choses in action nor any compensation for the tort claims. Nor does the record contain any extraneous evidence that would provide a sufficient description of the claims so that a court could conclude that the Fords had assigned any certain rights of action to the buyers.

Finally, the record does not contain a separate document conveying the choses in action to the buyers.

Taking the evidence in the light most favorable to the Fords as the nonmovants, we conclude that the trial court erred in granting summary judgment in favor of defendants.

Therefore, the judgment is vacated, and the case is remanded to the trial court for further proceedings consistent with this opinion.

Judge PLANK and Judge WEBB, concur.



**Albert S. FISHER, Plaintiff–Appellant,**

v.

**COLORADO DEPARTMENT OF CORRECTIONS, Joseph Ortiz, L. Dennis Kleinsasser, and Peggy Heil, Defendants–Appellees.**

No. 01CA1532.

Colorado Court of Appeals,
Div. IV.

Aug. 15, 2002.

Following his classification by the Department of Corrections (DOC) as "S-4" on the DOC sexual violence scale, inmate brought action against the DOC alleging that his classification without any sort of hearing violated his right to due process and the prohibition against ex post facto punishment. The District Court, El Paso County, Thomas K. Kane, J., dismissed the action. The inmate appealed. The Court of Appeals, Ney, J., held that: (1) classification on the sexual violence scale was quasi-judicial in nature, and thus such an action was reviewable for abuse of discretion; (2) the inmate was entitled to procedural due process in the classification context; and (3) due process required that the inmate receive some form of hearing before he could be classified solely on the basis of his public indecency conviction.

Reversed and remanded.

**1. Pretrial Procedure ⊜624, 679**

An action may be dismissed only if, accepting the allegations as true, it appears beyond reasonable doubt that the plaintiff can prove no set of facts that would entitle him or her to relief.

**2. Administrative Law and Procedure ⊜108**

An action taken by an administrative agency is quasi-judicial if the governmental decision is likely to adversely affect the protected interest of an individual by application of preexisting legal standards to facts presented to the governmental body. Rules Civ. Proc., Rule 106(a)(4).