Gmail

# Li v Waveland: Motion for Sanctions under Rule 11

**Ty Gee** <tgee@hmflaw.com>                                                                                       Thu, Aug 6, 2020 at 11:49 PM
To: "Doug Litowitz (litowitz@gmail.com)" <litowitz@gmail.com>, "Brian Stewart (bstewart@ardentlawgroup.com)" <bstewart@ardentlawgroup.com>, "Hubert Kuo (hkuo@ardentlawgroup.com)" <hkuo@ardentlawgroup.com>
Cc: Hal Haddon <hhaddon@hmflaw.com>, Nancy Hickam <nhickam@hmflaw.com>, Stephanie Poole <spoole@hmflaw.com>

Counsel:

I intend this to be a conferral and a communication pursuant to Rule 11(c).

Please find attached a draft Rule 11 motion for sanctions against plaintiffs and you for impleading and asserting claims against the SPO Defendants. I contend that the arguments made in our Fed. R. Civ. P. 12(b)(6) motion and reply are sufficient not only to establish the basis for dismissal but also for sanctions under Rule 11(c); so I will be relying substantially on those papers. If you do not voluntarily dismiss the SPO Defendants, I will file the motion in 21 days.

I think the draft motion and our 12(b)(6) papers adequately explain why I am moving for sanctions. Nonetheless, I am happy to speak with you regarding the grounds for the Rule 11 motion.

Ty


Ty Gee
**Haddon, Morgan and Foreman,** P.C.
150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364  FX 303.832.2628
www.hmflaw.com

tgee@hmflaw.com

# In the United States District Court
# for the District of Colorado

Civil Action No. 1:19-cv-02443-RM-STV
—*Consolidated with* No. 19-cv-2637-RM-STV

JUN LI, *et al.*, individually and derivatively for Colorado Regional Center Project Solaris LLLP,

    Plaintiffs,

v.

WAVELAND VENTURES LLC, *et al.*,

    Defendants.

## SPO Defendants' Motion for Sanctions

Solaris Property Owner ("SPO"), Solaris Property Owner I ("SPO I"), and Peter Knobel (collectively, "SPO Defendants") move under Federal Rule of Civil Procedure 11(b) for sanctions against the *Li* and *Cui* plaintiffs and their counsel.

## Introduction

The *Li* and *Cui* plaintiffs (collectively, "Plaintiffs") commenced their respective actions in August and September of last year. Since that time they have tried repeatedly—some eight months—to plead viable claims against the SPO Defendants. They have significantly delayed the presentation to this Court of Rule 12(b) defenses, and their continually evolving and factually bereft claims for relief have caused these defendants to incur substantial attorney fees and costs.

After four tries, Plaintiffs settled on their respective third amended complaints. Plaintiffs' claims for relief against each of the SPO Defendants are grounded on a nefarious conspiracy between Plaintiffs' general partner Colorado Regional Center I, LLC ("CRC I"), and one or more of the SPO Defendants. Yet Plaintiffs have not asserted a single well-pleaded fact from which the Court could infer such a conspiracy.

Plaintiffs point to a single business meeting between CRC I and SPO via its manager Peter Knobel and to the documents relating to their investment and the loan transaction between their partnership and SPO. They make no allegations about what was said in the meeting. Plaintiffs also point to the partnership's investment documents, e.g., the private placement memorandum, and the loan transaction documents. From these documents, they argue—we choose the word advisedly, since Plaintiffs' complaints literally read like memorandum briefs—that there "must" have been wrongdoing, since they are experiencing a substantial paper loss on their investment and in retrospect they think they could have negotiated a better deal with SPO. All of this falls short of pleading a claim against the SPO Defendants. The Court will address this in the Rule 12(b)(6) proceeding. None of that alone warrants this Motion.

What warrants this Motion is that neither set of plaintiffs comes close to pleading a viable claim against the SPO Defendants. Worse, they knew or under Rule 11 should have known they had no hope of pleading a viable claim, certainly not any of the claims that either now are on the cutting-room floor or those that survived the eight-month public claim-vetting system the Plaintiffs put the defendants through. They pleaded no facts

2

about the business meeting. They pleaded no communications between CRC I and any of the SPO Defendants. They pleaded no communications—no contact—between any of the plaintiffs and any of the SPO Defendants. With hands clasped firmly over their eyes, Plaintiffs argued their paper loss can only be explained by a conspiracy theory involving one or more of the SPO Defendants yet ignore that (a) had the Vail real estate market moved in a different direction, *they* would have been the financial beneficiary at the SPO Defendants' expense, and (b) their own investment materials explicitly told them about the risk to their investment from the real estate market: "There is a risk that the prices of the [condominium] units will decline over the next several years resulting in an inability of the Investors to sell the units for an amount sufficient to repay the amount of their initial Capital Contributions." Doc.223-3, at 24.

Rule 11 gives plaintiffs plenty of road to bring claims against a defendant. But it is a road with lines. An attorney presenting a pleading to the Court must do so only upon exercising due diligence. She may not advance claims and factual contentions baselessly or recklessly. In their third amended complaints Plaintiffs and their counsel unmistakably and repeatedly have crossed the lines. Sanctions are warranted.

## Facts

The relevant facts are set forth in the SPO Defendants' motion to dismiss. Doc.224 at 6-12. We incorporate them here by reference. We set forth below the relevant procedural history.

*Li* **plaintiffs.** These plaintiffs commenced their lawsuit in August 2019. Doc.001. On October 21 they filed an amended complaint. Doc.53. On November 18 they filed a second amended complaint. Doc.86. On January 23, 2020, they filed a third amended complaint. Doc.121. On May 29 plaintiffs amended the third amended complaint by voluntarily dismissing all direct claims against the defendants and proceeding solely on the derivative claims. Doc.210 at 1-2. On June 10, they amended the third amended complaint solely by attaching amended verification pages, without amending the text of the complaint. Docs.221, 222 & 222-8. Doc.222 is the operative complaint.

On September 13, 2019, plaintiffs recorded a notice of *lis pendens* against all the condominium units collateralizing Colorado Regional Center Project Solaris, LLLP's loan to SPO I ("Collateral Units"). Doc.014. SPO I holds title to the units under an agreement with CRCPS to convey the title upon CRCPS's request. Doc.203-7. On October 8, 2019, they moved to enjoin the bulk sale of the Collateral Units. Doc.32. After a hearing the Court on October 22 struck the notice of *lis pendens* and denied the preliminary injunction motion. Doc. 59 at 3.

*Cui* **plaintiffs.** These plaintiffs commenced their lawsuit in September 2019. No. 19-cv-2637, Doc.1. On November 8, 2019, they filed their amended complaint. No. 19-cv-2637, Doc.21. On November 19, the Court consolidated the *Cui* action into the *Li* action. Doc.34. On March 6, 2020, the *Cui* plaintiffs filed their second amended complaint. Doc.169. On April 30, they filed their third amended complaint. Doc.190. This is the *Cui* plaintiffs' operative complaint.

4

On November 12, 2019, plaintiffs recorded a notice of *lis pendens* against the Collateral Units. Doc.115 at 6. On March 9, 2020, the Court struck the notice of *lis pendens*. Doc.171.

## Argument

**Standard of Review.** Under Rule 11(b), when attorneys present a complaint to a court they certify that to the best of their "knowledge information, and belief, formed after an inquiry reasonable under the circumstances" that the paper meets the following standards:

- It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1).

- The claims and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Fed. R. Civ. P. 11(b)(2).

- The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b)(3).

In other words, Rule 11 requires that a "pleading be, to the best of the signer's knowledge, well grounded in fact, warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, . . . and not interposed for any improper purpose." *Coffey v. Healthtrust, Inc.*, 1 F.3d 1101, 1104 (10th Cir. 1993).

The courts "evaluate an attorney's conduct under a standard of objective reasonableness—whether a reasonable attorney admitted to practice before the district court would file such a document." *Collins v. Daniels*, 916 F.3d 1302, 1320 (10th Cir.

5

2019) (internal quotations and brackets omitted). A showing of bad faith thus is not required. *Carlson v. Town of Mountain Vill., Colo.*, No. 17-cv-02887-PAB-STV, 2019 WL 5819971, at *3 (D. Colo. Nov. 7, 2019). Therefore, "[a] good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances." *White v. Gen. Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir. 1990). Nor is it sufficient for an offending attorney to allege that a competent attorney could have made a colorable claim based on the facts and law at issue; the offending attorney must actually present a colorable claim. *Id.*

"A sanction under Rule 11 should be imposed on the persons—whether attorneys, law firms, or parties—who have violated the rule or who may be determined to be responsible for the violation." Fed. R. Civ. P. 11 advisory committee's notes, 1993 amend. The person signing, filing, submitting, or advocating a document "has a nondelegable responsibility to the court, and in most situations is the person to be sanctioned for a violation." *Id.* "Absent exceptional circumstances, a law firm is to be held also responsible when, as a result of a motion under subdivision (c)(1)[], one of its partners, associates, or employees is determined to have violated the rule." *Id.* Since such a motion may be filed only if the offending paper is not withdrawn or corrected within 21 days after service of the motion, "it is appropriate that the law firm ordinarily be viewed as jointly responsible under established principles of agency." *Id.*

There is a difference between (a) a complaint that despite the pleader's due diligence and good faith fails to allege sufficient facts to comply with the Rule 8 pleading requirements as prescribed in the Supreme Court's Rule 8 jurisprudence, *see generally Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009), and (b) a complaint in which the pleader recklessly or stubbornly impleads a defendant after failing to conduct a reasonable inquiry and otherwise has no to support a claim against that defendant. The former is subject to dismissal under Rule 12(b)(6); the latter is subject to dismissal under Rule 12(b)(6) *and* the imposition of sanctions under Rule 11(b)(3). *See, e.g., United States ex rel. Emerson Park v. Legacy Heart Care, LLC*, No. 3:16-CV-0803-S, 2019 WL 4450371, at *3 (N.D. Tex. Sept. 17, 2019) (holding that plaintiff's factual allegations against various defendants "are so deficient" that they might constitute Rule 11(b) violation). In short, if a plaintiff lacks "evidentiary support," Fed. R. Civ. P. 11(b)(3), to implead a defendant, he does so at her Rule 11(b)(3) peril.

We contend Plaintiffs and their counsel had no legal or factual basis to implead the SPO Defendants. They did so in violation of their Rule 11(b) certification to the Court.

### I. The *Li* plaintiffs and their counsel violated Rule 11(b).

The *Li* plaintiffs brought three derivative claims against one or more of the SPO Defendants. Claim 2 for civil theft is asserted against all the SPO Defendants. Doc.121 at 35-38. Claim 3 for breach of the loan agreement is asserted against SPO I. *Id.* at 38-40. Claim 6 for Colorado securities fraud is asserted against either defendant Peter Knobel,

solely, or against "[SPO I] and [its] affiliates and principals."[1] We contend the *Li* plaintiffs' counsel violated his certification that (a) these claims and legal contentions are warranted by existing law[2], Fed. R. Civ. P. 11(b)(2), and (b) the factual contentions purportedly supporting these claims have evidentiary support[3], Fed. R. Civ. P. 11(b)(3).[4]

### A. The derivative civil theft and securities fraud claims lack a factual and legal basis.

The elements of civil theft are that the defendant "knowingly obtains, retains, or exercises control over anything of value of another without authorization or by threat or deception, and acts intentionally or knowingly in ways that deprive the other person of the property permanently." *Van Rees v. Unleaded Software, Inc.*, 373 P.3d 603, 608 (Colo.

---

[1] The claim's heading says it is asserted against "Knobel personally," Doc.222 at 45, but the claim's prayer for relief says plaintiffs "demand that the CRCPS [sic] hold CRC and [SPO I] and their affiliates and principals accountable." *Id.* ¶ 211, at 47.

[2] There is no indication the *Li* plaintiffs' counsel was trying under subdivision (b)(2) to advance a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law.

[3] The *Li* plaintiffs made six factual allegations on information and belief as permitted. *See* Doc.222 at 4 n.1, 29 n.13, ¶¶ 91, 145, 179-180. We assume *arguendo* they properly are asserted under Rule 11(b)(3).

[4] The *Li* plaintiffs' counsel has made statements in court proceedings and in communications with counsel suggesting plaintiffs impleaded Mr. Knobel personally without a proper factual or legal basis for the improper purpose of coercing the SPO Defendants to settle and pay them money. *See, e.g.*, Tr. of Hearing, at 92-93 (Oct. 22, 2019). Plaintiffs undoubtedly have caused unnecessary delay. However we have insufficient information to move for sanctions under subdivision (b)(1).

2016) (internal quotations omitted). The *Li* plaintiffs had no factual or legal basis for asserting this claim against the SPO Defendants.

Plaintiffs alleged theft "by deception." Doc.222 ¶¶ 132-133, 135-136. The only "deception" plaintiffs allege is that the CRC Defendants (Colorado Regional Center, LLC; CRC I, and Waveland EB-5 Management, LLC, *see* Doc.222 ¶¶ 13, 134) and the SPO Defendants "deceptively gave the impression of the Loan being fully collateralized, when in fact the [Collateral Units were] wildly inflated and only had half this value." *Id.* ¶ 134.

The Court will search in vain in the complaint for a well-pleaded fact supporting either the allegation that the SPO Defendants (with or without the CRC Defendants) gave to plaintiffs any impression of "full collateralization" of the loan. Nor is there any "evidentiary support," Fed. R. Civ. P. 11(b)(3), for the factual allegation that any of the SPO Defendants "wildly inflated" the Collateral Units' value by doubling it. Quite the contrary, as the *Li* plaintiffs admitted explicitly and the *Cui* plaintiffs admitted implicitly, Plaintiffs' own expert concluded that contemporaneous with the loan transaction, when the Collateral Units' values were based on list prices, SPO I had sold eighteen condominium units "at or near the[ir] list prices." Doc.222-6, at 3; *see* Doc.190 ¶ 82.

We incorporate by reference here Doc.224 at 20 and Doc.232 at 2-5.

The securities claim is premised on the same legal theory as the theft claim, i.e., that one or more of the SPO Defendants "inflated" the Collateral Units' value. It is frivolous for the same reason. *See* Doc.224 at 20-23; Doc.232 at 6.

9

### B. The derivative breach of Loan Agreement claim lacks a factual and legal basis.

The *Li* plaintiffs asserted against SPO I a derivative claim for breach of the Loan Agreement. Plaintiffs' claim is legally meritless. The claim is based on two legal arguments—that the Agreement Regarding Collateral Units ("ARCU") had "expired" and that it was unsupported by consideration. These arguments are legally frivolous for the reasons stated in our 12(b)(6) papers. Doc.224 at 26-29; Doc.232 at 7-10.

### C. The veil-piercing claim is frivolous.

To the extent the *Li* plaintiffs assert a veil-piercing claim, it is frivolous for the reasons stated in our 12(b)(6) reply. Doc.232 at 11.

## II. The *Cui* plaintiffs and their counsel violated Rule 11(b).

The *Cui* plaintiffs brought direct claims for fraud, breach of the Loan Agreement, Colorado Consumer Protection Act ("CCPA"), federal securities fraud, declaratory judgment on the Yield Enhancement Agreement ("YEA") and ARCU, and veil piercing. They brought derivative claims for breach of the Loan Agreement and declaratory judgment on the YEA and ARCU. The fraud and CCPA claims were asserted against all the SPO Defendants. The claims for breach of the Loan Agreement and veil piercing were asserted against SPO I. The claim for declaratory judgment also was asserted against SPO. We contend the *Cui* plaintiffs' counsel violated their certification that (a) these claims and legal contentions are warranted by existing law, Fed. R. Civ. P. 11(b)(2), and

(b) the factual contentions purportedly supporting these claims have evidentiary support, Fed. R. Civ. P. 11(b)(3).

### A. The tort claims lack a factual and legal basis.

The tort claims—state and federal-securities fraud, and CCPA—are based on theories of fraud. The *Cui* plaintiffs advance two fraud theories: the SPO Defendants misrepresented and concealed material facts in investment materials given to them, and they used "inflated prices" for the Collateral Units' value. Doc.190 ¶¶ 19, 76, 82, 88. There is no "evidentiary support," Fed. R. Civ. P. 11(b)(3), for either theory. *See* Doc.224 at 18-20. Without any evidentiary support, there is no legal basis for the theories. *A fortiori* the claims are frivolous. *See* Doc.224 at 17-25; Doc.240 at 5-8.

### B. The contract claims lack a factual and legal basis.

The *Cui* plaintiffs assert a breach of the Loan Agreement and request a declaratory judgment on the YEA and ARCU.

As to the breach claim, it was frivolous for them to assert a direct claim since they were not a party to the Loan Agreement and therefore had no standing to bring the claim. *See* Doc.224 at 25-26. On their derivative breach claim, the *Cui* plaintiffs argue the ARCU is unsupported by sufficient consideration because SPO I received more than CRCPS. That is a frivolous legal argument. *See* Doc.224 at 28-30; Doc.240 at 8-10.

The declaratory judgment claim is equally frivolous. *See* Doc.224 at 30-32; Doc.240 at 8-10.

### C. The veil-piercing claim lacks a factual and legal basis.

The veil-piercing claim is frivolous. It is not a viable claim for relief, and plaintiffs pleaded no facts in support of it. *See* Doc.224 at 32-33.

## Conclusion

The Court should impose sanctions against Plaintiffs and their counsel under Rule 11.

August 27, 2020

                              Respectfully submitted,

                              *s/ Ty Gee*
                              Harold A. Haddon
                              Ty Gee
                              HADDON, MORGAN AND FOREMAN, P.C.
                              150 East Tenth Avenue
                              Denver, CO 80203
                              Tel 303.831.7364
                              hhaddon@hmflaw.com; tgee@hmflaw.com

                              *Attorneys for Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel*