# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 19-cv-02443-RM-STV
      Consolidated with 19-cv-2637-RM-STV

**Derivatively:**
Hsin-Yi Wu, and Qi Qin,
in their capacity as limited partners of
Colorado Regional Center Project Solaris LLLP,

      Plaintiffs

v.

Colorado Regional Center Project Solaris LLLP,

      Nominal Defendant,
and

**Directly:**
Hsin-Yi Wu, Jun Li, Qi Qin, Yi Liu, Jie Yang, Yuquan Ni,
Zhongzao Shi, Fang Sheng, Shunli Shao, Kaiyuan Wu,
Zhijian Wu, Zhongwei Li, Sa Wu, Fan Zhang, Lin Qiao,
Jinge Hu, Rujun Liu, Ying Xu, Lu Li, Cao Xiaolong,
and Yuwei Dong,

      Plaintiffs,

v.

Colorado Regional Center LLC,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I LLC,
Peter Knobel, and
Colorado Regional Center Project Solaris LLLP, and
all principals and ultimate owners of business entities pursuant to
piercing of the limited liability veil,

      Defendants.

---

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES (ECF NO. 173)**

---

This matter is before the Court on Colorado Regional Center Project Solaris, LLLP's ("CRCPS") Motion for Attorneys' Fees Pursuant to C.R.S. § 38-35-204(2) (the "Motion") (ECF No. 173), which is opposed by the Cui Plaintiffs.[1] Upon consideration of the Motion, relevant parts of the court record, and being otherwise fully advised, the Court finds and orders as follows.

## I.     BACKGROUND

The parties are well versed with the background so it will only be briefly summarized here. After holding a hearing on February 27, 2020, the Court (1) granted CRCPS's Petition for Order to Show Cause Pursuant to C.R.S. § 38-35-204 (the "Petition") (ECF No. 115)[2]; (2) issued an Order and Decree that the Cui Plaintiffs' Notice of Lis Pendens recorded in Eagle County, Colorado, on November 14, 2019, is spurious and therefore invalid under C.R.S. § 38-35-201(3), and released pursuant to C.R.S. § 38-35-204(2); and (3) ordered CRCPS to file its request for attorney's fees under C.R.S. § 38-35-204(2). CRCPS did so, but Cui Plaintiffs oppose the award of any fees arguing they are excessive and unnecessary.

## II.    LEGAL STANDARD

Pursuant to C.R.S. § 38-35-204(2), if the Court determines a lien is a spurious lien, the Court "shall" "enter[] a monetary judgment in the amount of the petitioner's costs, including reasonable attorney fees, against any respondent [Cui Plaintiffs] and in favor of the petitioner [CRCPS]." In statutory fee–shifting cases "the lodestar method is generally employed in calculating attorney fees." *Brody v. Hellman*, 167 P.3d 192, 204 (Colo. App. 2007); *see Robinson v. City of Edmond,* 160 F.3d 1275, 1281 (10th Cir. 1998) (evaluating fee request under

---

[1] Civil Action No. 19-cv-02637.
[2] The Petition was joined by Solaris Property Owner I, LLC ("SPO I") (ECF No. 158).

42 U.S.C. § 1988(d)). The lodestar calculation is the product of the number of attorney hours "reasonably expended" and a "reasonable hourly rate." *Robinson,* 160 F.3d at 1281.

### III.  DISCUSSION

CRCPS seeks $22,270.50 in attorney's fees associated with preparing the Petition, a Motion for Forthwith Hearing on the Petition (ECF No. 134), and the in-person hearing held on February 27, 2020. Cui Plaintiffs do not challenge the rates charged by CRCPS's counsel. And, upon review, the Court finds they are reasonable in light of the complexity of the issues in this case and the tasks performed. *See Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996) (setting forth factors court should consider in evaluating reasonableness of fees). What Cui Plaintiffs do challenge is the necessity of the fees at all. They raise two challenges, which the Court addresses below.

*First*, Cui Plaintiffs contend that CRCPS failed to properly confer and advise Cui Plaintiffs of the deficiencies in their operative complaint – deficiencies which resulted in the Petition being granted and the Order and Decree entered. According to Cui Plaintiffs, if CRCPS had advised them of these deficiencies during the conferral process, they would have withdrawn the lis pendens until the pleadings could have been amended. CRCPS, however, disputes the accuracy of Cui Plaintiffs' representations concerning the parties' conferral. CRCPS also replies the Cui Plaintiffs' arguments are belied by their actions. The Court agrees.

To begin, CRCPS's counsel's declaration,[3] which the Court credits, states he was unaware of the specific deficiencies on which the Order and Decree was based until his office began preparing the Petition – after the parties conferred.[4] Moreover, as CRCPS argues, Cui Plaintiffs' argument that they would have withdrawn the lis pendens is contrary to what they

---

[3] Counsel for CRCPS has since withdrawn as its attorney. (ECF No. 207).
[4] CRCPS raised several bases in support of its Petition.

actually did after CRCPS filed its Petition setting forth such deficiencies. The Cui Plaintiffs could have conceded the Petition, withdrawn the lis pendens, or sought leave to amend – but they did not. Instead, on the day before the hearing, Cui Plaintiffs filed an "errata" to their complaint seeking to cure at least one of the deficiencies. An errata which the Court struck during the hearing as an improper back-door attempt to amend the complaint. In fact, Cui Plaintiffs did not seek leave to amend until April 22, 2020, after the hearing and after the briefing on CRCPS's fees award request. Thus, this argument is rejected.

*Second*, Cui Plaintiffs contend the Motion for Forthwith Hearing on the Petition was unnecessary and denied by the Court. CRCPS replies that the Motion for Forthwith Hearing was necessitated by the urgency of the issue and was not denied. Instead, the Court found such motion moot because it was in fact having the hearing. Again, the Court agrees.

CRCPS's request for a forthwith hearing was reasonable in light of the impact of the lis pendens on the real property at issue and the disputes between the parties. And, even though the Court ultimately found this motion was moot, it did so because a hearing was in fact held. Thus, this argument is also rejected.

In summary, in light of the complexity of the legal and factual issues and the time and effort involved (from conferral to the filing of the Petition to the hearing), the Court finds that the fees were necessarily expended in support of the Petition, the hourly rates are reasonable, and the number of hours expended are reasonable.

IV.     **CONCLUSION**

Based on the foregoing, it is **ORDERED**

(1) That the Motion for Attorneys' Fees Pursuant to C.R.S. § 38-35-204(2) (ECF No. 173) is GRANTED; and

(2) That CRCPS is awarded $22,270.50 in attorneys' fees.

DATED this 19th day of August, 2020.

                                          BY THE COURT:

                                          _____
                                          RAYMOND P. MOORE
                                          United States District Judge