# In the United States District Court
# for the District of Colorado

Civil Action No. 1:19-cv-02443-RM-STV
—*Consolidated with* No. 19-cv-2637-RM-STV

JUN LI, *et al.*, individually and derivatively for Colorado Regional Center Project Solaris LLLP,

    Plaintiffs,

v.

WAVELAND VENTURES LLC, *et al.*,

    Defendants.

## SPO Defendants' Response to Plaintiffs' Motion for Sanctions Against Their Counsel

Solaris Property Owner ("SPO"), Solaris Property Owner I ("SPO I"), and Peter Knobel (collectively, "SPO Defendants") submit this Response to the *Li* and *Cui* plaintiffs' ("Plaintiffs")[1] motion for sanctions under 28 U.S.C. § 1927 against the SPO Defendants' counsel (Doc.242).

---

[1] The motion does not identify which parties are bringing it. *See* Doc.242 at 1. It is signed by counsel for only one set of Plaintiffs, i.e., the *Li* plaintiffs. *Id.* at 9. However, the motion appears presented as a joint motion filed by all Plaintiffs. *See id.* at 2 ("Two groups of limited partners (the '*Li* Plaintiffs' and the '*Cui* Plaintiffs') brought derivative actions . . . ."); *id.* at 3 ("Mr. Gee threatened both sets of Plaintiffs' counsels (attorney Litowitz for the Li Plaintiffs and attorney Stewart for the *Cui* Plaintiffs) that he would file a Rule 11 motion against them . . . ."); *id.* at 9 ("Plaintiffs ask this Court for an admonishment of Mr. Gee . . . ."). The *Cui* plaintiffs have not filed a paper suggesting otherwise. So we assume the motion is brought by all Plaintiffs.

Plaintiffs' § 1927 motion is substantially groundless and is an unreasonable and vexatious multiplication of the proceedings. It should be denied summarily since the Federal Rule of Civil Procedure 11 motion Plaintiffs claim violates § 1927 has not been filed and under Rule 11(c)(2) cannot be filed during the so-called safe harbor period, which ends August 27, 2020. Even if the motion had been filed (in accordance with Rule 11(c)(2)), it hardly would be improper. It establishes Plaintiffs' respective counsel's violation of their Rule 11(b) certification when they filed the *Li* and *Cui* complaints. A meritorious Rule 11(c)(2) motion is outside the scope of § 1927.

I. **Plaintiffs' § 1927 motion is meritless.**

Section 1927 provides that an attorney is subject to an award of costs, expenses and attorney fees caused by "multipl[ying] the proceedings in any case unreasonably and vexatiously." It "targets the vexatious and unreasonable multiplication of proceedings." *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1201 (10th Cir. 2008) (internal quotations omitted). The statute "only applies to the multiplication of proceedings." *Steinert v. Winn Grp.*, 440 F.3d 1214, 1224 (10th Cir. 2006); *id.* at 1225. Three substantial requirements must be met before liability may be imposed under § 1927: (1) an attorney's multiplication of proceedings; (2) by conduct that is unreasonable and vexatious; and (3) a resulting increase in the cost of the proceedings. *Shields v. Shetler*, 120 F.R.D. 123, 127 (D. Colo. 1988).

**Multiplication of proceedings.** Plaintiffs have misread the multiplicity problem in this case. The *Li* plaintiffs commenced their action August 28, 2019; after four attempts

2

at a viable complaint, they have settled on their third amended complaint. The *Cui* plaintiffs commenced their action September 16, 2019; after four attempts at a viable complaint, they have settled on their third amended complaint. In the last year Plaintiffs have filed some twenty-seven motions and other papers; of the substantive motions not pending and not pertaining to amendments of their complaint, all were denied. *See* Docs.59, 114, 124, 126, 133, 218. They filed two notices of *lis pendens* on all the condominium units serving as collateral for the loan to SPO I; this Court invalidated both as spurious; it awarded attorney fees against the *Cui* plaintiffs. The *Li* plaintiffs moved for a preliminary injunction; months later it moved for a mandatory injunction. The Court rejected both. They now have filed a § 1927 motion that is make-work and worse.

In the last twelve months the SPO Defendants have filed seven procedural papers, e.g., motions for extension of time and joinders, most of which Plaintiffs said they did not object to. The Court granted each of the motions. The SPO Defendants filed *one* substantive motion, i.e., a combined motion to dismiss the *Li* and *Cui* complaints (Doc.224). It is pending—along with Plaintiffs' six (with their new motion, now seven) substantive motions. The submission by the SPO Defendants in the future of a second substantive and meritorious motion—a Rule 11 motion against Plaintiffs and their counsel—would not constitute an improper multiplication of the proceedings.

It is axiomatic a single substantive motion (and multiple procedural motions this Court granted, most without opposition) cannot constitute a multiplication of the

3

proceedings. Since § 1927 only applies to the multiplication of proceedings, *Steinert*, 440 F.3d at 1224 & 1225, the inquiry is over.

**Unreasonable and vexatious.** Even if one substantive motion could be a multiplication of the proceedings, the SPO Defendants' motion to dismiss, which we incorporate here by reference, supplies compelling reasons to dismiss the complaints. In short, neither set of plaintiffs had any contact with any of the SPO Defendants, and Plaintiffs' entire theory of liability is based on speculation, guesswork and wishful thinking, none of which is sufficient to support or state a claim for relief.

Nor would the SPO Defendants' submission of a Rule 11 motion based on the showing in their 12(b)(6) motion be unreasonable or vexatious. A complaint may be so factually and legally baseless that it not only fails to state a claim for relief but also is legally frivolous and utterly lacking in evidentiary support under Rule 11(b)(2) and (3). That is the case with Plaintiffs' complaints. Plaintiffs' and their counsel's "[s]ubjective good faith—that is, a pure heart but empty head—is no defense,"[2] to filing an objectively unreasonable complaint.

**Increased cost.** The motion Plaintiffs complain about—the draft Rule 11 motion for sanctions the SPO Defendants' counsel sent Plaintiffs' counsel a copy of pursuant to

---

[2]*Bailey v. Sherman & Howard, LLC*, No. 05-cv-00446-REB-MJW, 2005 WL 8172765, at *7 (D. Colo. Dec. 15, 2005) (internal quotations omitted), *report and recommendation adopted*, No. 05-cv-00446-REB-MJW, 2006 WL 8454949 (D. Colo. Jan. 18, 2006).

4

Rule 11(c)(2)—has not been filed. *A fortiori* Plaintiffs have suffered no increased cost of litigation. If it is filed, the increased cost of litigating the motion in itself is irrelevant to § 1927 unless Plaintiffs also can establish an unnecessary and vexatious multiplication of the proceedings—which they cannot do.

## II.  Plaintiffs' "deprive the court of jurisdiction" argument is meritless.

Plaintiffs argue my compliance with Rule 11(c)(2)'s safe harbor provision, i.e., giving Plaintiffs' counsel twenty-one days' notice before filing a Rule 11 motion for sanctions, is "inappropriate conduct." The threat to file the motion, Plaintiffs argue, is an attempted "end run around Judge Moore's authority and discretion by trying to get a preemptive victory before letting Judge Moore hear the motion, and by casting a pall over attorneys Litowitz and Stewart during the entire August 31st hearing." Doc.242 at 4. The argument is not well taken.

The purpose of the safe harbor period is to permit a party and its lawyer to have sufficient time to evaluate the pleading that the opposing party believes violates the Rule 11(b) certification. If the party and its lawyer believe there has been a violation, they may "withdraw[] or appropriately correct[]" the pleading during that period. Fed. R. Civ. P. 11(c)(3). If they believe there has been no violation, they are free to stand on that belief.

The argument that the Rule 11 motion would effect an "end run around Judge Moore's authority and discretion by trying to get a preemptive victory" is nonsense. The Court does not decide substantive motions on the merits without hearing from both sides. A motion is nothing more than a request for judicial relief. Whether such relief is

5

warranted depends on the motion's merit, as determined in an adversary proceeding. The Court's order granting Plaintiffs' motion to expedite the briefing on their § 1927 motion underscores the point.

We don't understand the "pall." By the end of the safe harbor period Plaintiffs and their counsel will have had three weeks to evaluate whether their pleadings suffer from the defects identified in the Rule 12(b)(6) motion and the draft Rule 11(c) motion. Our claim of Rule 11(b)(2) and (3) violations raises objective questions. *See, e.g.*, *White v. General Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990). If Plaintiffs conclude the SPO Defendants are right, they have Rule 11(c) immunity to withdraw, or, if they can, correct their complaints. If they conclude the SPO Defendants are wrong, they presumably will be prepared to establish not only that their complaints state claims for relief but also that the claims and other legal contentions are warranted by existing law, and the factual contentions have evidentiary support. The Rule 11 motion rests on the same ground as the Rule 12(b)(6) motion—it merely points out that the complaints' lack of evidentiary support is so complete that no reasonable lawyer would have impleaded the SPO Defendants and asserted those claims against them. So there is no surprise to Plaintiffs.

In any event we have given Plaintiffs and their counsel proper notice of the motion and an opportunity to withdraw and correct their complaints before the August 31, 2020 hearing. There is no requirement we file the Rule 11 motion before the hearing. So we will withhold any action on the motion until after the hearing. That moots the § 1927 motion.

## Conclusion

The Court should deny Plaintiffs' § 1927 motion.

August 20, 2020

                        Respectfully submitted,

*s/ Ty Gee*
Harold A. Haddon
Ty Gee
HADDON, MORGAN AND FOREMAN, P.C.
150 East Tenth Avenue
Denver, CO 80203
Tel 303.831.7364
hhaddon@hmflaw.com; tgee@hmflaw.com

*Attorneys for Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel*