## 2-6-1: DEFINITIONS:

CONSIDERATION: The full value of the real property affected by the transfer and includes actual cash paid, and value of property delivered or conveyed, or contracted to be paid or delivered or conveyed, in return for the transfer of ownership, title, or interests in real property and shall include the amount of any lien, mortgage, contract indebtedness, or other encumbrance or debt, either given to secure the purchase price, or any part thereof, or remaining unpaid on the property at the time of the transfer. The term does not include as an addition to full value the amount of any outstanding lien or encumbrance in favor of the United States, the State of Colorado, or of a Municipal or quasi-government corporation or district for taxes, special benefits or improvements. In the event the transaction or transfer is by lease agreement not specifically exempted in Section 2-6-5 of this Chapter, the consideration shall be deemed to be the capitalized value of the average annual rental under the lease, computed as follows: the average annual rental over the entire term of the lease, including any renewal term, plus the actual consideration, other than rent, paid or to be paid shall be computed, and the average annual rental shall be ten percent (10%) of the capitalized value. The payment of ad valorem real property taxes, insurance and the assumption of maintenance obligations shall not be included in the annual rent-capitalization computation; however, capital improvements required to be made shall be part of the actual consideration. When the average annual rental cannot be determined, or at the election of the Town Manager, the tax shall be based upon the assessed value of the property covered by the lease.

PERSON: Any individual, corporation, business trust, estate, trust, partnership, association or any other legal entity.

REAL ESTATE TRANSFER TAX: The tax imposed by this Chapter on the transfer of real property.

REAL PROPERTY: Defined by and under the laws of the State.

TAXABLE LEASE: Any lease of real property with a term or initial term and all renewal terms which aggregate in length twenty nine (29) years or more; provided lessee has possession or the right to possession on payment of rents. "Taxable lease" also means any lease of real property for less than twenty nine (29) years of term or initial term and all renewal terms aggregated if lessee has a clause which would permit lessee at its discretion to extend the lease beyond twenty nine (29) years or if lessee has an option to purchase some or all of the real property leased. If lessee has a lease with such an option to purchase, which option may be exercised only within three (3) years after the date the lease and option is entered into, then the real estate transfer tax shall not be due and payable unless and until the exercise and consummation of such option. If any other lease with such an option to purchase is entered into, the real estate transfer tax shall be due and payable at the time of such transfer.

TRANSFER: Means whether or not the same is in writing or is recorded, and includes:

- A. Any sale, grant, assignment, transfer, exchange or conveyance of any ownership or title to real property situated in the Town, or

- B. The sale, letting, conveyance, assignment or transfer for a possessory interest in real property, subject to the exemptions provided in this Chapter. (1997 Code: Ord. 5(1980)

§ 3: Ord. 6(1979) § 3)

## 2-6-2: TAX IMPOSED:

There is imposed a tax on all transfers whether by deeds, instruments, writings, leases, or any other documents, or otherwise, by which any lands, tenements or other interests in real property located in the Town are sold, granted, let, assigned, transferred, exchanged or otherwise conveyed to or vested in a purchaser, or purchasers thereof, or any other person or persons, except as may be specifically exempted by Section 2-6-5 of this Chapter. Such tax shall be due and payable at the time of transfer and contemporaneously therewith. (Ord. 5(1980) § 1: Ord. 26(1979) § 1)

## 2-6-3: LIABILITY FOR PAYMENT:

Each seller and each buyer and each person from whom or to whom a transfer is made, which is subject to the tax imposed under Section 2-6-2 of this Chapter shall be jointly and severally liable for payment of the tax. The seller or person from whom a transfer is made shall remit the tax to the Finance Department. (1997 Code: Ord. 5(1980) § 2: Ord. 26(1979) § 2)

## 2-6-4: AMOUNT PAYABLE:

The amount of tax payable in each case shall be as follows:

A. Exception: Where there is no consideration or when the consideration is five hundred dollars ($500.00) or less, no real estate transfer tax shall be payable.

B. Amount Payable: Where the consideration shall exceed five hundred dollars ($500.00), the payable shall be one percent (1%) of the consideration, the proceeds of which tax shall be earmarked for the purposes set forth in subsection 2-6-9A of this Chapter. No increase in the one percent (1%) tax established by this subsection shall be levied after the passage of the effective date of this subsection until such tax rate increase shall have been approved by a majority of the registered electors voting at a regular or special election. (Ord. 10(1992) § 1: Ord. 8(1987) § 1: Ord. 5(1980) § 4: Ord. 26(1979) § 4)

## 2-6-5: EXEMPTIONS:

The real estate transfer tax imposed by this Chapter shall not apply to:

A. Governmental Entities: Any transfer wherein the United States, or any agency or instrumentality thereof, the State, any county, city and county, municipality, district or other

political subdivision of this State, is either the grantor or grantee.

B. Gift: Any gift of real property, where there is no consideration other than love and affection or charitable donation.

C. Joint Properties: Any transfer by document, decree or agreement partitioning, terminating or evidencing termination of a joint tenancy, tenancy in common or other co-ownership in real property; however, if additional consideration of value is paid in connection with such partition or termination, the tax shall apply and be based upon such additional consideration.

D. Death: The transfer of title or change of interest in real property by reason of death, pursuant to: a will, the law of descent and distribution, or otherwise.

E. Changes Within Entity: Transfers made pursuant to reorganization, merger or consolidation of corporations, or by a subsidiary to a parent corporation for no consideration other than cancellation or surrender of the subsidiary's stock, or transfers made to a corporation, partnership, limited partnership, joint venture, business trust or other association or organization, if that association or organization is owned by the persons by whom such transfer was made, if such owners have the same relative interests in such association or organization as they had in the real property immediately prior to such transfer and there is no consideration other than their respective interests in the new association or organization.

F. Bankruptcies: Transfers to make effective any plan confirmed or ordered by a court of competent jurisdiction under the Bankruptcy Act or in an equity receivership proceeding.

G. Corrections To Title: Any transfer made and delivered without consideration for the purpose of confirming, correcting, modifying or supplementing a transfer previously recorded; making minor boundary adjustments; removing clouds on titles; or granting easements, rights of way or licenses.

H. Court Order: Any decree or order of a court of record quieting, determining or resting title, including a final order awarding title pursuant to a condemnation proceeding.

I. Cemetery Lots: Any transfer of cemetery lots.

J. Leases: Any lease of any real property (or assignment or transfer of any interest in any such lease) provided the terms and conditions of such lease do not constitute a taxable lease of the property.

K. Mineral Rights: Any mineral transfer or royalty transfer.

L. Debt Securities: Transfers to secure a debt or other obligation, or releases on real property which is security for a debt or other obligation.

M. Executory Contract: Any executory contract for the sale of real property, of less than three (3) years' duration, under which the vendee is entitled to or does take possession thereof without acquiring title thereto, or any assignment or cancellation of any such contract.

N. Prior To Effective Date: Any transfer that is made pursuant to a valid and legally enforceable contract for sale entered into between the seller and purchaser prior to the effective date of Ordinance 26, Series of 1979, pursuant to which transaction the deed or instrument of conveyance is executed and recorded on or before June 1, 1980.

O. Presale Contract: Any transfer that is made pursuant to a valid and legally enforceable presale contract: 1) entered into between a seller and a purchaser prior to the effective date of Ordinance 26, Series of 1979; 2) pursuant to which transaction the deed or instrument of conveyance is executed and recorded on or before June 1, 1980. A "presale contract" is defined as a valid and legally enforceable contract for the sale of real property which has been signed prior to the commencement of construction of improvements thereon, to be closed following completion of the improvements and pursuant to which contract seller is obligated to construct the improvements to the property after the contract is signed and prior to the closing date of the contract.

P. Certain Housing Projects: Any sale or conveyance of real property or improvements for the purpose of constructing, or providing low or moderate priced housing units for sale or lease to low or moderate income persons; provided, that the parties to the transaction shall apply to the Town Manager for the exemption prior to its being allowed, and the parties shall agree to appropriately restrict the future use of the property to low and moderate priced housing units by recorded agreement, deed restriction, covenants, declarations, or similar instrument as may be required by the Town Manager.

Q. Properties Not Annexed: Any transfer that is made pursuant to a valid and legally enforceable contract for sale or presale contract entered into between the seller and the purchaser prior to the effective date of the annexation and pursuant to which transaction, the deed or instrument of conveyance is executed and recorded within one hundred eighty (180) days after the date the annexation of the property to the Town is effective. (Ord. 42(1980) § 1: Ord. 5(1980) § 5: Ord. 26(1979) § 5)