# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
        Plaintiffs,

      v.                                        Hon. Raymond P. Moore

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner LLC I, and
Peter Knobel,
        Defendants.

## OBJECTIONS TO THE TESTIMONY OF DONALD RICK HAYES GIVEN ON OCTOBER 22, 2019

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiffs Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou, Xun Zhu, Chunyi Zou (collectively "EB-5 Investors" or "Plaintiffs") hereby submit the following objections to the testimony provided by Donald Rick Hayes submitted on October 22, 2019.

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON OBJECTION: |
|---|---|---|
| **Objection 1.** Page 40 lines 16 line 22 through page 41 line 11.  A. Um, it's really just a question of cost and what we felt was in the best interest of the investors. Um, were we to transfer title, um, to the limited partnership versus holding a deed of trust, the cost of that excercise would have approximated a million dollars.  Um there's a 1 percent transfer tax in the Town of Vail.  We would have had to pay you know, prepay three months of HOA dues.  In fact, it would have caused us then to go out and insure various units which, you know, which was being insured at the time – you know, was being insured by SPO. So we made a business judgment that, um basically entailed not incurring a millino dollars of partnership expenses to take title versus holding a first deed of trust,that our security position was such that it just simply didn't merit taking title of the property." | Authentication and Foundation (CRE § 901 et seq.); Hearsay (CRE § 801 et seq.); Unqualified Expert legal opinion (CRE § 701 et seq.) This testimony was given on October 22, 2019 at the hearing of the Motion to Expunge the lis pendens in the Li action, prior to the consolidation.  Both defendants have offered the testimony in support of their respective Motions to Dismiss and the CRC Defendants have offered it in opposition to the Motion for Appointment of Receiver. The Defendants have asserted that Solaris can choose to relinquish title to the real property secured by the Deeds of Trust in lieu of making any further payments on the loan.  Mr. Hayes statement attempts to justify the underlying basis for the Agreement Regarding Collateral Units which purportedly allows Solaris to maintain title to the real property because by doing so they are saving the limited partners from liability for a one million | Sustained: Overruled: |

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON OBJECTION: |
|---|---|---|
| | dollar transfer tax from the Town of Vail.<br><br>Neither Mr. Hayes nor any of his counsel have ever made any effort to identify the Town of Vail ordinance to which he is referring.  As such, his statement is nothing more than self-serving hearsay, completely lacking in foundation or authentication and is further an expert legal opinion offered by a lay person with no experience to render such an opinion.<br><br>Moreover, a review of the Town of Vail ordinances on Real Estate Transfer Taxes (See, Supplemental Request for Judicial Notice Exhibit "8") indicates that no transfer tax would be due under Town Of Vail Ordinance 2-6-4 A. (Exemption where there is no consideration paid.  In this situation there is no consideration for the transfer.  The transferee is paying nothing but is instead taking a loss of upwards of $40 million dollars.) and 2-6-5 L. (transfers to secure a debt or other obligation, or releases on real property which is security for a debt.  Solaris transferring title to the property will release the debt.)  Not only is Mr. | |

3

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: | RULING ON OBJECTION: |
|---|---|---|
|  | Hayes testimony inadmissible, it constitutes a pre-meditated misrepresentation of the content of the law, and a further fraud against the limited partners. |  |

Dated: August 24, 2020

*/s/ Brian Stewart*
Hubert Kuo
Brian P. Stewart
**Ardent Law Group**
4340 Von Karman Ave.,
Suite 290
Newport Beach, California 92660
Telephone: (949) 299-0188
Facsimile:  (949) 299-0127
bstewart@ardentlawgroup.com
Plaintiffs Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou, Xun Zhu, Chunyi Zou in the consolidated case

## CERTIFICATION OF SERVICE

This is to certify that on August 24, 2020, a true and correct copy of the above and foregoing **OBJECTIONS TO THE TESTIMONY OF DONALD RICK HAYES GIVEN ON OCTOBER 22, 2019** has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Brian P. Stewart*
For Ardent Law Group, P.C.