IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-02443-RM-STV
      Consolidated with 19-cv-2637-RM-STV

**Derivatively:**
Hsin-Yi Wu, and Qi Qin,
in their capacity as limited partners of
Colorado Regional Center Project Solaris LLLP,

    Plaintiffs

v.

Colorado Regional Center Project Solaris LLLP,

    Nominal Defendant,
and

**Directly:**
Hsin-Yi Wu, Jun Li, Qi Qin, Yi Liu, Jie Yang, Yuquan Ni,
Zhongzao Shi, Fang Sheng, Shunli Shao, Kaiyuan Wu,
Zhijian Wu, Zhongwei Li, Sa Wu, Fan Zhang, Lin Qiao,
Jinge Hu, Rujun Liu, Ying Xu, Lu Li, Cao Xiaolong,
and Yuwei Dong,

    Plaintiffs,

v.

Colorado Regional Center LLC,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I LLC,
Peter Knobel, and
Colorado Regional Center Project Solaris LLLP, and
all principals and ultimate owners of business entities pursuant to
piercing of the limited liability veil,

    Defendants.
_____

**ORDER DENYING MOTION TO DISQUALIFY**
_____

At issue is whether Snell & Wilmer, counsel for Defendants Waveland Ventures LLC ("Waveland"), Colorado Regional Center LLC ("CRC"), and Colorado Regional Center I, LLC ("CRC I") (collectively, "CRC Defendants"), must be disqualified from representing Defendant CRC I in this consolidated action. Li Plaintiffs[1] argue that disqualification is required under Colo. RPC 1.7 and 1.9. Snell & Wilmer contends Colo. RPC 1.7 applies and requires no further disqualification. On August 31, 2020, the Court held a hearing on pending motions, including Li Plaintiff's Motion to Disqualify (ECF No. 198). Upon consideration of the Motion to Disqualify, the court record, the applicable law, and the arguments and matters presented at the hearing, the Court finds and orders as follows.

**I.   BACKGROUND**

Defendant Colorado Regional Center Project Solaris LLLP ("CRCPS") is a Colorado limited liability limited partnership. It has no independent officers, directors, or employees. It acts – and can only act – through its general partner, CRC I. In this case, Li Plaintiffs each allegedly invested approximately $500,000 in CRCPS to become limited partners. That money was loaned to Solaris Property Owner LLC ("SPO"), but the obligations under the loan were subsequently assumed by Solaris Property Owner I LLC ("SPO I"). As stated, CRCPS's general partner is CRC I; CRC I is wholly owned by CRC; and CRC is wholly owned by Waveland. According to Li Plaintiffs, the loan is past due and has not been paid, and CRC I has failed to take action to have it repaid.

Li Plaintiffs filed this action on August 28, 2019, which was a *direct* action against several defendants allegedly involved with the loan, seeking to have the loan collected and the proceeds distributed to them and other limited partners. No derivative claims were filed even

---

[1] The Li Plaintiffs are those in Civil Action No. 19-cv-02443. The Cui Plaintiffs, Civil Action No. 19-cv-02637, do not join in the request to disqualify.

though, before filing their complaint, Li Plaintiffs sent a "derivative" demand letter for CRC I to call in the loan. Instead, Li Plaintiffs claimed CRCPS, CRC I, SPO, and Knobel all engaged in wrongful conduct; thus, as relevant here, the action was against the limited partnership *and* its general partner (collectively, "lender entities"). (ECF No. 1.) Snell & Wilmer entered its appearance for both lender entities.

  The original complaint was amended three times. The first amended complaint added Defendants Waveland, CRC, and SPO I and became a direct and derivative action. Li Plaintiffs filed claims *directly against CRCPS* and *derivatively on behalf of CRCPS*. (ECF No. 53.) The second amended complaint, also a direct and derivative action, added an additional Plaintiff. (ECF No. 86.) The third amended complaint was also a direct and derivative action, adding numerous counts. (ECF No. 121.) However, in response to CRC Defendants' Motion to Dismiss, Li Plaintiffs voluntarily dismissed all their direct claims. (ECF No. 210, p. 1.) Thus, during the hearing, the Court dismissed all direct claims. As it currently stands, the current complaint is diametrically opposite of the initial complaint – this case started solely as a direct action but is now solely a derivative action. And, under such derivative claims, CRC I is alleged to have engaged in various wrongful acts including violating securities laws and breaching its fiduciary duty to CRCPS.

  After raising derivative claims, Li Plaintiffs filed their first motion to disqualify Snell & Wilmer, arguing that under Colo. RPC 1.7, CRCPS and its general partner, CRC I, should have separate counsel. (ECF No. 111.) When the Li Plaintiffs filed another amended complaint, the Court denied the motion to disqualify without prejudice. (ECF No. 124.)

  Meanwhile, Li Plaintiffs filed a status report notifying the Court that CRC I had allegedly been removed as general partner of CRCPS and that Li Plaintiff's counsel's legal assistant was

3

now allegedly in control of and managed CRCPS. (ECF No. 183.) Li Plaintiffs also contend they fired Snell & Wilmer as counsel for CRCPS.[2] Thereafter, Snell & Wilmer moved to withdraw as counsel for CRCPS; the Court granted that motion. (ECF Nos. 197, 207.)

Li Plaintiff's second motion to disqualify Snell & Wilmer from representing CRC I followed the motion to withdraw. The second motion to disqualify is at issue here.

## II.     DISCUSSION

"'[T]he control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge, and is thus a matter of judicial discretion.'" *United States ex rel. Tracy v. Emigration Improvement Dist.*, 717 F. App'x 778, 780 (10th Cir. 2017) (quoting *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994)). Therefore, whether to grant a motion to disqualify counsel is within the sound discretion of the district court. *Id.*; *see also Chavez v. New Mexico,* 397 F.3d 826, 839 (10th Cir. 2005) (same). In determining the merits of the motion, the Court is mindful that "disqualification of a party's chosen attorney is an extreme remedy." *Cope v. Auto-Owners Ins. Co.*, 437 F. Supp. 3d 890, 906 n.14 (D. Colo. 2020) (quotation and citation omitted).

With exceptions inapplicable here, the District of Colorado has adopted the Colorado Rules of Professional Conduct as its standard of professional conduct. *See* D.C.COLO.LAttyR 2(a). Li Plaintiffs rely primarily on Colo. RPC 1.9(a), asserting this rule prohibits Snell & Wilmer from representing a party (CRC I) against a former client (CRCPS) in the same action. In addition, Li Plaintiffs assert that, under comment 29 of Colo. RPC 1.7, where a common representation fails the lawyer will "ordinarily" be required to withdraw from all representation. Essentially, Li Plaintiffs argue that Snell & Wilmer "switched sides" in this action. Snell &

---

[2] The validity of such actions is at issue in this case but not in this Order.

Wilmer[3] argues it did not "switch sides"; it is *continuing* to represent the CRC Defendants after withdrawing from representing CRCPS in the same lawsuit. Further, Snell & Wilmer asserts, Li Plaintiffs created the conflict – a "thrust upon conflicts"[4] – by their filing of the amended complaint and purported removal of CRC I as the general partner. The Court agrees.

In this case, the Court finds Rule 1.7 controls. Snell & Wilmer's conflict at issue arose *after* Li Plaintiffs converted their direct action into a direct and derivative action,[5] due to Snell & Wilmer's *concurrent* representation of CRCPS and CRC I.[6] Thus, the Rule 1.9 standard Li Plaintiffs rely on in evaluating *successive* representations are inapposite in this instance. Instead, as Snell & Wilmer argues, in a derivative context, numerous cases have allowed an attorney to *continue* to represent the officers and directors even though the attorney was disqualified from represented the company. Although the parties cite to no controlling decisions from the Tenth Circuit, the Court is persuaded by the legal authorities which CRC Defendants rely upon.

For example, in *Forrest v. Baeza*, 58 Cal. App. 4th 65, 67 Cal. Rptr. 2d 857 (1997), as relevant here, attorney McKim represented two corporations and two of three shareholders (all three were also directors/officers) against a third shareholder and others. The third shareholder filed an amended cross-complaint to include a derivative action against the two shareholders, alleging embezzlement and other wrongful conduct, and filed a motion to disqualify McKim. The motion was determined by a referee who ruled that McKim was disqualified from representing the corporations but not the shareholders.

On appeal, the *Baeza* court affirmed. In doing so, it recognized the following:

---

[3] The response in opposition to the Motion to Disqualify was filed by the CRC Defendants and Snell & Wilmer. The Court will refer to them collectively as "Snell & Wilmer."
[4] A "thrust upon" conflict is one where a conflict arises through no fault of the lawyer. *See Flying J Inc. v. TA Operating Corp.*, No. 1:06-cv-30 TC, 2008 WL 648545, at *4-5 (D. Utah Mar. 10, 2008).
[5] And purportedly removed CRC I.
[6] Which, as stated, is now solely a derivative action.

- That case law forbids dual representation of a corporation and directors in a shareholder derivative suit, at least where the directors are alleged to have committed fraud;

- That the "hot potato rule" bars curing dual representation conflicts by severing the relationship with a preexisting client, who is likely the less favored client;

- That, in the context of shareholder's derivative suits, an attorney does not *decide* to drop one client in preference for a more favored one; and

- That, on the issue of confidential information, where the corporation is comprised of limited shareholders, "it is impossible to conceive" of information which the attorney received from the "corporation" that is different from the information he received from the shareholders/directors/officers.

*Baeza*, 67 Cal. Rptr. 2d at 863, 866. Thus, in derivative litigation, "while dual representation of a corporation and its directors is impermissible (at least if the directors are charged with fraud), the attorney who formerly represented both clients may continue to represent the individual ones." *Baeza*, 67 Cal. Rptr. 2d at 867 (citations omitted). And, "where the functioning of the corporation has been so intertwined with the individual defendants that any distinction between them is entirely fictional, and the sole repositories of corporate information to which the attorney has had access are the individual clients, application of the 'former client' rule would be meaningless." *Id.* at 868. *See also, e.g., Campellone v. Cragan,* 910 So. 2d 363, 365 (Fla. Dist. Ct. App. 2005) (reversing trial court's disqualification of counsel from representation of corporations *and* shareholder; finding attorney could continue to represent shareholder after he was forced to withdraw from representing corporations in a derivative lawsuit); *Lewis v. Shaffer Stores Co.*, 218 F. Supp. 238 (S.D.N.Y. 1963) (attorney, who entered appearance for all defendants in a derivative action, was disqualified from representing corporation but not from representing officers and directors); *Musheno v. Gensemer*, 897 F. Supp. 833, 838 & n.5 (M.D. Pa. 1995) (in derivative action, disqualifying firm from representing corporation but stating

6

"nothing prevents [firm] from continuing to represent the directors"). Such findings and conclusions are also applicable here.

When this lawsuit was filed, the action was a direct one against CRCPS and CRC I (and others). Even Li Plaintiffs recognize Snell & Wilmer's representation of both lender entities "made some sense initially."[7] But, with Li Plaintiffs' filing of amendments and derivative claims and purported removal of CRC I, the interests of CRCPS and CRC I were no longer aligned.[8] Thus, Snell & Wilmer withdrew as counsel for CRCPS, but continued as counsel for CRC I. While Li Plaintiffs seek total disqualification, the Court has already rejected their reliance on Rule 1.9. Further, as Snell & Wilmer argues, Li Plaintiffs fail to identify any information Snell & Wilmer would have obtained that would be confidential to CRCPS in light of the relationship between CRCPS and CRC I or how any such unidentified information could be used to the detriment of CRCPS. Indeed, during oral argument, Li Plaintiffs' counsel essentially conceded there is really no information that CRCPS has or had that is any different than what information CRC I has or had.[9] And, Snell & Wilmer confirmed that is the case. After all, CRCPS only acts through its general partner (CRC I).

In summary, the Court finds Snell & Wilmer did not "switch sides" or drop CRCPS in favor of pursing the interest of another client, CRC I. Instead, when Li Plaintiffs' actions created

---

[7] ECF No. 215, p. 1.
[8] Li Plaintiffs also assert they "noticed" Snell & Wilmer was favoring CRC I over CRCPS during this case but provide nothing but unsubstantiated innuendo.
[9] Li Plaintiffs' counsel bemoaned that this was because Snell & Wilmer "never bothered to represent the limited partner." But, under Colo. RPC 1.13(a), "[a] lawyer employed or retained by an organization *represents the organization* acting through its duly authorized constituents." (Emphasis added.) Further, "the fact that an attorney represents a partnership does not, standing alone, create an attorney-client relationship with each of the partners." *Zimmerman v. Dan Kamphausen Co.*, 971 P.2d 236, 241 (Colo. App. 1998).

the conflict, Snell & Wilmer recognized the conflict and withdrew from representing CRCPS. They were required to do no more.[10]

### III. CONCLUSION

Based on the foregoing, it is **ORDERED** that Li Plaintiff's Motion to Disqualify (ECF No. 198) is **DENIED**.

DATED this 13th day of October, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[10] To the extent Li Plaintiffs seek to disqualify Snell & Wilmer from representing all CRC Defendants, they also fail to show this is warranted. Any such request would be denied for substantially the same reasons.

8