**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:19-cv-02443-RM-STV;
Consolidated with Civil Action No. 1:19-cv-02637

Li, *et al.*,

    Plaintiffs,

v.

Waveland Ventures, LLC, *et al.*,

    Defendants.

**DEFENDANT COLORADO REGIONAL CENTER, I LLC'S, REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE TO CUI PLAINTIFFS' MOTION FOR APPOINTMENT OF RECEIVER [ECF 257]**

Defendant Colorado Regional Center I, LLC (the "CRC I"), by and through undersigned counsel, hereby submits this Reply in Support of Motion for Leave to File Supplemental Response to Cui Plaintiffs' Motion for Appointment of Receiver ("Motion") [ECF 257] ("Reply"), stating as follows:

**Regarding Conferral on CRC I's Motion**

1.    As a preliminary matter, CRC I's Motion is directed at the Cui Plaintiffs' Motion for Appointment of Receiver [ECF 211]. CRC I wishes to supplement its response to that motion [ECF 229] in order to advise the Court of recent circumstances. [ECF 257]. Undersigned counsel tried, but was unable, to confer with counsel for the Cui Plaintiffs before filing its request to supplement. Since CRC I filed its Motion on Monday, counsel for the Cui Plaintiffs called

undersigned counsel, explained that counsel's internet was down on Monday, and stated that the Cui Plaintiffs do not oppose CRC I's Motion for Leave to file Supplemental Response. [ECF 257]. The Li Plaintiffs, who did not file the subject Motion for Appointment of Receiver or join it, however, have now objected to CRC I's request and CRC I will address the Li Plaintiffs' opposition [ECF 258] herein.

### Argument

2.     CRC I filed its Motion [ECF 257] simply to let the Court know of a recent factual development that appears material to the Cui Plaintiffs' pending Motion for Appointment of Receiver. [ECF 211].  Specifically, one of the primary reasons the Cui Plaintiffs presented for the requested receivership was that CRC I had allegedly failed to adequately protect the interest of CRCPS by permitting SPO I to hold title to certain luxury condominium units in Vail, Colorado (the "Property") after SPO I formally tendered the Property to CRCPS years ago. [ECF 211, pp. 11-12]. The only purpose of CRC I's Motion is to advise the Court that SPO I is no longer willing to hold title to the Property and that it intends to formally transfer title to the Property to CRCPS – just as the Cui Plaintiffs and the Li Plaintiffs have repeatedly demanded. That should be a good development, not a bad one, from Plaintiffs' perspective.

3.     The Li Plaintiffs, who again did not file or join in the Motion for Appointment of Receiver [ECF 211], appear to oppose CRC I's Motion – which again is nothing more than a responsible effort to advise the Court of changed circumstances that may (or may not) be relevant to the Court's resolution of the Motion for Appointment of Receiver. The Li Plaintiffs apparently misunderstand the changed circumstances, as they call their filing a response to a motion "to effectively transfer the title of all properties by December 31." [ECF 258]. As will be

2

discussed herein, CRC I is not seeking to transfer anything at all. It is instead simply advising the Court that the Property will be transferred *to* CRCPS – not *from* CRCPS.  This is exactly what the Li Plaintiffs have been demanding for more than a year.

4.     The Li Plaintiffs' response [ECF 258] does not explain why the Li Plaintiffs even have standing to object to CRC I's proposed supplemental response to a motion filed by the separate Cui Plaintiffs (who do not oppose this request).  The Li Plaintiffs' response instead misstates the background of this case and insists that SPO I's conveyance to CRCPS of title to the Property is somehow a bad thing for CRCPS. The Li Plaintiffs are wrong.

4.     CRC I has not reversed its position 180 degrees.  CRC I has advised the Plaintiffs and the Court of the following, repeatedly:

- Under the loan agreement between CRCPS and SPO I, the borrower (SPO I) had the option to put the Property to CRCPS for a period of time and the lender (CRCPS) had the opportunity to call the Property.  [ECF 20, ¶ 5; ECF 51, p. 7; **Exhibit A**, Hearing Transcript, 10/22/19, 19:8-20:3; ECF 115, ¶ 5; ECF 117, p. 3; ECF 184, p. 4; ECF 203, p. 6; ECF 204, ¶¶ 39-41; ECF 229, p. 3].

- SPO I put the Property to CRCPS to satisfy its obligation under the loan agreement. [ECF 20, ¶ 7; ECF 51, p. 7; Ex. A, Hearing Transcript, 10/22/19, 40:2-8; ECF 115, ¶ 7; ECF 117, p. 3; ECF 184, p. 5; ECF 203, p. 6; ECF 204, ¶ 42; ECF 216-1, ¶ 12; ECF 229, p. 3].

- CRC I's objective has always been to sell the Property to third parties and pay all limited partners the proceeds from the sales. [ECF 20, ¶ 9; ECF 51, pp. 8-9; Ex.

3

> A, Hearing Transcript, 10/22/19, 46:20-47:7; ECF 204, ¶¶ 45-46; ECF 229, pp. 4-5].

- CRC I realized that if SPO I tendered title to the Property to CRCPS and thereafter sold the Property to a third party or third parties, there would necessarily be transfer and transaction fees and costs. If, however, SPO I agreed to retain title after its tender of its put option to CRCPS, it could sell or transfer the Property or units of the Property to the third parties, release the proceeds to the equitable owner (CRCPS) and there would be no associated transfer fee. This contemplated three-way transaction was purposely designed to benefit CRCPS. [ECF 20, ¶ 8; ECF 46, p. 4; ECF 51, pp. 7-8; Ex. A, Hearing Transcript, 10/22/19, 40:16-42:10; ECF 115, ¶ 8; ECF 184, p. 5; ECF 216-1, ¶¶ 13-15; ECF 229, p. 3].

- The three-way transaction was approved by the Town of Vail on the three occasions in which CRCPS sold units of the Property (because the three-way transaction essentially retired debt and the security interest in the units of the Property). S*ee* **Exhibit B**, Declaration of Robert Glucksman, ¶ 9.

5. The Li Plaintiffs have consistently accused CRC I of lying about the purpose and motivation of the Agreement Regarding Collateral Units ("ACRU"), insisting that no transfer or transaction fees will be assessed when the Property is ultimately sold to third parties. For whatever reason, the Li Plaintiffs seemingly have never understood the difference between a transfer of the Property from SPO I to a third party designated by CRCPS (in which case, there would be no transfer or transaction fees) and a transfer from SPO I to CRCPS and a subsequent transfer to a third party (in which case, there would be). In the Li Plaintiffs' response to the

Motion, counsel represents that he has spoken with the Vail City Clerk and Town Attorney who have confirmed that the transfer from SPO I to CRCPS would not involve a transfer fee. The Cui Plaintiffs are also well aware of this fact. [ECF 247, the Cui Plaintiffs' Supplemental Request for Judicial Notice]. CRC I agrees, of course, that a transfer from SPO I to CRCPS in and of itself would not lead to a transfer fee. Indeed, that much is clear and obvious, and always has been. What CRC I has been attempting to avoid is the transfer fee that will of course occur if and when *CRCPS is the transferor* and the transfer is to a third party. Two separate transactions (SPO I to CRCPS followed by CRCPS to third party) will trigger that transfer fee, as well as additional expenses, where the single three-way transaction used previously would not and has not. *See* Hearing Transcript, 10/22/19, 40:16-42:10; *see also* Ex. B, ¶ 9.

6. Notably, what the Li Plaintiffs now appear to oppose is what they (and the Cui Plaintiffs) have consistently demanded. [ECF 121, p. 39, ¶¶ 158-59 ("Therefore, CRCPS should compel transfer of the units from SPO I to itself so that the property can be safeguarded, in accordance with Section 8.06 of the LPA which requires CRC I to safeguard the assets of CRCPS"; *see also* ECF 169, pp. 27-29 and 31 (the Cui Plaintiffs' Third Amended Complaint, where they seek a decree of specific performance requiring SPO I to convey to CRCPS title of the Property)].

7. The factual development that CRC I believes the Court should consider is that after one year of litigation, SPO I is no longer willing to hold title to the Property. It is simply not true that there was any kind of agreement between the parties that the Property would not be transferred *to CRCPS* and such an agreement would make no sense at all. In fact, the exact opposite is what occurred: to address the Cui Plaintiffs' concern that CRC I would sell the

5

Property to third parties with motions pending, CRC I committed that it would not sell or transfer the Property while the Court is considering the pending Motion for Appointment of Receiver. That is, CRC I committed to maintaining CRCPS' equitable ownership and control of the Property. CRC I has lived up to its commitment to the Court. The Li Plaintiffs' apparent opposition to what it has been seeking for more than a year – transfer of title of the Property to CRCPS – is simply an objection for the sake of objecting.

## Conclusion

CRC I respectfully requests that the Court accept for filing its proposed Supplemental Response to the Motion for Appointment of Receiver. The Court, of course, can give as much or as little consideration of the content of that supplement as it deems appropriate.

Dated:  December 16, 2020

*/s/ James D. Kilroy*
James D. Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email:  jkilroy@swlaw.com
Email:  skanan@swlaw.com

***Counsel for Defendants Colorado Regional Center LLC, Colorado Regional Center I, LLC, Waveland Ventures, LLC***

## CERTIFICATE OF SERVICE

       This is to certify that on December 16, 2020, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

                                    */s/Sandy Braverman*
                                      for Snell & Wilmer L.L.P.

4815-8373-7300