IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.
        Plaintiffs,

                                                  Hon. Judge Moore
        v.                                    Hon. Magistrate Varholak

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.
        Defendants.

---

**Status Report that Defendants SPO1 and CRC1 have Taken
Unauthorized Action for nominal defendant CRCPS in Spite of
Judge Moore Not Authorizing Anyone to Act for CRCPS**

---

This Court is in the process of deciding motions on who is authorized to act for Colorado Regional Center Project Solaris LLLP ("CRCPS") [ECF#s 197, 207, 210, 220].

Only the person who is chosen by the Court will have the power to decide for CRCPS what remedies it will pursue with regard to the $82.5 million loan that it made to Solaris Property Owner I LLC ("SPO1") and which is 4 years past maturity, with unpaid principal, interest, and fees in the range of $100 million. Like any other lender facing a defaulting borrower, CRCPS may sue for the full amount of the loan, *or* if a lawsuit for full repayment in cash does not work, it may accept collateral in partial payment and sue for the deficiency. The decision is up to CRCPS as lender, not up to SPO1 as the defaulting borrower.

But SPO1 had made this decision for CRCPS without Court authorization and without conferring with opposing counsels, by transferring the loan collateral (that is, condominium titles) thereby preventing CRCPS from suing for the full amount of the loan [ECF#257]. SPO1 is shoving

the collateral down the neck of CRCPS without permission from CRCPS nor from this Court. In conferral yesterday, they informed all the lawyers that this transfer may have already occurred -- without Court approval and without the approval or conferral with CRCPS. SPO1 has taken this action without telling a soul, and it was only made public by Colorado Regional Center I, LLC ("CRC1") in a status report, but CRC1 itself has no power to act for CRCPS since it was removed and fired as general partner of CRCPS. Let's be clear on what just took place: two parties with no power to control or speak for CRCPS have made a decision for CRCPS that determines the entire outcome and path of this lawsuit. Neither CRC1 nor SPO1 have the right to decide for CRCPS that it will take collateral instead of suing for the full amount of the loan. But that is what just happened when Judge Moore wasn't looking.

By way of background, the limited partners of CRCPS removed CRC1 - that is, *fired* CRC1- due to its negligence in refusing to call for cash repayment by SPO1 of all principal, interest, and fees on the loan. Against the wishes of every single limited partner who could be located (112 limited partners out of 154 total), CRC1 refused to demand that SPO1 make cash payment on the defaulted loan (an amount likely in excess of $100 million). Instead of demanding $100 million cash, CRC1 preoccupied itself with schemes whereby CRCPS would merely take a surrender of collateral (that is, condominium titles currently worth perhaps $20-30 million, even less during a pandemic). Despite every single locatable limited partner accusing CRC1 of negligence for their cowardice in refusing to seek cash repayment from SPO1, and despite every single locatable limited partner demanding its removal and appointment of a proxy who would demand repayment of the loan in cash (which was done), CRC1 nevertheless persists that they should still control CRCPS despite it being owned by investors who hate them [ECF#s 197, 207, 210]. The Court ordered briefing and argument on the removal of CRC1 as general partner

2

[ECF#220], but Judge Moore has not yet reached a decision on who controls CRCPS.  One thing is clear, the owners of CRCPS do not want CRC1 making any decisions for CRCPS, and they have put their faith in a proxy named Yiwen Chen who had notified SPO1 that the loan is called for immediate collection of principal, interest, and fees.  **SPO1 has received a demand letter from Yiwen Chen for at least 70% of the owners of CRCPS (all who could be located) informing SPO1 that it must repay the loan *in cash*, not by title transfer.  SPO1 has willfully ignored this letter and decided against CRCPS's demand that it will shove the collateral down the throat of CRCPS.**

SPO1's action of forcing the collateral on CRCPS against its will is particularly egregious since the PPM and loan documents clearly say that repayment of the loan by collateral is only allowed during years 3-5 of the loan, which is long past.  We are currently four years beyond the five year maturity of the loan, so SPO1 has no right to repay the loan in collateral, and CRCPS has no obligation to accept repayment by collateral.  Everyone in this litigation knows that CRCPS wants to be repaid by SPO1 in cash, and everyone knows that the Judge has not yet said who is authorized to act for CRCPS.  As a result, CRC1 and SPO1 cannot unilaterally take over the litigation and wrest control from the Judge and unilaterally decide that CRCPS must take collateral instead of suing for the full amount due under the unpaid loan.

In conferral, CRC1 and SPO1 claimed that they are merely doing what CRCPS has asked them to do, which is turn over the collateral.  This is a lie.  CRCPS has *always* demanded cash repayment of the loan first. Here is the first demand letter sent by the Plaintiffs in July of 2019:

> "This letter is a demand that the general partner CRC1 take the following actions for my clients as limited partners: 1. Declare default and accelerate the Note from SPO, sue on the Note, and immediately use the proceeds to repay investors."

[ECF#165-1 at 4-5]. Indeed, the Plaintiffs (for CRCPS) moved for an injunction forcing CRCPS to call the entire loan for payment in cash [ECF#165], which this Court denied on the theory that the Plaintiffs had a remedy at law to call the entire loan for cash; well, guess what, this remedy at law has now been wiped out by SPO1 and CRC1 in forcing CRCPS to take collateral instead of allowing CRCPS to sue for the full amount of the loan. Now CRCPS has no adequate remedy at law for the full amount of the loan, since it has been forced to eat the collateral. The Plaintiffs saw this coming and that is why they sought injunctive relief to call the loan, knowing that the borrower SPO1 would try some trick to pay back the loan in an asset other than cash.

Right now, no one is authorized to unilaterally decide for CRCPS that it will abandon its quest for full repayment of the loan in cash. No one has the right to force CRCPS to take collateral that it doesn't want. Accordingly, the Li Plaintiffs inform this court that SPO1 and CRC1 have wrongfully taken action for CRCPS without this Court having determined they are entitled to do so.

Let's get real. SPO1 is a defaulting borrower who took an $82.5 million from CRCPS but refuses to pay the money back long after it is overdue. CRC1 was fired and removed from CRCPS for cowardice and inability to demand repayment from SPO1 in cash. These two entities are **_failures_**. It is absurd that these two failures are taking control of this case right under the Judge's nose.

The Plaintiffs will say this again for the 100th time: this is a simple collection action. The borrower had a window to repay the loan with collateral but that window closed, and now they must repay in cash. Period, end of story. All the rest is smoke and mirrors.

5

Dated: December 24, 2020                                  Respectfully Submitted,

/s/ Douglas Litowitz
413 Locust Place,
Deerfield, IL 60015
312-622-2848; Litowitz@gmail.com

**Local Rule 7.1 Conferral Statement**

Attorney Litowitz conferred by email and met by Zoom with the attorneys of record on December 23, 2020, before filing this Status Report. SPO1 and CRC1 oppose this Status Report, while the Cui Plaintiffs do not oppose.

**Certificate of Service**

This document was filed on the ECF system for the District of Colorado on December 24, 2020 and thereby sent to all counsels of record.