# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.
        Plaintiffs,

        v.

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.
        Defendants.

Hon. Judge Moore
Hon. Magistrate Varholak

## Motion for Telephonic Conference on Defendants' Motion for Leave to File Supplemental Response to Cui Plaintiffs' Motion for Appointment of Receiver - And Requesting Denial of this Motion and Nullification of its Purported Effect

Defendant Colorado Regional Center I LLC ("CRC1") filed a Motion for Leave to File a Supplemental Response to Cui Plaintiffs' Motion for Appointment of Receiver [ECF#257]. This was styled as a "Supplemental Response" but it was not a new argument as one would expect from that title. It was actually a bombshell notice that the borrower SPO1 unilaterally and without Court approval, nor lender approval, had suddenly decided on its own that it had the authority to repay its overdue loan to Colorado Regional Center Project Solaris LLLP ("CRCPS") by transferring titles of the collateral condominiums, many years after that was permissible under the transaction documents. The Private Placement Document prohibits repayment by title transfer after maturity of the loan:

> After three years following a Loan Advance, upon 60 days prior written notice to the Company (the "Prepayment Notice Period"), SPO shall have the right to prepay all or certain minimum amounts of the outstanding principal balance on the Solaris Note by tendering to the Company either

> (i) a special warranty deed to a Condominium Unit . . . or (ii) cash in the amount of the principal amount of the prepayment plus all accrued interest. . . On the five-year anniversary date of each respective Loan Advance (the "Maturity Date"), provided that the specific Loan Advance has not previously been paid, SPO will be obligated to pay the entire remaining unpaid principal balance together with any accrued and unpaid interest in full. [ECF#121; Ex.3, pp. 1, 3].

This is crystal clear: the loan can only be repaid by title transfer after 60-day notice during years 3-5 of the loan; after maturity, it must be paid in cash. It is now year 8. The window for repayment by transfer of title has closed. This is now a collection action for cash.

**The fact that defaulting borrower SPO1 wants to suddenly transfer titles is proof that they never *previously* transferred titles, and therefore never prepaid the loan, nor paid it at maturity by transfer of title. By waiting until year 8 to transfer title, they are admitting that they failed to do so within the permissible time frame.** They are not allowed to rewrite history; the loan is overdue and must be paid back in cash.

This is why ECF#257 was not a "Supplemental Response" to the issue of a Receiver, but rather an attempt to avoid paying $100 million in principal and interest, by instead pretending that they still had the right to repay the loan by transferring titles worth perhaps $20-30 million. This is totally underhanded and ethically abhorrent. They borrowed $82.5 million mostly in 2012 and 2013; now they have to pay it back. That is not complicated.

The *Li Plaintiffs* filed a Response to the Motion even though the Motion was addressed to the *Cui Plaintiffs*, because the "Supplemental Response" eliminates the cash repayment remedy sought by the Li Plaintiffs. The "Supplemental Response" is not a "response" at all; it has nothing to say about the Cui Plaintiffs' Motion for Receivership. Rather, it is an attempt by CRC1 and SPO1 to act in cahoots to allow SPO1 to escape its cash obligation to CRCPS (likely in the range of $100 million) and merely turn over titles worth perhaps $20 to 30 million, thereby shortchanging

2

the Chinese investors of $70 million or more.  They cannot do this because it is disallowed by the loan documents and because it lacks Court approval and because it lacks lender approval.

Accordingly, the Li Plaintiffs filed their Response as ECF#258.  The Court allowed CRC1 to file a Reply, which it did [ECF#259, 260].  So the matter is fully briefed.

The Li Plaintiffs also filed a Status Report [ECF#261] informing the Court that defendants CRC1 and SPO1 had taken unauthorized action for CRCPS to accept titles as repayment when in reality neither CRC1 nor SPO1 were authorized to act for CRCPS .  Not only was the loan already past maturity and in default so it could not be repaid with titles, but there was no one appointed by the Court for CRCPS to take delivery of the titles since this Court had never ruled on who was in authority at CRCPS; after all, more than 70% of the limited partners removed and fired CRC1 precisely for its unwillingness to enforce the loan documents and collect cash, instead colluding with the borrower SPO1 to take titles instead of cash, and the matter is before the Court.  The *owners* of CRCPS do not want CRC1 taking any action for CRCPS, let alone accepting titles in lieu of cash repayment; they have appointed Ms. Yiwen Chen as their representative to demand **cash** repayment from SPO1 which she did on June 1, 2020 [ECF#217-4].  CRC1 are fired; they are removed.  They cannot accept titles for CRCPS.  The entire scam is a nullity: the loan cannot be repaid by titles and there is no one at the lender's office who is empowered to accept the titles.  This is a scam to avoid paying back the loan in cash.

This scam needed to be blocked, but the Court was silent.  So the Li Plaintiffs sent an email to the Court asking for a telephone conference on the motion-response-reply.  The Court said that a telephone conference had to be requested by motion.  Accordingly, the Li Plaintiffs hereby request a telephone hearing on the motion sequence ECF#257-261.  The Li Plaintiffs seek a Court

Order denying the relief requested in the Supplemental Motion because the condominium titles could only be returned in years 3-5 of the loan, which has passed, and holding that there is no one appointed as head of CRCPS to take the titles, and CRCPS does not want the titles. Therefore, the purported transfer is an unauthorized attempt to avoid paying back cash, and is null and void.

WHEREFORE, the Li Plaintiffs ask this Court to hold a telephone hearing and deny CRC1's Motion for Leave to Supplement its Response to the Motion for Appointment of a Receiver, and to nullify the legal effect of the title transfer therein.

Local Rule 7.1 Conferral Statement. Attorney Litowitz discussed all these matters by email and Zoom with the attorneys of record on December 23, 2020, and the Defendants oppose the motion while the Cui Plaintiffs support it.

Dated: December 29, 2020                             Respectfully Submitted,

/s/ Douglas Litowitz
413 Locust Place,
Deerfield, IL 60015
312-622-2848
Litowitz@gmail.com

### Certificate of Service

This document was filed on the ECF system for the District of Colorado on December 29, 2020 and thereby sent to all counsels of record.