IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.
        Plaintiffs,

                      Hon. Judge Moore
        v.                Hon. Magistrate Varholak

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.
        Defendants.

## Request for Court To Estimate Date of Ruling

    Civil Practice Standard II.B.1 disallows letters to Judge Moore's chambers and requires that all filings be made on the ECF system. In that spirit, the Li Plaintiffs will not submit a letter to chambers but will file this request for this Court to provide a time frame when it expects to issue rulings on the pending motions.

    We live in interesting times, so to speak, and everything has slowed down. But the pending motions are vital to both sets of Plaintiffs because they seek to alter the disastrous status quo and effectuate much needed change, including removing defendant CRCI as general partner of CRCPS, and having a receiver take control of its property and records.

    The status quo benefits the Defendants because they are sitting on ill-gotten gains. SPOI received an $82.5 million loan of Chinese money in exchange for turning over titles to collateral worth perhaps $30-40 million in present value (such titles were transferred just last month) while being let off the hook for interest by CRCI since 2015; and CRCI still accrues its annual 2% 'management' fees which is like paying the chef for burning down the restaurant. The market in

Vail did not take a 50-60% dive, so a 50-60% transfer of wealth from the Chinese investors of CRCPS to CRCI/SPOI couldn't happen by accident: it obviously took a special blend of incompetence and collusion. A child can see that something bizarre is afoot, and I'm sure the Court can as well. This case will go forward and it might as well go forward as soon as possible.

Over 70% of the limited partners have voted CRCI removed as general partner, and there is no statutory or case law requiring this Court to give approval. The limited partners want a Receiver as a neutral observer to assess the carnage left by the Defendants who stuffed themselves at the expense of the Chinese investors, and the Deeds of Trust allow for this. The relief sought by the Plaintiffs on these matters is purely a matter of contracts signed by the Defendants, so there is no reason for delay. Certainly your Honor may strike one or more counts, but in general the Plaintiffs have sat through an endless discovery stay which can finally be lifted by a ruling.

Your Honor is probably besieged from all sides these days, but the Li Plaintiffs ask for some estimate of when your Honor will rule, and we are willing (as are the other lawyers, I am sure) to confer with your Honor again if it would help.

Dated: January 25, 2021                                    Respectfully Submitted,

/s/ Douglas Litowitz
413 Locust Place,
Deerfield, IL 60015
312-622-2848
Litowitz@gmail.com

### Certificate of Service

This document was filed on the ECF system for the District of Colorado on January 25, 2021 and thereby sent to all counsels of record.