**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:19-cv-02443-RM-STV;
Consolidated with Civil Action No. 1:19-cv-02637

Li, *et al*.,

    Plaintiffs,

v.

Waveland Ventures, LLC, *et al*.,

    Defendants.

---

**CRC DEFENDANTS' RESPONSE TO MOTION TO DISMISS THE STATE-LAW
CLAIMS UNDER FED. R. CIV. P. 12(h)(3) AND 12(b)(1)
[ECF 272]**

---

Defendants Colorado Regional Center I, LLC, Colorado Regional Center, LLC and Waveland Ventures, LLC (the "CRC Defendants"), submit this Response to Motion to Dismiss the State-Law Claims under FRCP 12(h)(3) and 12(b)(1) [ECF 272], stating as follows:

## BACKGROUND

In its March 2, 2021 Order on Pending Motions [ECF 271], the Court dismissed all claims asserted against the CRC Defendants by the Cui Plaintiffs and the Li Plaintiffs.  [ECF 271, pp. 52-53].  The Court did not, however, dismiss all claims asserted by the Cui Plaintiffs and the Li Plaintiffs against the separate SPO Defendants.  The Court expressly held that the only remaining claims were the Cui Plaintiffs' and the Li Plaintiffs' breach of contract and

declaratory judgment claims directed at the SPO Defendants, and CRC I's counterclaim against the Li Plaintiffs for declaratory relief. [ECF 271, pp. 52-54].

The Court also noted that based on its rulings a question has now arisen as to whether the Court *currently* has or should retain subject matter jurisdiction over the remaining breach of contract and declaratory claims (the remaining claims against the SPO Defendants) and the declaratory counterclaim (the remaining counterclaim asserted by CRC I against the Li Plaintiffs). [ECF 271, pp. 50-52]. The Court therefore asked for briefing on the issue of whether the Court currently has diversity jurisdiction over the remaining claims and counterclaims and, if not, whether the Court should retain supplemental jurisdiction over the remaining claims and counterclaim. [ECF 271].

In response to the Court's request for further briefing, the Li Plaintiffs filed a Brief on Jurisdiction [ECF 272] which included a motion to dismiss the Li Plaintiffs' own claims under Fed. R. Civ. P. 12(h)(3) and 12(b)(1) (referred to herein as "Motion"). Thereafter, the Court issued a Minute Order as follows "(a)fter reviewing Li Plaintiffs' filing [272], the parties shall respond in accordance with D.C.COLO.LCivR 7.1." [ECF 273].

## ARGUMENT

### A.   Introduction

The Li Plaintiffs' Motion is confusing. Based on the Court's March 2, 2021 Order on Pending Motions [ECF 271], the only remaining claims in this case are the Cui and Li Plaintiffs' claims against the SPO Defendants for breach of contract and declaratory judgment, and CRC I's counterclaim against the Li Plaintiffs for a declaratory judgment.

It appears that the Li Plaintiffs are now literally moving for a dismissal, under Fed. R. Civ. P. 12, of their own claims against the SPO Defendants, claiming that the Court no longer has subject matter jurisdiction over those claims. If this is indeed what the Li Plaintiffs are requesting, the CRC Defendants take no position on that request; that request, by definition, is directed only at the SPO Defendants. To be clear, the CRC Defendants do not object to the Li Plaintiffs' motion to dismiss their own claims against the SPO Defendants under Fed. R. Civ. P. 12.

The CRC Defendants nevertheless respond to the Li Plaintiffs' Motion because it appears that the Li Plaintiffs are also asking the Court to reconsider its March 2, 2021 Order on Pending Motions [ECF 271], and in particular the Court's dismissal of claims the Li Plaintiffs asserted against the CRC Defendants. If this is what the Li Plaintiffs are requesting – and, again, the Motion is entirely unclear – then the CRC Defendants oppose this effort. There is no basis for this Court to revisit its dismissal of the Cui Plaintiffs' and Li Plaintiffs' claims against the CRC Defendants because it clearly had jurisdiction over all claims when it considered and ruled on the CRC Defendants' Rule 12(b)(6) Motion to Dismiss.

4821-1745-5329

**B.      The CRC Defendants Do Not Object to the Li Plaintiffs' Fed. R. Civ. P. 12 Motion to Dismiss the Li Plaintiffs' Remaining Claims Against the SPO Defendants.**

In their Third Amended Complaint, the Li Plaintiffs asserted three bases for federal jurisdiction: (a) diversity jurisdiction under 28 U.S.C. § 1332(a)(2); (b) federal question jurisdiction under 28 U.S.C. § 1331 "because the Plaintiffs assert violation of the Securities Exchange Act of 1934; and, (c) supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367. [ECF 121, pp. 4-5, paras. 1-3].

After the Court issued the March 2, 2021 Order [ECF 271], the Li Plaintiffs have, for the first time, taken the position that the Court lacks the diversity jurisdiction they expressly alleged in their Third Amended Complaint [ECF 121, p. 4, para. 1]. And with that concession, the Li Plaintiffs now ask the Court to dismiss the remainder of their claims under F.R.C. P. 12 – all of which are directed at the SPO Defendants.  The Li Plaintiffs cite no case law involving the unusual situation of a plaintiff filing a Fed. R. Civ. P. 12(b)(1) or Fed. R. Civ. P. 12(h)(3) motion to dismiss its own claims for lack of subject matter jurisdiction. To the CRC Defendants' knowledge, there likely never has been such a case, because, of course, plaintiffs in federal court are required to allege, in compliance with Fed. R. Civ. P. 11, "a short and plain statement of the grounds for the court's jurisdiction.…" Fed. R. Civ. P. 8(a)(1). The Li Plaintiffs appear to argue that their jurisdictional pleading was baseless and now ask for the Court to dismiss that pleading under Fed. R. Civ. P. 12.

In any event, the CRC Defendants do not oppose the Li Plaintiffs' Fed. R. Civ. P. 12 Motion to dismiss their own claims against the SPO Defendants.

      **C.**    **The Court Should Reject the Li Plaintiffs' Apparent Request to Reconsider Its Dismissal of Claims Asserted Against the CRC Defendants and Issue an Order that the Li Plaintiffs Are Free to File the Dismissed Claims in State Court.**

If the Li Plaintiffs' Motion had been limited to a clear request to dismiss its own claims against the SPO Defendants, then the CRC Defendants would not have even filed this Response. But the Li Plaintiffs appear to go much farther. The Li Plaintiffs appear to contend that the Court not only currently lacks subject matter jurisdiction over the remaining claims asserted against the SPO Defendants, but that it also somehow lacked (past tense) subject matter jurisdiction over the Li Plaintiffs' state law claims when the Court dismissed those very claims on March 2, 2021 in the Order on Pending Motions. The Li Plaintiffs' prayer for relief in the Motion asks the Court, among other things, for an order that "the Li Plaintiffs' case and *all* state-law claims are dismissed under Fed. R. Civ. P. 12(h)(3) due to lack of original subject matter jurisdiction and lack of supplemental jurisdiction," and that "the Li Plaintiffs are free to file their state-law claims in state court." [ECF 272, p. 14 (emphasis added)].

In other words, despite identifying Fed. R. Civ. P. 12 as the procedural basis of their Motion, the Li Plaintiffs are apparently also asking the Court to reconsider its dismissal of the state claims the Li Plaintiffs asserted against the CRC Defendants, rule that the Court lacked subject matter jurisdiction to determine those claims, and expressly permit the Li Plaintiffs to refile the now-dismissed claims in state court. This aspect of the Li Plaintiffs' Motion is baseless and nonsensical. If the Li Plaintiffs are in fact requesting the Court to reconsider and reverse its March 2, 2021 Order on Pending Motions [ECF 271] – and the Li Plaintiffs are hereby invited to correct that impression in their reply if it is incorrect – this aspect of their request must be denied.

5

The very premise of the Li Plaintiffs' apparent position – which seems to be that the Court never had subject matter jurisdiction over the Li Plaintiffs' state law claims that the Court has now dismissed – is certainly audacious (in light of the Li Plaintiffs' own pleading), and, more importantly, completely wrong.  Again, the Li Plaintiffs asserted three bases for subject matter jurisdiction – diversity, federal question and supplemental jurisdiction over the state law claims. [ECF 121, pp. 4-5, paras. 1-3].  The Court properly dismissed all federal question claims asserted against all Defendants and also properly dismissed *all* claims asserted against the CRC Defendants. [ECF 271].

The Li Plaintiffs now, however, contend that because there was never diversity jurisdiction over the state law claims against the CRC Defendants, the Court "doesn't have – and never had – subject matter jurisdiction over the state-law claims which it addressed in its recent opinion." [ECF 272, p. 2].  Setting aside that it was of course the Li Plaintiffs themselves who invoked diversity jurisdiction under 28 U.S.C. 1332(a), they *also* asserted both federal question jurisdiction under 28 U.S.C. § 1331, and, critically, supplemental jurisdiction under 28 U.S.C. § 1367.

The CRC Defendants *never* contested subject matter jurisdiction, nor could they have.[1]  At the very least, based on the Li Plaintiffs' own pleading, the Court had both federal question jurisdiction in light of the Li Plaintiffs assertion of federal question securities claims and also supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims.  The Court undeniably had subject matter jurisdiction over all claims the Li Plaintiffs asserted against the

---

[1] On page 3 of their Motion, the Li Plaintiffs oddly seem to fault the CRC Defendants for not filing a Fed. R. Civ. P. 12(b)(1) motion to dismiss the Li Plaintiffs' own lawsuit. Any such motion would, of course, have been groundless.

CRC Defendants – if not under diversity jurisdiction principles, at least under federal question and supplemental jurisdiction principles.  As such, this Court most certainly had jurisdiction to consider and rule on the CRC Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) [ECF 203] and the Order on Pending Motions [ECF 272] that followed.

The Li Plaintiffs now desperately insist that supplemental jurisdiction over the Li Plaintiffs' state claims under 28 U.S.C. § 1367 could not and cannot be invoked because the federal securities claim "does not share commonality with the state-law counts." [ECF 272, p. 10].  In their haste to avoid the Court's ruling on the very claims they asserted in this federal Court, the Li Plaintiffs again appear to have forgotten that they alleged the exact opposite in their Third Amended Complaint. [ECF 121, p.  52].  The Li Plaintiffs' current effort to reject the subject matter jurisdiction that they expressly invoked when they filed their Third Amended Complaint, came about, of course, only after the Court dismissed all claims against the CRC Defendants and the Li Plaintiffs were made aware that the CRC Defendants would seek their attorney fees.

Moreover, the Li Plaintiffs do not even attempt to explain how the relief they apparently seek, as set forth in their prayer for relief, is even available under a Fed. R. Civ. P. 12 Motion in which the Li Plaintiffs are asking for dismissal of their own remaining claims against the SPO Defendants. The Court need not and should not reconsider the state law claims against the CRC Defendants that it has already dismissed.

"Grounds  warranting  a motion to reconsider include  (1)  an  intervening  change  in  the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012

7

4821-1745-5329

(10th Cir. 2000). A motion to reconsider is appropriate only "where the court has misapprehended the facts, a party's position, or the controlling law," but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citation omitted).

There are no grounds warranting reconsideration of the Court's Order dismissing all claims against the CRC Defendants. This Court did not misapprehend the facts, the Li Plaintiffs' position, or controlling law, nor have the Li Plaintiffs even argued or presented facts that would support such any finding that there has been an intervening change in the controlling law, new evidence previously unavailable, or a need to correct clear error or prevent manifest injustice. And the Li Plaintiffs had numerous occasions to raise jurisdictional arguments, but never did until after they received an unfavorable ruling. The Court should deny the Li Plaintiffs' Motion to the extent they are requesting reconsideration of the Court's Order on Pending Motions.

Likewise, the Court should reject the Li Plaintiffs' request for an order that the "Li Plaintiffs are free to file their state-law claims in state court." [ECF 272, p. 14]. Much of the Li Plaintiffs' Motion is devoted to a misguided and legally incorrect insistence that the Court's March 2, 2021 Order on Pending Motions [ECF 271] will have no preclusive effect on any future state court litigation the Li Plaintiffs choose to pursue. The Court need not even address the Li Plaintiffs' contentions on this point; the CRC Defendants have been dismissed from this lawsuit, so if and when the Li Plaintiffs file another lawsuit in another court, the court in that proceeding of course can and should determine the preclusive effect of this proceeding.

Finally, the Li Plaintiffs appear to here be attempting to exploit a potential ambiguity in the March 2, 2021 Order. In that Order, the Court expressly stated that the Cui Plaintiffs' state

law claims against the CRC Defendants were dismissed with prejudice. [ECF 271, p. 52]. The Order, however, did not include the words "with prejudice" when referencing the identical state law claims asserted by the Li Plaintiffs. [ECF 271, p. 53]. But inclusion of the words "with prejudice" was not necessary.

It is well-settled that a dismissal for failure to state a claim pursuant to Rule 12(b)(6) is an adjudication on the merits. *See, e.g.*, *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits."); *see also Hagans v. Lavine,* 415 U.S. 528, 542 (1974) ("[I]t is well settled that the failure to state a proper cause of action calls for a judgment on the merits."). "[A]n adjudication upon the merits is the opposite of a dismissal without prejudice." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001); *see* F.R.C.P. 41(b) ("Unless the dismissal order states otherwise, … any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."). "Thus, because an involuntary dismissal is an adjudication on the merits, it is, in the words commonly used by the federal courts, 'with prejudice.'" Wright & Miller, 9 Fed. Prac. & Proc. Civ. § 2373 (4th ed.) (citations omitted).

Here, when it dismissed the Cui Plaintiffs' and Li Plaintiffs' claims against the CRC Defendants for failure to state a claim under Rule 12(b)(6), the Court rendered an adjudication on the merits. As a result, whether or not the dismissal order specifically stated that the Li Plaintiffs' state law claims were dismissed "with prejudice" is immaterial. *See, e.g.*, *Koshak v. County of Orange*, 637 Fed. App'x 323, 324 (9th Cir. 2016) ("The failure to state whether the

dismissal was with prejudice or not is immaterial where the terms 'adjudication on the merits' and 'with prejudice' are interchangeable.").

## CONCLUSION

For the above reasons, the CRC Defendants do not oppose the Li Plaintiffs' request for dismissal of their remaining claims against the SPO Defendants. But to the extent the Li Plaintiffs seek reconsideration of the Court's March 2, 2021 Order on Pending Motions or a finding that this Court lacked subject matter jurisdiction over the state law claims that have already been dismissed on their merits, the Court should deny such request in its entirety.

Dated:  March 24, 2021

*s/ James Kilroy*
James Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email:  jkilroy@swlaw.com
Email:  skanan@swlaw.com

***Counsel for Defendants Colorado Regional Center I, LLC, Colorado Regional Center LLC and Waveland Ventures, LLC***

**CERTIFICATE OF SERVICE**

This is to certify that on March 24, 2021, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

　　　　　　　　　　　　　　　　　　　　*/s/Amy Kovarsky*
　　　　　　　　　　　　　　　　　　　　for Snell & Wilmer L.L.P.

4821-1745-5329