IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.
        Plaintiffs,

        v.                  Hon. Judge Moore
                      Hon. Magistrate Varholak

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.
        Defendants.

## Li Plaintiffs' Reply to CRC Defendants' Response [ECF 279] on Li Plaintiffs' Motion to Dismiss the State-Law Claims for lack of Subject Matter Jurisdiction [ECF 272]

The CRC Defendants don't say a single word nor cite a single case on the jurisdictional issue raised by this Court, namely whether CRCPS should be aligned as a plaintiff or as a defendant. They don't add an inch of progress on this central issue. Instead, they offer a misreading of the Judge's use of the word "remaining" in the following sentence:

> If the Court only had original jurisdiction based on federal question, it may be appropriate for it to decline to exercise subject matter jurisdiction over the *remaining* breach of contract and declaratory claims and declaratory counterclaim. But the Court need not reach this issue if it also has diversity jurisdiction. In light of the uncertainty, the Court directs the parties to brief this issue as set forth below.

ECF 271: 51-52 (emphasis added). The Court is saying that it had original subject matter jurisdiction to rule on the federal claims, but as to the *remaining* counts - that is, the non-federal claims - it may have lacked subject matter jurisdiction due to failure of diversity. And the question of diversity comes down to how CRCPS should be aligned:

> In this case, it would appear that CRCPS should be aligned as a defendant, in which case, if the citizenship of CRCPS is based on the citizenship of its members, diversity jurisdiction does not appear to exist. Thus, on this record, complete diversity has not been plausibly alleged. [ECF 271: 51].

In their motion, the Li Plaintiffs explained why they listed CRCPS as a nominal party aligned as a plaintiff [ECF 272]. The Li Plaintiffs also explained the law on this issue in detail, saying that it was an incredibly complicated area where reasonable minds can differ. The Li Plaintiffs thought they avoided the diversity issues that arrive in a derivative context with unincorporated associations by claiming that CRCPS was only a nominal party that was truly aligned with the plaintiffs (or so they thought). This put CRCPS on the same side of the "v." (so to speak) as the limited partners of CRCPS, obviating any diversity issues.

But the Li Plaintiffs acknowledged that the issue was close, and courts differ, with some automatically aligning a company as a defendant when sued derivatively, and others taking a facts and circumstances approach. Therefore the Judge was correct to spot the issue and ask for briefing. If his suspicion is correct that CRCPS is actually a defendant, then *defendant CRCPS* is a citizen of the same states as the *plaintiff members of CRCPS*, destroying diversity.

The key question, then, is alignment. The real world consequences are that if CRCPS is aligned as a defendant, the Court's ruling at ECF 271 will stand on dismissal of the federal counts (which have an independent jurisdictional basis) but not on the state-law counts due to lack of diversity, and the state-law matters will be dismissed and refiled in state court. The only other possibility is for the Court to take supplemental jurisdiction on the state-law claims, but the problem there is that the federal claims (for securities fraud) were highly specialized and did not share a common nucleus of operative facts as the state-law claims for breach of contract and

fiduciary duty. There is a presumption against taking supplemental jurisdiction after a lone federal claim is dismissed. So the key issue remains that of alignment.

The CRC Defendants have nothing to say on the alignment issue: zero, zilch, nada. Instead, they make the bizarre claim that diversity jurisdiction is a **new** problem having nothing to do with CRCPS, but rather arising from CRCI being dismissed under Rule 12(b)(6). They completely ignore the Judge's language saying that the issue facing the Court has to do with the status of CRCPS, not CRCI.

But the problem here was not *caused* by naming CRCI as a defendant, so it cannot be *solved* by dismissing CRCI as a defendant. Diversity was never about CRCI, only about CRCPS itself, and they are still a defendant [see ECF 271: order 11] so the diversity issue has always existed and continues to exist.

In truth, the diversity problem is the fault of the CRC Defendants. If they had made CRCPS a domestic corporation headquartered in Vail, then CRCPS would only have one state residency, making diversity easy to figure out. Instead, they formed CRCPS as an unincorporated association with 165 limited partners, giving it 165 different residences/domiciles for diversity purposes. CRCI made the choice to form the entity as a limited partnership, so they should not be heard to complain about the diversity issues raised in a derivative context. By making CRCPS a limited partnership, they created a tangled web of complexity.

Instead of solving the problem, the CRC Defendants offer the conclusory statement that the Court "clearly had jurisdiction over all claims" [ECF 279: 3], but they don't offer a single citation to back this up. The devote zero pages to the issue of alignment, the linchpin of the diversity controversy.

Rather than citing precedents to assist this Court, the CRC Defendants take the paranoid position that the Li Plaintiffs are raising the diversity issue solely to frustrate them. How quickly they forget: it was not the Li Plaintiffs but the Judge himself who was astute enough to see the diversity problem. If the CRC Defendants think that the Judge is involved in some conspiracy to harm them, they are free to raise this with the Court. But in the meantime they should try to solve this jurisdictional dilemma with actual case law.

As for their failure to spot or raise the question of subject matter jurisdiction, they claim that "the CRC Defendants never contested subject matter jurisdiction, *nor could they have*" [ECF 279: 6](emphasis added). This is news indeed because Rule 12(b)(1) allows any party to raise subject matter jurisdiction at any time, so nothing was stopping them. *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 506 (2006): "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."

If we give credence to the Court's view that CRCPS is more accurately aligned as a defendant, this destroys diversity from the beginning of the case, voiding any rulings that were based on diversity while preserving all rulings based on the independent ground of federal question jurisdiction. Again, here is the Supreme Court line of cases saying that no rulings can be made once the court lacks subject matter jurisdiction over a claim:

> Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 514 (1869). . . . Just last term, we restated the principle in the clearest fashion, unanimously setting aside the Ninth Circuit's merits decision in a case that had lost the elements of a justiciable controversy . . . .For a court to pronounce on the meaning . . . of a

4

> state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires.

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95, 101 (1998); *Brownback v. King*, 141 S. Ct. 740, 2021 WL 726222 (Feb. 25, 2021); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1217 (10th Cir. 2006)("[O]nce a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination on the merits of the underlying claim.") And jurisdiction is determined at the time the complaint was filed. *Ravenswood Inv. Co., L.P. v. Avalon Corr. Serv.*, 631 F.3d 1219, 1223 (10th Cir. 2011). So if CRCPS was on both sides of the derivative case at the time that state-law claims were filed, there was no diversity jurisdiction, and the Court's ruling on state law are void while its rulings on federal law are legitimate.

A judgment is void under Fed. R. Civ. P. 60(b)(4) if the court lacked subject matter jurisdiction. *Robertson v. Kansas*, 624 Fed. Appx. 969, 971 (10th Cir. 2015); *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). The *Cunningham* case is instructive because it involved a claim against a partnership that took the residency of its partners, so it raised residency and citizenship issues similar to this case. In *Cunningham*, the plaintiff took so long to track down the identities and residencies of the defendant's partners that the court went ahead and started making rulings on the merits in the meantime, only later discovering that there was a lack of diversity. The Tenth Circuit voided the interim rulings of the district court: "Moreover, because the district court never had jurisdiction over the case, it had no power to rule on any substantive motions or enter judgment . . . We, therefore, must vacate all the district court's [orders], as other circuits have done in similar circumstances." *Id.* at 1245. With cases like *Cunningham* floating around, Judge Moore has a legitimate fear of putting in years of work only to have it voided because a higher court says he lacked jurisdiction. Who can blame him for that? No one wants to work with a Sword of Damocles hanging over their head.

Finally, the CRC Defendants are keen to assert that the dismissal of CRCI was 'with prejudice' and 'on the merits,' but this is impossible. Dismissal for lack of subject matter jurisdiction is always without prejudice, *Kelly v. Wilson*, 426 Fed. Appx. 629, 633 (10th Cir. 2011)("A dismissal for lack of subject matter must be without prejudice"), and a ruling made while a court lacked subject matter jurisdiction is not on the merits. *Gallardo v. AT&T Mobility, LLC,* 937 F.Supp.2d 1128, 1134 (N.D. Cal. 2013)(a judgment by a court lacking subject matter jurisdiction is not on the merits), citing *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992), which explained that if the a court lacked the power to make a ruling, then its ruling cannot have been 'on the merits.' This is why the Supreme Court said in *Steele*, 513 U.S. at 95, that a higher court will even set aside a 'merit decision' from a court lacking jurisdiction, and said in *Arbaugh* that lack of subject matter jurisdiction will void a judgement even after a trial has taken place. 546 U.S. at 506.

**Conclusion**

CRC's Response adds nothing to the jurisdictional issue raised by this Court: no citations, no precedents, and no analysis of alignment issues. Their "Response" is empty.

Dated: March 29, 2021                           Respectfully Submitted,

/s/ Douglas Litowitz
413 Locust Place,
Deerfield, IL 60015
312-622-2848
Litowitz@gmail.com

6

**Certificate of Service**

This document was filed on the ECF system for the District of Colorado on March 29, 2021.