### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
   Plaintiffs,

    v.              Hon. Raymond P. Moore

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I, and
Peter Knobel,
   Defendants.

---

### Plaintiffs' Brief Regarding Subject Matter Jurisdiction

---

Pursuant to C.R.C.P. 60, Plaintiff's Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou, Xun Zhu, Chunyi Zou (collectively "EB-5 Investors" or "Cui Plaintiffs"), by and through their undersigned counsel and pursuant to the Courts order issued March 2, 2021 (ECF 271), respectfully submit their brief regarding whether the Court has diversity jurisdiction and, if not, whether the Court should retain supplemental jurisdiction. In support, the Cui Plaintiff's state as follows:

### BACKGROUND

On August 31,2020 the Court held hearings on the following motions:

1) CRC Defendants Motion to Dismiss the Cui Plaintiff's Third Amended Verified Complaint (ECF 190);

1

2) CRC Defendants Motion to Dismiss the Li Plaintiff's Third Amended Verified Complaint (ECF 190);

3) SPO Defendants Motion to Dismiss the Cui Plaintiff's Third Amended Verified Complaint (ECF 224);

4) SPO Defendants Motion to Dismiss the Li Plaintiff's Third Amended Verified Complaint (ECF 224);

5) Li Plaintiffs Motion to Dismiss the Cross-Complaint of CRC Defendants (ECF 208);

6) Li Plaintiffs Motion to Disqualify Snell & Wilmer LLP as counsel for the General Partner (ECF 198);

7) Cui Plaintiffs Motion for Appointment of Receive (ECF 211).

Following oral argument, the court took all of the Motions under submission. On March 2, 2021, after deliberating for over six months, the Court issued an order encompassing all of the Motions (ECF 271). As part of its Order, the Court requested briefing on the issues related to both diversity jurisdiction and supplemental jurisdiction.

Solaris Property Owner LLC ("SPO") is a Delaware Limited Liability Company and Solaris Property Owner I LLC ("SPO I") is also a Delaware Limited Liability Company (collectively SPO and SPO I are referred to as the "SPO Defendants"). Plaintiff searched the public records in both Colorado and Delaware which do not list the members or their addresses (See, Declaration of Brian P. Stewart ["BPS Dec"] ¶ 3). Waveland Ventures, LLC ("Waveland") is a Texas Limited Liability Company doing business in the State of Colorado. Colorado Regional Center I ("CRC I") is a Colorado Limited Liability Company. Colorado Regional Center Project Solaris, LLP ("CRCPS") is a Colorado Limited Liability Partnership. Plaintiff searched the public records in both Colorado and Delaware which do not list the members or their addresses

2

(See, Declaration of Brian P. Stewart ["BPS Dec"] ¶ 4).  Plaintiffs are informed and believe that the principal owner of SPO and SPO I is Peter Knobbel who is domiciled in Vail Colorado, and is not a citizen of the Peoples Republic of China (See, Declaration of Brian P. Stewart ["BPS Dec"] ¶ 3).  Plaintiffs are informed and believe that Defendant Waveland Ventures, LLC ("Waveland") is a Texas Limited Liability Company doing business in the State of Colorado and is owned by Rick Hayes who is domiciled in Texas, Chester Schwartz who is domiciled in in Michigan and Paul Delongchamp who is domiciled in Wisconsin.  Plaintiffs are informed and believe that CRC I is a wholly owned subsidiary of Waveland.  Plaintiffs are informed and believe that the principal owners of Waveland and CRC I are not citizens of the Peoples Republic of China Plaintiff's (See, Declaration of Brian P. Stewart ["BPS Dec"] ¶ 4Plaintiffs have alleged that each of the Cui Plaintiffs is a citizen of the Peoples Republic of China (Third Amended Complaint ["TAC"] ¶ 24 – 39), except for Sufen Leng who is a citizen of California (TAC ¶ 26).

**Plaintiffs Have Adequately Plead Diversity Jurisdiction.**

It is true that for diversity purposes "a corporation is a citizen of its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 85, 88, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010) (citing *Louisville, Cincinnati, & Charleston R.R. Co. v. Letson*, 43 U.S. (2 How.) 497, 558, 11 L. Ed. 353 (1844)). The Supreme Court has "firmly resisted extending that treatment to other entities." *Carden*, 494 U.S. at 189."     It is also true that the Supreme Court has held that an unincorporated entity's citizenship is typically determined by its members citizenship rather than by its state of formation or state where its principal place of business is located, otherwise known

3

as the "Chapman Rule". However, the *Carden* opinion was written in 1990 prior to significant changes in which the manner in which the law views non-corporate business entities.

Despite this rather draconian rule, Courts have since recognized that it is patently unfair to deny litigants a forum in Federal Court simply because the identity of members of a non-corporate business entity are not available to the public. In *Lincoln Benefit Life Co. v. AEI Life, LLC,* the Third District addressed this issue as follows:

> "The requirement that a plaintiff plead the basis for federal jurisdiction appears in Federal Rule of Civil Procedure 8(a)(1), which requires the complaint to provide "a short and plain statement of the grounds for the court's jurisdiction." **Beyond stating that the jurisdictional allegations should be "short and plain," the Rule does not specify the level of detail required to adequately plead the "grounds" for federal jurisdiction**. [emphasis added]
>
> *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 106, 2015 U.S. App. LEXIS 15576, *15

The *Lincoln Benefit* Court went on to observe that:

> "Our precedent is more instructive, as we have previously held that a plaintiff may plead diversity jurisdiction without making affirmative allegations of citizenship.
>
> *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 106-107, 2015 U.S. App. LEXIS 15576, *10

Then, in discussing a review of a Plaintiffs obligations under Rule 11 to conduct a reasonable inquiry into facts alleged in tis pleadings, *Lincoln Benefit* Court stated that:

> "If, after this inquiry, the plaintiff has no reason to believe that any of the association's members share its state of citizenship, it may allege complete diversity in good faith. The unincorporated association, which is in the best position to ascertain its own membership, may then mount a factual challenge by identifying any member who destroys diversity."
>
> *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108, 2015 U.S. App. LEXIS 15576, *15

Finally, the *Lincoln Benefit* Court held that:

> "Depriving a party of a federal forum simply because it cannot identify all of the members of an unincorporated association is not a rational screening mechanism. The

membership of an LLC is often not a matter of public record. Thus, a rule requiring the citizenship of each member of each LLC to be alleged affirmatively *before* jurisdictional discovery would effectively shield many LLCs from being sued in federal court without their consent. This is surely not what the drafters of the Federal Rules intended."

*Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108-109, 2015 U.S. App. LEXIS 15576, *15[1]

Here, Plaintiffs have conducted investigations, and have alleged complete diversity because there is no reason to believe that any of the Defendants are citizens of the People's Republic of China. The Courts Order cites to *Siloam Springs Hotel, LC v. Century Sur. Co*, 781 F. 3d 1233, 1238 (10th Circuit 2015) for the proposition that an individual's residence is not equivalent to his domicile and it is his domicile that is relevant for determining citizenship. Because the Complaint alleges that the Plaintiffs are Citizens the People's Republic of China and there is no reason to believe that there is not complete diversity or that any of the defendants are citizens of the People's Republic of China, Plaintiffs believe that the TAC alleges complete diversity. If the Court is of the opinion that allegations of domicile are required or allegations that all of the Defendants are United States Citizens, then the TAC can be easily amended to reflect this. *Federal Rule of Civil Procedure* 15(a)(2), encourages courts to freely grant leave to amend, and considering the facts as plead in the TAC, Plaintiff would request leave to amend if the court is inclined to find that diversity has not already been adequately plead.

A. **The Third Amended Complaint Clearly Aligns the Plaintiff's Derivative Claims with the Plaintiff's.**

The Courts order directs the parties to *Smith v. Sperling* 354 U.S. 91, 95-96 (1957) and *Frank v. Hadesman & Frank, Inc*. 83 F. 3d 158, 160 (7th Circuit 1996), and then goes into great lengths to discuss the alignment of CRCPS to the Plaintiffs in the Derivative Claims. This seems entirely out of place as the Order purports to Dismiss all claims against CRCPS. In any event,

---

[1] The *Lincoln Benefit* decision has been followed by the 1st, 4th, 5th, 7th, 9th, and 11th Circuits

5

Plaintiffs will address this argument as it applies to both sets of Defendants, because itr believes that CRC I is still a Defendant herein.[3] The Derivative Allegations are contained in the TAC at paragraph's 89 – 92.   Paragraph 89 alleges that

> "89. Plaintiffs brings this action individually and derivatively and for the benefit of the LLLP to redress injuries suffered, and to be suffered, as a result of the Defendants' breaches of their fiduciary duties, fraud, securities violations and waste of corporate assets as well as the aiding and abetting thereof."

The TAC further alleges at Paragraph 91 that:

> "91. Plaintiffs are, and at all relevant times have been, limited partners of the LLLP. Plaintiffs will adequately and fairly represent the interests of the LLLP in enforcing and prosecuting its rights, and, to that end, has retained competent counsel, experienced in derivative litigation, to enforce and prosecute this action."

Finally, the TAC alleges at Paragraph 90 that:

> "90. The LLLP is named as a defendant and as a nominal party in this action because of the derivative portion of the Complaint."

These allegations are clear and unambiguous.  The LLLP (CRCPS) was only named as a nominal defendant and that the CUI Plaintiffs aligned themselves with the LLLP as Plaintiffs for the benefit of the LLLP.   Put more simply, the individuals have no claims that would not be aligned with the claims of CRCPS.   The TAC specifically alleged that the GP breached its fiduciary duties (TAC ¶¶ 77, 78, 84 – 87, 109, 137, 140, 141 and 143) specifically by acting in their own self-interest in negotiating the Yield Enhancement Agreement and the Agreement Regarding Collateral Units (TAC ¶ 140), in concealing the detrimental effect of these agreements from the Limited Partners, all long after the Plaintiffs became limited partners of CRCPS, and in failing to provide oversight and supervision.  The TAC also states in plain language that the

---

[3] The Cui Plaintiffs will be shortly filing a F.R.C.P. Rule 60 Motion for Clarification of the Courts Order as the Order is silent as to the Claim for Declaratory Relief against the CRC Defendants and the logic used in the order as it relates to the Declaratory Relief Claim against the SPO Defendants applies to the CRC Defendants as well.

Plaintiffs are aligned with CRCPS as Plaintiffs against CRC I (the General Partner) for the benefit of CRCPS in the Declaratory Relief Claims.

The remaining Derivative Claims against the SPO Defendants are also clearly pled for the benefit of CRCPS aligned as a plaintiff.  The Derivative allegations cited above equally apply to the SPO Defendants and the remaining causes of action seek Declaratory Relief and damages to CRCPS rather that to the individual Plaintiffs.

WHEREFORE, the Cui Plaintiffs respectfully contend that the Third Amended Complaint adequately alleges complete diversity among the Plaintiffs and the Defendants pursuant to the requirements of the Federal Rules of Civil Procedure and that the Court should retain jurisdiction of this matter going forward.  Alternatively, the Cui Plaintiff's respectfully request that they be given leave to amend the Third Amended Complaint to allege that the Defendants are citizens of the United States thereby establishing complete diversity between the Plaintiffs and the Defendants, and that the Court grant such other and further relief as it deems necessary and proper.

Dated: March 31, 2021                  */s/ Brian Stewart*
                                       Hubert Kuo
                                       Brian P. Stewart
                                       **Ardent Law Group**
                                       4340 Von Karman Ave.,
                                       Suite 290
                                       Newport Beach, California 92660
                                       Telephone: (949) 299-0188
                                       Facsimile:  (949) 299-0127
                                       bstewart@ardentlawgroup.com
                                       Plaintiffs, Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou, Xun Zhu, Chunyi Zou in the consolidated case

## CERTIFICATION OF SERVICE

This is to certify that on March 31, 2021, a true and correct copy of the above and foregoing **Plaintiffs' Brief Regarding Subject Matter Jurisdiction** has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Brian P. Stewart*
For Ardent Law Group, P.C.
