**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02443-RM-STV;
Consolidated with Civil Action No. 1:19-cv-02637

Li, *et al.*,

    Plaintiffs,

v.

Waveland Ventures, LLC, *et al.*,

    Defendants.

**COUNTERCLAIM PLAINTIFF CRC I, LLC'S BRIEF REGARDING JURISDICTION IN RESPONSE TO COURT'S ORDER ON PENDING MOTIONS [ECF 271]**

Pursuant to the Court's Order dated March 2, 2021 [ECF 271], Counterclaim Plaintiff Colorado Regional Center I, LLC ("CRC I"), hereby submits its Brief Regarding Jurisdiction in Response to Court's Order on Pending Motions [ECF 271], stating as follows:

## BACKGROUND

This is a consolidated lawsuit with two sets of Plaintiffs, referred to throughout this case as the Cui Plaintiffs and the Li Plaintiffs. Both sets of Plaintiffs asserted an array of federal and state causes of action, and both sets of Plaintiffs serially amended their pleadings to assert, at various times, both direct and derivative claims for relief. Finally, after multiple amendments, the operative complaint for the Cui Plaintiffs was the Cui Plaintiffs' Third Amended Complaint ("CTAC")[ECF 190] and the operative complaint for the Li Plaintiffs was the Li Plaintiffs' Third

1

Amended Complaint (LTAC")[ECF 222].[1] Both final operative complaints alleged three bases of subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332; federal question jurisdiction under 28 U.S.C. § 1331; and supplemental jurisdiction over the Plaintiffs' state law claims under 28 U.S.C. § 1367. [ECF 190, p. 10, paras. 50-53]; [ECF 222, pp. 4-5, paras 1-3].

Neither set of Plaintiffs ever – in any pleading or amended pleading in this case – has clearly alleged the actual basis for their invocation of diversity of citizenship under 28 U.S.C. § 1332. And, because Plaintiffs have amended their pleading three times each over the last year and a half, Defendants and the Court have been dealing with moving and inconsistent targets on the specific issue of whether diversity jurisdiction exists in this matter, as well as everything else.

Despite the deficiencies in Plaintiffs' pleadings, the CRC Defendants never sought a dismissal of the CTAC or LTAC for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The CRC Defendants never challenged the Court's subject matter jurisdiction for an obvious reason: regardless of all other substantive deficiencies in the pleadings, the Cui Plaintiffs and the Li Plaintiffs at the very least alleged sufficient subject matter jurisdiction over the claims they asserted in the CTAC and LTAC under federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. [ECF 190, p. 10, paras. 50-53]; [ECF 222, pp. 4-5, paras 1-3].

The CRC Defendants did, however, file a Motion to Dismiss the CTAC and LTAC under Fed. R. Civ. P. 12(b)(6) [ECF 203], and, contrary to the Li Plaintiffs' recent insistence,[2] the Court

---

[1] The LTAC filed as ECF 222 is essentially identical to the LTAC filed as ECF 121, the only difference being a new verification as to the former filing.

[2] In recent filings, the Li Plaintiffs argue that despite the Order on Pending Motions [ECF 271], the Court did not, in fact, dismiss all claims against the CRC Defendants. [ECF 272 and 283].

2

granted the CRC Defendants' Motion [ECF 203] in full. On March 2, 2021, the Court issued its Order on Pending Motions [ECF 271]. In that Order:

- The Court granted the CRC Defendants' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss the Cui Plaintiffs' Third Amended Complaint and the Li Plaintiffs' Third Amended Complaint [ECF 203].[3] In doing so, the Court dismissed all claims asserted against the CRC Defendants by the Cui Plaintiffs and the Li Plaintiffs. [ECF 271, pp. 52-55].

- The Court granted, in part, the SPO Defendants' Motion to Dismiss [ECF 230][4]. In doing so, the Court dismissed all claims against the SPO Defendants except for claims of breach of contract and for a declaratory judgment regarding the enforceability of and obligations under two contracts between Colorado Regional Center Project Solaris LLLP ("CRCPS") and SPO I – the "Yield Enhancement Agreement" and the "Agreement Concerning Collateral Units." [ECF 271, pp. 36-39 and pp. 52-55].

- The Court denied the Li Plaintiffs' Motion to Dismiss Counterclaim by CRC Defendants Under Fed. R. Civ. P. 12(b)(6) and For Order Declaring General Partner Removed Instanter [ECF 208; ECF 271, pp. 43-45].

As a result of the March 2, 2021 Order on Pending Motions, the Court held that three claims remain: (a) the Cui and Li Plaintiffs' breach of contract claim against SPO and SPO I; (b) the Cui

---

[3] The CRC Defendants consist of Waveland Ventures, LLC ("Waveland"), Colorado Regional Center, LLC ("CRC") and CRC I.

[4] The SPO Defendants consist of Solaris Property Owner LLC, Solaris Property Owner I and Peter Knobel.

4824-8832-5599.3

Plaintiffs' claim for declaratory relief against SPO and SPO I; and, (c) the counterclaim asserted by CRC I against the Li Plaintiffs. [ECF 271, pp. 52-55]. The Court also noted that, based on its rulings, a question has arisen as to whether the Court currently has or should retain subject matter jurisdiction over these remaining three claims. [ECF 271, pp. 50-52]. The Court instructed the Plaintiffs to simultaneously file briefs to address whether the Court has diversity jurisdiction and, if not, whether the Court should retain supplemental jurisdiction. [ECF 271, p. 54].

In response to the Court's instruction the Li Plaintiffs filed a paper called "Briefing on Subject Matter Jurisdiction and Motion to Dismiss the State Law Claims under Fed. R. Civ. P. 12(h) and 12(b)(1)." [ECF 272]. Embedded in that filing was a motion in which the Li Plaintiffs asked the Court to dismiss their remaining claims against the SPO Defendants. [ECF 272]. The Court gave the parties the opportunity to respond to the Li Plaintiffs' filing [ECF 273], and the CRC Defendants, stated that they do not oppose the Li Plaintiffs' motion to dismiss their own remaining claims against the SPO Defendants. [ECF 279]. If the Court grants the Li Plaintiffs' motion and dismisses the Li Plaintiffs' remaining claims against the SPO Defendants, the jurisdictional issue raised by the Court will be rendered moot – at least as to the Li Plaintiffs' claims, which are only against the SPO Defendants.

The Cui Plaintiffs filed their brief in response to the Court's instruction in the Order on Pending Motions [271] yesterday. [ECF 286]. In their brief, the Cui Plaintiffs argued that the Court has diversity jurisdiction over the Cui Plaintiffs' remaining claims against the SPO Defendants.

The CRC Defendants' jurisdictional position does not impact the CRC Defendants any more than the Li Plaintiffs' contrary jurisdictional position; regardless of which set of Plaintiffs is

4

4824-8832-5599.3

correct, all claims against the CRC Defendants have been dismissed. [ECF 271]. The contrary positions set forth by the Cui Plaintiffs and the Li Plaintiffs may impact the remaining claims against the SPO Defendants, but they do not impact the dismissed CRC Defendants, so the CRC Defendants will refrain from arguing the merits of the jurisdictional issues as they relate to other Defendants.

CRC I files this Brief in response to the Court's March 2, 2021 Order on Pending Motions [ECF 271] only because CRC I is a Plaintiff that has alleged subject matter jurisdiction - albeit a counterclaim plaintiff that has alleged subject matter jurisdiction over a counterclaim.

## CRC I'S POSITION

When CRC I filed its Counterclaim for Declaratory Relief Against the Li Plaintiffs, it alleged that the Court had subject matter jurisdiction over its Counterclaim under the supplemental jurisdiction statute – 28 U.S.C. § 1367(a). [ECF 204, p. 32, para. 2].

Now that the Court has dismissed all claims asserted by the Cui Plaintiffs and the Li Plaintiffs [ECF 271], the CRC Defendants have chosen to voluntarily dismiss their Counterclaim under Fed. R. Civ. P. 41(a)(1) - in an effort to bring closure to this long and costly litigation. On this same date, the CRC Defendants have filed Notice of Dismissal of their Counterclaim. [ECF 290].

In its Order on Pending Motions [ECF 271], the Court noted that "the remaining Defendants are SPO, SPO I, CRCPS and CRC I (but only as a counterclaim plaintiff with respect to its counterclaim). [ECF 271, p. 54]. By virtue of CRC I's voluntary dismissal of its Counterclaim, the CRC Defendants are no longer parties to this lawsuit. As such, the question of

5

whether this Court could have, in its pure discretion under 28 U.S.C. § 1367(c), retained supplemental jurisdiction over CRC I's Counterclaim is now moot.

DATED: April 1, 2021

/s/James Kilroy
James Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202
Telephone: 303.634.2000
Facsimile: .303.634.2020
Email: jkilroy@swlaw.com
Email: skanan@swlaw.com

**Counsel for Counterclaim Plaintiff Colorado Regional Center I, LLC**

6

4824-8832-5599.3

**CERTIFICATE OF SERVICE**

  This is to certify that on April 1, 2021, a true and correct copy of the above and foregoing **COUNTERCLAIM PLAINTIFF COLORADO REGIONAL CENTER I, LLC'S BRIEF REGARDING JURISDICTION [271]** has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

            *Amy Kovarsky*
            for Snell & Wilmer L.L.P.

7