IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02443-RM-STV
Consolidated with Civil Action No. 1:19-cv-02637

Jun Li, *et al.*,

    Plaintiffs,

v.

Waveland Ventures, LLC, *et al.*,

    Defendants.

---

**CRC DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
AWARD OF ATTORNEY FEES [ECF 274]**

---

Defendants Waveland Ventures, LLC, Colorado Regional Center, LLC, and Colorado Regional Center I, LLC (collectively, the "CRC Defendants") respectfully submit this Reply in support of their Motion for Award of Attorney Fees [ECF 274].

## REPLY ARGUMENT

After this Court dismissed all claims against the CRC Defendants, the CRC Defendants moved for an award of attorney fees pursuant to C.R.S. § 13-17-201. [ECF 274]. In their Response [ECF 278], the Li Plaintiffs make three arguments as to why an award of fees should not be entered in favor of the CRC Defendants.

First, the Li Plaintiffs argue that the Court has not yet decided whether and on what basis to dismiss the claims against the CRC Defendants. But the Court has in fact already dismissed all claims against the CRC Defendants in its March 2, 2021 Order on Pending Motions [ECF 271].

Second, the Li Plaintiffs argue that Fed. R. Civ. P. 54 and C.R.S. § 13-17-201 expressly prohibit the CRC Defendants from seeking fees until after entry of final judgment. In other words, the Li Plaintiffs argue that the Motion for Award of Attorney Fees is premature. But the CRC Defendants filed their Motion for Award of Attorney Fees after all claims against the CRC Defendants were dismissed - exactly as permitted under C.R.S. § 13-17-201. The fact that the CRC Defendants have a *deadline* of 14 days from the entry of judgment to file a motion for attorney fees under Fed. R. Civ. P. 54(d)(2)(B)(i) does not mean that the CRC Defendants cannot file their motion upon the dismissal of all claims against them under C.R.S. § 13-17-201.

Third, the Li Plaintiffs argue that C.R.S. § 13-17-201 does not apply because this was a breach of contract action, not a tort action. But neither the Li Plaintiffs nor the Cui Plaintiffs ever even asserted contract claims against the CRC Defendants.[1]

Notably, the Li Plaintiffs have not challenged the amount of fees the CRC Defendants are requesting in their Motion. The Court should therefore enter an attorney fee award in favor of the CRC Defendants and against the Li Plaintiffs in the amount of $390,056.25. The Cui Plaintiffs presumably intend to separately respond to the CRC Defendants' Motion for Award of Attorney Fees [ECF 274], so this Reply will be limited to addressing the Li Plaintiffs' arguments and $148,569.25 as to Cui Plaintiffs.

I. **The CRC Defendants Are Entitled to Attorney Fees under C.R.S. § 13-17-201**

    A. **This Court dismissed all claims brought by Cui and Li Plaintiffs pursuant to Rule 12.**

---

[1] The breach of contract claims asserted by the Plaintiffs were all directed at the SPO Defendants.

In their Response, the Li Plaintiffs argue that the Court has not yet made "a final decision whether to dismiss" their claims, and therefore, "the CRC Defendants cannot say definitively that the case was dismissed under their Rule 12(b) motion." [ECF 278, p. 2]. The Li Plaintiffs are mistaken. This Court dismissed all claims brought against the CRC Defendants by both Cui Plaintiffs and Li Plaintiffs in its Order on Pending Motions. [ECF No. 271 at 52-53].

In that Order, the Court specifically addressed the claims against the CRC Defendants based on their Rule 12(b)(6) motion, Plaintiffs' responses, and the CRC Defendants' reply, as well as argument presented to the Court on August 31, 2020.  The fact that some of Plaintiffs' claims were conceded during the argument on CRC Defendants' Motion to Dismiss on August 31, 2020 [ECF 271 at 52], thereby mooting the CRC Defendants' 12(b)(6) Motion to Dismiss as to those particular claims, does not defeat the CRC Defendants' entitlement to fees. *See Advanced Career Techs., Inc. v. John Does 1-10,* 100 F. Supp. 3d 1105, 1107–08 (D. Colo. 2015) (finding that defendant still entitled to fees pursuant to C.R.S. § 13-17-201 where plaintiff voluntarily dismissed claims after defendant's motion to dismiss was fully briefed); *Brammer-Hoelter v. Twin Peaks Charter Acad.,* 81 F. Supp. 2d 1090, 1102 (D. Colo. 2000) (finding defendant entitled to award of fees pursuant to C.R.S. § 13-17-201 because he was required to expend additional efforts beyond the filing of his motion where plaintiffs confessed some, but not all, claims brought against defendant).

In *Advanced Career Technologies,* for example, the plaintiff had voluntarily dismissed certain claims after full briefing on the defendant's Rule 12(b) motion to dismiss. *Id.* at 1107.  The plaintiff then argued that the defendant was not entitled to fees because it

had conceded the defendant's motion. *Id.* Judge Martinez ruled otherwise, finding that the voluntary dismissal exception to the mandatory fee award under C.R.S. § 13-17-201 was inapplicable because, "when the [c]ourt reached Defendant's Motion to Dismiss it had been fully briefed by the parties," and by filing of a reply brief, the defendant was "required to expend additional efforts beyond the filing of [his] motion." *Id.* at 1107-08 (citation omitted). According to Judge Martinez, "Plaintiff's conduct [of voluntarily dismissing its claims] after the motion had been briefed and ruled on did not prevent the need for such efforts," and thus, was "not the type of voluntary dismissal that will defeat a § 13–17–201 fee award." *Id.* (citation omitted).

The same result should be had here. The CRC Defendants not only filed their original Motion to Dismiss pursuant to Rule 12(b)(6) [ECF 203], but this motion was contested by Li Plaintiffs and Cui Plaintiffs. As such, the CRC Defendants were required to file a reply in support of their motion and were forced to expend additional resources preparing and arguing their motion to dismiss during the August 31, 2020 hearing. Because the CRC Defendants were required to expend additional resources in defending their motion to dismiss, Plaintiffs' withdrawal of certain claims after the motion to dismiss was filed does not defeat the CRC Defendants' entitlement to fees.

Furthermore, the Li Plaintiffs appear to urge this Court to find that an award of fees in the CRC Defendants' favor is premature in light of Li Plaintiffs current motion to dismiss their remaining claims against the SPO Defendants under Fed. R. Civ. P. 12(h)(3) and 12(b)(l). [ECF 272]. *See* [ECF 278 at 2](arguing that "[u]ntil the Court makes a final decision whether to dismiss, and states the grounds for such dismissal, the CRC Defendants cannot say definitively that the case was dismissed under their Rule 12(b) motion"). But the Li Plaintiffs' motion to

dismiss its claims against the SPO Defendants is completely unrelated to the already-dismissed claims Li Plaintiffs asserted against the CRC Defendants. The Court's dismissal of Cui and Li Plaintiffs' claims against the CRC Defendants was pursuant to the CRC Defendant's Rule 12(b)(6) Motion to Dismiss. Thus, the CRC Defendants are entitled to an award of attorney fees pursuant to C.R.S. § 13-17-201.

### B. The CRC Defendants' Motion is timely.

The Li Plaintiffs also argue that "attorney fees can be sought only after a *final judgment*." *See* [ECF 278 at 2] (emphasis in original). The Li Plaintiffs' insistence that "Fed. R. Civ. P. 54(b) provides that attorney fees can be sought only after a final judgment…" is wrong. [ECF 278, p. 2]. Fed. R. Civ. 54(b) says no such thing. It merely requires that such fee motions "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(A)-(B). Neither Fed. R. Civ. P. 54, nor C.R.S. § 13-17-201, *precludes* the CRC Defendants from seeking fees sooner than "14 days after final judgment," including prior to entry of final judgment. *See* Fed. R. Civ. P. 54(d)(2)(B; C.R.S. § 13-17-201("In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action."). According to the Colorado Court of Appeals, "by using the term 'defendant' in the singular, [C.R.S. § 13-17-201] necessarily applies to each defendant who has an action against it dismissed pursuant to' Rule 12," rather than requiring an entire action to be

5

dismissed as to all defendants. *Smith v. Town of Snowmass Village,* 919 P.2d 868, 873 (Colo. App. 1996).

The fact that the Li Plaintiffs and the Cui Plaintiffs still have claims pending against the SPO Defendants does not alter the CRC Defendants' entitlement to an award of fees now. *See, e.g., Brammer-Hoelter,* 81 F. Supp. 2d at 1103 (finding that plaintiffs were liable to the defendant for attorney fees pursuant to C.R.S. § 13-17-201 "notwithstanding that certain claims may remain against other [d]efendants," and final judgment had not yet been entered) (citation omitted); *Smith v. Town of Snowmass Village,* 919 P.2d 868, 873 (Colo. App. 1996) (rejecting plaintiffs' argument that attorney fees may not be awarded under C.R.S. § 13-17-201 where a claim was still pending as to another defendant and finding that trial court erred by failing to award that defendant its attorney fees where entire action as to that particular defendant had been dismissed, and thus, the defendant was "not precluded from obtaining its reasonable attorney fees under C.R.S. § 13-17-201").

The CRC Defendants' Motion is timely. The Li Plaintiffs' arguments to the contrary are legally unsupportable. However, if the Court determines that the CRC Defendants' Motion is premature, the CRC Defendants respectfully request that the Court either defer ruling until final judgment enters, or dismiss the motion without prejudice so that the CRC Defendants can refile upon final judgment.

### C.     This case is and always has been primarily a tort action.

Next, the Li Plaintiffs argue that C.R.S. § 13-17-201 does not apply here because this was a breach of contract case, not a tort case. [ECF 278 at 6-12]. The Li Plaintiffs' argument is fundamentally flawed: Plaintiffs *never* asserted a breach of contract claim against the CRC

Defendants. Rather, Plaintiffs' claims against the CRC Defendants for civil theft, fraud, securities fraud, and breach of fiduciary duty all sound in tort and the basic essence of this case has always been tortious in nature—Plaintiffs have alleged (and continue to allege) that the CRC Defendants engaged in wrongdoing. In their Response, the Li Plaintiffs ignore the case law cited by the CRC Defendants in their Motion establishing that these claims sound in tort. *See* [ECF 274 at 4-6] (citing authority). The Li Plaintiffs, when faced with the prospect of an award of attorney fees, describe this case using "purely contractual terms without reference to any tort." [ECF No. 278 at 7]. But this new description is diametrically opposed to the serial complaints the Li Plaintiffs filed - none of which ever included a breach of contract cause of action against the CRC Defendants. [ECF 1; ECF 53; ECF 86; ECF 121; ECF 222]. From both a quantitative and qualitative perspective, this matter is primarily a tort action. *See* [ECF 274 at 4-6] (citing authority).

The Li Plaintiffs further argue that because they asserted federal securities claims against the CRC Defendants - in addition to several state law tort claims - that the CRC Defendants cannot recover fees under C.R.S. § 13-17-201 because that statute is preempted. [ECF 278 at 11]. The Li Plaintiffs cite no authority in support of this argument other than cases involving an entirely different federal statutory scheme that contains a heightened standard for awarding fees to successful defendants. The Li Plaintiffs are incorrect. *See Snyder v. Acord Corp.,* 811 F. App'x 447, 463-64 (10th Cir. 2020) (discussing heightened standard applicable to recovery of fees by defendants in Section 1983 cases and rejecting argument that federal RICO and antitrust claims preempted recovery of fees under C.R.S. § 13-17-201, which "requires fees only for prevailing defendants, whereas the two federal

statutes address fees only for prevailing plaintiffs and do not expressly permit or prohibit fees for defendants").

The power of Congress "to preempt state law originates in the Supremacy Clause of the Constitution. U.S. Const. art. VI." *Grynberg v. Ivanhoe Energy, Inc.,* No. 08-CV-02528-WDM-BNB, 2011 WL 3294351, at *3 (D. Colo. Aug. 1, 2011) (citation omitted). "Pre-emption occurs when Congress, in enacting a federal statute, expresses a clear intent to pre-empt state law, when there is outright or actual conflict between federal and state law, where compliance with both federal and state law is in effect physically impossible, where there is implicit in federal law a barrier to state regulation, where Congress has legislated comprehensively, thus occupying an entire field of regulation and leaving no room for the States to supplement federal law, or where the state law stands as an obstacle to the accomplishment and execution of the full objectives of Congress." *La. Pub. Serv. Comm'n v. FCC,* 476 U.S. 355, 368-69 (1986).

None of the grounds for preemption exists here: (1) the federal securities statute does not state that it preempts state law and it does not express any clear intent to do so, *see* 15 U.S.C.A. § 78bb; (2) there is no "outright or actual" conflict between the federal securities statute and C.R.S. § 13-17-201, since the federal securities statutes does not even contain a fee provision that would apply under these circumstances; and (3) none of the other preemption grounds is applicable. Thus, there is no basis for the Court to conclude that the federal securities statute preempts the CRC Defendants' entitlement to attorney fees under C.R.S. § 13-17-201. *Cf. Grynberg,* 2011 WL 3294351, at *3; *Snyder v. Acord Corp.,* No. 1:14-CV-01736-JLK, 2016 WL 9735141, at *1 (D. Colo. July 6, 2016), *aff'd,*

8

811 F. App'x 447 (10th Cir. 2020) (rejecting plaintiffs' argument that C.R.S. § 13–17–201 is preempted by federal law) (citations omitted); *Advanced Career Techs., Inc. v. John Does 1-10,* 100 F. Supp. 3d 1105, 1109 (D. Colo. 2015) ("Lanham Act does not preempt a state's more favorable attorneys' fees provision.").

To the extent that the Li Plaintiffs are arguing that C.R.S. § 13-17-201 does not apply here because they asserted federal claims, both Colorado courts and courts in this District have rejected that argument as well. *See Advanced Career Techs.,* 100 F. Supp. 3d at 1107 (holding that C.R.S. § 13-17-201 applied in case involving claim for violation of the Lanham Act, as well as common law libel and the Colorado Consumer Protection Act ("CCPA")); *Grynberg,* 2011 WL 3294351, at *1 (granting fees pursuant to C.R.S. § 13-17-201 where subject matter based on federal question as to RICO claim and on either or both diversity and supplemental jurisdiction as to the state law tort claims); *US Fax Law Center, Inc. v. Henry Schein, Inc.,* 205 P.3d 512, 517-18 (Colo. App. 2009) (rejecting argument that C.R.S. § 13-17-201 "violates the Supremacy Clause or that it may not be applied in a TCPA case brought in a Colorado court").

For the above reasons, the Court should find that, with respect to the claims brought by Plaintiffs against the CRC Defendants, this was primarily a tort action for purposes of C.R.S. § 13-17-201 and an award of fees is required.

### D. The Court should decline to consider the Li Plaintiffs' request to revisit its previous dismissal of all claims against the CRC Defendants.

Consistent with their historic practice in this case, but in violation of this District's Local Rules and this Court's Practice Standards, in their Response to the CRC's Motion for Attorney Fees the Li Plaintiffs move the Court to reconsider the Order on Pending Motions

and reinstate one of the dismissed claims. [ECF 278, pp. 12-15]. The Court should reject this request. The Li Plaintiffs' Response to the CRC Defendants' Motion for Award of Attorney Fees is not the proper vehicle for seeking reconsideration of a prior order or reinstatement of already dismissed claims.  *See* D.C.COLO.LCivR 7.1(d) ("A motion *shall not* be included in a response or reply to the original motion.  A motion *shall* be filed as a separate document.") (emphases added). *See also* Civ. Practice Standard IV.A.  Nor have Li Plaintiffs presented any argument or evidence that would support such a request.  *See* ECF No. 278 at 12-15; *Servants of the Paraclete v. John Does I- XVI,* 204 F.3d 1005, 1012 (10th Cir. 2000) (Motion to reconsider only appropriate if "court has misapprehended the facts, a party's position, or controlling law," and cannot be used "to revisit issues already addressed or advance arguments that could have been raised in prior briefing."). In essence, the Li Plaintiffs are now asking the Court to reverse its dismissal of the Li Plaintiffs' breach of fiduciary duty claim and "reinstate" that claim under a new theory that the Li Plaintiffs never pled. The Court should summarily reject Li Plaintiffs' improper and unsupportable invitation.

## II.  The Li Plaintiffs Do Not Contest the Reasonableness or Amount of Fees Sought by CRC Defendants

While the Li Plaintiffs apparently oppose the timing of CRC Defendants' Motion and their entitlement to attorney fees under C.R.S. § 13-17-201, the Li Plaintiffs do not challenge the reasonableness or amount of fees sought by the CRC Defendants pursuant to their Motion.  As set forth more fully in their Motion, the CRC Defendants have presented sufficient evidence to establish that the fees sought in connection with this matter are both reasonable and should be awarded in full.  The amount being sought by the CRC Defendants

4845-9299-6834

represents the presumptively reasonable lodestar calculation. [ECF 274 at 6-15]; *see generally* [ECF 275 & Exs. 1-7]. In support of their request, the CRC Defendants submitted detailed, contemporaneous billing records for their counsel, indicating the time spent on this matter, the date, hours expended, nature of work performed, and amount charged. [ECF 275 & Exs. 1-7]. The CRC Defendants also presented evidence of the reasonableness of the hourly rates and other support further justifying the reasonableness of the hours expended and amount charged. [ECF No. 274 at 6-15; ECF No. 275, ¶ 17] Thus, the Court should find that the amount of fees requested by the CRC Defendants is reasonable.

## CONCLUSION

Because this was primarily a tort action and all claims against the CRC Defendants were dismissed pursuant to Fed. R. Civ. P. 12(b)(6), C.R.S. § 13-17-201 applies and an award of fees is required.  As a result, there is no reason to delay entry of the mandatory award of attorney fees in favor of the CRC Defendants in the following amounts uncontested by Li Plaintiffs:  $390,056.25. The CRC Defendants anticipate a separate response will be filed by the Cui Plaintiffs on the Motion for Attorney Fees and will reply accordingly.

11

DATED: April 1, 2021.

                                                        *s/ James Kilroy*
James Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email:  jkilroy@swlaw.com
Email:  skanan@swlaw.com

***Counsel for Defendant Colorado Regional Center I, LLC***

12

**CERTIFICATE OF SERVICE**

      This is to certify that on April 1, 2021, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL 60015

Hubert Kuo Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon

Ty Gee
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

                                              *s/ Amy Kovarsky*
                                              for Snell & Wilmer L.L.P.