## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.
    Plaintiffs,

                                            Hon. Judge Moore
        v.                                  Hon. Magistrate Varholak

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.
    Defendants.

---

## Li Plaintiffs Motion to Declare Default Judgment Removing CRI as General Partner [ECF 208] and Granting Appointment of Receiver [ECF 221]

---

At ECF 290, defendant CRCI voluntarily dismissed its Counterclaim. At ECF 291, defendant CRCI professed to be a non-party to this case: "By virtue of CRC I's voluntary dismissal of its Counterclaim, the CRC Defendants are no longer parties to this lawsuit." [ECF 291:5].

CRCI's actions leaves unopposed the Li Plaintiffs' removal of CRCI as general partner since their objection was in the now-withdrawn Counterclaim [ECF 208]. CRCI's actions also leaves unopposed the Cui Plaintiffs' motion to appoint of a receiver which was also based on now-withdrawn Counterclaim [ECF 221]. CRC now loses these issues by default.

This Court said that the only obstacle to remove CRCI as general partner and the only obstacle to the appointment of receiver was CRCI's Counterclaim:

> CRC I filed a counterclaim for declaratory judgment against the Li Plaintiffs. **In that counterclaim, CRC I seeks a determination**

> **that its purported removal as general partner was improper and therefore void.** [ECF 271: 9](emphasis added).
>
> CRC I has challenged . . .  removal [in the Counterclaim]. As such, whether the removal is proper and effective are matters in dispute. Accordingly, on this record, **CRC I has standing to challenge** whether a receiver should be appointed for CRCPS and the Receivership Property and to act as general partner.  [ECF 271: 46]. (emphasis added).

By withdrawing the Counterclaim and absenting themselves from the lawsuit, CRCI has destroyed their standing to challenge removal as general partner and appointment of a receiver.   These are now unopposed since CRCI is a non-party.  Nor may CRCI intervene in such matters under Fed. R. Civ. P. 24, since that rule requires that they claim an interest in the matter, when the voluntarily dismissal of the Counterclaim shows that they do not claim any interest.

This Court is empowered under 28 U.S.C. §2201 to declare the rights of the parties.  The above are the consequences of CRCI's own actions and statements, as well as this Court's opinion.

WHEREFORE, the Li Plaintiffs ask for a declaration that CRCI has defaulted on their objections to removal as general partner and has defaulted on their opposition to receivership, allowing such matters to proceed.

**STATEMENT OF CONFERRAL PER D.C.COLO.LCivR 7.1: The CRC Defendants oppose this motion.**

**NOTE: THIS FILING DOES NOT WAIVE THE LI PLAINTIFFS' CLAIM THAT THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS CASE.**

Dated: April 2, 2021                                   Respectfully Submitted,

                                                      /s/ Douglas Litowitz

413 Locust Place,
Deerfield, IL 60015
312-622-2848
Litowitz@gmail.com

**Certificate of Service**

This document was filed on the ECF system for the District of Colorado on April 2, 2021.