# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
         Plaintiffs,

        v.                        Hon. Raymond P. Moore

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I, and
Peter Knobel,
         Defendants.

## CUI PLAINTIFFS' OPPOSITION TO CRC DEFENDANTS MOTION FOR ATTORNEYS FEES [ECF 274]

### BACKGROUND

On March 2, 2021 the Court entered its order on Defendants, Waveland Ventures, LLC, Colorado Regional Center, LLC and Colorado Regional Center I, LLC's (collectively the "CRC Defendant") 12(b) (6) Motion to Dismiss [ECF 271]. The Court Order is ambiguous as to the Court's ruling on the Cui Plaintiff's Claim for Declaratory Relief as to Colorado Regional Center I, LLC ("CRC I"). The Cui Plaintiffs intend to file a F.R.C.P. Rule 60 Motion for Clarification and Correction shortly. The CRC Defendants now bring their Motion for Award of Attorney's fees [ECF 274].

# ARGUMENT

A. <u>Motion for Attorney's fees is Premature</u>

Fed. R. Civ. P. 54(d)(2)(B) provides that attorney fees can be sought only after a final judgment: "Subparagraph B provides a deadline for motions for attorney fees - 14 days after final judgment.  In the case before us there has not been a trial nor a final judgment. Fed. R. Civ. P. Rule 54(b) states:

> "When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

This Court's Order [ECF 271] addresses multiple issues as to multiple parties, but it certainly does not constitute a final judgement.  The Cui Plaintiffs have been allowed to proceed with Declaratory Relief claims against SPO I and CRC I and with breach of contract claims against SPOI.  Until these issues are resolved there can be no final judgment upon which to predicate an attorney's fees award absent a special determination by the Court.

B. <u>This is Not a Matter Where the Claims are Predominantly Tort Based.</u>

Colorado Revised Statute § 13-17-201 states that:

> "In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12 (b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action."

It has been held that C.R.S. 13-17-201 only applies when a case is "primarily a tort action," *U.S. Fax Law Ctr., Inc. v. Henry Schein, Inc.*, 205 P.3d 512, 517 (Colo. App. 2009)(statute applied because only tort claims were alleged), citing *Dubray v. Intertribal Bison Coop.,* 192 P.3d 604,

2

607 (Colo. App. 2008)(statute applied when six of eight claims were torts); *Luskin Daughters 1996 Tr. for benefit of Ackerman v. Young*, 448 P.3d 982, 987 (Colo. 2019)(statute applied when the only claims were based on trespass and diverting water). When a complaint is a hybrid of contract and tort claims, the court must determine whether the "essence" of the case lies in contract or tort. *Castro v. Lintz*, 338 P.3d 1063, 1068 (Colo. App. 2014).  Here, the Cui Plaintiffs claims are a hybrid but are almost entirely related to contract.  The Court must determine whether a case's essence (contract or tort) is determined by the plaintiffs' characterization of their claims and not what should or might have been pled. *Id*. at 1067-8; *Sweeney v. United Artists Theater Circuit*, 119 P.3d 538 (Colo. App. 2005) (suit by injured moviegoer for falling roof pieces was pled as breach of contract and not as a premisestort, so the statute was not triggered); *Robinson v. Colo. State Lottery Div.,* 179 P.3d 998, 1010 (Colo.2008) (claim against the lottery was pled as a breach of contract, so the statute was not triggered). In *Robinson*, the Colorado Supreme Court warned that courts should not recharacterize the plaintiff's characterization of his claims by saying that they could lie in a tort theory, but instead should rely on the plaintiff's own language. In making this determination, the court should narrowly construe the statute against the party seeking fees. *Jones v. Haga*, 2007 WL 433126 at *2 (D. Colo. Feb. 2, 2007) ("The statute has been narrowly construed by courts interpreting it.") All of the parties seem to agree that the first task of a reviewing court is to discern the "essence" of the case. Under the "essence" test, this is clearly a contract case. The Cui Plaintiffs are in contractual privity with CRC I under the Limited Partnership Agreement. CRC I breached the express fiduciary provisions of the LP Agreement -- specifically §8.04/8.06 -- by failing to bring suit against SPOI for breach of the Loan Agreement between CRCPS and SPOI.  In fact, the case can be viewed in purely contractual terms without reference to any tort: it is a breach of one contract (the LP Agreement) by not enforcing the breach of a second contract (the Loan

Agreement). The CRC Defendants urge a "predominance" test, citing *Gagne v. Gagne*, 338 P.3d 1152, 1168 (Colo. App. 2014), whereby a court then makes a quantitative analysis of the counts to see if there is a majority of contract or tort claims [ECF 274: 4]. Here are the Cui Plaintiff disputes that were heard by the Court:

| Count | Defendants | Basis |
| --- | --- | --- |
| Count I | All Defendants | Fraud (deceit based on inducement to enter into an investment contract) |
| Count II | CRC and CRC I | Breach of Fiduciary Duty (arising from contractual relationship) |
| Count III | All Defendants | Violation of Colorado Consumer Protection Act (violation of Colorado securities law) |
| Count IV | CRCPS and CRC I | Violation of 15 U.S.C. §80a (violation of United States securities law) |
| Count V | All Defendants | Violation of 15 U.S.C. §78o and 78j (violation of United States securities law) |
| Count VI | SPO I | Breach of Contract (contract) |
| Count VII | CRC I, SPO and SPO I | Equitable Relief (based upon contract dispute) |

Of the seven Counts alleged in the Third Amended Complaint ("TAC"), only the First Count for Fraud may be characterized as a tort claim. However, the First Count is framed as a fraudulent inducement to enter into a contract; the LP Agreement.

> Fraudulent inducement' combines both contract and tort law concepts and is thus at the juncture point of contract and tort law." 48 Am. Jur. Proof of Facts 3d 329. "Essentially, 'fraudulent inducement' occurs when a party to a contract was induced to enter into that contract by fraud of the other party." *Id.* "Because such fraud negates the 'meeting of the minds' required in a contract, the defrauded party has the right to avoid the contract or seek damages, depending upon the specific circumstances and the election of the defrauded party."
>
> *Ennis v. Alder Prot. Holdings, LLC*, 2021 U.S. Dist. LEXIS 22734, *15-16, 2021 WL 409785

It is obvious why the CRC Defendants desire to characterize this case as a tort action. It is a home run for them if they can convince the Court that the Cui Plaintiffs' claims sound

4

entirely in tort, and thereby secure an award of attorney's fees that they would otherwise not be entitled to.

The CRC Defendants assert that all fiduciary breaches are based in tort, citing a case that involved a non-contractual tort of theft, *Castro*, 338 P.3d at 1069, and ignoring decisions where courts held that fiduciary duties may arise from contracts. *Casey v. Colorado Higher Ed. Ins. Benefits Alliance Trust*, 310 P.3d 196, 202 (Colo. App. 2012) ("We conclude that trust agreements are the source of the trustees' fiduciary duty described in the employees' breach of contract claim.") The courts in Delaware, experts on the law of business entities, refer to contractually created fiduciary duties: "[i]n this appeal, we hold that a limited partnership agreement may provide for contractually created fiduciary duties substantially mirroring traditional fiduciary duties that apply in the corporation law." *Gotham Partners L.P. v. Hallwood Realty Partners, L.P.,* 817 A.2d 160, 163 (Del. 2002).  Clearly, all fiduciary breaches are not torts; in reality, breaches of fiduciary duties can be brought as contracts or torts.  Here, the Cui Plaintiffs' breach of fiduciary duty claims sound in contract rather than in tort.

Plaintiffs' securities claims, Counts III, IV and V, have not been characterized as tort claims by the CRC Defendants and they should not be as the law defines solicitations such as the one at issue here as contractual.

> "The term "investment contract" is undefined by the Securities Act or by relevant legislative reports. But the term was common in many state "blue sky" laws in existence prior to the adoption of the federal statute and, although the term was also undefined by the state laws, it had been broadly construed by state courts so as to afford the investing public a full measure of protection. Form was disregarded for substance and emphasis was placed upon economic reality. An investment contract thus came to mean a contract or scheme for "the placing of capital or laying out of money in a way intended to secure income or profit from its employment." *State* v. *Gopher Tire & Rubber Co*., 146 Minn. 52, 56, 177 N. W. 937, 938. This definition was uniformly applied by state courts to a variety of situations  [**1103]  where individuals were led to invest money in a common enterprise with the expectation that they would earn a profit solely through the efforts of the promoter or of some one other than themselves."

*SEC v. W. J. Howey Co.*, 328 U.S. 293, 298, 66 S. Ct. 1100, 1102-1103, 90 L. Ed. 1244, 1249, 1946 U.S. LEXIS 3159, *9-10, 163 A.L.R. 1043

Here, the Cui Plaintiffs invested money into CRCPS as a common enterprise with the expectation of profit to be derived from the efforts of others, namely CRCI. See, also, 15 U.S.C. 77b(a)(1) (the definition of "securities" includes "puts' and "investment contracts").

Finally, the purpose of the Colorado statute is to deter unnecessary litigation involving tort claims. *Monell v. Cherokee River, Inc*., 347 P.3d 1179, 1184 (2015). This instant case is hardly "unnecessary litigation" brought into Colorado. Here, the litigation was brought to challenge an illegal scheme to encourage foreign investors to provide capital for a Vail Colorado Developer.  This litigation is due to the failure of the Colorado General Partner to properly represent the interest of its foreign limited partners.  It is not Coloradans that need protection from lawyers asserting mass torts, but it is foreigners who need protection from Colorado residents who squandered and took their money with broken contracts. There is no reason to invoke a statute designed to prevent claims of mass torts (like tobacco and pollution) in a situation that predominantly contractual.

C. <u>The Motion for Attorney's Fees Is Premature as the Cui Plaintiffs' Claims Have Not All Been Disposed of by the 12 (b)(6) Motion to Dismiss</u>.

Pursuant to C.R.S. § 13-17-201, in order to be awarded attorney's fees the Plaintiffs entire complaint must be dismissed. (see *Dubray v. Intertribal Bison Co-Op*., 192 P.3d 604 (Colo. App. 2008).   The CRC Defendants Motion to Dismiss has not, on the face of the March 2, 2021 Order, disposed of all the Claims against all the CRC Defendants.     Specifically, the Order fails to address the Cui Plaintiffs' Declaratory Relief Cause Claim against CRC I.   On Page 2 of the 3rd Amended Complaint ("TAC") CRC I, LLC is defined as the GP and CRCPS is defined as the LLLP.  Count VII for Declaratory Relief was clearly pled against the GP, SPO and

6

SPO I only (TAC page 29).  In its Order, at page 8, the Court prepared a table listing the five counts remaining in the Cui Plaintiff's TAC.  The table incorrectly lists CRCPS as a Defendant in Count VII and does not list CRC I as a Defendant.  The Court then goes on to address each of the remaining claims at length from page 14 -25 in its Order.  The Order is completely silent as to Count VII for Declaratory Relief, as to either CRC I or CRCPS.  The Order then states at page 25 that "…in conformity with the Court's findings above concerning CRC Defendants Motion to Dismiss, all CRC Defendants are dismissed from this case."  Because the order contains no findings as to CRC I, or in fact as to any of the CRC Defendants, on Count VII for Declaratory Relief, the Order is ambiguous and it is unclear if the Court gave any consideration to Count VII as plead against CRC I.[1]  Because the Declaratory Relief claim seeks clarification of the enforceability of certain agreements entered into between SPOI and CRC I as the general partner of CRCPS as well as the improper actions of CRC I in acting in its own self-interest in executing these agreements.  It is difficult to understand how the Declaratory Relief Claim could have been dismissed as against CRCI, particularly considering the analysis of the Claim as it applies to SPO I.

Additionally, the Court dismissed the Breach of Fiduciary Duty Claim on the grounds that the alleged conduct occurred prior to the Cui Plaintiffs becoming limited partners.  This is simply untrue. "It is elementary that, on a motion to dismiss, a complaint must be read as a whole, drawing all inferences favorable to the pleader." *Conley v. Gibson, supra*, 355 U.S. at 47-48. *Yoder v. Orthomolecular Nutrition Inst., Inc.,* 751 F.2d 555, 562, 1985 U.S. App. LEXIS 28632, *22, Fed. Sec. L. Rep. (CCH) P91,898.  The Cui Plaintiffs Complaint alleged ongoing

---

[1] The Cui Plaintiffs will be shortly filing a Rule 60 Motion seeking clarification of the Courts Order.

acts by CRC I that constituted breaches of fiduciary duty in paragraphs 79, 80, 81, 82, 83, 87, 88, 141 and 142. The Court simply ignored these allegations.

In dismissing the Cui Plaintiffs Claim for Breach of Fiduciary Duty, the Court also miss-applied the economic loss rule. In Colorado as elsewhere, the breach of contractual fiduciary duties is a contract claim, not a tort claim -- so it cannot be dismissed under the economic loss rule. *Casey v. Colorado Higher Ed. Ins. Benefits Alliance Trust*, 310 P.3d 196, 202 (Colo. App. 2012) ("We conclude that trust agreements are the source of the trustees' fiduciary duty described in the employees' breach of contract claim."). Courts in Delaware refers to these contractual provisions as contractually created fiduciary duties: "In this appeal, we hold that a limited partnership agreement may provide for contractually created fiduciary duties substantially mirroring traditional fiduciary duties that apply in the corporation law." *Gotham Partners L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160, 163 (Del. 2002). If a contract contains fiduciary duties, the breach of those duties is a matter of contract, not tort, and it cannot be touched by the economic loss rule.

In any event, no matter how the Court rules on the forthcoming Rule 60 Motion. Defendants Motion for Attorney's fees is premature until this issue is resolved.

D. <u>The Motion Fails to Apportion the Attorneys Fees among the multiple Defendants represented by Snell and Wilmer.</u>

Snell and Wilmer has brought its Motion for Attorney's fees on behalf of Defendants, Waveland Ventures, LLC, Colorado Regional Center, LLC and Colorado Regional Center I, LLC. [2] These are three separate and distinct Defendants but there has been no attempt to apportion the fees amongst the various Defendants as is proper (see, *Schwarz v. Secretary of*

---

[2] Snell and Wilmer also represented CRCPS for most of the litigation, before withdrawing.

*Health & Human Servs.*, 73 F.3d 895 (9th Cir. 1995). What portion of the claimed fees are attributable to the defense of Waveland, CRC or CRC I. These are three very different defendants against whom very different claims have been made. And since the Courts order does not appear to resolve all issues as to CRC I those fees would need to be apportioned because CRC I would not be entitled to a fees award. Furthermore, the Court in its recent Order to Show Cause has indicated that CRC is not a defendant, which has never been true and will be addressed in the Order to Show Cause, but that creates another reason why the fees should lbe apportioned between the various CRC Defendants.

> E. <u>The Motion for Attorney's Fees Improperly Seeks Fees in Connection with the CRC Defendants OSC Re Removal of Lis Pendens.</u>

In his Declaration, Mr. Kilroy states at paragraph 13 that: "I removed from this request the fees incurred by the CRC Defendants related to the spurious lien filed by Cui Plaintiffs because the Court previously entered an order awarding CRCPS $22,270.50 in fees related thereto." Those efforts are appreciated. A review of Mr. Kilroy's Declaration indicates that Table 2 (Exhibit 6) contains the fees being requested from the Cui plaintiffs. Entry numbers 40; 42; 77; 78; 80; 81; 82; 85 & 86 are all directly related to the Order to Show Cause re Removal of Lis Pendens. These entries total $9,029.50 and should not be included in these claims. The Cui Plaintiffs are certain that this was an oversight, but would respectfully request that the Court take this into account when reviewing the Motion for Attorneys' fees.

## CONCLUSION

The CRC Defendants Motion for Attorney's fees is premature as issues remain as to whether the Courts Order dispensed with all the claims of the CRC Defendant's. Furthermore, the Motion should be denied in that the essence of the claims in the Cui Plaintiffs Complaint are not based in tort and therefore C.R.S. § 13-17-201 is not applicable. Finally, if for any reason the

9

Court grants the CRC Defendants Motion for Attorney's Fees then such award should be reduced by $9,029.50 Therefore, Plaintiffs respectfully request that the Court make a factual finding as to the reasonable amount of attorney's fees in this situation.

ARDENT LAW GROUP, PC


/s/ Brian P. Stewart
Hubert Kuo
Brian P. Stewart
**Ardent Law Group**
4340 Von Karman Ave.,
Suite 290
Newport Beach, California 92660
Telephone: (949) 299-0188
Facsimile:  (949) 299-0127
bstewart@ardentlawgroup.com
Plaintiffs, Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou, Xun Zhu, Chunyi Zou in the consolidated case

## CERTIFICATION OF SERVICE

The undersigned attorney certifies that copies of the foregoing:
**CUI PLAINTIFFS' OPPOSITION TO CRC DEFENDANTS MOTION FOR ATTORNEYS FEES [ECF 274]**

was served through ECF on April 2, 2020 upon all parties who have appeared.

*/s/ Brian Stewart*
Brian Stewart
