# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.
        Plaintiffs,

                         Hon. Judge Moore
        v.                Hon. Magistrate Varholak

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.
        Defendants.

## Li Plaintiffs' Reply to SPO Defendants' Response [ECF 296] on Li Plaintiffs' Motion to Dismiss the State-Law Claims for lack of Subject Matter Jurisdiction [ECF 272]

The SPO Defendants agree with the Li Plaintiffs that when this Court issued its recent opinion, it had jurisdiction over one federal securities claim (Count V) but lacked jurisdiction over five state law claims (Counts I, II, III, VI, and Counterclaim).

The lack of subject matter jurisdiction would nullify the Court's rulings on state law claims, unless the Court can somehow claim that it had *supplemental jurisdiction* over the five state law claims by virtue of having jurisdiction over the one federal securities claim. Predictably, this is what the SPO Defendants try to argue. In other words, they claim this Court's original jurisdiction over the single federal securities count (Count V) magically vests supplemental jurisdiction over the five state law claims (Counts I, II, III, VI, and Counterclaim), including the state law claims having nothing whatsoever to do with securities and based on completely different operative facts than the federal securities claim.

This argument is a non-starter since supplemental jurisdiction can only be invoked when the pendant state claims are inextricably tied to the federal claim. The state and federal claims must "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). This was not the situation facing the Court.

Here, the federal securities count (Count V) was based on the specific fact pattern of a securities offering of "puts" to limited partners beginning in 2016 via bi-annual newsletters which misrepresented the value of the puts. The operative facts of the federal securities claim is that there was an additional security offering of something separate from the limited partnership unit itself - namely a newly offered "put" and "put exercise notice":

> ¶188. Each Notice to Investors (sent every six months from 2016 - 2019 in connection with the put option) was a separate offering of a put option, accompanied by fraudulent misleading information about the value of the collateral units . . . [ECF 222]

Count V lists a host of factual allegations specific to securities law and irrelevant to the other counts: ¶186-7 is a classification of puts as a security under federal law; ¶ 188 asserts fraud in the put notices; ¶190 asserts materiality; ¶ 191 asserts scienter; ¶192 asserts an ongoing offering; ¶193 asserts justified reliance; ¶194 asserts loss causation.  These factual allegations are specific to a claim for securities fraud.  They are not in "common" with any other type of claim.  These factual allegations appear only in Count V and its state securities law counterpart (Count VI), but nowhere else.  Here is the breakdown:

> **Count I** was for breach of express contractual fiduciary duties set forth in a contract governed by Colorado law, and similar provisions in the Colorado partnership statutes.  The words "security" and "put"

do not appear in Count I. This Count had nothing to do with federal law, let alone federal securities law.

**Count II** was for civil theft under a Colorado statute. The words "security" and "put" do not appear in Count II. This Count had nothing to do with federal law, let alone federal securities law.

**Count III** was for breach of a loan agreement under Colorado law. The words "security" and "put" do not appear in Count III. This Count has nothing to do with federal law, let alone federal securities law.

**Count VI** was for violation of the Colorado Securities Act. Here, there is *arguably* a common nucleus of operative fact with Count V, since both counts deal with the unique facts of there being an offering of "securities" and "puts" - however the Colorado Securities Act expressly allows claims against persons providing "substantial assistance" so it covers different persons from the federal securities laws, and thus the facts stated in Count VI are different from those in federal Count V.

> **The Counterclaim** dealt with removal of the general partner, a question turning on contract interpretation under Colorado law. The words "security" and "put" do not appear in the Counterclaim, and nothing in the Counterclaim had anything to do with federal law, let alone federal securities law.

There you have it.  At most, perhaps only one other count of the Third Amended Complaint (e.g., Count VI) can be said to arise from a similar nucleus of operative fact as the federal securities claim (Count V).  All the other counts and the counterclaim have nothing to do with an offering of securities starting in 2016.

The operative facts of Count V have to do only with "puts" offered since 2016 but the operative facts of the lawsuit as a whole deal with contracts signed in 2011 and 2012.  The Li Plaintiffs' main factual allegation in this lawsuit - the operative and central fact pattern - is that they were limited partners in CRCPS and that general partner CRCI breached the Limited Partnership Agreement by not pursuing CRCPS' rights against SPOI under the CRCPS-SPOI Loan Agreement, so the limited partners have to enforce these rights derivatively. The contractual breaches have nothing to do with the securities offering of puts, and the offering of puts had nothing to do with the breaches of contracts.  There is no common nucleus of facts.[1]

---

[1] While the heart of this case has nothing whatsoever to do with the offering of "puts," that is not to say that the Li Plaintiffs were going to let the offering of puts slide.  The CRC Defendants did not use the word "put" until 2016 and did not offer "puts" continuously until 2016.  That makes it an offering of securities.  The Li Plaintiffs believe that the offering of puts is a separate securities law offense, but that is not the heart of this case, which is breach of contracts.

SPO asserts that all the state law counts had the same factual foundation [ECF 296: 7].[2] This is incorrect. For example, Count I has a different factual foundation than Count II -- the former was based on management provisions of the LP Agreement while the latter was based on deception in getting the investors to invest. Other differences abound. Count I sought recovery against CRCI, while Count III sought recovery against SPOI, so the two counts had different operative facts. It will not suffice to lump five state law counts and one federal count into a big pile, call the whole thing "misrepresentation" and then assert that the Li Plaintiffs really only made one gigantic claim for "misrepresentation."

The SPO Defendants point to four policy factors justifying supplemental jurisdiction -- judicial economy, convenience, fairness, and comity [ECF 296: 9]. This boils down to the claim that it would be a waste of time for this Court to nullify the state law claims that it spent time analyzing. But that is SPO's own fault: they claim to have known since day one that there was an absence of diversity jurisdiction on the state law claims [ECF 296:2] but never brought this up to the Court, which would have prevented Judge Moore from spending all that time looking at the state law issues. Success has a thousand fathers and failure is an orphan, so now that Judge Moore (not SPO) has pointed out the diversity problem, SPO decides to pile on and say that they knew about this problem from day one and could have raised it at any time. If that is true, then SPO is the cause of delay, inconvenience, and waste of resources.

This is a court of limited jurisdiction that should not convert itself into a Colorado state court that is spending years on Colorado law, under the specter of the Tenth Circuit saying that the

---

[2] The SPO Defendants erroneously cite Count VII of the Li Plaintiffs Complaint as if it was active, when in fact it was withdrawn nearly 9 months ago and was not considered in the Court's decision [ECF 271: 7].

assertion of supplemental jurisdiction over unrelated state law claims was an abuse of discretion, thereby leaving all the state claims to be refiled in state court.

The safest path for this Court is to stick with its dismissal of the federal securities claim (Count V) and cut loose the state law claims (Counts I, II, III, VI, Counterclaim) for lack of subject matter jurisdiction. That gets this case out of the federal system and puts it at square one in state court, which is fine since we are still at the pleading stage.

Accordingly, the Li Plaintiffs ask that this Court to void its opinion on the state law counts since that opinion was issued during lack of diversity or supplemental jurisdiction. The state claims should be cut loose to state court.

Dated: April 10, 2021                                    Respectfully Submitted,

/s/ Douglas Litowitz
413 Locust Place
Deerfield, IL 60015
312-622-2848
Litowitz@gmail.com

**Certificate of Service**

This document was filed on the ECF system for the District of Colorado on April10, 2021.

6