## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.
    Plaintiffs,

                 Hon. Judge Moore
    v.              Hon. Magistrate Varholak

Colorado Regional Center I, LLC,
Solaris Property Owner I LLC, et al.
    Defendants.

## Supplemental Authority to Motion for Reconsideration to Reinstate Count I of the Li Plaintiffs' Third Amended Complaint [ECF 282]

Pursuant to Civil Practice Standard IV.E.4 which allows supplemental authority to be submitted without any argument, the Li Plaintiffs hereby attach three cases in support of their motion to reinstate Count I [ECF 282].

1). *G.A. Resort Condo. Assoc., Inc. v. Chicago Title Timeshare Land Trust*, 2020 WL 7022354 (D. Colo Nov. 30, 2020)(Moore, J.). Here, Judge Moore ruled that a claim for breach of "contractual fiduciary duties" must be addressed as a contract claim: "A breach of duty which arises under the provisions of a contract between the parties must be redressed under contract, and a tort action will not lie." *Id.* at *2. Yet in the instant case, Judge Moore refused to treat Count I as a contract claim even though it was titled *Breach of Fiduciary Duty Arising by Contract and Statute,* and cited contractual provisions setting forth fiduciary obligations.

2). *Brightspot Solutions, LLC v. A+Products, Inc.,* 2021 WL 1251512 at *5 (D. Colo. Apr. 5, 2021). This provides the four elements to be alleged to state a claim for breach of contract,

to wit: the existence of a contract; performance by the plaintiff; failure to perform by the defendant; and resulting damages.  Count I of the Li Plaintiffs' Third Amended Complaint [ECF 222] states as follows:

> 1) the existence of a limited partnership agreement imposing express contractual fiduciary duties on CRCI ( ¶45,68,114);
> 2) performance by the plaintiff (see ¶69);
> 3) nonperformance by CRCI through act and omission (see ¶117-124); and
> 4) resultant damages due to contractual breaches (see ¶126).

Despite these allegations for breach of contract, and despite Count I being entitled and pleaded as a breach of fiduciary duties arising by contract (that is, 'contractual fiduciary duties') Judge Moore refused to treat Count I as a contract claim.  In fact, Judge Moore said the entire Count was dismissible under the economic loss rule which applies only to *tort* claims [ECF 271:28 n.53].

      3).  ***AIG Retirement Services, Inc. v. Barbizet***, **2006 WL 1980337 (Del. Ch. July 11, 2006).**  This case holds that a shareholder can allege breach of fiduciary duty when a board of directors refuses to bring a lawsuit to collect a loan because they are too close to the debtor:

> The Complaint alleges that the director defendants refused to authorize a lawsuit because they were beholden to [the debtor] even though they knew that bringing the lawsuit would be in the best interests of [the corporation].  This allegation is sufficient to support a claim for breach of fiduciary duty against the director defendants . . .

*Id.* at *7.  The Li Plaintiffs alleged in Count I that CRCI refused to authorize a lawsuit to collect the loan from the debtor SPOI since it was working hand in glove with SPOI to set up this transaction so that both entities profited at the expense of the investors.  The refusal to bring a lawsuit means that CRCI is "profiting from the harm it imposed on CRCPS." (see ¶123-4).

This Court held that CRCPS has a colorable claim against SPOI under the loan agreement [ECF 271: 41].  CRCI - general partner of CRCPS - refuses to bring a lawsuit or even to help the Li Plaintiffs make this claim.  The Court in *AIG* held that refusal to bring a lawsuit that would

2

benefit the company is a breach of fiduciary duties arising *independently* of a contract. One place where such independent fiduciary duties are stated is in the Colorado partnership statutes.

So under the above cases, fiduciary duties can arise by contact and/or outside of contract, say by common law or by statute. Perhaps that is why Count I is entitled *Breach of Fiduciary Duties Arising by Contract and Statute*. With a title like that, one might expect the Court to treat the Count as a claim for breach of contract and a claim for violation of statute. It did neither.

Dated: April 13, 2021                                       Respectfully Submitted,


/s/ Douglas Litowitz
413 Locust Place,
Deerfield, IL 60015
312-622-2848
Litowitz@gmail.com


**Certificate of Service**

This document was filed on the ECF system for the District of Colorado on April 13, 2021 and thereby sent to all counsels of record.

3