G.A. Resort Condominium Association, Inc. v. Chicago Title..., Slip Copy (2020)

KeyCite Blue Flag – Appeal Notification

Appeal Filed by   G.A.RESORT v. CHICAGO TITLE, ET AL,   10th Cir., December 14, 2020

2020 WL 7022354

Only the Westlaw citation is currently available.
United States District Court, D. Colorado.

G.A. RESORT CONDOMINIUM ASSOCIATION, INC., a Colorado nonprofit corporation, Plaintiff,
v.
CHICAGO TITLE TIMESHARE LAND TRUST, INC., a Florida corporation, as trustee for the HPC Trust, Grant Aspen Lodging, LLC, a Delaware limited liability company, HPC Developer, LLC, a Delaware limited liability company, HPC Owners' Association, Inc., a Florida nonprofit organization, HV Global Group, Inc., a Delaware corporation, and HV Global Management Corporation, a Florida corporation, Defendants.

Civil Action No. 19-cv-01870-RM-GPG
|
Signed 11/30/2020

**Attorneys and Law Firms**

Anne Orelind Decker, Samuel I. Ferguson, Seena Forouzan, Tyler Roberts Meade, Meade Firm, P.C., San Francisco, CA, Isabella Martinez, Matthew Whitacre Reiser, Michael Joseph Reiser, Sr., Reiser Law P.C., Walnut Creek, CA, Matthew C. Ferguson, Michelle Kramer Schindler, Matthew C. Ferguson Law Firm, P.C., Aspen, CO, for Plaintiff.

Ian Scott Marx, Jaclyn DeMais, Philip Rabner Sellinger, Roger Brian Kaplan, Todd Lawrence Schleifstein, Greenberg Traurig LLP-Florham Park, Florham Park, NJ, Naomi G. Beer, Greenberg Traurig LLP, Denver, CO, for Defendants.

### ORDER

RAYMOND P. MOORE, United States District Judge

**\*1** This matter is before the Court on the September 14, 2020 Report and Recommendation of United States Magistrate Judge Gordon P. Gallagher (ECF No. 124) to grant Defendants' Motion to Dismiss the Second Amended Complaint (ECF No. 55). Plaintiff objects to the dismissal of just six of its causes of action. (ECF No. 129.) Defendants have responded to the objections (ECF No. 131), and the recommendation is ripe for review. For the reasons below, the Court overrules Plaintiff's objections and accepts the Report and Recommendation, which is incorporated into this Order by reference, see 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

### I. LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." United States v. One Parcel of Real Prop., 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 757 F.3d 1125, 1136 (10th Cir. 2014); Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 n.14 (2007); see also id. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, Cory v. Allstate Ins., 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," Twombly, 550 U.S. at 555 (quotation omitted).

### II. BACKGROUND

G.A. Resort Condominium Association, Inc. v. Chicago Title..., Slip Copy (2020)

Plaintiff is a homeowners' association comprised of more than 560 owners of fractional timeshare interests in the Hyatt Grand Aspen, a resort developed by Defendant Grand Aspen Lodging, LLC ("G.A. Lodging") and operated by Defendant HV Global Management Corporation ("HVGM"). (ECF No. 54 at ¶¶ 1, 6, 17.) Each fractional interest allows the owner to stay at the resort two and a half weeks per year. (*Id.* at ¶ 2.) Through an exchange program managed by Defendant HV Global Group ("HVGG"), owners can also use some of their time at other resorts within the Hyatt Residence Club. (*Id.* at ¶¶ 4, 6.) Plaintiff alleges that its members paid a premium for their interests because of the Hyatt Grand Aspen's status as a "crown jewel" of the Hyatt Residence Club resorts. (*Id.* at ¶ 4.)

In 2017, G.A. Lodging sold its remaining fractional timeshare interests (about a fifth of the total) to Defendant HPC Developer, LLC, which transferred them to a trust. Defendant Chicago Title Timeshare Land Trust, Inc. ("Chicago Title") is the trustee. These fractional interests were used to create a points-based timeshare program, the Portfolio Club, that is owned by Defendant HPC Owners' Association, Inc. ("HPCOA") and is also operated by HVGM. Defendants sold points to Portfolio Club members, which they then used to stay at the Hyatt Grand Aspen and other resorts through a separate exchange program also managed by HVGG.

**\*2** Plaintiff brought this lawsuit in state court May 2019, alleging generally that the shift from a deed-based to a points-based timeshare program has restricted their ability to reserve time at the resorts and diminished the value of their fractional interests. (ECF No. 54 at ¶¶ 1, 3.) After the case was removed to this Court, multiple claims and Defendants were whittled from the case. Plaintiff continues to pursue six claims: (1) a breach of fiduciary duty claim against HVGM and HVGG, (2) a related aiding and abetting claim against all (remaining) Defendants, (3) a declaratory relief claim against all Defendants, (4) a breach of contract claim against HVGM, (5) an unjust enrichment claim against all Defendants, and (6) an accounting claim against all Defendants. (*See* ECF No. 129 at 3-4.)

## III. ANALYSIS

With respect to the portions of the magistrate judge's forty-eight-page recommendation to which Plaintiff did not object, the Court finds the magistrate judge's analysis was thorough and sound and discerns no material errors on the face of the record. The Court now addresses Plaintiff's objections.

### A. Breach of Fiduciary Duty

#### 1. HVGM

Plaintiff argues the magistrate judge erred by accepting Defendants' argument that Plaintiff's breach of fiduciary duty claim against HVGM is barred by the economic loss doctrine.

Colorado expressly adopted the doctrine in *Town of Alma, v. AZCO Construction, Inc.*, 10 P.3d 1256, 1264 (Colo. 2000), holding that "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." Thus, to state a claim, Plaintiff needs to show HVGM has a fiduciary duty of care that arises independently of its contractual obligations to Plaintiff. *See*

*Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1020 (10th Cir. 2018). "The existence and scope of a tort duty is a question of law to be determined by the court." *Id.* (quotation omitted).

In arguing that a fiduciary duty exists here, Plaintiff cites section 6 of the Condominium Association Management Contract. (ECF No. 54-7.) That section provides, in pertinent part, that HVGM, "to the exclusion of all persons, including [Plaintiff] and its members, shall have all the powers and duties of [Plaintiff] as set forth in the Condominium Documents." (*Id.* at 3-4.) Section 7 of the agreement, discussed in greater detail below, sets forth the parameters of HVGM's contractual duty to act in a fiduciary capacity. (*Id.* at 8.) However, "[a] breach of duty which arises under the provisions of a contract between the parties must be redressed under contract, and a tort action will not lie."

*Town of Alma*, 10 P.3d at 1262 (quotation omitted). These contractual delegations of authority cannot provide an independent basis for a fiduciary duty. Plaintiff has not identified any alleged duties owed by HVGM that are outside of the parties' contractual relationship. Indeed, as discussed in greater detail below, Plaintiff's breach of contract claim against HVGM is largely premised on HVGM's alleged breach of its contractual fiduciary obligations. Plaintiff offers no meaningful distinction between this part of its breach of

G.A. Resort Condominium Association, Inc. v. Chicago Title..., Slip Copy (2020)

contract claim and its tort claim against HVGM. Accordingly, the Court finds the scope of HVGM's duties in this case is defined by its contract with Plaintiff and is barred by the economic loss doctrine.

Plaintiff attempts to avoid this result by arguing it is in a special relationship with HVGM that triggers an independent duty of care. "[T]he existence of a judicially recognized special independent duty will support a tort action even though the parties have entered into a contractual relationship and will render the economic loss rule inapplicable even if the relevant contracts contain the identical duty." *S K Preightal Eng'rs, LTD v. Mid Valley Real Estate Sols. V, LLC,* 2015 CO 7, ¶ 21, 342 P.3d 868, 875 (quotation omitted). Colorado courts have recognized homeowners' associations have a fiduciary duty to their members that "arises based upon policy considerations that are independent of any contract."

*Colorado Homes, Ltd. v. Loerch-Wilson,* 43 P.3d 718, 722 (Colo. App. 2001) (noting with approval that courts in other jurisdictions have imposed this duty "in recognition of the power held by homeowner associations, the quasi-governmental functions they serve, and the impact on value and enjoyment that can result from the failure to enforce covenants"). But Plaintiff cites no cases that are analogous to this one, where a homeowners' association brought a claim against its own management company for breaching fiduciary duties that originated from the association itself.

**\*3** Plaintiff's reliance on *Colorado Homes* is misplaced. There, a division of the Colorado Court of Appeals concluded the economic loss doctrine did not bar a developer's claims for breach of fiduciary duty against a homeowners' association and its management company for failure to enforce restrictive covenants. *Colorado Homes,* 43 P.3d at 721. Thus, the duty was owed by the defendant homeowners' association. [1] See *S K Preightal Eng'rs,* 2015 CO at ¶ 7, 342 P.3d at 872 (stating that application of the economic loss doctrine in Colorado "focuses on the source of the duty that the defendant allegedly breached."). Moreover, "[f]iduciary relationships that derive from a special relationship of trust, reliance, influence, and control are distinguishable from business relationships involving parties dealing at arm's length for mutual benefits." *Accident & Injury Med. Specialists, P.C. v. Mintz,* 2012 CO 50, ¶ 24, 279 P.3d 658, 663 (en banc). "Most business relationships or contractual relationships do not by themselves create fiduciary obligations, and fiduciary obligations should be extended reluctantly to commercial or business transactions." *Id.* (quotation omitted). In the absence of any precedent to support finding a fiduciary duty under analogous circumstances, the Court declines to find an independent duty exists here. Nor is the Court persuaded that the same result—circumvention of the economic loss doctrine—can be reached based on conclusory allegations that HVGM acted as Plaintiff's agent. Accordingly, the Court agrees with the magistrate judge's conclusion that this claim is barred by the economic loss doctrine.

### 2. HVGG

The magistrate judge determined that Plaintiff failed to state a breach of fiduciary duty claim against HVGG because Plaintiff did not establish the existence of such a duty. That is, its allegations do not show that HVGG exercised a high degree of control over the fractional interests at issue or that HVGG was Plaintiff's agent.

Plaintiff contends HVGG exercised a high degree of control over the owners' access to their property because it had the authority to manage the reservation and exchange programs and to choose the management company, HVGM. But the fact that HVGG contractually agreed to perform these functions does not establish that it intended to exercise sufficient control to support fiduciary duties with respect to Plaintiff's members. Plaintiff argues that HVGG's obligations to it and HPCOA were in conflict. (ECF No. 129 at 12.) But as the magistrate judge noted, this undermines rather than strengthens Plaintiff's position because it indicates that HVGG did not intend to be Plaintiff's fiduciary. (*See* ECF No. 124 at 29-30.) The various governing documents in this case, whether considered individually or as a whole, do not support Plaintiff's position. Nor has Plaintiff provided adequate grounds for finding that HVGG acted as Plaintiff's agent. Accordingly, the Court finds Plaintiff failed to state a claim for breach of fiduciary duty against HVGG.

### B. Aiding and Abetting

Plaintiff's failure to state a breach of fiduciary duty requires that its derivative claim for aiding and abetting be dismissed as well.

G.A. Resort Condominium Association, Inc. v. Chicago Title..., Slip Copy (2020)

**C. Declaratory Relief**

The magistrate judge determined that Plaintiff failed to show it was entitled to declaratory relief because nothing in the governing documents precluded Defendants from creating the Portfolio Club out of the unsold fractional interests in the resort or required them to provide Plaintiff advance notice before doing so. Indeed, those documents expressly contemplated an external exchange program such as the Portfolio Club, notwithstanding that it was created from fractional interests that once belonged to G.A. Lodging. Nor do Plaintiff's allegations show that Defendants' operation of the Portfolio Club violated provisions of the governing documents that prohibited owners of fractional interests from using their timeshare units for commercial purposes. In short, Plaintiff has not shown that the magistrate judge's analysis is inconsistent with the plain meaning of the relevant provisions of the governing documents cited and discussed at length in the recommendation. Therefore, the Court discerns no basis for granting declaratory relief.

**D. Breach of Contract**

**\*4** Plaintiff argues the magistrate judge erred by finding that it failed state a claim for breach of contract against HVGM. Plaintiff cites three provisions of the Condominium Association Management Contract to support its claim. (ECF No. 54-7.) Section 7 of the agreement requires HVGM to "act in a fiduciary capacity with respect to the proper protection of and the accounting of [Plaintiff's] assets." (*Id.* at 8.) Section 6(m) of the agreement requires HVGM to "use its best efforts to ensure that relationships with [exchange] companies are maintained in such a manner as to maximize the benefits available to Owners in its sole discretion." (*Id.* at 7.) And section 34 of the agreement requires HVGM to maintain the resort "in accordance with 'first class' standards determined by [HVGM] and similar to those of other resorts operated by Hyatt Vacation Management Corporation." (*Id.* at 13.)

Plaintiff's allegations fail to establish any breach of these provisions. First, Plaintiff's contention that HVGM failed to enforce the commercial use prohibition is unavailing for the reasons stated above. Second, nothing in the above provisions required HVGM to inform Plaintiff in advance about the transfer of G.A. Lodgings' remaining fractional interests into

the points-based Portfolio Club. Nor has Plaintiff shown how HVGM's obligations to HPCOA conflict with its obligations to Plaintiff. The conclusory allegation that the transfer "reduce[d] space-available inventory for Owners" (ECF No. 129 at 12) is insufficient to state a claim based on any breach of the provisions cited above. Plaintiff's allegation that HVGM failed to maintain "first class standards" at the resort due to "increased wear and tear" (*id.* at 14) lacks any factual support and is similarly conclusory. Therefore, Plaintiff has failed state a breach of contract claim against HVGM.

**E. Unjust Enrichment**

Plaintiff contends that its unjust enrichment claim is not barred because there is no contractual provision governing what it may recover. Unjust enrichment is an equitable remedy designed for circumstances in which other remedies are unavailable. *See W. Ridge Group, LLC v. First Trust Co. of Onaga,* No. 09-1358, 211 WL 635567, at \*7 (10th Cir. Feb. 23, 2011) (unpublished). In the absence of any viable claim for breach of fiduciary duty, Plaintiff has not identified any basis for relief that is outside the parties' contractual relationships. Therefore, Defendants are entitled to dismissal of this claim as well.

**F. Accounting**

Plaintiff's failure to state a claim for breach of fiduciary duty also requires dismissal of its claim for accounting for the reasons stated in the magistrate judge's recommendation. Plaintiff offers no argument to the contrary.

**IV. CONCLUSION**

Therefore, the Court OVERRULES Defendant's Objections (ECF No. 129), ACCEPTS and ADOPTS the magistrate judge's Report and Recommendation (ECF No. 105), and GRANTS Defendants' Motion to Dismiss the Second Amended Complaint (ECF No. 55). The Clerk is directed to CLOSE this case.

**All Citations**

Slip Copy, 2020 WL 7022354

**Litowitz, Douglas 4/12/2021**
**For Educational Use Only**

G.A. Resort Condominium Association, Inc. v. Chicago Title..., Slip Copy (2020)

# Footnotes

1     Plaintiff also cites *RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, No. 16-cv-01301-PAB-GPG, 2018 WL 1535509 (D. Colo. Mar. 29, 2018), in support of finding a fiduciary duty here. But the defendant condominium association was the source of the duty in that case as well.

**End of Document**          © 2021 Thomson Reuters. No claim to original U.S. Government Works.