## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:19-cv-02443-RM-STV;
Consolidated with Civil Action No. 1:19-cv-02637

Li, *et al*.,

     Plaintiffs,

v.

Waveland Ventures, LLC, *et al*.,

     Defendants.

---

### CRC I'S RESPONSE TO LI PLAINTIFFS' MOTION TO DECLARE DEFAULT JUDGMENT REMOVING CRC I, LLC AS GENERAL PARTNER AND GRANTING APPOINTMENT OF RECEIVER [ECF 294]

---

Defendant Colorado Regional Center I, LLC ("CRC I"), submits this Response to Li Plaintiffs' Motion to Declare Default Judgment Removing CRC I as General Partner and Granting Appointment of Receiver [ECF 294], stating as follows:

### INTRODUCTION

Through their Motion to Declare Default Judgment Removing CRC I as General Partner and Granting Appointment of a Receiver ("Motion")[ECF 294], the Li Plaintiffs – who now insist the Court *lacks* subject matter jurisdiction over the remaining issues in this case - ask the Court to  reconsider: (a) the Court's denial [ECF 271, pp. 43-45] of the Li Plaintiffs' Request for an "Order Declaring General Partner Removed Instanter," which was embedded in the Li Plaintiffs' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Counterclaim [ECF208];   and,  (b) the

4829-3574-0132

Court's denial [ECF 271, pp. 45-49] of the Cui Plaintiffs' Motion for Appointment of Receiver [ECF 211].

The sole basis for the Li Plaintiffs' Motion is that CRC I has voluntarily dismissed its declaratory judgment counterclaim. The Li Plaintiffs claim that because CRC I has voluntarily dismissed its declaratory judgment counterclaim, CRC I has "destroyed their standing to challenge removal as general partner and appointment of a receiver" and that the Court should issue a declaration that CRC I has "defaulted on [its] objections to removal as general partner and has defaulted on [its] opposition to receivership." Motion [ECF 294], p.2.

The Li Plaintiffs are incorrect. CRC I withdrew its declaratory judgment counterclaim for reasons of judicial economy and to obtain closure of this long and costly federal court process. All claims against CRC I have been dismissed.  CRC I appreciates that the Court's subject matter jurisdiction over the remainder of this lawsuit is at least unclear. And the Li Plaintiffs have announced an intention of filing some kind of new action in Colorado state court. Accordingly, CRC I withdrew its counterclaim without prejudice in a responsible effort to streamline the remainder of this case so that the Court can immediately enter final judgment.

CRC I has not conceded anything by virtue of its entirely proper voluntary dismissal of its single counterclaim under Fed. R. Civ. P. 41.  If the Li Plaintiffs have a good faith basis to pursue any claims at all at this point, according to their own current jurisdictional position they should pursue those claims in state court.  In any case, the Li Plaintiffs' Motion should be denied.

4829-3574-0132

**BACKGROUND**

1.      During the course of this lawsuit, the Li Plaintiffs announced that they had removed CRC I as general partner of Colorado Regional Center Project Solaris, LLLP ("CRCPS") for committing fraud. As the Court noted, "(b)y 'Status Report" dated April 20, 2020 [ECF 183], the Li Plaintiffs (and purportedly other limited partners) announced they appointed the wife and legal assistant of their counsel as their proxy to remove CRC I as the general partner of CRCP due to fraud and breach of fiduciary duty." *See* March 2, 2021 Order on Pending Motions [ECF 271, p. 43].

2.      As a result of this announcement and Status Report, CRC I asserted a counterclaim for a declaratory judgment that no cause existed to justify the removal of CRC I as the general partner of CRCPS. [ECF 204].

3.      The Li Plaintiffs then filed a Motion to Dismiss Counterclaim by CRC Defendants Under Fed. R. Civ. P. 12(b)(6) and for Order Declaring General Partner Removed Instanter [ECF 208], arguing, essentially, that their announcement that CRC I had been removed was self-executing. [ECF 208, pp. 9-10]. The Li Plaintiffs insisted that they were not required to obtain judicial approval to legally remove CRC I as general partner and that they had already done so. [ECF 208, pp 7-11].  CRC I responded [ECF 219].

4.      The Cui Plaintiffs separately filed a Motion to Appoint Receiver over CRCPS' property. [ECF 211]. CRC I responded [ECF 229] and the Cui Plaintiffs replied. [ECF 236].

5.      In its Order on Pending Motions, the Court denied the Li Plaintiffs' Motion to Dismiss CRC I's Counterclaim and for Order Declaring General Partner Removed Instanter [ECF 271, pp. 43-45] and the Cui Plaintiffs' Motion to Appoint Receiver. [ECF 271, pp. 45-49].

4829-3574-0132

6.      In its Order on Pending Motions, the Court also dismissed all claims for relief asserted against the CRC Defendants – including the fraud claims upon which the Li Plaintiffs' predicated their purported removal of CRC I as the general partner of CRCPS.  The Court also dismissed all but two claims for relief asserted against the SPO Defendants. [ECF 271 pp. 52-55]. Based on these dismissals, the Court asked Plaintiffs to brief the issue of "whether the Court has diversity jurisdiction and, if not, whether the Court should retain supplemental jurisdiction." [ECF 271, p. 54].

7.      The Li Plaintiffs responded by filing a Briefing on Subject Matter Jurisdiction and Motion to Dismiss the State-Law Claims Under Fed. R. Civ. P. 12(h)(3) and 12(b)(1). [ECF 272].  In this Motion, the Li Plaintiffs moved the Court to dismiss their own remaining claims, arguing that the Court currently lacks subject matter jurisdiction and that they intend to file claims in state court. [ECF 272].  The Li Plaintiffs have repeated this position in other filings. [ECF 283, ECF 298].

8.      As a result of the Court's dismissal of all claims asserted by all Plaintiffs against the CRC Defendants, including the fraud claims, and in light of the Li Plaintiffs' insistence that the Court now lacks subject matter jurisdiction, CRC I voluntarily dismissed its counterclaim for declaratory relief.  [ECF 290].  As CRC I explained in its Brief Regarding Jurisdiction in Response to Court's Order on Pending Motions [ECF 291, p. 5], this has been a tremendously expensive and time-consuming litigation for the CRC Defendants.  It makes no sense for CRC I to continue pursuing a declaratory judgment counterclaim in this Court in light of the Li Plaintiffs' insistence that this Court lacks subject matter jurisdiction and that any ruling on the counterclaim would therefore be void.

4829-3574-0132

**ARGUMENT**

This Motion is just one of the many requests by the Li Plaintiffs for reconsideration of the Court's March 2, 2021 Order on Pending Motions. [ECF 271]. For instance:

- In the Li Plaintiff's "Briefing on Subject Matter Jurisdiction and Motion to Dismiss the State Law Claims under Fed. R. Civ. P. 12(h)(3) and 12(b)(1)" [ECF 272], the Li Plaintiffs apparently asked the Court to reconsider its dismissal of the state law claims against all Defendants.

- In the Li Plaintiffs' "Response to CRC Defendants' Motion for Attorney Fees" [ECF 278, pp. 12-15], the Li Plaintiffs requested the Court to reinstate their dismissed fiduciary duty claim, under a new theory that they never pled.

- In the Li Plaintiffs' "Motion for Reconsideration: Request to Reinstate Count I of the Third Amended Complaint" [ECF 282], the Li Plaintiffs denied that the breach of fiduciary duty claim they pled in their Third Amended Complaint was actually a breach of fiduciary duty claim, and then demanded that the Court "reinstate" the cause of action as "a claim for breach of contract and breach of statutory duty." [ECF 282, p. 11]

- In the Li Plaintiffs' "Reply to SPO Defendants' Response on Li Plaintiffs' Motion to Dismiss State Law Claims for Lack of Subject Matter Jurisdiction" [ECF 298, p. 6], the Li Plaintiffs argued "(t)he safest path for this Court is to stick with its dismissal of the federal securities claim (Count V) and cut loose the state law claims (Counts I, II, III, VI, Counterclaim) for lack of subject matter jurisdiction. That gets this case out of the federal system and puts it at square one in state court, which is fine since we are still at the pleading stage.").

4829-3574-0132

This Motion, like all of the Li Plaintiffs' other requests for reconsideration of the March 2, 2021 Order on Pending Motions [ECF 271], should be denied.

First, the Li Plaintiffs' Motion fails to identify *any* procedural or substantive grounds for the Motion in violation of Fed. R. Civ. P. 7(b)(1)(B). CRC I is left to guess that the Li Plaintiffs are seeking reconsideration of the denial of two of their motions.

Second, assuming that the Li Plaintiffs' Motion is a motion for reconsideration, there are no grounds for granting the Motion. "Grounds warranting a motion to reconsider include: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct error or prevent manifest injustice." *Servants of the Peraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate only "where the court has misapprehended the facts, a party's position, or the controlling law," but is not appropriate to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citation omitted). The Li Plaintiffs do not even attempt to address these considerations, instead simply insisting (without any legal support) that CRC I's voluntary dismissal of its declaratory judgment counterclaim constitutes a "default on their objections" to removal and opposition to receivership. [ECF 294, p. 2].

In voluntarily dismissing its declaratory judgment counterclaim without prejudice, CRC I did not "default" on anything. Since the Court's March 2, 2021 Order on Pending Motions, the Li Plaintiffs have repeatedly maintained that this Court now lacks subject matter jurisdiction over this case, that further rulings from this Court would be void and that the Li Plaintiffs intend to file claims in state court. [ECF 272, ECF 283, ECF 298]. CRC I's decision to voluntarily dismiss its counterclaim without prejudice under the circumstances was reasonable and

4829-3574-0132

responsible. If the Li Plaintiffs have a good faith basis to pursue removal of CRC I and/or appointment of a receiver over CRCPS, a Colorado limited limited liability partnership – and CRC I contends they do not - according to their own current jurisdictional position they should pursue those claims in a Colorado state court. Contrary to the Li Plaintiffs' completely unsupported assertion, CRC's dismissal of its counterclaim does not and cannot somehow constitute a default judgment on a denied motion.

Third, while the Li Plaintiffs seek reconsideration of the Court's denial of their request, improperly embedded in their motion to dismiss CRC I's counterclaim, for an "Order Declaring General Partner Removed Instanter" [ECF 208], they fail to identify any basis at all for the Court to reconsider its thorough and well-reasoned analysis in its Order on Pending Motions [ECF 271, pp. 43-45]. As the Court noted in denying their prior request, "(i)t is unclear under what rule or legal authority Li Plaintiffs' request is made, or how their arguments (without appropriate and sufficient evidentiary support), show they should be granted this relief." [ECF 271, p. 45]. Before the Court's March 2, 2021 Order on Pending Motions [ECF 271], the Li Plaintiffs offered no procedural rule, claim or support for their request for removal of CRC I. [ECF 219, p. 12]. There are no claims currently pending against CRC I in this lawsuit – let alone any claims for removal of CRC I as the general partner of CRCPS. [ECF 271, pp. 52-55].  There is, therefore, no basis at all for the Court to reconsider its rejection of the Li Plaintiffs' request to remove CRC I as general partner.

Fourth, the Li Plaintiffs' request that the Court reconsider its denial of the Plaintiffs' Motion to Appoint Receiver [ECF 271] is improper not only under Fed. R. Civ. P. 7(b)(1)(B), but also under Civ. Practice Standard IV.A.(i), as the Li Plaintiffs appear now to be incorporating

4829-3574-0132

another party's (denied) motion. That aside, the Li Plaintiffs offer no argument for a reconsideration of the Court's denial of the Cui Plaintiff's Motion to Appoint Receiver, again, other than the fact that CRC I has now dismissed its declaratory judgment counterclaim. Nor are there any claims remaining in this case that would support the appointment of a receiver over CRCPS. The Court has correctly noted that receivership "is an extraordinary *remedy* that lies in the discretion of the court, justifiable only in extreme situations." [ECF 271 (emphasis added), p. 46, citing *Waag v. Hamm*, 10 F. Supp. 2d 1191, 1193 (D. Colo. 1998).

In sum, the Li Plaintiffs cite no legal support for the relief they seek. There are no claims left in this lawsuit that would support removal of CRC I as the general partner of CRCPS or appointment of a receiver over CRCPS. Even if there were such claims remaining in this lawsuit, the Li Plaintiffs insist that the Court lacks subject matter jurisdiction to grant the very relief they seek. For all of these reasons, the Li Plaintiffs' Motion must be denied.

## CONCLUSION

For the foregoing reasons, CRC I respectfully request that the Court deny the Li Plaintiffs' Motion to Declare Default Judgment Removing CRC I as General Partner and Granting Appointment of Receiver [ECF 294].

4829-3574-0132

9

Dated:  April 14, 2021

*s/ James Kilroy*

James Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email:  jkilroy@swlaw.com
Email:  skanan@swlaw.com

**Counsel for Defendants Colorado Regional Center I, LLC, Colorado Regional Center LLC and Waveland Ventures, LLC**

4829-3574-0132

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on April 14, 2021, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:


Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

*/s/Amy Kovarsky*
for Snell & Wilmer L.L.P.

4829-3574-0132