# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.
    Plaintiffs,

                  Hon. Judge Moore
   v.             Hon. Magistrate Varholak

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.
    Defendants.

## Li Plaintiffs Reply to Strike CRC Defendants'
## Response at ECF 300

A District Court has no jurisdiction to hear, address, or rule on a claim that was voluntarily withdrawn under Fed. R. Civ. P. 41(a)(1):

> On this issue, we have held that once a Rule 41(a)(1) dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them. We reasoned that [t]he filing of a Rule 41(a)(1) notice itself closes the file. . . . The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought.

*Netwig v. Georgia Pacific Corp.*, 375 F.3d 1009, 1011 (10th Cir. 2004)(internal citations omitted). This Court cannot hear ECF 300 which relates to a withdrawn claim. This Court must proceed as if CRCI's Counterclaim was *never* brought. This wipes out CRC's challenge to its removal as general partner of CRCPS. Nor can CRCI jump back into the issue, since it told the Court that it is no longer a party, so any ruling by the Court would be advisory [ECF 291: 5].

This Court said that the partnership agreement did not require *prior* judicial approval to remove CRCI [ECF 271:44]. Removal could only be challenged after the fact in a *subsequent* judicial proceeding occasioned by the Counterclaim. But now the Counterclaim is gone, wiping out any challenge to the removal of CRCI as general partner. The removal has already taken place [ECF 183, 208] and there are no ex-post obstacles in its path.

Fed. R. Civ. P. 57 ("Declaratory Relief") and 28 U.S.C. §2201(a) ("Creation of a Remedy") empower this Court to declare the rights of any parties by issuing a declaratory judgment. CRCI cited to these statutes as authority for the Court to decide the question of removal by declaratory judgment [ECF 204:41], so it cannot be heard to complain if this Court issues a declaratory judgment that CRCI has been removed as general partner of CRCPS, the remedy sought by the Li Plaintiffs at ECF 208.

As a practical matter, CRCI will not abdicate its role as general partner until this Court issues a declaration to that effect. Accordingly, the Li Plaintiffs ask this Court to memorialize CRCI's removed as general partner, and strike CRCI's Response at ECF 300.

Dated: April 14, 2021                                   Respectfully Submitted,

/s/ Douglas Litowitz
413 Locust Place,
Deerfield, IL 60015
312-622-2848
Litowitz@gmail.com

### Certificate of Service

This document was filed on the ECF system for the District of Colorado on April 14, 2021.