**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02443-RM-STV;
Consolidated with Civil Action No. 1:19-cv-02637

Li, *et al*.,

    Plaintiffs,

v.

Waveland Ventures, LLC, *et al*.,

    Defendants.

## CRC'S RESPONSE TO ORDER TO SHOW CAUSE [ECF 292]

Defendant Colorado Regional Center, LLC ("CRC"), submits this response to the Court's April 1, 2021, Order to Show Cause [ECF 292], stating as follows:

### INTRODUCTION

In its April 1, 2021 Order to Show Cause [ECF 292], the Court directed the Cui Plaintiffs to show cause why the Court should not dismiss, without prejudice, Rick Hayes and CRC as defendants in this action and, concomitantly, vacate or amend the Order on Pending Motions of March 2, 2021 [ECF 271] as to CRC only for lack of subject matter jurisdiction. The Court also permitted CRC to respond if it wishes to do so.

CRC agrees that the Court should dismiss Rick Hayes and CRC from this lawsuit. But as discussed herein, CRC and Rick Hayes are not situated identically. CRC contends that Rick Hayes should be dismissed without prejudice because the Court never had jurisdiction over Rick

4820-5696-6373

Hayes. CRC, however, was properly dismissed with prejudice in the March 2, 2021 Order on Pending Motions [ECF 271], pursuant to Fed. R. Civ. P. 12(b)(6), because the Court actually had jurisdiction over CRC when it issued that ruling.

## BACKGROUND

### A.   Cui Plaintiffs' Treatment of Rick Hayes

1. In their initial September 16, 2019 Complaint, the Cui Plaintiffs did not name Rick Hayes in their caption as a party defendant. Nor did the Cui Plaintiffs identify Rick Hayes as a party defendant in the allegations of their initial September 16, 2019 Complaint. [ECF 1, Case 1:19-cv-02637-NYW].

2. The Cui Plaintiffs never served Rick Hayes with a summons and their original Complaint under Fed. R. Civ. P. 4(c), 4(d), or otherwise. Accordingly, the Cui Plaintiffs never filed a proof of service of process on Rick Hayes, as required by Fed. R. Civ. P. 4(l)(1).

3. On November 18, 2019, the Cui Plaintiffs filed a First Amended Complaint. [ECF 21, Case 1:19-cv-02637-NYW]. This pleading also did not name Rick Hayes in the caption as a party defendant, nor did it identify Rick Hayes as a party defendant in the allegations of that pleading.

4. The Cui Plaintiffs never served Rick Hayes with a summons and their First Amended Complaint, and therefore they never filed a proof of service of process on Rick Hayes as to their First Amended Complaint.

5. After the Court consolidated the Li Plaintiffs' Action [Case 1:19-cv-02443-RM-STV] with the Cui Plaintiffs' Action [Case 1:19-cv-02637-NYW], on March 6, 2020 the Cui Plaintiffs filed their Second Amended Complaint. [ECF 169]. The Cui Plaintiffs did not identify

2

Rick Hayes as a party defendant in the caption of their Second Amended Complaint. In this pleading, the Cui Plaintiffs, for the first time, referred to Rick Hayes as a party defendant – not in the caption of their pleading but instead in the allegations of the Second Amended Complaint. [ECF 169, p. 9, ¶¶ 46 and 49].

6.      The Cui Plaintiffs never served Rick Hayes with a summons and their Second Amended Complaint, and therefore they never filed proof of service of process on Rick Hayes as to their Second Amended Complaint.

7.      On April 30, 2020, the Cui Plaintiffs filed their Third Amended Complaint. [ECF 190]. The Cui Plaintiffs did not identify Rick Hayes as a party defendant in the caption of their Third Amended Complaint. In this pleading, as in their Second Amended Complaint, the Cui Plaintiffs referred to Rick Hayes as a party defendant in the allegations of their Third Amended Complaint. [ECF 190, p. 9, ¶¶ 46 and 49].

8.      The Cui Plaintiffs never served Rick Hayes with a summons and their Third Amended Complaint, and therefore they never filed proof of service of process on Rick Hayes as to their Third Amended Complaints.

9.      In sum, the Cui Plaintiffs never served any summonses or complaints on Rick Hayes and never identified Rick Hayes in any pleading caption. And Rick Hayes never entered an appearance in this case.

**B.     Cui Plaintiffs' Treatment of CRC**

10.     In their initial September 16, 2019 Complaint, the Cui Plaintiffs named CRC in their caption as a party defendant. [ECF 1, Case 1:19-cv-02637-NYW].

4820-5696-6373

11. Undersigned counsel accepted service of the summons and original Cui Plaintiffs' Complaint for CRC and the Cui Plaintiffs filed a waiver of service of process as to CRC. [ECF 14, Case 1:19-cv-02637-NYW].

12. Undersigned counsel entered an appearance for CRC and has been representing CRC in this action since that time. [ECF 22 and 23, Case No. 1:19-cv-02637-NYW].

13. On November 18, 2019, the Cui Plaintiffs filed a First Amended Complaint. [ECF 21, Case 1:19-cv-02637-NYW]. This pleading also named CRC as a party defendant in the caption.

14. After the Court consolidated the Li Plaintiffs' Action [Case 1:19-cv-02443-RM-STV] with the Cui Plaintiffs' Action [Case 1:19-cv-02637-NYW], on March 6, 2020 the Cui Plaintiffs filed their Second Amended Complaint. [ECF 169]. The Cui Plaintiffs did not identify CRC in the caption, but instead abbreviated their caption of the Second Amended Complaint. [ECF 169].

15. On April 30, 2020, the Cui Plaintiffs filed their Third Amended Complaint. [ECF 190]. Instead of using an abbreviated caption, as they had in their Second Amended Complaint [ECF 169], the Cui Plaintiffs purported to list the party defendants. CRC was not listed on the caption. [ECF 169]. CRC was, however, identified as a party defendant in the body of the Third Amended Complaint. [ECF 190, p. 9, ¶ 41].

16. The Cui Plaintiffs never filed a Fed. R. Civ. P. 41 motion to dismiss CRC.

17. While the Third Amended Complaint was not a model of clarity, CRC understood – based on prior pleadings and its acceptance of service of process – that it was a party defendant as to the Cui Plaintiffs' Third Amended Complaint. [ECF 190]. Accordingly, CRC, along with

Colorado Regional Center I, LLC ("CRC I") and Waveland Ventures, LLC ("Waveland")[1], filed the CRC Defendants' Motion to Dismiss Cui Plaintiffs' Third Amended Complaint and Li Plaintiffs' Third Amended Complaint [ECF 203].

18. The Court granted the CRC Defendants' Motion to Dismiss and dismissed all claims against all CRC Defendants – including CRC – under Fed. R. Civ. P. 12(b)(6). [ECF 271, pp. 52-55].

## ARGUMENT

Rick Hayes was never identified as a party defendant in the Cui Plaintiffs' initial Complaint and subsequent amended pleadings, was never served with process, and never entered an appearance in this lawsuit. Because Rick Hayes was identified as a party defendant in the Cui Plaintiffs Second and Third Amended Complaints [ECF 169 and 190, p. 9, ¶ 46], the Court should dismiss Rick Hayes, without prejudice, under the Tenth Circuit's analysis in *M.A.C. v. Gildner*, No. 20-31-5, 2021 WL 1016422, at * 3 (10th Cir. March 17, 2021) and *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989). In addition, and perhaps more fundamentally, regardless of the Cui Plaintiffs' failure to identify Rick Hayes in the caption of any pleading, Rick Hayes should be dismissed without prejudice because the Cui Plaintiffs never served Rick Hayes with a summons or any version of their complaint. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. *Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d. 1269, 1292 (10th Cir. 2020) (citing *Omni Capital, Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

---

[1] CRC, CRC I and Waveland were referred to as "CRC Defendants." [ECF 203, ECF 271, p. 2,n.1].

CRC is situated differently. CRC contends that the Court had jurisdiction over CRC when it issued its March 2, 2021 Order on Pending Motions [ECF 271] because: (a) the Cui Plaintiffs identified CRC in the caption of their original Complaint; (b) the Cui Plaintiffs served CRC and filed proof of service of process; and (c) CRC actually entered an appearance, and defended the claims against it through the March 2, 2021 Order on Pending Motions [ECF 271].

Fed. R. Civ. P. 10(a) provides, in pertinent part, "(t)he title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." This requirement applies to amended complaints as well. *See, e.g., Ware v. Gary Community School Corp.*, 2015 WL 6756870, at *4 (N.D. Ind., Nov. 4, 2015)(citing cases).

With regard to CRC, it appears that the Cui Plaintiffs complied with Fed. R. Civ. P. 10(a) in connection with their original Complaint [ECF 1, Case 1:19-cv-02637-NYW] and their First Amended Complaint [ECF 21, Case 1:19-cv-02637-NYW]. It appears that the Cui Plaintiffs did not comply with Fed. R. Civ. 10(a) in their Second Amended Complaint [ECF 169] or their Third Amended Complaint [ECF 190], because neither of those complaints identified CRC as a party defendant in the caption.

As the Court pointed out in in its Order to Show Cause, Fed. R. Civ. P. 10(a) requires the title of the complaint to "name all parties" and the Tenth Circuit has held that federal courts lack jurisdiction over unnamed parties. [ECF 292, p. 1, citing the *Nat'l Commodity* and *M.A.C* decisions]. In each of these cases, however, the Tenth Circuit's rationale for dismissing these complaints for lack of jurisdiction was that no case "had been commenced" with respect to the unnamed parties in those cases. *National Commodity*, 886 F.2d at 1245; *M.A.C.,* 2021 WL

6

1016422, at * 3. Here, and unlike the situation in *Nat'l Commodity* and *M.A.C*, a case was actually *commenced* by the Cui Plaintiffs against CRC. And the Court actually had jurisdiction over CRC.

Fed. R. Civ. P. 3 provides that "(a) civil action is commenced by filing a complaint with the court." As such, the Cui Plaintiffs commenced their case against CRC when they filed their original Complaint – a pleading that in fact complied with Fed. R. Civ. P. 10(a) - on September 16, 2019. [ECF 1, Case 1:19-cv-02637-NYW].  Thereafter, the Cui Plaintiffs served process [ECF 14, Case 1:19-cv-02637-NYW] and at that time the Court had jurisdiction over CRC. *Compania de Inversiones Mercantiles, S.A.*, 970 F.3d. at 1292.

The Cui Plaintiffs never dismissed CRC from this lawsuit under Fed. R. Civ. P. 41 and CRC was forced to defend itself throughout the litigation, ending with the Order on Pending Motions. [ECF 271].

In sum, The Cui Plaintiffs certainly appear to have violated Fed. R. Civ. P. 10(a) by failing to identify CRC as a party defendant in the last two of their four complaints. But there seems to be no question that the Cui Plaintiffs properly "commenced" a case against CRC on September 16, 2019 and that the Court in fact had jurisdiction over CRC. CRC is aware of no case law that would suggest that the Cui Plaintiffs' failure to comply with Fed. R. Civ. P. 10(a) as to amended complaints *divested* the Court of jurisdiction over CRC.

## **CONCLUSION**

In sum, CRC respectfully submits: (a) that the Court never had jurisdiction over Rick Hayes and therefore the Court should dismiss Rick Hayes without prejudice; and (b) the Court did have jurisdiction over CRC, and thus properly dismissed CRC under Fed. R. Civ. P. 12(b)(6).

CRC respectfully contends, then, that the Court should proceed to dismiss Rick Hayes without prejudice, but there is no need for the Court to modify the Order on Pending Motions [ECF 271] as to CRC.

Dated:  April 15, 2021

*s/ James Kilroy*
James Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email:  jkilroy@swlaw.com
Email:  skanan@swlaw.com

**Counsel for Defendants Colorado Regional Center I, LLC, Colorado Regional Center LLC and Waveland Ventures, LLC**

**CERTIFICATE OF SERVICE**

This is to certify that on April 15, 2021, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
Christopher P. Montville
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

*/s/Amy Kovarsky*
for Snell & Wilmer L.L.P.

9