# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
        Plaintiffs,

      v.                                        Hon. Raymond P. Moore

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I, and
Peter Knobel,
        Defendants.

## CUI PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE  [ECF 292]

### BACKGROUND

The Cui Plaintiffs (the "LP's") filed their original Complaint on September 16, 2019 [ECF 1; *Cui Matter*; Case Number 19-cv-02637] (Declaration of Brian P. Stewart [BPS Dec ¶ 2]). Colorado Regional Center, LLC ("CRC") was named as a Defendant in the Caption of the Original Complaint. Thereafter, Plaintiffs filed their First Amended Complaint ["FAC"] on November 8, 2019 [ECF 21; *Cui Matter*] [BPS Dec ¶ 3].   On November 19, 2019 the Court issued its order Consolidating the *Cui Matter* with the Li Matter Case Number 19-cv-02443 [ECF 93] [BPS Dec ¶ 4].   The Courts Order indicated "That all papers filed in this consolidated action shall be filed in the lowest case number, No. 19-cv-2443-RM-STV."  On January 21, 2020 the Court issued a Minute Order in the *Cui Matter* admonishing Counsel for the Cui Plaintiffs that all pleadings "…shall be filed in the lowest case number No. 19-cv-02443 [ECF 37; *Cui*

*Matter*] [BPS Dec ¶ 5].   This was confusing as both of the referenced documents [ECF 35 & 36; *Cui Matter*] were filed on November 17, 2019, prior to the issuance of the order consolidating the two matters.  On December 11, 2019 the Cui Plaintiffs filed a Proposed Scheduling Order [ECF 103] with the caption for the lead case and the caption for the Cui Matter included [BPS Dec ¶ 6].   On or about December 14, 2019 Counsel for the Cui Plaintiffs was contacted by the Court Clerk's office and was instructed by the clerk that all documents filed in this matter going forward must be filed with the Li Caption including a reference to the consolidation with the *Cui Matter* (Declaration of Janet Lee  [JL Dec ¶ 5].

Thereafter, pursuant to the Court's instructions, each and every pleading filed in these consolidated matters was filed using the caption for the lead case with a reference to the consolidated case.  On December 16, 2019 the Joint Scheduling Order was filed in the format directed by the Court Clerk [ECF 109] [JL Dec ¶ 5].  From that point forward, **all pleadings filed by all parties** herein were filed in that format [BPS Dec ¶ 8].[1]  Both the 2nd Amended Complaint ("SAC") [ECF 169] and the 3rd Amended Complaint ("TAC") [ECF 190] were filed, as directed by the Court, under the caption for the lead case, the Li Matter, Case Number 19-cv-02443.  CRC is the Regional Center approved by the USCIS as the vehicle for the EB-5 investments.  The Cui Plaintiffs' TAC alleges Breach of Fiduciary Duty against CRC specifically in the management of the EB-5 investors' investment (ECF 190; TAC ¶'s 84 and 107).  While the *Cui Matter* always included CRC as a Defendant, the Li Matter never named CRC as a Defendant.  The Caption that the Court is viewing is the caption for the Li Matter (with reference to the consolidation with the Cui Matter), because that is the caption the clerk's office instructed

---

[1]. This appear to be the standard practice in the District and was followed by all counsel in this matter.

all parties to use.  In a nutshell, CRC was always a named Defendant in every version of the Cui Plaintiffs Complaint.

///

## ARGUMENT

1. <u>CRC was always a named Defendant in every Complaint.</u>

The Court issued its Order to Show Cause [ECF 292] on April 1, 2012.  The Court states that "In *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989), in dealing with unnamed plaintiffs, the Tenth Circuit stated that "federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." See *M.A.C. v. Gildner*, No. 20-3105, 2021 WL 1016422, at *3 (10th Cir. Mar. 17, 2021) ("proceeding Case 1:19-cv-02443-RM-STV Document 292 Filed 04/01/21 USDC Colorado Page 2 of 33 anonymously without permission is a jurisdictional defect that may (and, indeed, must) be raised sua sponte")."  Both of these cases are distinguishable in that they address attempts by Plaintiffs to proceed anonymously without seeking leave of the court to do so.   These cases have no application on these facts.

None of the Plaintiffs are seeking to proceed anonymously.  Quite the contrary, the identity of the Cui Plaintiffs has never changed.  There are sixteen Plaintiffs in the original Complaint and sixteen Plaintiffs in each of the amended Complaints.  Defendant CRC was a named Defendant in each version of the Complaint filed by the Cui Plaintiffs.  The confusion, identified by the Court in its Order to Show Cause, occurred as a direct result of counsel following the instructions given by the Court following the consolidation of the Cui Matter and the Li Matter, wherein the Clerk indicated that the caption for all filings made should be the Caption for the lead case, the Li Matter, with reference to the consolidated case the *Cui Matter*.

3

Each and every pleading filed by all parties used the exact same format following the consolidation of the two cases.

> 2. <u>Rick Hayes was added as a named defendant in the SAC in connection with the alter ego allegations in the eighth Claim for Relief, which is now moot.</u>

Unlike CRC, Rick Hayes (hereinafter "Hayes") was not always a named Defendant in this matter. Hayes was added as a Defendant in the SAC [ECF 169] for the limited purpose of the Eighth Claim for relief for piercing the corporate veil, because he was the only known owner of each of the CRC Defendants. There are no specific allegations of wrongdoing by Hayes individually, but only in his capacity as an officer of the various CRC Defendants. Although Hayes was not a named Defendant in the Complaint or the FAC, the Cui Plaintiffs believe that for the same reasons stated in section 2. above, Mr. Hayes was in fact a named Defendant in the SAC [ECF 169] and the TAC [ECF 190]. While the Cui Plaintiffs contend that the Court has jurisdiction over Mr. Hayes, the point is moot as the Eighth Claim for Relief was withdrawn prior to the hearing of the CRC Defendants 12 (b) (6) Motion.

> 3. <u>To the Extent that the Court believes that CRC is not a party because it is not named in the Caption of the TAC, the Court should grant the Cui Plaintiffs leave to amend to correct this clerical error.</u>

As more fully detailed above, the Cui Plaintiff's were following the instructions of the Court Clerk in using the Li Caption for all filings in this matter with a reference to the consolidation with the *Cui Matter*. If the Court intends to view this understandable mistake as depriving it of jurisdiction in this matter, then it has the power to grant relief from this mistake pursuant to Federal Rule of Civil Procedure Rule 60 (b) which states that:

> "(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;"

4

Rule 60(b) was designed to permit desirable legal objective that cases might be decided on their merits. (see, *Patapoff v. Vollstedt's, Inc.*, 267 F.2d 863, Bankr. L. Rep. (CCH) ¶59520, 2 Fed. R. Serv. 2d (Callaghan) 931, 1959 U.S. App. LEXIS 4819 (9th Cir. 1959).  Furthermore, Rule 60 is a rule of equity which attempts to strike proper balance between conflicting principles that litigation must be brought to an end and that justice should be done. (see, *United States v. Southwest Nat'l Bank*, 598 F.2d 600, 27 Fed. R. Serv. 2d (Callaghan) 447, 1979 U.S. App. LEXIS 15830 (Temp. Emer. Ct. App. 1979).)  Federal Rule of Civil Procedure Rule 21 states that:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

When Federal Rule of Civil Procedure Rule 60 is read in conjunction with Federal Rule of Civil Procedure Rule 21, It is within discretion of court to allow an amendment adding a party defendant against whom suit was originally brought. (see, *Crews v. Blake*, 52 F.R.D. 106, 15 Fed. R. Serv. 2d (Callaghan) 158, 1971 U.S. Dist. LEXIS 13786 (D. Ga. 1971).  In the interests of justice, if the Court believes that CRC has not been properly named in the caption, then any such error was based upon the mistake, inadvertence or excusable neglect of the Cui Plaintiff's counsel in either following or misinterpreting the instructions of the Court Clerk.

## CONCLUSION

The Cui Plaintiffs respectfully submit that the Court has and has always had jurisdiction over CRC, who was always a named Defendant in the Cui matter. Alternatively, if the Court determines that the it does not have jurisdiction over CRC then the Court should, sua sponte, grant the Cui Plaintiffs leave to amend the Complaint in order to correct the caption pursuant to Federal Rule of Civil Procedure Rules 60 and 21.

April 15, 2021

/s/ Brian Stewart
Hubert Kuo
**Ardent Law Group**
4340 Von Karman Ave.,
Suite 290
Newport Beach, California 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127
bstewart@ardentlawgroup.com
Counsel for Plaintiffs, Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo, Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong, Zhang, Qin, Zhou, Xun Zhu, Chunyi Zou in the consolidated case

## CERTIFICATION OF SERVICE

The undersigned attorney certifies that copies of the foregoing:

PLAINTIFFS' OPPOSITION TO ORDER TO SHOW CAUSE [ECF 292]

was served through ECF on April 15, 2021 upon all parties who have appeared.

/s/ Brian Stewart<br>Brian Stewart