**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:19-cv-02443-RM-STV;
Consolidated with Civil Action No. 1:19-cv-02637

Li, *et al*.,

    Plaintiffs,

v.

Waveland Ventures, LLC, *et al*.,

    Defendants.

**CRC DEFENDANTS' RESPONSE IN OPPOSITION TO LI PLAINTIFFS' MOTION FOR RECONSIDERATION: REQUEST TO REINSTATE COUNT I OF THE THIRD AMENDED COMPLAINT [ECF 282]**

Defendants Colorado Regional Center I, LLC, Colorado Regional Center, LLC and Waveland Ventures, LLC (the "CRC Defendants"), respectfully submit this Response in Opposition to Li Plaintiffs' Motion for Reconsideration: Request to Reinstate Count I of the Third Amended Complaint [ECF 282] (the "Motion"), stating as follows:

## INTRODUCTION

In their Motion for Reconsideration, the Li Plaintiffs repeatedly accuse the CRC Defendants and the Court of misunderstanding and misapplying the law. [ECF 282, Motion p. 10]("Yet the Court is twisting the law in impossible directions and bending over backwards, actually misstating the law on the public record, just to achieve the miraculous result that CRC I is released from the case prior to discovery."). The Li Plaintiffs are wrong.

4827-3418-3910

This action has been pending for more than 18 months, yet never once did the Li Plaintiffs argue that their breach of fiduciary duty claim (Count I of their Third Amended Complaint [ECF 120 and 222] was, in fact, *not* a breach of fiduciary duty claim.  Now - after having their breach of fiduciary duty and all other claims against the CRC Defendants dismissed and being subject to liability for CRC Defendants' attorney fees and costs - the Li Plaintiffs argue for the first time that their breach of fiduciary duty claim was actually one for breach of contract and violation of Colorado's Uniform Limited Partnership Act and that the Court somehow misunderstood their pleading. The Li Plaintiffs cite no authority to support their request that this Court convert their already-dismissed breach of fiduciary duty claim into an entirely different cause of action.  Their request is improper and should be denied.

Furthermore, the Li Plaintiffs' request for reconsideration is not based on a change in controlling law or new evidence that was previously unavailable.  Rather, they merely argue that the Court's dismissal of the breach of fiduciary duty claim was based on "clearly erroneous misunderstandings and misapplications of law."  [ECF 282 at 1].  In reality, the Li Plaintiffs are asking this Court to revisit issues already addressed and to consider arguments that were or could have been raised in prior briefing or during oral argument.  As such, they have presented no valid basis to seek reconsideration.

The bottom line is that the Li Plaintiffs asserted a claim for breach of fiduciary duty, not breach of contract or violation of statute.  They made the conscious decision to pursue a breach of fiduciary duty claim, presumably for the prospect of obtaining tort damages. The Li Plaintiffs' reference to the *source* of the fiduciary duty (whether contract, statute, special relationship, or other) simply does not convert a tort claim into a contract claim. The Li Plaintiffs had every

2

opportunity to amend and to address these issues and advance their arguments previously (and they did so, multiple times). The Li Plaintiffs' Motion for Reconsideration should be denied as improper and unsupported.

## LEGAL STANDARD

Although the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, courts generally treat such motions as falling under Rule 59 or Rule 60. *See Fredericks v. Rocky Mountain Offenders Mgmt. Sys., Inc.*, 2008 WL 3833775, at *1 (D. Colo. Aug. 13, 2008) (quoting *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005)). Where the motion seeks reconsideration of an interlocutory order, courts focus on whether there has been (1) a change in controlling law; (2) new evidence which was previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Id*. (citations omitted); *see also Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate only "where the court has misapprehended the facts, a party's position, or the controlling law," but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citation omitted).

## ARGUMENT

In their Motion, the Li Plaintiffs argue that the "Court's ruling at ECF 271 contains clearly erroneous misunderstandings and misapplications of law." [ECF 282 at 1]. The Li Plaintiffs maintain that the Court committed two errors: (1) the Court erred by dismissing the breach of fiduciary duty as barred by the economic loss doctrine; and (2) the Court erred by finding that the Li Plaintiffs lacked standing to challenge pre-investment conduct. For the reasons set forth below, however, the Li Plaintiffs have not met their burden of establishing that the Court should reconsider

3

dismissal of the breach of fiduciary duty claim in order to correct a clear error or prevent manifest injustice.

I.  **The Court Correctly Ruled that the Li Plaintiffs' Breach of Fiduciary Duty Claim Was Barred by the Economic Loss Doctrine**

The first error alleged by the Li Plaintiffs is that the Court "used the economic loss rule to dismiss an independent statutory claim and to dismiss an underlying contract claim." [ECF 282 at 2]. The Li Plaintiffs, however, never asserted an independent statutory claim or contract claim against the CRC Defendants. Rather, the Li Plaintiffs asserted a common law breach of fiduciary duty claim. For them to now claim that their breach of fiduciary duty claim was actually a claim for violation of a statute and breach of contract is unsupported by the record.

Throughout the course of this litigation, the Li Plaintiffs have had multiple opportunities to (and in fact did) amend their complaint, but they *never* alleged a claim for violation of Colorado's Uniform Limited Partnership Act or breach of contract. Prior to filing their motion to dismiss, the CRC Defendants provided the Li Plaintiffs' counsel with a comprehensive and detailed conferral letter outlining the legal flaws with their breach of fiduciary duty claim, including specifically that the claim was barred by the economic loss doctrine and that the acts complained of did not occur during plaintiffs' ownership of their limited partnership units. [*See* ECF 275-4 at Item 2]. The Li Plaintiffs did not address these deficiencies. Then, when the economic loss doctrine was raised in CRC Defendants' motion to dismiss, the Li Plaintiffs failed to cite any authority or provide any analysis to support their position that the economic loss doctrine did not bar their breach of fiduciary duty claim. [*See* ECF 210, at 16-17]. And never once in any of their briefs or during oral argument did the Li Plaintiffs argue that their breach of fiduciary duty claim was actually a claim for violation of Colorado's Uniform Limited Partnership

4

Act or a breach of contract claim. *See* Aug. 31, 2020 Hearing Transcript at 88:9-90:25, filed herewith as **Exhibit A**. To the contrary, at the very beginning of the oral argument on motions to dismiss, the Court painstakingly walked both sets of Plaintiffs through their pleadings in order to fully understand their pleadings:

> *THE COURT*: The next thing I want to do may sound a little absurd, and frankly I don't care how absurd it sounds, but what I want to do is to walk through and make sure that I have an understanding as to who the various counts of the Complaint are against. Having said this, let me be clear about something, the documents are what they are, and I'm not suggesting that by asking the question. I am allowing some amendment or change in the – in the pleadings, but it is possible that I simply have misunderstood something and want to, at least identify where there may be issues and what those issues might be.
>
> So I'm starting with the Li Plaintiff's Third Amended Complaint, and I'm just going to walk through this count by count, telling you what I see.
>
> There are, as I understand things, five counts that are still in play?
>
> *MR. LITOWITZ*: Exactly.
>
> *THE COURT*: Count I is against CRC I, Breach of Fiduciary Duty?
>
> *MR. LITOWITZ*: Correct.

Exhibit A at 12:5-23.

If the Li Plaintiffs had actually pled a breach of contract or statutory cause of action, instead of a breach of fiduciary claim, this – at the very least – would have been one of the many times to say so. They did not say so because they did not do so: the Li Plaintiffs never asserted claims for breach of contract or violation of the limited liability statutes.

As this Court previously recognized, "the focus is on the operative filings, not on matters which were not pled or should have been pled." [ECF 271 at 13]. The pleadings and arguments made by the Li Plaintiffs to date establish that Li Plaintiffs had every opportunity to amend to

5

assert new claims and to argue against the applicability of the economic loss doctrine. They chose not to do so, and they never, at any time, moved to amend their pleading under Fed. R. Civ. P. 15 to assert causes of action they now wish they had pled. The Court, therefore, should reject the Li Plaintiffs' new arguments on these old issues as improper for reconsideration.

Nonetheless, even if the Court were to consider the merits of the Li Plaintiffs' arguments, it should conclude that Li Plaintiffs have not met their burden for reconsideration. In their Motion, the Li Plaintiffs argue that the Court improperly dismissed their breach of fiduciary duty claim based on the economic loss doctrine because "the fiduciary duties they rely on are derived from contract (the Partnership Agreement) and from the Colorado Uniform Partnership Act." ECF 271 at 27. But the Court's ruling was entirely proper and well supported.

Specifically, where, like here, the duty of care alleged to have been breached is "'memorialized' in the contract, … the economic loss rule bars the tort claim." *Casey v. Colo. Higher Educ. Ins. Benefits Alliance Trust*, 310 P.3d 196, 202 (Colo App. 2012) (citation omitted); *see id.* at 204 (citing *BRW, Inc. v. Dufficy & Sons, Inc.*, 99 P.3d 66, 74 (Colo. 2004); *Action Nissan, Inc. v. Hundai Motor Am.*, 617 F. Supp. 2d 1177, 1192-93 (M.D. Fla. 2008); *Micale v. Bank One*, 382 F. Supp. 2d 1207, 1221-22 (D. Colo. 2005)) (Where a complaint alleges breach of "contractually imposed fiduciary duties," which are "memorialized" in the contract, the economic loss rule bars the tort claim for breach of fiduciary duty.). The economic loss doctrine applies even if the duty otherwise would be imposed in the absence of a contract. *See BRW, Inc.*, 99 P.3d at 74-75; *A Good Time Rental, LLC v. First Am. Title Agency, Inc.*, 259 P.3d 534, 537 (Colo. App. 2011) ("[E]ven a duty separately recognized under tort law is not independent if it is also imposed under the parties' contract.") (citations omitted); *Benton v. Avedon Engineering, Inc.*, 2012 WL

4827-3418-3910

5866303, at *5 (D. Colo. Nov. 19, 2012) (finding breach of fiduciary duty claim barred by the economic loss rule because the "duties that allegedly created fiduciary relationship are in substance the same as the contractual duties … [a]s such, they did not create a fiduciary relationship or fiduciary duties independent of the contract"). Regardless of whether the Li Plaintiffs alleged the existence of independent fiduciary duties, the bottom line is that those same duties are imposed by, and expressly memorialized in, the Partnership Agreement. [ECF No. 210, p.14; ECF No. 121-3, §§ 8.04 & 8.06]. As a result, the Court correctly determined that Plaintiffs' breach of fiduciary duty claim was barred by the economic loss doctrine.

The Li Plaintiffs fare no better with respect to their argument concerning Colorado's Uniform Limited Partnership Act. The Li Plaintiffs never even cited to or included allegations concerning Colorado's Uniform Limited Partnership Act in their Third Amended Complaint. Only after the CRC Defendants moved to dismiss this claim did Li Plaintiffs articulate the statutory duties on which they were relying to support their breach of fiduciary duty claim. [ECF 210 at 15]. But, as this Court correctly ruled, the Li Plaintiffs were relying, in their response to the motion to dismiss, on duties "owed by general partners to *limited partners*," which "cannot serve as a basis for their claim for breach of fiduciary duty owed to the *partnership*, CRCPS." [ECF 271 at 28].

Now the Li Plaintiffs argue for the first time that an entirely different provision of the Colorado Uniform Limited Partnership Act provides the source of duties on which they were relying for their breach of fiduciary duty claim. [*See* ECF 282 at 4-5]. The Li Plaintiffs, however, had multiple opportunities to raise this argument and address this issue before the Court's ruling. Their request for reconsideration, thus, is improper.

7

In addition, the fact that the statute may be a source of duties does not mean that it created an independent statutory cause of action or somehow converted the Li Plaintiffs' breach of fiduciary duty claim into one for violation of Colorado's Uniform Limited Partnership Act (which the Li Plaintiffs never even referred to in their Third Amended Complaint).  Thus, the Li Plaintiffs' reliance on *Bermel v. BlueRadios, Inc.*, 440 P.3d 1150 (Colo. 2019), which involved a tort claim for civil theft created by the statute, and *McWhinney Centerra Lifestyle Center LLC v. Poag & McEwen Lifestyle Centers*, 2021 WL 126572 (Colo. App. Jan. 14, 2021), which clarified that the economic loss doctrine did not bar intentional tort claims of fraudulent concealment, intentional interference with contractual obligations, and intentional inducement of breach of contract, is misplaced.

Even if Colorado's Uniform Limited Partnership Act somehow did create an independent statutory cause of action  for breach of fiduciary duty, however, the Li Plaintiffs *never asserted such a claim* in any of their four complaints, nor did they ever argue that they were asserting such a claim even after the CRC Defendants filed their motion to dismiss or during oral argument.  [*See generally* ECF 222 at ¶¶ 113-130; Exhibit A at 88:9-90:25 (Counsel for the Li Plaintiffs' argument on fiduciary duty claim)].  As a result, this argument is not proper grounds for reconsideration.  And regardless, the Court also concluded that those same duties were imposed by, and expressly memorialized in, the Partnership Agreement, and thus, were barred by the economic loss rule.  [ECF 271 at 28; *see also* ECF 210, p. 14; ECF 121-3, §§ 8.04 and 8.06].  Thus, the Court correctly found that Li Plaintiffs' breach of fiduciary duty claim was barred by the economic loss doctrine.

**II.     The Court Correctly Ruled that the Li Plaintiffs Lacked Standing to Assert a Breach of Fiduciary Duty Claim Related to Alleged Pre-Investment Breaches**

The second alleged "error" urged by the Li Plaintiffs is that this Court "was seduced into

8

applying the irrelevant 'contemporaneous ownership rule' to this dispute." [ECF 282 at 5]. Specifically, the Court found that "[t]he loan documents – e.g., the Loan Agreement, Promissory Note, and YEA – were entered into prior to the Li Plaintiffs becoming limited partners," and thus, they lacked standing to complain of such transactions. [ECF. 271 at 26]. The Court recognized in its dismissal order that the Li Plaintiffs utterly failed to argue or show otherwise and, in fact, *failed to respond at all* to this argument which was raised by the CRC Defendants in their Rule 12(b)(6) Motion to Dismiss. [*See id.* at n.49; *see also* ECF 203, pp. 21-22; ECF 210, pp. 14-16]. Because they had multiple opportunities to address this argument previously, the Li Plaintiffs' request for reconsideration with respect to the pre-investment conduct should be rejected outright.

Furthermore, this Court correctly ruled that the Li Plaintiffs lacked standing to assert a breach of fiduciary duty claim on behalf of the partnership based on alleged pre-investment conduct. [ECF 271 at 26]. To have standing, Rule 23.1 of the Federal Rules of Civil Procedure requires a plaintiff to allege continuous ownership of the entity "at the time of the transaction complained of, or that the plaintiffs' share or membership later devolved on it by operation of law." Fed. R. Civ. P. 23.1. Courts have uniformly concluded that derivative plaintiffs lack standing to challenge transactions that occurred prior to the time they became shareholders or members. *See, e.g.*, *Noland v. Barton*, 741 F.2d 315, 317 (10th Cir. 1984); *In re Accuray Inc., Shareholder Derivative Litigation*, 757 F. Supp. 2d 919 (N.D. Cal. 2010) (A derivative plaintiff has no standing to challenge transactions that occurred prior to the time he owned stock or membership.).

In their Motion, the Li Plaintiffs argue for the first time that "Colorado law says that fiduciary duties attach during the marketing and negotiation of a security and continue all the way

9

4827-3418-3910

through continuous ownership." [ECF 282 at 8 (citing and discussing *Elk River Assocs., v. Huskin*, 691 P.2d 1148, 1152 (Colo. App. 1984) and *Lucas v. Abbott*, 601 P.2d 1376 (Colo. 1979))]. The Li Plaintiffs failed to make this argument in response to CRC Defendants' motion to dismiss or during oral argument, even though *Elk River* was specifically discussed by Cui Plaintiffs and CRC Defendants' counsel during the hearing. [ECF 210, pp. 14-16; *compare* Exhibit A at 88:9-90:25 (counsel for the Li Plaintiffs' argument on fiduciary duty claim), *with id.* at 86:15-88:6 (counsel for Cui Plaintiffs) and 91:7-92:14 (counsel for CRC Defendants)]. Like with the Li Plaintiffs' other arguments, the Court should not entertain this argument at all.

But even if it does, the Li Plaintiffs are incorrect. The conduct the Li Plaintiffs complained of related to matters that predated formation of the limited partnership and predated any offering or sale of the limited partnership membership units. Thus, whether or not CRC I had fiduciary duties to investors "from the time that sale of limited partnership units commenced until" present is entirely irrelevant to the pre-investment conduct the Li Plaintiffs alleged served as the basis for their breach of fiduciary duty claim. *See Elk River*, 691 P.2d at 1152. Nor does *Elk River* or any of the other authority cited by the Li Plaintiffs in their Motion for Reconsideration support the idea that the Li Plaintiffs had standing to assert a breach of fiduciary duty claim against CRC I derivatively for conduct that occurred prior to the negotiation and formation of the limited partnership, prior to any offering or sale of partnership units to investors, and prior to CRC I's very existence. This Court, therefore, correctly ruled that the Li Plaintiffs had no standing to challenge on behalf of CRCPS the pre-investment conduct related to the underlying deal (such as the promissory note and the Yield Enhancement Agreement). [ECF. 271 at 26].

The Li Plaintiffs also argue for the first time in their Motion for Reconsideration that the

10

continuing harm exception applies to save their claim. [ECF 282 at 9]. The Li Plaintiffs, however, never alleged this doctrine in their Third Amended Complaint or argued previously that this exception should be applied. But even if they did, this exception would not apply to the facts here—the underlying transaction was not concealed from investors, it was actually described in the private placement memorandum, with the documents attached, and provided to investors. *See Noland*, 741 F.2d at 318. The Li Plaintiffs' request that the Court apply this exception is unsupported by the record.

### III. The Li Plaintiffs' Supplemental Authority Does Not Support Their Motion for Reconsideration

After filing their Motion for Reconsideration, the Li Plaintiffs submitted supplemental authority in support of their request. [*See* ECF 299]. In their supplemental authority notice, the Li Plaintiffs argue that this Court should have treated their breach of fiduciary duty claim as a breach of contract claim. The Li Plaintiffs cite three additional cases to support their request for reconsideration, but not one supports what they are asking this Court to do: to treat their now-dismissed breach of fiduciary duty claim as a breach of contract claim.

The first case Li Plaintiffs rely on as supplemental authority is this Court's decision in *G.A. Resort Condominium Association, Inc. v. Chicago Title Timeshare Land Trust, Inc.*, 19-cv-01870-RM-GPG, 2020 WL 7022354 (D. Colo. Nov. 30, 2020). Like here, in *G.A. Resort* this Court correctly dismissed the plaintiff's breach of fiduciary duty claim as barred by the economic loss doctrine because the duties alleged to have been breached arose from and were incorporated in the parties' written contract. 2020 WL 7022354, at *2. The Li Plaintiffs' position that the duties that were allegedly breached arose from the Partnership Agreement is fatal. There is nothing in *G.A. Resort* that suggests, let alone supports, Li Plaintiffs' request that the Court treat the now-dismissed

11

breach of fiduciary duty claim as one for breach of contract.  Rather, *G.A. Resort* confirms that this Court's dismissal of the Li Plaintiffs' breach of fiduciary duty claim as barred by the economic loss doctrine was proper.

The Li Plaintiffs' position that this Court should have *sua sponte* converted their breach of fiduciary duty claim into a claim for breach of contract is completely unsupported and contradicted by the record.  [*See* ECF 299 at 1 (This Court "refused to treat Count I as a contract claim even thought it was titled *Breach of Fiduciary Duty Arising by Contract and Statute*, and cited contractual provisions setting forth fiduciary obligations.") (emphasis in original)].  Again, not once did the Li Plaintiffs ever assert a breach of contract claim or argue that their breach of fiduciary duty claim was actually a breach of contract claim, and  the Li Plaintiffs had multiple opportunities to (and did) amend their complaint on several occasions and never once asserted a breach of contract claim against the CRC Defendants.  The Li Plaintiffs are not permitted to "'switch horses mid-stream in search of a swifter steed,' where such argument is not supported by the allegations."  [ECF 271 at 13 (citations omitted)].

The Li Plaintiffs' own characterization of their claim is fatal to their argument.  As this Court has recognized, applicability of the economic loss doctrine in Colorado "focuses on the source of the duty that the defendant allegedly breached."  *G.A. Resort*, 2020 WL 7022354, at *3 (quotations and citation omitted).  Here, by the Li Plaintiffs' own characterization of its breach of fiduciary duty claim, the duty allegedly breached arose from the parties' contract and the

4827-3418-3910

partnership act.  [*See* ECF 222 at 32].  As a result, this Court correctly ruled that the economic loss doctrine barred the Li Plaintiffs' claims and *G.A. Resort* further supports this result.

Next the Li Plaintiffs cite to *Brightspot Solutions, LLC v. A+ Products, Inc.*, 20-cv-03335-MEH, 2021 WL 1251512 (D. Colo. April 5, 2021) in support of their Motion for Reconsideration. [ECF 299 at 1-2].  *Brightspot*, however, did not even involve a breach of fiduciary duty claim and the breach of contract claim concerned the manufacture of goods.  *See* 2021 WL 125152 at *1, 4-5.  The Li Plaintiffs appear to rely on *Brightspot*'s articulation of the elements for pleading a breach of contract claim.  [ECF 299 at 1-2].  Again, the Li Plaintiffs did not assert a breach of contract claim against the CRC Defendants *ever* in any of their four complaints.  *Brightspot* is completely irrelevant to the Li Plaintiffs' Motion for Reconsideration.

Finally, the Li Plaintiffs rely on *AIG Retirement Services, Inc. v. Barbizet* in support of their request for reconsideration.  [ECF 299 at 2-3]. While *AIG* involved a derivative claim brought by minority shareholders against corporate directors for breach of fiduciary duties, the Delaware Chancery Court did not evaluate or analyze Colorado's economic loss doctrine, nor did it hold that the "refusal to bring a lawsuit that would benefit the company is a breach of fiduciary duties arising *independently* of a contract."  [ECF 299 at 3].  Rather, *AIG* concerned whether the minority shareholders adequately pled demand excusal and the elements of their breach of fiduciary duty claim to survive a motion to dismiss.  *AIG Retirement Servs.*, Civ. A. 974-N, 2006 WL 1980337, at *4-7 (Del. Ch. July 11, 2006).  Like *Brightspot*, *AIG* does nothing for the Li Plaintiffs' Motion for Reconsideration.

## CONCLUSION

The Li Plaintiffs have failed to establish any valid basis for the Court to reconsider its dismissal of their breach of fiduciary duty claim. The Li Plaintiffs never asserted a claim for breach of contract or violation of the Colorado's Uniform Limited Partnership Act against the CRC Defendants, nor would it be proper for this Court to convert the Li Plaintiffs' breach of fiduciary duty claim into that now. The Li Plaintiffs' Motion for Reconsideration should be denied.

DATED: April 16, 2021.

*s/James Kilroy*
James Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email: jkilroy@swlaw.com
Email: skanan@swlaw.com

**Counsel for Defendants Colorado Regional Center I, LLC, Colorado Regional Center LLC and Waveland Ventures, LLC**

4827-3418-3910

## CERTIFICATE OF SERVICE

This is to certify that on April 16, 2021, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
Christopher P. Montville
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

/s/Amy Kovarsky
for Snell & Wilmer L.L.P.

4827-3418-3910