IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02443-RM-STV
Consolidated with Civil Action No. 1:19-cv-02637

Jun Li, *et al.*,

    Plaintiffs,

v.

Waveland Ventures, LLC, *et al.*,

    Defendants.

---

**CRC DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
AWARD OF ATTORNEY FEES [ECF 274]**

---

Defendants Waveland Ventures, LLC, Colorado Regional Center, LLC, and Colorado Regional Center I, LLC (collectively, the "CRC Defendants") respectfully submit this Reply in support of their Motion for Award of Attorney Fees [ECF 274].

## INTRODUCTION

After this Court dismissed all claims against the CRC Defendants, the CRC Defendants moved for an award of attorney fees pursuant to C.R.S. § 13-17-201. [ECF 274]. In their Response [ECF 295], the Cui Plaintiffs make four main arguments as to why an award of fees should not be entered in favor of the CRC Defendants.

<u>First</u>, the Cui Plaintiffs argue that Fed. R. Civ. P. 54 somehow prohibits the CRC Defendants from seeking fees until after entry of final judgment. In other words, the Cui Plaintiffs argue that the Motion for Award of Attorney Fees is premature. But the CRC Defendants filed their Motion for Award of Attorney Fees after all claims against the CRC

Defendants were dismissed – exactly as permitted under C.R.S. § 13-17-201. The fact that the CRC Defendants have a *deadline* of 14 days from the entry of judgment to file a motion for attorney fees under Fed. R. Civ. P. 54(d)(2)(B)(i) does not preclude the CRC Defendants from seeking fees upon the dismissal of all claims against them under C.R.S. § 13-17-201.

Second, the Cui Plaintiffs argue that C.R.S. § 13-17-201 does not apply because this was a breach of contract action, not a tort action. But neither the Cui Plaintiffs nor the Li Plaintiffs ever even asserted contract claims against the CRC Defendants.[1] Put simply, this is and always has been primarily a tort case.

Third, the Cui Plaintiffs argue that the Court has somehow not yet dismissed their claim for declaratory relief against CRC I. This is not true. In fact, the Cui Plaintiffs *conceded* that CRC I was not a party to their declaratory judgment claim before the Court issued the March 2, 2021 Order on Pending Motions – an Order in which the Court clearly and unequivocally dismissed all claims against the CRC Defendants, including CRC I. [ECF 271].

Fourth, the Cui Plaintiffs argue that the CRC Defendants are required to apportion the fees incurred among each of the parties. But apportionment is not necessary because all fees were incurred on behalf of, and paid by, Defendant CRC I. Furthermore, all claims against the CRC Defendants, including CRC I, were dismissed, rendering apportionment wholly unnecessary.

Notably, aside from certain fees related to the removal of the lis pendens, the Cui Plaintiffs have not challenged the amount of fees the CRC Defendants are requesting in their

---

[1] The breach of contract claims asserted by the Plaintiffs were all directed at the SPO Defendants.

Motion. The Court should therefore enter an attorney fee award in favor of the CRC Defendants and against the Cui Plaintiffs in the amount of $139,539.75.

## ARGUMENT AND AUTHORITY

I.  **The CRC Defendants Are Entitled to Attorney Fees Under C.R.S. § 13-17-201**

   A.  <u>**The CRC Defendants' Motion is timely.**</u>

Like the Li Plaintiffs, the Cui Plaintiffs argue that "Fed. R. Civ. P. 54(b) provides that attorney fees can be sought *only* after a final judgment…" *See* [ECF 278 at 2] (emphasis in original). But Fed. R. Civ. P. 54(b) says no such thing. It merely requires that such fee motions "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(A)-(B). Neither Fed. R. Civ. P. 54, nor C.R.S. § 13-17-201, *precludes* the CRC Defendants from seeking fees sooner than "14 days after final judgment," including prior to entry of final judgment. *See* Fed. R. Civ. P. 54(d)(2)(B); C.R.S. § 13-17-201 ("In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action."). According to the Colorado Court of Appeals, "by using the term 'defendant' in the singular, [C.R.S. § 13-17-201] necessarily applies to each defendant who has an action against it dismissed pursuant to' Rule 12," rather than requiring an entire action to be dismissed as to all defendants. *Smith v. Town of Snowmass Village,* 919 P.2d 868, 873 (Colo. App. 1996).

The fact that the Li Plaintiffs and the Cui Plaintiffs still have claims pending against the SPO Defendants does not alter the CRC Defendants' entitlement to an award of fees

now. *See, e.g., Brammer-Hoelter,* 81 F. Supp. 2d at 1103 (finding that plaintiffs were liable to the defendant for attorney fees pursuant to C.R.S. § 13-17-201 "notwithstanding that certain claims may remain against other [d]efendants," and final judgment had not yet been entered) (citation omitted); *Smith v. Town of Snowmass Village,* 919 P.2d 868, 873 (Colo. App. 1996) (rejecting plaintiffs' argument that attorney fees may not be awarded under C.R.S. § 13-17-201 where a claim was still pending as to another defendant and finding that trial court erred by failing to award that defendant its attorney fees where entire action as to that particular defendant had been dismissed, and thus, the defendant was "not precluded from obtaining its reasonable attorney fees under C.R.S. § 13-17-201"). And as set forth in Section I.C, *infra*, there are no remaining claims pending against CRC I.

The CRC Defendants' Motion is timely. The Cui Plaintiffs' arguments to the contrary are legally unsupportable. If the Court determines that the CRC Defendants' Motion is premature, however, the CRC Defendants respectfully request that the Court either defer ruling until final judgment enters or dismiss the motion without prejudice so that the CRC Defendants can refile upon final judgment.

     **B.**    **This case is and always has been primarily a tort action.**

Next, the Cui Plaintiffs argue that C.R.S. § 13-17-201 does not apply here because this was a breach of contract case, not a tort case. [ECF 295, pp. 6-12]. The Cui Plaintiffs' argument is fundamentally flawed: Plaintiffs *never* asserted a breach of contract claim against the CRC Defendants. Rather, Plaintiffs' claims against the CRC Defendants for fraud, securities fraud, breach of fiduciary duty, and violation of the Colorado Consumer Protection Act (the "CCPA") all sound in tort and the basic essence of this case has always been tortious in nature—

4

Plaintiffs have alleged (and continue to allege) that the CRC Defendants engaged in wrongdoing. *See, e.g., Friedman v. Dollar Thrifty Auto. Grp., Inc.*, No. 12-CV-02432, 2013 WL 5448078, at *7 (D. Colo. Sept. 27, 2013) (holding that fraud in the inducement is a tort claim); *deHaas v. Empire Petroleum Co.*, 302 F.Supp. 647, 649 (D. Colo. 1969) (finding that securities fraud claim constitutes a tort); *Bldg. on Our Best LLC v. Sentinel Ins. Co. Ltd.*, No. 15-cv-00669, 2016 WL 1756488, at *3 (D. Colo. May 3, 2016) (holding that a violation of the CCPA is a tort claim); *Castro v. Lintz*, 338 P.3d 1063, 1069 (Colo. App. 2014) (stating "it is uncontested that breach of fiduciary duty is a tort.").

When faced with the prospect of an award of attorney fees, however, the Cui Plaintiffs now contend that their "claims are a hybrid but are almost entirely related to contract." [ECF No. 295, p. 3]. But this new description is diametrically opposed to the serial complaints the Cui Plaintiffs filed – none of which ever included a breach of contract cause of action against the CRC Defendants. [ECF 1, Case 1:19-cv-02637-NYW; ECF 21, Case 1:19-cv-02637-NYW ECF 169; ECF 190]. Indeed, the Cui Plaintiffs' Third Amended Complaint makes only one reference to the Limited Partnership Agreement – the document they now contend forms the basis for their breach of fiduciary duty claim – on the second to last page of the pleading, in the prayer for relief. [ECF 190, p. 32].

Furthermore, the Cui Plaintiffs' argument that Count III (CCPA), Count IV (15 U.S.C. § 80a), and Count V (15 U.S.C. §§ 78o and 78j) are contractual claims is simply wrong. Setting aside the fact that there is no private right of action under 15 U.S.C. § 80a or 15 U.S.C. § 78o, courts have routinely held that securities fraud claims and violations of the CCPA sound in tort. *See Bldg. on Our Best*, 2016 WL 1756488 at *3; *deHaas*, 302 F.Supp.

5

at 649 (D. Colo. 1969); *Crist v. United Underwriters, Ltd.*, 230 F.Supp. 136, 137-139 (D. Colo. 1964). From both a quantitative and qualitative perspective, this matter is primarily a tort action. *See* [ECF 274 at 4-6] (citing authority).

For the above reasons, the Court should find that, with respect to the claims brought by the Cui Plaintiffs against the CRC Defendants, this was primarily a tort action for purposes of C.R.S. § 13-17-201 and an award of fees is required. As the Cui Plaintiffs correctly note, the purpose of C.R.S. § 13-17-201 is to deter unnecessary litigation involving tort claims. [ECF 295, p. 6]. And this purpose will be well-served by awarding fees here.

### C. This Court dismissed all claims brought by the Cui Plaintiffs pursuant to Rule 12.

In their Response, the Cui Plaintiffs also argue that the Court has not "disposed of all the Claims against all the CRC Defendants" because the Order "fails to address the Cui Plaintiffs' Declaratory Relief Cause Claim against CRC I." [ECF 295, p. 6]. The Cui Plaintiffs have twice now threatened to file a Fed. R. Civ. P. 60 to correct what they call they portray as an error in the Order on Pending Motions [ECF 271]. [ECF 295, p. 7; ECF 285, p. 6, n.3]. If the Cui Plaintiffs had a good faith basis to seek correction of the Order on Pending Motions, they presumably would have done so by now. There is no good faith basis for a Fed. R. Civ. P. 60 motion and the Court committed no error. In fact, the Cui Plaintiffs conceded that CRC I was not a proper party as to their declaratory judgment claim in their Third Amended Complaint.

Count VII in the Cui Plaintiffs' Third Amended Complaint is for a declaratory judgment regarding the enforceability of the Yield Enhancement Agreement and Agreement Regarding Collateral Units between SPO I and CRCPS. [ECF 190, p. 29]. Critically, none of CRC

6

Defendants were parties to those agreements. Accordingly, in their Motion to Dismiss, the CRC Defendants argued that the Cui Plaintiffs failed to state a claim for declaratory relief because the claim was not directed at any of the CRC Defendants, including CRC I. [ECF 203, p. 28]. In their response, the Cui Plaintiffs never addressed, let alone disputed, this argument, effectively conceding that the claim was not asserted against any of the CRC Defendants [ECF 213]. *See, e.g., Hill v. ITT Federal Services Intern. Corp.*, Civil Action No. 04-CV-02389, 2007 WL 951125, at *3 n.4 (D. Colo. March 27, 2007) (interpreting plaintiff's "failure to respond at all to [defendant's] arguments . . . . as a concession that these claims must be dismissed."); *Mulford v. Altria Group, Inc.*, 242 F.R.D. 615, 622 n.5 (D. N.M. 2007) ("Failure to respond to an argument is generally deemed an acquiescence."). And when provided with an opportunity to clarify exactly which parties the claim was asserted against, the Cui Plaintiffs unequivocally confirmed that it was not against CRC I or any of the other CRC Defendants:

> THE COURT:      Count 7 is against, CRCPS, SPO and SPO I, for Declaratory Relief?
>
> MR. STEWART:    Correct.

*See* **Exhibit A**, Hearing Transcript dated August 31, 2020, at 20:21-23. Indeed, the Court walked through each complaint to ensure it had "an understanding as to who the various counts of the Complaint are against" [*see* Ex. A, at 12:6-9] to avoid ambiguity:

> THE COURT:      Again, like I said, that's why I wanted to have this, rather than go through the motions of, you know, writing something up and then having everyone say, "Well, wait, that wasn't my claim. Wait, I thought this, I thought that."

Ex. A, at 124:2-5.

7

4819-3451-2357

The Court's subsequent Order addressed each of the claims asserted against the CRC Defendants based on their Rule 12(b)(6) motion, Plaintiffs' responses, and the CRC Defendants' reply, as well as argument presented to the Court during the hearing held on August 31, 2020. [ECF 271]. But because the Cui Plaintiffs' claim for declaratory relief was not asserted against the CRC Defendants, there was simply no need for the Court to address it. To now contend that this omission somehow permits the Cui Plaintiffs to proceed on such a claim is not only disingenuous, but it is also impermissible under the doctrine of judicial estoppel. *See Vehicle Market Research, Inc. v. Mitchell Intern., Inc.*, 767 F.3d 987, 992-993 (10th Cir. 2014) ("The doctrine of judicial estoppel is based upon protecting the integrity of the judicial system by prohibiting parties from deliberately changing positions according to the exigencies of the moment."); *see also City of Wichita v. Southwestern Bell Tel. Co.,* 24 F.3d 1282, 1288 (10th Cir. 1994) ("[a]n attorney is clothed with sufficient apparent authority to bind a client for services that are routinely and directly connected with the representation"). All claims that were actually asserted against the CRC Defendants were in fact dismissed, entitling the CRC Defendants to an award of fees under C.R.S. § 13-17-201.

The Cui Plaintiffs also apparently contend that because they intend to seek reconsideration of the dismissal of their breach of fiduciary duty claim – which they now argue was a contractual claim – the CRC Defendants are not entitled to their fees. But as of this date, no such motion has been filed and the claim remains dismissed. Moreover, the Cui Plaintiffs' Response to the CRC Defendants' Motion for Award of Attorney Fees is not the proper vehicle for seeking reconsideration of a prior order. *See* D.C.COLO.LCivR 7.1(d) ("A motion *shall not* be included in a response or reply to the original motion. A motion *shall*

be filed as a separate document.") (emphases added). *See also* Civ. Practice Standard IV.A. The Court should therefore disregard this argument in its entirety.

But even so, the Cui Plaintiffs have not presented any argument or evidence that would support such a request. *See* ECF No. 278 at 12-15; *Servants of the Paraclete v. John Does I- XVI,* 204 F.3d 1005, 1012 (10th Cir. 2000) (Motion to reconsider only appropriate if "court has misapprehended the facts, a party's position, or controlling law," and cannot be used "to revisit issues already addressed or advance arguments that could have been raised in prior briefing."). The Cui Plaintiffs asserted a claim for breach of fiduciary duty – not a claim for breach of contract under the Limited Partnership Agreement. *See Castro v. Lintz*, 338 P.3d 1063, 1069 (Colo. App. 2014) (stating "it is uncontested that breach of fiduciary duty is a tort."). But now it appears that the Cui Plaintiffs intend to ask the Court to reverse its dismissal of their breach of fiduciary duty claim and allow that claim to proceed under a new theory that the Cui Plaintiffs never pled. Moreover, the Cui Plaintiffs also now apparently intend to argue that the so-called breaches of fiduciary duty occurred *after* they became limited partners, which is directly contradicted by their own pleading. [ECF 190, p. 25 (specifically citing to paragraphs 56, 66, 68, 70, 73 and 74)]. To the extent such motion is filed, the Court should summarily reject it.

There is no question that the Court dismissed all claims brought against the CRC Defendants by both Cui Plaintiffs and Li Plaintiffs in its Order on Pending Motions. [ECF No. 271 at 52-53]. As such, the CRC Defendants are entitled to an award of attorneys' fees pursuant to C.R.S. § 13-17-201.

II.     **The Cui Plaintiffs Do Not Contest the Reasonableness or Amount of Fees Sought by CRC Defendants**

9

      **A.**    <u>**It is undisputed that the fees incurred were necessary and reasonable.**</u>

The Cui Plaintiffs do not challenge the reasonableness or amount of fees sought by the CRC Defendants pursuant to their Motion. As set forth more fully in their Motion, the CRC Defendants have presented sufficient evidence to establish that the fees sought are reasonable and should be awarded in full. The amount sought represents the presumptively reasonable lodestar calculation. [ECF 274 at pp. 6-15]; *see generally* [ECF 275 & Exs. 1-7]. In support of their request, the CRC Defendants submitted detailed, contemporaneous billing records for their counsel, indicating the time spent on this matter, the date, hours expended, nature of work performed, and amount charged. [ECF 275 & Exs. 1-7]. The CRC Defendants also presented evidence of the reasonableness of the hourly rates and other support further justifying the reasonableness of the hours expended and amount charged. [ECF No. 274 at pp. 6-15; ECF No. 275, ¶ 17]. Thus, the Court should find that the amount of fees requested by the CRC Defendants is reasonable.

      **B.**    <u>**Apportionment of fees among the CRC Defendants is unnecessary.**</u>

While the Cui Plaintiffs contend that the CRC Defendants are required to apportion their fees among the parties, all fees were incurred on behalf of, and paid by, Defendant CRC I, and Defendants CRC and Waveland Ventures LLC did not incur or pay for additional attorney fees beyond those claimed by Defendant CRC I. *See In re Beaty*, Civil Action No. 09-CV-02671, 2011 WL 3323760, at * 2 (D. Colo. Aug. 2, 2011) (apportionment among defendants is not required where all fees were incurred on behalf of one defendant). Moreover, as set forth in Section I.C, *supra*, all claims against the CRC Defendants were dismissed, including CRC I, entitling each of them to their fees. Thus, apportionment is simply unnecessary.

### C. The fees sought as to the Cui Plaintiffs should be reduced to $139,539.75.

The CRC Defendants agree that the fees related to the removal of the Cui Plaintiffs' lis pendens totaling $9,029.50 were inadvertently included. The total amount sought should therefore be reduced to $139,539.75.

### CONCLUSION

Because this was primarily a tort action and all claims against the CRC Defendants were dismissed pursuant to Fed. R. Civ. P. 12(b)(6), C.R.S. § 13-17-201 applies and an award of fees is required. As a result, there is no reason to delay entry of the mandatory award of attorney fees in favor of the CRC Defendants in the following amount uncontested by Cui Plaintiffs: $139,539.75.

DATED: April 16, 2021.

*s/ James Kilroy*
James Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email: jkilroy@swlaw.com
Email: skanan@swlaw.com

*Counsel for Defendants Colorado Regional Center I, LLC, Colorado Regional Center LLC and Waveland Ventures, LLC*

4819-3451-2357

**CERTIFICATE OF SERVICE**

   This is to certify that on April 16, 2021, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL 60015

Hubert Kuo Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA 92660

Harold A. Haddon
Ty Gee
Christopher P. Montville
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO 80203

               *s/ Amy Kovarsky*
               for Snell & Wilmer L.L.P.