**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.
        Plaintiffs,

        v.
        Hon. Judge Moore
        Hon. Magistrate Varholak

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.
        Defendants.

---

**Li Plaintiffs' Reply to the CRC Defendants' Response [ECF 304] to Li
Plaintiffs' Motion for Reconsideration and to Reinstate Count I of the
Third Amended Complaint [ECF 282]**

---

**Count I Pled Two Claims - Breach of Contract and Statutory
Violation. The Court Failed to Look at Either Claim, and
Instead Mistook Count I for a Common Law Tort Claim**

There are *three* ways to plead a claim for breach of fiduciary duties, depending on the source of the duties. It can be pled as a *contract claim* if the fiduciary duties are set forth in a contract. It can be pled as a *statutory claim* if the fiduciary duties are set forth in a statute. And it can be pled as a *common law tort claim* if the fiduciary duties arise by virtue of a special relationship outside a contract or statute. Here, Count I was entitled *Breach of Fiduciary Duties Arising by <u>Contract</u> and <u>Statute</u>*, so it pled the first two types of claim for breach of fiduciary duty: a *contract claim* and a *statutory claim*. The problem with this Court's opinion at ECF 271 is that the Court interpreted Count I as making only the third type of claim, a *common law tort claim*. This explains why the Court never looked at the elements of a breach of contract claim or a statutory violation claim, and why the Court applied the economic loss rule, which only applies to common law torts. For some reason, the Court failed to consider the two claims that were pled.

A year ago the Li Plaintiffs explained to everyone that Count I sounded in contractual and statutory duties:

> So there are two distinct sources of fiduciary duties here: contractual and statutory. . . . Count I says that the fiduciary duties of the GP are derived both from the Limited Partnership Agreement (a contract) and from the Colorado Uniform Limited Partnership Act. . . .
>
> The Limited Liability Partnership Agreement ("LPA") expressly says that the GP owes fiduciary duties of "skill, care, and business judgment" and expressly requires them to safeguard and protect the partnership property. TAC ¶114. In addition, a representative of the GP, Mr. Rick Hayes, told the Court that the GP has fiduciary duties to the limited partners. TAC ¶116. Colorado law says that general partners owe duties of "good faith, sound business judgment, candor, forthrightness and fairness," *Silverberg v. Colantuno*, 991 P.2d 280, 285 (Colo. App. Ct. 1998), and the Colorado Uniform Limited Partnership Act says that these duties owed between general partners (care, good faith, loyalty, and accounting) are also owed by general partners to limited partners. Colo. Rev. Stat. 7-62-403(1). [ECF 210: 14-17]("TAC" refers to Third Amended Complaint).

Fed. R. Civ. P. 8(d)(2) says that alternative claims can be pled in the same Count, so the Li Plaintiffs were permitted to make two claims (breach of contract and breach of statute) in the same count. Under Rule 8(e) the pleadings must be construed to do justice, and they must be construed in the favor of the plaintiffs. With this in mind, the Court should have - but didn't - read Count I as pleading a contract claim and a statutory claim, examining each claim's elements. The Court ignored the words in the title of the Count ("Contract" "Statute") and instead treated the Count as if it asserted only a common law tort claim. This was an error.

**Both a Contract Claim and Statutory Claim Were Sufficiently Pled**

As for the **contract** claim, Count I pleads every element of a claim for breach of contractual fiduciary duties:

>   (i)    The existence of an agreement imposing specific contractual fiduciary duties (¶45,68,114);
>   (ii)   Performance by the plaintiff (see ¶69);
>   (iii)  Nonperformance by the defendant of the contractual fiduciary duties (see ¶117-124); and
>   (iv)   resultant damages due to contractual breach (see ¶126).

*Brightspot Solutions, LLC v. A+Products, Inc.,* 2021 WL 1251512 at *5 (D. Colo. Apr. 5, 2021)(listing the four elements of a claim for breach of contract).

As for the **statutory** claim, the Colorado Uniform Limited Partnership Act says that a general partner in a *limited partnership* has the same duties as a general partner in a *general partnership*. So what are the duties of a general partner in a general partnership? The answer is easily found in the Colorado Uniform Partnership Act, which says that a general partner in a general partnership has an agency relationship with the partnership as the principal (i.e. a fiduciary relationship),[1] and has additional duties to the partnership and its partners to account, to not compete, to use care, to comply with the partnership agreement, and to "discharge the partner's duties to the partnership and the other partners and exercise any rights consistently with the obligation of good faith and fair dealing." See Colo. Rev. Stat. §7-62-403, 7-64-301(1)(a), & 7-64-403. Please note that these statutory fiduciary duties are owned to both "the partnership and

---

[1] "The fiduciary duty owed by a general partner includes the duties of good faith, sound business judgment, candor, forthrightness, and fairness." *Silverberg v. Colantuno*, 991 P.2d 280, 285 (Colo. App. 1998). "The rights, powers, and liabilities of the general partners of a limited partnership are the same as those of the partners in a general partnership. **In particular, a partner is accountable to the partnership as a fiduciary**". *In re Longhorn Securities Litigation*, 573 F. Supp. 255, 271 (W.D. Okla. 1983)(emphasis added).

the other partners." Thus, this Court cannot be heard to argue that fiduciary duties are owned only to the limited partners but not to CRCPS itself.[2]

It is true but inconsequential that the TAC itself did not contain the statutory citations provided to CRCI a few months later. First of all, any lawyer receiving a claim for breach of statutory fiduciary duties knows how to find the fiduciary duty sections of the Colorado partnership statutes, so the CRC Defendants were not prejudiced by this delay. More importantly, the Supreme Court has held that the failure to allege a specific statute in a complaint is not grounds for dismissal since it can be added later; nor can a complaint be dismissed for making an imperfect statement of the legal theory alleged. *Johnson v. City of Shelby, Miss.,* 574 U.S. 10 (2014). This District follows *Johnson*:

> Federal Rule of Civil Procedure 8(a)(2) requires that "[a] pleading that states a claim for relief ... contain a short and plain statement of the claim showing that the pleader is entitled to relief." This insures "'the defendant fair notice of what ... the claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

---

[2]  The Court made this mistake when it said that CRCI did not owe fiduciary duties to CRCPS:

> Here, Li Plaintiffs rely on the statutory duties "owed by general partners to limited partners," citing to Colo. Rev. Stat. § 7-62-403(1). That, however, cannot serve as a basis for their claim for breach of fiduciary duty owed to the partnership, CRCPS. [ECF 271: 28]

This statement contradicts the Colorado partnership statutes. Colo. Rev. Stat. 7-62-403(1) leads to 7-64-403 which says that general partners owes fiduciary duties "to the partnership," and 7-64-301 which says that general partners are agents of the partnership. It is hornbook law that agents have fiduciary duties of care, loyalty, and good faith. Against the Court's ruling, it is clear that CRCI **does** owe fiduciary duties to CRCPS. That is what the Colorado statutes and case law hold, and it is not clear why this Court disagrees.

4

> (2007)) . . . . To comply with Rule 8(a)(2) and survive [defendant's] 12(b)(6) motion to dismiss for failure to state a claim, [the] complaint, then, must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If the plaintiff has alleged sufficient facts, the Court will not dismiss "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

*Vidstone, LLC v. Carnival Corp.*, 2016 WL 11696310, at *1 (D. Colo. July 19, 2016). For example, in *Engen v. Colorado Mills Mall Ltd. P'ship*, 2010 WL 2025460 at *2 (D. Colo. May 20, 2010), this District let a plaintiff amend his complaint to change the legal theory entirely. Even treatises like Wright & Miller on Federal Practice and Procedure explain that there is no duty to set out any legal theory at all in the complaint:

> [I]t is unnecessary to set out a legal theory for the plaintiff's claim for relief. The text of several of the rules, although never specifically disavowing the doctrine, makes it very plain that the theory of the pleadings mentality has no place under federal practice. Rule 8(a) eliminates the concept of "cause of action"; Rule 8(d) provides that a party may set forth two or more statements of claim alternatively or hypothetically; Rule 15(b) deals a heavy blow to the doctrine by permitting amendments as late as the trial and treating issues as if they had been raised in the pleadings when they are tried by the express or implied consent of the parties; and Rule 54(c) provides that, except in the case of a default judgment, the "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." It also should be remembered that many federal courts have held that a complaint is sufficient against a motion to dismiss under Rule 12(b)(6), if it appears from the complaint that the plaintiff may be entitled to any form of relief, even though the particular relief he has demanded and the theory on which he seems to rely are not appropriate.

5 Wright & Miller, Fed. Prac. & Proc. Civ. §1219 (3rd ed. April 2021 update).

In summary, Count I stated a contract claim and a statutory claim. The Court mistook these for a common law tort claim. This is an error that should be corrected.[3]

**This Court Erred by Striking Non-Tort Claims Under The Economic Loss Rule**

The economic loss rule only bars a very limited class of *tort* claims -- only *tort* claims. It does not bar claims for contractual breaches or statutory violations such as the allegations of Count I. The Supreme Court of Colorado has made this limitation perfectly clear:

> We hold that a party suffering only economic loss from the breach of an express or implied contractual duty **may not assert a <u>tort claim</u> for such a breach** absent an independent duty of care under tort law.

*Town of Alma v. AZCO Const., Inc.,* 10 P.3d 1256, 1264 (Colo. 2000)(emphasis added). The economic loss rule strikes a tort claim when a complaint alleges **both** a contract claim and a 'dependent' tort claim that piggy-backs on it. When that happens, the economic loss rule only strikes the dependent *tort* claim, leaving the original *contract* claim: "The purpose of the economic loss rule is not to bar the recovery of economic loss damages; rather the rule bars recovery of such damages *in tort*." *In re Consolidated Vista Hills Retaining Wall Litigation*, 893 P.2d 438, 447 (N.M. 1995)(emphasis added). In other words, once the tort claim for an economic loss is stricken, that leaves a contract claim for the same economic loss. The economic loss rule cannot strike both tort claims and non-tort claims like those asserted in Count I. This Court went overboard in two ways. First, it struck non-tort claims under the economic loss rule; and second, it never left any

---

[3] This Court's Civil Practice Standard IV.N.2(a) says that Rule 12(b) motions are "discouraged if the defect is correctable by filing an amended pleading" and that if movants need more specificity they should confer. Here, no conferral was sought; the statutes were clear to the CRC Defendants.

contract claim for recovery of the economic loss. It completely overextended the economic loss rule.

The CRC Defendants cite endless cases where a plaintiff brought both a contract claim and a dependent tort claim for the same economic loss, ending their summary with a triumphal announcement that, "the economic loss rule bars the tort claim" [ECF 304: 6]. Well, yes, of course, in cases where both a contract and tort are pleaded simultaneously for the same economic loss, that is precisely what the economic loss rule does - it bars a ***tort claim*** and a ***tort claim only, but the corollary of this is that it leaves intact the contract claim to which the tort claim was appended***. This is why the CRC Defendants do not - and cannot - cite a single case where the economic loss rule barred a contract claim. The economic loss rule cannot touch the contract claim in Count I.

Nor can the economic loss rule touch the statutory claim in Count I. The economic loss rule is judicially created and cannot override the legislative enactment of a statutory claim:

> In *Bermel*, the [Colorado] Supreme Court held that the economic loss rule did not bar a tort claim where a state statute created a cause of action. The court's opinion hinged on a concern that interpreting the economic loss rule - a judicially created doctrine - to bar a statutory claim would undermine separation of powers principles.

*McWhinney Centerra Lifestyle Ctr. LLC v. Poag & McEwen Lifestyle Centers-Centerra LLC,* 2021 WL 126572 *12 (Colo. App. Ct. Jan. 14, 2021); accord *Boehme v. U.S. Postal Serv.,* 343 F.3d 1260, 1266 (10th Cir. 2003)(holding that the economic loss rule cannot block a statutory landlord-tenant cause of action because a statutory claim cannot be barred by judicially created rule). In the context of business organizations, the Tenth Circuit has said that the economic loss rule cannot bar

7

a claim for breach of fiduciary duty between partners. *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.,* 210 F.3d 1207, 1226–27 (10th Cir. 2000), *aff'd,* 532 U.S. 588 (2001).

Again, this Court took a theory that applies sparingly to a very limited class of *common law torts*, and then applied this narrow rule across the board to non-tort claims for contractual and statutory claims. Even assuming, *arguendo*, that Count I was a common law tort claim (which it wasn't), the economic loss rule would still require the Court to leave a contract claim on which the Li Plaintiffs could recover their economic loss, but it failed to do this. The economic loss theory cannot wipe out an entire count of non-tort claims and leave a plaintiff without any claims for economic recovery. That is reversible error.

**This Court Should Have Found Standing, Since the Fiduciary Breaches Happened During Contemporaneous Ownership**

Frankly, it is not clear from the Court's opinion whether it found standing by the Li Plaintiffs to sue for misconduct that took place while they were holding partnership units. The Court said that "these post-investment allegations are not subject to dismissal on this basis" [ECF 271:27] but it isn't clear what the Court means here.

Standing requires that a plaintiff alleges (i) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 871 (10th Cir. 2020). Under the contemporaneous ownership rule, when the injury involves a security, the injury must have taken place while the plaintiff owned the security. The Li Plaintiffs alleged in Count I that the following breaches of fiduciary duty took place while they were contemporaneous owners of the limited partnership units:

> ¶119. CRC1 negligently or with fraudulent intent failed to demand increased collateral and failed to hedge downside exposure.

8

¶121. CRC1 violated its fiduciary duties by allowing the borrower SPO1 to keep title to the collateral units after the Loan Documents and PPM demanded that title was to be transferred back to CRCPS.

¶124. CRC has failed to collect - or even attempt to collect - the full amount of the $82,500,000 loan by bringing suit against SPO/SPO1/Knobel for failure to disclose the true value of collateral given to CRCPS in this transaction.

¶125. CRC has violated the honestly demanded by the fiduciary duty of good faith and fair dealing by sending investors a notice every six months containing wildly erroneous valuations.

¶126. CRC's contractual and fiduciary breaches resulted in a significant loss to CRCPS of approximately $40,000,000 of the $82,500,000 entrusted to CRC to invest.

¶127. CRC took these harmful actions knowingly, willfully, and with scienter, knowingly placing all the risk on the foreign investors of CRCPS and putting itself in a position where it benefitted by converting the assets of CRCPS through taking a preposterously undeserved management fee for losing money.

¶128. CRC's breach of fiduciary duty was - and continues to be - fraudulently concealed by the surface rationality of the loan transaction and thereby could not have been discovered until 2018 when the Plaintiffs learned that the Loan had been radically under-collateralized at their expense, and that it was a disguised sale, and that it was structured for the benefit of SPO/SPO1/Knobel to proclaim the debt as equity.

¶129. As a result of CRC's action, CRCPS has suffered and continues to suffer to the extent of the shortfall between what it would have received if the Loan had been paid in cash versus the value of what it actually received (hereafter, the "Damages").

¶130. The Damages suffered by CRCPS affect each limited partner equally, making this claim derivative.

[ECF 222]. Whatever reservations this Court has about the viability of claims for pre-investment harms (as it were), there is no way to ignore that the Li Plaintiffs had standing for events that took place while they were owners, especially the failure of CRCI to call the $82.5 million loan at maturity. Therefore, the Li Plaintiffs certainly have standing for the events listed above that took place while the units were held by limited partners.

9

**As a Matter of Basic Logic, if Count III Survives, then
Count I Also Survives**

It is contradictory for this Court to hold simultaneously (by granting Count III and dismissing Count I) that CRCPS can pursue collection from SPOI under the loan agreement, but that the general partner who owes fiduciary duties to CRCPS does not have - *and never had* - any fiduciary duty to pursue this claim. The whole purpose of having a general partner like CRCI is to have a fiduciary that acts for the benefit of the limited partnership, CRCPS. That is why it gets paid a management fee - to manage the assets of CRCPS. So if one of CRCPS' assets is a massive claim for collection of a loan, and the Court says that the claim is colorable, then it is incumbent on CRCI to pursue that claim to the maximum extent. Their refusal to do so is a breach of fiduciary duty, both under contract theory and under statute.

It is vital for this Court to understand that CRCI owes fiduciary duties to CRCPS itself. Every possible authority - statutes, case law, treatises - all say that a general partner owes fiduciary duties to the limited partnership itself. Courts across the country and in this Circuit hold that general partners are fiduciaries of a partnership. *In re Longhorn Securities Litigation*, 573 F. Supp. 255, 271 (W.D. Okla. 1983)("In particular, a partner is accountable to the partnership as a fiduciary").

If CRCPS had (and continues to have) a colorable claim against SPOI for repayment of the loan principal per Count III, then CRCI as the manager must have a matching fiduciary duty to pursue this claim. This Court cannot uphold Count III (as it has done) without also upholding Count I (which it now must do).

Dated: April 18, 2021                                         Respectfully Submitted,

/s/ Douglas Litowitz
413 Locust Place

10

                Deerfield, IL 60015
                312-622-2848
                Litowitz@gmail.com

**Certificate of Service**

This document was filed on the ECF system for the District of Colorado on April 18, 2021.