# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
        Plaintiffs,

        v.                        Hon. Raymond P. Moore

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I, and
Peter Knobel,
        Defendants.

---

### Plaintiffs' Motion for Clarification of Courts Order
### Pursuant to Federal Rule of Civil Procedure Rule 60

---

Pursuant to C.R.C.P. 60, Plaintiffs, Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou, Xun Zhu, Chunyi Zou (collectively "EB-5 Investors" or "Cui Plaintiffs"), by and through their undersigned counsel, respectfully request that the Court clarify and correct its order issued herein on March 2, 2021. In support, the Cui Plaintiffs state as follows:

### CERTIFICATE OF COMPLIANCE WITH D.C. COLO. L CivR 7.1(a)

The undersigned counsel has conferred with counsel for all of the defendants regarding the subject matter of this motion. The CRC Defendants have indicated that they intend to oppose this motion.

1

## I.    BACKGROUND

On August 31,2020 the Court held hearings on the following motions:

1) CRC Defendants Motion to Dismiss the Cui Plaintiff's Complaint;

2) CRC Defendants Motion to Dismiss the Li Plaintiff's Complaint;

3) SPO Defendants Motion to Dismiss the Cui Plaintiff's Complaint;

4) SPO Defendants Motion to Dismiss the Li Plaintiff's Complaint;

5) Li Plaintiffs Motion to Dismiss the Cross-Complaint of CRC Defendants;

6) Li Plaintiffs Motion to Disqualify Snell & Wilmer LLP as counsel for the General Partner;

7) Cui Plaintiffs Motion for Appointment of Receiver.

Following oral argument, the Court took all of the Motions under submission. On March 2, 2021, after deliberating for over six months, the Court issued an order encompassing all of the Motions [ECF 2671]. The Order contains several mistakes and inconsistencies. The Order fails to address the Cui Plaintiffs' Declaratory Relief Claim against CRC I. On Page 2 of the 3rd Amended Complaint ("TAC") [ECF 190] CRC I, LLC is defined as the GP and CRCPS is defined as the LLLP. Count VII for Declaratory Relief was clearly pled against the GP, SPO and SPO I only [ECF 190; page 29]. In its Order [ECF 271], at page 8, the Court prepared a table listing the five counts remaining in the Cui Plaintiffs' TAC. The table incorrectly lists CRCPS as a Defendant in Count VII and does not list CRC I as a Defendant. This error needs to be corrected as the Declaratory Relief Claim was always pled against CRC I and not CRCPS.

The Court then goes on to address each of the remaining claims at length from page 14 - 25 in its Order [ECF 271]. The Order is completely silent as to Count VII for Declaratory Relief, and provides no analysis as to either CRC I or CRCPS. The Order then states at page 25 that

2

"…in conformity with the Court's findings above concerning CRC Defendants' Motion to Dismiss, all CRC Defendants are dismissed from this case." Because the order contains no findings as to CRC I, or in fact as to any of the CRC Defendants, on Count VII for Declaratory Relief, the Order is ambiguous and it is unclear if the Court has given any consideration to Count VII as plead against CRC I. The Declaratory Relief claim seeks clarification of the enforceability of certain agreements entered into between SPO I and CRC I as the general partner of CRCPS as well seeking a declaration as to the improper actions on the part of CRC I in acting in its own self-interest in executing these agreements. It is difficult to understand how the Declaratory Relief Claim could have been dismissed as against CRCI, particularly considering the analysis of the Claim as it applies to SPO I.

Additionally, the Court dismissed the Breach of Fiduciary Duty Claim on the grounds that the alleged conduct occurred prior to the Cui Plaintiffs becoming limited partners. This is simply untrue. The Cui Plaintiffs' Complaint alleged ongoing acts by CRC I that constituted breaches of fiduciary duty in paragraphs 79, 80, 81, 82, 83, 87, 88, 107, 141 and 142. The Court simply ignored these allegations. Furthermore, the court miss-applied the economic loss rule as a basis for dismissing the Breach of Fiduciary Duty Claim.

## II.   ARGUMENT

### A. The Court is Authorized to Correct Any Errors in an Order on Motion or on Its Own, Sua Sponte.

Rule 60 (b) Federal Rules of Civil Procedure Rule 60 provides a mechanism to correct errors or omissions in a Court Order or Judgment. Rule 60 (a) states as follows:

> "(a) Corrections Based on Clerical Mistakes; Oversights and Omissions. **The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record**. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending,

such a mistake may be corrected only with the appellate court's leave." [emphasis added]

Furthermore, Rule 60 (b) provides that:

> "(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (6) any other reason that justifies relief

The 10th Circuit has recognized that Rule 60 (a) is not limited to clerical mistakes but can be used to resolve ambiguity in a courts order (see, *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992). Additionally, the 10th Circuit has held that Rule 60 (b) (1) provides for the reconsideration of orders when the judge has made a substantive mistake of law or fact (see, *Beasley v. AZZ, Inc.*, 2016 U.S. Dist. LEXIS 45836, *4). Here, several errors are evident from the face of the Order.

1. The Cui Plaintiffs' Claim for Declaratory Relief against CRC I.

As identified above, the table contained in the Order [ECF 271], at page 8, inexplicably identifies CRCPS as one of the Defendants in the Cui Plaintiffs' Claim for Declaratory Relief. The Claim for Declaratory Relief is clearly alleged against only three Defendants: CRC I; SPO; and SPO I [ECF 190; page 29]. Moreover, the Order [ECF 271] contains no analysis and no findings with respect to the Cui Plaintiffs' Claim for Declaratory Relief and no findings as to CRCPS or CRC I. Without any findings as to the Cui Plaintiffs' Claim for Declaratory Relief, it is unclear what the Court means when it states that "…in conformity with the Court's findings above concerning the CRC Defendants Motion to Dismiss, all CRC Defendants are dismissed from this case." How can all CRC Defendants be dismissed from the case if the Court failed to make any findings as to the Declaratory Relief Claim against CRC I? Similarly, how can the

Declaratory Relief Claim against CRC I be dismissed if the Court incorrectly believed that the Claim was made against CRCPS? In fact, the only analysis of the Declaratory Relief Claim is made at page 36 – 39 in addressing the Claim against SPO I. The Claim for Declaratory Relief seeks a declaration of the rights of the parties in connection with the Yield Enhancement Agreement and Agreement Regarding Collateral Units, because the GP (CRC I) breached its fiduciary duties by negotiating the agreements in bad faith without receiving any consideration. It is difficult to believe that the analysis for the Declaratory Relief Claim as it applies to SPO I would be any different for CRC I. The Cui Plaintiffs respectfully submit that the cause of action for Declaratory Relief against CRC I remains viable and has not been dismissed. The Court should clarify these issues, if for no other reason, then to address them to correct the record for any future appeal.

    2. The Cui Plaintiffs' Claim for Breach of Fiduciary Duty against CRC I.

The Order states that "…all of what the Cui Plaintiffs' complain of occurred before they became limited partners" [ECF 271; page 20]. The Cui Plaintiffs' Complaint alleges ongoing acts by CRC and CRC I that constitute breaches of fiduciary duty in paragraphs 77, 79, 80, 81, 82, 83, 87, 88, 107, 141 and 142. Specifically, the irregularities with representations that the units would be transferred; the monthly misrepresentations of the value of the real property; the self-interested deals with SPO I on the Yield Enhancement Agreement and the Agreement Regarding Collateral Units; and the Regional Centers administration of the investment.

> "It is elementary that, on a motion to dismiss, a complaint must be read as a whole, drawing all inferences favorable to the pleader." *Conley v. Gibson, supra*, 355 U.S. at 47-48. *Yoder v. Orthomolecular Nutrition Inst., Inc.,* 751 F.2d 555, 562, 1985 U.S. App. LEXIS 28632, *22, Fed. Sec. L. Rep. (CCH) P91,898.

While the TAC might not be as artfully pled as it could have been, a cursory review of the TAC, as a whole, clearly indicates multiple allegations of acts constituting Breaches of

5

Fiduciary Duty on the part of CRC I after the Cui Plaintiffs became limited partners.  The Court, in issuing its Order appears not to have taken these allegations into account.

In addition to ignoring the multiple breaches of fiduciary duty alleged in the TAC that occurred after the Plaintiffs became limited partners, the Court also misapplied the economic loss rule as a basis for dismissing the Cui Plaintiffs Claim for Breach of Fiduciary Duty.  The Defendants presented the economic loss rule in simple terms.  Does the duty sound in contract or tort?   This is an overly simplified reading of the rule.   In *Town of Alma v. AZCO Constr., Inc*., 10 P.3d 1256, 1263, 2000 Colo. LEXIS 1080, *21-23, 2000 Colo. J. C.A.R. 5372 the court observed that the economic loss rule does not apply in situations where an duty, independent of any contractual duty exists.

> "…some special relationships by their nature automatically trigger an independent duty of care that supports a tort action even when the parties have entered into a contractual relationship. *See, e.g.*, *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 83 (Colo. 1999) (attorney-client relationship creates independent duty of care); *Greenberg v. Perkins*, 845 P.2d 530, 534 (Colo. 1993)(physician-patient relationship creates independent duty of care, as does physician's independent medical examination of non-patient); *Farmers Group, Inc. v. Trimble*, 691 P.2d 1138, 1141-42 (Colo. 1984)(quasi-fiduciary nature of insurer-insured relationship creates independent duty of care). We have also recognized that certain common law claims that sound in tort and are expressly designed to remedy economic loss may exist independent of a breach of contract claim. (citations omitted). In these situations where we have recognized the existence of a duty *independent* of any contractual obligations, **the economic loss rule has no application and does not bar a plaintiff's tort claim because the claim is based on a recognized independent duty of care and thus does not fall within the scope of the rule.** [emphasis added]

Colorado common law and statutory law recognizes that a general partner owes a fiduciary duty to a limited partner.  "Partners in a business enterprise owe to one another the highest duty of loyalty; they stand in a relationship of trust and confidence to each other and are bound by standards of good conduct and square dealing. *Hooper v. Yoder,* 737 P.2d 852 (Colo. 1987). This principle is codified in HN2 § 7-60-121, C.R.S. (1986 Repl. Vol. 3A)" *Steeby v.*

6

*Fial*, 765 P.2d 1081, 1083, 1988 Colo. App. LEXIS 409, *3, 12 BTR 1643. "Furthermore, each partner has the right to demand and expect from the other a full, fair, open, and honest disclosure of everything affecting the relationship." *Kincaid v. Miller,* 129 Colo. 552, 272 P.2d 276 (1954). *See* § 7-60-120, C.R.S. *Steeby v. Fial*, supra, 1083.

> "….Defendants rely on *Gundelach v. Gollehon,* 42 Colo. App. 437, 598 P.2d 521 (1979) and § 7-61-117, C.R.S. 1973, to argue that the trial court should have awarded Moore his contribution with interest, in lieu of permitting a derivative suit. However, the *Gundelach* court specifically recognized that a general partner owes a fiduciary duty to a limited partner, and recognized that the *minimum* amount of damages for such a breach is a return of contribution. It in no way limited the amount of damages recoverable, nor did it touch on the question of whether a suit seeking such damages was limited to one brought by a limited partner in his individual capacity, or included one brought on behalf of the business entity in the form of a derivative suit.
>
> *Moore v. 1600 Downing Street, Ltd*., 668 P.2d 16, 20, 1983 Colo. App. LEXIS 906, *8-9.

The court in *Moore,* identified that under the common law, a limited partner could bring a derivative action against the general partners for breach of fiduciary duty in the management of the affairs of the partnership if the general partners refuse to or are unable to bring such an action. *See, Moore, supra*, page 19.  While the economic loss rule may or may not apply to the individual claims for Breach of Fiduciary Duty, it clearly is not applicable to the Cui Plaintiffs' derivative claims for Breach of Fiduciary Duty, which should withstand the Defendants 12 (b) (6) Motion to Dismiss.

3. <u>The Court Should revisit the Motion for Appointment of Receiver.</u>

Based upon the above stated reasons for clarification, the Court should retain jurisdiction of this matter.  Having done so, and in conjunction with CRC I's dismissal of its Counterclaim for declaratory relief against the Li Plaintiffs, it is respectfully requested that the Court, sua

sponte, revisit the Motion for Appointment of Receiver, as CRCPS has no counsel and apparently CRC I has conceded that there is no dispute as to the current general partner of CRCPS, yet refuses to step down as the General Partner.

### III. CONCLUSION

WHEREFORE, for the reasons stated herein, the Cui Plaintiffs respectfully request that this Court enter an order, pursuant to F.R.C.P. Rule 60 Clarifying of the Courts March 2, 2021 Order on the CRC Defendants' F.R.C.P. Rule 12 (b) (6) Motion to Dismiss. Specifically, the Order is silent as to the Court's findings on the Cui Plaintiffs' Claim for Declaratory Relief against CRC I; the Order fails to take into account allegations of various breaches of fiduciary duty by CRC and CRC I after the Cui Plaintiffs became limited partners; and the order improperly applies the economic loss rule to the breach of fiduciary duty Claim against the General Partner CRC I, and that the Court grant such other and further relief as it deems necessary and proper.

Dated: April 22, 2021

/s/ Brian P. Stewart
Hubert Kuo
Brian P. Stewart
**Ardent Law Group**
4340 Von Karman Ave.,
Suite 290
Newport Beach, California 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127
bstewart@ardentlawgroup.com
Counsel for Plaintiffs, Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo, Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong, Zhang, Qin, Zhou, Xun Zhu, Chunyi Zou in the consolidated case


**CERTIFICATION OF SERVICE**

The undersigned attorney certifies that copies of the foregoing: **Plaintiffs' Motion for Clarification of Courts Order Pursuant to Federal Rule of Civil Procedure Rule 60** was served through ECF on April 22, 2021 upon all parties who have appeared.

*/s/ Brian P. Stewart*
Brian P. Stewart
For Ardent Law Group, P.C.