## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.
        Plaintiffs,

                                            Hon. Judge Moore
        v.                               Hon. Magistrate Varholak

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.
        Defendants.

## Li Plaintiffs Request for Forthwith Hearing on
## its Motion for Removal of CRCI as General
## Partner of CRCPS [ECF 294, 301]

Pursuant to Civ. Practice Standard IV.I(1), this Court can schedule a forthwith hearing when there is a need for immediate judicial intervention. There is such a need because no one knows who runs CRCPS, the limited partnership at the heart of this case. The Li Plaintiffs assert that CRCI has been legally removed as general partner [ECF 183] and CRCI has withdrawn its Counterclaim objecting to such removal [ECF 290], yet CRCI refuses to be removed unless this Court orders it.

The matter is urgent. CRCI has just revealed a scheme whereby they would cause CRCPS to borrow over $7 million dollars for the purpose of paying themselves (CRCI) nearly $6 million in management fees on top of what they have paid themselves already, while the limited partners have barely recovered a tiny fraction of their investment in nearly a decade. CRCI did not provide details on this scheme to enrich themselves at the expense of the limited partners. They refuse to reveal the lender, the collateral, the source of repayment, the maturity date, the interest rate.

Emotionally, the limited partners are beyond disgusted; they followed the letter of the partnership agreement in removing CRCI as general partner last Spring, by getting proxies via "snail mail" since CRCI refused to release the emails of the limited partners in their effort to slow down the gathering of votes to remove them. The limited partners went around this roadblock and over 70% voted to remove CRCI for fraud and incompetence, such is the distrust and hatred of CRCI by the limited partners. Now, CRCI has withdrawn its Counterclaim objecting to removal, and claims that it is not a party to the lawsuit, so it has no grounds on this docket to object to a motion for its removal. There is a need for this Court to decide this issue now, as the fate of the limited partners hangs in the balance. The salient facts and law are as follows:

1. CRCI was removed by a proxy vote of over 70% of limited partners [ECF 183].
2. CRCI objected to their removal by filing a Counterclaim seeking a declaratory judgment that they had not been removed [ECF 204].
3. This Court held that the Counterclaim kept the issue of removal alive [ECF 271].
4. CRCI voluntarily withdrew its Counterclaim [ECF 290].
5. CRCI declared they were no longer a party to this lawsuit [ECF 291].
6. The Li Plaintiffs filed for default judgment on removal since all opposition from CRCI had been voluntarily withdrawn [ECF 294].
7. CRCI -- despite claiming that they were no longer a party and despite withdrawing their Counterclaim objecting to their removal -- proposed to jump back into the lawsuit and object to their removal [ECF 300].
8. The Li Plaintiffs replied [ECF 301] that under Rule 41 a party who voluntarily withdraws a claim (in this case, a counterclaim), divests the Court of jurisdiction to hear them make any further arguments on the merits of such claim:

> On this issue, we have held that once a Rule 41(a)(1) dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them. We reasoned that [t]he filing of a Rule 41(a)(1) notice itself closes the file. . . . The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought.

*Netwig v. Georgia Pacific Corp.*, 375 F.3d 1009, 1011 (10th Cir. 2004)(internal citations omitted). This Court must proceed as if CRCI's Counterclaim challenging removal was *never* brought. **This effectively grants a win to the limited partners on removal, by default, since there is no opposition to the removal of CRCI on the docket of this case.** Fed. R. Civ. P. 57 ("Declaratory Relief") and 28 U.S.C. §2201(a) ("Creation of a Remedy") empower this Court to declare the rights of any parties by issuing a declaratory judgment. This is a matter of immediate and massive importance to all the limited partners on which an immediate declaration is necessary.

If this Court feels that it lacks jurisdiction to decide this issue, then it should renounce jurisdiction and let the matter be decided by a state court. But this Court cannot stand motionless and paralyzed on this issue as CRCI pays itself more fees at the expense of the limited partners, and does so under this Court's watch.

WHEREFORE, the Li Plaintiffs request (i) a forthwith hearing on removal of CRCI as general partner, and (ii) barring CRCI from making arguments on the merits at such hearing due to their voluntary dismissal of the Counterclaim challenging their removal.

> **Statement of Conferral per Local Rule 7.1: All counsel were notified that the Li Plaintiffs are requesting a forthwith hearing by 'motion' as required by the Civil Practice Standards.**

Dated: April 24, 2021                                   Respectfully Submitted,


/s/ Douglas Litowitz
413 Locust Place,
Deerfield, IL 60015
312-622-2848; litowitz@gmail.com


**Certificate of Service**

This document was filed on the ECF system for the District of Colorado on April 24, 2021.

4