**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-02443-RM-STV
      Consolidated with 19-cv-2637-RM-STV

**Derivatively:**
Hsin-Yi Wu, and Qi Qin,
in their capacity as limited partners of
Colorado Regional Center Project Solaris LLLP,

      Plaintiffs

v.

Colorado Regional Center Project Solaris LLLP,

      Nominal Defendant,
and

**Directly:**
Hsin-Yi Wu, Jun Li, Qi Qin, Yi Liu, Jie Yang, Yuquan Ni,
Zhongzao Shi, Fang Sheng, Shunli Shao, Kaiyuan Wu,
Zhijian Wu, Zhongwei Li, Sa Wu, Fan Zhang, Lin Qiao,
Jinge Hu, Rujun Liu, Ying Xu, Lu Li, Cao Xiaolong,
and Yuwei Dong,

      Plaintiffs,

v.

Colorado Regional Center LLC,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I LLC,
Peter Knobel, and
Colorado Regional Center Project Solaris LLLP, and
all principals and ultimate owners of business entities pursuant to
piercing of the limited liability veil,

      Defendants.

Civil Action No. 19-cv-2637-RM-STV ("Cui Plaintiffs")

Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei,
Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang,
Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou,
Xun Zhu, and Chunyi Zou,

    Plaintiffs,

v.

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I, and
Peter Knobel,

    Defendants.

---

# ORDER

---

This matter is before the Court on "Li Plaintiffs' Request for Clarification of Court Order [ECF 311] as Including a Stay Until Hearing" (the "Motion") (ECF No. 312). The Motion does not seek clarification; it seeks affirmative relief. The Motion also fails to contain a certificate of conferral and, for this reason alone, is subject to denial on this basis. Nonetheless, in order to expedite matters, the Court will address the merits in this instance.

As this case currently stands, after the Court's Order of March 2, 2021, Li Plaintiffs' only remaining claim is Count III, a derivative claim for breach of contract and it is against SPO I.[1] Although Li Plaintiffs have a motion for reconsideration, seeking an order reinstating Count I

---

[1] Cui Plaintiffs have a derivative claim for breach of contract against SPO I and derivative claim for declaratory relief against SPO, SPO I, and CRCPS.

against CRC I,[2] they fail to show any claims remain against CRC I. But, the Motion seeks relief against CRC I.

Specifically, Li Plaintiffs seek an order from this Court to "preserve the status quo" and "stay" "any significant actions by CRC I." Li Plaintiffs appear to rely on two bases: the hearing on pending matters set for June 7 or "such earlier time as the Court decides on the existing motions to remove CRC I." Li Plaintiffs fail to show either basis supports their request.

First, an order preserving the status quo or staying action by CRC I is tantamount to an order granting a temporary restraining order or preliminary injunction relief. There is no such motion pending and even if such a motion were to be filed it would fail. To prevail on such a motion, Li Plaintiffs would have to show a substantial likelihood of success on the merits on a claim which supports such relief. *See Mrs. Fields Franchising, LLC v. MFGPC,* 941 F.3d 1221, 1232 (10th Cir. 2019) (setting forth four things a movant needs to show to obtain preliminary injunctive relief). But, as stated, Li Plaintiffs fail to show they have any claim remaining against CRC I.

This brings the Court to the second basis Li Plaintiffs rely on – the alleged existing motions to remove CRC I. The Court is unable to find such existing motions. To the extent Li Plaintiffs rely on their Motion to Dismiss Counterclaim by CRC Defendants Under Fed. R. Civ. P. 12(b)(6) and for Order Declaring General Partner Removed Instanter (ECF No. 208), that motion has been addressed. To the extent Li Plaintiffs rely on Cui Plaintiffs' Motion for Appointment of Receiver, that motion has also been addressed, Li Plaintiffs are not parties to that motion, and Li Plaintiffs have no claim for relief for the removal of or declaratory relief

---

[2] Li Plaintiffs seek to reinstate Count I as a claim for breach of contract and breach of statutory fiduciary duty. (ECF No. 282.)

concerning CRC I as general partner. The Court recognizes Li Plaintiffs have requests for relief under various matters pending but they fail to show they support the stay request. It is therefore

**ORDERED** that "Li Plaintiffs' Request for Clarification of Court Order [ECF 311] as Including a Stay Until Hearing" (ECF No. 312) is **DENIED**.

DATED this 3rd day of May, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge