**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02443-RM-STV;
Consolidated with Civil Action No. 1:19-cv-02637

Li, *et al.*,

    Plaintiffs,

v.

Waveland Ventures, LLC, *et al.*,

    Defendants.

---

**CRC DEFENDANTS' RESPONSE IN OPPOSITION TO CUI PLAINTIFFS' MOTION FOR CLARIFICATION OF COURTS [SIC] ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 60 [ECF 307]**

---

Defendants Colorado Regional Center I, LLC, Colorado Regional Center, LLC and Waveland Ventures, LLC (the "CRC Defendants"), respectfully submit this Response in Opposition to Cui Plaintiffs' Motion for Clarification of Courts [sic] Order Pursuant to Federal Rule of Civil Procedure Rule 60 [ECF 307] (the "Motion"), stating as follows:

## **INTRODUCTION**

In an attempt to unwind the Court's well-reasoned dismissal of the claims asserted against the CRC Defendants, the Cui Plaintiffs now contend that the March 2, 2021 Order on Pending Motions (the "Order") "contains several mistakes and inconsistencies" related to their claims for declaratory relief and breach of fiduciary duty. [ECF 307, p. 2]. The portions of the Order that

the Cui Plaintiffs challenge, however, were correct in every respect and their arguments to the contrary are simply wrong.

First, as set forth in the CRC Defendants' Reply in Support of Motion for Award of Attorney Fees [ECF 305], the Court did not fail to address the Cui Plaintiffs' claim for declaratory relief against CRC I. Prior to issuing the Order, the Cui Plaintiffs conceded that CRC I was not a party to their declaratory judgment claim. Because the claim was not asserted against CRC I, there was no need for the Court to address it.

Second, this action has been pending for more than 18 months and yet, after three different opportunities to amend their pleading, the Cui Plaintiffs never once alleged that their claim for breach of fiduciary duty was based on post-investment conduct. [ECF 190 (Count II)]. Instead, they advanced only unsupported *argument* that their claim was based on continuing and ongoing breaches. While the Cui Plaintiffs apparently now contend that the Court failed to address this argument in its Order, that is simply not true. The Court did in fact consider and properly reject the Cui Plaintiffs' argument, leaving nothing for reconsideration.

Third, there is no question that Court correctly applied the economic loss rule. The fiduciary duties identified by the Cui Plaintiffs were the same duties memorialized in the Partnership Agreement, and the Cui Plaintiffs have failed to demonstrate otherwise. Moreover, the Cui Plaintiffs asserted a claim for breach of fiduciary duty, not a violation of Colorado's Uniform Limited Partnership Act. And contrary to their suggestion otherwise, the Cui Plaintiffs' reference to the *source* of the fiduciary duty (whether contract, statute, special relationship, or other) does not somehow convert their tort claim into a contract or statutory claim to allow them to bypass the economic loss rule.

4829-1343-6903

Finally, to the extent the Cui Plaintiffs seek reconsideration of the Court's ruling on the Motion for Appointment of Receiver, they have failed to identify any basis whatsoever to justify their request. For each of the foregoing reasons, the Cui Plaintiffs' request for reconsideration should be denied.

## **LEGAL STANDARD**

Under Fed. R. Civ. P. 60(a), a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The rule is intended to correct "what is erroneous because the thing spoken, written or recorded is not what the person intended to speak, write or record." *Allied Materials Corp. v. Superior Prods. Co.*, 620 F.2d 224, 225–26 (10th Cir. 1980). It is not available, however, to correct "something that was deliberately done." *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989); *see also Security Mut. Casualty Co. v. Century Casualty Co.*, 621 F.2d 1062, 1065 (10th Cir. 1980).

Although the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, courts generally treat such motions as falling under Rule 59 or Rule 60. *See Fredericks v. Rocky Mountain Offenders Mgmt. Sys., Inc.*, 2008 WL 3833775, at *1 (D. Colo. Aug. 13, 2008) (quoting *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005)). Where the motion seeks reconsideration of an interlocutory order, courts focus on whether there has been (1) a change in controlling law; (2) new evidence which was previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Id*. (citations omitted); *see also Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate only "where the court has misapprehended the facts, a party's position, or the controlling law," but

3

is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citation omitted).

## ARGUMENT

In their Motion, the Cui Plaintiffs argue that "several errors are evident from the face of the Order." [ECF 307 at 4]. In particular, the Cui Plaintiffs maintain that the Court: (1) made a clerical mistake or oversight by failing to address Count VII for Declaratory Relief as it relates to CRC I; (2) erred by failing to consider post-investment conduct as it relates to their claim for breach of fiduciary duty; and (3) erred by dismissing the breach of fiduciary duty claim as barred by the economic loss doctrine. For the reasons set forth below, however, the Cui Plaintiffs have not met their burden of establishing that there is anything for the Court to correct or reconsider. And to the extent the Cui Plaintiffs seek reconsideration of the Court's ruling on their Motion for Appointment of Receiver [ECF 211], they fail to identify any basis to support such request.

**I.    The Court Properly Addressed the Cui Plaintiffs' Claim for Declaratory Relief**

The Cui Plaintiffs first argue that the Court made a clerical mistake because the Order "fails to address the Cui Plaintiffs' Declaratory Relief Cause Claim against CRC I." [ECF 307, 2]. But the Cui Plaintiffs already conceded that this claim was not properly asserted against CRC I. In light of that concession, there was no need for the Court to address it.

Count VII in the Cui Plaintiffs' Third Amended Complaint ("CTAC") is for a declaratory judgment regarding the enforceability of the Yield Enhancement Agreement and Agreement Regarding Collateral Units between SPO I and CRCPS. [ECF 190, p. 29]. Critically, none of CRC Defendants were parties to those agreements. Accordingly, in their Motion to Dismiss, the CRC Defendants argued that the Cui Plaintiffs failed to state a claim for declaratory relief because

4

the claim was not directed at any of the CRC Defendants, including CRC I. [ECF 203, p. 28]. In their response, the Cui Plaintiffs never addressed, let alone disputed, this argument, effectively conceding that the claim was not asserted against any of the CRC Defendants [ECF 213]. *See, e.g., Hill v. ITT Federal Services Intern. Corp.*, Civil Action No. 04-CV-02389, 2007 WL 951125, at *3 n.4 (D. Colo. March 27, 2007) (interpreting plaintiff's "failure to respond at all to [defendant's] arguments . . . . as a concession that these claims must be dismissed."); *Mulford v. Altria Group, Inc*., 242 F.R.D. 615, 622 n.5 (D. N.M. 2007) ("Failure to respond to an argument is generally deemed an acquiescence."). And when provided with an opportunity to clarify exactly which parties the claim was asserted against, the Cui Plaintiffs unequivocally confirmed that it was not against CRC I or any of the other CRC Defendants:

> THE COURT:    Count 7 is against, CRCPS, SPO and SPO I, for Declaratory Relief?
>
> MR. STEWART:    Correct.

*See* **Exhibit A**, Hearing Transcript dated August 31, 2020, at 20:21-23. Indeed, at the very beginning of the oral argument on the motions to dismiss, the Court walked through each complaint to ensure it had "an understanding as to who the various counts of the Complaint are against" [*see* Ex. A, at 12:5-9] in an effort to avoid any ambiguity:

> THE COURT:    Again, like I said, that's why I wanted to have this, rather than go through the motions of, you know, writing something up and then having everyone say, "Well, wait, that wasn't my claim. Wait, I thought this, I thought that."

Ex. A, at 124:2-5.

The Court's subsequent Order addressed each of the claims asserted against the CRC Defendants based on their Rule 12(b)(6) motion, Plaintiffs' responses, and the CRC Defendants'

reply, as well as argument presented to the Court during the hearing held on August 31, 2020. [ECF 271]. But because the Cui Plaintiffs' claim for declaratory relief was not asserted against the CRC Defendants, there was simply no need for the Court to address it. To now contend that this omission somehow renders the claim "viable" is not only disingenuous, but it is also impermissible under the doctrine of judicial estoppel. *See Vehicle Market Research, Inc. v. Mitchell Intern., Inc.*, 767 F.3d 987, 992-993 (10th Cir. 2014) ("The doctrine of judicial estoppel is based upon protecting the integrity of the judicial system by prohibiting parties from deliberately changing positions according to the exigencies of the moment."); *see also City of Wichita v. Southwestern Bell Tel. Co.,* 24 F.3d 1282, 1288 (10th Cir. 1994) ("[a]n attorney is clothed with sufficient apparent authority to bind a client for services that are routinely and directly connected with the representation"). Simply put, all claims that were actually asserted against the CRC Defendants were in fact addressed and properly dismissed. As such, there is no mistake or oversight for the Court to correct.

## II. The Court Correctly Dismissed the Cui Plaintiffs' Direct and Derivative Claims for Breach of Fiduciary Duty

### A. *The Cui Plaintiffs' Breach of Fiduciary Duty Claim Was Not Based on Any Post-Investment Allegations*

The Cui Plaintiffs next argue that the Court erred because it "dismissed the Breach of Fiduciary Duty Claim on grounds that the alleged conduct occurred prior to the Cui Plaintiffs becoming limited partners," while failing to consider alleged ongoing acts by CRC I that occurred post-investment. [ECF 307, p. 3]. But the Court did in fact consider this argument and ruled that the Cui Plaintiffs failed to include any allegations in their CTAC that such conduct formed the

4829-1343-6903

basis for their claim. The Cui Plaintiffs' request for reconsideration with respect to the post-investment conduct should therefore be rejected outright.

Count II of the CTAC [ECF 190] is a claim for breach of fiduciary duty against CRC I, asserted as both an individual and derivative claim. In particular, the Cui Plaintiffs alleged that CRC I breached its fiduciary duties of candor, good faith, reasonable inquiry, oversight and supervision as set forth in paragraphs 56, 66, 68, 70, 73 and 74 of the CTAC. [ECF 190, ¶ 109]. In their Motion to Dismiss, the CRC Defendants argued that because each of these allegations related to various representations and conduct that allegedly occurred prior to the Cui Plaintiffs' investment, the derivative claim was barred for lack of standing under Fed. R. Civ. P. 23.1(b)(1). [ECF 203, p. 20]. In response, the Cui Plaintiffs argued that despite the manner in which they pled the breach of fiduciary duty claim in the CTAC, the breach of fiduciary duty they alleged was actually an intricate and ongoing series of actions. [ECF 213, p. 9]. Notwithstanding that unsupported *argument*, the only breaches the Cui Plaintiffs actually pled preceded the existence of CRCPS. [ECF 190, ¶ 109, which in turn incorporates ¶¶ 56, 66, 68, 70, 73 and 74].

When provided with an opportunity to clarify the basis for this claim, or address the fact that they had not responded to CRC I's standing argument in their response motion, the Cui Plaintiffs addressed only the statute of limitations argument:

> *THE COURT*: Neither side has responded at all to the notion that there is no standing to sue derivatively for acts which occurred before the limited partners became limited partners…
>
> MR. STEWART: Other than that, you have succinctly stated what I said. Just the only thing that I would change is that the -- the issue about whether you can breach a fiduciary duty before, is actually there in the first citation under the statute of limitations claims, in the

7

> *Elk River Associates* case that says that, in fact, you do have a fiduciary duty during negotiations prior to formation, so.

Ex. A at 86:3-6; 87:4-10. As such, to the extent any post-investment allegations were in fact pled (which they were not), the Cui Plaintiffs are judicially estopped from now changing positions with respect to this claim as well. *See Vehicle Market Research, Inc.*, 767 F.3d at 992-993; *see also City of Wichita,* 24 F.3d at 1288.

Moreover, the Court's Order did in fact address the Cui Plaintiffs' argument that there were continuing or ongoing breaches of fiduciary duties. And in rejecting such argument, the Court concluded:

> First, no such *allegations* are contained in their complaint. Second, such arguments do not support a *derivative* breach of fiduciary duty claim as Cui Plaintiffs assert CRC I "has been actively breaching its fiduciary duties to the *limited partners* on a daily basis since the inception of the LLLP [CRCPS]." Accordingly, the motion is granted as to the derivative breach of fiduciary duty claim.

ECF 271, p. 20 (emphasis in original). Thus, it can hardly be argued now that the Court failed to consider the CTAC as a whole or draw all inferences in favor of the Cui Plaintiffs. The Court's ruling dismissing the fiduciary duty claim against CRC I for lack of standing was entirely proper and well supported.

### B. The Court Correctly Ruled That the Cui Plaintiffs' Breach of Fiduciary Duty Claim Was Barred by the Economic Loss Doctrine

The next "error" alleged by the Cui Plaintiffs is that the Court "miss-applied [sic] the economic loss rule as a basis for dismissing the Breach of Fiduciary Duty Claim." [ECF 307, p. 3]. Although not entirely clear, the Cui Plaintiffs also appear to argue that that they asserted a statutory claim for breach of fiduciary duty against the CRC Defendants, which would somehow

8

render the economic loss rule inapplicable. [ECF 307, p. 3]. Such arguments, however, are unsupported by the record.

The Court did not oversimplify or otherwise misapply the economic loss rule, as the Cui Plaintiffs suggest. While they contend that the Court only analyzed whether the duty sounded in contract or tort, this characterization is simply wrong. In its Order, the Court correctly noted that the economic loss rule does not bar tort claims arising under an independent duty of care. [ECF 271, p. 21]. In finding that the Cui Plaintiffs' claim was barred, however, the Court the ultimately concluded that the duties identified by the Cui Plaintiffs were identical to the duties memorialized in the Partnership Agreement. [*See id*.]. The Cui Plaintiffs make no effort to address or dispute this finding and instead have chosen to ignore it altogether. But because Court correctly applied the law, the Cui Plaintiffs are not entitled to reconsideration on this issue.

The Cui Plaintiffs' argument that they asserted a statutory claim for breach of fiduciary duty fares no better. [ECF 307, pp. 6-7]. As an initial matter, no such claim was asserted. Throughout the course of this litigation, the Cui Plaintiffs have had multiple opportunities to (and in fact did) amend their complaint, but they *never* alleged a claim for violation of Colorado's Uniform Limited Partnership Act. Prior to filing their Motion to Dismiss, the CRC Defendants provided the Cui Plaintiffs' counsel with a comprehensive and detailed conferral letter outlining the legal flaws with their breach of fiduciary duty claim, including specifically that the claim was barred by the economic loss doctrine and that the acts complained of did not occur during plaintiffs' ownership of their limited partnership units. [*See* ECF 275-4 at Item 2]. The Cui Plaintiffs did not address these deficiencies. Then, when the economic loss doctrine was raised in CRC Defendants' Motion to Dismiss, the Cui Plaintiffs failed to cite any authority or provide any

9

analysis to support their position that the economic loss doctrine did not bar their breach of fiduciary duty claim.  [ECF 213, p. 10].  And never once in any of their briefs or during oral argument did the Cui Plaintiffs argue that their breach of fiduciary duty claim was actually a claim for violation of Colorado's Uniform Limited Partnership Act.  To the contrary, the Cui Plaintiffs confirmed that:

> *THE COURT*: All right.  Count 2 is against CRC, and CRC I for Breach of Fiduciary Duty?
>
> *MR. STEWART*: Correct.

Ex. A at 19:10-12.

If the Cui Plaintiffs had actually pled a statutory cause of action, instead of a breach of fiduciary claim, this – at the very least – would have been one of the many times to say so. They did not say so because they did not do so: the Cui Plaintiffs never asserted a claim for violation of the limited liability statutes.  And as this Court previously recognized, "the focus is on the operative filings, not on matters which were not pled or should have been pled."  [ECF 271, p.13].   The pleadings and arguments made by the Cui Plaintiffs to date establish that Cui Plaintiffs had every opportunity to amend to assert new claims and to argue against the applicability of the economic loss doctrine.  They chose not to do so, and they never, at any time, moved to amend their pleading under Fed. R. Civ. P. 15 to assert causes of action they now wish they had pled.  The Court, therefore, should reject the Cui Plaintiffs' new arguments on these old issues as improper for reconsideration.

Nonetheless, even if the Court were to consider the merits of the Cui Plaintiffs' argument, it should conclude that Cui Plaintiffs have not met their burden for reconsideration.  The Cui Plaintiffs never even cited to or included allegations concerning Colorado's Uniform Limited

10

Partnership Act in their CTAC. Only after the CRC Defendants moved to dismiss this claim did Cui Plaintiffs raise any statutory duties related their breach of fiduciary duty claim. [ECF 213, p. 10]. But they did not, however, claim that the statutory duties formed the basis of their claim. And even so, the fact that the statute may be a source of duties does not mean that it created an independent statutory cause of action or somehow converted the Cui Plaintiffs' breach of fiduciary duty claim into one for violation of Colorado's Uniform Limited Partnership Act (which, again, the Cui Plaintiffs never even referred to in their CTAC). Regardless, in addressing the Cui Plaintiffs' claim for breach of fiduciary duty, the Court concluded that those same duties were imposed by, and expressly memorialized in, the Partnership Agreement, and thus, were barred by the economic loss rule. [ECF 271, p. 21].

In sum, the Court correctly found that Cui Plaintiffs' breach of fiduciary duty claim was barred by the economic loss doctrine. The request for reconsideration should therefore be denied.

### III. The Court Should Not Reconsider its Ruling on the Motion for Appointment of Receiver

Finally, there is no need for the Court – sua sponte or otherwise – to "revisit" the Motion for Appointment of Receiver [ECF 211], as the Cui Plaintiffs apparently suggest. [ECF 307, pp. 7-8]. While the Cui Plaintiffs argue that "CRC I has conceded that there is no dispute as to the current general partner of CRCPS, yet refuses to step down as the General Partner," but this is simply not true. [ECF 307, p. 8]. CRC I has not conceded anything, but rather, voluntarily dismissed, without prejudice, its counterclaim for declaratory judgment regarding its purported removal as general partner. [ECF 290]. As the Court has already recognized, no determination has been made with respect to CRC I's purported removal, and CRC I is entitled to challenge the validity of such efforts. [ECF 218, p. 4; ECF 271, p. 44].

Moreover, the Court denied the Motion for Appointment of Receiver due to insufficient information and it also questioned whether it even retained jurisdiction upon the dismissal of the Cui Plaintiffs' federal claims. [ECF 271, p. 49]. But the Cui Plaintiffs have not provided any additional information for the Court to consider, nor have they demonstrated that the Court retains jurisdiction. In short, there is no basis to reconsider or "revisit" the Court's ruling on the Motion for Appointment of Receiver.

## CONCLUSION

The Cui Plaintiffs have not presented any argument or evidence that would support reconsideration. Not only did they fail to properly assert claims for declaratory relief or a violation of Colorado's Uniform Limited Partnership Act against CRC I, they also failed to demonstrate that the Court misapplied the economic loss rule. The Cui Plaintiffs' Motion for Reconsideration should therefore be denied.

DATED: May 11, 2021.

*s/James D. Kilroy*
James D. Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email: jkilroy@swlaw.com
Email: skanan@swlaw.com

**Counsel for Defendants Colorado Regional Center I, LLC, Colorado Regional Center LLC and Waveland Ventures, LLC**

**CERTIFICATE OF SERVICE**

       This is to certify that on May 11, 2021, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
Christopher P. Montville
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

                                          */s/Sandy Braverman*
                                          for Snell & Wilmer L.L.P.