# EXHIBIT A

```
 1                 IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLORADO
 2
     Civil Action No. 19-cv-2443-RM
 3
     JUN LI, et al.,
 4
          Plaintiffs,
 5

 6   DIANWEN CUI, et al.,

 7   Consolidated Plaintiffs

 8   vs.

 9   COLORADO REGIONAL CENTER PROJECT

10   SOLARIS LLLP, et al.,

11   _____

12

13                         REPORTER'S TRANSCRIPT
                                  Hearing
14
     _____
15

16          Proceedings before the HONORABLE RAYMOND MOORE, Judge,

17   United States District Court for the District of Colorado,

18   commencing at 9 a.m., on the 31st day of August, 2020, in

19   Courtroom A601 and VTC, United States Courthouse, Denver,

20   Colorado.

21

22

23

24   Proceeding Recorded by Mechanical Stenography, Transcription
      Produced via Computer by Tammy Hoffschildt, 901 19th Street,
25         Room A251, Denver, Colorado, 80294, (303) 292-1088
```

```
 1              Having said that, I'm not striking anything that
 2   anybody has filed up to now or not considering it.  Just
 3   saying, going forward, let's just get in line with the way that
 4   I normally do things and proceed along those lines.  Okay.
 5              The next thing I want to do may sound a little absurd,
 6   and frankly I don't care how much absurd it sounds, but what I
 7   want to do is to walk through and make sure that I have an
 8   understanding as to who the various counts of the Complaint are
 9   against.  Having said this, let me be clear about something,
10   the documents are what they are, and I'm not suggesting that by
11   asking this question.  I am allowing some amendment or change
12   in the -- in the pleadings, but it is possible that I simply
13   have misunderstood something and want to, at least, identify
14   where there may be issues and what those issues might be.
15              So, I'm starting with the Li Plaintiff's Third
16   Amendment Complaint, and I'm just going to walk through this
17   count by count, telling you what I see.
18              There are, as I understand things, five counts that
19   are still in play?
20         MR. LITOWITZ:  Exactly.
21         THE COURT:  Count 1 is against CRC I, Breach Of
22   Fiduciary Duty?
23         MR. LITOWITZ:  Correct.
24         THE COURT:  Count 2 is against CRC, SPO, SPO I, Knobel
25   and the LLC Principles for Civil Theft.
```

```
 1   Complaint was only -- only nominally named CRCPS, which is why
 2   Mr. Kilroy and I don't have the same problem that he had with
 3   Mr. Litowitz.
 4           So, it is intended to be all defendants.  I was --
 5   CRCPS should be included in the definition.  That's a problem.
 6           THE COURT:  It's a problem.
 7           MR. STEWART:  As if -- I mean, there's still only a
 8   nominally defendant because they belong, nevertheless, I
 9   understand what you are saying.
10           THE COURT:  All right.  Count 2 is against CRC, and
11   CRC I for Breach Of Fiduciary Duty?
12           MR. STEWART:  Correct.
13           THE COURT:  Count 3 is against -- again, I'm not going
14   to repeat the issue, but it's against all defendants for the
15   Colorado Consumer Protection Act?
16           MR. STEWART:  Same issue.
17           THE COURT:  Count 4 is against CRCPS, and CRC I, for
18   failure to register as an investment company.
19           MR. STEWART:  Correct.
20           THE COURT:  Count 5, I have further question about.
21   It's the same issue with more air blown into it, and what I
22   mean by that is this, it is against all defendants, but then
23   when you get down to the -- the very last -- the prayer
24   provision, it says, "Accordingly, the LLLP, which is what I
25   call CRCPS, is required to fully refund the 85 investors'
```

```
 1   investment, plus the administrative fees they paid."
 2           So, it purports to be against everyone, but only seeks
 3   relief -- specified relief against one, and the one it seeks
 4   the specified relief against isn't included in the definition
 5   of the everyone.  Am I -- again, look, I'm not here shaking a
 6   finger or wagging or even getting upset.  I just want to make
 7   sure that I give everyone an opportunity, if I have screwed
 8   this up, to let me know what it is that I'm just not seeing
 9   right.  And if I'm seeing it correctly, and you agree, well,
10   then we move on, because I'm not here to decide an issue based
11   on this.  I'm simply trying to make sure that my understanding
12   is correct.
13           MR. STEWART:  Your Honor, if you are reading it --
14   it's correct.  It's the way that -- you are reading it
15   correctly.
16           THE COURT:  Okay.
17           MR. STEWART:  I can't -- that's fine.
18           THE COURT:  All right.  Count 6 is against SPO I for
19   Breach Of Contract?
20           MR. STEWART:  Correct.
21           THE COURT:  Count 7 is against, CRCPS, SPO and SPO I,
22   for Declaratory Relief?
23           MR. STEWART:  Correct.
24           THE COURT:  Count 8 is against CRCPS and SPO I for
25   Piercing The Veil?
```

```
 1   Mr. Litowitz's position being that there was some fraudulent
 2   concealment of the breach, and it wasn't discovered until 2018,
 3   which would bring them within the statute.  Neither side has
 4   responded at all to the notion that there is no standing to sue
 5   derivatively for acts which occurred before the limited
 6   partners became limited partners.  Neither side has responded
 7   to the claim -- to the position that the Complaints fail to
 8   state a claim for post-investment breaches of fiduciary duty,
 9   but both respond to the Economic Loss Rule.  The Li Plaintiffs
10   saying the duty arises from contract and the Uniform Limited
11   Partnership Act.  The Cui Plaintiffs saying, for purposes of
12   this count, what they are relying on is the statutory duty
13   under the Uniform Limited Partnership Act.
14           Let me start in the back with Mr. Stewart.
15           MR. STEWART:  The only thing I would add, Your Honor,
16   I didn't separate it out as a section, but the Elk River
17   Association case that I cited, and the cite states clearly that
18   a fiduciary relationship between the parties to a limited
19   partnership attached during the negotiations would precede
20   formal execution, certificate limited partnership.  So, I do
21   think I did address that, what -- that was one of the issues
22   that you said that we did not address, and it is actually in
23   the brief, although not identified well.
24           THE COURT:  All right.  Give me one second here.
25   Again, as you move away from that microphone, not only does my
```

```
 1   court reporter have trouble with you, I have some trouble,
 2   hearing, as well.  Just hold on a second.
 3              THE COURT:  Okay.  All right.
 4              MR. STEWART:  Other than that, you have succinctly
 5   stated what I said.  Just the only thing that I would change is
 6   that the -- the issue about whether you can breach a fiduciary
 7   duty before, is actually there in the first citation under the
 8   statute of limitations claims, in the Elk River Associates case
 9   that says that, in fact, you do have a fiduciary duty during
10   negotiations prior to formation, so.
11              THE COURT:  Okay.  All right.  Let me... and again, it
12   may be that I'm running a little far afield here, and if I am,
13   well, okay.  I understand the notion that there can be a breach
14   that is related to the negotiation that leads to the contract.
15   If I were to try and embrace that, what do I have that permits
16   me to say when those negotiations occurred?  Because again, to
17   what -- to one extent I understand what you are saying.  You
18   are expanding the shackles that you feel that Mr. Kilroy is
19   putting on what it is -- or where the breach can occur, but
20   you're also moving backwards in time, from the filing of the
21   Complaint, and saying these breaches occurred somewhere earlier
22   than the contract.
23              MR. STEWART:  That's what Mr. Kilroy is saying.
24              THE COURT:  Well, no, I understand that.  I guess I'm
25   trying to figure out, and so now loop back to me how that works
```

```
 1  try to challenge that.
 2          THE COURT:  Again, like I said, that's why I wanted to
 3  have this, rather than go through the motions of, you know,
 4  writing something up and then having everyone say, "Well, wait,
 5  that wasn't my claim.  Wait, I thought this, I thought that."
 6          There is this other issue, regardless of whether or
 7  not -- regardless of whether or not it is a direct or
 8  derivative claim, there is this other issue, with respect to
 9  whether or not there can be a breach of contract regarding the
10  agreement regarding collateral units, where nothing has
11  occurred, which is not provided for by the agreement itself.
12          I understand, the argument, at the end of the day is,
13  I'm trying to get money for my people.  I get that.  But as I'm
14  understanding the argument, the argument is, essentially, this,
15  what is the breach of this contract that has occurred; more
16  specifically, what provision or what have I done that, whether
17  derivatively or directly --
18          MR. STEWART:  Your Honor.
19          THE COURT:  Go ahead.
20          MR. STEWART:  So, the point of the specific
21  performance action, which is the breach of contract, has
22  nothing to do with that.  All that's saying is you are -- under
23  the agreement, you are supposed to pay us or give us the
24  property.  You have opted to give us the property, and you have
25  chosen not to.  Collateral -- and then I don't even discuss
```