IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
    Plaintiffs,

     v.             Hon. Raymond P. Moore

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I, and
Peter Knobel,
    Defendants.

---

**CUI PLAINTIFFS' REPLY TO RESPONSE OF THE CRC DEFENDANTS
TO THE MOTION FOR CLARIFICATION OF COURTS ORDER
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 60**

---

**I.**

**ARGUMENT**

1. <u>The Cui Plaintiffs Claim for Declaratory Relief against CRC I.</u>

The Court heard oral argument on 7 separate motions in two consolidated actions on August 31, 2020. While it is understandable why the Court decided to hear all the motions at the same time, it left room for the possibility of quite a bit of confusion and/or misunderstanding on the part of the parties and the Court. There are two distinct Plaintiff groups, the Li Plaintiffs, represented by Douglas Litowitz and the Cui Plaintiffs represented by the Ardent Law Group.

1

While there certainly is some cross-over, the Complaints filed by the two Plaintiffs groups are very different.  There are also two distinct groups of Defendants:  The CRC Defendants, represented by Snell and Wilmer and the SPO Defendants, represented by Haddon Morgan.  In addition to the multiplicity of parties, each counsel used their own acronyms to refer to various parties in their respective pleadings.  Additionally, counsel for the SPO Defendants mixed and matched allegations from both Plaintiffs Complaints in their Pleadings.

In the opposition to the Rule 60 Motion, the CRC Defendants indicate that, in response to a question from the Court, counsel for the Cui Defendants stated that the Declaratory Relief Action was plead against CRCPS.  If in fact this was stated at the hearing, such statement was made in error (see Declaration of Brian P. Stewart).  The 3rd Amended Complaint ("TAC") names three Defendants the CRC I, the General Partner of CRCPS (defined as the GP), SPO and SPOI, and speaks to the actions of the GP wherein it negotiated agreements that did not benefit the LLLP (CRCPS) and in fact benefited only itself and the borrower SPOI.  Nowhere in the TAC is the LLLP named in the Claim for Declaratory Relief.   The Claim for Declaratory Relief seeks a declaration of the rights of the parties in connection with the Yield Enhancement Agreement and Agreement Regarding Collateral Units, because the GP (CRC I) breached its fiduciary duties by negotiating the agreements in bad faith without receiving any consideration.

This is precisely, the type of situation that calls for clarification under F.R.C.P. Rule 60.  The Declaratory Relief Claim calls for a determination as to whether the General Partner acted appropriately in negotiating the Yield Enhancement Agreement and the Agreement Regarding Collateral Units without any consideration being paid by SPOI as well as a determination that in doing so the General Partner acted in its own self-interest.   This is an appropriate request to make on a derivative basis.  The Cui Plaintiff's contend that the Claim for Declaratory Relief

against CRC I is sufficient to withstand the Motion to Dismiss, but at the very least, the Order must be corrected to appropriately address the pleading as drafted.

    2. <u>The Cui Plaintiffs Claim for Breach of Fiduciary Duty against CRC I.</u>

In their opposition, the CRC Defendants simply ignore the long-standing authority that encourages resolution of matters on the merits rather than on technicalities. "It is elementary that, on a motion to dismiss, a complaint must be read as a whole, drawing all inferences favorable to the pleader." *Conley v. Gibson, supra*, 355 U.S. at 47-48. *Yoder v. Orthomolecular Nutrition Inst., Inc.,* 751 F.2d 555, 562, 1985 U.S. App. LEXIS 28632, *22, Fed. Sec. L. Rep. (CCH) P91, 898. The Cui Plaintiffs Complaint clearly alleges acts that occurred, after the Cui Plaintiffs became partners, by CRC and CRC I that constitute breaches of fiduciary duty in paragraphs 77, 79, 80, 81, 82, 83, 87, 88, 107, 141 and 142. The complaint must be read in its entirety and must draw all inferences favorable to the pleader, and if it is then the Cui Plaintiffs have plead facts that establish claims against CRC and CRC I for breach of Fiduciary Duty. Whether the Court or opposing counsel agree, or not, the order should be corrected to reflect that multiple allegations of acts constituting Breach of Fiduciary Duty post partnership were alleged in the TAC.

///

///

///

///

///

///

3

## II.

## CONCLUSIONS

WHEREFORE, for the reasons stated herein, the Cui Plaintiff's respectfully request that this Court enter an order, pursuant to F.R.C.P. Rule 60 Clarifying of the Courts March 2, 2021 Order on the CRC Defendants F.R.C.P. Rule 12 (b) (6) Motion to Dismiss. Specifically, the Order is silent as to the Courts findings on the Cui Plaintiffs Claim for Declaratory Relief against CRC I and that the Court grant such other and further relief as it deems necessary and proper.

.

Dated: May 27, 2021     */s/ Brian Stewart*
Hubert Kuo
Brian P. Stewart
**Ardent Law Group**
4340 Von Karman Ave.,
Suite 290
Newport Beach, California 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127
bstewart@ardentlawgroup.com
Plaintiffs, Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou, Xun Zhu, Chunyi Zou in the consolidated case

4

## CERTIFICATION OF SERVICE

      This is to certify that on May 27, 2021, a true and correct copy of the above and foregoing

**PLAINTIFFS' REPLY TO RESPONSE OF THE CRC DEFENDANTS TO THE MOTION FOR CLARIFICATION OF COURTS ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 60**

has been electronically filed with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to counsel of record.

      */s/ Brian P. Stewart*
      For Ardent Law Group, P.C.