# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.
          Plaintiffs,

                                      Hon. Judge Moore
      v.                              Hon. Magistrate Varholak

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.
          Defendants.

---

## Status Report: Tax Return of 2020 Admits CRCI's
## Failure to Collect Loan, Late Acceptance of Collateral
## Surrender, and Misvaluation of Assets

---

Colorado Regional Center I LLC ("CRCI") has just circulated the CRCPS tax return for 2020, which shows a pertinent change from the previous year (see attached).

> At year-end 2019, CRCPS showed a Note Receivable of **$76,000,000.**
>
> At year-end 2020, CRCPS showed a Note Receivable of **$0.**
>
> At year-end 2020, CRCPS showed "Condominiums" at **$72,500,000.**

In other words, putative general partner CRCI never collected and never called the Promissory Note at its maturity date in 2017/2018 but kept it on the books at face value without any discount for non-collection. This also shows that putative general partner CRCI allowed borrower SPOI to 'repay' the Promissory Note by transfer of "Condominiums" in year 2020, many years after

maturity, even though the Loan Agreement between the parties stipulated that payment by transfer of deed could only be done as a *pre*payment during years 3-5 of each loan advance.

CRCI had one job for which it was paid $1.6 million a year -- and that job was to monitor the $82,500,000 loan in the best interests of CRCPS.  Yet CRCI never called the loan at maturity.  CRCI never brought any action to enforce the loan.  CRCI never insisted on default interest.  CRCI lazily took repayment by title transfer after maturity when the loan documents specify title transfer as allowed only prior to maturity.  CRCI told the limited partners in their last notice (May 30, 2019) that the value of the collateral was worth 93% of the loan balance, then turned around and tried to sell the properties at the gross value of 55% of the loan balance, disproving their own assertion about the value of the condominiums.

That makes for failure to enforce the loan agreement, failure to call the loan, failure to demand payment and interest, failure to bring collection, misvaluation of the collateral, followed by acceptable of collateral in lieu of payment long after the permissible time period.

All of this has taken place while CRCI is party to a limited partnership agreement with the limited partners which expressly says at §8.04 and 8.06 that CRCI must exercise reasonable skill, care, and business judgement, with a fiduciary duty to preserve partnership assets.  And all of this has taken place against the backdrop of a Colorado limited partnership statute which makes CRCI an agent and fiduciary of CRCPS and its limited partners.

There is no amount of legal sorcery, petty hair-splitting, and evasive rationalization that can justify CRCI's behavior.  And now it is public record in these tax filings.

Dated: May 28, 2021							Respectfully Submitted,


							/s/ Douglas Litowitz
							413 Locust Place,
							Deerfield, IL 60015
							312-622-2848; litowitz@gmail.com


**Certificate of Service**

This document was filed on the ECF system for the District of Colorado on May 28, 2021.