# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.
        Plaintiffs,

                                            Hon. Judge Moore
      v.                                   Hon. Magistrate Varholak

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.
        Defendants.

---

**Li Plaintiffs' Motion Under Fed. R. Civ. P. 54(b) for Certification of this Court's Orders as Final and Appealable: (i) Order Dismissing Count I for Failure to State a Claim; (ii) Order Denying Motion for Default Judgment Removing CRCI as General Partner; and (iii) Order Denying Spoken Motion for Leave to Amend Count I to Clarify that it was Based on Contract and Statutory law and not on Tort.**

---

This Court issued rulings at ECF 328 and in open court on June 7th that included the following: (i) dismissal with prejudice of Count I of the Li Plaintiff's Third Amended Complaint for failure to state a claim against the CRC Defendants; (ii) denial with prejudice of the Li Plaintiff's Motion to Declare Default Judgment Removing CRCI as General Partner; and (iii) denial of Li Plaintiff's spoken motion to amend Count I under Fed. R. Civ. P. 15.

Appeals may be taken from orders that are "final." 28 U.S.C. §1291. Under Fed. R. Civ. P. 54(b), an order in a case with multiple parties and multiple claims is

presumptively nonfinal unless it ends the entire case; however a district judge has discretion to certify an order as final if there is no just reason for delaying an appeal:

> (b) *Judgment on Multiple Claims or Involving Multiple Parties.* When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

A certification of finality turns on three factors: (1) whether the claims and parties in the appeal are separate from the claims and parties remaining in the district court; (2) whether the claims to be appealed are truly final; and (iii) whether there is any possibility that an appellate court will be burdened with deciding the same claims twice. *Stockman's Water Co., LLC v. Vaca Partners, LP*, 435 F.3d 1263, 1265 (10th Cir. 2005), citing *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1246, 1242 (10th Cir. 2001). As this District recently summarized:

> The Tenth Circuit in *Stockman's Water Co.* described step-by-step the Rule 54(b) analysis for district courts: "First, the district court must determine that its judgment is final. *See Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7, 100 S.Ct.1460, 64 L.Ed.2d 1 (1980). Second, the district court must determine that no just reason for delay of entry of its judgment exists. *Id.* at 8, 100 S.Ct. 1460. In making these determinations, the district court should act as a "dispatcher" weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying the appeal. *Id.* at 8, 100 S.Ct. 1460; *Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236 (10th Cir. 2001) at 1241. Factors the district court should consider are "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if

> there were subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8, 100 S.Ct. 1460."

*Pinon Sun Condo. Ass'n, Inc. v. Great Lakes Ins., SE*, 2019 WL 12072507 at *1 (D. Colo. Dec. 10, 2019), quoting *Stockman's*, 425 F.3d at 1265; *Aguilar v. Clean House, LLC*, 2017 WL 4226241, at *6 (D. Colo. June 6, 2017)(certifying an order as final because "the issues on appeal are easily separable from the others remaining to be adjudicated").  In the case at bar, all factors weigh in favor of certification.

First, the parties and claims to be appealed are separate from the parties and claims that would remain in the district court.  The parties are separate because the appeal would be against the dismissed CRC Defendants only, not the SPO Defendants.  The subject matters are separate because the appeal concerns the conduct of CRCI as general partner of CRCPS, whereas the remaining action concerns a loan collection against SPOI.

Secondly, all claims against the CRC Defendants are final.  This Court said, "There being no claims which remain by Li Plaintiffs against CRC Defendants, they are Dismissed as to Li Plaintiffs' action." [ECF 271: 53].  The CRC Defendants echoed this sentiment by telling the Court that they are no longer a party to the district court litigation [ECF 291: 5].  This Court denied motions to reconsider [ECF 328].  The district court has resolved (to its mind) all matters involving the CRC Defendants, so those matters are ripe for appeal.

Third, the appeal would only involve issues internal to the business governance of CRCI.  These questions are one-time determinations, so they are not capable of being raised again before the Tenth Circuit.

3

The equities weigh in favor of an interlocutory appeal because the Court's reasoning was highly unusual and should be reviewed before it becomes precedential; in addition, the dismissal cuts off a viable avenue of recovery for the Li Plaintiffs who have already waited too long while their assets are being dissipated by CRCI.

First, this Court ruled that CRCPS can pursue breach of the loan agreement against borrower SPOI, but it also dismissed the only party authorized to act for CRCPS, namely CRCI.  This defies logic: the Court left the limited partnership with a potential claim for $82.5 million plus interest, but relieved the general partner of any obligation to pursue this claim, nor did it empower anyone else to pursue it. The Court did this in full knowledge that 70% of the limited partners commanded the general partner to collect the loan and distribute the money to the limited partners, and demanded removal of the general partner; the Court ignored all this.  The Court was informed that CRCI withdrew its counterclaim objecting to their removal, but even this did not sway the Court to remove CRCI.  The Court was provided with case law holding that business managers like CRCI have a fiduciary duty to bring lawsuits to collect money that will benefit the owners of the business entity.  The Court ignored all of this.  As a result, this Court is poised to be the first and only court in America to hold that a limited partnership can have a colorable claim to pursue $82.5 million or more through a lawsuit, but that its general partner has no fiduciary obligation to pursue such collection.[1]  The Court has said, on the record, that it is unmoved by

---

[1] It is beyond ironic that CRCI is still taking the position that it has no legal grounds to pursue a claim for CRCPS against SPOI for breach of the $82.5 million loan agreement, when this Court has stated the claim is colorable.  Let's be clear: CRCI insists it has no legal grounds to do what the Court says it has legal grounds to do.

status reports that CRCI has paid itself tens of millions of dollars in fees and interest while most investors have received $30,000 each over a ten year period, yet this Court cannot fathom even the possibility of a plausible claim for breach of fiduciary duty. This entire sequence of decision-making lacks basic logic and lacks any legal foundation.

When asked by the Li Plaintiffs who is entitled to manage CRCPS and on what legal basis (given that the limited partners voted to remove the general partner and the general partner withdrew its opposition to removal), the Court refused to give any opinion or any reasoning, adjourning the hearing without providing any answer of any kind, even though the matter has been fully briefed and before the Court for well over a year.

Now, a court doesn't have to give exhaustive reasons for its rulings, but it must decide *something*, and it must provide *some* reasoning in support. It cannot just throw up its hands and say that court is adjourned, leaving everyone in limbo.

In addition, this Court has taken a number of positions that are substantively at odds with established law, thereby creating different legal rules in the District of Colorado from virtually all other districts in the nation. First, this Court held that the "economic loss rule" can be applied to dismiss an independent stand-alone tort claim that is without any accompanying underlying contract claim. All other courts say that that the economic loss rule is limited to dismissal of a tort claim that is derivative of an underlying contract claim -- i.e. the contract and tort claims are brought at the same time and the tort claim is deemed duplicative and therefore dismissed, leaving the contract claim. As far as the Li Plaintiffs can determine, this

is the only Court in America that has used the economic loss rule to strike an independent stand-alone tort claim in the absence of an accompanying contract claim. This is a wholesale rewriting of American law that needs to be reviewed by the Tenth Circuit.

Second, this Court says that the "contemporaneous ownership rule" denies standing for an original holder of a security who held it continuously and contemporaneously through the alleged wrongdoing and never transferred it. As far as the Li Plaintiffs can determine, no court has ever applied the contemporaneous ownership rule to an original holder of a security who held it contemporaneously through the alleged wrongdoing. The purpose of the contemporaneous ownership rule is to prevent *subsequent* purchasers of a security from suing for events that took place when a prior person held the security, and this is why the plaintiffs are required to make a Fed. R. Civ. P 23.1 certification that they held the security through the wrongdoing. This Court's application of the contemporaneous ownership rule to deny standing of an *original* holder of a security that never transferred it would work a wholescale rewriting of American law that needs to be reviewed by the Tenth Circuit.

Third, this Court ruled that a count against CRCI entitled "Breach of Fiduciary Duties Arising by Contract and Statute" was in fact a tort claim only, even though the Plaintiffs cited the precise contractual provisions of the limited partnership agreement creating an express fiduciary duty, and told the Court that the Defendant breached the fiduciary duty provisions in the limited partnership agreement as well as the fiduciary duty provisions of the Colorado Uniform Limited Partnership Act [ECF 210: 16]. The Court was further told that the Li Plaintiff's language for breach

of contract referring to a <u>duty arising under contract</u>, echoed the Colorado Supreme Court's language for stating a claim sounding in breach of contract. *Town of Alma v. AZCO Construction, Inc.*, 10 P.3d 1256, 1262 (Colo. 2000)("a breach of <u>duty which arises under the provisions of a contract</u> between the parties must be redressed under contract, and a tort action will not lie.")  In diametric opposition to this seminal case of the Colorado Supreme Court, this Court held that duties arising from a contract lie in tort instead of contract. If this Court's ruling stands, the District of Colorado will be the only court in America that treats breaches of fiduciary duty arising by contract as if they were pure stand-alone tort claims, and then subjects a stand-alone tort claim to the economic loss rule. This fundamentally rewrites the law of fiduciary duties, and should be reviewed immediately by the Tenth Circuit.

In summary, this Court has rewritten the law of torts with an unprecedented view of the economic loss rule; rewritten securities law with an unprecedented view of the contemporaneous ownership rule; rewritten the law of fiduciary duty with an unprecedented construal of all contractual and statutory claims as tort claims; and rewritten Rule 15 to disallow liberal amendment of pleadings and offering no reasons in support.  Along the way, this Court set aside a century of partnership law to say that general partners have no duties to a limited partnership itself. These highly unorthodox decisions require immediate appeal to the Tenth Circuit.

Finally, the dismissal of CRCI works an injustice by cutting off an avenue of recovery for the Li Plaintiffs if the loan cannot be collected from SPOI and the Li Plaintiffs need to be compensated by CRCI itself due to breach of fiduciary duty arising by contract and statute.  CRCI's failure to collect the loan in cash at maturity

or for years afterwards while it drew fees, and its decision to allow the loan to be 'repaid' 3 years after maturity with illiquid titles, has created a situation where the assets of CRCPS are being dissipated and usurped by CRCI, leaving nothing for the actual owners. The Li Plaintiffs have sufficiently stated a claim against CRCI and they should be able to argue this matter before the Tenth Circuit. This Court is well-informed that the Plaintiffs are approaching year 10 of an investment that was supposed to fund a 5-year loan that matured in 2017/2018 and that 150 of them have received a pittance aggregating $5 million while CRCI has received management fees and interest in the range of $30 million on an $82.5 million investment by the Chinese, and CRCI is now encumbering the property solely to pay itself more management fees. More waiting will allow CRCI to further encumber the property to pay itself management fees until there is nothing left for the Plaintiffs.

In conclusion, all the elements of certification are satisfied, and the equities weigh in favor of sending the dismissed claims to the Tenth Circuit. There are no just reasons for delay.

**Statement of Conferral per Local Rule 7.1: The CRC Defendants and the SPO Defendants were consulted on the contents of this motion and they oppose it.**

Dated: June 11, 2021                              Respectfully Submitted,


                                                  /s/ Douglas Litowitz
                                                  413 Locust Place,
                                                  Deerfield, IL 60015
                                                  312-622-2848
                                                  litowitz@gmail.com

8

**Certificate of Service**

This document was filed on the ECF system for the District of Colorado on June 11, 2021.