# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
        Plaintiffs,

v.                                                                          Hon. Magistrate Scott Varholak

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I, and
Peter Knobel,
        Defendants.

---

## Plaintiffs' Unopposed Motion for Leave to File Fourth Amended Complaint Under F.R.C.P. 15

---

Plaintiffs, by and through the undersigned counsel, hereby submit this Motion for Leave to File Fourth Amended Complaint.

### CERTIFICATE OF COMPLIANCE WITH D.C. COLO. Civ R 7.1(a)

The undersigned Plaintiffs' counsel conferred with Defendants' counsels via an exchange of email correspondence between June 4, 2021 and June 5, 2021 about filing a Fourth Amended Complaint for the purpose of clarifying the Claims for Fraud; Breach of Fiduciary Duty; and Declaratory Relief, and pleading a Breach of Contract cause of action as an alternative to the Breach of Fiduciary Duty cause of action. (Declaration of Brian P. Stewart filed concurrently herewith ["BPS Dec"] ¶ 2]) Counsel for each of the Defendants participated in the conferral, and indicated that they would object to the proposed 4th Amended Complaint.  I provided them a copy

of the proposed 4th Amended Complaint in the form required by Local Rule 15.1 (a). All Defense counsel have indicated that they would oppose the motion.

## BACKGROUND

On September 16, 2019, the undersigned counsel for Plaintiffs filed the original Complaint for Civil Action No. 19-cv-02637 (CUI ECF No. 1). Thereafter, on November 8, 2019, Plaintiffs filed a First Amended Complaint for Civil Action No. 19-cv-02637 ("*Cui* matter") [BPS Dec¶ 3], which added a cause of action for specific performance (CUI ECF No. 21). Subsequently on November 19, 2019, the instant case was consolidated with *Li v. Waveland Ventures, LLC*, Civil Case No. 19-cv-02443 (ECF #93). [BPS Dec¶ 4].

On February 27, 2020 during the hearing of the OSC Pursuant to C.R.S. § 38-35-204 it became apparent that a clerical error resulted in the Defendant SPO being named as the Defendant in the 6th and 7th causes of action instead of SPOI, and that the derivative claims contained in Plaintiff's 2nd Amended Complaint were required to be verified by the Plaintiff's. [BPS Dec¶ 6]. During the hearing Judge Moore identified that the same technical errors had been repeated in the proposed 2nd Amended Complaint which was the subject of a Motion for Leave to Amend on the following Monday March 2, 2020.

On March 2, 2020 Judge Varholak granted Plaintiffs' Motion for Leave to Amend, and stated from the bench that he was not sure how to address the issues related to the clerical error and the verifications, but he assumed he would address them at the Defendants 12 (b) (6) Motions [BPS Dec¶ 7]. On March 2, 2020 the Court issued an order granting the Cui Plaintiffs Motion for Leave to file the Second Amended Complaint [ECF 166] and indicating that a further Order would be issued regarding the Second Amended Complaint.

Plaintiff's counsel contacted counsel for the CRC Defendants on March 20 2020 and inquired if they would be willing to stipulate to filing the 3rd Amended Complaint, for the limited

purpose of attaching verifications and correcting the clerical error. [BPS Dec¶ 11]. Defense counsel indicated that they would not stipulate to the 3rd Amended Complaint but that they would not oppose the Motion. On April 23, 2020 the Court Granted the Cui Plaintiffs Motion for Leave to file Third Amended Complaint (ECF 188).

On August 31,2020 the Court held hearings on the following motions:

1) CRC Defendants' Motion to Dismiss the Cui Plaintiff's Complaint (ECF 203);
2) CRC Defendants' Motion to Dismiss the Li Plaintiff's Complaint (ECF 203);
3) SPO Defendants' Motion to Dismiss the Cui Plaintiff's Complaint (ECF 224);
4) SPO Defendants' Motion to Dismiss the Li Plaintiff's Complaint (ECF 224);
5) Li Plaintiffs' Motion to Dismiss the Cross-Complaint of CRC Defendants (ECF 208);
6) Li Plaintiffs' Motion to Disqualify Snell & Wilmer LLP as counsel for the General Partner (ECF 198);
7) Cui Plaintiffs' Motion for Appointment of Receiver (ECF 211).

On March 2, 2021, the Court entered an Order (ECF 271) covering several of these motions including the CRC Defendants' Motion to Dismiss the Cui Plaintiff's Complaint (ECF 203). The order dismissed all of the Cui Plaintiff's claims as plead against the "CRC Defendants". The Cui Plaintiff's believe that the Court erred in its review of both the Declaratory Relief and Breach of Fiduciary Duty Claims against the CRC Defendants, and has filed a Federal Rule of Civil Procedure Rule 60 Motion seeking clarification of the Courts Order (ECF 307). The Cui Plaintiffs believe that some of the claims raised in the 3rd Amended Complaint can be rehabilitated by amendment to the pleading. The Cui Plaintiffs now seek relief under Federal Rule of Civil Procedure Rule 15 to file a 4th Amended Complaint for the purpose of clarifying the Claims for Fraud, Breach of Fiduciary Duty, and Declaratory Relief and to add a claim in the alternative against CRC I for Breach of contract against the General Partner CRC I.

This will be the first amendment made in response to a challenge to the viability of the Complaint.

## ARGUMENT

F.R.C.P. 15(a) (2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. Defendants will not agree to stipulate to filing the 4th Amended Complaint, therefore this Motion is necessary.

However, the court should freely give leave when justice so requires." "A court should deny leave to amend only upon "undue delay, bad faith or dilatory motive on the part of the [moving party], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the [non-moving parties,] . . . [or] futility." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *see also Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-04 (2d Cir. 2005). Here, while it is true that the Cui Plaintiffs have previously amended their complaint three times, the last two amendments were strictly to cure clerical errors and/or to add signed verifications of the Plaintiffs. This would in fact be the first amendment made in response to a challenge to the sufficiency of the pleadings. "If it appears that a more carefully drafted pleading might state a claim upon which relief could be granted, the court should give the claimant an opportunity to amend his claim rather than dismiss it." *Friedlander v. Nims*, 755 F.2d 810, 813(11th Cir. 1985); *Taylor v. Dallas County Hospital District*, 976 F.Supp. 437, 438 (N.D. Tex. 1996). *Kennard v. Indianapolis Life Ins. Co*., 420 F. Supp. 2d 601, 608-609, 2006 U.S. Dist. LEXIS 9750, *16, 97 A.F.T.R.2d (RIA) 2006-1459. Here, while the Cui Plaintiffs believe that the 3rd Amended Complaint adequately alleged instances of Fraud and quite a few actionable Breaches of Fiduciary Duty on the part of CRC and CRC I. It was apparently not clear to the Court that CRC and CRC I had committed independent breaches of fiduciary duties after formation of the LLLP. These independent breaches of

4

fiduciary duties occurred with great frequency. The Courts' Order (ECF 271) focused on the allegations of fraudulent behavior during the solicitation as the only allegation of fraud and alleged breaches of fiduciary duties. Furthermore, the Courts' Order (ECF 271), relied on the economic loss rule to dismiss the claim for breach of fiduciary duty. While the Cui Plaintiffs are of the opinion that the economic loss rule does not apply to these facts, the 4th Amended Complaint includes an alternative claim for Breach of Contract against the GP.

"A Rule 15(a) motion should be denied only for reasons as undue delay, bad faith, futility of the amendment, and perhaps the most important, the resulting prejudice to the opposing party.") *Lavigne v. Michael's Stores, Inc.,* 2015 U.S. Dist. LEXIS 52518, *9-10, 2015 WL 1826169. None of the reasons for denying leave to amend exist in the matter at hand. First, the proposed Amended Complaint deses not add any parties, and only adds one new claim which is plead in the alternative to the Breach of Fiduciary Duty claim. The Cui Plaintiffs only seek to allege more carefully the Fraud, Breach of Fiduciary Duty, and Declaratory Relief Claims and to plead Breach of Contract against the CRC Defendants in the alternative to Breach of Fiduciary Duty.

Second, the Defendants' have yet to file an answer herein and the Court has stayed all discovery in this matter. Therefore, there can be no prejudice to the Defendants in granting the Cui Plaintiffs' Motion to Amend the Complaint.

Third, the amendments sought will not be futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999). Here, the Fourth Amended Complaint clarifies the allegations that CRC and CRC I have conspired with SPO an SPO I in a manner that creates clear cut issues regarding the fiduciary duties owed by CRC and CRC I to

the Chinese investors, and clarifies the allegations of fraudulent behavior after the formation of the LLLP.

The Cui Plaintiffs are not attempting to delay the proceedings at all but rather are requesting that the court allow them the opportunity to present a more carefully drafted pleading focused more on the wrongdoing that occurred after the Plaintiffs investment into the Solaris scheme. Thus, none of the reasons for denying leave to amend under F.R.C.P. 15(a) (2) exist in this case, and therefore leave to amend should be granted. The 4th Amended Complaint should create no issues as it contains no new parties and no new causes of action.

WHEREFORE, Plaintiffs seek an Order for leave to file a Fourth Amended Complaint pursuant to F.R.C.P. 15.

DATED: June 11, 2021                         */s/ Brian P. Stewart*
                                             Brian P. Stewart
                                             **Ardent Law Group**
                                             4340 Von Karman Ave.,
                                             Suite 290
                                             Newport Beach, California 92660
                                             Telephone: (949) 299-0188
                                             Facsimile: (949) 299-0127
                                             bstewart@ardentlawgroup.com
                                             Attorney for Plaintiffs Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou Chunyu Zou, individually, and on behalf of Colorado Regional Center Project Solaris LLLP

**CERTIFICATION OF SERVICE**

This is to certify that on June 11, 2021, a true and correct copy of the above and foregoing **Plaintiffs' Unopposed Motion for Leave to File a Fourth Amended Complaint Under F.R.C.P. 15** has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Brian P. Stewart*
For Ardent Law Group, P.C.