**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-02443-RM-STV
     Consolidated with 19-cv-02637-RM-STV

**Derivatively:**
HSIN-YI WU, and QI QIN,
IN THEIR CAPACITY AS LIMITED PARTNERS OF
COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

    Plaintiffs

v.

COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

    Nominal Defendant,

and

**Directly:**
HSIN-YI WU, JUN LI, QI QIN, YI LIU, JIE YANG, YUQUAN NI,
ZHONGZAO SHI, FANG SHENG, SHUNLI SHAO, KAIYUAN WU,
ZHIJIAN WU, ZHONGWEI LI, SA WU, FAN ZHANG, LIN QIAO,
JINGE HU, RUJUN LIU, YING XU, LU LI, CAO XIAOLONG,
and YUWEI DONG,

    Plaintiffs,

v.

COLORADO REGIONAL CENTER LLC,
COLORADO REGIONAL CENTER I, LLC,
SOLARIS PROPERTY OWNER LLC,
SOLARIS PROPERTY OWNER I LLC,
PETER KNOBEL, and
COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP, and
ALL PRINCIPALS AND ULTIMATE OWNERS OF BUSINESS ENTITIES PURSUANT TO
PIERCING OF THE LIMITED LIABILITY VEIL,

    Defendants.

Civil Action No. 19-cv-02637-RM-STV ("Cui Plaintiffs")

DIANWEN CUI, LEI GU, SUFEN LENG, XUE MEI, ZHOU MEI,
YAN SONG, LU WANG, YUE WU, ZHUO YANG, JINGWEN ZHANG,
LEI ZHANG, LING ZHANG, XIAOHONG ZHANG, QIN ZHOU,
XUN ZHU, and CHUNYI ZOU,

    Plaintiffs,

v.

WAVELAND VENTURES LLC,
COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,
COLORADO REGIONAL CENTER I, LLC,
SOLARIS PROPERTY OWNER LLC,
SOLARIS PROPERTY OWNER I, and
PETER KNOBEL,

    Defendants.

## ORDER

This matter is before the Court on Cui Plaintiff's Motion for Leave to File Fourth Amended Complaint ("Motion to Amend") (ECF No. 330). The Court finds no further briefing is required before ruling. *See* D.C.COLO.LCiv. R. 7.1(d). For the reasons stated below, the Motion to Amend is DENIED.

Cui Plaintiffs filed their action on September 16, 2019, which was consolidated with the Li Plaintiffs' action on November 19, 2019. Since the filing of their action, Cui Plaintiffs have amended their complaint three times – for a total of four complaints.[1] Cui Plaintiffs and Li Plaintiffs alleged claims based on federal statutes and state law. CRC Defendants[2] and SPO

---

[1] ECF Nos. 1, 21 (Civil Action No. 19-cv-2637); Nos. 169, 190 (Civil Action No. 19-cv-2443).
[2] Consisting of Colorado Regional Center LLC, Colorado Regional Center I, LLC ("CRC I"), and Waveland Ventures, LLC.

Defendants[3] filed motions to dismiss. After holding a lengthy hearing to go over each of the parties' claims, the Court issued an Order on Pending Motions dismissing, as relevant here, all of Cui Plaintiffs' claims, with prejudice, except for Counts VI (derivative – breach of contract against SPO I) and VII (derivative – against SPO and SPO I for declaratory relief).[4]

Many motions followed. Among them were Cui Plaintiffs Motion to Clarify under Fed. R. Civ. P. 60(a) and (b), which ostensibly was also a motion for reconsideration. Cui Plaintiffs argued the Court erred in dismissing Count II for breach of fiduciary duty and dismissing Count VII for declaratory judgment as against CRCPS.[5] The Court denied that motion by oral order after hearing on June 7, 2021. The Court took under advisement two remaining issues:

- Whether this Court has diversity jurisdiction and, if not, should exercise supplemental jurisdiction over the limited remaining state law claims; and
- CRC Defendants' Motion for Attorney's Fees, as prevailing parties.

Before the Court issued its decision on subject matter jurisdiction, Cui Plaintiffs filed their Motion to Amend. Regardless, the Court finds that it does not have diversity jurisdiction and it should decline to exercise supplemental jurisdiction. An Order Regarding Subject Matter Jurisdiction is being issued concurrently with this Order. With this background, the Court addresses the Motion to Amend.

The Motion to Amend seeks leave to amend to "clarify" Cui Plaintiffs' claims for fraud, breach of fiduciary duty, and declaratory relief and to add a claim, in the alternative, against CRC I for breach of contract. Relying on Rule 15(a)(2), Cui Plaintiffs argue there is no basis for denial of their Motion to Amend. The Court finds otherwise.

---

[3] Solaris Property Owner LLC ("SPO"), Solaris Property Owner I LLC ("SPO I"), and Peter Knobel.
[4] The Order on Pending Motions also left in place Cui Plaintiffs' Count VII against Colorado Regional Center Project Solaris LLLP ("CRCPS"). Cui Plaintiffs, however, have recently advised that Count VII is *not* – and never has been – directed against CRCPS. Accordingly, that Count as against CRCPS is not at issue.
[5] As to this latter claim, Cui Plaintiffs argued that, despite their affirmative representation to the Court in the August 31, 2020, hearing and their silence in response to CRC Defendants' Motion to Dismiss, this claim was directed against CRC I and not CRCPS. (*See* n.4.)

First, the Court has dismissed the fraud and breach of fiduciary duty claims with prejudice. "Dismissal with prejudice would, effectively, deny [Cui] [P]laintiffs any further opportunity to amend their complaint." *United States ex rel. Hanlon v. Columbine Mgt. Servs., Inc.*, No. 13-cv-00826-REB-KLM, 2016 WL 8673000 (D. Colo. Mar. 25, 2016). As to these claims, there are no live claims to amend.

Second, the declaratory relief claim remains against SPO and SPO I as to the enforceability of and rights under the Yield Enhancement Agreement and Agreement Regarding Collateral Units – an issue to be decided under state law. But the Court has determined that it will decline to exercise supplemental jurisdiction over the remaining state law claims. Thus, any amendment is, effectively, futile as before this Court. *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (leave to amend may be denied on "'a showing of…futility of amendment'" (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993))). As the dismissal of these claims will be without prejudice, Cui Plaintiffs are not precluded from "amending" this claim before any timely refiling in another court. This also holds true for Cui Plaintiffs' request to add, as an alternative claim, a breach of contract claim against CRC I. This is a state law claim over which the Court would decline to exercise supplemental jurisdiction.

Finally, as stated, Cui Plaintiffs have amended their complaint three times already. They were afforded a fourth opportunity, under this Court's Civil Practice Standards, when CRC Defendants and SPO Defendants filed their respective Motions to Dismiss. (*See* ECF No. 203, p. 4 (certificate of conferral); No. 223, p. 1 (same); Civil Practice Standards IV.N.2.a).)[6] There are limits to allowing a party leave to amend so that the case can move forward and be resolved.

---

[6] What Cui Plaintiffs chose to amend or not amend was their decision and does not negate the fact they already had many opportunities to amend.

After four opportunities to state the claims Cui Plaintiffs wish to state, and to make them clear and viable, the Court finds Cui Plaintiffs have reached their limit. *Duncan*, 397 F.3d at 1315 (leave to amend may be denied on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment" (citation omitted)). The claims dismissed with prejudiced have been resolved. It is up to Cui Plaintiffs to decide how they wish to proceed as to the claims which will be dismissed without prejudice or any new claim they may wish to add. It is therefore

**ORDERED** that Cui Plaintiff's Motion for Leave to File Fourth Amended Complaint (ECF No. 330) is **DENIED**.

DATED this 14th day of June, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge