## Declaration of Ty Gee

I, Ty Gee, declare:

1. I am a shareholder at Haddon, Morgan and Foreman, P.C. ("HMF"), and lead counsel for Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel (collectively, "SPO Defendants"). They are defendants in the consolidated action styled *Li v. Waveland Ventures, LLC*, No. 1:19-cv-02443-RM-STV (D. Colo.). There are two sets of plaintiffs in the Lawsuit—the *Li* Plaintiffs and the *Cui* Plaintiffs (collectively, "Plaintiffs").

2. I submit this Declaration in support of the SPO Defendants' Bill of Costs and, specifically, their request for payment of computerized legal research.

3. I assume the reader's familiarity with the Court's recitation of relevant facts and abbreviations used in its March 2, 2021 Order, Doc.271.

4. As lead counsel for the SPO Defendants, I have personal knowledge of their defense of the consolidated action, which in this Declaration I refer to as "the Lawsuit."

5. As relevant to the Bill of Costs, I am familiar with (a) all the principal legal issues in the Lawsuit, particularly those bearing directly on the SPO Defendants; (b) the motion, responses, replies and orders filed in the Lawsuit; and (c) in general, the legal research by other HMF timekeepers to defend the Lawsuit.

6. The legal research HMF performed was predominantly done via Westlaw, a computerized legal research platform.

EXHIBIT C

7. In *Grynberg v. Ivanhoe Energy, Inc.*, No. 08-cv-2528-WDM-BNB, 2011 WL 3294351, at *10 (D. Colo. Aug. 1, 2011), *cited with approval in Xtreme Coil Driling Corp v. Encana Oil & Gas (USA), Inc.* 958 F. Supp. 2d 1238, 1261 (D. Colo. 2013), the Court set forth various factors a court should consider in awarding computerized legal research costs. A party seeking such costs must demonstrate "(1) the client was billed for computerized legal research expenses separate from attorney fees; (2) the computerized legal research was necessary for trial preparation; and (3) the requested costs were reasonable." 2011 WL 3294351, at *10.

8. **Billing.** In our invoices to the SPO Defendants, HMF charged Westlaw fees separately from attorney fees. If there are Westlaw charges incurred in a given month, there is a separate line item near the bottom of the invoice that says, "Charge for Legal Research: Westlaw."

9. Westlaw allows the user to distinguish between cases for which legal research is performed, and its invoices to HMF identify charges by case. From the outset of the Lawsuit, I distinguished between Westlaw legal research performed in connection with the *Li* action and the *Cui* action. If I performed legal research related to both actions, I identified the legal research as applicable to both actions. As a result, HMF's legal research costs relating to the Lawsuit properly are allocated to the *Li* action, the *Cui* action, or both.

10. **Reasonableness and necessity.** As the Court is aware, for probably the last twenty years computerized legal research effectively is a necessity for complex civil

litigation. There are numerous reasons for this. Complex civil litigation lawyers typically charge by the hour. It is dramatically faster to conduct legal research via computer, e.g., Westlaw, than the "old school" method of using digests, treatises, etc., to find cases that we then would find and read in the reporters. Most law firms now don't have or don't update their law libraries and certainly don't use regularly their libraries. Clients would not pay lawyers on an hourly basis to conduct legal research via the old school method. Not only is research via computers substantially more efficient, but also it is much better at finding relevant cases and more of them from every United States jurisdiction.

11. This case was complex for a variety of reasons. Here some reasons: There were some thirty-seven plaintiffs; depending on how they are counted, there were some seventeen defendants. Plaintiffs adopted an aggressive litigation posture from the beginning. They asserted a multitude of federal and state claims against the SPO Defendants and other defendants. They alleged facts going back nearly a decade and claimed that facts up until 2021 were relevant to their claims. They relied on voluminous complex and interrelated legal and other documents. They alleged that the defendants' actions caused them to suffer some $40 million in damages, all arising out of an $82.5 million loan that their partnership, CRCPS, extended to one of the SPO Defendants. HMF represented three defendants, but both sets of Plaintiffs alleged variously that one, two or all of the SPO Defendants conspired with, colluded with, acted in concert with, or aided and abetted many of the other defendants in committing torts against Plaintiffs. Both sets of Plaintiffs' factual allegations and claims for relief evolve

continually from inception of the case until after Federal Rule of Civil Procedure 12(b)(6) proceedings had commenced. As a result, by the time of the Court's 12(b)(6) Order, each set of Plaintiffs had filed four complaints. Some 330 filings show up in the docket; Plaintiffs filed most of the motions seeking judicial action or relief. Their filings comprise more than 5,000 pages. Under these circumstances, our use of Westlaw to conduct legal research was reasonable.

12. All the Westlaw charges were incurred to defend against the Lawsuit. Most of the Westlaw charges were incurred in connection with the preparation of the motion to dismiss and a draft motion for sanctions under Rule 11 that overlapped significantly with the motion to dismiss and that ultimately was served on counsel for each set of Plaintiffs.

13. I estimate my Westlaw legal research in the Lawsuit accounted for more than ninety percent of the total Westlaw charges. The Lawsuit was pending for some twenty-two months before judgment was entered, so I cannot remember in detail every legal issue I researched. However, I have a very good recall of the general areas of Westlaw research based on the dates I used Westlaw and the court filings that shortly preceded or followed those dates. For the last twelve months, I know precisely what issues I conducted Westlaw research on. To the best of my memory, all my Westlaw legal research was performed in connection with motions, responses to motions or replies in support of motions.

14. The total Westlaw charges the SPO Defendants seek to recover as costs are modest and reasonable under the circumstances of the litigation in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 23d day of June 2021.

*s/ Ty Gee*