# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.
        Plaintiffs,

                      Hon. Judge Moore
      v.                 Hon. Magistrate Varholak

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.
        Defendants.

## Li Plaintiffs' Objections to Bills of Costs from the CRC Defendants [ECF 277] and SPO Defendants [ECF 347]

In anticipation of the hearing scheduled for July 8, 2021 at ECF 348, the Li Plaintiffs hereby submit their objections to the Defendants' Bills of Costs.[1]

**Objections to the CRC Defendants ("CRC") Proposed**
**Bill of Costs for $6,695.03**

1. The Li Plaintiffs object to charges of $2,343.92 relating to the rule to show cause on the lis pendens in October of 2019. The Magistrate Judge said that the lis pendens failed only because the original complaint did not allege an interest in the real estate whereas this defect was fixed in the *amended* complaint that was on file but wasn't under consideration at that particular hearing on the original complaint. The Magistrate's ruling dealt with an outdated complaint, with the understanding that the Li Plaintiffs

---

[1] The CRC Bill of Costs was filed at ECF 277 before final entry of judgment [ECF 335] and thus denied without prejudice as premature under D.C.COLO.LCivR. 54.1.  Presumably CRC will refile in the next few days.  The SPO Bill of Costs was filed after final judgment [ECF 347].

could refile the lis pendens under their *amended* complaint [Tr. 10/22/19 at 89-91]. The matter was not resolved by judgment but by a settlement agreement where the Li Plaintiffs agreed not to refile a lis pendens if CRC waived attorney fees [ECF 66]. That is essentially a private settlement where neither side should be awarded costs. CRC's waiver of attorney fees should be construed to include a waiver of costs. The entire matter of the Li Plaintiffs' lis pendens was a draw, a wash, in contrast to the situation where CRC was actually awarded fees/costs with respect to the Cui Plaintiffs' lis pendens.

2. The Li Plaintiffs object to the charge of $1,668.48 for an outside vendor to make color copies at 79 cents per page when color copies were not necessary and the same company charged 10 cents for black and white copies, which is slightly excessive for large jobs. There was no need for ring binders and tabs ($160 and $22.40 respectively) when a few documents filed on the ECF system would have sufficed.

3. The Li Plaintiffs object to CRC's charge of $1,397.25 for in-house color copies at 25 cents per page as excessive and unnecessary.

4. The Li Plaintiffs do not understand the "filing fees" of $152.67 since all matters could be filed on the ECF system electronically.

5. The Li Plaintiffs insist that the transcript costs of $1,522.65 be equitably apportioned among all the parties, both plaintiffs and defendants. The Li Plaintiffs will not pay for expedited transcripts.

6. The Li Plaintiffs insist that CRC's Bill of Costs be apportioned among the Li Plaintiffs and the Cui Plaintiffs, since it covers both groups without differentiation.

7. Furthermore, the Li Plaintiffs have filed a notice of appeal, and therefore are eligible to post a supersedeas bond under Fed. R. App. P. 7.

**Objections to the SPO Defendants ("SPO") Proposed Bill of Costs for $2,992.43**

1. SPO seeks costs of $2,992.43 solely for Westlaw legal research. But an unlimited subscription to Westlaw Edge (the highest product) is about $400 a month (approximately 160 hours of normal work time), which is likely more time than SPO spent doing legal research on Westlaw. The realistic cost to SPO for Westlaw is probably about 20% - 40% of what they are seeking from the Li Plaintiffs. Nor is it clear why they used Westlaw exclusively instead of free and cheaper search engines.

2. SPO was not the prevailing party on all counts against it. It succeeded in getting two counts dismissed (statutory civil theft and Colorado blue-sky law), but the Court found that the Li Plaintiffs stated a claim against SPO for breach of the Loan Agreement. This is significant because SPO admits in its motion for attorney fees that the essence of the case was the loan and the Loan Agreement, a claim on which they did not prevail. See ECF 344: 6-10 (admitting that the loan is the key to the entire lawsuit, and that the dispute is essentially about contracts). Given that SPO did not prevail on the most important matter before the Court, an award of costs should be nullified, or at best severely tempered.

WHEREFORE, these and other objections will be brought at the hearing on July 8, 2021, and are stated here not by way of limitation but to preserve timeliness of objection.

Dated: June 27, 2021     Respectfully Submitted,

/s/ Douglas Litowitz
413 Locust Place, Deerfield, IL 60015
312-622-2848; Litowitz@gmail.com

3

4

**Certificate of Service**
This document was filed on the ECF system for the District of Colorado on June 27, 2021.