# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
    Plaintiffs,

v.                                                                                       Hon. Raymond P. Moore

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I, LLC, and
Peter Knobel,
    Defendants.

---

Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou, Xun Zhu, Chunyi Zou, individually, and on behalf of Colorado Regional Center Project Solaris LLLP,

    Plaintiffs,

v.

Waveland Ventures, LLC, Colorado Regional Center, LLC, Colorado Regional Center I, LLC, Colorado Regional Center Project Solaris LLLP, Solaris Property Owner LLC, Solaris Property Owner LLC I, and John Does 1-10,

    Defendants.

---

## CUI PLAINTIFFS' OPPOSITION TO SPO DEFENDANTS' MOTION FOR ATTORNEYS' FEES  [ECF 344]

## BACKGROUND

On March 2, 2021 the Court entered its order on Defendants, Solaris Property Owner LLC, Solaris Property Owner I and Peter Knoble (collectively the "SPO Defendant") 12(b) (6) Motion to Dismiss [ECF 271]. The Court Order granted the Motion to dismiss in part and overruled the Motion to Dismiss in part, leaving claims for breach of contract and declaratory relief against the SPOP Defendants. Thereafter, the Court set an Order to Show Cause Re Subject Matter Jurisdiction. On June 14, 2021 the Court issued its Order Regarding Subject Matter Jurisdiction [ECF334]. The SPO Defendants now bring their Motion for Award of Attorney's fees [ECF 274].

## CIVIL PRACTICE STANDARDS

As an initial observation, the Court in this matter has consistently rejected motions filed in violation of its published Civil Practice Standards. Much like the SPO Defendants' Joint Motion to Dismiss, the Current Motion [ECF # 334] is highly convoluted and confusing as it is a combination of two separate Motions for Attorney's Fees attempting to request an award of fees related to two distinct and separate Complaints filed by two separate groups of Plaintiffs. Section IV. A. of the Civil Practice Standards states that: "Absent leave of Court, a motion, response, reply, or other filing may not (i) incorporate by reference another motion or filing; or (ii) contain another motion, e.g., a Rule 56(d) motion should not be included in a response to a Rule 56(a) motion and a Rule 15 motion should not be included in an objection to a United States Magistrate Judge's recommendation." While the SPO Defendants jointly sought leave to file a brief which exceeded the 20-page limitation. Once again, the SPO Defendants never conferred on the issue of combining the two motions but simply conferred on the filing of a motion of greater than 20 pages. The SPO Defendants' Motion for Attorney's Fees once again liberally and improperly mixes and matches issues from the two distinctly different Complaint making it

confusing as to which arguments apply to which set of Plaintiff's. Had the Solaris Defendants made the appropriate Motion to the Court to combine the two Motions to Dismiss, there would have been an objection to avoid this unfortunate and most likely intentional confusion.

## ARGUMENT

A. <u>Motion for Attorney's fees is Premature</u>

Fed. R. Civ. P. 54(d)(2)(B) provides that attorney fees can be sought only after a final judgment: "Subparagraph B provides a deadline for motions for attorney fees - 14 days after final judgment. In the case before us there has not been a trial nor a final judgment. Fed. R. Civ. P. Rule 54(b) states:

> "When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

On June 23, 2021 the SPO Defendants filed a Motion to Amend the Judgment [ECF 341]. The Court has yet to rule on the SPO Defendants' Motion to Amend the Judgment, and therefore the judgement is not final. Until these issues are resolved there can be no final judgment upon which to predicate an attorney's fees award absent a special determination by the Court.

B. <u>The SPO Defendants are not the Prevailing Party.</u>

The SPO Defendants Motion to dismiss was denied as to the claims for breach of contract and declaratory relief [ECF 271]. Thereafter, the Court declined to exercise jurisdiction and dismissed the contract claims without prejudice. In order to be considered the prevailing party, the order must constitute a legal change in the relationship of the parties. Here, the court

3

declining to exercise federal subject matter or supplemental jurisdiction over viable contract claims does not constitute such a change.

> "Where a Court dismisses a case without prejudice, the ruling is insufficient to confer prevailing party status; that is because dismissal without prejudice "does not constitute a change in the legal relationship of the parties because the plaintiff is free to refile its action." *Id.; see also Transp. Techs.*, 2019 U.S. Dist. LEXIS 78793, 2019 WL 2058630, at *3 ("Defendant fails to cite any case, nor was the Court able to find any case, where a court granted prevailing party status to a defendant when the case was dismissed on jurisdictional grounds without prejudice.").
>
> *Capella Photonics, Inc. v. Cisco Sys.*, 2019 U.S. Dist. LEXIS 152427, *13-14, 2019 WL 4242665

The Court dismissed the Cui Complaint without prejudice, after declining to exercise federal subject matter jurisdiction or supplemental jurisdiction. The SPO Defendants may not be awarded attorney's fees on the contract claims, which remain viable against them.

    C.  <u>This is Not a Matter Where the Claims are Predominantly Tort Based.</u>

The SPO Defendants urge the Court to issue an award of attorney's fees based on Colorado Revised Statute § 13-17-201 states that:

> "In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12 (b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action."

First, the Cui Plaintiff's 3rd Amended Complaint was not dismissed on the SPO Defendants 12 (B) (6) Motion to Dismiss. Several of the Cui Plaintiff's claims against the SPO Defendants survived the SPO Defendants Motion to dismiss. Second, even if the SPO Defendants Motion to Dismiss had succeeded in dismissing the entire action they would still not be entitled to attorney's fees under C.R.S. § 13-17-201. It has been held that C.R.S. 13-17-201 only applies when a case is "primarily a tort action," *U.S. Fax Law Ctr., Inc. v. Henry Schein, Inc.*, 205 P.3d 512, 517 (Colo. App. 2009) (statute applied because only tort claims were alleged), citing

4

*Dubray v. Intertribal Bison Coop.,* 192 P.3d 604, 607 (Colo. App. 2008)(statute applied when six of eight claims were torts); *Luskin Daughters 1996 Tr. for benefit of Ackerman v. Young*, 448 P.3d 982, 987 (Colo. 2019) (statute applied when the only claims were based on trespass and diverting water). When a complaint is a hybrid of contract and tort claims, the court must determine whether the "essence" of the case lies in contract or tort. *Castro v. Lintz*, 338 P.3d 1063, 1068 (Colo. App. 2014). Here, the Cui Plaintiffs claims are a hybrid but are almost entirely related to contract. The Court must determine whether a case's essence (contract or tort) is determined by the plaintiffs' characterization of their claims and not what should or might have been pled. *Id.* at 1067-8; *Sweeney v. United Artists Theater Circuit*, 119 P.3d 538 (Colo. App. 2005) (suit by injured moviegoer for falling roof pieces was pled as breach of contract and not as a premises tort, so the statute was not triggered); *Robinson v. Colo. State Lottery Div.,* 179 P.3d 998, 1010 (Colo.2008) (claim against the lottery was pled as a breach of contract, so the statute was not triggered). In *Robinson*, the Colorado Supreme Court warned that courts should not recharacterize the plaintiff's characterization of his claims by saying that they could lie in a tort theory, but instead should rely on the plaintiff's own language. In making this determination, the court should narrowly construe the statute against the party seeking fees. *Jones v. Haga*, 2007 WL 433126 at *2 (D. Colo. Feb. 2, 2007) ("The statute has been narrowly construed by courts interpreting it.") All of the parties seem to agree that the first task of a reviewing court is to discern the "essence" of the case. Under the "essence" test, this is clearly a contract case. The Cui Plaintiffs are in contractual privity with the SPO Defendants under the Loan Agreement and the ARCU. In fact, as to the SPO Defendants the case can be viewed in purely contractual terms without reference to any tort: it is a breach of contract. The First Count is framed as a fraudulent inducement to enter into a contract.

> Fraudulent inducement' combines both contract and tort law concepts and is thus at the juncture point of contract and tort law."  48 Am. Jur. Proof of Facts 3d 329. "Essentially, 'fraudulent inducement' occurs when a party to a contract was induced to enter into that contract by fraud of the other party." *Id.* "Because such fraud negates the 'meeting of the minds' required in a contract, the defrauded party has the right to avoid the contract or seek damages, depending upon the specific circumstances and the election of the defrauded party."

*Ennis v. Alder Prot. Holdings, LLC*, 2021 U.S. Dist. LEXIS 22734, *15-16, 2021 WL 409785

It is obvious why the SPO Defendants desire to characterize this case as a tort action.  It is a home run for them if they can convince the Court that the Cui Plaintiffs' claims sound entirely in tort, and thereby secure an award of attorney's fees that they would otherwise not be entitled to.

Plaintiffs' securities claims, Counts III, IV and V, have not been characterized as tort claims by the CRC Defendants and they should not be as the law defines solicitations such as the one at issue here as contractual.

> "The term "investment contract" is undefined by the Securities Act or by relevant legislative reports. But the term was common in many state "blue sky" laws in existence prior to the adoption of the federal statute and, although the term was also undefined by the state laws, it had been broadly construed by state courts so as to afford the investing public a full measure of protection. Form was disregarded for substance and emphasis was placed upon economic reality. An investment contract thus came to mean a contract or scheme for "the placing of capital or laying out of money in a way intended to secure income or profit from its employment." *State* v. *Gopher Tire & Rubber Co*., 146 Minn. 52, 56, 177 N. W. 937, 938. This definition was uniformly applied by state courts to a variety of situations  [**1103]  where individuals were led to invest money in a common enterprise with the expectation that they would earn a profit solely through the efforts of the promoter or of some one other than themselves."

*SEC v. W. J. Howey Co.*, 328 U.S. 293, 298, 66 S. Ct. 1100, 1102-1103, 90 L. Ed. 1244, 1249, 1946 U.S. LEXIS 3159, *9-10, 163 A.L.R. 1043

Here, the Cui Plaintiffs invested money into CRCPS as a common enterprise with the expectation of profit to be derived from the efforts of others, namely CRCI, and the loan to the

6

SPO Defendants. See, also, 15 U.S.C. 77b(a)(1) (the definition of "securities" includes "puts' and "investment contracts").

>    D. <u>The Motion Fails to Apportion the Attorneys Fees among the multiple Defendants represented by Haddon, Morgan & Forman.</u>

Haddon, Morgan & Foreman ("HMF") has brought its Motion for Attorney's fees on behalf of Defendants, Solaris Property Owner LLC, Solaris Property Owner I and Peter Knoble. These are three separate and distinct Defendants but there has been no attempt to apportion the fees amongst the various Defendants as is proper (see, *Schwarz v. Secretary of Health & Human Servs.*, 73 F.3d 895 (9th Cir. 1995). What portion of the claimed fees are attributable to the defense of SPO, SPO I or Knobel? These are three very different defendants against whom very different claims have been made. And since the Courts order does not appear to resolve all issues as to CRC I those fees would need to be apportioned because CRC I would not be entitled to a fees award. Furthermore, the Court in its recent Order to Show Cause has indicated that CRC is not a defendant, which has never been true and will be addressed in the Order to Show Cause, but that creates another reason why the fees should be apportioned between the various CRC Defendants.

>    E. <u>Peter Knobel has never been named or served in the Cui Matter.</u>

Here, Peter Knobel was added to the 2nd Amended Complaint strictly for the purpose of alleging alter ego liability. In fact, there are no allegations of acts or omissions made against Mr. Knobel. Furthermore, Mr. Knobel was never served with a copy of the Summons and Complaint and HMF never executed a waiver of service of summons on his behalf. As this Court pointed out in its Order to Show Cause [ECF 292], In *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989), in dealing with unnamed plaintiffs, the Tenth Circuit stated that "federal courts lack jurisdiction over the unnamed parties, as a case has not been

7

commenced with respect to them." See *M.A.C. v. Gildner,* No. 20-3105, 2021 WL 1016422, at *3 (10th Cir. Mar. 17, 2021). As discussed with the Court during the hearing on the OSC on June 7, 2021, due to a misunderstanding or miscommunication with the clerk's office all documents filed in this matter were filed with the caption of the lead case, the Li Matter, with a reference to the consolidation with the Cui Matter. As a result, Mr. Knobel technically was never actually named as a defendant in the Cui Matter. Never having been a defendant in the Cui Matter, Mr. Knobel would not be entitled to an award of attorney's fees. To the extent that the Court believes that Mr. Knobel was ever named or served with the 3rd Amended Complaint, the other arguments made herein apply equally to Mr. Knobel.

F. <u>Defendants have Offered no Evidence of the Reasonableness of the Claimed Attorney's Fees.</u>

"In statutory fee-shifting cases 'the lodestar method is generally employed in calculating attorney fees.'" ECF No. 245 at 2 (quoting *Brody v. Hellman*, 167 P.3d 192, 204 (Colo. App. 2007); citing *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)). "To determine the reasonableness of a fee request, a court must begin by calculating Case 1:19-cv-02443-RM-STV Document 274 Filed 03/16/21 USDC Colorado Page 6 of 184841-2468-7839 7, the so-called 'lodestar' amount of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The "lodestar" amount equals the product of hours "reasonably expended" times "a reasonable hourly rate." Id. Where a fee applicant has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee and adjustments should only be made in rare instances. Id.; *Clawson v. Mountain Coal Co.*, 2007 WL 4225578, at *6 (D. Colo. Nov. 28, 2007)

8

The SPO Defendants offer a Declaration from an in-house attorney for SPO I stating that SPO I has incurred attorney's fees in the Cui Action of $71,730.79 (Smith Declaration ¶ 10). Other than this single hearsay statement no other attempt is made to provide evidence of the attorney's fees. There are 359 docket entries in this matter. The SPO Defendants have filed exactly 18 items that address issues Raised by the Cui Plaintiffs [ECF #'s 18; 19; 104; 109; 140; 153; 158; 201; 223; 224; 235; 285; 296; 297; 341; 342; 344; & 346]. Of those 18 items: six (6) of them are one (1) page requests for an extension of time or to file oversized briefs [ECF 104; 153; 201; 235; 285; and 342]; two (2) of them are one (1) page notices of appearance of counsel [ECF 18 & 19]; two (2) of them are notices of errata or Amended Motions with superficial changes [ECF 224 & 297]; one (1) is a one (1) page motion to withdraw filed by one of the attorney's at HMF [ECF 140]; one (1) is the Joint Scheduling Order which was prepared primarily by counsel for the Cui Plaintiff's [109]; and one (1) is a one page Notice of Joinder in a Motion filed by the CRC Defendants [ECF 158].

That leaves only 5 substantive documents, filed in the CUI matter by HMF, which are longer than one (1) page: the Joint Motion to Dismiss [ECF 223], only half of which is directed at the Cui Claims; The SPO Defendants brief regarding Subject Matter Jurisdiction [ECF 296], which must be equally apportioned between the two sets of Plaintiff's; The Motion to Amend the Judgment [ECF 341]; the Motion for Attorney's Fees [ECF 344] again only half of which can be apportioned against the Cui Plaintiff's; and the Bill of Costs [ECF 346]. Neither the Cui Plaintiff's nor the Court is given anything more to go on than a hearsay statement that SPO I was billed $71,730.79 for defense of the CUI Complaint. This makes it impossible to ascertain if the claimed attorney's fees are reasonable. However, the sparse amount of work product identified by the docket tends to indicate that the claims are not reasonable.

**CONCLUSION**

The SPO Defendants Motion for Attorney's fees is premature as issues remain with respect to the SPO Defendants Motion to Amend the Judgment. Furthermore, the Motion should be denied for the reasons stated herein. The Cui Plaintiffs respectfully request that the Court make a factual finding as to the reasonable amount of attorney's fees in this situation.

ARDENT LAW GROUP, PC

/s/ Brian P. Stewart
Hubert Kuo
Brian P. Stewart
**Ardent Law Group**
4340 Von Karman Ave.,
Suite 290
Newport Beach, California 92660
Telephone: (949) 299-0188
Facsimile:  (949) 299-0127
bstewart@ardentlawgroup.com
Attorneys for Plaintiffs, Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou, Xun Zhu, Chunyi Zou in the consolidated case

## CERTIFICATION OF SERVICE

The undersigned attorney certifies that copies of the foregoing:
**CUI PLAINTIFFS' OPPOSITION TO SPO DEFENDANTS' MOTION FOR ATTORNEYS' FEES [ECF 344]**

was served through ECF on July 7, 2021 upon all parties who have appeared.

*/s/ Brian Stewart*
Brian Stewart
