# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
        Plaintiffs,

        v.                                              Hon. Raymond P. Moore

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I, LLC, and
Peter Knobel,
        Defendants.

---

Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou, Xun Zhu, Chunyi Zou, individually, and on behalf of Colorado Regional Center Project Solaris LLLP,

        Plaintiffs,

        v.

Waveland Ventures, LLC, Colorado Regional Center, LLC, Colorado Regional Center I, LLC, Colorado Regional Center Project Solaris LLLP, Solaris Property Owner LLC, Solaris Property Owner LLC I, and John Does 1-10,

        Defendants.

---

## CUI PLAINTIFFS' OPPOSITION TO SPO DEFENDANTS' MOTION TO AMEND JUDGMENT OR ALTERNATIVELY FOR FINDINGS AND ORDER ON PSLRA ATTORNEYS' FEES  [ECF 341]

## BACKGROUND

On June 18, 2021 the Court entered its Final Judgment herein [ECF 335]. On June 23, 2021, Defendants, Solaris Property Owner LLC, Solaris Property Owner I and Peter Knoble (collectively the "SPO Defendant") filed a document titled Motion to Amend Judgment or Alternatively for Findings and Order of PSLRA Attorney's Fees [ECF 341]. The SPO Defendants seek, for the first time, without any factual or legal authority to have the Court amend its Judgment to include findings that the Court must issue findings that the Plaintiff's securities act claims were brought in bad faith entitling them to sanctions. The SPO Defendants Motion is uncertain as it does not indicate against which group of Plaintiffs it seeks to have the Judgment amended.

## ARGUMENT

A. Motion to Amend the Judgment is Vague and Should be Denied.

Defendants offer no argument as to why the Court should issue PSLRA findings as part of the judgment, but merely request that the Court do so. Curiously, the SPO Defendants also offer authority to support its Motion which clearly state that the Court is under no obligation to grant the relief requested. (see *Compare de la Fuente v. DCI Telecommc'ns, Inc*., 259 F. Supp. 2d 250, 257 (S.D.N.Y. 2003). Rule 11 sanctions are strictly a matter left to the Courts discretion.

> "Rule 11 is targeted at situations 'where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands . . . .'"
> *Stem v. Leucadia Nat. Corp.*, 844 F.2d 997, 1005 (2d Cir. 1988) (quoting *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985)). The Second Circuit has "stressed that 'any and all doubts must be resolved in favor of the signer.'" *Id.* (quoting *Eastway*, 762 F.2d at 254)." *Marcus v. W2007 Grace Acquisition I, Inc.*, 203 F. Supp. 3d 332, 342-343, 2016 U.S. Dist. LEXIS 124834, *22-23.

Here, the request is baseless as the Claims of the Cui Defendants were made in good faith and the Cui Plaintiff's believed that they were viable. The only meet and confer ever conducted

by the SPO Defendants was basically to say that they intended to bring a Motion to Dismiss with no other discussion on the matter.  The Plaintiff's argued in good faith that they had no reason to discover the SPO Defendants securities violations until they realized that the investment was under secured. This is hardly the basis for a Rule 11 sanction.   In any event, 15 USC § 78u-4 (c)(2) states that "Prior to making a finding that any party or attorney has violated Rule 11 of the Federal Rules of Civil Procedure, the court shall give such party or attorney notice and an opportunity to respond."  If for some reason the Court is of the opinion that the Cui Plaintiffs or their counsel have in any way violated Rule 11, they must be given the opportunity to respond to such a finding.

## CONCLUSION

The SPO Defendants Motion to Amend the Judgment should be denied for the reasons stated herein.

ARDENT LAW GROUP, PC

*/s/ Brian P. Stewart*
Hubert Kuo
Brian P. Stewart
**Ardent Law Group**
4340 Von Karman Ave.,
Suite 290
Newport Beach, California 92660
Telephone: (949) 299-0188
Facsimile:  (949) 299-0127
bstewart@ardentlawgroup.com
Attorneys for Plaintiffs, Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou, Xun Zhu, Chunyi Zou in the consolidated case

## CERTIFICATION OF SERVICE

The undersigned attorney certifies that copies of the foregoing:
**CUI PLAINTIFFS' OPPOSITION TO SPO DEFENDANTS' MOTION TO AMEND JUDGMENT OR ALTERNATIVELY FOR FINDINGS AND ORDER ON PSLRA ATTORNEYS' FEES  [ECF 341]]**

was served through ECF on July 7, 2021 upon all parties who have appeared.

*/s/ Brian Stewart*
Brian Stewart