# In the United States District Court
# for the District of Colorado

Civil Action No. 1:19-cv-02443-RM-STV
—*Consolidated with* No. 19-cv-2637-RM-STV

JUN LI, *et al.*, individually and derivatively for Colorado Regional Center Project Solaris LLLP,

    Plaintiffs,

v.

WAVELAND VENTURES LLC, *et al.*,

    Defendants.

## Defendants SPO, SPO I and Knobel's Reply to the *Li* Plaintiffs' Response to Motion for Attorney Fees

Defendants Solaris Property Owner, LLC ("SPO"), Solaris Property Owner I, LLC ("SPO I"), and Peter Knobel (collectively, "SPO Defendants"), through their attorneys Haddon, Morgan and Foreman, P.C. ("HMF"), submit this Reply to the *Li* Plaintiffs' response (Doc.354) to the SPO Defendants' motion for attorney fees ("Fees Motion") (Doc.344).

## Argument

**I. The SPO Defendants are entitled to attorney fees under contractual fee-shifting provisions.**

    **A. Fees under the Loan Agreement.**

The *Li* Plaintiffs argue *they* are the prevailing parties under the Loan Agreement, not the SPO Defendants. They believe they prevailed because "the Court has upheld a

claim that SPO[1] [sic] breached that agreement." Doc.354, at 2; *see id.* at [1]-2. Plaintiffs fail to appreciate both the nature of their lawsuit and how they came to be the non-prevailing parties.

**The *Li* Plaintiffs' lawsuit, and its dismissal.** The *Li* Plaintiffs' operative complaint, the Third Amended (Doc.222), asserted six claims against one or more of the SPO Defendants. One was asserted against SPO: Count VII-4[2] (veil-piercing). Two claims were asserted against SPO I alone: Counts III (breach of the Loan Agreement) and IV (transfer title to CRCPS pursuant to the Loan Agreement). Three were asserted against SPO, SPO I, and Knobel: Counts II (civil theft), VI (Colorado Securities Act fraud), and VII-2 (fraud).

In their May 29, 2020 response to the CRC Defendants' motion to dismiss, the *Li* Plaintiffs said they would "voluntarily dismiss" Counts IV and VII-4. Doc.210 at [1]. The response did not say explicitly that these defendants were dismissing the direct fraud claim, Count VII-2, but it did say they were only pursuing their derivative claims. The *Li* Plaintiffs believed that by saying they were "voluntarily dismiss[ing]" these claims, they in fact had done so. *See* Doc.210 at [1] (after "voluntary dismiss[al]" of various claims, "[t]hat leaves a 5 Count [sic] derivative action"). They were wrong.

---

[1]The *Li* Plaintiffs asserted Count III (breach of the Loan Agreement) against "SPO1." Doc.121 at 38, 39.

[2]The complaint contained four "Count VIIs."

Rule 41 governs dismissals. The *Li* Plaintiffs did not cite the rule. *See id.* at [1]-2. If they had, it would be ineffectual, since the rule doesn't authorize dismissal of fewer than all of a plaintiff's claims. *See Gobbo Farms & Orchards v. Poole Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996) ("That rule speaks to dismissal of an action, not just a claim within an action. Gobbo offers no authority, and we have found none, to support its contention that Rule 41(a) applies to dismissal of less than all claims in an action."). These plaintiffs certainly could not dismiss claims via a statement in a 12(b)(6) response.

On June 10, 2020, the SPO Defendants moved to dismiss the *Li* Plaintiffs' complaint. Doc.224. At the hearing on August 31, 2020, the Court dismissed those counts that the *Li* Plaintiffs had tried to voluntarily dismiss in their 12(b)(6) response. *See* Doc.271 at 7. By the conclusion of the hearing, therefore, only three claims remained pending against one or more of the SPO Defendants: Count II (civil theft against all SPO Defendants); Count III (breach of loan agreement against SPO I); and Count VI (Colorado Securities Act fraud against Knobel and possibly "SPO I and [its] affiliates and principals"[3]).

**The SPO Defendants are the prevailing party in the litigation.** The Loan Agreement provides that in "any litigation arising out of th[e] Loan," the prevailing party shall be awarded its reasonable expenses incurred "in . . . *defending such action*" Doc.344,

---

[3]Doc.271 at 7 n.22.

Ex.A § 20(vi) (emphasis supplied). The *Li* Plaintiffs' argument presents a single question: Who prevailed in the action?

As we discussed in the Fees Motion, a prevailing party is one in whose favor a judgment is rendered; is the "successful party"; is one to whom the court has awarded "some relief"; is the party who prevails on her 12(b)(6) motion; is the one who is entitled to costs under Rule 54(d). Doc.344 at 8 (internal quotations omitted; citing cases).

The *Li* Plaintiffs brought an "action" within the meaning of the Loan Agreement. In this action, they asserted three tort claims, two contract claims, and a legally non-cognizable veil-piercing claim.[4] By the conclusion of the 12(b)(6) hearing, the Court dismissed with prejudice one of the tort claims (common law fraud), one of the contract claims (transfer of title), and the veil-piercing claim. In its 12(b)(6) order, the Court dismissed with prejudice the remaining tort claims (civil theft and state securities fraud). And in its order declining supplemental jurisdiction, the Court dismissed the remaining contract claim without prejudice. The Court entered judgment against the *Li* Plaintiffs on the claims dismissed with prejudice. That is not a picture of a prevailing party.

The SPO Defendants "defended" the "action" within the meaning of the Loan Agreement. Pursuant to the SPO Defendants' defense, the Court dismissed with prejudice all claims other than the breach of contract claim, i.e., it dismissed five of six claims, and entered judgment against the *Li* Plaintiffs on those claims. As to the breach of

---

[4] *Swinerton Buillders v. Nassi*, 272 P.3d 1174, 1177 (Colo. App. 2012).

contract claim, the Court dismissed it too albeit without prejudice. The SPO Defendants, therefore, secured "some relief," *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1236 (10th Cir. 2018), in that the Court materially altered the legal relationship between the SPO Defendants and the *Li* Plaintiffs—namely, the Court barred the *Li* Plaintiffs from maintaining any of their tort claims against any of the SPO Defendants.

## B.  Fees under the ARCU.

The same analysis applies to the ARCU. It requires the non-prevailing party in an "action" to enforce or interpret it to pay the prevailing party's reasonable attorney fees. We stand on Argument I.B. of the Fees Motion. *See* Doc.344 at 9-11.

## II.  Knobel is entitled to an award of attorney fees under section 13-17-201.

The *Li* Plaintiffs first argue they "did not bring any tort claims against SPO.[5]" Doc.354. That is not a credible argument. Their civil theft and state securities fraud claims were premised on false representations of material fact. As such, they are prototypically tort claims asserting a tort wrong, not a contract breach. We stand on our analysis of their claims. *See* Doc.344 at 14-16.

They next argue that the SPO Defendants in their Fees Motion "admit[] this is a contract dispute." Doc.354 at 5. That is incorrect. As the *Li* Plaintiffs' own quotations from the Fees Motion establishes, we said this action *arises out of* the Loan and the Loan Agreement; we did not say this is a "contract dispute." *See id.*

---

[5] The *Li* Plaintiffs define "SPO" to mean the SPO Defendants. Doc.354 at 1.

Finally, the *Li* Plaintiffs argue that the entire action "against [the SPO Defendants]" was not dismissed on the merits." *Id.* at 9. This argument is wrong on multiple levels. We do not contend the entire action against the SPO Defendants was dismissed under Rule 12(b); we contend the entire action against Knobel was dismissed under 12(b). Whether an action is dismissed "on the merits" is not relevant; what is relevant is whether the action was dismissed under 12(b). We do contend, however, that for purposes of awarding fees under section 13-17-201, the Court should make no distinction between and among the SPO Defendants since no fees were incurred that would not have been incurred had the *Li* Plaintiffs brought no claims against SPO or SPO I. *See* Doc. 344 at 17-18.

## Conclusion

The Court should award the SPO Defendants $236,814.68 in fees incurred defending the *Li* action.

July 7, 2021

        Respectfully submitted,

        *s/ Ty Gee*
        Harold A. Haddon
        Ty Gee
        Christopher P. Montville
        HADDON, MORGAN AND FOREMAN, P.C.
        150 East Tenth Avenue
        Denver, CO 80203
        Tel 303.831.7364
        hhaddon@hmflaw.com; tgee@hmflaw.com;
        cmontville@hmflaw.com

        *Attorneys for Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel*