**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-02443-RM-STV
    Consolidated with 19-cv-02637-RM-STV

**Derivatively:**
HSIN-YI WU, and QI QIN,
IN THEIR CAPACITY AS LIMITED PARTNERS OF
COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

    Plaintiffs

v.

COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

    Nominal Defendant,

and

**Directly:**
HSIN-YI WU, JUN LI, QI QIN, YI LIU, JIE YANG, YUQUAN NI,
ZHONGZAO SHI, FANG SHENG, SHUNLI SHAO, KAIYUAN WU,
ZHIJIAN WU, ZHONGWEI LI, SA WU, FAN ZHANG, LIN QIAO,
JINGE HU, RUJUN LIU,YING XU, LU LI, CAO XIAOLONG,
and YUWEI DONG,

    Plaintiffs,

v.

COLORADO REGIONAL CENTER LLC,
COLORADO REGIONAL CENTER I, LLC,
SOLARIS PROPERTY OWNER LLC,
SOLARIS PROPERTY OWNER I LLC,
PETER KNOBEL, and
COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP, and
ALL PRINCIPALS AND ULTIMATE OWNERS OF BUSINESS ENTITIES PURSUANT TO
PIERCING OF THE LIMITED LIABILITY VEIL,

    Defendants.

Civil Action No. 19-cv-02637-RM-STV ("Cui Plaintiffs")

DIANWEN CUI, LEI GU, SUFEN LENG, XUE MEI, ZHOU MEI,
YAN SONG, LU WANG, YUE WU, ZHUO YANG, JINGWEN ZHANG,
LEI ZHANG, LING ZHANG, XIAOHONG ZHANG, QIN ZHOU,
XUN ZHU, and CHUNYI ZOU,

    Plaintiffs,

v.

WAVELAND VENTURES LLC,
COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,
COLORADO REGIONAL CENTER I, LLC,
SOLARIS PROPERTY OWNER LLC,
SOLARIS PROPERTY OWNER I, and
PETER KNOBEL,

    Defendants.

## ORDER

This matter is before the Court on SPO Defendants'[1] "Motion to Amend the Judgment or, in the Alternate, for Findings and Order on PSLRA Attorney Fees" (the "Motion") (ECF No. 341). The Court ordered Plaintiffs to file any response. Li Plaintiffs filed no response and the time to do so has expired. Cui Plaintiffs filed a response. After reviewing the matter, the Court finds no further briefing is required before ruling. After considering the Motion and applicable parts of the record, and analyzing various legal authorities, the Court finds and orders as follows.

### I.    BACKGROUND

This is a consolidated action involving essentially the same issues. The Court set forth in detail Li Plaintiffs' and Cui Plaintiffs' (collectively, "Plaintiffs") respective complaints and the disposition of their claims in its Order on Pending Motions, oral order on June 7, 2021, and

---

[1] The SPO Defendants are Solaris Property Owner LLC, Solaris Property Owner I, and Peter Knobel.

Order of June 14, 2021. (ECF Nos. 271, 328, 334.) This Order assumes the reader's familiarity with the extensive background of this case. Therefore, only those facts and allegations essential to the resolution of the Motion are included in this Order.

Plaintiffs each purchased a $500,000[2] limited partnership interest in Defendant Colorado Regional Center Project Solaris LLLP ("CRCPS'), which is managed by its general partner Defendant Colorado Regional Center I, LLC ("CRC I"). CRCPS, in turn, loaned the funds to Defendant Solaris Property Owner LLC ("SPO") who then assigned its rights and obligations to Defendant Solaris Property Owner I ("SPO I"). Defendant Knobel is allegedly SPO's principal and personally guaranteed the loan.[3] The loan, however, was allegedly undercollateralized with overvalued condominium units. According to Plaintiffs, they were fraudulently induced to purchase their limited partnership interests and the loan has not been repaid and is in default.

Plaintiffs' complaints contained direct and derivative claims against various individuals and entities. All Defendants filed motions to dismiss except CRCPS and Hayes. The Court dismissed all claims asserted against the movants except for three derivative state law claims. The Court, however, ultimately declined to exercise supplemental jurisdiction over those state law claims and dismissed them without prejudice. Among the claims dismissed on the merits were Plaintiffs' claims under the Securities Exchange Act of 1934 (the "Exchange Act").

Private actions under the Exchange Act have specific requirements. One of them is set forth in 15 U.S.C. § 78u-4(c) of the Private Securities Litigation Reform Act ("PSLRA"). Under this section, "in any private action arising under this chapter [Chapter 2B – the Exchange Act], upon final adjudication of the action, the court *shall* include in the record specific findings regarding compliance by each party and each attorney representing any party with each

---

[2] This amount is approximate; the exact amount is immaterial to this Order.
[3] *See* Li Complaint, ECF No. 222, p. 4 n.1; Cui Complaint, ECF No. 190 at ¶¶ 4, 11.

requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u-4(c)(1) (italics added). Further, if the court makes a finding that a party or attorney has violated Rule 11(b), "the court *shall* impose sanctions on such party or attorney in accordance with Rule 11." 15 U.S.C. § 78u-4(c)(2) (italics added). But "[p]rior to making a finding that any party or attorney has violated Rule 11," "the court *shall* give such party or attorney notice and an opportunity to respond." *Id.* (italics added). Thus, "there is no requirement that the defendant have asked for the imposition of sanctions." *City of Livonia Emps. Ret. Sys. v. Boeing Co.*, 711 F.3d 754, 761 (7th Cir. 2013). The review is mandatory as is the imposition of sanctions should the Court's review find a Rule 11 violation, but only after the party or attorney has had an opportunity to respond.

In this case, the Court did not make any findings under § 78u-4(c)(1) prior to entering final judgment. The issue now before the Court is two-fold. First, when and where such specific findings should be or should have been made. Second, whether Rule 11 of the Federal Rules of Civil Procedure has been violated. The Court examines them in turn.

## II.  MOTION TO AMEND

Rule 59(e) of the Federal Rules of Civil Procedure allows a district court to alter or amend a judgment. "'Grounds warranting a [Rule 59(e)] motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012) (brackets in original) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

SPO Defendants' Motion, timely filed under Fed. R. Civ. P. 59(e), requests the Court to amend the judgment and make the mandatory findings under the PSLRA. The SPO Defendants,

however, recognize there are conflicting decisions on the issue of when a court may make its PSLRA findings. Thus, the SPO Defendants request, alternatively, the Court to, post-judgment, make such findings. As relevant here, Cui Plaintiffs argue the Motion is vague and baseless; summarily assert they did not violate Rule 11 because they acted in good faith and believed their claims were viable; and cite to *de la Fuente v. DCI Telecomm., Inc.*, 259 F. Supp. 2d 250 (S.D.N.Y. 2003). (ECF No. 362.) Cui Plaintiffs' arguments miss the mark.

First, under the PSLRA, the Court must make findings – it is mandatory, with "no requirement that the defendant [has] asked for the imposition of sanctions." *City of Livonia Emps. Ret. Sys.*, 711 F.3d at 761. The Court undisputedly did not make findings here. The issue at hand is whether the Court should do so by amending the judgment or by issuing a separate order post-judgment. As the very case Cui Plaintiffs cite shows, the Court may do either. *de la Fuente*, 259 F. Supp. 2d at 257 (stating defendants may move under Rule 59(e) for the court to make findings or the court may decide the Rule 11 sanctions issue after case has been dismissed). While *de la Fuente* is not controlling, the Court's own research reveals no controlling authority. Instead, the Court agrees with the *de la Fuente* court that the findings may be made on a motion under Rule 59(e), to correct clear error in not making the mandatory findings. The Court recognizes the Tenth Circuit has abated Plaintiffs' appeals pending this Court's disposition of the Motion. The Court resolves that Motion here.

**III.    PSLRA and RULE 11**

    **A. Notice and Opportunity to Respond**

Under 15 U.S.C. § 78u-4(c)(2), the Court is required to give the party and attorney notice and an opportunity to respond "[p]rior to making a finding that any party or attorney has violated Rule 11." At least one Circuit has stated that "the statutory wording of the PSLRA puts private

5

securities litigants on sufficient notice that their actions will be the subject of Rule 11 findings." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 152 (2d Cir. 2009). Regardless, the Court has given Plaintiffs notice and an opportunity to respond in its Order of June 24, 2021, as SPO Defendants specifically raised the PSLRA Rule 11 issue. (ECF Nos. 352, 353.) Cui Plaintiffs' response is cursory and, inexplicably, fails to address the substance of the PSLRA and Rule 11. Li Plaintiffs have chosen to file no response at all. In addition, SPO Defendants filed a Motion for Attorney Fees (ECF No. 344), relying on four sources as support, including whether fees should be imposed under the PSLRA as to the Cui Plaintiffs. Plaintiffs have filed separate responses but, again, Cui Plaintiffs are silent as to whether sanctions are warranted under the PSLRA.

As stated in the Court's Order on Pending Motions (ECF No. 271), it has found that Plaintiffs' federal securities act claims were unmeritorious. At issue is whether those claims were frivolous under Rule 11.

### B. Legal Standard

The determination of whether to award sanctions under Rule 11 involves two steps. First, the Court must find the pleading violates Rule 11. Then, if such a finding is made, the Court should impose an appropriate sanction. *Collins v. Daniels,* 916 F.3d 1302, 1319 (10th Cir. 2019). "The PSLRA does not in any way purport to alter the substantive standards for finding a violation of Rule 11, but functions merely to reduce courts' discretion in choosing whether to conduct the Rule 11 inquiry at all and whether and how to sanction a party once a violation is found." *ATSI Commc'ns, Inc.,* 579 F.3d at 152 (quotation marks, ellipsis, italics, and citation omitted); *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 636-37 (11th Cir. 2010). Thus, the Court applies the substantive standards set forth by the Tenth Circuit.

"Rule 11 imposes an affirmative duty [on an attorney] to conduct a reasonable inquiry into the facts and the law before filing." *Collins*, 916 F.3d at 1320 (quotation marks, ellipsis, and citation omitted). The attorney's conduct is evaluated "under a standard of objective reasonableness – whether a reasonable attorney admitted to practice before the district court would file such a document." *Id*. (quotation marks and citation omitted). "Because our adversary system expects lawyers to zealously represent their clients, the Rule 11 standard is a tough one to satisfy; an attorney can be rather aggressive and still be reasonable." *Id*. (quotation marks, brackets, and citation omitted).

Rule 11 may be violated, as relevant here, if: (1) the pleading or other paper is presented for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) the claims and other legal contentions "are [not] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and (3) the factual contentions have no evidentiary support or will not likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b)(1) – (b)(3). In evaluating whether there is a violation of Rule 11(b)(2), the Court uses an objective standard "'intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments.'" *Collins*, 916 F.3d at 1320 (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment). And it is not enough "'for an offending attorney to allege that a competent attorney could have made a colorable claim based on the facts and law at issue; the offending attorney must actually present a colorable claim.'" *Collins*, 916 F.3d at 1320 (quoting *White v. Gen. Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990)).

The Court is required to apply this "fact-dependent legal standard," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 402 (1990), and make specific findings regarding compliance with Rule 11. The Court does so here after consideration of the record, including any relevant matters from the three in-person hearings in which the attorneys appeared.[4] Some of the Li Plaintiffs also appeared in-person at the June 7, 2021 hearing.

### C. Violations of Rule 11

The Court is to determine whether there is any violation as to each party, each attorney, and each claim. *Thompson*, 610 F.3d at 638-39.

#### 1. No Violation by Any *Party* Plaintiff of Rule 11

The Court's review of the record finds no basis for entering sanctions against any of the parties. The filings, along with the presentations and arguments of counsel who appeared before the Court on three occasions, show that the limited partners wish to obtain a return of the millions in funds they invested in CRCPS. The Court finds that the allegations, claims, and theories on which these consolidated actions were based to recover such funds, however, were the product of their attorneys' decisions and actions. Accordingly, there is no factual or legal support to find any Rule 11 violations by the parties.

#### 2. No Violation by Any Attorney of Rule 11(b)(1)

After considering the many filings, arguments, and representations of the parties, the Court finds no basis to find that the complaints – or other filings – were presented for any improper purpose. The fact that Plaintiffs did not prevail on the securities claim, or most claims, does not support a contrary conclusion. *de la Fuente*, 259 F. Supp. 2d at 262 ("Claims are not frivolous simply because they were dismissed."). The Court finds no basis to question Plaintiffs'

---

[4] Attorney Stewart appeared telephonically at the last hearing.

attorneys' belief that Plaintiffs were allegedly wronged by Defendants and, resultingly, have allegedly suffered substantial losses or damages.

### 3. Violation by Attorney Litowitz (Li Plaintiffs) of Rule 11(b)(2) & (b)(3)

Li Plaintiffs' Count V is a derivative claim against CRC I, the general partner of CRCPS, alleging violations of 15 U.S.C. §§ 78j and 78t. Li Plaintiffs alleged that certain put options were new securities; the Court disagreed and found they were not new security offerings but were part of the Partnership Agreement which they signed by 2012. Accordingly, the Court found this claim was barred by the five-year statute of repose. There is no "controlling" law on whether the put options constitute separate securities and, had the Court found the put options were separate new securities, the statute of repose may not have been a complete bar to this Count; therefore, the Court cannot say that Li Plaintiffs' allegations and arguments as to the effect of the put options violated Rule 11. The Court finds otherwise, however, as to other basis for its dismissal of this Count.

Li Plaintiffs brought this Count as a *derivative* claim on behalf of CRCPS against *its* general partner for alleged securities violations. Thus, effectively, CRCPS was bringing a securities fraud against itself. In addition, this Count sought to recover Li Plaintiffs' individual investments – it did not seek anything on behalf of CRCPS. Accordingly, the Court also found Count V failed to state a claim. A review of these allegations under a purely objective standard, *Collins*, 916 F.3d at 1320, shows they were neither warranted by existing law nor warranted by "a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). It was not objectively reasonable for Li Plaintiffs to sue CRC I derivatively on behalf of CRCPS for alleged securities violations. Accordingly, the Court finds these allegations violate Rule 11(b)(2). For the same reasons, the Court also finds a violation of

Rule 11(b)(3) - there was no objective evidentiary basis to sue CRC I derivatively on behalf of CRCPS. *See Salmon v. Nutra Pharma Corp.*, 687 F. App'x 713, 718 (10th Cir. 2017) (affirming sanctions where allegations lacked evidentiary support).

### 4. Attorneys Kuo and Stewart (Cui Plaintiffs) for Violation of Rule 11(b)(2) & (b)(3)

Cui Plaintiffs' Count V was a direct claim for alleged violations of 15 U.S.C. § 78o and 78j. The Count was against all Defendants, who were defined in a number of ways. In the original and amended complaint, Defendants were defined as "Waveland, CRC, GP [CRC I], SPO, SPO I and Doe Defendants." (ECF No. 1 at ¶¶ 4, 40 (Cui Action); No. 21 at ¶¶ 4, 41 (Cui Action).) Those complaints were signed by attorney Kuo. In the third and fourth (operative) complaints, Defendants were defined as "Waveland, CRC, GP, SPO, SPO I, RICK HAYES, PETER KNOBBEL and Doe Defendants." (Capitals in original.) (ECF No. 169 at ¶¶ 4, 49; No. 190 at ¶¶ 4, 49.) These latter two complaints were signed by attorney Stewart. The response briefs to the Motions to Dismiss directed at and oral arguments in support of Count V were made by attorney Stewart.

***Claim under § 78j.*** The Court dismissed Cui Plaintiffs' § 78j claim against the CRC Defendants and SPO Defendants finding it was barred by the five-year statute of repose. In addition, as to the SPO Defendants, the Court also found that Cui Plaintiffs failed to state a claim and failed to meet the heightened pleading standard under the PSLRA. The Court starts with this claim as against CRC Defendants.

The statute of repose "puts an outer limit on the right to bring a civil action." *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014). It is an "absolute bar on defendant's temporal liability." *Id.* (quotation marks and citation omitted). This claim is not subject to equitable tolling. *Merck & Co. v. Reynolds*, 559 U.S. 633, 650 (2010). Nor to any continuing fraud exception. And, even if

10

such an exception may apply, Cui Plaintiffs alleged no facts – nor could they – to support any continuing fraud as to this claim under the theory they pled. (ECF No. 190 at ¶ 123.) The same holds true as to this claim against SPO Defendants. Thus, the Court finds a violation of Rule 11(b)(2).

Cui Plaintiffs' claim against SPO Defendants is wanting for an additional reason – the failure to plausibly allege this claim as against the SPO Defendants. Here, Cui Plaintiffs essentially rely on allegations against the CRC Defendants to support their claim against the SPO Defendants. It was not objectively reasonable for Cui Plaintiffs to sue SPO Defendants for alleged acts by the CRC Defendants, where there were no allegations which even remotely supported such a theory. Accordingly, the Court finds a violation of Rule 11(b)(2) here as well.

As for Rule 11(b)(3), the Court finds the factual allegation that the "Defendants" "continue[d] to sell securities when they offered 'put' options to the Plaintiffs in order to unload their interest in the LLLP"[5] lacked evidentiary support as to every Defendant except CRC I.[6] Cui Plaintiffs' own allegations are that it was *CRC I* who offered put rights and encouraged them to exercise the put options. (ECF No. 190, ¶¶ 22, 79.) The question then is whether attorneys Kuo *and* Stewart are liable for violation of Rule 11.

Both attorneys filed substantially the same complaints under Rule 11. Attorney Kuo filed the initial complaints before consolidation. Attorney Stewart's subsequently filed complaints, however, superseded the initial complaints. And the record shows no further filings by attorney Kuo after consolidation. On this record, the Court finds no basis to hold attorney Kuo responsible for the subsequent prosecution of this claim. He did not sign the subsequent complaints and his name does not appear in the signature blocks. To hold otherwise would

---

[5] ECF No. 190, ¶ 122.
[6] Referred to as the "GP" in the Cui Complaint.

require an attorney who filed a complaint which was superseded – and who thereafter took no further action to prosecute – to subsequently somehow disavow the filing in order to avoid any potential liability. The Court finds in this instance that Rule 11 does not reach that far. Accordingly, the violation of Rule 11 may only be attributed to attorney Stewart.

***Claim under § 78o.*** Cui Plaintiffs alleged that "Defendants" aided and abetted the use of Agents to solicit investment and sell limited partnerships interests in CRCPS, when neither Defendants nor the Agents were registered brokers and dealers, in violation of 15 U.S.C. § 78o(a)(1).[7] CRC Defendants moved to dismiss this claim based on arguments that (1) there was no private right of action or, if there were, it did not extend to aiders and abettors; and (2) this claim is barred by the one-year statute of limitations and three-year statute of repose. Cui Plaintiffs did not dispute there was no private right of action or argue that another statute of limitations applied; instead they attempted to assert liability existed 15 U.S.C. § 78t(a).

The Court found that Cui Plaintiffs either abandoned or conceded there was no private right of action and that, in addition, the one-year statute of limitations and three-year statute of repose applied which meant their claim under § 78o(a)(1) was time barred. The Court *sua sponte* found that Cui Plaintiffs' claim was also barred against the SPO Defendants as the claim was essentially identical against them.[8] Nevertheless, Cui Plaintiffs' silence, while deafening, does not necessarily equate to a Rule 11 violation. There is no controlling authority as to whether there is a private right of action or the applicable statute of limitations. And Cui Plaintiffs' decision to concede those points rather than to litigate the issues further does not support a

---

[7] The Court's Order of March 2, 2021, contains a typographical error, referring to *16* U.S.C. § 78o(a)(1) when it should have referred to *15* U.S.C. § 78o(a)(1). (ECF No. 271, p. 23.)
[8] The Court was unable to locate where SPO Defendants addressed the § 78o(a)(1) in their Motion to Dismiss.

conclusion that Rule 11 was violated.[9] On this record, the Court declines to find a Rule 11 violation. *See de la Fuente*, 259 F. Supp. 2d at 260-261 (declining to find Rule 11 violation where plaintiff's withdrawal of claim conserved resources of defendants and the court).

### D. Imposition of Rule 11 Sanctions

#### 1. Defendant Peter Knobel

In their Response to SPO Defendants' Motion for Attorney Fees, Cui Plaintiffs raise three arguments as to why fees should not be awarded in favor of Defendant Knobel. First, that Knobel was added solely for the purpose of alter ego liability. Second, that Knobel has never been served in the Cui action. And, finally, that due to a misunderstanding or miscommunication, Cui Plaintiffs included Knobel in the caption. The Court is not persuaded.

First, as SPO Defendants argue, Cui Plaintiffs' operative complaint identified Knobel as a "Defendant." (ECF No. 190 at ¶¶ 4, 49.) The third complaint did so also; the first two complaints did not. (ECF No. 1 at ¶¶ 4, 40 (Cui Action); No. 21 at ¶¶ 4, 41 (Cui Action); No. 169 at ¶¶ 4, 49.) At no point in time prior to this recent Response did Cui Plaintiffs contend that Knobel was anyone other than a direct party. In fact, Cui Plaintiffs confirmed that Knobel was a "defendant" in their action during the August 31, 2020 hearing. (ECF No. 252, 18:12-19:5.)

Cui Plaintiffs' second argument, that Knobel never became a defendant because he was never served and never executed a waiver of service, fares no better. They cite no legal authority for this proposition. Regardless, under the facts and circumstances of this case, Knobel's counsel's entry of appearance on behalf of and defense of the merits of the allegations against Knobel constitute a waiver of any service and he was properly before the Court. *See Barton v. Horowitz*, No. CIV.A. 97 N 1980, 1999 WL 502151, at *7 n.1 (D. Colo. Mar. 11, 1999)

---

[9] The Court views this as so especially since Cui Plaintiffs challenged some findings and conclusions made in the March 2, 2021, Order on Pending Motions but not these. (*See* ECF No. 307.)

(recognizing that "certain general appearances by counsel which address the merits of a case may constitute waiver of service"); *Hopper v. Wyant*, 502 F. App'x 790, 792 (10th Cir. 2012) (Court had jurisdiction to accept and grant defendant's motion to dismiss because "[a]n individual may submit to the jurisdiction of the court by appearance, and voluntary use of certain court procedures may constitute constructive consent to the personal jurisdiction of the court." (quotation marks and citation omitted)).

As for Cui Plaintiffs' final argument, that they allegedly mistakenly used the Li Plaintiffs' caption, that too fails. Cui Plaintiffs failed to direct the Court to where this Li Plaintiffs' caption may be found in the record; the Court was unable to locate a caption by Li Plaintiffs which matches Cui Plaintiffs' operative complaint (ECF No. 190). And, importantly, even if Cui Plaintiffs used Li Plaintiffs' caption, in whole or in part, it is apparent that Cui Plaintiffs also intended to include Knobel as a named defendant. Accordingly, this argument is also rejected. In summary, Cui Plaintiffs fail to show that Knobel was not a defendant (opposing party) in whose favor sanctions may be awarded if the Court determines it is appropriate to do so.

### 2. Presumption in Favor of Attorneys' Fees and Costs

The PSLRA imposes a presumption in favor of attorney's fees and costs. *See* 15 U.S.C. § 78u-4(c)(3). The presumption is that the Court shall award to the opposing party "the reasonable attorneys' fees and other expenses incurred in the action." 15 U.S.C. § 78u-4(c)(3). This presumption, however, may be rebutted "only upon proof by the…attorney against whom sanctions are to be imposed that—(i) the award of attorneys' fees and other expenses will impose an unreasonable burden on that…attorney and would be unjust, and the failure to make such an award would not impose a greater burden on the party in whose favor sanctions are to be

imposed; or (ii) the violation of Rule 11(b) of the Federal Rules of Civil Procedure was de minimis." Although the Court has previously allowed Plaintiffs an opportunity to address the PSLRA's mandatory Rule 11 review, and they squandered that opportunity, it nonetheless finds they should be given an opportunity to rebut the presumption that attorneys' fees and other expenses incurred in defending the securities counts should be imposed. The Court allows them time to do so, limited only to this issue.

### 3. The Amount of Attorneys' Fees and Expenses

CRC Defendants and SPO Defendants have filed motions for attorneys' fees but they are not limited to fees related to the securities claim. As the Court will only entertain fees related to the securities claims, e.g., CRC I's fees as to Li Plaintiffs' Count V, these Defendants shall provide precise fees and expense information as to these claims. The Court recognizes there may be some difficulties in separating the fees due to some overlap in various claims. Nonetheless, the Court expects Defendants to exercise billing judgment with respect to the hours worked and billed, and make good faith efforts to exclude hours that are excessive, redundant, or otherwise unnecessary or unrelated to the securities claims.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED**

(1) That SPO Defendants' Motion to Amend (ECF No. 341) is **GRANTED** as stated herein;

(2) That, on or before **August 23, 2021**, Plaintiffs' counsel (attorneys Litowitz and Stewart) shall file any response to rebut the presumption under the PSLRA that attorneys' fees and other expenses should be awarded; and

(3) That, on or before **August 23, 2021**, SPO Defendants and CRC Defendants shall file precise attorneys' fees and expense information related to the securities claims.

DATED this 11th day of August, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge