**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.
        Plaintiffs,

        v.

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.
        Defendants.

Hon. Judge Moore
Hon. Magistrate Varholak

## Li Plaintiffs' Response to Court Order on Rule 11 Sanctions at ECF # 377

Judge Moore's presumptive Rule 11(b)(2) & (3) sanction of attorney Litowitz rests on a misunderstanding about derivative lawsuits in general and this lawsuit in particular. His reasoning is cursory at best, and to use his favorite expression, it is not a model of clarity:

> Li Plaintiffs brought this Count [Count V] as a *derivative* claim on behalf of CRCPS against *its* general partner for alleged securities violations. Thus, effectively, CRCPS was bringing a securities fraud against itself. In addition, this Count sought to recover Li Plaintiffs' individual investments – it did not seek anything on behalf of CRCPS. . . A review of the allegations under a purely objective standard shows that they were [frivolous]. Fed. R. Civ. P. 11(b)(2). It was not objectively reasonable for Li Plaintiffs to sue CRCI derivatively on behalf of CRCPS for alleged securities violations. Accordingly, the Court finds these allegations violate Rule 11(b)(2). For the same reasons, the Court also finds a violation of Rule 11(b)(3) -- there was no objective evidentiary basis to sue CRCI on behalf of CRCPS. [ECF 377: 8-9].

The last two sentences make no sense because Rule 11(b)(2) and (3) are different, so they cannot apply "for the same reasons." Subsection (b)(2) applies when a claim is *legally* frivolous but

subsection (b)(3) applies when a claim is *factually* frivolous, i.e. when it cannot be supported in the future by evidence. The analysis is different, the reasoning is different. So to conflate them is error.

Putting that aside, CRCPS is not "bringing a securities fraud claim against itself." CRCPS is suing CRCI (its manager, *not itself*). This is why Count V is titled "Derivative against CRCI." Judge Moore can search until Kingdom Come and he will never find any place where attorney Litowitz said that CRCPS must sue CRCPS - that is purely a figment of his imagination. CRCPS - through its limited partners - is derivatively suing CRCI as the manager of CRCPS, just like every other derivative securities lawsuit.

*Second*, the Li Plaintiffs do not seek to recover their "individual investments." This is precisely why they filed Count V as a *derivative* claim -- which means that recovery goes to CRCPS, not to them as individuals. They purposely filed a lawsuit where they are barred from getting individual recovery, so they cannot be accused of seeking individual recovery. CRCPS will get the recovery, and the individuals will 'recover' derivatively by the increased value of the company, and that is why it is called a *derivative lawsuit*.

It is true that the measure of damages recoverable by CRCPS is equal to the loss suffered by each investor times the number of investors, so in an indirect (*derivative*) sense each investor can be described as 'recovering' money. But that is just a measurement device for recovery by CRCPS: it does not mean that the limited partners are the ones recovering. The lawsuit is purposely *derivative* -- so only CRCPS can recover, and every claim is for CRCPS' behalf and not for individuals.

*Third*, Rule 11(b)(2) only applies when a lawyer asserts a theory outside current law, but this District recognizes and accepts derivative lawsuits on behalf of companies for securities violations committed by the company's managers. There is nothing frivolous about this type of claim. This very District heard such a case last year in the derivative litigation surrounding Clovis Oncology. Here is how the District of Colorado described that case:

> Plaintiff Guo is a stockholder of Clovis. He was also a stockholder at the time of the alleged wrongdoing in this case and has maintained his stockholder status continuously since that time. Plaintiff filed their initial complaint in this derivative stockholder action on March 20, 2017. . . Individual defendants [] are current and former officers and directors of Clovis. . . . The complaint alleges that defendants violated [] the Securities Act and breached their fiduciary duties.

*Guo v. Mahaffy*, No. 17-CV-00706-RBJ, 2020 WL 5798531, at *3 (D. Colo. Sept. 29, 2020).

Count V of the Li Plaintiffs' Third Amended Complaint pleads exactly the same things, namely that they are bringing a derivative action on behalf of CRCPS against CRCI for securities fraud and breach of fiduciary duties. If Judge Moore thinks that the theory of Count V is not supported by current law, then he must also think that the *Guo* case was not supported by current law, and that every other derivative securities case is not supported by current law. He is the only judge in America who believes that a derivative lawsuit requires a company to sue itself or could possibly result in individual recovery.

Consider the recent derivative action against the management of Wells Fargo Bank for allowing its employees to create fake accounts, resulting in penalties that lowered the stock price and harmed the company and each individual stockholder:

> This is a shareholder derivative action on behalf of Wells Fargo & Company ("Wells Fargo") against the company's officers, directors, and senior management. . . Plaintiffs allege that, "[f]rom at least January 1, 2011 to the present ('the Relevant Period'), Defendants knew or consciously disregarded that Wells Fargo employees were illicitly creating millions of deposit and credit card accounts for their

customers, without those customers' knowledge or consent."
*In re Wells Fargo & Co. Shareholder Derivative Litig.*, 282 F. Supp. 3d 1074, 1081–82 (N.D. Cal. 2017). This is another example of equity holders suing management derivatively on behalf of the entity. This is identical to the case at bar. Current law allows this. There is nothing about this type of claim that requires any modification or extension of current law. There is simply no theory being offered by attorney Litowitz that would violate Rule 11(b)(2).

When a harm is felt simultaneously by an entire company *and* all of its owners, the attorney *must* file the action on a derivative basis, which was done here:

> If the harm that the shareholder suffered is the same that the corporation suffered, then the claim is derivative in nature. In that situation, in which the injury is the corporation's, the claim is derivative and only may be brought on the corporation's behalf.

*Sensoria, LLC v. Kaweske*, No. 20-CV-00942-MEH, 2021 WL 103020, at *12 (D. Colo. Jan. 12, 2021). So when a general partner (like CRCI) commits securities fraud and harms the entire limited partnership (like CRCPS) and all limited partners (including the Plaintiffs), it is eminently reasonable for the Plaintiffs to make a derivative demand and then file a derivative securities fraud action against the general partner. Judge Moore cannot say this is "objectively unreasonable" unless he is willing to say that tens of thousands of derivative securities cases in courts across the country are all "objectively unreasonable" and that all of them violative Rule 11(b)(2).

Rule 11(b)(3) requires that a claim be supportable by evidence at some point in the future. Here, Count V refers to evidence attached to the complaint itself, such as the May 30, 2019 Notice to Investors offering 'put' securities and containing false valuations, and a report from experts showing that the collateral backing the security was overvalued and fraudulent. At the pleading stage, attorney Litowitz gave hard evidence of the time, place, and manner of the misrepresentation. Therefore, Rule 11(b)(3) was satisfied because the complaint referred to real

4

documents and gave hard evidence, not bare assertions. As this Court should know, the PSLRA creates a stay on discovery through the pleading stage, so there is only so much evidence available for an attorney to cite at the pleading stage, but the Li Plaintiffs still attached multiple exhibits showing the who-what-where-when of the misrepresentations. Further, Count V tracked the PSLRA requirements by alleging that investors justifiably relied on the misrepresentation, that the defendants acted with scienter, and the investors suffered consequential harm. It is unfathomable as to why Judge Moore would say that Count V lacked a potential evidentiary basis.[1]

To repeat the obvious: Attorney Litowitz is not making an entity sue itself, which is logically impossible. Attorney Litowitz is not bringing a derivative action for individual recovery, which is logically impossible. Attorney Litowitz is not asking to extend current law. Attorney Litowitz is not making groundless accusations but has attached evidence to the complaint showing the date and content of the misrepresentations. There is no Rule 11(b)(3) violation.

Judge Moore points out that attorney Litowitz did not respond to SPOI's motion for Rule 11(b) findings. **This is because SPOI's motion did not even contemplate the possibility that attorney Litowitz could be subject to Rule 11(b) sanctions.** The only attorney discussed in connection with Rule 11(b) sanctions was attorney Stewart for the Cui Plaintiffs. Technically, there is no motion before this Court to sanction attorney Litowitz under Rule 11(b). It was Judge

---

[1] Incidentally, Judge Moore is incorrect that "there is no controlling law on whether the put options constitute separate securities" [ECF 377: 9]. The Securities Act clearly says that the offering of one security (here, a limited partnership unit) that contains a reference to a right to a future security (say, a right to a 'put') is not an offer of that future security unless and until that right is exercisable. 15 U.S.C. §77(a)(3). Here, the puts were not exercisable until 2016-2019, so that is the date of the second offering, well within the statute of repose. In 2012 there was no put security to accept, nothing to exercise, no terms, no conditions, no time frame. That cannot constitute an "offer" of securities under the Securities Act. The Court of Appeals will correct this Court's error.

5

Moore himself who dragged attorney Litowitz into this motion under the guise of the PSLRA despite the fact that the Court never even bothered to analyze Count V under the PSLRA in the first place. The Judge's one paragraph indictment of attorney Litowitz under Rule 11(b) is threadbare and unconvincing at best. SPOI did not go after attorney Litowitz under Rule 11, and this Court has no business advancing that losing argument in their stead. The Court's one paragraph analysis is based on a misunderstanding of law, and the presumption of a Rule 11 violation by attorney Litowitz must be denied.

Dated: August 12, 2021                             Respectfully Submitted,

/s/ Douglas Litowitz
413 Locust Place,
Deerfield, IL 60015
312-622-2848
Litowitz@gmail.com

**Certificate of Service**

This document was filed on the ECF system for the District of Colorado on August 12, 2021 and thereby sent to all counsels of record.