**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.
        Plaintiffs,

                              Hon. Judge Moore
        v.                      Hon. Magistrate Varholak

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.
        Defendants.

## Li Plaintiffs' Motion to Strike or Reduce
## Clerks' Bill of Costs at ECF #394

The Clerk assessed costs of $3,383.79 against the Li Plaintiffs in favor of the CRC Defendants.

These are *not - not -* costs in connection with this Court's recent ruling under Fed. R. Civ. P. 12(b)(6).

These costs relate to an October 2019 hearing on a lis pendens, which was ultimately resolved by a settlement agreement where the CRC Defendants agreed to waive attorney fees in exchange for the Li Plaintiffs' promise not to file a new lis pendens [ECF 66: 2]. Having waived attorney fees in 2019 the CRC Defendants cannot be heard in 2021 to suddenly make the hyper-technical argument that the 2019 waiver of attorney fees did not include 'costs.'

The backstory to these supposed 'costs' is important. The trouble started when the CRC Defendants sent a Notice dated May 30, 2019 (a copy of which is attached to the Third Amended Complaint) representing that the loan balance owed by Solaris Vail was $78,500,000 and the collateral units had a fair market value of $73,130,000 -- approximately 93% of the value of the

loan [ECF 222-7]. Yet the CRC Defendants proposed a bulk sale of the collateral units at possibly $49,000,000, of which only $42,000,000 would go back to the limited partners, thereby creating a 50% loss to limited partners after being told that the collateral was worth 93% of their investment. This was fishy. It was clear evidence that the CRC Defendants were lying about the fair market value of the collateral, since if they were honest that the collateral was worth $73,130,000 there would be no urgency to sell it for $49,000,000 - especially to do so without even seeking the approval of the limited partners who own the company and thereby own the collateral in the first place. The whole thing was suspicious and troubling. Since the titles to the collateral were in dispute (the titles were being held by the borrower under a bizarre arrangement even though the loan was in default) the Li Plaintiffs filed a lis pendens to block the proposed sale, claiming that a lis pendens was justified by their complaint (i.e. 'litigation was pending' on the rightful titleholder of the real estate that the CRC Defendants sought to convey in the bulk sale).

By the time of the hearing on the lis pendens, the Li Plaintiffs had filed an amended complaint. Magistrate Judge Varholak looked only at the first complaint to see if it supported a lis pendens, since that was the complaint on file when the motion sequence began. Magistrate Judge Varholak held that the first version of the complaint did not contain language supporting a lis pendens but that the amended version did in fact have such language: thus he struck the existing lis pendens as a spurious lien, but added that the new complaint on file had sufficient allegations for a lis pendens, so Li Plaintiffs were free to file another lis pendens one minute after the hearing ended. The transcript of this hearing is at ECF #76.

So the CRC Defendants were the 'prevailing party' for about a minute. In fact, the Li Plaintiffs were free to walk out of the courtroom into the hallway and electronically file a new lis pendens under the new complaint on file, thereby blocking the bulk sale again.

2

The CRC Defendants realized quite naturally that their 'victory' was pyrrhic.  So they immediately sought an agreement with the Li Plaintiffs whereby both parties would walk away: the Li Plaintiffs would forego filing a new lis pendens, and the CRC Defendants would not pursue attorney fees.  Here is how it was presented to the Court:

> In light of [Li] Plaintiff's agreement not to file or record any additional notice of lis pendens on the real property at issue, [CRC] Defendants agree to waive their request for an award of attorney fees associated with the Petition." [ECF 66: 2].

That was two years ago, in 2019, and the CRC Defendants have never sought costs for this event, under the mutual understanding that this 2019 dispute was a "wash" and has never come up again in this case.

Fed. R. Civ. P. 54(d)(1) allows costs to a "prevailing party," but this is intended for a clear victory where the "prevailing party" achieves a "judicially sanctioned change in the legal relationship of the parties."  *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 948, 136 S.Ct.1642, 1646 (2016), quoting *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources,* 532 U.S. 598, 604 (2001).  But Magistrate Judge Varholak didn't really change the legal relationship between the parties except for a millisecond, because he actually ruled that the CRC Defendants only prevailed under the old version of the Li Plaintiffs' complaint, not the version at the time of the hearing, so a new lis pendens could be filed, bringing the parties back to the original situation that gave rise to the hearing.  It is a stretch to call CRCI a "prevailing party." CRCI's 'prevailing' was a hollow, pyrrhic victory and they knew it -- which is why both sides agreed to walk away empty-handed and to stand down.  Prevailing for a millisecond does not equate to a permanent change in the relationship of the parties.

This whole matter was over and done in 2019.  A demand for costs must be timely filed. The Tenth Circuit will not indulge a party to wait years to file a demand for fees or costs.  *Early*

3

*v. Astrue*, 295 F. App'x 916, 918 (10th Cir. 2008)(denying award of fees where a party delayed for thirteen (13) month to make a request).

Even if costs were allowed - which they are not - the Bill of Costs submitted by the CRC Defendants is extravagant and unreasonable. The 2019 hearing before Magistrate Judge Varholak turned on the *legal question* of whether the complaint (or the amended complaint) contained a claim against real estate sufficient to justify a lis pendens: since the issue was almost entirely *legal*, there was no need for the CRC Defendants to flood the Court with a pallet of documents and binders.

And even if copies were necessary, they could have been done in black and white for 5 cents a page: there was no need for the CRC Defendants to rack up charges of 79 cents per page for color copies that were not even determinative at the hearing, and 25 cents per page for in-house color copies. These are excessive costs by any measure.

In summary, $3,383.79 is too high for costs relating to a 2019 hearing resolved by a settlement agreement in which the CRC Defendants waived their fees. **But as an accommodation to the CRC Defendants who took $82,500,000 from the Chinese and lost half of it, the Li Plaintiffs will pay reduced costs of $600.**[1]

/

/

/

---

[1] The CRC Defendants squandered more than half of the Plaintiffs' money that they contractually agreed to safeguard using reasonable business judgment, and paid themselves tens of millions in management fees and interest, and now want to collect "costs" as a reward for their incompetence, including *de minimis* amounts of $1.00, $1.90, $3.30, $7.65, $5.37, and $2.30 [ECF #282-1]. It is amazing that the Court would tolerate such degrading pettiness and feculent greed by members of this federal bar.

5

WHEREFORE, the Li Plaintiffs ask that this Court strike the Clerk's determination of costs submitted at ECF #394 or reduce it to $600.

Dated: August 21, 2021                            Respectfully Submitted,

/s/ Douglas Litowitz
413 Locust Place,
Deerfield, IL 60015
312-622-2848
Litowitz@gmail.com

**Certificate of Service**
This document was filed on the ECF system for the District of Colorado on August 21, 2021.