**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02443-RM-STV
Consolidated with Civil Action No. 1:19-cv-02637

Jun Li, *et al.*,

      Plaintiffs,

v.

Waveland Ventures, LLC, *et al.*,

      Defendants.

---

**CRC DEFENDANTS' RESPONSE TO THE COURT'S ORDER GRANTING SPO
DEFENDANTS' MOTION TO AMEND [ECF 377]**

---

Defendants Waveland Ventures, LLC, Colorado Regional Center, LLC, and Colorado Regional Center I, LLC (collectively, the "CRC Defendants"), through undersigned counsel, submit the following Response to the Court's Order Granting SPO Defendants' Motion to Amend [ECF 377] providing precise attorneys' fees and expense information related to the securities claims.

## INTRODUCTION

On June 23, 2021, Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel (the "SPO Defendants") filed their Motion to Amend the Judgment or, in the Alternative, for Findings and Order on PSLRA Attorney Fees ("Motion to Amend"), requesting that the Court amend the judgment in this case to make findings under 15 U.S.C. § 78u-4(c) and amend the judgment accordingly. ECF 341. On August 8, 2021, the Court granted the Motion to Amend, finding that Attorneys Litowitz and Stewart failed to

4844-7457-1767

comply with Fed. R. Civ. P. 11(b) as to Plaintiffs' claims under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4.  ECF 377 at 9–13.  On such a finding, the PLSRA imposes a presumption in favor of attorney's fees and costs.  *See* 15 U.S.C. § 78u-4(c)(3).  Accordingly, the Court ordered CRC Defendants to file precise attorneys' fees and expenses information related to the securities claims in this case.  The CRC Defendants have independently requested payment of all attorneys' fees incurred in connection with this litigation as set forth in the CRC Defendants' Motion for Award of Attorney Fees filed on March 16, 2021 (the "CRC Defendants' Fee Motion").  ECF 274.  This response is limited to the amount of fees the CRC Defendants incurred related to the securities claims only, which totals $38,094.71.

## FEES RELATED TO SECURITIES CLAIMS

**I.     The CRC Defendants Incurred $38,094.71 in Attorneys' Fees Litigating the Securities Claims.**

Of the total fees expended in this litigation and requested in the CRC Defendants' Fee Motion [ECF 274], $38,094.71 are directly tied to Plaintiffs' securities claims with $22,295.88 attributable to the Li Plaintiffs and $15,798.83 to the Cui Plaintiffs.  Allocating this amount of fees to the securities claims is reasonable when compared to the overall amount of fees requested for this matter which was $390,056.25 as to the Li Plaintiffs and $148,569.25 as to the Cui Plaintiffs.   *See* ECF 274.

The attached Declaration of James Kilroy, lead counsel for the CRC Defendants, details the attorneys' fees incurred related to the securities claim and allocates them between those incurred defending the claims brought by the Li Plaintiffs and the Cui Plaintiffs.  There

2

is no allocation of fees incurred between and among the CRC Defendants because all attorneys' fees were incurred on behalf of, and paid by, Defendant CRC I.

In addition to Mr. Kilroy's declaration, the CRC Defendants submit detailed, annotated time records reflecting the amount of time spent and fees incurred by the CRC Defendants in defending against the securities claims. *See* Kilroy Decl., Ex. 2 & Ex. 3.

The rates charged by the CRC Defendants' counsel are reasonable and the fees requested for the securities claims are reasonably allocated to those claims.

## II.   The Rates Charged by the CRC Defendants' Counsel Are Reasonable.

The rates charged by CRC Defendants' counsel are reasonable. As a preliminary matter, this Court already determined in this litigation that the rates charged by CRC Defendants' counsel, which were uncontested by Cui Plaintiffs, are reasonable. *See* ECF 245 at 4. In further support for the reasonableness of the fees, the CRC Defendants have submitted the Declaration of James Kilroy, as well as contemporaneous time records for all fees sought through this fee application. *See generally* Kilroy Decl. and Exhibits 1 through 6 filed therewith. In his declaration, Mr. Kilroy summarized his background and significant experience in fraud and securities matters such as this one, as well as the experience of other members of the team. *See* Kilroy Decl., ¶¶ 4–5.

The hourly rates charged by Snell & Wilmer attorneys working on the securities claims in this case are consistent with, and within the range of, prevailing market rates in Denver for litigation of this type. *Id*. at ¶ 19. The regular hourly rates of the team members who worked on the securities claims during most of the case were $550.00 per hour for Mr. Kilroy, which represents a 12% discount of his standard 2020 hourly rate of $625.00;

between $415.00/hr and $445.00/hr for Ms. Kanan a junior partner; and between $255.00/hr and $355.00/hr for the primary associate. *Id*. at ¶¶ 6–7.

Furthermore, the rates charged fall squarely within the range of rates charged by similarly sized firms performing similar work in this District and given the extensive experience of counsel. *Id*. at ¶ 19; *see also Biax Corp. v. NVIDIA Corp.*, 2013 WL 4051908, at *6 (D. Colo. Aug. 12, 2013) (Brimmer, J.) (relying on 2010 National Law Journal survey that indicated "Denver firms billed between $285 and $810 per hour for partners and between $170 and $530 per hour for associates" and 2010 American Intellectual Property Law Association survey showing 7–9 year associates billed between $275 and $435/hr to find rates charged were reasonable); *Dun-Rite Home Improvements, Inc. v Dun-Rite, LLC*, 2016 WL 11384331, at *8 (D. Colo. Feb. 2, 2016) (Schaffer, M.J.) (relying on *Biax Corp.* and holding that hourly rates falling within  2010 National Law Journal survey range indicating that "Denver firms billed between $285 and $810 per hour for partners and between $170 and $530 per hour for associates" were reasonable), *aff'd and adopted by*, 2016 WL 178276 (Daniel, J.).   In addition, Mr. Kilroy's 2017 rate of $575.00/hr was determined reasonable by a Colorado district court in El Paso County and his 2018 rate of $585.00 per hour was undisputed and approved by Judge Jackson in a case in this District in 2019.

Considering the skill required to successfully navigate and litigate the securities issues raised by Plaintiffs in this case, the prevailing rates in the Denver market, and the experience and ability of the CRC Defendants' lawyers, Snell & Wilmer's hourly rates are reasonable.

4844-7457-1767

III.     **The Requested Fees are Reasonably Related to the Securities Claims.**

The $38,094.71 of fees attributable to the securities claims are reasonably allocated to those claims. As shown in Mr. Kilroy's Declaration, all care has been taken by the CRC Defendants to exclude hours that are excessive, redundant, or otherwise unnecessary or unrelated to the securities claims. Thus, only the fees clearly and reasonably attributable to the securities claims are included in the $38,094.71 figure as follows.

A.      **The CRC Defendants Spent $31,376.50 on Legal Research and Motion Drafting Related to the Securities Claims.**

The CRC Defendants have allocated the fees spent researching and analyzing the securities claims and drafting arguments responding to the same. Despite the nearly 300 filings made in this case, only a few narrowly focused on the securities claims. The CRC Defendants' Response to Motion for Preliminary Injunction ("Response") [ECF 51], and Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Cui Plaintiffs' Third Amended Verified Complaint and Li Plaintiffs' Third Amended Verified Complaint ("Motion to Dismiss") [ECF 203] were their primary filings related to the securities claims.

In their Response, the CRC Defendants argued that the Li Plaintiffs were unlikely to prevail on the securities claims in their Complaint and First Amended Complaint. *See* ECF 51 at 14 (arguing Li Plaintiffs were not likely to succeed on Count II because they had no private right of action under 15 U.S.C. § 78o); 15 (arguing Count III of the First Amended Complaint under 15 U.S.C. §78j was barred by the statute of limitations); Kilroy Decl., ¶¶ 17.a–17.b. The CRC Defendants' contemporaneous billing statements reflect that the 10.4 of the hours CRC Defendants' counsel spent on the Response were incurred through researching and drafting arguments on the securities claims. *See* Kilroy Decl., Ex. 3. Thus,

the CRC Defendants incurred $3,660 in fees on the Response that are fairly allocated to the securities claims. *See* Kilroy Decl., Ex. 4.

In their Motion to Dismiss, the CRC Defendants argued that both the Li Plaintiffs and Cui Plaintiffs failed to state claims for federal securities fraud. *See* ECF 203 at 15–19; Kilroy Decl., ¶ 17.e. The CRC Defendants' contemporaneous billing statements reflect that the CRC Defendants' counsel spent 61.9 hours on researching and drafting relating to the securities claims with 31.85 hours attributable to the Cui Plaintiffs claims and 30.05 attributable to the Li Plaintiffs claims. *See* Kilroy Decl., Ex. 2 & Ex. 3. Thus, the CRC Defendants incurred $27,716.50 in fees on the Motion to Dismiss that are fairly allocated to the securities claims. *See* Kilroy Decl., Ex. 4, Ex. 5 & Ex. 6.

As such, the CRC Defendants incurred $31,376.50 in fees on those respective motions to defend against Plaintiffs' securities claims.

### B. The CRC Defendants Incurred $6,718.21 in Fees on Hearings Related to the Securities Claims.

A portion of the time spent preparing for and attending hearings on the Li Plaintiffs' Motion for Preliminary Injunction and Motion to Dismiss was incurred in connection with the securities claims. The CRC Defendants prepared for and participated in an evidentiary hearing on October 22, 2019 on the Li Plaintiffs' Motion for Preliminary Injunction. *See* ECF 59; Kilroy Decl., ¶ 17.d. The CRC Defendants also prepared for and participated in a hearing on August 31, 2020 on their Motion to Dismiss. *See* ECF 218 at 8; Kilroy Decl., ¶ 17.g. The CRC Defendants acknowledge that both those hearings covered other issues as well, and so the full amount spent preparing for those hearings cannot be attributable to the securities claims. Thus, the CRC Defendants have identified the portion of time reasonably

6

spent preparing for and arguing issues related to the securities claims to the securities claims' fees.  *See* Kilroy Decl., Ex. 2 & Ex. 3.

Preliminary Injunction Hearing: The CRC Defendants incurred $1,714.86 of the $12,004.00 total fees spent preparing for and attending the preliminary injunction litigating the securities claims.  This is approximately 14.28% (or 1/7) of the fees expended on the preliminary injunction hearing.  This amount is reasonably attributable to the securities claims because the crux of the CRC Defendants' Response was that the Li Plaintiffs were unlikely to succeed on their claims.  Kilroy Decl., ¶ 17.a.  The Li Plaintiffs' Complaint brought seven claims against the CRC Defendants, of which Count II was a securities claim. ECF 1 at 17–18 (Count II 15 U.S.C. 78o Use of Unregistered Broker-Dealers).  Thus, approximately one seventh (or 14.28%) of the time spent preparing for and attending the preliminary injunction hearing was spent arguing that Count II of the Li Plaintiffs' Complaint was unlikely to succeed on the merits such that they were not entitled to a preliminary injunction.  *See* ECF 51 at 14 (arguing Li Plaintiffs were not likely to succeed on Count II because they had no private right of action under 15 U.S.C. § 78o).

A 14.28% allocation of the preliminary injunction hearing fees is also reasonable given that the CRC Defendants actually responded to two securities claims in the Response. The CRC Defendants' argued in their Response that the Li Plaintiffs' additional Count III in their First Amended Complaint for a federal securities exchange violation under 15 U.S.C. § 78j was unlikely to succeed on the merits such that the Li Plaintiffs' were not entitled to injunctive relief.  *See* ECF 51 at 15 (arguing Count III of the Amended Complaint was barred by the statute of limitations).  The Li Plaintiffs' First Amended Complaint alleged eight

7

counts, two of which were securities claims.  *See* ECF 53 at 19–24.  However, in recognition of the fact that the October 22, 2019 hearing covered other matters in addition to the preliminary injunction [*see* ECF 59 (Minute Order on October 22, 2019 Hearing)] and because the CRC Defendants argued all four prongs of the preliminary injunction test not just likelihood of success on the merits, the CRC Defendants attribute only one seventh of their fees incurred from the preliminary injunction hearing to the securities claims.  *See* Kilroy Decl., Ex. 4.

Motion to Dismiss: The CRC Defendants have allocated $5,003.35 of the $22,742.50 total fees spent preparing for and attending the August 31, 2020 motion to dismiss hearing to the securities claims.  This is 22% of the fees expended on the motion to dismiss hearing.

This amount is reasonably allocated to the four securities claims the CRC Defendants moved to dismiss.  The Li Plaintiffs' Third Amended Complaint set forth ten claims (seven derivative claims on behalf of CRCPS and three direct claims).  *See* ECF 121 at 42–45 & ECF 271 at 7.  Two of these were securities claims.  ECF 121 (Count V – federal securities fraud under 15 U.S.C. §78j; Count VII – direct claim to pierce the corporate veil of CRC I and SPO and hold their owners/members liable for fraud, breach of contract, and securities violations).  The Cui Plaintiffs' Third Amended Complaint set forth eight claims *See* ECF 190 at 26–27, 31 & ECF 271 at 7.  Two of these were securities claims.  ECF 190 (Count V – violations of the Federal Securities Exchange Act 15 U.S.C. §§ 78o and 78j); (Count VIII – piercing the corporate veil of CRC I and SPO and hold their owners/members liable for fraud, breach of contract, and securities violations).  Thus, four out of the eighteen claims the CRC Defendants moved to dismiss were securities claims.  Accordingly, roughly 22% of the

time the CRC Defendants spent preparing for the motion to dismiss hearing was directly related to Plaintiffs' securities claims – namely, preparing argument that both sets of Plaintiffs failed to state a claim for securities fraud.  Kilroy Decl., ¶ 17.g.  Thus, $5,003.35 of the $22,742.50 spent preparing for the August 31, 2020 hearing is attributable to the securities claims.  Kilroy Decl., Ex. 4 & Ex. 6.

Accordingly, the CRC Defendants incurred $6,718.21 of fees for counsel to prepare for and attend hearings relating to the securities claims.

## CONCLUSION

Pursuant to the Court's Order, the CRC Defendants respectfully state that of their attorneys' fees incurred litigating this matter, $38,094.71 are related to the securities claims with $22,295.88 attributable to the Li Plaintiffs and $15,798.83 attributable to the Cui Plaintiffs.

DATED:  August 23, 2021.

*/s/James Kilroy*

James Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email:  jkilroy@swlaw.com
Email:  skanan@swlaw.com

*Counsel for Defendant Colorado Regional Center I, LLC*

9

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on August 23, 2021, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

*/s/Amy Kovarsky*
for Snell & Wilmer L.L.P.

4844-7457-1767