IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
        Plaintiffs,

            v.                        Hon. Raymond P. Moore

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I, and
Peter Knobel,
        Defendants.

## Cui Plaintiffs' Opposition to Order to Show Cause Regarding F.R.C.P. 11 Sanctions [ECF 377]

      Plaintiffs, Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou Chunyu Zou, individually, and derivatively on behalf of Colorado Regional Center Project Solaris LLLP(the "CUI Plaintiffs") by and through the undersigned counsel, hereby submit this Opposition to The Order to Show Cause Issued by the Court on August 11, 2021 [ECF 377] as follow:

**BACKGROUND**

      The Defendants Motions to Dismiss the Cui Plaintiffs Third Amended Complaint ("TAC") [ECF # 203] attacked the TAC on statute of limitations grounds.

The Court ordered certain causes of action dismissed in its Order on Pending Motions [ECF 271]. Solaris Property Owner, LLC ("SPO"); Solaris Property Owner LLC I ("SPOI") and Peter Knobel (collectively referred to herein as the "SPO Defendants") requested a finding that under 15 U.S.C. § 78u-4(c) regarding compliance with Rule 11 (b) [ECF 341]. On August 11, 2021 the Court issued its findings under 15 U.S.C. § 78u-4(c) of the Private Securities Litigation Reform Act ("PSLRA") [ECF 377].

As to the Cui Plaintiffs the Court dismissed the claims made under Count V in the Third Amended Complaint for violation of 15 USC § 78j. In its findings under 15 U.S.C. § 78u-4(c) regarding compliance with Rule 11 (b) [ECF 341] the Court found that the Complaint lacked evidentiary support that the Cui Plaintiffs claims were barred by the 5-year statute of repose and that the Court felt that the TAC it failed to state a claim against any of the Defendants.

## ARGUMENT

### A. The Conduct of Counsel For The Cui Plaintiffs

1. The Five-Year Statute of Repose.

The Court relies on *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014), for the proposition that the 5-year statute of repose is an "absolute bar on defendant's temporal liability." When interpreting the *Waldburg* decision the 7th Circuit stated that:

> To the extent that the Repose Plaintiffs claim that their position is supported by Supreme Court precedent, I disagree. In ANZ Securities, the Supreme Court discussed the general purpose of statutes of repose and wrote that they "effect a legislative judgment that a defendant should be free from liability after the legislatively determined period of time." 137 S. Ct. at 2049 (cleaned up). "For this reason," the ANZ Securities Court wrote, **"statutes of repose begin to run on 'the date of the last culpable act or omission of the defendant.'"** Id. (quoting Waldburger, 573 U.S. at 8). In Waldburger, the Court again was speaking about statutes of repose generally and wrote that, in contrast to a statute of limitations, a statute of repose "puts an outer limit on the right to bring a civil action" that is "measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant."

> Rule 11 does not require courts to warn attorneys that their conduct may be sanctionable prior to imposing sanctions. However, once an attorney expressly informs the court of a proposed course of conduct which does not violate a rule of procedure, local rule, court order, or case law, and the district court does not indicate any disapproval, then it is objectively reasonable for the attorney to proceed in the manner made known to the court.

*Pacific Dunlop Holdings v. Barosh*, 22 F.3d 113, 119, 1994 U.S. App. LEXIS 4032, *18-19, 28 Fed. R. Serv. 3d (Callaghan) 1050

Here, the Cui Plaintiff's plead that the representations made by the Defendants with respect to the "put rights" were made on February 25, 2016; October 27, 2016; June 19, 2017; December 26, 2017; July 18, 2018; and May 30, 2019.  As identified in *Pacific Dunlop Holdings* the date of the last culpable act or omission would have in fact been May 30, 2019.  The Court also indicates in its findings that there were no allegations as to the SPO Defendants.  Yet the TAC alleges that the SPO Defendants approved of all the materials sent by the CRC Defendants [ECF 190, ¶68]; that there was collusion amongst all the Defendants including SPO and SPOI with respect to these notices [ECF 190, ¶ 77]; that all the Defendants, including the SPO Defendants pursued or joined in the pursuit of a common course of conduct and acted in concert with and conspired with one another in furtherance of their wrongdoing. [ECF 190, ¶ 88].

2. <u>Allegations lack specificity.</u>

The Court also indicated that the TAC lacked specificity necessary for a claim under the PLSRA.  The court continues to ignore the decision in *Rockefellar Ctr. Props. Sec. Litig v. Rockefellar* 311 F. 3d 198, which states at page 216 that:

> "While we have acknowledged the stringency of Rule 9(b)'s pleading requirements, we have also stated that, in applying Rule 9(b), courts should be "sensitive" to situations in which "sophisticated defrauders" may "successfully conceal the details of their fraud." Id. **Where it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control, the rigid requirements of Rule 9(b) may be relaxed.** Id. (emphasis added)."

Here, it is undisputed that the Defendants produced and approved of all the soliciting documents and hired agents in China to solicit investors for their scheme and all the subsequent "put notices".   The Defendants are the only parties who possesses the actual knowledge of who the individuals making the representations were.  The Cui Plaintiffs believe that they reasonably plead facts with enough specificity to withstand a Motion to Dismiss.  Further they were confident that given the opportunity to conduct discovery, far more damning evidence would have been brought to light.

### B. Rule 11 Sanctions

1. The Conduct of the Cui Plaintiffs Counsel does not rise to the level of being Unreasonable Under the Circumstances.

Federal Rule of Civil Procedure Rule 11 (b) states that:

By presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

 Whether plaintiff's action is so without factual and legal foundation that it can be considered frivolous or unreasonable is standard in determining whether sanctions under Rule 11 are appropriate. *Zaldivar v. Los Angeles*, 590 F. Supp. 852, 40 Fed. R. Serv. 2d (Callaghan) 476,

1984 U.S. Dist. LEXIS 15048 (C.D. Cal. 1984), rev'd, 780 F.2d 823, 4 Fed. R. Serv. 3d (Callaghan) 264, 1986 U.S. App. LEXIS 21337 (9th Cir. 1986). Here, the single issue is whether Count V of the CUI Plaintiffs TAC was so lacking in legal and/or factual support as to be determined frivolous.

Rule 11 sanctions are strictly a matter left to the Courts discretion.

"Rule 11 is targeted at situations 'where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands . . . .'" *Stem v. Leucadia Nat. Corp.*, 844 F.2d 997, 1005 (2d Cir. 1988) (quoting *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985)). The Second Circuit has "stressed that 'any and all doubts must be resolved in favor of the signer.'" *Id.* (quoting *Eastway*, 762 F.2d at 254)." *Marcus v. W2007 Grace Acquisition I, Inc.*, 203 F. Supp. 3d 332, 342-343, 2016 U.S. Dist. LEXIS 124834, *22-23.

As discussed herein, counsel for the CUI Plaintiffs firmly believed and still believe that that acts of the Defendants with respect to the ongoing notices related to the investors put rights constitute the last culpable acts or omissions of the defendants. If they are correct, then the claims are not barred by the statue of repose as it would not start to run until May 30, 2019. Furthermore, to the extent possible the Cui Plaintiffs alleged that all the Defendants participated in; approved of, and were liable for the alleged acts and omissions. The allegations made in the TAC are simply not the kind of allegations that warrant draconian imposition of Rule 11 Sanctions.

2. <u>Amount of Sanctions if Ordered.</u>

If the Court disagrees with the CUI Plaintiffs and finds that their counsel has violated Rule 11 with respect to CLAIM V of the TAC, then we respectfully request that The SPO Defendants produce evidence that they expended any time at all in defense of these claims. There has been no evidence offered as to the amount of attorney's fees incurred by the SPO Defendants in defendant Claim V of the TAC. In their Motion for Attorney's Fees the SPO

Defendants offer a Declaration from an in-house attorney for SPO I stating that SPO I has incurred attorney's fees in the Cui Action of $71,730.79 (Smith Declaration ¶ 10).  Other than this single hearsay statement no other attempt is made to provide evidence of the attorney's fees. There are 359 docket entries in this matter.  The SPO Defendants have filed exactly 18 items that address issues Raised by the Cui Plaintiffs [ECF #'s 18; 19; 104; 109; 140; 153; 158; 201; 223; 224; 235; 285; 296; 297; 341; 342; 344; & 346].  Of those 18 items:  six (6) of them are one (1) page requests for an extension of time or to file oversized briefs [ECF 104; 153; 201; 235; 285; and 342]; two (2) of them are one (1) page notices of appearance of counsel [ECF 18 & 19]; two (2) of them are notices of errata or Amended Motions with superficial changes [ECF 224 & 297]; one (1) is a one (1) page motion to withdraw filed by one of the SPO Defendants attorneys [ECF 140]; one (1) is the Joint Scheduling Order which was prepared primarily by counsel for the Cui Plaintiff's [109]; and one (1) is a one page Notice of Joinder in a Motion filed by the CRC Defendants [ECF 158].

    The only substantive documents filed in the CUI matter by the SPO Defendants attorneys are the Joint Motion to Dismiss [ECF 223] and the Amended Joint Motion to Dismiss, neither of which contain any legal argument attacking the fifth Claim of the TAC. The only argument offered by the SPO Defendants to any Securities Claim appears from the bottom of page 20 to the top of page 22, and it is devoted exclusively to Claim III.[1]  It appears from the record that the SPO Defendants have incurred little if any attorney's fees associated with Claim V of the TAC.

---

[1]. In its findings, the Court declined to find that CUI Plaintiffs allegations in Claim III in the TAC violated Rule 11 because they were withdrawn prior to the hearing [ECF 377]

WHEREFORE, Plaintiffs respectfully request that the Court issue an Order finding that Counsel for the Cui Plaintiffs have not violated Federal Rule of Civil Procedure Rule 11 (b), or alternatively that the SPO Defendants have incurred no attorney's fees in defending Claim V of the TAC.

DATED: August 23, 2021          */s/ Brian P. Stewart*
                                Brian P. Stewart
                                **Ardent Law Group**
                                4340 Von Karman Ave.,
                                Suite 290
                                Newport Beach, California 92660
                                Telephone: (949) 299-0188
                                Facsimile:  (949) 299-0127
                                bstewart@ardentlawgroup.com
                                Attorney for Plaintiffs Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou Chunyu Zou, individually, and on behalf of Colorado Regional Center Project Solaris LLLP

/

7

**CERTIFICATION OF SERVICE**

This is to certify that on August 23, 2021, a true and correct copy of the above and foregoing Plaintiffs' **Cui Plaintiffs' Opposition to Order to Show Cause Regarding F.R.C.P. 11 Sanctions [ECF 377]** has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Brian P. Stewart*
For Ardent Law Group, P.C.

8