# In the United States District Court
# for the District of Colorado

Civil Action No. 1:19-cv-02443-RM-STV
—*Consolidated with* No. 19-cv-2637-RM-STV

JUN LI, *et al.*, individually and derivatively for Colorado Regional Center Project Solaris LLLP,

    Plaintiffs,

v.

WAVELAND VENTURES LLC, *et al.*,

    Defendants.

## SPO Defendants' Response to the Court's Rule 59(e) Order re PSLRA Attorney Fees

    Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel (collectively, "SPO Defendants"), through their attorneys Haddon, Morgan, and Foreman, P.C. ("HMF"), submit this Response to the Court's Federal Rule of Civil Procedure 59(e) Order (Doc.377) re fees awarded under the Private Securities Litigation Reform Act ("PSLRA").

    As the Court recognized, the SPO Defendants have filed a motion for attorney fees, which is pending. *See* Doc.377 at 15. In that motion, we presented four grounds for attorney fees, including the PSLRA. Doc.344 at 3. That motion was accompanied by a declaration, which discussed the background and factual basis for the motion. Doc.345.

    In its Order granting the SPO Defendants' Rule 59(e) motion, the Court made PSLRA findings that the attorney for the *Li* Plaintiffs and one of the attorneys for the *Cui*

Plaintiffs violated Rule 11(b)(2) & (b)(3). It directed the SPO Defendants to provide "precise fees and expense information" as to their defense of the *Cui* Plaintiffs' federal securities fraud claim asserted against the SPO Defendants. Doc.377 at 15. The Court recognized that "there may be some difficulties in separating the fees due to some overlap in various claims," but "[n]onetheless, the Court expects Defendants to exercise billing judgment with respect to the hours worked and billed, and make good faith efforts to exclude hours that are excessive, redundant, or otherwise unnecessary or unrelated to the securities claims." *Id.*

    This Response complies with that directive. In fact it is not easy to separate fees allocable solely to the PSLRA, for a number of reasons, e.g., the overlap in factual allegations supporting the overlapping claims, including the PSLRA, and the fees charged for "general litigation" that pertain to the defense of a lawsuit generally, e.g., work on a scheduling order. Nonetheless, we used a procedure that we believe resulted in a fair approximation of the attorney fees the SPO Defendants incurred to defend against the *Cui* Plaintiffs' federal securities fraud claim. The procedure is described in Paragraph 8 of the Gee Declaration III (EXHIBIT A), which should be read together with the two other declarations (Docs.345 & 371) Attorney Gee submitted in support of an award of fees.[1]

---

[1] Those declarations support the reasonableness and necessity of the fees requested.

That procedure deducted from the total fees work performed on matters having little to nothing to do with the federal securities fraud claim. EXHIBIT A ¶ 8.

The total fees the SPO Defendants incurred in defense of the *Cui* action was $77,376.79. Doc.370 at 3. Use of the procedure resulted in a reduction of $15,496.25 so that the total fees exclusive of federal-securities-fraud-claim work is $61,880.54. *Id.* ¶ 9.

When the Court issued its Order on the defendants' motions to dismiss, five of the *Cui* Plaintiffs' claims were pending. Doc.271 at 8. Of those five, four were asserted against the SPO Defendants: the federal securities fraud claim, common law fraud, breach of contract (i.e., the loan agreement); and declaratory judgment re the enforceability of the Yield Enhancement Agreement ("YEA") and Agreement regarding Collateral Units ("ARCU"). *Id.*; Doc.190 at 27-30.

The allegations relating to the federal securities fraud claim and common law fraud claim were substantially identical. The securities fraud claim alleged:

> 15 U.S.C. §78j [sic] makes it unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce to use or employ any manipulative or deceptive devices in connection with the purchase or sale of any security. As set forth above in paragraphs, *inter alia*, 11, 12, 13, 14, 15, 16, 56, 66, 68, 70, 73 and 74, Defendants used manipulative and deceptive devices to induce the Plaintiffs into purchasing limited partnership interest in the LLLP. Accordingly, Defendants are in violation of 15 U.S.C. §78j.

Doc.190 ¶ 123. The common law fraud claim alleged:

> 94. Defendants, and each of them, conspired to induce the Plaintiffs to invest into the LLLP by, among other things, making material

> misrepresentations and omissions as set forth in detail above in paragraphs, *inter alia*, 56, 66, 68, 70, 73 and 74.
>
> 95. Throughout 2012 and continuing through the date of its last notice in 2019, Defendants repeatedly provided false and misleading materials to induce the Plaintiffs into investing their funds with the LLLP.

*Id.* ¶¶ 94-95. The elements of federal securities fraud and common law fraud are substantially the same for purposes of the *Cui* action and its fraud allegations. *See Nakkhumpun v. Taylor*, 782 F.3d 1142, 1146 (10th Cir. 2015); *Morrison v. Goodspeed*, 68 P.2d 458, 462 (Colo. 1937). Accordingly, the fees incurred to defend against the common law fraud claim are indistinguishable from the fees incurred to defend against the federal securities fraud claim.

The contracts involved in the two contract claims—the Loan Agreement, YEA and ARCU—are inextricably related. Exhibit A ¶ 11. In fact, they are all "Loan Documents" as defined by the Loan Agreement and deeds of trust. *See* Doc.344 at 5; Doc.345 ¶ 50.

For these reasons, one-half of the total fees incurred in defending the *Cui* action—after deduction of fees for work having little or nothing to do with the defense of the federal securities fraud claim—is a reasonable and fair approximation of the fees incurred in defending against the federal securities fraud claim. Exhibit A ¶ 12. That number is **$30,940.27**. *Id.*

August 24, 2021

Respectfully submitted,

*s/ Ty Gee*

Harold A. Haddon
Ty Gee
Christopher P. Montville
HADDON, MORGAN AND FOREMAN, P.C.
150 East Tenth Avenue
Denver, CO 80203
Tel 303.831.7364
hhaddon@hmflaw.com; tgee@hmflaw.com;
cmontville@hmflaw.com

*Attorneys for Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel*