## Declaration of Ty Gee

I, Ty Gee, declare:

1. I am a shareholder at Haddon, Morgan and Foreman, P.C. ("HMF"), and am lead counsel for the SPO Defendants, who are defendants in the consolidated action styled *Li v. Waveland Ventures, LLC*, No. 1:19-cv-02443-RM-STV (D. Colo.). There are two sets of plaintiffs in the Lawsuit—the *Li* Plaintiffs and the *Cui* Plaintiffs. This Declaration only concerns the *Cui* Plaintiffs.

2. I submit this Declaration in support of the SPO Defendants' Response to the Court's Order granting their Rule 59(e) motion. I have submitted two other declarations, Docs.345 & 371, in support of a (pending) motion for attorney fees and a supplement to the fees motion. I assume the reader's familiarity with those declarations.

3. In its Order granting the SPO Defendants' Rule 59(e) motion, the Court made PSLRA findings that the attorney for the *Li* Plaintiffs and one of the attorneys for the *Cui* Plaintiffs violated Rule 11(b)(2) & (b)(3). It directed the SPO Defendants to provide "precise fees and expense information" as to their defense of the *Cui* Plaintiffs' federal securities fraud claim asserted against the SPO Defendants. Doc.377 at 15. The Court recognized that "there may be some difficulties in separating the fees due to some overlap in various claims," but "[n]onetheless, the Court expects Defendants to exercise billing judgment with respect to the hours worked and billed, and make good faith efforts to exclude hours that are excessive, redundant, or otherwise unnecessary or unrelated to the securities claims." *Id.*

4. As I mentioned in my June 23, 2021 declaration, HMF did not separately account for time spent defending the *Cui* Plaintiffs' federal securities fraud claim for the reasons set forth in the declaration. *See* Doc.345 ¶ 54. In all the time entries for the *Cui* action, I found only a handful of references to specific claims asserted in the four *Cui* complaints and only one reference to their federal securities fraud claim.

5. Nonetheless, in defending against each of the *Cui* claims, we reviewed the pleadings and exhibits attached to the pleadings; considered the factual allegations; conducted a factual investigation, e.g., reviewing documents and speaking with client representatives; conducted legal research on the defenses; and prepared a lengthy motion to dismiss both the *Li* and *Cui* actions. Moreover, we engaged in general litigation activities, such as speaking with the client about defenses and strategies, responding to motions to amend the complaint, and reviewing court filings.

6. I do not understand the Court's Rule 59(e) Order to mean that the attorney fees for general litigation activities—necessitated by the assertion of any and all claims against a client—cannot be recovered under Rule 11. Similarly, I don't understand the Order to mean attorney fees are not recoverable unless the time entry for any given fee specifically says the time was spent to defend against the *Cui* Plaintiffs' federal securities fraud claim. I do understand, however, that if a time entry concerns a matter pertaining to a discrete issue having little or nothing to do with the federal securities fraud claim, then the SPO Defendants should not seek recovery for fees associated with that entry.

7. I want to describe the procedure I used to comply with the Court's directive in its Rule 59(e) Order.

8. I reviewed every line of every invoice attached to the fees motion and supplement. For fees incurred for "general litigation," e.g., work relating to consolidation of the *Li* and *Cui* actions, the scheduling order and the *Cui* Plaintiffs' three motions to amend their complaints, I left the fees in. For fees incurred in preparing Rule 12(b) papers and the fees motion papers, I left the fees in. However, I excluded fees when the time entries described work on discrete issues having little or nothing to do with the federal securities fraud claim, such as litigation over notices of lis pendens, participation in hearings that did not concern the federal securities fraud claim, and the appointment of a receiver. This procedure resulted in the exclusion of hours that are excessive, redundant, or otherwise unnecessary or unrelated to the securities claim.

9. The total fees the SPO Defendants incurred in defense of the *Cui* action was $77,376.79. Doc.370 at 3. I deducted from this amount the total fees excluded under the procedure described in this paragraph. This resulted in a reduction of $15,496.25, or total fees of $61,880.54. When the Court issued its Order on the defendants' motions to dismiss, five of the *Cui* Plaintiffs' claims were pending. Doc.271 at 8. Of those five, four were asserted against the SPO Defendants: the federal securities fraud claim, common law fraud, breach of contract (i.e., the loan agreement); and declaratory judgment re the enforceability of the Yield Enhancement Agreement ("YEA") and Agreement regarding Collateral Units ("ARCU"). *Id.*; Doc.190 at 27-30.

10. The allegations relating to the federal securities fraud claim and common law fraud claim were substantially identical. As discussed in the Response, the elements of both fraud claims are substantially identical. Accordingly, the fees incurred to defend against the common law fraud claim are indistinguishable from the fees incurred to defend against the federal securities fraud claim.

11. The contracts involved in the two contract claims—the loan agreement, YEA and ARCU—are inextricably related.

12. For these reasons, I believe that one-half of the total fees incurred in defending the *Cui* action—after deduction of fees for work having little or nothing to do with the defense of the federal securities fraud claim—is a reasonable approximation of the fees incurred in defending against the federal securities fraud claim. That number is **$30,940.27**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of August 2021.

*s/ Ty Gee*