**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02443-RM-STV
Consolidated with Civil Action No. 1:19-cv-02637

Jun Li, *et al.*,

      Plaintiffs,

v.

Waveland Ventures, LLC, *et al.*,

      Defendants.

---

**CRC DEFENDANTS' RESPONSE TO THE LI PLAINTIFFS' MOTION TO STRIKE OR
REDUCE CLERKS' BILL OF COSTS [ECF 397]**

---

      Defendants Waveland Ventures, LLC, Colorado Regional Center, LLC, and Colorado Regional Center I, LLC (collectively, the "CRC Defendants"), through undersigned counsel, submit the following Response to the Li Plaintiffs' Motion to Strike or Reduce Clerk's Bill of Costs [ECF 397] (the "Motion"), stating as follows:

## I.      <u>BACKGROUND</u>

**A.      The CRC Defendants Filed Their Original Bill of Costs as to Both the Li Plaintiffs and the Cui Plaintiffs.**

      On March 16, 2021, the CRC Defendants filed a Proposed Bill of Costs as to both the Li Plaintiffs and the Cui Plaintiffs.  ECF 276.  On June 27, 2021, the Li Plaintiffs filed their Objections to Bill of Costs from CRC Defendants.  ECF 355.  The Li Plaintiffs objected to several categories of costs requested in the Proposed Bill of Costs as to both the Li Plaintiffs and the Cui Plaintiffs, including: (1) $2,343.92 relating to the rule to show cause on the lis pendens in

October of 2019;[1] (2) $1,668.48 for an outside vendor to make color copies at $0.79 per page; (3) $1,397.25 for in-house color copies at $0.25 per page; (4) $152.67 for filing fees; and (5) $1,522.65 for transcripts, with the request that transcripts be apportioned between the parties. *Id.* The Cui Plaintiffs filed no objection. *See* ECF 386.

**B.     The CRC Defendants Filed Separate Bills of Costs as to the Li Plaintiffs and the Cui Plaintiffs.**

On June 28, 2021, to comply with the Hearing Officer's Guide to Bills of Costs, the CRC Defendants refiled separate bills of costs as to the Li Plaintiffs and the Cui Plaintiffs.  ECF 356 (Proposed Bill of Costs as to Li Plaintiffs) & ECF 357 (Proposed Bill of Costs as to Cui Plaintiffs).  The Cui Plaintiffs again did not object.  ECF 386.  On August 13, 2021, the CRC Defendants filed the Notice of CRC Defendants' Supplemental Information in Support of Proposed Bills of Costs ("Supplemental Information").  ECF 382.  As shown in Exhibit A to the Supplemental Information, the CRC Defendants requested the following costs from the Li Plaintiffs: (1) $6.20 for filing fees; (2) $1,122.66 for transcripts; (3) $2,369.36 for exemplification and copies of paper; and (4) $100.02 for miscellaneous fees related to the lis pendens.  *Id.* at Ex. A.  In total, the CRC Defendants requested $3,598.24 in costs from the Li Plaintiffs.

**1.     The CRC Defendants Requested $3,598.24 in Costs from the Li Plaintiffs.**

Filing Costs: The $6.20 for filing fees were PACER charges for downloads of court filings in the case.  *Id.* at Ex. A, 2.

---

[1] While the Li Plaintiffs characterized $2,343.92 of costs as "relating to the rule to show cause on the lis pendens in October of 2019" [*see* ECF 355], these costs actually related to the evidentiary portion of the hearing on October 22, 2019 that addressed the motion for preliminary injunction that the Li Plaintiffs filed.  ECF 32.  The allocation of these costs is fully explained in the CRC Defendants' Supplemental Information and in Section I.B.1, *infra*.  ECF 382 at Ex. A.

<u>Transcript Costs</u>: The $1,122.66 for transcripts were apportioned as follows: (1) $484.50 for the transcript from the October 22, 2019 evidentiary hearing on the Li Plaintiffs' Motion for Preliminary Injunction to Block Bulk Sales of Collateral Unis [ECF 32 ("Preliminary Injunction")]; (2) $7.65 for the transcript from the December 19, 2019 scheduling conference; (3) $72.75 for the transcript from the February 27, 2020 hearing on the Li Plaintiffs' Motion for Expedited Briefing and Hearing for Declaratory Relief Authorizing the Li Plaintiffs to Record a Lis Pendens [ECF 141] and the CRC Defendants' Petition for Order to Show Cause Pursuant to C.R.C. § 38-35-204 [ECF 115]; (4) $84.88 for the transcript from the March 2, 2020 hearing on the Li Plaintiffs' Rule 59(e) Motion to Amend Judgment due to Breach of Local Rules, Response to Motion to Strike, and Motion for Amended Complaint under Rule 15(a)(2) [ECF 131]; (5) $351.63 for the expedited transcript from the August 31, 2020 hearing on various motions including the CRC Defendants' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Cui Plaintiffs' Third Amended Verified Complaint and Li Plaintiffs' Third Amended Complaint [ECF 203 ("CRC Defendants' Motion to Dismiss")] and the Li Plaintiffs' Motion to Dismiss Counterclaim by CRC Defendants under Fed. R. Civ. P. 12(b)(6) and for Order Declaring General Partner Removed Instanter [ECF 208]; and (6) $121.50 for the transcript from the June 7, 2021 hearing on the Li Plaintiffs' Motion for Reconsideration: Request to Reinstate Count I of the Third Amended Complaint [ECF 282] and the Li Plaintiffs' Motion to Declare Default Judgment Removing CRI as General Partner and Granting Appointment of Receiver [ECF 294].  ECF 382 at Ex. A, 3–4.

<u>Exemplification and Copies of Paper Costs</u>: The $2,369.36 for exemplification and copies of paper was for the exhibits the CRC Defendants used at the October 22, 2019

evidentiary hearing.  *Id.* at Ex. A, 5.  Of that total, $2,343.92 was incurred to create the eight 4"

three-ring exhibit binders needed for the hearing: two for counsel for the CRC Defendants, one

for counsel for the SPO Defendants,[2] one for counsel for the Li Plaintiffs, and four for the

court—as Judge Moore's practice standards required "four exhibit notebooks, one containing the

original exhibits and three containing a copy of the exhibits for the Court."  Judge Moore Civ.

Prac. Standards at III. E.4 ("The exhibits must be indexed and bound in three-ring notebooks or

folders."); ECF 356-3 at 1.  The exhibit binders contained black and white copies at $0.10 per

page and color copies at $0.79 per page.  ECF 356-3 at 1.  The color copies were necessary as

the exhibits contained appraisals and pamphlets with marketing materials related to the

underlying transaction that were originally in color.  The remaining $25.44 was incurred to bates

label 1,288 exhibit pages, which was also required under Judge Moore's practice standards.  ECF

356-3 at 2; *see also* Judge Moore Civ. Prac. Standards at III. E.4(a) ("Pages of multi-page

exhibits must be numbered consecutively to avoid having the pages separated or omitted.").

Miscellaneous Fees: The $100.02 for miscellaneous fees related to the lis pendens were

costs the CRC Defendants incurred to (1) acquire copies of the lis pendens referenced in the Li

Plaintiffs' Complaint [ECF 1] and Notice of Lis Pendens [ECF 16] from the Eagle County

Recorder (9/4/19 for $5.37, 9/16/19 for $2.30, and 11/15/19 for $4.35); (2) file the petition to

show cause [ECF 20] and order to show cause striking the lis pendens [ECF 68] in Eagle County

court (11/23/19 for $31.00 and 11/12/19 for $31.00); and (3) record the order to show cause

---

[2] The Li Plaintiffs filed their Preliminary Injunction against both the CRC Defendants and the
SPO Defendants thus counsel for both sets of defendants appeared at the hearing. *See* ECF 32 at
1.

striking the lis pendens [ECF 68] in Eagle County (2/28/20 for $26.00).  ECF 382 at Ex. A, 6–7; ECF 356-4.

On August 16, 2021, the CRC Defendants' counsel conferred with the Li Plaintiffs' counsel regarding the Proposed Bill of Costs as to Li Plaintiffs.  ECF 385 ("Conferral").  The Li Plaintiffs' counsel stated that he would pay $0.07 per page for color copies and a pro rata share of transcripts.  *Id.* at ¶ 7.  Counsel objected to the filing fees requested and costs relating to the lis pendens.  *Id.*  Counsel did not, however, specify whether he was objecting to the costs listed in the Proposed Bill of Costs as to both the Li Plaintiffs and the Cui Plaintiffs [ECF No. 276], or to the costs listed in Exhibit A to the Supplemental Information [ECF 382].  *Id.* at ¶ 8.  The CRC Defendants conceded they were not entitled to recover (1) the $6.20 of filing fees because PACER fees are not recoverable under 28 U.S.C. § 1920, and (2) two of the miscellaneous costs related to the lis pendens (11/15/19 for $4.35 [ECF 356, Ex. 4-3] and from 2/28/20 for $26.00 [ECF 356, Ex.  4-6]) as they were incurred in connection with the Cui Plaintiffs and so could not be taxed to the Li Plaintiffs.  ECF 385, ¶¶ 9–10.  The CRC Defendants otherwise maintained that they were entitled to the costs requested in the Proposed Bill of Costs as to Li Plaintiffs.  *Id.* at ¶ 11.

**2.**  **Following a Hearing on the Bill of Costs as to the Li Plaintiffs, the Clerk Awarded the CRC Defendants $3,383.79.**

On August 18, 2021, the clerk held a hearing on the CRC Defendants' bills of costs.  *See* ECF 360 & ECF 394 ("Taxation of Costs").  At the hearing, the clerk reviewed each cost the CRC Defendants requested and heard objections from the Li Plaintiffs.

Transcript Costs:  Pursuant to 28 U.S.C. §1902(2), the clerk awarded $914.41 for transcripts costs as to the Li Plaintiffs.  ECF 394 at 27.  The Li Plaintiffs did not object to (1) the

5

$7.65 for the transcript from the December 12, 2019 scheduling conference; (2) $72.75 for the transcript from the February 27, 2020 hearing; and (3) $84.88 for the transcript from the March 2, 2020 hearing.  *Id.* at 26.

The Li Plaintiffs objected to the $484.50 for the transcript from the October 22, 2019 evidentiary hearing arguing that the hearing related to the lis pendens.  *Id.* at 25.  The clerk denied this objection because the hearing related to the Preliminary Injunction the Li Plaintiffs filed and because the CRC Defendants used that transcript in the case.  *Id.*; *see, e.g.*, ECF 184. The Li Plaintiffs also objected to the $351.63 for the expedited transcript from the August 31, 2020 hearing on the basis that the cost of expediting a transcript may not be taxed.  ECF 394 at 26.  The clerk sustained this objection and reduced the cost for the August 31, 2020 hearing transcript from an expedited rate to a regular rate and awarded costs of $264.63.  *Id.*  The clerk also did not award the CRC Defendants the $121.50 for the transcript from the June 14, 2021 hearing, because the transcript was ordered "for counsel's convenience and for future use in the event of more pretrial motion briefing."  *Id.* at 27.

Exemplification and Copies of Paper Costs: Pursuant to 28 U.S.C. § 1902(4), the clerk awarded the $2,369.36 for exemplification and copies of paper incurred for the exhibits the CRC Defendants used at the October 22, 2019 evidentiary hearing.  ECF 394 at 28.  The clerk concluded that the costs for the exhibit binders were reasonable because they were incurred as a direct result of the Li Plaintiffs filing the Preliminary Injunction and were "produced pursuant to the operative judicial practice standards in place . . . ."  *Id.* (citing Judge Moore Civ. Prac. Standards at III. E.4).  Although the Li Plaintiffs did not specifically reassert the offer to pay $0.07 per color copy at the hearing, *see* ECF 385, ¶ 7, the clerk still overruled the Li Plaintiffs'

objection to the cost for color copies and agreed with the CRC Defendants that the color copies were only used when necessary, as the remaining copies were done in black and white, and were reasonably priced.  *See id.*

Miscellaneous Fees: Pursuant to 28 U.S.C. § 1920(1), the clerk awarded the $100.02 of miscellaneous fees related to the lis pendens.  At the hearing, Li Plaintiffs did not object to any of these costs, including the ones the CRC Defendants had conceded were not recoverable from them.  ECF 394 at 30 ("Awarded, no objection").

In sum, the clerk awarded the CRC Defendants $3,383.79 for costs as to the Li Plaintiffs. ECF 394 at 1.  On August 23, 2021, the Li Plaintiffs (after properly conferring pursuant to D.C.Colo.LCivR 7.1(a)) filed their Motion asking that the Court strike or reduce the awarded amount.  *See* ECF 397.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d)(1), the parties may seek review of the clerk's filing of the Taxation of Costs by filing a motion with this Court.  Fed. R. Civ. P. 54(d)(1) ("On motion served within the next 7 days, the court may review the clerk's action.").  There is no time limit on the Court to decide the motion, nor any rule requiring an additional hearing before the Court.  *See id.*  The final award of costs rests within the discretion of the Court, as does the determination of "reasonable necessity" of costs.  *Tilton v. Cap. Cities/ABC, Inc.*, 115 F.3d 1471, 1474–76 (10th Cir. 1997).

### III.    ARGUMENT

**A.    The CRC Defendants Are the Prevailing Party and the Li Plaintiffs Did Not Overcome the Presumption that the CRC Defendants Are Entitled to Costs.**

The Court's final judgment in this matter explicitly provides that the "CRC Defendants are awarded their costs incurred in prosecuting this action," thus the CRC Defendants are the prevailing party entitled to costs in this case.  ECF 335 at 3; *Ark. River Power Auth. v. Babcock & Wilcox Co.*, No. 14-CV-00638-CMA-NYW, 2017 WL 3116286, at *5 (D. Colo. July 21, 2017)  ("Federal Rule of Civil Procedure 54(d)(1) provides that costs 'should be allowed to the prevailing party.' . . . . [A] prevailing party is a party in whose favor final judgment is rendered . . . .") (quoting Fed. R. Civ. P. 54(d)(1)).  All the claims in this case, including the so-called claim for lis pendens, "stemmed from a common core of facts"—the Li Plaintiffs' dissatisfaction with the CRC Defendants' handling of their investment.  *Ark. River Power Auth.*, 2017 WL 3116286, at *6.  The CRC Defendants prevailed because the Court granted the CRC Defendants' Motion to Dismiss.  *See* ECF 271.  The CRC Defendants also prevailed on their Petition for Order to Show Cause Pursuant to C.R.S. § 38-35-204 [ECF 20] because the Court held that the Li Plaintiffs' lis pendens was spurious and released.  ECF 68.  The fact that the Li Plaintiffs could have refiled a lis pendens does not change the CRC Defendants' status as the prevailing party with regard to that issue.  *See id.*

Moreover, "when a lawsuit involves multiple claims based on 'a common core of facts or . . . related legal theories,' it is inappropriate for a district court to evaluate the individual claims as though they were discrete and severable for the purpose of awarding [costs]."  *Ark. River Power Auth.*, 2017 WL 3116286, at *6 (citation omitted).  Thus, even if the Li Plaintiffs are correct (they are not) and the CRC Defendants "were the 'prevailing party' for about minute" as

8

to the lis pendens [ECF 397 at 3], the CRC Defendants are still the prevailing party in whose favor final judgment was entered and the ruling that the lis pendens was invalid was "not such a minute victory as to warrant the 'severe penalty' of denying costs." *Ark. River Power Auth.*, 2017 WL 3116286, at *6. Thus, the CRC Defendants are the prevailing party entitled to costs pursuant to Rule 54(d).

Nor did the Li Plaintiffs overcome the presumption that certain costs—such as those for color copies—could be taxed. The Li Plaintiffs' arguments amount to nothing more than dissatisfaction with the Court's merits determination in this case, which is not a basis for denying costs. *See generally* ECF 397. "Once a prevailing party establishes its right to recover allowable costs . . . the burden shifts to the non-prevailing party to overcome the presumption that these costs will be taxed." *In re Williams Secs. Litig.-WCG Subclass*, 558 F.3d 1144, 1147–48 (10th Cir. 2009) (internal quotations omitted).

The clerk carefully scrutinized each cost the CRC Defendants claimed and awarded those that were reasonable and necessary to the litigation. *See* ECF 394; *In re Williams Secs. Litig.-WCG Subclass*, 558 F.3d at 1147–48 ("To be recoverable, a prevailing party's transcription and copy costs must be 'reasonably necessary to the litigation of the case.'") (citation omitted). The Tenth Circuit has specifically held that costs for copies may be taxed, "[i]f copies were "'offered into evidence,' were 'not frivolous,' and were 'within the bounds of vigorous advocacy,'. . . ." *In re Williams Secs. Litig.-WCG Subclass*, 558 F.3d at 1148; *see also Squires ex rel. Squires v. Breckenridge Outdoor Educ. Ctr.*, No. 10-CV-00309-CBS-BNB, 2013 WL 1231557, at *7 (D. Colo. Mar. 27, 2013) ("While the court finds that the color copying was reasonable, I will calculate Defendant's color copying costs between

9

January and November 2011 at \$.25 per page."). As the clerk recognized, the CRC Defendants' copies were produced for the evidentiary hearing on the Li Plaintiffs' Preliminary Injunction "pursuant to the operative judicial practice standards in place, Judge Moore's." ECF 394 at 28. Thus, the copies were "not frivolous" and "within the bounds the vigorous advocacy" as the CRC Defendants incurred them to comply with Judge Moore's practice standards. *Id.* The Li Plaintiffs offer nothing more than the general objection that these costs are "excessive." ECF 397 at 4. This is insufficient to overcome the presumption that the CRC Defendants are entitled to their costs.

**B.**    **The CRC Defendants Did Not Waive Their Right to Request Costs Related to the Lis Pendens.**

Contrary to the Li Plaintiffs' argument, the CRC Defendants did not waive *costs* related to the lis pendens in the parties' Joint Notice Regarding Proposed Order Granting Petition for Order to Show Cause Pursuant to C.R.S. § 38-35-204 and Request to Vacate November 1, 2019 Hearing. *See* ECF 66 ("Joint Notice"). The CRC Defendants agreed only to "waive their request for an award of attorney fees associated with the Petition." *Id.* at 2. Attorney's fees and costs are different. *See* Fed. R. Civ. P. 54(d)(1) ("Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). This is not a "hyper-technical argument," it is a straight-forward interpretation of Rule 54(d) and the plain language of the Joint Notice. *See Schusterman v. United States*, 63 F.3d 986, 989 (10th Cir. 1995) ("In statutory interpretation we look to the plain language of the statute and give effect to its meaning."); *see also Taylor F. ex rel. Jon F. v. Arapahoe Cty. School Dist. 5*, 954 F. Supp. 1197, 1202 (D. Colo. 2013) (interpreting a settlement agreement according to its plain language where the agreement was

unambiguous).   Thus, the clerk properly found that the CRC Defendants did not waive their request for the $100.02 of costs related to the lis pendens.

**C.      The Li Plaintiffs Did Not Object to the $100.02 of Costs Related to the Lis Pendens, or to Several of the Other Unrelated Costs.**

The Motion argues that the entire $3,383.79 awarded "relate[s] to an October 2019 hearing on a lis pendens . . . ."  ECF 397 at 1.  This is false.  The $3,383.79 relates to the entirety of the proceedings in this case, not just the lis pendens.  As discussed in Section I.B.2., *supra*: $914.41 of the $3,383.79 was for transcripts the CRC Defendants ordered and used in the case, and $2,369.36 was for exhibits the CRC Defendants used at the October 22, 2019 evidentiary hearing.   The evidentiary portion of the hearing on October 22, 2019 was related to the Li Plaintiffs' Preliminary Injunction, not the lis pendens.  Only $100.02 of the $3,383.79 taxed as costs relates to the lis pendens, and the Li Plaintiffs did not object to these costs at the hearing. ECF 394 at 30 ("Awarded, no objection").   Raising this objection five days after the hearing is untimely.   Such an untimely objection is waived and should not be considered.  *See Lee v. United States*, 238 F.2d 341, 343–44 (9th Cir. 1956) (denying objection to bill of costs filed two days after the clerk's decision as untimely).

The Li Plaintiffs also waived objections to several other costs.  As explained in Section I.B.2., *supra*, at the hearing the Li Plaintiffs did not object to three of the transcript costs for $7.65, $72.75, and $84.88.  *See* ECF 394 at 27.  The Li Plaintiffs also did not expressly reassert their objection to color copies for the evidentiary hearing exhibits at the hearing.  Section I.B.2, *supra*.

Thus, the Li Plaintiffs' Motion fundamentally misconstrues the Taxation of Costs, as only $100.02 of the costs related to the lis pendens and the other $3,288.77 related to other claims and

proceedings in this case (indeed, the bulk of the costs were related to the Li Plaintiffs' Preliminary Injunction).  The Motion further presents no basis to strike the $100.02 because the Li Plaintiffs did not object to those costs when they had the opportunity to do so at the hearing. And again, the Li Plaintiffs dissatisfaction with the Court's resolution of the merits is no basis to strike or reduce the Taxation of Costs.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Motion should be denied.

DATED:  September 1, 2021.

<div style="margin-left:50%">

/s/James Kilroy
_____
James Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email:  jkilroy@swlaw.com
Email:  skanan@swlaw.com

***Counsel for Defendant Colorado Regional Center I, LLC, Colorado Regional Center, LLC, and Waveland Ventures, LLC***

</div>

## **CERTIFICATE OF SERVICE**

This is to certify that on September 1, 2021, a true and correct copy of the foregoing **CRC DEFENDANTS' RESPONSE TO THE LI PLAINTIFFS' MOTION TO STRIKE OR REDUCE CLERKS' BILL OF COSTS [ECF 397]** has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

*/s/Amy Kovarsky*
for Snell & Wilmer L.L.P.

4814-3403-6728