# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443
10th Circuit Court of Appeals No. 21-1232

Jun Li, et al.,

                Plaintiffs,

                                     Hon. Judge Moore

        v.

Colorado Regional Center I, LLC, et al.
                Defendants.

**Li Plaintiffs Motion for this Court to (i) find Colorado Regional Center I LLC ("CRCI") in Contempt for Violating Court Orders that No One Has the Power to Act for Colorado Regional Center Project Solaris LLLP ("CRCPS") and (ii) issuing a Stay on Any Further Actions by CRCI on Behalf of CRCPS**

Judge Moore ruled on March 2, 2021 that no person nor entity was empowered

to act for CRCPS and that its governance was in an "indeterminate state":

> CRCPS requires a general partner in order to function. And, here, Plaintiffs claim to have removed CRCI as general partner while CRCI contends it is still the general partner. That issue remains unresolved. . . What is apparent is that, until the issue is resolved, CRCPS remains in an indeterminate state. For example, CRCPS's counsel has withdrawn in this case and no new counsel has entered its appearance because of the dispute over who has authority to retain new counsel on its behalf. This means that there is no one acting on behalf of CRCPS . . . [ECF 271: 48].

Judge Moore later affirmed that no party was running CRCPS [ECF 332: Tr. 49-50

-- refusing to say who was running the company when asked by counsel].

1

Both ECF 271 and ECF 332 were incorporated into the Final Judgment at ECF 335.  The bottom line should have been clear: the Court ordered that no party can take action for CRCPS since no one is empowered or authorized to act for it. These Orders have been repeatedly violated by CRCI:

1) On April 22, 2021 *after the Judge's ruling that no one can act for CRCPS*, CRCI caused CRCPS to borrow $7,275,000 for the purpose of paying management fees to CRCI in excess of $5,000,000, without any authority from this Court, and this transaction was recorded with the Eagle County Recorder of Deeds and attached hereto as Exhibit 1 page 1.  Let's be clear: despite being told that no one can act for CRCPS, CRCI went ahead and had CRCPS take out a loan, turn over the money to CRCI itself, and thereby reduce the value of CRCPS' assets and those of all limited partners, all without any approval by this Court.

**2)** On June 9, 2021, *after the Judge's ruling that no one can act for CRCPS*, CRCI caused CRCPS to sell its unit 6E East for $2,800,000 (it was originally valued by CRCI at $3,707,500), and this transaction was recorded with the Eagle County Recorder of Deeds and attached as Exhibit 1 page 2, all without any approval by this Court.

3) The buyer of CRCPS' unit 6E East was an entity named "Sol 6E LLC" -- with a principal place of 141 Meadow Drive in Vail, the same place that

CRCI keeps its office -- at Solaris Vail.  See attached at Exhibit 2 pp. 1-2. In other words, CRCI caused CRCPS to sell a unit from its left hand to its right hand, or to CRCI, or for the benefit of CRCI, in some bizarre shell game between buddies at the same address in Vail, in favor of unknown lenders, in some mysterious transaction that has never been explained nor blessed by this Court.  All of this was done without approval of this Court.

4) On August 3, 2021, *after the Judge's ruling that no one can act for CRCPS*, CRCI caused CRCPS and an entity called "Thorofare Asset Based Lending REIT Fund V" to enter into an Assignment of Deed of Trust in favor of Pacific Premier Bank, and this transaction recorded with the Eagle County Recorder of Deeds and attached in Exhibit 1 page 3.  This means something very strange is happening in this case and not a shred of these details have been disclosed to, authorized nor approved by the District Court, nor even revealed to the limited partners who own CRCPS.

5) In addition to all of these *specific* transactions, CRCI continues to act *generally* for CRCPS, taking unknown and undisclosed further actions in violation of the Court Orders that no one can act for CRCPS. CRCI continues to occupy the offices of CRCPS and accrue management fees from limited partners even though it has zero legal authority to do so.

CRCI is looting CRCPS' assets in violation of the Court Order that no one can act for CRCPS (a consequence of 70% of limited partners voting to remove them for fraud). And this may be only the tip of the iceberg.  This orgy of greed and subterfuge cannot continue through the appeal in this case or the entire assets of CRCPS will be decimated.  It is already public record that the Plaintiffs invested $82.5 million dollars under the control of CRCI who promptly lost most of it.  Not content to lose half of the Chinese money, and not content to draw tens of millions in fees for doing so, they want to remain as the active general partner to continue their looting spree. But the Court said no, the matter would have to be frozen until a decision was made. And that should be respected by CRCI.

The Court has the inherent power to find CRCI in civil contempt. *Shillitani v. United States,* 384 U.S. 364, 370 (1966)("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt"); *Ohlander v. Larson,* 114 F.3d 1531, 1541 (10th Cir.1997)([A] "court's interest in ensuring a party's compliance with its orders is a great one, enforceable by fines or imprisonment.")  The elements of civil contempt are (1) a valid order existed, (2) the alleged contemnor had knowledge of the order, and (3) the alleged contemnor disobeyed the order. *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008); *Silva v. Coast to Coast Fin. Sols., Inc.*, No. 114CV02584-DDD-KMT, 2020 WL 9432701, at *2 (D. Colo. Feb. 10, 2020).  Here,

CRCI knew that Judge Moore never once said CRCI has the power to act for CRCPS, nor did Judge Moore remove it as general partner either -- he said that the entire matter is indeterminate, so it is basically frozen and stayed, so no one can act for CRCPS.  CRCI violated this by acting for CRCPS without Court approval.

The contempt finding should be transmuted into a general stay pending appeal. Normally a plaintiff who requests a stay pending appeal must make a showing of the same factors as a preliminary injunction. *Hilton v. Braunskill*, 481 U.S. 770, 771 (1987).  But here, the Court already told CRCI that it cannot act for CRCPS since no one can act for CRCPS. There is no need for the Li Plaintiffs to show the typical factors justifying a stay -- they merely have to show that CRCI violated a Court Order by acting for CRCPS and that it must stop until the Court of Appeals rules on the question of who is empowered to act for CRCPS.

WHEREFORE, the Li Plaintiffs request that the CRC Defendants and their counsel show cause as to why they should not be held in contempt for violating the Orders of this Court that no party had authority to act for CRCPS (per ECF 271 and 332), and ordering them to cease from any further such actions until this matter (the issue of who can act for CRCPS) is settled by the Court of Appeals. Because this matter is on appeal and this issue affects the Court of Appeals, it will be filed there as well.

**STATEMENT OF CONFERRAL PER D.C.COLO.LCivR 7.1: counsel for the CRC Defendants oppose this motion. Other counsels take no stance.**

Dated: September 5, 2021

/s/ *Douglas Litowitz*
Attorney for Plaintiff-Appellants
413 Locust Place
Deerfield, IL 60015
(312) 622-2848
litowitz@gmail.com

## Certificate of Service

I hereby certify that a copy of this Motion for Contempt and Stay on the District of Colorado ECF system and also on the 10th Circuit ECF system on September 5, 2021.