# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 19-cv-02443-RM-STV
    Consolidated with 19-cv-2637-RM-STV

**Derivatively:**
Hsin-Yi Wu, and Qi Qin,
in their capacity as limited partners of
Colorado Regional Center Project Solaris LLLP,

    Plaintiffs

v.

Colorado Regional Center Project Solaris LLLP,

    Nominal Defendant,
and

**Directly:**
Hsin-Yi Wu, Jun Li, Qi Qin, Yi Liu, Jie Yang, Yuquan Ni,
Zhongzao Shi, Fang Sheng, Shunli Shao, Kaiyuan Wu,
Zhijian Wu, Zhongwei Li, Sa Wu, Fan Zhang, Lin Qiao,
Jinge Hu, Rujun Liu, Ying Xu, Lu Li, Cao Xiaolong,
and Yuwei Dong,

    Plaintiffs,

v.

Colorado Regional Center LLC,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I LLC,
Peter Knobel, and
Colorado Regional Center Project Solaris LLLP, and
all principals and ultimate owners of business entities pursuant to
piercing of the limited liability veil,

    Defendants.

___

# ORDER

This matter is before the Court on Li Plaintiffs' "Motion for this Court to (i) find Colorado Regional Center I LLC ("CRCI") in Contempt for Violating Court Orders that No One Has the Power to Act for Colorado Regional Center Project Solaris LLLP ("CRCPS") and (ii) issuing a Stay on Any Further Actions by CRCI on Behalf of CRCPS" (the "Motion") (ECF No. 406). The Court finds no response is required before ruling. *See* D.C.COLO.LCivR7.1(d). After reviewing the Motion, and the court record, and being otherwise fully advised, the Court finds and orders as follows.[1]

**Court's Authority/Jurisdiction**. To start, Li Plaintiffs allege Colorado Regional Center I ("CRC I"), the general partner of Colorado Regional Center Project Solaris LLLP ("CRCPS") is in civil contempt of orders[2] which they (and Cui Plaintiffs) have appealed and challenged as erroneous. It should go without saying that Li Plaintiffs' position seeking to have the Court enforce such orders is incompatible with their position that such orders are wrong. Regardless, the pendency of the appeals on such orders raises an issue as to the Court's authority to rule on the Motion seeking civil contempt, which Li Plaintiffs do not address in their Motion. Moreover, even if the Court has authority, Li Plaintiffs fail to address whether they have standing to seek a civil contempt.

**Li Plaintiffs' Standing.** Li Plaintiffs rely on that portion of the March 2, 2021 Order (the "Order on Motion for Receiver") which addressed *Cui Plaintiffs'* Motion for Appointment of Receiver.[3] The Order on Motion for Receiver involved whether a receiver should be appointed for CRCPS because of an apparent impasse between the parties as to who can act on behalf of

---

[1] The Court assumes the reader is familiar with the extensive history which precedes this Order.
[2] Li Plaintiffs reference ECF No. 271 and No. 332. ECF No. 332 is the transcript of a hearing before the Court where it did not answer a question ("Who runs the company [CRCPS]?") posed by Li Plaintiffs. That the Court did not answer does not somehow render its silence to be an order.
[3] ECF No. 271, pp. 45, 48.

CRCPS. Li Plaintiffs, however, were not parties to that motion; therefore, a question is raised as to whether they have standing to seek a civil contempt for the alleged violation of the Order on Motion for Appointment. *See, e.g., Hill v. Warsewa*, 947 F.3d 1305, 1309 (10th Cir. 2020) (discussing prudential standing); *Field v. Hous. Auth. of Cook Cty.*, No. 17-CV-02044, 2018 WL 3831513, at *9 (N.D. Ill. Aug. 13, 2018) ("[O]nly plaintiffs who were party to the underlying suit or the intended beneficiary of the injunction can enforce an injunction."). Regardless, even if Li Plaintiffs could show standing, they fail to show CRC I has violated, or is violating, the Order on Motion for Receiver.

***No Violation Has Occurred.*** As stated, Li Plaintiffs seek a civil contempt against CRC I – they seek an order to show cause as to why CRC I should not be held in contempt for disobeying the Order on Motion for Receiver.

Sanctions for civil contempt may only be imposed for either or both of the following remedial purposes: "(1) to compel or coerce obedience to a court order, and (2) to compensate the contemner's adversary for injuries resulting from the contemner's noncompliance." *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992) (quotation marks, ellipsis, and citation omitted). A party seeking a contempt order bears the burden to establish, by clear and convincing evidence, that "[1] a valid court order existed, [2] that the defendant had knowledge of the order, and [3] that the defendant disobeyed the order." *Reliance Ins. Co. v. Mast Const. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998).

Li Plaintiffs assert that CRC I is allegedly engaged in all kinds of activities on behalf of CRCPS. Their request for sanctions is premised on the assertion that this Court ruled that "no

one can act for CRCPS."[4] Not so, especially when the Court's orders are viewed in context. As the Court's Order on Motion for Receiver stated:

> [A]t issue is who should run CRCPS. As a limited liability limited partnership, CRCPS requires a general partner in order to function. And, here, Plaintiffs claim to have removed CRC I as general partner while CRC I contends it is still the general partner. That issue remains *unresolved*.

(Italics added.[5]) Thus, the Court did not rule, or order, that CRC I could not act on behalf of CRCPS. *See Tyler v. City of Manhattan*, 118 F.3d 1400, 1403 (10th Cir. 1997) ("the district court is in the best position to interpret its pretrial order"); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) ("This court is vested with the authority to interpret its own mandate."); *Patterson v. Apfel*, 1999 WL 1032973, at *4, 198 F.3d 258 (10th Cir. 1999) (unpublished table decision) ("the court issuing a mandate governing further proceedings is in the best position to interpret the scope of that mandate" (citations omitted)).

Concurrent with resolving the Motion for Appointment of Receiver, the Court resolved Li Plaintiffs' Motion to Dismiss CRC I's counterclaim for declaratory relief.[6] That resolution also shows no determination was made as to who could or could not act.

In the counterclaim, CRC I alleged that "[w]ithout a determination as to whether CRC I was properly removed, the parties will continue to dispute who has the legal authority to manage and direct CRCPS and its counsel."[7] Thus, CRC I sought a declaration that no cause existed to remove CRC I as the general partner of CRCPS and that it has the authority to manage and direct CRCPS. Li Plaintiffs' Motion to Dismiss sought to dismiss the counterclaim and an order

---

[4] ECF No. 406, p. 2.
[5] ECF No. 271, p. 48.
[6] CRC I voluntarily dismissed, without prejudice, its counterclaim subsequent to the Court's order resolving Li Plaintiffs' Motion to Dismiss. (ECF No. 290.)
[7] ECF No. 204, Counterclaim, p. 41 at ¶ 62.

"declaring general partner removed instanter."[8] The Court, however, issued no such declaration. Instead, it found "the parties' arguments show there is a justiciable controversy over the issue of whether CRI I has been or can be properly removed under the facts and circumstances and the procedures Li Plaintiffs used (all of which are currently not established and in dispute)."[9]

In summary, the Court did not decide who could act or who could not act. That issue remains unresolved. Thus, CRC I is not and cannot be in violation of this Court's orders.[10] It follows that no show cause order shall enter and no stay/injunction shall issue against CRC I pending resolution of the appeals. It is therefore

**ORDERED** that Li Plaintiffs' "Motion for this Court to (i) find Colorado Regional Center I LLC ("CRCI") in Contempt for Violating Court Orders that No One Has the Power to Act for Colorado Regional Center Project Solaris LLLP ("CRCPS") and (ii) issuing a Stay on Any Further Actions by CRCI on Behalf of CRCPS" (ECF No. 406) is **DENIED**.

DATED this 7th day of September, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[8] ECF No. 208, p. 1.
[9] ECF No. 271, p. 44.
[10] Li Plaintiffs start with requesting relief against CRC I but close with seeking relief against CRC Defendants and their counsel. They, however, also fail to set forth any basis for relief against other CRC Defendants or their counsel.