IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-02443-RM-STV
       Consolidated with 19-cv-2637-RM-STV

**Derivatively:**
Hsin-Yi Wu, and Qi Qin,
in their capacity as limited partners of
Colorado Regional Center Project Solaris LLLP,

       Plaintiffs

v.

Colorado Regional Center Project Solaris LLLP,

       Nominal Defendant,
and

**Directly:**
Hsin-Yi Wu, Jun Li, Qi Qin, Yi Liu, Jie Yang, Yuquan Ni,
Zhongzao Shi, Fang Sheng, Shunli Shao, Kaiyuan Wu,
Zhijian Wu, Zhongwei Li, Sa Wu, Fan Zhang, Lin Qiao,
Jinge Hu, Rujun Liu, Ying Xu, Lu Li, Cao Xiaolong,
and Yuwei Dong,

       Plaintiffs,

v.

Colorado Regional Center LLC,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I LLC,
Peter Knobel, and
Colorado Regional Center Project Solaris LLLP, and
all principals and ultimate owners of business entities pursuant to
piercing of the limited liability veil,

       Defendants.

# ORDER ON
# "MOTION TO STRIKE OR REDUCE CLERKS' BILL OF COSTS AT ECF #394"

This matter is before the Court on Li Plaintiffs' "Motion to Strike or Reduce Clerks' Bill of Costs at ECF #394" (the "Motion for Review").[1] CRC Defendants[2] have filed a Response.[3] After considering the Motion for Review, the Response, relevant parts of the record, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

## I. BACKGROUND

The Court assumes the reader's familiarity with the extensive background of this case, so it will not be fully repeated here. Briefly, the Court granted in part and denied in part CRC Defendants' Motion to Dismiss.[4] Ultimately, final judgment was entered in favor of CRC Defendants and against Li Plaintiffs and CRC Defendants were awarded costs.[5]

CRC Defendants sought costs of $3,598.24. After hearing, on August 18, 2021, the Clerk assessed costs in the amount of $3,383.79 in favor of CRC Defendants and against Li Plaintiffs. The costs awarded were as follows[6]:

- Transcripts for various hearing totaling $914.41, of which $80.40 were unobjected to by Li Plaintiffs;

- Exemplification and copies of paper for exhibits for the preliminary injunction hearing, totaling $2,369.36; and

- Various charges related to the lis pendens filed by Li Plaintiffs totaling $100.02, all of which were unobjected to by Li Plaintiffs. CRC Defendants, however, conceded that $30.35 were not recoverable against Li Plaintiffs.[7]

---

[1] ECF No. 397.
[2] CRC Defendants are Defendants Colorado Regional Center LLC, Colorado Regional Center I, LLC, and Waveland Ventures, LLC.
[3] ECF No. 405.
[4] Some of Li Plaintiffs' claims were "voluntarily" dismissed, mooting some of the arguments in CRC Defendants' Motion to Dismiss. (ECF No. 271.)
[5] ECF No. 335.
[6] ECF No. 394.

2

On August 23, 2021, Li Plaintiffs timely sought review of the Clerk's award.

## II. LEGAL STANDARD

Rule 54(d)(1) provides that, with exceptions inapplicable here, costs, other than attorney's fees, "should be allowed to the prevailing party." The district court possesses broad discretion in awarding costs. *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009) (quotation marks and citation omitted). This discretion in taxing costs is limited in two ways. "First, Rule 54 creates a presumption that the district court will award costs to the prevailing party….Second, the district court must provide a valid reason for denying such costs." *In re Williams Sec. Litig.*, 558 F.3d at 1147 (quotation marks and citation omitted).

Costs may be taxed for transcripts and copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) & (4). They "must be reasonably necessary to the litigation of the case." *In re Williams Sec. Litig.*, 558 F.3d at 1148 (quotation marks and citation omitted). Costs may not be allowed "for materials that merely added to the convenience of counsel or the district court." *Id.* at 1147 (quotation marks and citation omitted). The district courts should not "employ the benefit of hindsight in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case." *Id.* at 1148 (quotation marks and citation omitted). Instead, the courts should base their determination "solely on the particular facts and circumstances at the time the expense was incurred." *Id*. (quotation marks and citation omitted).

"Once a prevailing party establishes its right to recover allowable costs…the burden shifts to the non-prevailing party to overcome the presumption that these costs will be taxed." *Id.* (quotation marks and citation omitted). The district court's review of a clerk's order taxing costs

---

[7] They were incurred in connection with the Cui Plaintiffs.

is de novo. *Faragalla v. Douglas Cty. Sch. Dist. RE 1*, 411 F. App'x 140, 161 (10th Cir. 2011) (citing *In re Williams Sec. Litig.*, 558 F.3d at 1147).

### III. DISCUSSION

Li Plaintiffs argue the costs awarded were incurred not in connection with CRC Defendants' Motion to Dismiss but, rather, in connection with an October 22, 2019 lis pendens hearing.[8] CRC Defendants prevailed in that hearing based on the claims made in the original complaint but the parties settled the attorney's fees which were required to be awarded to the prevailing party under the lis pendens statute, C.R.S. § 38-35-204.

Li Plaintiffs' objection to the award of these costs appears to raise four arguments. First, the parties settled the lis pendens matter in its entirety, including any costs now claimed. Second, CRC Defendants' demand for costs for the lis pendens comes too late. Third, CRC Defendants were a prevailing party on the lis pendens matter only for a millisecond because Li Plaintiffs could have refiled the lis pendens under the then operative complaint. And, finally, the costs awarded are extravagant and unreasonable. Li Plaintiffs propose to pay reduced costs of $600.

CRC Defendants counter that they were the prevailing party; Li Plaintiffs did not overcome the presumption that CRC Defendants were entitled to costs; CRC Defendants did not waive their right to recover costs related to the lis pendens; and Li Plaintiffs did not object to the $100.02 in costs related to the lis pendens or several other costs. The Court agrees, but that does not mean the entire amount awarded is allowable.

First, CRC Defendants are the prevailing parties, even as to the lis pendens issue. It matters not that Li Plaintiffs allegedly could have filed a new lis pendens.

Next, Li Plaintiffs' premise for rejection of these costs is that they are associated with the lis pendens hearing. CRC Defendants have shown that is not so, except for the small amount of

---

[8] ECF No. 59.

4

costs they specifically identified as lis pendens costs and to which Li Plaintiffs could have, but did not, object.

Third, an argument may be made that Li Plaintiffs' failure to object to the $100.02 lis pendens costs at the hearing waives any right to challenge such costs on review. The same holds true as to the other costs which Li Plaintiffs could have contested at the hearing but did not. Nonetheless, the Court recognizes that the burden is on the party seeking costs, here, CRC Defendants, "to establish the amount of compensable costs and expenses to which they are entitled." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002). Accordingly, the Court has conducted a de novo review of the matter. *See Faragalla*, 411 F. App'x at 162 (discussing the district court's de novo review of arguments which the losing party failed to raise before the clerk as she did not appear at the hearing).

After a de novo review, the Court finds that the costs awarded for transcripts were necessarily for use in this case. As to the lis pendens costs, the parties only agreed to waive fees and Li Plaintiffs fail to show any time limitations which bar CRC Defendants' request. Nonetheless, CRC Defendants admitted that two miscellaneous costs ($4.35 and $26.00) were incurred in connection with the Cui Plaintiffs and, therefore, could not be taxed against the Li Plaintiffs.[9] In light of this concession, costs in the amount of $30.35 should not be taxed.

Finally, Li Plaintiffs contend that the costs are extravagant and unreasonable. Here, Li Plaintiffs argue that the lis pendens hearing turned on a legal question which did not require documents and binders. Contrary to Li Plaintiffs' arguments, the documents were for the evidentiary preliminary injunction hearing. As for color versus black and white copies, and the number of copies, the Clerk found them reasonable based on this Court's Civil Practice Standards. CRC Defendants also rely on those Standards as support. This Court, however, was

---

[9] ECF No. 405, p. 5.

not then the presiding judicial officer; therefore, its Standards did not apply. Nonetheless, the Court's review of the record shows that the copies were reasonably necessary for use at the preliminary injunction hearing and were not merely for the convenience of counsel or of the presiding judicial officer.[10] The burden of justifying copy costs is not a high one. *In re Williams Sec. Litig.*, 558 F.3d at 1149 (quotation marks and citation omitted). Accordingly, Li Plaintiffs' arguments here are unavailing.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED** that Li Plaintiffs' "Motion to Strike or Reduce Clerks' Bill of Costs at ECF #394" (ECF No. 397) is **GRANTED IN PART** and **DENIED IN PART** as follows: (1) the award of costs is **reduced** by **$30.35**; and (2) the motion is otherwise denied.

DATED this 28th day of September, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[10] The Court is familiar with many of the documents as they were used in matters after it was assigned this case.