IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-02443-RM-STV
      Consolidated with 19-cv-2637-RM-STV

**Derivatively:**
Hsin-Yi Wu, and Qi Qin,
in their capacity as limited partners of
Colorado Regional Center Project Solaris LLLP,

    Plaintiffs

v.

Colorado Regional Center Project Solaris LLLP,

    Nominal Defendant,
and

**Directly:**
Hsin-Yi Wu, Jun Li, Qi Qin, Yi Liu, Jie Yang, Yuquan Ni,
Zhongzao Shi, Fang Sheng, Shunli Shao, Kaiyuan Wu,
Zhijian Wu, Zhongwei Li, Sa Wu, Fan Zhang, Lin Qiao,
Jinge Hu, Rujun Liu,Ying Xu, Lu Li, Cao Xiaolong,
and Yuwei Dong,

    Plaintiffs,

v.

Colorado Regional Center LLC,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I LLC,
Peter Knobel, and
Colorado Regional Center Project Solaris LLLP, and
all principals and ultimate owners of business entities pursuant to
piercing of the limited liability veil,

    Defendants.

**ORDER ON CRC DEFENDANTS' MOTION FOR ATTORNEY FEES**

This matter is before the Court on Defendants Waveland Ventures, LLC ("Waveland"), Colorado Regional Center, LLC ("CRC"), and Colorado Regional Center I, LLC ("CRC I") (collectively, "CRC Defendants") Motion for Attorney Fees (the "Motion") (ECF No. 274). The CRC Defendants seek an award of attorney fees under Colo. Rev. Stat. § 13-17-201. The matter is fully briefed.[1] After reviewing the Motion, relevant parts of the court record, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

I.  **BACKGROUND**

This is a consolidated action. For ease of reference, Plaintiffs in Civil Action No. 19-cv-02443 are referred to collectively as the "Li Plaintiffs" and Plaintiffs in Civil Action No. 19-cv-2637 are referred to collectively as the "Cui Plaintiffs" (Li and Cui Plaintiffs, collectively, "Plaintiffs"). As the parties are familiar with the lengthy background which precedes the Motion, only a brief summary is provided here.

Plaintiffs filed their respective actions alleging they purchased limited partnership interests in Colorado Regional Center Project Solaris, LLLP ("CRCPS"). CRCPS loaned the money ($82.5 million) Plaintiffs (and other limited partners) invested to Solaris Property Owner, LLC ("SPO"). Subsequently, SPO assigned its rights and obligations under the loan to Solaris Property Owner I, LLC ("SPO I"). At bottom, Plaintiffs alleged that the loan was undercollateralized with inflated valued condos; that SPO I was allowed to "repay" the loan with the overvalued condos (which was allegedly a disguised sale[2]); the limited partners were offered "put options"[3] to "unload" their interests in CRCPS; and the loan is in default but SPO I has not repaid. Plaintiffs filed numerous federal and state law claims[4] against the various defendants allegedly involved with this deal. Motions to Dismiss were

---

[1] *See* ECF Nos. 274, 278, 293, 295, and 305.
[2] According to Li Plaintiffs.
[3] According to Li Plaintiffs, these put options allegedly allowed the limited partners to "put" their partnership interests back to CRCPS and be assigned a condo. When the condo is sold, the limited partners who exercised the put options would receive the proceeds from the sale. (ECF No. 222, ¶ 99.) Cui Plaintiffs also made substantially the same allegations. (ECF No. 190, ¶ 22, 79.)
[4] A chart summarizing the claims relevant here is appended to the end of this order.

2

filed by SPO, SPO I, and Peter Knobel, allegedly the sole equity owner or principal of SPO and/or SPO I, ("Knobel") (collectively, "SPO Defendants") and by CRC Defendants.

In its Order on Pending Motions,[5] the Court granted the CRC Defendants' Motion to Dismiss, filed under Fed. R. Civ. P. 12(b)(6), directed against Plaintiffs, and dismissed the CRC Defendants from the case.

## II.    LEGAL STANDARDS

### A.   Rule 54(d) of the Federal Rules of Civil Procedure

Under Rule 54(d)(2) of the Federal Rules of Civil Procedure, "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."  "Unless a statute or a court order provides otherwise, the motion must . . . be filed no later than 14 days after the entry of judgment," and contain specific information to assist with resolving the motion.  Fed. R. Civ. P. 54(d)(2)(A) & (B); *see also* D.C.COLO.LCivR 65.3 (Local Rule setting forth additional requirements for attorney fees motion).

### B.   Colorado's Attorney Fee Statute – Colo. Rev. Stat. § 13-17-201

Colorado's attorney fee statute provides:

> In all actions brought as a result of…an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

Colo. Rev. Stat. § 13-17-201.  The fee statute applies equally to dismissals under Rule 12(b) of the Federal Rules of Civil Procedure.  *See Jones v. Denver Post Corp.*, 203 F.3d 748, 757 n. 6 (10th Cir. 2000) ("[W]e find the [fee] statute applies with equal force when a federal court dismisses a pendent state tort pursuant to Fed. R. Civ. P. 12(b)(6)."); *MacIntyre v. JP Morgan Chase Bank, N.A.*, 827 F. App'x 812, 820 (10th Cir. 2020), cert. denied sub nom., 209 L. Ed. 2d 772 (May 17, 2021) (same). The award of reasonable attorney fees is mandatory to a defendant prevailing in a tort action on a Rule 12(b) motion.  *Crandall v. City of Denver*, 238 P.3d 659, 660 (Colo. 2010); *Wyles v. Brady*, 822 F.

---

[5] ECF No. 271.

App'x 690, 697 (10th Cir. 2020). The fee statute leaves nothing to the discretion of the district court except to determine what is a reasonable fee. *Crandall*, 238 P.3d at 663.

The fee statute applies separately to each defendant who has an action dismissed against him under Rule 12(b). *See Gagne v. Gagne*, 338 P.3d 1152, 1168 (Colo. App. 2014) (analyzing only those claims brought against counterclaim defendant in determining he may recover under fee statute); *Falcon Broadband, Inc. v. Banning Lewis Ranch Metro. Dist. No. 1*, 474 P.3d 1231, 1245 (Colo. App. 2018) (The fee "statute applies to the claims against each defendant individually."). If the essence of the action against a defendant dismissed under Rule 12(b) is in tort, then the fee statute applies and fees shall be awarded. *Checkley v. Allied Property & Cas. Ins. Co.*, 635 F. App'x 553, 559 (10th Cir. 2016). The fee statute does not apply if the court does not "dismiss all the tort claims against a certain defendant or if an action contains both tort and non-tort claims and the defendant obtains C.R.C.P 12(b) dismissal of only the tort claims." *Falcon Broadband, Inc.*, 474 P.3d at 1244-45 (quotation marks and citation omitted). "In other words, for the statute to apply, the court must've dismissed the entire action pursuant to a Rule 12(b) motion, and that action must be a tort action." *Id.* at 1245. The burden is on the Defendants to establish that they are entitled to recover under the fee statute. *Gagne*, 338 P.3d at 1168 (stating that movant had not shown fees were recoverable under fee statute).

### C. Private Securities Litigation Reform Act

Under 15 U.S.C. § 78u-4(c) of the Private Securities Litigation Reform Act ("PSLRA"), "in any private action arising under this chapter [Chapter 2B – the Exchange Act], upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u-4(c)(1). Further, if the court makes a finding that a party or attorney has violated Rule 11(b), "the court shall impose sanctions on such party or attorney in accordance with Rule 11." 15 U.S.C.

§ 78u-4(c)(2). "[T]here is no requirement that the defendant have asked for the imposition of sanctions." *City of Livonia Emps. Ret. Sys. v. Boeing Co.*, 711 F.3d 754, 761 (7th Cir. 2013). The review is mandatory.

### III.   DISCUSSION

#### A. The Li Plaintiffs

In response to the CRC Defendants' motion for fees under section 13-17-201, C.R.S. (2021), the Li Plaintiffs make three arguments: (1) the motion is not timely because there is not a final order in the case as required by Fed. R. Civ. P. 54; (2) their complaint was not primarily a tort action, but rather was, in essence, a contract claim; and (3) the Court erroneously dismissed CRC I as a party.[6] The Court will address the arguments in turn.

The Li Plaintiffs first assert that the CRC Defendants' request for attorney fees is premature because there has not been a final order in this case. However, contrary to the Li Plaintiffs' argument, Fed. R. Civ. P. 54(d)(2)(B) sets forth a deadline *after* which a party cannot request fees, not a date before which such a request is unripe. In any event, in this case all claims against the CRC Defendants have been dismissed and the case is final as to them. Because the entire action as to the CRC Defendants has been dismissed, they are entitled to seek fees under section 13-17-201. *See Smith v. Town of Snowmass Village*, 919 P.2d 868, 873 (Colo. App. 1996) (noting that "[t]he statute, by using the term 'defendant' in the singular," applies to each defendant who has an action against it dismissed under Rule 12(b)).

The Li Plaintiffs next assert that their complaint did not primarily sound in tort, and thus argue that they should not be subject to section 13-17-201. They contend that the essence of their complaint lies in contract.

---

[6] ECF No. 278. The Li Plaintiffs also asserted that, at the time of their filing, the Court had not yet decided if it would dismiss remaining claims for a lack of subject matter jurisdiction or whether it would exercise supplemental jurisdiction. The remaining claims, however, were all against the SPO Defendants and therefore are not implicated by the CRC Defendants' motion.

5

To determine if section 13-17-201 applies when a party has pleaded tort and non-tort claims, "a court must determine, as a matter of law," *Gagne*, 338 P.3d at 1167, whether the "essence" of that party's action was one in tort, *Luskin Daughters 1996 Trust v. Young*, 448 P.3d 982, 987 (Colo. 2019). In making its determination, the court "should focus on the manner in which the claims were pleaded," *Luskin Daughters*, 448 P.3d at 987, and "rely on the pleading party's characterization of its claims," *Gagne*, 338 P.3d at 1167. *See also Falcon Broadband, Inc. v. Banning Lewis Ranch Metro. Dist. No. 1*, 474 P.3d 1231, 1245 (Colo. App. 2018) ("How the plaintiff chose to plead the claim (as a tort or not) controls."). The Court "should not consider what the party should or might have pleaded." *Gagne*, 338 P.3d at 1167.

To make this determination the Court engages in a two-step analysis. *Id.* at 1168. First, the Court applies the "predominance" test—whether quantitatively or qualitatively the action is more "tortious" in nature. *Id.*; *see also Walker v. Women's Professional Rodeo Association, Inc.*, 2021 COA 105M, ¶ 76. The Court should consider both the number of tort and non-tort claims asserted, as well as the relative importance of the various claims. *Walker*, 2021 COA 105M, ¶¶ 77-78. The Court then considers whether the plaintiff asserted the tort claims in order to unlock remedies not otherwise available under the non-tort claims. *Id.* at ¶ 79. If the essence of the action against a defendant dismissed under Rule 12(b) is in tort, then the fee statute applies and fees shall be awarded. *Checkley v. Allied Property & Cas. Ins. Co.*, 635 F. App'x 553, 559 (10th Cir. 2016).

In this case, the Li Plaintiffs raised the following claims against the CRC Defendants: (1) breach of fiduciary duty arising by contract and statute; (2) civil theft; (3) a violation of section 10(b) of the Securities Exchange Act; (4) a violation of the Colorado Securities Act; (5) a claim to remove CRC I as the general partner of CRCPS; (6) fraud against CRC, CRC I, and Waveland Ventures; (7) fraud against CRCPS; and (8) a claim to pierce the veil of CRC I to hold its owners/members liable for fraud, breach of contract, and securities violations.[7] It is clear to the Court that the essence of the Li Plaintiffs' case is one that lies in tort. *See Resol. Tr. Corp. v. Heiserman*,

---

[7] EFC No. 222.

6

898 P.2d 1049, 1056 (Colo. 1995) (recognizing the tort of breach of fiduciary duty); *Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 290 (Colo. App. 2009) (noting that a breach of a duty that arises independently of a contractual duty between parties may support a tort action); *Bermel v. BlueRadios, Inc.*, 2019 CO 31, ¶ 33, 440 P.3d 1150, 1157 (noting that "because civil theft is wrongful conduct—indeed, intentionally wrongful conduct—that causes harm for which courts will impose civil liability, it would appear to amount to a tort in Colorado"); *deHaas v. Empire Petroleum Co.*, 302 F.Supp. 647, 649 (D. Colo. 1969) (noting that a claim under the Securities Exchange Act of 1934 "necessarily involves the commission of an intentional tort"); *First Nat'l Bank of Durango v. Lyons*, 2015 COA 19, ¶ 15, 349 P.3d 1161, 1164 (noting that the essence of the plaintiff's claim under the Colorado Securities Act was tortious in nature because the major thrust of the claims were identical to that of a claim for common law fraud); *Robinson v. Colorado State Lottery Div.*, 179 P.3d 998, 1004 (Colo. 2008) (noting that fraud is a common law tort claim expressly intended to remedy economic loss which can exist independent of or in conjunction with a contract claim). On a purely quantitative level, the Li Plaintiffs' claims predominantly sound in tort. Furthermore, the substantive essence of the claims is that the Defendants defrauded the Plaintiffs and induced the Plaintiffs to invest in a scheme in reliance on the Defendants' fraudulent material misrepresentations and material omissions concerning how the investment would work. Given that conclusion, the Court need not consider whether the Li Plaintiffs raised tort claims in order to seek remedies beyond those available in their potential contract claims. *See Gagne*, 338 P.3d at 1168.

Finally, the Li Plaintiffs assert that this Court erred when it dismissed their first claim for breach of fiduciary duty against CRC I, and that the Court should reinstate that claim. Although not expressly stated in their response, the Li Plaintiffs implicitly argue that, upon reinstatement of that claim, attorney fees would be premature because one of the claims against the CRC Defendants would

7

then remain outstanding. The Court declines the invitation to reconsider its decision to dismiss the breach of fiduciary duty claim for the reasons set forth in its prior order.[8]

Because the Court concludes that the Li Plaintiffs' claims were tort claims, and because those claims were dismissed on the CRC Defendants' 12(b) motion, the CRC Defendants are entitled to attorney fees under section 13-17-201.

### B. The Cui Plaintiffs

In response to the CRC Defendants' motion for fees, the Cui Plaintiffs make four arguments against the awarding of any fees. (1) the motion is not timely because there is not a final order in the case as required by Fed. R. Civ. P. 54; (2) their complaint was not primarily a tort action, but rather was, in essence, a contract claim; and (3) the motion is premature because it is not clear that all of the Cui Plaintiffs' claims against the CRC Defendants have been dismissed; and (4) the CRC Defendants' motion fails to apportion attorney fees among the various CRC Defendants represented by the same law firm.

First, as discussed above, the case is final as to the CRC Defendants because all the Cui Plaintiffs' claims against them have been dismissed. The CRC Defendants are therefore entitled to seek fees under section 13-17-201. *See Smith*, 919 P.2d at 873 (noting that the statute applies to each defendant who has an action against it dismissed under Rule 12(b)).

The Court also disagrees that the Cui Plaintiffs' claims were, in essence, contract claims. The Cui Plaintiffs raised the following claims against the CRC Defendants: (1) fraud; (2) breach of fiduciary duty; (3) violation of the Colorado Consumer Protection Act; (4) violation of the Investment Company and Investment Advisors Acts; (5) violation of the Federal Securities Exchange Act; (6) a claim for declaratory relief; and (7) a claim to pierce the corporate veil of CRC I to hold its owners/members liable for fraud, breach of contract, and securities violations.[9] As in the case of the Li Plaintiffs' claims, the Court concludes that the Cui Plaintiffs' claims are predominantly in the nature of

---

[8] ECF No. 271, pp. 25-28.
[9] ECF No. 190.

a tort action. *See Robinson*, 179 P.3d at 1004 (noting that fraud is a common law tort); *Heiserman*, 898 P.2d at 1056 (recognizing the tort of breach of fiduciary duty); *Hamon Contractors, Inc.*, 229 P.3d at 290 (noting that a breach of a duty that arises independently of a contractual duty between parties may support a tort action); *deHaas*, 302 F.Supp. at 649 (noting that a claim under the Securities Exchange Act of 1934 "necessarily involves the commission of an intentional tort"); *Building on Our Best LLC v. Sentinel Insurance Co.*, 15-cv-00669, 2016 WL 1756488 at *3 (D. Colo. May 3, 2016) (concluding that a claim under the Colorado Consumer Protection Act "is properly characterized as a tort claim" because the purpose of the Act, like the purpose of tort law, is to provide a remedy against consumer fraud). The Cui Plaintiffs' claims against the CRC Defendants are both quantitatively and qualitatively predominantly a tort action.

Third, the Cui Plaintiffs argue that it is not clear that all of the claims against the CRC defendants have been dismissed because their claim for a declaratory judgment was brought against CRC I and the Court did not dismiss that claim pursuant to the Defendants' 12(b) motions. In response to the Cui Plaintiffs' motion for clarification pursuant to Fed. R. Civ. P. 60, the Court previously addressed this contention and noted that the claim for declaratory judgment requested a clarification of the rights of the parties to the loan agreement, which was a contract between CRCPS and the SPO Defendants.[10] In the Court's view, therefore, CRC I was not a party to the contract and therefore could not be the subject of the claim for declaratory relief. In light of that fact, the Court declined to clarify or reconsider its conclusion that it had dismissed the CRC Defendants entirely from the case and it declines to do so again here. The motion for attorney fees is not premature; the CRC Defendants have been dismissed from this case.

Finally, the Cui Plaintiffs argue that the CRC Defendants' motion for attorney fees should be denied because the motion failed to apportion the claimed fees to each of the individual CRC Defendants. This argument, however, turns on the Cui Plaintiffs' prior argument, that not all the claims against CRC I had been dismissed and therefore CRC I is not yet entitled to fees. The Court

---

[10] ECF No. 332, pp. 14-16.

has already rejected the argument that its orders have left CRC I as a part of this case—all claims against all of the CRC Defendants have been dismissed. In addition, the CRC Defendants note that all of the fees were incurred on behalf of, and paid by, CRC I, and therefore apportionment is not required.

### C. The Amount of Reasonable Fees

*Li Plaintiffs.* The Li Plaintiffs make no challenge to the amount of fees sought by the CRC Defendants. The Court has independently reviewed the CRC Defendants' submission, including the rates charged, the experience of the attorneys and others involved in defending this matter, the hours expended and the tasks performed. The Court is also very familiar with the nature and complexity of this case as well as the complexity and number of issues raised, the scope and depth of the filings, and the reasonable amount of time that would be expended to address those filings. *See Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996) (listing the factors courts should consider in determining the reasonableness of fees).

Having conducted the review, the Court concludes that the fees requested were reasonable. Therefore, $390,056.25 shall be awarded to the CRC Defendants against the Li Plaintiffs.[11]

*Cui Plaintiffs.* The Cui Plaintiffs contest the amount of fees requested by the CRC Defendants to the extent that those fees are duplicative of amounts already awarded by the Court in connection with the Order to Show Cause re Removal of Lis Pendens. The CRC Defendants concede that they inadvertently included an amount related to the removal of the Cui Plaintiffs' lis pendens in their request for fees. They therefore reduced their total request to reflect the removal of that amount.

The Cui Plaintiffs otherwise do not dispute the reasonableness of the fees requested by the CRC Defendants. As in the case of the Li Plaintiffs, the Court has reviewed the services billed, time expended, and amounts charged and concludes that they are reasonable under the circumstances of this case. As previously indicated, the Court is fully aware of the complexity of this case and the work required to defend it. In light of those considerations, the Court concludes that the fees requested are

---

[11] EFC No. 274.

reasonable once the duplicative amount has been removed.  Therefore, the court awards $139,539.75 to the CRC Defendants against the Cui Plaintiffs.[12]

### D.  Recovery of Fees under the PSLRA

Pursuant to the PSLRA, as discussed above, in the event that the Court finds a party or attorney to have violated Fed. R. Civ. P. 11(b), it is required to award fees against as a sanction against the party or attorney who committed the violation.  15 U.S.C. § 78u-4(c).  The Defendant need not have requested fees under this provision.  In a separate Order also being issued today, the Court addresses the award of fees under that provision.  As explained in that Order, however, the fees awarded are not cumulative and can be collected only once.

## IV.  Conclusion

Based on the foregoing, it is therefore **ORDERED**

(1) That the CRC Defendants' Motion for Award of Attorney Fees (ECF No. 274) is GRANTED as stated herein;

(2) That the CRC Defendants are awarded $390,056.25 in attorney fees against the Li Plaintiffs; and

(3) The CRC Defendants are awarded $139,539.75 in attorney fees against the Cui Plaintiffs.

Dated this 29th day of October, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[12] ECF Nos. 274, 295, 305.

## Chart of Claims

| | Li Plaintiffs' Counts | | | |
|---|---|---|---|---|
| Count | Direct/ Derivative | CRC Defendants Named | Basis | Disposition |
| I | Derivative | CRC I | Breach of Fiduciary Duty | Dismissed on Merits. |
| II | Derivative | CRCPC, CRC | Civil Theft | Dismissed on Merits. |
| V | Derivative | CRC I | Federal Securities Exchange Act | Dismissed on Merits. |
| VI | Derivative | CRC | Colorado Securities Act – Fraud | Dismissed on merits. |
| VII-1 [13] | Derivative | CRC | Removal of CRC as General Partner | Dismissed as withdrawn. [14] |
| VII-2 | Direct | CRC, CRC I, Waveland Ventures | Fraud | Dismissed as withdrawn. |
| VII-3 | Direct | CRCPS | Fraud | Dismissed as withdrawn. |
| VII-4 | Direct | CRC I | Veil Piercing | Dismissed as witndrawn. |

---

[13] Li Plaintiffs' complaint contains four "Count VIIs." (ECF No. 222.)

[14] "Dismissed as withdrawn," as used herein, refers to the Court's dismissal of these claims after they were voluntarily "withdrawn," "dismissed," or conceded to by Plaintiffs.

| Cui Plaintiffs' Counts | | | | |
|---|---|---|---|---|
| Count | Direct/ Derivative | CRC Defendants Named | Basis | Disposition |
| I | Direct | CRCPS, CRC, CRC I, Waveland Ventures | Fraud | Dismissed on merits. |
| II | Direct & Derivative | CRC, CRC I | Breach of Fiduciary Duty | Dismissed on merits. |
| III | Direct | CRCPS, CRC, CRC I, Waveland Ventures | Colorado Consumer Protection Act | Dismissed as withdrawn. |
| IV | Direct | CRCPS, CRC I | Investment Company and Investment Advisors Acts | Dismissed on Merits |
| V | Direct | CRCPS, CRC, CRC I, Waveland Ventures | Federal Securities Exchange Act | Dismissed on Merits |
| VII | Direct & Derivative | CRC I | Declaratory Relief: Enforceability of YEA and ARCU | Dismissed without prejudice. Court declined to exercise supplemental jurisdiction. |
| VIII | Direct | CRC I | Veil Piercing | Dismissed as withdrawn; not a claim but a remedy. |