# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 19-cv-02443-RM-STV
      Consolidated with 19-cv-2637-RM-STV

**Derivatively:**
Hsin-Yi Wu, and Qi Qin,
in their capacity as limited partners of
Colorado Regional Center Project Solaris LLLP,

    Plaintiffs

v.

Colorado Regional Center Project Solaris LLLP,

    Nominal Defendant,
and

**Directly:**
Hsin-Yi Wu, Jun Li, Qi Qin, Yi Liu, Jie Yang, Yuquan Ni,
Zhongzao Shi, Fang Sheng, Shunli Shao, Kaiyuan Wu,
Zhijian Wu, Zhongwei Li, Sa Wu, Fan Zhang, Lin Qiao,
Jinge Hu, Rujun Liu,Ying Xu, Lu Li, Cao Xiaolong,
and Yuwei Dong,

    Plaintiffs,

v.

Colorado Regional Center LLC,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I LLC,
Peter Knobel, and
Colorado Regional Center Project Solaris LLLP, and
all principals and ultimate owners of business entities pursuant to
piercing of the limited liability veil,

    Defendants.

---

**ORDER ON FEES PURSUANT TO THE PSLRA**

This matter is before the Court on SPO Defendants'[1] "Motion to Amend the Judgment or, in the Alternate, for Findings and Order on PSLRA Attorney Fees" (the "Motion") (ECF No. 341). On August 23, 2021, this Court issued an Order that amended the judgment, made findings of violations under Rule 11(b) of the Federal Rules of Civil Procedure by Li Plaintiffs' Attorney Litowitz and Cui Plaintiffs' Attorney Stewart, and directed Attorneys Litowitz and Stewart to file a response rebutting the presumption that attorneys' fees should be awarded pursuant to the Private Securities Litigation Reform Act ("PSLRA") (ECF No. 377). Having now received those responses, the Court finds and orders as follows.

## I. Background

This is a consolidated action. For ease of reference, Plaintiffs in Civil Action No. 19-cv-02443 are referred to collectively as the "Li Plaintiffs" and Plaintiffs in Civil Action No. 19-cv-2637 are referred to collectively as the "Cui Plaintiffs" (Li and Cui Plaintiffs, collectively, "Plaintiffs"). As the parties are familiar with the lengthy background which precedes the Motion, only a brief summary is provided here.

Plaintiffs filed their respective actions alleging they purchased limited partnership interests in Colorado Regional Center Project Solaris, LLLP ("CRCPS"). CRCPS (lender) loaned the money ($82.5 million) Plaintiffs (and other limited partners) invested to SPO (borrower). Subsequently, SPO assigned its rights and obligations under the loan to SPO I. At bottom, Plaintiffs alleged that the loan was undercollateralized with inflated valued condos; that SPO I was allowed to "repay" the loan with the overvalued condos (which was allegedly a disguised sale[2]); the limited partners were offered "put options"[3] to "unload" their interests in

---

[1] The SPO Defendants are Solaris Property Owner LLC, Solaris Property Owner I, and Peter Knobel. Knobel is allegedly the sole equity owner or principal of SPO and/or SPO I.
[2] According to Li Plaintiffs.

CRCPS; and the loan is in default but SPO I has not repaid.  Plaintiffs filed numerous federal and state law claims against the various Defendants allegedly involved with this deal.  Motions to Dismiss were filed by Waveland Ventures, LLC ("Waveland"), Colorado Regional Center, LLC ("CRC"), and Colorado Regional Center I, LLC ("CRC I") (collectively, "CRC Defendants") and by the SPO Defendants.

In its Order on Pending Motions,[4] the Court granted in full the CRC Defendants' motion to dismiss and dismissed the CRC Defendants from the case.  The Court also granted in part and denied in part SPO Defendants' Motion to Dismiss, filed under Fed. R. Civ. P. 12(b)(6), directed against Plaintiffs.  SPO Defendants' Motion to Dismiss was granted as to all remaining claims[5] by Plaintiffs except the following: (1) Cui Plaintiffs' Counts VI (derivative against SPO I) and Count VII (derivative against SPO and SPO I) for declaratory relief; and (2) Li Plaintiffs' Count III (derivative for breach of contract against SPO I).  All claims against Knobel were dismissed; therefore, he was dismissed as a party to this consolidated action.

Because the Court dismissed the federal claims, it also raised *sua sponte* whether diversity jurisdiction existed and, if not, whether the Court should retain supplemental jurisdiction over the three remaining state law claims.  In its Order Regarding Subject Matter Jurisdiction,[6] the Court determined that it did not have diversity jurisdiction and declined to exercise supplemental jurisdiction over the state law claims. Therefore, the three state law claims were dismissed without prejudice. It appears that some Plaintiffs have recently filed a breach of contract claim in

---

[3] According to Li Plaintiffs, these put options allegedly allowed the limited partners to "put" their partnership interests back to CRCPS and be assigned a condo. When the condo is sold, the limited partners who exercised the put options would receive the proceeds from the sale. (ECF No. 222, ¶ 99.) Cui Plaintiffs also made substantially the same allegations. (ECF No. 190, ¶ 22, 79.)
[4] ECF No. 271.
[5] Some claims were voluntarily withdrawn or conceded. (*See* ECF No. 271.)
[6] ECF No. 334.

state court.[7]  The Court's March 2, 2021, order did not, however, make any findings regarding the parties' and attorneys' compliance with Fed. R. Civ. P. 11, as required by the PSLRA.

Pursuant to the motion of the SPO defendants, the Court amended that order on August 23, 2021, to comply with the PSLRA.[8]  The Court found that neither the Li Plaintiffs nor the Cui Plaintiffs themselves had violated Rule 11.  But it also concluded that the Li Plaintiffs' Attorney Litowitz violated Rule 11(b)(2) and (b)(3) by bringing a derivative claim on behalf of CRCPS against its own general partner for alleged securities violations, in essence "bringing a securities fraud against itself."  (ECF No. 377, p.9.)  The Court determined that, reviewing these claims under a purely objective standard, the allegations "were neither warranted by existing law nor warranted by 'a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.'"  *Id.* (quoting Fed. R. Civ. P. 11(b)(2)).  And the Court concluded that there existed no evidentiary basis upon which to file such a claim.

The Court also found that the Cui Plaintiffs' Attorney Stewart violated Rule 11(b)(2) by bringing a securities claim that was barred by the statute of repose and by failing to plausibly allege a claim against the SPO Defendants, relying instead on allegations against the CRC Defendants.  *Id.* at 10-11.  Finally, the Court determined that Attorney Stewart's allegations regarding the "put" options lacked evidentiary support as to all but one defendant.  *Id.* at 11.

Having concluded that the two attorneys violated Rule 11(b), the Court noted that the PSLRA imposes a presumption in favor of attorneys' fees and costs in such cases, but also acknowledged that such presumption was rebuttable.  *Id.* at 14.  The Court therefore offered the Plaintiffs and their attorneys the opportunity to rebut the presumption that such fees and costs should be imposed.  *Id.* at 14-15.  The Court also ordered the Defendants to file precise

---

[7] ECF No. 409.
[8] ECF No. 377.

attorneys' fees and expense information related to the securities claims. *Id.* at 16. All parties filed responses to the Court's order.[9]

## II.     Legal Standard

The PSLRA provides for sanctions in cases of abusive litigation. 15 U.S.C. § 78u-4(c). It "emphasizes the need not only to deter such abusive lawsuits, but also to compensate fully victims of this kind of abusive litigation." *Gurary v. Nu-Tech Bio-Med, Inc.*, 303 F.3d 212, 215 (2d Cir. 2002). It therefore mandates that:

> In any private action arising under [Chapter 2B of the Exchange Act], upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

*Id*. It further dictates that if the court makes a finding that a party or attorney violated any requirement of Rule 11(b), the court shall impose sanctions on such party or attorney in accordance with Fed. R. Civ. P. 11 after first allowing any such party or attorney an opportunity to respond. *Id.* The circuits to have considered the question appear to agree that, where a violation of Rule 11 is found, sanctions of some kind are mandatory. *See Thompson v. Relationserve Media, Inc.*, 610 F.3d 628, 667 (11th Cir. 2010) (Tjoflat, J., dissenting in part) (collecting cases and concluding that "Congress meant what it said when it made Rule 11 sanctions mandatory whenever a violation is found."); *Citibank Global Markets, Inc. v. Rodriguez Santana*, 573 F.3d 17, 31-32 (1st Cir. 2009) (noting that the statute requires findings and, where a Rule 11 violation is found, requires that sanctions be imposed); *Gurary*, 303 F.3d at 215 (same).

The PSLRA also adopts a presumption that the appropriate sanction for a violation of Rule 11(b) is an "award to the opposing party of the reasonable attorneys' fees and other

---
[9] ECF Nos. 381, 399, 400, 404.

expenses incurred," as the result of the failure to comply with Rule 11.  15 U.S.C. § 78u-4(c)(3)(A).  If the Rule 11 violation appears in a *responsive pleading* or *dispositive motion*, then the presumptively appropriate sanction is the opposing party's reasonable attorneys' fees and expenses "incurred as a direct result of the violation."  *Id.*; *see also Morris v. Wachovia Securities, Inc.*, 448 F.3d 268, 276 (4th Cir. 2006) (same).  If a *complaint* substantially fails to comply with Rule 11, however, the presumptive sanction "is an award to the opposing party of the reasonable attorneys' fees and other expenses incurred in the action."  15 U.S.C. § 78u-4(c)(3)(B).

"The mandatory and broad nature of the presumption, however, was tempered by limiting it only to those cases in which the failure to comply with Rule 11 was 'substantial.' . . . [T]he presumption was reserved only for a 'serious offense—filing an unfounded action.'"  *Gurary*, 303 F.3d at 220 (quoting 141 Cong. Rec. S19044, S19055 (Dec. 21, 1995) (Letter to the Senate Committee on Banking, Housing and Urban Affairs from Judge Anthony J. Scirica)).  Although not defined in the statute, other courts have concluded that a failure to comply with Rule 11 is "substantial" when the suit as a whole, including both the frivolous and nonfrivolous claims, is "abusive."  *Id.* at 222.  "Under this interpretation, the district court must examine the qualitative substance of the nonfrivolous claims in order to assess whether theses claims were, in fact, legitimate filings that had the potential of prevailing or whether they patently lacked merit and narrowly avoided being deemed frivolous themselves."  *Id.*  If the suit, as a whole, is not abusive, the presumption of full sanctions might not be appropriate.  *Id.*

The PSLRA further provides that the presumption may be rebutted by proof, presented by the attorney or party against whom sanctions are to be imposed, that either (1) the award of fees and expenses would impose an unreasonable burden on the sanctioned individual and would be

6

unjust, while failure to make such an award would not impose a greater burden on the party in whose favor sanctions are to be imposed; or (2) any violations of Fed. R. Civ. P. 11(b) were de minimis. 15 U.S.C. § 78u-4(c)(3)(B). "If the presumption is rebutted, then 'the court shall award the sanctions that it deems appropriate pursuant to [Rule 11].'" *Morris*, 448 F.3d at 276 (quoting 15 U.S.C. § 78u-(c)(3)(C), alterations original).

In order to rebut the presumption under the "unreasonable burden" prong, the party facing sanctions must "offer, through financial statements or other proof, evidence that the award is unreasonable and unjust, given the party's economic or other like status." *Gurary*, 303 F.3d at 221. The parameters of "de minimis violation" prong are less clearly defined, but are met at least in a case in which "one claim in a twenty-count complaint is frivolous." *Id.* at 220.

The Second Circuit set out a clear procedure for evaluating proceedings under the PSLRA: the district court must determine first whether any of the claims are frivolous and violate Rule 11. *Id.* at 223. If the court finds a violation, it must second consider whether any nonfrivolous claims are "of a quality sufficient to make the suit as a whole nonabusive and the Rule 11 violation not substantial." *Id.* Third, if it concludes that none of the nonfrivolous claims are sufficiently weighty to render the suit nonabusive, the court must apply the statutory presumption. *Id.* In the fourth step, the court must determine whether the violation was de minimis or whether the imposition of the full sanction would create an unjust burden on the sanctioned party "and that a partial award would not 'impose a greater burden on the party in whose favor sanctions are to be imposed,'" and if either of these conditions are met then the presumption is rebutted. *Id.* The court should not impose full sanctions if it concludes that any violation was not substantial or if, though having committed a substantial violation, the sanctioned party has rebutted the presumption. *Id.*

7

If the violation is not substantial, or if a party or attorney successfully rebuts the presumption, "the court shall award the sanctions that the court deems appropriate pursuant to Rule 11 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(c)(3)(C). The Second Circuit explained that the proper level of an award for raising a single frivolous claim, rather than bringing an entirely frivolous action, should likely be substantially less than the full cost incurred in the entire action. *Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.*, 186 F.3d 157, 178 (2d Cir. 1999). "[I]n such cases, even if no substantial failure existed under the PSLRA, partial sanctions might still be assessable under ordinary Rule 11 standards to punish not the bringing of the whole suit, but only of the frivolous claim." *Gurary*, 303 F.3d at 222.

### III. Analysis

#### A. Li Plaintiff's Attorney Litowitz

The Court begins its analysis with the question of whether the Rule 11 violation, previously found, was "substantial," thus triggering the presumption that Attorney Litowitz be sanctioned in the amount of the Defendants' attorney fees expended in this action. The Court concludes that it was.

The Li Plaintiff's operative Complaint in this case contained ten claims—seven derivative claims on behalf of CRCPS, and three direct claims.[10] The Li Plaintiffs subsequently voluntarily dismissed all of the direct claims, as well as two of the derivative claims.[11] On the Defendants' motions, this Court then dismissed all but one of the remaining claims.[12] The Li Plaintiff's claims included (1) a derivative claim for breach of fiduciary duty against CRC I; (2) a derivative claim for civil theft against CRC, SPO, and Knobel; (3) a derivative claim for breach

---

[10] ECF No. 222.
[11] ECF No. 210.
[12] ECF No. 271.

8

of the loan agreement against SPO; (4) a derivative claim alleging violations of sections 78j and 78t of the Federal Securities Exchange Act against CRC I; and (5) a derivative claim for a violation of the Colorado Securities Act against CRC and Knobel.  The Court dismissed the claimed violation of the Federal Securities Exchange Act, which is the claim subject to the PSLRA, on three separate grounds, including that the put options were not new securities; the claim fell outside the statute of repose, and was therefore time barred; and it failed to state a derivative claim because it sought only to recover for the individual investors, and not for CRCPS, on whose behalf the derivative claim had purportedly been brought, and because it essentially constituted a suit by CRCPS against itself.  The Court also previously explained that it was this final reason that led it to find a violation of Rule 11(b)(2).[13]

The question, then, is whether the remaining four claims were nonfrivolous and, if so, sufficiently weighty to render the Li Plaintiffs' suit nonabusive.  In evaluating the Li Plaintiffs' claim under the Colorado Securities Act, the Court dismissed on the same reasoning it applied to the federal securities claim.[14]  The Court noted the same three reasons to dismiss the claim.  Thus, if the federal securities claim was frivolous, so was the state securities law claim.

The Li Plaintiffs' civil theft claim failed for a similar reason—the allegations made in the Complaint failed to support a derivative claim brought on behalf of CRCPS, but instead set out a claim that the Defendants had committed theft against the Li Plaintiffs as individuals.[15]  In the Court's view, an objectively reasonable lawyer would have recognized that the allegations in the Complaint did not support a civil theft claim by CRCPS and that therefore it was patently clear that the claim had no chance of success.  Therefore, the Court concludes that the civil theft claim, too, was frivolous.

---

[13] ECF No. 377, pp. 9-10.
[14] ECF No. 271, pp. 31, 42.
[15] *Id.* at pp. 29, 40.

The Court dismissed the Li Plaintiffs' breach of fiduciary duty claims on two bases.[16] First, the Court noted that several of the breaches alleged in this claim occurred before the Li Plaintiffs became limited partners—thus, they lacked standing to bring claims based on those allegations. The Court then noted that the remainder of the allegations in that claim were barred by the economic loss rule, which dictates that "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256, 1264 (Colo. 2000). The Court concluded that the Li Plaintiffs' claim on this court relied on duties set out in the Partnership Agreement, and therefore were barred by the economic loss rule. In fact, the Li Plaintiffs directly referred to the Partnership Agreement in order to assert that there existed a fiduciary relationship between the Plaintiffs and the CRC Defendants. The Court concludes that, in light of the law on standing as well as the economic loss rule, no objectively reasonable attorney would have believed that this breach of fiduciary duty claim had merit. Therefore, this claim, too, was frivolous.

The final claim brought by the Li Plaintiffs was the derivative claim for a breach of contract by SPO I. The Court previously concluded that the Li Plaintiffs plausibly alleged a claim for a breach of contract.[17] This claim survived the Defendants' motions to dismiss and was dismissed without prejudice only because the Court declined to exercise supplemental jurisdiction over the remaining state law claims.[18] Therefore, the Li Plaintiff's breach of contract claim was not frivolous.

Out of a total of ten original claims, all but one were dismissed either voluntarily or by the Court on the merits. Even if the Court were to set aside those claims voluntarily dismissed

---

[16] *Id.* at pp. 25-28.
[17] *Id.* at p. 41.
[18] ECF No. 334.

by the Li Plaintiffs, of the remaining five claims, four were frivolous as filed. The Court cannot conclude that the one claim, for breach of contract, was sufficiently weighty so as to render the entire Li Plaintiffs' suit nonabusive. In light of that conclusion, the Court determines that the Rule 11 violation was substantial in this case. Therefore, the presumptive sanction applies.

As noted above, a party or attorney can rebut the PSLRA's presumption in favor of awarding attorney fees as a sanction for Rule 11 violations by showing either that (1) the violation was de minimis or (2) the imposition of such a sanction would be unjust and unreasonable for the sanctioned party, while failing to impose such a sanction would not impose a greater burden on the other party.

Despite this Court's invitation to make such a showing, however, Attorney Litowitz instead argues that (1) this Court erred in concluding that sanctions should be assessed under both Rules 11(b)(2) and 11(b)(3); (2) this Court does not understand the nature of the Li Plaintiff's derivative securities claim; and (3) this Court's application of the PSLRA to Attorney Litowitz serves to improperly advance and argument not raised by the SPO Defendants.[19]

As an initial matter, the Court agrees with Attorney Litowitz that Rules 11(b)(2) and 11(b)(3) are distinct. Under Rule 11(b)(2), an attorney must not bring a claim that is neither warranted by existing law nor by a nonfrivolous argument to extend, modify, or reverse existing law or to establish new law. Rule 11(b)(3), on the other hand, requires an attorney to certify that the factual contentions contained in the Complaint have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for investigation or discovery. The Court also agrees with Attorney Litowitz that the assessment against him should not have been made under both provisions—rather, it should have been made under Rule 11(b)(2) only.

---

[19] ECF No.381.

Regarding the contention that the Court does not understand the Li Plaintiff's derivative securities claim, the Court notes that it has already set forth the bases for dismissal of the Li Plaintiffs' Count V and for its finding that Attorney Litowitz violated Rule 11.[20]  It will not reconsider those conclusions here.  It will simply reiterate that, although styled as a derivative claim brought on behalf of CRCPS, the Li Plaintiffs make allegations regarding their individual reliance on the Defendants' representations and request that "*each Plaintiff* should receive an amount of money sufficient to make it whole," they do not seek to recover money on behalf of CRCPS.[21]

Finally, the Court rejects Attorney Litowitz's argument that it is improperly advancing the PSLRA argument on behalf of the SPO Defendants.  As noted above, under the PSLRA, this court is *required* to make specific findings as to *each* party's and *each* attorney's compliance with Fed. R. Civ. P. 11(b) and to impose sanctions in the event that it finds any Rule 11 violations.  15 U.S.C. § 78u-4(c).  Because that review is mandatory, the Court does no more than perform its obligations under the PSLRA.  The Court also notes that the Li Plaintiffs did not bring a federal securities claim against the SPO Defendants, but rather against CRC I only.  (ECF No. 222, p.42.)  That being the case, the SPO Defendants would have had no reason to move for a Rule 11 determination on this count.

The Court concludes that Attorney Litowitz failed to rebut the presumption that reasonable attorney fees and costs should be assessed against him in favor of the Defendants.  The precise amount of those fees and costs is discussed further below.

---

[20] ECF No. 271, p.30; ECF No. 377, pp. 9-10.
[21] ECF No. 222, pp.44-45 (emphasis added).

### B. Cui Plaintiffs' Attorney Stewart

The Court again begins its analysis with the question of whether the Rule 11 violation by Attorney Stewart was substantial. The Cui Plaintiffs originally brought eight claims in their Complaint and ultimately conceded and voluntarily dismissed three and a half of them.[22] The remaining claims, then, were (1) a direct claim for fraud against all of the defendants; (2) a direct and derivative claim of breach of fiduciary duty against CRC and CRC I; (3) a direct claim for violation of section 78j of the Federal Securities Exchange Act against all of the defendants (having conceded the portion of this claim brought under section 78o); (4) a direct and derivative claim for breach of contract against SPO; and (5) a direct and derivative claim for declaratory relief against CRC I, SPO, and SPO I.

As in the case of Attorney Litowitz, the Court previously found that Attorney Stewart violated Rule 11(b)(2) by bringing a securities claim against both the CRC Defendants and the SPO Defendants that was clearly barred by the five-year statute of repose.[23] Attorney Stewart also failed to plausibly allege this claim against the SPO Defendants, relying instead on the allegations against the CRC Defendants. Therefore, the Court again turns to the remaining claims brought by the Cui Plaintiffs to determine whether they render the Complaint, as a whole, nonabusive.

The Court dismissed the Cui Plaintiffs' fraud claim due to their failure to plead, with sufficient particularity, the elements of fraud. The claim was also dismissed as to the SPO Defendants under the applicable statute of limitation. While, in the Court's view, the fraud claim as pled patently lacked merit, it is possible that under the facts of this case the Cui Plaintiffs could have raised a plausible claim against the CRC Defendants, and therefore the Court

---

[22] ECF No. 190, ECF No. 271.
[23] ECF No. 377, p.10.

concludes that it was not abusive in and of itself. *See Gurary*, 303 F.3d at 224 (noting that, when a plaintiff could have raised a cognizable claim under the facts of the case, though he did not do so, the court would not deem the claims frivolous).

The Court dismissed the Cui Plaintiffs' breach of fiduciary duty claims on the same two bases upon which it dismissed the Li Plaintiff's claim—namely, that several of the alleged breaches occurred before the Cui Plaintiffs were limited partners, and that the remainder of the alleged breaches were barred by the economic loss rule.[24] Also as in the case of the Li Plaintiffs' claims, the Court concludes that, in light of the law on standing as well as the economic loss rule, no objectively reasonable attorney would have believed that this breach of fiduciary duty claim had merit. Therefore, this claim, too, was frivolous.

The Court concluded that the Cui Plaintiffs' lacked standing to bring their claim for declaratory relief directly.[25] However, the Court also concluded that the Cui Plaintiffs' derivative claim for declaratory relief would serve a useful purpose, was not barred by laches, and should not be dismissed. Therefore, this claim is clearly not frivolous.

Finally, the Cui Plaintiffs' derivative claim for breach of contract against SPO also survived the motion to dismiss, as the Court could not say that, on the current record, they had failed to state a plausible claim.[26] Therefore, the Cui breach of contract claim is likewise not frivolous. Along with the derivative claim for declaratory relief, the Court has declined to exercise supplemental jurisdiction over the breach of contract claim, but that alone does not render the claim frivolous. *See Rezvani v. Jones*, No. 218CV06244CASEX, 2019 WL 1100149, at *6 (C.D. Cal. Mar. 6, 2019) (noting that, although it declined to exercise supplemental jurisdiction over the plaintiff's remaining state law claims, "[t]he fact that Plaintiffs' complaint

---

[24] *Id.* at pp. 19-21.
[25] ECF No. 271, pp.22-24.
[26] ECF No. 271, pp.35-36.

was unsuccessful is not enough to warrant Rule 11 sanctions." (quoting *Tai Jan Bao v. Solarcity Corp.*, No. 14-CV-01435-BLF, 2017 WL 878226, at *3 (N.D. Cal. Mar. 6, 2017))).

In response to this Court's findings on the Motion to Amend the Judgment, Attorney Stewart notes, correctly, that there are over 350 docketed entries in this matter, and that only two of those filings involved substantive responses by the SPO Defendants to the Cui Plaintiffs' claims. Those documents, in turn, contain only the briefest mentions of the securities fraud claims.[27] Furthermore, the breach of contract claim and the claim for declaratory judgment, which the Court dismissed only because it declined to exercise supplemental jurisdiction over them, were both brought against the SPO Defendants. The Court concludes, therefore, that Attorney Stewart's Rule 11 violation was not substantial with regard to the SPO Defendants. Therefore, the presumption that he should be liable for the full amount of attorney fees expended in this action is not in effect as to the SPO Defendants.

The question is closer with regard to the CRC Defendants, however. All of the Cui Plaintiffs' claims against the CRC Defendants were either withdrawn or dismissed by the Court on the merits. As the Court noted in its order dismissing the CRC Defendants from the case, the Cui Plaintiffs' complaint made scant mention of Waveland and, though it made some mention of CRC, its allegations were insufficient as to them as well. Attorney Stewart makes no argument to suggest that the Rule 11 violation was insubstantial as to the CRC Defendants and he likewise fails to rebut the presumptive sanctions in favor of the CRC Defendants. The Court thus concludes that reasonable attorney fees and costs should be assessed against him in favor of the CRC Defendants. The precise amount of those fees and costs is discussed further below.

### C. Amount of Reasonable Fees

Based on the Court's conclusions, it is required to award the Defendants all of the

---

[27] ECF No. 223, ECF No.296.

reasonable attorneys' fees and expenses they incurred in the action against Attorney Litowitz. It is also required to award the CRC Defendants all the reasonable attorney fees and expenses they incurred in the action against Attorney Stewart. And the Court must impose a sanction it deems appropriate for Attorney Stewart's violation of Rule 11 as to the SPO Defendants.

*Attorney Litowitz.* Despite the opportunity to do so, Attorney Litowitz does not dispute the reasonableness of the amount of fees and expenses claimed by the Defendants in this case. The Court has reviewed the Defendants' motions for fees. It concludes that the hours expended were reasonable, given the complexity of this case and the number of filings involved. It also concludes that the rates charged were reasonable in light of the experience of the timekeepers. Given that review, the resulting product is presumed to be reasonable. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). Therefore, the Court will award $390,056.25 to the CRC Defendants against Attorney Litowitz and $244,020.68 in attorney fees to the SPO Defendants against Attorney Litowitz.

*Attorney Stewart.* Attorney Stewart contests the amount of fees requested by the CRC Defendants to the extent that those fees are duplicative of amounts already awarded by the Court in connection with the Order to Show Cause re Removal of Lis Pendens. The CRC Defendants concede that they inadvertently included an amount related to the removal of the Cui Plaintiffs' lis pendens in their request for fees. They therefore reduced their total request to reflect the removal of that amount.

Attorney Stewart otherwise does not dispute the reasonableness of the fees requested by the CRC Defendants. The Court has reviewed the services billed, time expended, and amounts charged and concludes that they are reasonable under the circumstances of this case. As previously indicated, the Court is fully aware of the complexity of this case and the work

required to defend it.  In light of those considerations, the Court concludes that the fees requested are reasonable once the duplicative amount has been removed.  Therefore, the court awards $139,539.75 to the CRC Defendants against the Attorney Stewart.

Per the Court's conclusion, above, Attorney Stewart did not commit a substantial Rule 11 violation against the SPO Defendants.  Therefore, the Court need not award all of the SPO Defendants' expenses in this action but rather must impose a sanction it deems appropriate pursuant to Rule 11.  Generally, the sanction for a Rule 11 violation is the opposing party's reasonable expenses incurred because of the violation.  *White v. General Motors Corp., Inc.*, 908 F.2d 675, 684 (10th Cir. 1990).  However, the appropriate amount of sanctions should not exceed the minimum that will serve to deter the unwanted behavior.  *Id.* at 684-85.  The Court should also consider the offender's ability to pay, as well as such other factors "as the offending party's history, experience, and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, the risk of chilling the type of litigation involved, and other factors as deemed appropriate in individual circumstances." *Id.* at 685.

In this case, the Court has no information regarding Attorney Stewart's ability to pay, although such information could have been submitted to rebut the presumption applicable when awarding fees under the PSLRA.  *Gurary*, 303 F.3d at 221.  The Court is without any information regarding Attorney Stewart's history of such violations.  The Court does not believe, however, that Attorney Stewart's violation in this case stemmed from any malice or bad faith on his part.

The Court also must consider what will serve as the least severe sanction that will deter further abuse.  *Dodd Ins. Serv. Inc. v. Royal Ins. Co. of America*, 935 F.2d 1152, 1159 (10th Cir. 1991).  As the 10th Circuit noted in *White*, "[i]n evaluating the fee request, the district court

should consider that the very frivolousness of the claim is what justifies the sanctions." 908 F2d at 684.  Therefore, the Court must consider whether the amount requested by the SPO Defendants, which they attribute to the defense of the securities claim, is, in fact, reflective of the claim's purported frivolousness.  In response to this Court's order that they provide "precise fees and expense information" for their defense of the Cui Plaintiff's securities claim, the SPO Defendants requested $30,940.27.[28]  The SPO Defendants requested a total of $77,376.79 for the defense of the entire action.[29]  Thus, the SPO Defendants attribute almost 40 percent of their total attorneys' fees to the single, frivolous federal securities claim.  The Court acknowledges that it is not easy to separate fees allocable solely to the securities claim but, as in *White* and *Dodd*, the Court suggests that if such an expense was necessary to defend against this single claim, "arguably [it] ought not to be considered frivolous." *Dodd*, 935 F.2d at 1160.

Having received minimal assistance from the parties on this question, the Court must nevertheless impose an appropriate sanction for Attorney Stewart's Rule 11 violation with respect to the SPO Defendants.  The Court concludes that a sanction of $5,000 is an appropriate sanction in this case because, in the court's view, it is the minimum sanction that will serve to deter such a violation in the future.

### D.  Awards are not Cumulative

Today the Court awards the Defendants in this case their attorney fees under a number of different provisions.  The Court emphasizes that the awards are not cumulative, and the Defendants are entitled to collect only once on their attorney fees, though the same amounts have been awarded under multiple theories.

---

[28] ECF No. 404.
[29] ECF No. 370.

IV. **Conclusion**

Based on the foregoing, it is therefore **ORDERED**

(1) That the CRC Defendants are awarded $390,056.25 in attorney fees against Attorney Litowitz;

(2) The CRC Defendants are awarded $139,539.75 in attorney fees against Attorney Stewart;

(3) The SPO Defendants are awarded $244,020.68 in attorney fees against Attorney Litowitz;

(4) The SPO Defendants are awarded $5,000 in Rule 11 sanctions against Attorney Stewart; and

(5) Final judgment shall enter in accordance with this Court's prior oral ruling on June 7, 2021, Order on Pending Motions (ECF No. 271), Order Regarding Subject Matter Jurisdiction (ECF No. 334), Order on SPO Defendant's Motion to Amend the Judgment (ECF No. 377), Order on SPO Defendant's Motion for Attorney Fees (ECF No.413), Order on CRC Defendant's Motion for Attorney Fees (ECF No. 414), and this Order on Fees Pursuant to the PSLRA.

Dated this 29th day of October, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge