# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443-RM-STV
Consolidated with 19-cv-02637-RM-STV

---

Civil Action No. 19-cv-02443-RM-STV ("Li Plaintiffs")

**Derivatively:**
HSIN-YI WU, AND QI QIN, IN THEIR CAPACITY AS LIMITED PARTNERS OF
COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

Plaintiffs

v.

COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

Nominal Defendant,

and

**Directly:**
HSIN-YI WU, JUN LI, QI QIN, YI LIU, JIE YANG, YUQUAN NI, ZHONGZAO SHI, FANG
SHENG, SHUNLI SHAO, KAIYUAN WU, ZHIJIAN WU, ZHONGWEI LI, SA WU, FAN
ZHANG, LIN QIAO, JINGE HU, RUJUN LIU, YING XU, LU LI, CAO XIAOLONG, AND
YUWEI DONG,

Plaintiffs,

v.

COLORADO REGIONAL CENTER LLC,
COLORADO REGIONAL CENTER I, LLC,
SOLARIS PROPERTY OWNER LLC,
SOLARIS PROPERTY OWNER I LLC,
PETER KNOBEL, AND COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,
AND ALL PRINCIPALS AND ULTIMATE OWNERS OF BUSINESS ENTITIES
PURSUANT TO PIERCING OF THE LIMITED LIABILITY VEIL,

Defendants.

1

Civil Action No. 19-cv-2637-RM-STV ("Cui Plaintiffs")

DIANWEN CUI, LEI GU, SUFEN LENG, XUE MEI, ZHOU MEI, YAN SONG, LU WANG, YUE WU, ZHUO YANG, JINGWEN ZHANG, LEI ZHANG, LING ZHANG, XIAOHONG ZHANG, QIN ZHOU, XUN ZHU, AND CHUNYI ZOU,

     Plaintiffs,

v.

WAVELAND VENTURES LLC,
COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,
COLORADO REGIONAL CENTER I, LLC,
SOLARIS PROPERTY OWNER LLC,
SOLARIS PROPERTY OWNER I, AND
PETER KNOBEL,

     Defendants.

## FINAL JUDGMENT

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

Pursuant to the Order on Pending Motions (Doc. 271) by Judge Raymond P. Moore entered on June 2, 2021 and the Order Regarding Subject Matter Jurisdiction (Doc. 334) by Judge Raymond P. Moore on June 14, 2021, it is

ORDERED that judgment is hereby entered in favor of Defendants Colorado Regional Center LLC, Colorado Regional Center I, LLC, and Waveland Ventures, LLC and against the Li Plaintiffs and Cui Plaintiffs in accordance with the Order Regarding Subject Matter Jurisdiction (Doc. 334), the Court's oral order of June 7, 2021, and the Order on Pending Motion (ECF No. 271).   It is

FURTHER ORDERED that judgment is hereby entered in favor of Solaris Property Owner LLC, Solaris Property Owner I LLC, and Peter Knobel ("SPO Defendants") and against Li Plaintiffs and Cui Plaintiffs in accordance with the Order Regarding Subject Matter Jurisdiction (Doc. 334), the Court's oral order of June 7, 2021, and the Order on Pending Motion (ECF No. 271). It is

FURTHER ORDERED that judgment is hereby entered in favor of Defendant Rick Hayes and against Cui Plaintiffs in accordance with the Court's oral order of June 7, 2021 and the Order Regarding Subject Matter Jurisdiction (Doc. 334). It is

FURTHER ORDERED that CRC Defendants are awarded their costs incurred in prosecuting this action and shall, within fourteen days of the date of the Judgment, file a Bill of Costs, in accordance with the procedures under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1, which shall be taxed by the Clerk of the Court. It is

FURTHER ORDERED that both Civil Action No. 19-cv-02443-RM-STV and Civil Action No. 19-cv-02637-RM-STV are closed.

Dated this 14th day of June, 2021.

FOR THE COURT:

JEFFREY P. COLWELL

By:    s/C. Pearson
        Cathy Pearson
        Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
                Plaintiffs,

         v.                                Hon. Raymond P. Moore

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I, and
Peter Knobel,
                Defendants.

---

Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou, Xun Zhu, Chunyi Zou, individually, and on behalf of Colorado Regional Center Project Solaris LLLP,

                Plaintiffs,

         v.

Waveland Ventures, LLC, Colorado Regional Center, LLC, Colorado Regional Center I, LLC, Colorado Regional Center Project Solaris LLLP, Solaris Property Owner LLC, Solaris Property Owner LLC I, and John Does 1-10,

                Defendants.

---

## NOTICE OF APPEAL

Notice is hereby given that Plaintiffs, DIANWEN CUI, LEI GU, SUFEN LENG, XUE MEI, ZHOU MEI, YAN SONG, LU WANG, YUE WU, ZHUO YANG, JINGWEN ZHANG, LEI ZHANG, LING ZHANG, XIAOHONG ZHANG, QIN ZHOU, XUN ZHU, CHUNYI ZOU, individually and on behalf of COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,(hereinafter collectively referred to as the "Cui Plaintiffs") in the above named case, hereby appeal to the United States Court of Appeals for the Tenth Circuit from the Final Judgment,

entered in the consolidated case number 19-cv-02443-RM-STV on the 14th day of June 2021 [ECF 335]. The Cui Defendants also appeal from the District Court's Order entered on Pending Motions [ECF 271], the District Courts Order on the Cui Plaintiffs F.R.C.P. Rule 60 Motion; the Order Regarding Subject Matter Jurisdiction [ECF 334]; and the Order Denying the Cui Plaintiff's Motion for Leave to file Fourth Amended Complaint [ECF 333].

DATED: July 13, 2021

/s/ Brian P. Stewart
Brian P. Stewart
**Ardent Law Group**
4340 Von Karman Ave.,
Suite 290
Newport Beach, California 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127
bstewart@ardentlawgroup.com
Attorney for Plaintiffs Dianwen Cui, Lei Gu,
Sufen Leng, Xue Mei, Zhou Mei, Yan Song,
Lu Wang, Yue Wu, Zhuo Yang, Jingwen
Zhang, Lei Zhang, Ling Zhang, Xiaohong
Zhang, Qin Zhou Chunyu Zou, individually,
and on behalf of Colorado Regional Center
Project Solaris LLLP

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 19-cv-02443-RM-STV
      Consolidated with 19-cv-2637-RM-STV

**Derivatively:**
Hsin-Yi Wu, and Qi Qin,
in their capacity as limited partners of
Colorado Regional Center Project Solaris LLLP,

      Plaintiffs

v.

Colorado Regional Center Project Solaris LLLP,

      Nominal Defendant,
and

**Directly:**
Hsin-Yi Wu, Jun Li, Qi Qin, Yi Liu, Jie Yang, Yuquan Ni,
Zhongzao Shi, Fang Sheng, Shunli Shao, Kaiyuan Wu,
Zhijian Wu, Zhongwei Li, Sa Wu, Fan Zhang, Lin Qiao,
Jinge Hu, Rujun Liu, Ying Xu, Lu Li, Cao Xiaolong,
and Yuwei Dong,

      Plaintiffs,

v.

Colorado Regional Center LLC,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I LLC,
Peter Knobel, and
Colorado Regional Center Project Solaris LLLP, and
all principals and ultimate owners of business entities pursuant to
piercing of the limited liability veil,

      Defendants.

---

## ORDER ON SPO DEFENDANTS' MOTION FOR ATTORNEY FEES

---

This matter is before the Court on Defendants Solaris Property Owner, LLC ("SPO"),
Solaris Property Owner I, LLC ("SPO I"), and Peter Knobel's ("Knobel") (collectively, "SPO
Defendants") Motion for Attorney Fees (the "Motion") (ECF No. 344). The SPO Defendants
seek an award of attorney fees under two contracts, Colo. Rev. Stat. § 13-17-201, and 15 U.S.C.
§ 78-u-4(c). The matter is fully briefed.[1] After reviewing the Motion, relevant parts of the court
record, and the applicable law, and being otherwise fully advised, the Court finds and orders as
follows.

## I.    BACKGROUND

This is a consolidated action. For ease of reference, Plaintiffs in Civil Action No. 19-cv-
02443 are referred to collectively as the "Li Plaintiffs" and Plaintiffs in Civil Action No. 19-cv-
2637 are referred to collectively as the "Cui Plaintiffs" (Li and Cui Plaintiffs, collectively,
"Plaintiffs"). As the parties are familiar with the lengthy background which precedes the Motion,
only a brief summary is provided here.

Plaintiffs filed their respective actions alleging they purchased limited partnership
interests in Colorado Regional Center Project Solaris, LLLP ("CRCPS"). CRCPS (lender) loaned
the money ($82.5 million) Plaintiffs (and other limited partners) invested to SPO (borrower).
Subsequently, SPO assigned its rights and obligations under the loan to SPO I. At bottom,
Plaintiffs alleged that the loan was undercollateralized with inflated valued condos; that SPO I
was allowed to "repay" the loan with the overvalued condos (which was allegedly a disguised
sale[2]); the limited partners were offered "put options"[3] to "unload" their interests in CRCPS; and
the loan is in default but SPO I has not repaid. Plaintiffs filed numerous federal and state law

---

[1] *See* ECF Nos. 354, 363, 361,365, 370, 371, 374.
[2] According to Li Plaintiffs.
[3] According to Li Plaintiffs, these put options allegedly allowed the limited partners to "put" their partnership
interests back to CRCPS and be assigned a condo. When the condo is sold, the limited partners who exercised the
put options would receive the proceeds from the sale. (ECF No. 222, ¶ 99.) Cui Plaintiffs also made substantially the
same allegations. (ECF No. 190, ¶ 22, 79.)

claims[4] against the various defendants allegedly involved with this deal. Motions to Dismiss were filed by Waveland Ventures, LLC ("Waveland"), Colorado Regional Center, LLC ("CRC"), and Colorado Regional Center I, LLC ("CRC I") (collectively, "CRC Defendants") and by SPO Defendants. Knobel is allegedly the sole equity owner or principal of SPO and/or SPO I.

In its Order on Pending Motions,[5] the Court granted in part and denied in part SPO Defendants' Motion to Dismiss, filed under Fed. R. Civ. P. 12(b)(6), directed against Plaintiffs. SPO Defendants' Motion to Dismiss was granted as to all remaining claims[6] by Plaintiffs except the following: (1) Cui Plaintiffs' Counts VI (derivative against SPO I) and Count VII (derivative against SPO and SPO I for declaratory relief); and (2) Li Plaintiffs' Count III (derivative for breach of contract against SPO I). All claims against Knobel were dismissed; therefore, he was dismissed as a party to this consolidated action.

Because the Court dismissed the federal claims, it also raised *sua sponte* whether diversity jurisdiction exists and, if not, whether the Court should retain supplemental jurisdiction over the three remaining state law claims. In its Order Regarding Subject Matter Jurisdiction,[7] the Court determined that it did not have diversity jurisdiction and declined to exercise supplemental jurisdiction over the state law claims. Therefore, the three state law claims were dismissed without prejudice. It appears that some Plaintiffs have recently filed a breach of contract claim in state court.[8] At issue now is whether the Court should, or is required to, award attorney fees in favor of any of the SPO Defendants against any Plaintiff based on any claim or "action."

---

[4] A chart summarizing the claims relevant here is appended to the end of this order.
[5] ECF No. 271.
[6] Some claims were voluntarily withdrawn or conceded. (*See* ECF No. 271.)
[7] ECF No. 334.
[8] ECF No. 409.

## II.    LEGAL STANDARD

### A. Rule 54(d) of the Federal Rules of Civil Procedure

Under Rule 54(d)(2) of the Federal Rules of Civil Procedure, "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." "Unless a statute or a court order provides otherwise, the motion must…be filed no later than 14 days after the entry of judgment," and contain specific information to assist with resolving the motion. Fed. R. Civ. P. 54(d)(2)(A) & (B). *See also* D.C.COLO.LCivR 65.3 (Local Rule setting forth additional requirements for attorney fees motion).

### B. Colorado's Attorney Fee Statute – Colo. Rev. Stat. § 13-17-201

Colorado's attorney fee statute provides:

> In all actions brought as a result of…an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

Colo. Rev. Stat. § 13-17-201. The fee statute applies equally to dismissals under Rule 12(b) of the Federal Rules of Civil Procedure. *See Jones v. Denver Post Corp.*, 203 F.3d 748, 757 n. 6 (10th Cir. 2000) ("[W]e find the [fee] statute applies with equal force when a federal court dismisses a pendent state tort pursuant to Fed. R. Civ. P. 12(b)(6)."); *MacIntyre v. JP Morgan Chase Bank, N.A.*, 827 F. App'x 812, 820 (10th Cir. 2020), cert. denied sub nom., 209 L. Ed. 2d 772 (May 17, 2021) (same). The award of reasonable attorney fees is mandatory to a defendant prevailing in a tort action on a Rule 12(b) motion. *Crandall v. City of Denver*, 238 P.3d 659, 660 (Colo. 2010); *Wyles v. Brady*, 822 F. App'x 690, 697 (10th Cir. 2020). The fee statute leaves nothing to the discretion of the district court except to determine what is a reasonable fee. *Crandall*, 238 P.3d at 663.

4

The fee statute applies separately to each defendant who has an action dismissed against him under Rule 12(b). *See Gagne v. Gagne*, 338 P.3d 1152, 1168 (Colo. App. 2014) (analyzing only those claims brought against counterclaim defendant in determining he may recover under fee statute); *Falcon Broadband, Inc. v. Banning Lewis Ranch Metro. Dist. No. 1*, 474 P.3d 1231, 1245 (Colo. App. 2018) (The fee "statute applies to the claims against each defendant individually."). If the essence of the action against a defendant dismissed under Rule 12(b) is in tort, then the fee statute applies and fees shall be awarded. *Checkley v. Allied Property & Cas. Ins. Co.*, 635 F. App'x 553, 559 (10th Cir. 2016). The fee statute does not apply if the court does not "dismiss all the tort claims against a certain defendant or if an action contains both tort and non-tort claims and the defendant obtains C.R.C.P 12(b) dismissal of only the tort claims." *Falcon Broadband, Inc.*, 474 P.3d at 1244-45 (quotation marks and citation omitted). "In other words, for the statute to apply, the court must've dismissed the entire action pursuant to a Rule 12(b) motion, and that action must be a tort action." *Id.* at 1245. The burden is on the defendant to establish that he is entitled to recover under the fee statute. *Gagne*, 338 P.3d at 1168 (stating that movant had not shown fees were recoverable under fee statute).

### C.  Private Securities Litigation Reform Act

Under 15 U.S.C. § 78u-4(c) of the Private Securities Litigation Reform Act ("PSLRA"), "in any private action arising under this chapter [Chapter 2B – the Exchange Act], upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u-4(c)(1). Further, if the court makes a finding that a party or attorney has violated Rule 11(b), "the court shall impose sanctions on such party or attorney in

5

accordance with Rule 11." 15 U.S.C. § 78u-4(c)(2). "[T]here is no requirement that the defendant have asked for the imposition of sanctions." *City of Livonia Emps. Ret. Sys. v. Boeing Co.*, 711 F.3d 754, 761 (7th Cir. 2013). The review is mandatory.

### III. DISCUSSION

#### A. Cui Plaintiffs' Argument regarding "Combining Parties"

Cui Plaintiffs contend that by combining all Plaintiffs into one motion, SPO Defendants have made the issues confusing and that this was intentional and violates the Court's Civil Practice Standards. While the Court agrees the manner in which the Motion was brought may make it more difficult to respond to by the parties, the Court does not find the Motion violates its Standards. Nor does the Court find that the "combining" of the parties in the Motion was done to intentionally confuse anyone.

#### B. Cui Plaintiffs' Argument regarding "Final Judgment"

Cui Plaintiffs argue SPO Defendants' Motion is premature because there has been no trial or final judgment and SPO Defendants have filed a Motion to Amend the Judgment ("Motion to Amend").[9] But, with exceptions inapplicable here, Fed. R. Civ. P. 54(d)(2)(B) sets forth the latest date for a motion for fees. And, although the Court has granted SPO Defendants' Motion to Amend, that deals only with attorney fees under the PSLRA which would not render the Motion at bar premature.

#### C. Recovery of Attorney Fees Under the Loan Agreement

The Loan Agreement is between the borrower (SPO) and lender (CRCPS), and its covenants and agreements are binding on successors and assigns. It is undisputed that, prior to this litigation, the rights and obligations under the Loan Agreement were assigned to SPO I. The Loan Agreement provides, in relevant part:

---

[9] ECF No. 341.

In the event of any litigation arising out of this Loan, the prevailing party, in addition to any other rights or remedies to which it may be entitled, shall be awarded its reasonable expenses incurred in enforcing or defending such action. This includes, subject to any limits under applicable law, attorneys' fees and legal expenses, whether or not there is a lawsuit…."

(Paragraph 20(vi).[10]) "Loan" is defined to mean the loan(s) made to Borrower under the Loan Agreement and the "Loan Documents" as described in the Deed of Trust ("DOT").[11] "Loan Documents" is defined in the DOT to "include without limitation the Promissory Note, Loan Agreement and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness."[12] "Indebtedness" "means all principal and interest payable under the Note and any amounts expended or advanced by Lender to discharge obligations of Grantor [SPO/SPO I] or expenses incurred by Trustee or Lender to enforce obligations under this" DOT.[13]

SPO Defendants assert the requirements for an award of fees under the Loan Agreement are met. First, while SPO Defendants acknowledge that Knobel is not a party to the Loan Agreement or Agreement Regarding Collateral Unit ("ARCU"),[14] they argue there is no need to distinguish among the SPO Defendants or among the various claims because (1) SPO and SPO I have a contractual obligation to indemnify Knobel and (2) counsel for SPO Defendants treated these clients as one person based on their relationship and the manner in which Plaintiffs have prosecuted the action against SPO Defendants. Thus, Knobel's fees should be encompassed under the Loan Agreement. Next, SPO Defendants contend this litigation arose from the $82.5

---

[10] ECF No. 344-1, p. 10. Unless stated otherwise, the page references are to the numbers assigned to the document by the CM/ECF system, located at the upper right-hand corner of the document.
[11] ECF No. 344-1, p. 2.
[12] ECF No. 344-4, p. 2.
[13] ECF No. 344-4, pp. 1-2.
[14] Discussed below.

7

million loan – that the loan is ground zero for this entire litigation. Finally, SPO Defendants assert they are the prevailing parties because the Court dismissed all claims against them.[15]

*The Motion as against Li Plaintiffs.* Li Plaintiffs do not dispute that Knobel and his fees should be encompassed within the Loan Agreement, that this entire action arises from the Loan Agreement, or that the fees sought are reasonable. Thus, the Court assumes it is so. Li Plaintiffs' sole challenge is that SPO Defendants did not prevail because Li Plaintiffs' one remaining claim against SPO I for breach of the Loan Agreement was dismissed without prejudice, leaving Li Plaintiffs free to file that claim elsewhere. The Court disagrees.

SPO Defendants prevailed in this Court on the claims before it – the claims the Court exercised jurisdiction over and ruled upon – brought by Li Plaintiffs. The Court dismissed claims which Li Plaintiffs sought to voluntarily dismiss, dismissed claims on the merit, and dismissed the one remaining breach of contract claim without prejudice for jurisdictional reasons. The ultimate disposition of that claim is not before this Court. On this record, SPO Defendants are the prevailing parties. *See Allen v. Lang*, 738 F. App'x 934, 945 (10th Cir. 2018) (agreeing that "a defendant is a prevailing party for Rule 54(d)(1) purposes when a district court enters judgment on federal claims and declines to exercise supplemental jurisdiction over state claims, dismissing them without prejudice"). Accordingly, SPO Defendants' request for an award of fees under the Loan Agreement is granted.

This should end the issue of fees as against the Li Plaintiffs because the Court will not award a party, and SPO Defendants cannot recover,[16] the same fees more than once. Nonetheless, in order to have a complete record, the Court will address the remaining bases for an award of fees as against Li Plaintiffs.

---

[15] The parties do not distinguish between direct and derivative claims in their arguments; therefore, the Court also does not in analyzing the issues.
[16] SPO Defendants acknowledge they cannot recover more than once.

***The Motion as Against Cui Plaintiffs.*** Cui Plaintiffs argue SPO Defendants were not prevailing parties because the Court dismissed Cui Plaintiffs' two contractual claims without prejudice after declining to exercise supplemental jurisdiction. Therefore, they contend attorney's fees may not be awarded as to the contractual claims. As with Li Plaintiffs, Cui Plaintiffs do not challenge whether this litigation "ar[ose] out of this Loan" or whether Knobel is encompassed within the Loan Agreement. Cui Plaintiffs do argue there should be apportionment and challenge the reasonableness of the fees request, which the Court addresses below.

Although unclear, it appears that Cui Plaintiffs do not challenge whether SPO Defendants were the prevailing parties as to the other claims the Court dismissed. Even if they did make this argument, as SPO Defendants argue, SPO Defendants were the prevailing parties on all claims that were dismissed with prejudice.[17] The fact that the Court dismissed the two contract claims does not dictate a contrary result. *See Allen*, 738 F. App'x at 945. Thus, based on Cui Plaintiffs' argument, SPO Defendants were the prevailing parties before the Court. The Court addresses below the amount of fees recoverable.

### D. Recovery of Attorney Fees Under the Agreement Regarding Collateral Unit

The ARCU, and related Transfer Agreement, are between CRCPS (lender) and SPO I (borrower). The Transfer Agreement provides:

> If Borrower or Lender initiates any action to enforce or interpret this [Transfer] Agreement, the party determined by the court…to be the prevailing party in such action will be entitled to receive from the non-prevailing party all reasonable cots and expenses, including all reasonable attorneys' fees incurred by the prevailing party in such action.

---

[17] The Court finds the dismissal of the direct claim for declaratory relief based on standing should have been dismissed without prejudice. *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cty., Okla. v. City of Guthrie*, 654 F.3d 1058, 1069 (10th Cir. 2011) (dismissal for lack of standing must be without prejudice). But this does not change the analysis here as to who are the prevailing parties.

(Paragraph 15.[18]) SPO Defendants contend they are entitled to fees under Paragraph 15 because Plaintiffs initiated an action which directly implicated the enforcement of the ARCU. Based on the same arguments made under the Loan Agreement, SPO Defendants contend that Knobel is encompassed within the ARCU and that they are the prevailing parties. The parties' arguments consider the ARCU and Transfer Agreement as if they are one and the same; therefore, the Court does so as well.

*Motion against Li Plaintiffs.* Li Plaintiffs' single argument is that the Court did not resolve any issues concerning the ARCU and, therefore, no party prevailed. The Court agrees. While the complaint contained allegations about the ARCU (the alleged "secret agreement"), it was Li Plaintiffs' Count III against SPO I which sought to determine the application or interpretation of the ARCU. The Court, however, never resolved that claim in favor of anyone. Thus, there is no prevailing party and no fees may be awarded to SPO Defendants under the ARCU.

*Motion against Cui Plaintiffs.* Cui Plaintiffs' arguments that SPO Defendants are not the prevailing parties appear to apply to SPO Defendants' request for fees under the ARCU, so the Court will address it here as well. And, here, the Court agrees with Cui Plaintiffs. Only Count VII requested relief based on the ARCU, seeking a determination as to its enforceability. SPO Defendants, however, were not the prevailing parties on the claims for breach of contract or declaratory relief (Counts VI and VII). The Court dismissed those claims without prejudice after declining to exercise supplemental jurisdiction. Accordingly, SPO Defendants are not entitled to recover fees under the ARCU.

---

[18] ECF No. 344-2, p. 18.

### E.  Recovery of Attorney Fees Under Colo. Rev. Stat. § 13-17-201

To determine if section 13-17-201 applies when a party has pleaded tort and non-tort

claims, "a court must determine, as a matter of law," *Gagne*, 338 P.3d at 1167, whether the

"essence" of that party's action was one in tort. *Luskin Daughters 1996 Trust v. Young*, 448 P.3d

982, 987 (Colo. 2019). In making its determination, the court "should focus on the manner in

which the claims were pleaded," *Young*, 448 P.3d at 987, and "rely on the pleading party's

characterization of its claims." *Gagne*, 338 P.3d at 1167. *See also Falcon Broadband, Inc. v.*

*Banning Lewis Ranch Metro. Dist. No. 1*, 474 P.3d 1231, 1245 (Colo. App. 2018) ("How the

plaintiff chose to plead the claim (as a tort or not) controls."). The Court "should not consider

what the party should or might have pleaded." *Gagne*, 338 P.3d at 1167.

If the essence of the action against a defendant dismissed under Rule 12(b) is in tort, then

the fee statute applies and fees shall be awarded. *Checkley v. Allied Property & Cas. Ins. Co.*,

635 F. App'x 553, 559 (10th Cir. 2016). The fee statute does not apply if the court does not

"dismiss all the tort claims against a certain defendant or if an action contains both tort and non-

tort claims and the defendant obtains C.R.C.P 12(b) dismissal of only the tort claims." *Falcon*

*Broadband, Inc.*, 474 P.3d at 1244-45 (quotation marks and citation omitted). "In other words,

for the statute to apply, the court must've dismissed the entire action pursuant to a Rule 12(b)

motion, and that action must be a tort action." *Id.* at 1245.

As to the SPO Defendants, the Court only dismissed this action as against Knobel. SPO

Defendants argue that all the claims pled against Knobel sound in tort; therefore, he is entitled to

recover fees under section 13-17-201. However, SPO Defendants contend they should be

awarded all fees expended without allocation between contract and tort claims or among SPO

Defendants.

11

*Motion as against Li Plaintiffs*. Li Plaintiffs rejoin that the civil theft and Colorado Securities Act counts are not tort claims; that SPO Defendants have affirmatively argued this is a contract action concerning the Loan Agreement; and that because their claims were tied to the underlying Loan Agreement, they are contract-based claims. Thus, they contend the "essence" of this case is a contract and not a tort action. In addition, Li Plaintiffs assert that the entire action against SPO Defendants was not dismissed because Count III may continue in another court; therefore, the attorney fees issue is unripe. Defendants reply that Li Plaintiffs are wrong – they only contend the entire action was dismissed against Knobel. Nonetheless, they assert fees should be awarded for all. The Court finds otherwise.

The Court agrees with Li Plaintiffs that the entire action against SPO Defendants were not dismissed under Rule 12(b). As SPO Defendants acknowledge, the entire action only as to Knobel was dismissed under Rule 12(b). Thus, it follows that only Knobel may recover under the fee statute, assuming he can establish it applies. The Court is not persuaded by SPO Defendants' argument that they should ALL recover fees against Li Plaintiffs when it was only Knobel who prevailed.

The question then is this: was the essence of this action as against Knobel one in tort? After considering the allegations and claims, evaluating the source of the duties breached or violated (were they from promises between the parties or from ones imposed by law[19]), as against Knobel, the Court finds the essence of this action was one in tort.

While this action arises from the loan of the money Plaintiffs invested in CRCPS to SPO/SPO I and the alleged failure to repay the loan, the essence of the action against Knobel is

---

[19] *See Falcon Broadband, Inc.*, 474 P.3d at 1237, 1245 n.18 (differentiating tort versus contract obligations for purposes of the Colorado Governmental Immunity Act ("CGIA") but recognizing difference in context between the fee statute and the CGIA).

that he was one of the masterminds in creating this allegedly fraudulent deal.[20] For example, the loan was allegedly collateralized with condos that were assigned collateral values by Knobel at inflated prices.[21] The loan was allegedly set up so that "Knobel" could repay the loan with the inflated valued condos rather than with cash. As Li Plaintiffs alleged, "[t]his exposed the fraud at the heart of this Loan"[22] because the sale of these allegedly inflated valued condos would "fetch perhaps $40,000,000 or less," when $82,500,000 was owed under the loan[23] leaving the investors (Plaintiffs) with a more than $40 million loss. This was alleged to be "theft with a pen."[24] And to add insult to injury, CRCPS allegedly then hired Knobel's real estate firm to sell these inflated condos – "a massive fraud and a colossal breach of fiduciary duty."[25] Based on such alleged conduct, Li Plaintiffs asserted three claims against Knobel: Count II – civil theft; Count VI – Colorado Securities Act; and Count VII-2 – fraud. As SPO Defendants argue, the claims alleged a tort.

The civil theft claim alleged Knobel "deceptively gave the impression of the Loan being fully collateralized" resulting in the conversion through fraud of about $40 million from CRCPS. That Knobel allegedly deceived CRCPS into making the Loan; allegedly stood to gain the difference between the loan principal and value of the collateral; allegedly converted $40 million through deception, artifice, and overinflating the value of the collateral; and allegedly acted with forethought, scienter, and malice with others. These assertions clearly alleged tortious conduct by Knobel. *See Castro*, 33b P.3d at 1069 (recognizing that the breach of a statutory duty may allege a tort); *Luskin*, 448 P.3d at 987-88 (essence of action sounded in tort where declaratory and injunctive relief claims alleged tortious conduct as bases for claims).

---

[20] ECF No. 222, e.g., ¶ 83.
[21] ECF No. 222, e.g., ¶¶ 37, 41, 48.
[22] ECF No. 222, p. 2.
[23] ECF No. 222, pp. 1, 2.
[24] ECF No. 222, p. 3.
[25] ECF No. 222, p. 3.

The same holds true for the Colorado Securities Act claim. There, Li Plaintiffs alleged that CRC, in notices to investors, sent misleading and fraudulent valuations to the limited partners in connection with an attempt to get them to exercise a put option offered. Li Plaintiffs alleged that Knobel was aware of the misleading valuations; knew the "entire deal" and CRC's representations about the collateral were lies; and provided the figures for the overvaluation of the condos. Knobel allegedly had a duty to disclose to the limited partners that the loan was not likely to ever get paid back in cash and that CRCPS would be stuck with undervalued collateral. Knobel was allegedly a party to this fraud and involved with structuring the transaction "to deceive, defraud, and deprive the limited partners of their investment."[26] These allegations also clearly alleged tortious conduct.

Finally, the fraud claim sounds in tort.[27] Here, Li Plaintiffs alleged that Knobel knew the marketing materials given to them were false and contained material omissions and misstatements about the loan being safe and fully collateralized. Knobel allegedly knew that the assigned values of the collateral units were wrong and wildly inflated and set up the loan to be deliberately undercollateralized. By his (and others') actions, Knobel (and others) allegedly wrongfully and fraudulently made themselves $40 million.

The quantity and quality of the claims against Knobel establish the essence of Li Plaintiffs' claims against Knobel sounded in tort. These claims were dismissed under Rule 12(b)(6); therefore, Knobel is statutorily entitled to attorney fees in defending this action. As the Court has already awarded Knobel fees under the Loan Agreement, it need not separate out what reasonable fees may be awarded under the fee statute. Nor are these fees to be awarded again.

---

[26] ECF No. 222, ¶¶ 206-207.
[27] This claim was not dismissed under Rule 12(b)(6). Instead, this claim was dismissed by the Court, without objections, after Li Plaintiffs decided to withdraw it. With or without this claim, the action against Knobel sounds in tort.

*Motion as against Cui Plaintiffs.* Cui Plaintiffs argue no fees should be awarded for two reasons. First, Cui Plaintiffs argue their Third Amended Complaint was not dismissed on SPO Defendants' Motion to Dismiss as "several claims survived." Second, Cui Plaintiffs argue their claim was in "essence" a contact case as they were in contractual privity with SPO Defendants under the Loan Agreement and ARCU. Cui Plaintiffs assert Count I is for fraudulent inducement to enter into a contract. Cui Plaintiffs further argue the other Counts (III, IV, and V) are also contractual as Cui Plaintiffs invested money into CRCPS with the expectation of profits to be derived from others, i.e., that they entered into investment contracts.

Cui Plaintiffs' first argument is without merit. SPO Defendants already acknowledge in their Motion that only Knobel was dismissed entirely under Rule 12. And they only argue that Knobel is entitled to fees.

Cui Plaintiffs' second argument is also unavailing. Cui Plaintiffs' claims against Knobel were for fraud, violation of the Colorado Consumer Protection Act ("CCPA"), and violation of the federal securities act. The CCPA claim was voluntarily dismissed without objection. The other two claims were dismissed under Rule 12 on the merits. As SPO Defendants argue, these dismissed claims were tort claims.

In their fraud claim (Count I), Cui Plaintiffs alleged that Knobel (and all other Defendants) made material misrepresentations and omissions and provided false and misleading materials to induced them into investing in CRCPS. And Knobel allegedly continued to provide false and misleading notices after Cui Plaintiffs invested in CRCPS. In their federal securities claim, Cui Plaintiffs alleged that Defendants (which included Knobel[28]) 1) violated 15 U.S.C. § 78o when they "aided and abetted in the use of Agents" to solicit and sell limited partnership interests but they and their agents failed to register as a broker or dealer, and 2) violated 15

---

[28] ECF No. 190, ¶ 49 (defining "Defendants" to include Knobel (misspelled as "Knobbel")).

U.S.C. § 78j by using manipulative and deceptive devices to induce Cui Plaintiffs into purchasing limited partnership interests in CRCPS. The Court finds these are also tort based claims. The gist of these claims is that Cui Plaintiffs were fraudulently or deceptively induced to purchase their interests in CRCPS and that, while doing so, Knobel was not registered as a broker or dealer. Thus, Knobel is entitled to recover under the fee statute.

As the Court has already awarded Knobel fees under the Loan Agreement, it need not separate out what reasonable fees may be awarded under the fee statute as to Knobel. Nor are these fees to be awarded again.

### F.  Amount of Reasonable Fees

*Li Plaintiffs.* Li Plaintiffs were given the opportunity to challenge the amount of fees sought by SPO Defendants but decline to do so. Instead, they chose to rely on limited arguments, such as SPO Defendants were not the prevailing parties, to win the day. The Court has no obligation to do their work. Nonetheless, it has reviewed SPO Defendants' submission, i.e., the rates charged, the experience of the timekeepers, the number of hours expended, and the tasks performed. The Court, having held three hearings, reviewed hundreds of filings, and issued numerous orders, is well aware of the nature and complexity of the case, the type and number of issues raised, the scope and depth of the filings, and what would be a reasonable amount of time required to address such filings, even if they were not addressed directly to SPO Defendants. *See Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996) (setting forth factors court should consider in evaluating reasonableness of fees).

After such review, the Court finds the fees requested were reasonable. In doing so, the Court is mindful that the Supreme Court has cautioned that "[a] request for attorney's fees

should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Therefore, the fees requested of $244,020.68[29] shall be awarded.

*Cui Plaintiffs.* Cui Plaintiffs raise three arguments here: (1) that SPO Defendants' counsel fails to apportion fees among the various Defendants they represent – three different Defendants against whom different claims were made; (2) that Knobel was not a party and therefore fees cannot be awarded in his favor; and (3) that SPO Defendants offered no evidence of the reasonableness of the claimed fees. The Court agrees, in part.

First, where appropriate, the Court agrees that fees should be apportioned. Under Cui Plaintiffs' argument, however, no fees awarded under the Loan Agreement are required to be apportioned. Cui Plaintiffs argument there is that no fees should be awarded because SPO Defendants were not the prevailing parties. But the Court finds otherwise; therefore, no apportionment among the prevailing parties is required.

The Court agrees that apportionment would be required for the dismissal of Knobel under Section 13-17-201. SPO Defendants' proposed grouping of the federal securities fraud-related claims and contract claims[30] separately for recovery of fees under the PSLRA claim shows that it is possible to do so. The Court is not persuaded by SPO Defendants' contrary arguments. However, the Court need not determine what this number may be because it is not necessary to do so here. It has already awarded Knobel fees under the Loan Agreement and fees will not be awarded again.

Second, the Court rejects the argument that Knobel was not a party. Cui Plaintiffs argue that Knobel was added as a party solely for the purpose of alleging alter ego liability; there are no allegations made against him; and he was never served or executed a waiver of service of

---

[29] ECF Nos. 370, 371.
[30] Separating the claims into two groups: the federal securities fraud-related claims and contract claims.

summons. The Court has already considered and rejected these arguments in its Order of August 11, 2021, addressing SPO Defendants' Motion to Amend.[31] Thus, Knobel was a party for purposes of awarding fees.

Finally, the Court rejects Cui Plaintiffs'' argument that SPO Defendants' counsel's declaration is "hearsay" that cannot be considered in determining the amount billed in defense of the Cui Plaintiffs' action or the reasonableness of such fees. Moreover, SPO Defendants have submitted the Declaration of Ryan Smith, general counsel of SPO and SPO I to establish the amount of fees at issue.[32] Cui Plaintiffs do not challenge the reasonableness of the hourly rates charged but apparently challenge the number of hours billed as they complain about the amount of work product that should have been required.

The Court has examined the services billed and the time expended for such services and finds them to be reasonable under the circumstances. While it is true that there were more filings by Li Plaintiffs, and there are other Defendants in the case, it is also true that Cui Plaintiffs' complaint oftentimes grouped Defendants together necessitating an examination of any filing which may otherwise appear to be directed at another party. The Court is also aware of the difficulties encountered in ascertaining which claim was directed against whom and of Cui Plaintiffs' amendments and voluntary "dismissals" or concessions made during this this lawsuit. As the Court stated in discussing the award against Li Plaintiffs, it is well aware of the work required in this case to defend against the filings made. Based on its knowledge, and its review of the supporting documents for the fee request, the Court cannot say that the time expended or the services performed were not reasonable or unnecessary.

---

[31] ECF No. 377, pp. 13-14. To the extent the Court needs to address them again, it incorporates that part of the Order of August 11, 2021, as if fully set forth herein.
[32] ECF No. 344-3.

### G. Recovery of Fees under the PSLRA

SPO Defendants request an award of fees against Cui Plaintiffs and/or their counsel under the PSLRA to the extent any fees are not awarded under the Loan Agreement, the ARCU, and section 13-17-201. The Court addresses this argument in its Order on PSLRA Fees concurrently with this Order on SPO Defendants' Motion for Attorney Fees.  As explained in that Order, however, the fees awarded are not cumulative and can be collected only once.

### IV.    CONCLUSION

Based on the foregoing, it is therefore **ORDERED**

(1) That SPO Defendants' Motion for Attorney Fees (ECF No. 344) is GRANTED as stated herein;

(2) That SPO Defendants are awarded $244,020.68 in attorney fees against Li Plaintiffs; and

(3) That SPO Defendants are awarded $77,376.79 in attorney fees against Cui Plaintiffs.

DATED this 29th day of October, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

19

24

## Chart of Claims

| Li Plaintiffs' Counts | | | | |
|---|---|---|---|---|
| Count | Direct/ Derivative | SPO Defendants Named | Basis | Disposition |
| II | Derivative | SPO, SPO I, & Knobel | Civil Theft | Dismissed on Merits. |
| III | Derivative | SPO I | Breach of Loan Agreement | Dismissed without prejudice. Court declined to exercise subject matter jurisdiction. |
| IV | Derivative | SPO I | Transfer of Title to CRCPS | Dismissed as withdrawn.[33] |
| VI | Derivative | Knobel[34] | Colorado Securities Act – Fraud | Dismissed on merits. |
| VII-2[35] | Direct | Knobel[36] | Fraud | Dismissed as withdrawn. |
| VII-4 | Direct | SPO | Veil Piercing | Dismissed as withdrawn. |

---

[33] "Dismissed as withdrawn," as used herein, refers to the Court's dismissal of these claims after they were voluntarily "withdrawn," "dismissed," or conceded to by Plaintiffs.

[34] As relevant here, the parties and Court recognized that Li Plaintiffs' Count VI alleged it is against Knobel but then, in the prayer, sought relief against SPO I. The Court treated that count as directed against Knobel. (ECF No. 271, pp. 7 & n.22, 42; No. 224, p. 21 & n.10.)

[35] Li Plaintiffs' complaint contains four "Count VIIs." (ECF No. 222.)

[36] Whether this claim also includes SPO and SPO I is unclear. The count is directed against Knobel but the prayer seeks relief against Knobel and "his SPO/SPOI entities." (ECF No. 222, pp. 49-51.) The Court did not resolve this issue because Li Plaintiffs voluntarily abandoned these claims, which the Court dismissed. (ECF No. 271, p. 7.)

| Cui Plaintiffs' Counts | | | | |
|---|---|---|---|---|
| Count | Direct/ Derivative | SPO Defendants Named | Basis | Disposition |
| I | Direct | SPO, SPO I, Knobel | Fraud | Dismissed on merits. |
| III | Direct | SPO, SPO I, Knobel | Colorado Consumer Protection Act | Dismissed as withdrawn. |
| V | Direct | SPO, SPO I, Knobel | Federal Securities Exchange Act | Dismissed on merits. |
| VI | Direct & Derivative | SPO I | Breach of Contract | Direct – dismissed as withdrawn. Derivative – Dismissed without prejudice. Court declined to exercise supplemental jurisdiction. |
| VII | Direct & Derivative | SPO, SPOI | Declaratory Relief: Enforceability of YEA and ARCU | Dismissed without prejudice. Court declined to exercise supplemental jurisdiction. |
| VIII | Direct | SPO I | Veil Piercing | Dismissed as withdrawn; not a claim but a remedy. |

21

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 19-cv-02443-RM-STV
      Consolidated with 19-cv-2637-RM-STV

**<u>Derivatively:</u>**
Hsin-Yi Wu, and Qi Qin,
in their capacity as limited partners of
Colorado Regional Center Project Solaris LLLP,

      Plaintiffs

v.

Colorado Regional Center Project Solaris LLLP,

      Nominal Defendant,
and

**<u>Directly:</u>**
Hsin-Yi Wu, Jun Li, Qi Qin, Yi Liu, Jie Yang, Yuquan Ni,
Zhongzao Shi, Fang Sheng, Shunli Shao, Kaiyuan Wu,
Zhijian Wu, Zhongwei Li, Sa Wu, Fan Zhang, Lin Qiao,
Jinge Hu, Rujun Liu,Ying Xu, Lu Li, Cao Xiaolong,
and Yuwei Dong,

      Plaintiffs,

v.

Colorado Regional Center LLC,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I LLC,
Peter Knobel, and
Colorado Regional Center Project Solaris LLLP, and
all principals and ultimate owners of business entities pursuant to
piercing of the limited liability veil,

      Defendants.

---

**ORDER ON CRC DEFENDANTS' MOTION FOR ATTORNEY FEES**

---

This matter is before the Court on Defendants Waveland Ventures, LLC ("Waveland"), Colorado Regional Center, LLC ("CRC"), and Colorado Regional Center I, LLC ("CRC I") (collectively, "CRC Defendants") Motion for Attorney Fees (the "Motion") (ECF No. 274). The CRC Defendants seek an award of attorney fees under Colo. Rev. Stat. § 13-17-201. The matter is fully briefed.[1] After reviewing the Motion, relevant parts of the court record, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

## I.    BACKGROUND

This is a consolidated action. For ease of reference, Plaintiffs in Civil Action No. 19-cv-02443 are referred to collectively as the "Li Plaintiffs" and Plaintiffs in Civil Action No. 19-cv-2637 are referred to collectively as the "Cui Plaintiffs" (Li and Cui Plaintiffs, collectively, "Plaintiffs"). As the parties are familiar with the lengthy background which precedes the Motion, only a brief summary is provided here.

Plaintiffs filed their respective actions alleging they purchased limited partnership interests in Colorado Regional Center Project Solaris, LLLP ("CRCPS"). CRCPS loaned the money ($82.5 million) Plaintiffs (and other limited partners) invested to Solaris Property Owner, LLC ("SPO"). Subsequently, SPO assigned its rights and obligations under the loan to Solaris Property Owner I, LLC ("SPO I"). At bottom, Plaintiffs alleged that the loan was undercollateralized with inflated valued condos; that SPO I was allowed to "repay" the loan with the overvalued condos (which was allegedly a disguised sale[2]); the limited partners were offered "put options"[3] to "unload" their interests in CRCPS; and the loan is in default but SPO I has not repaid. Plaintiffs filed numerous federal and state law claims[4] against the various defendants allegedly involved with this deal. Motions to Dismiss were

---

[1] *See* ECF Nos. 274, 278, 293, 295, and 305.
[2] According to Li Plaintiffs.
[3] According to Li Plaintiffs, these put options allegedly allowed the limited partners to "put" their partnership interests back to CRCPS and be assigned a condo. When the condo is sold, the limited partners who exercised the put options would receive the proceeds from the sale. (ECF No. 222, ¶ 99.) Cui Plaintiffs also made substantially the same allegations. (ECF No. 190, ¶ 22, 79.)
[4] A chart summarizing the claims relevant here is appended to the end of this order.

filed by SPO, SPO I, and Peter Knobel, allegedly the sole equity owner or principal of SPO and/or SPO I, ("Knobel") (collectively, "SPO Defendants") and by CRC Defendants.

In its Order on Pending Motions,[5] the Court granted the CRC Defendants' Motion to Dismiss, filed under Fed. R. Civ. P. 12(b)(6), directed against Plaintiffs, and dismissed the CRC Defendants from the case.

## II.    LEGAL STANDARDS

### A.  Rule 54(d) of the Federal Rules of Civil Procedure

Under Rule 54(d)(2) of the Federal Rules of Civil Procedure, "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."  "Unless a statute or a court order provides otherwise, the motion must . . . be filed no later than 14 days after the entry of judgment," and contain specific information to assist with resolving the motion.  Fed. R. Civ. P. 54(d)(2)(A) & (B); *see also* D.C.COLO.LCivR 65.3 (Local Rule setting forth additional requirements for attorney fees motion).

### B.  Colorado's Attorney Fee Statute – Colo. Rev. Stat. § 13-17-201

Colorado's attorney fee statute provides:

> In all actions brought as a result of…an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

Colo. Rev. Stat. § 13-17-201.  The fee statute applies equally to dismissals under Rule 12(b) of the Federal Rules of Civil Procedure.  *See Jones v. Denver Post Corp.*, 203 F.3d 748, 757 n. 6 (10th Cir. 2000) ("[W]e find the [fee] statute applies with equal force when a federal court dismisses a pendent state tort pursuant to Fed. R. Civ. P. 12(b)(6)."); *MacIntyre v. JP Morgan Chase Bank, N.A.*, 827 F. App'x 812, 820 (10th Cir. 2020), cert. denied sub nom., 209 L. Ed. 2d 772 (May 17, 2021) (same). The award of reasonable attorney fees is mandatory to a defendant prevailing in a tort action on a Rule 12(b) motion.  *Crandall v. City of Denver*, 238 P.3d 659, 660 (Colo. 2010); *Wyles v. Brady*, 822 F.

---

[5] ECF No. 271.

App'x 690, 697 (10th Cir. 2020).  The fee statute leaves nothing to the discretion of the district court except to determine what is a reasonable fee.  *Crandall*, 238 P.3d at 663.

The fee statute applies separately to each defendant who has an action dismissed against him under Rule 12(b).  *See Gagne v. Gagne*, 338 P.3d 1152, 1168 (Colo. App. 2014) (analyzing only those claims brought against counterclaim defendant in determining he may recover under fee statute); *Falcon Broadband, Inc. v. Banning Lewis Ranch Metro. Dist. No. 1*, 474 P.3d 1231, 1245 (Colo. App. 2018) (The fee "statute applies to the claims against each defendant individually.").  If the essence of the action against a defendant dismissed under Rule 12(b) is in tort, then the fee statute applies and fees shall be awarded.  *Checkley v. Allied Property & Cas. Ins. Co.*, 635 F. App'x 553, 559 (10th Cir. 2016).  The fee statute does not apply if the court does not "dismiss all the tort claims against a certain defendant or if an action contains both tort and non-tort claims and the defendant obtains C.R.C.P 12(b) dismissal of only the tort claims."  *Falcon Broadband, Inc.*, 474 P.3d at 1244-45 (quotation marks and citation omitted).  "In other words, for the statute to apply, the court must've dismissed the entire action pursuant to a Rule 12(b) motion, and that action must be a tort action." *Id.* at 1245.  The burden is on the Defendants to establish that they are entitled to recover under the fee statute.  *Gagne*, 338 P.3d at 1168 (stating that movant had not shown fees were recoverable under fee statute).

### C.  Private Securities Litigation Reform Act

Under 15 U.S.C. § 78u-4(c) of the Private Securities Litigation Reform Act ("PSLRA"), "in any private action arising under this chapter [Chapter 2B – the Exchange Act], upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion."  15 U.S.C. § 78u-4(c)(1).  Further, if the court makes a finding that a party or attorney has violated Rule 11(b), "the court shall impose sanctions on such party or attorney in accordance with Rule 11."  15 U.S.C.

§ 78u-4(c)(2).  "[T]here is no requirement that the defendant have asked for the imposition of sanctions."  *City of Livonia Emps. Ret. Sys. v. Boeing Co.*, 711 F.3d 754, 761 (7th Cir. 2013).  The review is mandatory.

## III.   DISCUSSION

### A.  The Li Plaintiffs

In response to the CRC Defendants' motion for fees under section 13-17-201, C.R.S. (2021), the Li Plaintiffs make three arguments: (1) the motion is not timely because there is not a final order in the case as required by Fed. R. Civ. P. 54; (2) their complaint was not primarily a tort action, but rather was, in essence, a contract claim; and (3) the Court erroneously dismissed CRC I as a party.[6]  The Court will address the arguments in turn.

The Li Plaintiffs first assert that the CRC Defendants' request for attorney fees is premature because there has not been a final order in this case.  However, contrary to the Li Plaintiffs' argument, Fed. R. Civ. P. 54(d)(2)(B) sets forth a deadline *after* which a party cannot request fees, not a date before which such a request is unripe.  In any event, in this case all claims against the CRC Defendants have been dismissed and the case is final as to them.  Because the entire action as to the CRC Defendants has been dismissed, they are entitled to seek fees under section 13-17-201.  *See Smith v. Town of Snowmass Village*, 919 P.2d 868, 873 (Colo. App. 1996) (noting that "[t]he statute, by using the term 'defendant' in the singular," applies to each defendant who has an action against it dismissed under Rule 12(b)).

The Li Plaintiffs next assert that their complaint did not primarily sound in tort, and thus argue that they should not be subject to section 13-17-201.  They contend that the essence of their complaint lies in contract.

---

[6] ECF No. 278.  The Li Plaintiffs also asserted that, at the time of their filing, the Court had not yet decided if it would dismiss remaining claims for a lack of subject matter jurisdiction or whether it would exercise supplemental jurisdiction.  The remaining claims, however, were all against the SPO Defendants and therefore are not implicated by the CRC Defendants' motion.

To determine if section 13-17-201 applies when a party has pleaded tort and non-tort claims, "a court must determine, as a matter of law," *Gagne*, 338 P.3d at 1167, whether the "essence" of that party's action was one in tort, *Luskin Daughters 1996 Trust v. Young*, 448 P.3d 982, 987 (Colo. 2019). In making its determination, the court "should focus on the manner in which the claims were pleaded," *Luskin Daughters*, 448 P.3d at 987, and "rely on the pleading party's characterization of its claims," *Gagne*, 338 P.3d at 1167. *See also Falcon Broadband, Inc. v. Banning Lewis Ranch Metro. Dist. No. 1*, 474 P.3d 1231, 1245 (Colo. App. 2018) ("How the plaintiff chose to plead the claim (as a tort or not) controls."). The Court "should not consider what the party should or might have pleaded." *Gagne*, 338 P.3d at 1167.

To make this determination the Court engages in a two-step analysis. *Id.* at 1168. First, the Court applies the "predominance" test—whether quantitatively or qualitatively the action is more "tortious" in nature. *Id.*; *see also Walker v. Women's Professional Rodeo Association, Inc.*, 2021 COA 105M, ¶ 76. The Court should consider both the number of tort and non-tort claims asserted, as well as the relative importance of the various claims. *Walker*, 2021 COA 105M, ¶¶ 77-78. The Court then considers whether the plaintiff asserted the tort claims in order to unlock remedies not otherwise available under the non-tort claims. *Id.* at ¶ 79. If the essence of the action against a defendant dismissed under Rule 12(b) is in tort, then the fee statute applies and fees shall be awarded. *Checkley v. Allied Property & Cas. Ins. Co.*, 635 F. App'x 553, 559 (10th Cir. 2016).

In this case, the Li Plaintiffs raised the following claims against the CRC Defendants: (1) breach of fiduciary duty arising by contract and statute; (2) civil theft; (3) a violation of section 10(b) of the Securities Exchange Act; (4) a violation of the Colorado Securities Act; (5) a claim to remove CRC I as the general partner of CRCPS; (6) fraud against CRC, CRC I, and Waveland Ventures; (7) fraud against CRCPS; and (8) a claim to pierce the veil of CRC I to hold its owners/members liable for fraud, breach of contract, and securities violations.[7] It is clear to the Court that the essence of the Li Plaintiffs' case is one that lies in tort. *See Resol. Tr. Corp. v. Heiserman*,

[7] EFC No. 222.

898 P.2d 1049, 1056 (Colo. 1995) (recognizing the tort of breach of fiduciary duty); *Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 290 (Colo. App. 2009) (noting that a breach of a duty that arises independently of a contractual duty between parties may support a tort action); *Bermel v. BlueRadios, Inc.*, 2019 CO 31, ¶ 33, 440 P.3d 1150, 1157 (noting that "because civil theft is wrongful conduct—indeed, intentionally wrongful conduct—that causes harm for which courts will impose civil liability, it would appear to amount to a tort in Colorado"); *deHaas v. Empire Petroleum Co.*, 302 F.Supp. 647, 649 (D. Colo. 1969) (noting that a claim under the Securities Exchange Act of 1934 "necessarily involves the commission of an intentional tort"); *First Nat'l Bank of Durango v. Lyons*, 2015 COA 19, ¶ 15, 349 P.3d 1161, 1164 (noting that the essence of the plaintiff's claim under the Colorado Securities Act was tortious in nature because the major thrust of the claims were identical to that of a claim for common law fraud); *Robinson v. Colorado State Lottery Div.*, 179 P.3d 998, 1004 (Colo. 2008) (noting that fraud is a common law tort claim expressly intended to remedy economic loss which can exist independent of or in conjunction with a contract claim). On a purely quantitative level, the Li Plaintiffs' claims predominantly sound in tort. Furthermore, the substantive essence of the claims is that the Defendants defrauded the Plaintiffs and induced the Plaintiffs to invest in a scheme in reliance on the Defendants' fraudulent material misrepresentations and material omissions concerning how the investment would work. Given that conclusion, the Court need not consider whether the Li Plaintiffs raised tort claims in order to seek remedies beyond those available in their potential contract claims. *See Gagne*, 338 P.3d at 1168.

Finally, the Li Plaintiffs assert that this Court erred when it dismissed their first claim for breach of fiduciary duty against CRC I, and that the Court should reinstate that claim. Although not expressly stated in their response, the Li Plaintiffs implicitly argue that, upon reinstatement of that claim, attorney fees would be premature because one of the claims against the CRC Defendants would

then remain outstanding. The Court declines the invitation to reconsider its decision to dismiss the breach of fiduciary duty claim for the reasons set forth in its prior order.[8]

Because the Court concludes that the Li Plaintiffs' claims were tort claims, and because those claims were dismissed on the CRC Defendants' 12(b) motion, the CRC Defendants are entitled to attorney fees under section 13-17-201.

### B. The Cui Plaintiffs

In response to the CRC Defendants' motion for fees, the Cui Plaintiffs make four arguments against the awarding of any fees. (1) the motion is not timely because there is not a final order in the case as required by Fed. R. Civ. P. 54; (2) their complaint was not primarily a tort action, but rather was, in essence, a contract claim; and (3) the motion is premature because it is not clear that all of the Cui Plaintiffs' claims against the CRC Defendants have been dismissed; and (4) the CRC Defendants' motion fails to apportion attorney fees among the various CRC Defendants represented by the same law firm.

First, as discussed above, the case is final as to the CRC Defendants because all the Cui Plaintiffs' claims against them have been dismissed. The CRC Defendants are therefore entitled to seek fees under section 13-17-201. *See Smith*, 919 P.2d at 873 (noting that the statute applies to each defendant who has an action against it dismissed under Rule 12(b)).

The Court also disagrees that the Cui Plaintiffs' claims were, in essence, contract claims. The Cui Plaintiffs raised the following claims against the CRC Defendants: (1) fraud; (2) breach of fiduciary duty; (3) violation of the Colorado Consumer Protection Act; (4) violation of the Investment Company and Investment Advisors Acts; (5) violation of the Federal Securities Exchange Act; (6) a claim for declaratory relief; and (7) a claim to pierce the corporate veil of CRC I to hold its owners/members liable for fraud, breach of contract, and securities violations.[9] As in the case of the Li Plaintiffs' claims, the Court concludes that the Cui Plaintiffs' claims are predominantly in the nature of

---

[8] ECF No. 271, pp. 25-28.
[9] ECF No. 190.

a tort action.  *See Robinson*, 179 P.3d at 1004 (noting that fraud is a common law tort); *Heiserman*, 898 P.2d at 1056 (recognizing the tort of breach of fiduciary duty); *Hamon Contractors, Inc.*, 229 P.3d at 290 (noting that a breach of a duty that arises independently of a contractual duty between parties may support a tort action); *deHaas*, 302 F.Supp. at 649 (noting that a claim under the Securities Exchange Act of 1934 "necessarily involves the commission of an intentional tort"); *Building on Our Best LLC v. Sentinel Insurance Co.*, 15-cv-00669, 2016 WL 1756488 at *3 (D. Colo. May 3, 2016) (concluding that a claim under the Colorado Consumer Protection Act "is properly characterized as a tort claim" because the purpose of the Act, like the purpose of tort law, is to provide a remedy against consumer fraud).  The Cui Plaintiffs' claims against the CRC Defendants are both quantitatively and qualitatively predominantly a tort action.

Third, the Cui Plaintiffs argue that it is not clear that all of the claims against the CRC defendants have been dismissed because their claim for a declaratory judgment was brought against CRC I and the Court did not dismiss that claim pursuant to the Defendants' 12(b) motions.  In response to the Cui Plaintiffs' motion for clarification pursuant to Fed. R. Civ. P. 60, the Court previously addressed this contention and noted that the claim for declaratory judgment requested a clarification of the rights of the parties to the loan agreement, which was a contract between CRCPS and the SPO Defendants.[10]  In the Court's view, therefore, CRC I was not a party to the contract and therefore could not be the subject of the claim for declaratory relief.  In light of that fact, the Court declined to clarify or reconsider its conclusion that it had dismissed the CRC Defendants entirely from the case and it declines to do so again here.  The motion for attorney fees is not premature; the CRC Defendants have been dismissed from this case.

Finally, the Cui Plaintiffs argue that the CRC Defendants' motion for attorney fees should be denied because the motion failed to apportion the claimed fees to each of the individual CRC Defendants.  This argument, however, turns on the Cui Plaintiffs' prior argument, that not all the claims against CRC I had been dismissed and therefore CRC I is not yet entitled to fees.  The Court

---

[10] ECF No. 332, pp. 14-16.

has already rejected the argument that its orders have left CRC I as a part of this case—all claims against all of the CRC Defendants have been dismissed. In addition, the CRC Defendants note that all of the fees were incurred on behalf of, and paid by, CRC I, and therefore apportionment is not required.

### C. The Amount of Reasonable Fees

*Li Plaintiffs.* The Li Plaintiffs make no challenge to the amount of fees sought by the CRC Defendants. The Court has independently reviewed the CRC Defendants' submission, including the rates charged, the experience of the attorneys and others involved in defending this matter, the hours expended and the tasks performed. The Court is also very familiar with the nature and complexity of this case as well as the complexity and number of issues raised, the scope and depth of the filings, and the reasonable amount of time that would be expended to address those filings. *See Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996) (listing the factors courts should consider in determining the reasonableness of fees).

Having conducted the review, the Court concludes that the fees requested were reasonable. Therefore, $390,056.25 shall be awarded to the CRC Defendants against the Li Plaintiffs.[11]

*Cui Plaintiffs.* The Cui Plaintiffs contest the amount of fees requested by the CRC Defendants to the extent that those fees are duplicative of amounts already awarded by the Court in connection with the Order to Show Cause re Removal of Lis Pendens. The CRC Defendants concede that they inadvertently included an amount related to the removal of the Cui Plaintiffs' lis pendens in their request for fees. They therefore reduced their total request to reflect the removal of that amount.

The Cui Plaintiffs otherwise do not dispute the reasonableness of the fees requested by the CRC Defendants. As in the case of the Li Plaintiffs, the Court has reviewed the services billed, time expended, and amounts charged and concludes that they are reasonable under the circumstances of this case. As previously indicated, the Court is fully aware of the complexity of this case and the work required to defend it. In light of those considerations, the Court concludes that the fees requested are

---

[11] EFC No. 274.

reasonable once the duplicative amount has been removed.  Therefore, the court awards $139,539.75 to the CRC Defendants against the Cui Plaintiffs.[12]

### D.  Recovery of Fees under the PSLRA

Pursuant to the PSLRA, as discussed above, in the event that the Court finds a party or attorney to have violated Fed. R. Civ. P. 11(b), it is required to award fees against as a sanction against the party or attorney who committed the violation.  15 U.S.C. § 78u-4(c).  The Defendant need not have requested fees under this provision.  In a separate Order also being issued today, the Court addresses the award of fees under that provision.  As explained in that Order, however, the fees awarded are not cumulative and can be collected only once.

## IV.    Conclusion

Based on the foregoing, it is therefore **ORDERED**

(1) That the CRC Defendants' Motion for Award of Attorney Fees (ECF No. 274) is GRANTED as stated herein;

(2) That the CRC Defendants are awarded $390,056.25 in attorney fees against the Li Plaintiffs; and

(3) The CRC Defendants are awarded $139,539.75 in attorney fees against the Cui Plaintiffs.

Dated this 29th day of October, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[12] ECF Nos. 274, 295, 305.

# Chart of Claims

| Li Plaintiffs' Counts | | | | |
|---|---|---|---|---|
| Count | Direct/ Derivative | CRC Defendants Named | Basis | Disposition |
| I | Derivative | CRC I | Breach of Fiduciary Duty | Dismissed on Merits. |
| II | Derivative | CRCPC, CRC | Civil Theft | Dismissed on Merits. |
| V | Derivative | CRC I | Federal Securities Exchange Act | Dismissed on Merits. |
| VI | Derivative | CRC | Colorado Securities Act – Fraud | Dismissed on merits. |
| VII-1[13] | Derivative | CRC | Removal of CRC as General Partner | Dismissed as withdrawn. [14] |
| VII-2 | Direct | CRC, CRC I, Waveland Ventures | Fraud | Dismissed as withdrawn. |
| VII-3 | Direct | CRCPS | Fraud | Dismissed as withdrawn. |
| VII-4 | Direct | CRC I | Veil Piercing | Dismissed as witndrawn. |

---

[13] Li Plaintiffs' complaint contains four "Count VIIs." (ECF No. 222.)

[14] "Dismissed as withdrawn," as used herein, refers to the Court's dismissal of these claims after they were voluntarily "withdrawn," "dismissed," or conceded to by Plaintiffs.

12

| Cui Plaintiffs' Counts | | | | |
|---|---|---|---|---|
| Count | Direct/ Derivative | CRC Defendants Named | Basis | Disposition |
| I | Direct | CRCPS, CRC, CRC I, Waveland Ventures | Fraud | Dismissed on merits. |
| II | Direct & Derivative | CRC, CRC I | Breach of Fiduciary Duty | Dismissed on merits. |
| III | Direct | CRCPS, CRC, CRC I, Waveland Ventures | Colorado Consumer Protection Act | Dismissed as withdrawn. |
| IV | Direct | CRCPS, CRC I | Investment Company and Investment Advisors Acts | Dismissed on Merits |
| V | Direct | CRCPS, CRC, CRC I, Waveland Ventures | Federal Securities Exchange Act | Dismissed on Merits |
| VII | Direct & Derivative | CRC I | Declaratory Relief: Enforceability of YEA and ARCU | Dismissed without prejudice. Court declined to exercise supplemental jurisdiction. |
| VIII | Direct | CRC I | Veil Piercing | Dismissed as withdrawn; not a claim but a remedy. |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Judge Raymond P. Moore

Civil Action No. 19-cv-02443-RM-STV
      Consolidated with 19-cv-2637-RM-STV

**Derivatively:**
Hsin-Yi Wu, and Qi Qin,
in their capacity as limited partners of
Colorado Regional Center Project Solaris LLLP,

      Plaintiffs

v.

Colorado Regional Center Project Solaris LLLP,

      Nominal Defendant,
and

**Directly:**
Hsin-Yi Wu, Jun Li, Qi Qin, Yi Liu, Jie Yang, Yuquan Ni,
Zhongzao Shi, Fang Sheng, Shunli Shao, Kaiyuan Wu,
Zhijian Wu, Zhongwei Li, Sa Wu, Fan Zhang, Lin Qiao,
Jinge Hu, Rujun Liu, Ying Xu, Lu Li, Cao Xiaolong,
and Yuwei Dong,

      Plaintiffs,

v.

Colorado Regional Center LLC,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I LLC,
Peter Knobel, and
Colorado Regional Center Project Solaris LLLP, and
all principals and ultimate owners of business entities pursuant to
piercing of the limited liability veil,

      Defendants.

---

## ORDER ON FEES PURSUANT TO THE PSLRA

---

This matter is before the Court on SPO Defendants'[1] "Motion to Amend the Judgment or, in the Alternate, for Findings and Order on PSLRA Attorney Fees" (the "Motion") (ECF No. 341). On August 23, 2021, this Court issued an Order that amended the judgment, made findings of violations under Rule 11(b) of the Federal Rules of Civil Procedure by Li Plaintiffs' Attorney Litowitz and Cui Plaintiffs' Attorney Stewart, and directed Attorneys Litowitz and Stewart to file a response rebutting the presumption that attorneys' fees should be awarded pursuant to the Private Securities Litigation Reform Act ("PSLRA") (ECF No. 377). Having now received those responses, the Court finds and orders as follows.

## I.    Background

This is a consolidated action. For ease of reference, Plaintiffs in Civil Action No. 19-cv-02443 are referred to collectively as the "Li Plaintiffs" and Plaintiffs in Civil Action No. 19-cv-2637 are referred to collectively as the "Cui Plaintiffs" (Li and Cui Plaintiffs, collectively, "Plaintiffs"). As the parties are familiar with the lengthy background which precedes the Motion, only a brief summary is provided here.

Plaintiffs filed their respective actions alleging they purchased limited partnership interests in Colorado Regional Center Project Solaris, LLLP ("CRCPS"). CRCPS (lender) loaned the money ($82.5 million) Plaintiffs (and other limited partners) invested to SPO (borrower). Subsequently, SPO assigned its rights and obligations under the loan to SPO I. At bottom, Plaintiffs alleged that the loan was undercollateralized with inflated valued condos; that SPO I was allowed to "repay" the loan with the overvalued condos (which was allegedly a disguised sale[2]); the limited partners were offered "put options"[3] to "unload" their interests in

---

[1] The SPO Defendants are Solaris Property Owner LLC, Solaris Property Owner I, and Peter Knobel. Knobel is allegedly the sole equity owner or principal of SPO and/or SPO I.
[2] According to Li Plaintiffs.

CRCPS; and the loan is in default but SPO I has not repaid.  Plaintiffs filed numerous federal and

state law claims against the various Defendants allegedly involved with this deal.  Motions to

Dismiss were filed by Waveland Ventures, LLC ("Waveland"), Colorado Regional Center, LLC

("CRC"), and Colorado Regional Center I, LLC ("CRC I") (collectively, "CRC Defendants")

and by the SPO Defendants.

In its Order on Pending Motions,[4] the Court granted in full the CRC Defendants' motion

to dismiss and dismissed the CRC Defendants from the case.  The Court also granted in part and

denied in part SPO Defendants' Motion to Dismiss, filed under Fed. R. Civ. P. 12(b)(6), directed

against Plaintiffs.  SPO Defendants' Motion to Dismiss was granted as to all remaining claims[5]

by Plaintiffs except the following: (1) Cui Plaintiffs' Counts VI (derivative against SPO I) and

Count VII (derivative against SPO and SPO I) for declaratory relief; and (2) Li Plaintiffs' Count

III (derivative for breach of contract against SPO I).  All claims against Knobel were dismissed;

therefore, he was dismissed as a party to this consolidated action.

Because the Court dismissed the federal claims, it also raised *sua sponte* whether diversity

jurisdiction existed and, if not, whether the Court should retain supplemental jurisdiction over

the three remaining state law claims.  In its Order Regarding Subject Matter Jurisdiction,[6] the

Court determined that it did not have diversity jurisdiction and declined to exercise supplemental

jurisdiction over the state law claims. Therefore, the three state law claims were dismissed

without prejudice. It appears that some Plaintiffs have recently filed a breach of contract claim in

---

[3] According to Li Plaintiffs, these put options allegedly allowed the limited partners to "put" their partnership
interests back to CRCPS and be assigned a condo. When the condo is sold, the limited partners who exercised the
put options would receive the proceeds from the sale. (ECF No. 222, ¶ 99.) Cui Plaintiffs also made substantially the
same allegations. (ECF No. 190, ¶ 22, 79.)
[4] ECF No. 271.
[5] Some claims were voluntarily withdrawn or conceded. (*See* ECF No. 271.)
[6] ECF No. 334.

3

state court.[7]  The Court's March 2, 2021, order did not, however, make any findings regarding

the parties' and attorneys' compliance with Fed. R. Civ. P. 11, as required by the PSLRA.

Pursuant to the motion of the SPO defendants, the Court amended that order on August

23, 2021, to comply with the PSLRA.[8]  The Court found that neither the Li Plaintiffs nor the Cui

Plaintiffs themselves had violated Rule 11.  But it also concluded that the Li Plaintiffs' Attorney

Litowitz violated Rule 11(b)(2) and (b)(3) by bringing a derivative claim on behalf of CRCPS

against its own general partner for alleged securities violations, in essence "bringing a securities

fraud against itself."  (ECF No. 377, p.9.)  The Court determined that, reviewing these claims

under a purely objective standard, the allegations "were neither warranted by existing law nor

warranted by 'a nonfrivolous argument for extending, modifying, or reversing existing law or for

establishing new law.'"  *Id.* (quoting Fed. R. Civ. P. 11(b)(2)).  And the Court concluded that

there existed no evidentiary basis upon which to file such a claim.

The Court also found that the Cui Plaintiffs' Attorney Stewart violated Rule 11(b)(2) by

bringing a securities claim that was barred by the statute of repose and by failing to plausibly

allege a claim against the SPO Defendants, relying instead on allegations against the CRC

Defendants.  *Id.* at 10-11.  Finally, the Court determined that Attorney Stewart's allegations

regarding the "put" options lacked evidentiary support as to all but one defendant.  *Id.* at 11.

Having concluded that the two attorneys violated Rule 11(b), the Court noted that the

PSLRA imposes a presumption in favor of attorneys' fees and costs in such cases, but also

acknowledged that such presumption was rebuttable.  *Id.* at 14.  The Court therefore offered the

Plaintiffs and their attorneys the opportunity to rebut the presumption that such fees and costs

should be imposed.  *Id*. at 14-15.  The Court also ordered the Defendants to file precise

---

[7] ECF No. 409.
[8] ECF No. 377.

attorneys' fees and expense information related to the securities claims. *Id.* at 16. All parties

filed responses to the Court's order.[9]

## II.      Legal Standard

The PSLRA provides for sanctions in cases of abusive litigation. 15 U.S.C. § 78u-4(c).

It "emphasizes the need not only to deter such abusive lawsuits, but also to compensate fully

victims of this kind of abusive litigation." *Gurary v. Nu-Tech Bio-Med, Inc.*, 303 F.3d 212, 215

(2d Cir. 2002). It therefore mandates that:

> In any private action arising under [Chapter 2B of the Exchange Act], upon
> final adjudication of the action, the court shall include in the record specific
> findings regarding compliance by each party and each attorney representing
> any party with each requirement of Rule 11(b) of the Federal Rules of Civil
> Procedure as to any complaint, responsive pleading, or dispositive motion.

*Id*. It further dictates that if the court makes a finding that a party or attorney violated any

requirement of Rule 11(b), the court shall impose sanctions on such party or attorney in

accordance with Fed. R. Civ. P. 11 after first allowing any such party or attorney an opportunity

to respond. *Id.* The circuits to have considered the question appear to agree that, where a

violation of Rule 11 is found, sanctions of some kind are mandatory. *See Thompson v.*

*Relationserve Media, Inc.*, 610 F.3d 628, 667 (11th Cir. 2010) (Tjoflat, J., dissenting in part)

(collecting cases and concluding that "Congress meant what it said when it made Rule 11

sanctions mandatory whenever a violation is found."); *Citibank Global Markets, Inc. v.*

*Rodriguez Santana*, 573 F.3d 17, 31-32 (1st Cir. 2009) (noting that the statute requires findings

and, where a Rule 11 violation is found, requires that sanctions be imposed); *Gurary*, 303 F.3d at

215 (same).

The PSLRA also adopts a presumption that the appropriate sanction for a violation of

Rule 11(b) is an "award to the opposing party of the reasonable attorneys' fees and other

---

[9] ECF Nos. 381, 399, 400, 404.

expenses incurred," as the result of the failure to comply with Rule 11.  15 U.S.C.

§ 78u-4(c)(3)(A).  If the Rule 11 violation appears in a *responsive pleading* or *dispositive*

*motion*, then the presumptively appropriate sanction is the opposing party's reasonable attorneys'

fees and expenses "incurred as a direct result of the violation."  *Id.*; *see also Morris v. Wachovia*

*Securities, Inc.*, 448 F.3d 268, 276 (4th Cir. 2006) (same).  If a *complaint* substantially fails to

comply with Rule 11, however, the presumptive sanction "is an award to the opposing party of

the reasonable attorneys' fees and other expenses incurred in the action."  15 U.S.C.

§ 78u-4(c)(3)(B).

"The mandatory and broad nature of the presumption, however, was tempered by limiting

it only to those cases in which the failure to comply with Rule 11 was 'substantial.'  . . . [T]he

presumption was reserved only for a 'serious offense—filing an unfounded action.'"  *Gurary*,

303 F.3d at 220 (quoting 141 Cong. Rec. S19044, S19055 (Dec. 21, 1995) (Letter to the Senate

Committee on Banking, Housing and Urban Affairs from Judge Anthony J. Scirica)).  Although

not defined in the statute, other courts have concluded that a failure to comply with Rule 11 is

"substantial" when the suit as a whole, including both the frivolous and nonfrivolous claims, is

"abusive."  *Id.* at 222.  "Under this interpretation, the district court must examine the qualitative

substance of the nonfrivolous claims in order to assess whether theses claims were, in fact,

legitimate filings that had the potential of prevailing or whether they patently lacked merit and

narrowly avoided being deemed frivolous themselves."  *Id.*  If the suit, as a whole, is not abusive,

the presumption of full sanctions might not be appropriate.  *Id.*

The PSLRA further provides that the presumption may be rebutted by proof, presented by

the attorney or party against whom sanctions are to be imposed, that either (1) the award of fees

and expenses would impose an unreasonable burden on the sanctioned individual and would be

unjust, while failure to make such an award would not impose a greater burden on the party in whose favor sanctions are to be imposed; or (2) any violations of Fed. R. Civ. P. 11(b) were de minimis. 15 U.S.C. § 78u-4(c)(3)(B). "If the presumption is rebutted, then 'the court shall award the sanctions that it deems appropriate pursuant to [Rule 11].'" *Morris*, 448 F.3d at 276 (quoting 15 U.S.C. § 78u-(c)(3)(C), alterations original).

In order to rebut the presumption under the "unreasonable burden" prong, the party facing sanctions must "offer, through financial statements or other proof, evidence that the award is unreasonable and unjust, given the party's economic or other like status." *Gurary*, 303 F.3d at 221. The parameters of "de minimis violation" prong are less clearly defined, but are met at least in a case in which "one claim in a twenty-count complaint is frivolous." *Id.* at 220.

The Second Circuit set out a clear procedure for evaluating proceedings under the PSLRA: the district court must determine first whether any of the claims are frivolous and violate Rule 11. *Id.* at 223. If the court finds a violation, it must second consider whether any nonfrivolous claims are "of a quality sufficient to make the suit as a whole nonabusive and the Rule 11 violation not substantial." *Id.* Third, if it concludes that none of the nonfrivolous claims are sufficiently weighty to render the suit nonabusive, the court must apply the statutory presumption. *Id.* In the fourth step, the court must determine whether the violation was de minimis or whether the imposition of the full sanction would create an unjust burden on the sanctioned party "and that a partial award would not 'impose a greater burden on the party in whose favor sanctions are to be imposed,'" and if either of these conditions are met then the presumption is rebutted. *Id.* The court should not impose full sanctions if it concludes that any violation was not substantial or if, though having committed a substantial violation, the sanctioned party has rebutted the presumption. *Id.*

If the violation is not substantial, or if a party or attorney successfully rebuts the presumption, "the court shall award the sanctions that the court deems appropriate pursuant to Rule 11 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(c)(3)(C). The Second Circuit explained that the proper level of an award for raising a single frivolous claim, rather than bringing an entirely frivolous action, should likely be substantially less than the full cost incurred in the entire action. *Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.*, 186 F.3d 157, 178 (2d Cir. 1999). "[I]n such cases, even if no substantial failure existed under the PSLRA, partial sanctions might still be assessable under ordinary Rule 11 standards to punish not the bringing of the whole suit, but only of the frivolous claim." *Gurary*, 303 F.3d at 222.

### III.     Analysis

#### A.  Li Plaintiff's Attorney Litowitz

The Court begins its analysis with the question of whether the Rule 11 violation, previously found, was "substantial," thus triggering the presumption that Attorney Litowitz be sanctioned in the amount of the Defendants' attorney fees expended in this action. The Court concludes that it was.

The Li Plaintiff's operative Complaint in this case contained ten claims—seven derivative claims on behalf of CRCPS, and three direct claims.[10] The Li Plaintiffs subsequently voluntarily dismissed all of the direct claims, as well as two of the derivative claims.[11] On the Defendants' motions, this Court then dismissed all but one of the remaining claims.[12] The Li Plaintiff's claims included (1) a derivative claim for breach of fiduciary duty against CRC I; (2) a derivative claim for civil theft against CRC, SPO, and Knobel; (3) a derivative claim for breach

---

[10] ECF No. 222.
[11] ECF No. 210.
[12] ECF No. 271.

of the loan agreement against SPO; (4) a derivative claim alleging violations of sections 78j and 78t of the Federal Securities Exchange Act against CRC I; and (5) a derivative claim for a violation of the Colorado Securities Act against CRC and Knobel.  The Court dismissed the claimed violation of the Federal Securities Exchange Act, which is the claim subject to the PSLRA, on three separate grounds, including that the put options were not new securities; the claim fell outside the statute of repose, and was therefore time barred; and it failed to state a derivative claim because it sought only to recover for the individual investors, and not for CRCPS, on whose behalf the derivative claim had purportedly been brought, and because it essentially constituted a suit by CRCPS against itself.  The Court also previously explained that it was this final reason that led it to find a violation of Rule 11(b)(2).[13]

The question, then, is whether the remaining four claims were nonfrivolous and, if so, sufficiently weighty to render the Li Plaintiffs' suit nonabusive.  In evaluating the Li Plaintiffs' claim under the Colorado Securities Act, the Court dismissed on the same reasoning it applied to the federal securities claim.[14]  The Court noted the same three reasons to dismiss the claim.  Thus, if the federal securities claim was frivolous, so was the state securities law claim.

The Li Plaintiffs' civil theft claim failed for a similar reason—the allegations made in the Complaint failed to support a derivative claim brought on behalf of CRCPS, but instead set out a claim that the Defendants had committed theft against the Li Plaintiffs as individuals.[15]  In the Court's view, an objectively reasonable lawyer would have recognized that the allegations in the Complaint did not support a civil theft claim by CRCPS and that therefore it was patently clear that the claim had no chance of success.  Therefore, the Court concludes that the civil theft claim, too, was frivolous.

---

[13] ECF No. 377, pp. 9-10.
[14] ECF No. 271, pp. 31, 42.
[15] *Id.* at pp. 29, 40.

The Court dismissed the Li Plaintiffs' breach of fiduciary duty claims on two bases.[16] First, the Court noted that several of the breaches alleged in this claim occurred before the Li Plaintiffs became limited partners—thus, they lacked standing to bring claims based on those allegations. The Court then noted that the remainder of the allegations in that claim were barred by the economic loss rule, which dictates that "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256, 1264 (Colo. 2000). The Court concluded that the Li Plaintiffs' claim on this court relied on duties set out in the Partnership Agreement, and therefore were barred by the economic loss rule. In fact, the Li Plaintiffs directly referred to the Partnership Agreement in order to assert that there existed a fiduciary relationship between the Plaintiffs and the CRC Defendants. The Court concludes that, in light of the law on standing as well as the economic loss rule, no objectively reasonable attorney would have believed that this breach of fiduciary duty claim had merit. Therefore, this claim, too, was frivolous.

The final claim brought by the Li Plaintiffs was the derivative claim for a breach of contract by SPO I. The Court previously concluded that the Li Plaintiffs plausibly alleged a claim for a breach of contract.[17] This claim survived the Defendants' motions to dismiss and was dismissed without prejudice only because the Court declined to exercise supplemental jurisdiction over the remaining state law claims.[18] Therefore, the Li Plaintiff's breach of contract claim was not frivolous.

Out of a total of ten original claims, all but one were dismissed either voluntarily or by the Court on the merits. Even if the Court were to set aside those claims voluntarily dismissed

---

[16] *Id.* at pp. 25-28.
[17] *Id.* at p. 41.
[18] ECF No. 334.

by the Li Plaintiffs, of the remaining five claims, four were frivolous as filed. The Court cannot conclude that the one claim, for breach of contract, was sufficiently weighty so as to render the entire Li Plaintiffs' suit nonabusive. In light of that conclusion, the Court determines that the Rule 11 violation was substantial in this case. Therefore, the presumptive sanction applies.

As noted above, a party or attorney can rebut the PSLRA's presumption in favor of awarding attorney fees as a sanction for Rule 11 violations by showing either that (1) the violation was de minimis or (2) the imposition of such a sanction would be unjust and unreasonable for the sanctioned party, while failing to impose such a sanction would not impose a greater burden on the other party.

Despite this Court's invitation to make such a showing, however, Attorney Litowitz instead argues that (1) this Court erred in concluding that sanctions should be assessed under both Rules 11(b)(2) and 11(b)(3); (2) this Court does not understand the nature of the Li Plaintiff's derivative securities claim; and (3) this Court's application of the PSLRA to Attorney Litowitz serves to improperly advance and argument not raised by the SPO Defendants.[19]

As an initial matter, the Court agrees with Attorney Litowitz that Rules 11(b)(2) and 11(b)(3) are distinct. Under Rule 11(b)(2), an attorney must not bring a claim that is neither warranted by existing law nor by a nonfrivolous argument to extend, modify, or reverse existing law or to establish new law. Rule 11(b)(3), on the other hand, requires an attorney to certify that the factual contentions contained in the Complaint have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for investigation or discovery. The Court also agrees with Attorney Litowitz that the assessment against him should not have been made under both provisions—rather, it should have been made under Rule 11(b)(2) only.

---

[19] ECF No. 381.

Regarding the contention that the Court does not understand the Li Plaintiff's derivative securities claim, the Court notes that it has already set forth the bases for dismissal of the Li Plaintiffs' Count V and for its finding that Attorney Litowitz violated Rule 11.[20]  It will not reconsider those conclusions here.  It will simply reiterate that, although styled as a derivative claim brought on behalf of CRCPS, the Li Plaintiffs make allegations regarding their individual reliance on the Defendants' representations and request that "*each Plaintiff* should receive an amount of money sufficient to make it whole," they do not seek to recover money on behalf of CRCPS.[21]

Finally, the Court rejects Attorney Litowitz's argument that it is improperly advancing the PSLRA argument on behalf of the SPO Defendants.  As noted above, under the PSLRA, this court is *required* to make specific findings as to *each* party's and *each* attorney's compliance with Fed. R. Civ. P. 11(b) and to impose sanctions in the event that it finds any Rule 11 violations.  15 U.S.C. § 78u-4(c).  Because that review is mandatory, the Court does no more than perform its obligations under the PSLRA.  The Court also notes that the Li Plaintiffs did not bring a federal securities claim against the SPO Defendants, but rather against CRC I only.  (ECF No. 222, p.42.)  That being the case, the SPO Defendants would have had no reason to move for a Rule 11 determination on this count.

The Court concludes that Attorney Litowitz failed to rebut the presumption that reasonable attorney fees and costs should be assessed against him in favor of the Defendants. The precise amount of those fees and costs is discussed further below.

---

[20] ECF No. 271, p.30; ECF No. 377, pp. 9-10.
[21] ECF No. 222, pp.44-45 (emphasis added).

### B.  Cui Plaintiffs' Attorney Stewart

The Court again begins its analysis with the question of whether the Rule 11 violation by Attorney Stewart was substantial.  The Cui Plaintiffs originally brought eight claims in their Complaint and ultimately conceded and voluntarily dismissed three and a half of them.[22]  The remaining claims, then, were (1) a direct claim for fraud against all of the defendants; (2) a direct and derivative claim of breach of fiduciary duty against CRC and CRC I; (3) a direct claim for violation of section 78j of the Federal Securities Exchange Act against all of the defendants (having conceded the portion of this claim brought under section 78o); (4) a direct and derivative claim for breach of contract against SPO; and (5) a direct and derivative claim for declaratory relief against CRC I, SPO, and SPO I.

As in the case of Attorney Litowitz, the Court previously found that Attorney Stewart violated Rule 11(b)(2) by bringing a securities claim against both the CRC Defendants and the SPO Defendants that was clearly barred by the five-year statute of repose.[23]  Attorney Stewart also failed to plausibly allege this claim against the SPO Defendants, relying instead on the allegations against the CRC Defendants.  Therefore, the Court again turns to the remaining claims brought by the Cui Plaintiffs to determine whether they render the Complaint, as a whole, nonabusive.

The Court dismissed the Cui Plaintiffs' fraud claim due to their failure to plead, with sufficient particularity, the elements of fraud.  The claim was also dismissed as to the SPO Defendants under the applicable statute of limitation.  While, in the Court's view, the fraud claim as pled patently lacked merit, it is possible that under the facts of this case the Cui Plaintiffs could have raised a plausible claim against the CRC Defendants, and therefore the Court

---

[22] ECF No. 190, ECF No. 271.
[23] ECF No. 377, p.10.

concludes that it was not abusive in and of itself.  *See Gurary*, 303 F.3d at 224 (noting that, when a plaintiff could have raised a cognizable claim under the facts of the case, though he did not do so, the court would not deem the claims frivolous).

The Court dismissed the Cui Plaintiffs' breach of fiduciary duty claims on the same two bases upon which it dismissed the Li Plaintiff's claim—namely, that several of the alleged breaches occurred before the Cui Plaintiffs were limited partners, and that the remainder of the alleged breaches were barred by the economic loss rule.[24]  Also as in the case of the Li Plaintiffs' claims, the Court concludes that, in light of the law on standing as well as the economic loss rule, no objectively reasonable attorney would have believed that this breach of fiduciary duty claim had merit.  Therefore, this claim, too, was frivolous.

The Court concluded that the Cui Plaintiffs' lacked standing to bring their claim for declaratory relief directly.[25]  However, the Court also concluded that the Cui Plaintiffs' derivative claim for declaratory relief would serve a useful purpose, was not barred by laches, and should not be dismissed.  Therefore, this claim is clearly not frivolous.

Finally, the Cui Plaintiffs' derivative claim for breach of contract against SPO also survived the motion to dismiss, as the Court could not say that, on the current record, they had failed to state a plausible claim.[26]  Therefore, the Cui breach of contract claim is likewise not frivolous.  Along with the derivative claim for declaratory relief, the Court has declined to exercise supplemental jurisdiction over the breach of contract claim, but that alone does not render the claim frivolous.  *See Rezvani v. Jones*, No. 218CV06244CASEX, 2019 WL 1100149, at *6 (C.D. Cal. Mar. 6, 2019) (noting that, although it declined to exercise supplemental jurisdiction over the plaintiff's remaining state law claims, "[t]he fact that Plaintiffs' complaint

---

[24] *Id.* at pp. 19-21.
[25] ECF No. 271, pp.22-24.
[26] ECF No. 271, pp.35-36.

was unsuccessful is not enough to warrant Rule 11 sanctions." (quoting *Tai Jan Bao v. Solarcity Corp.*, No. 14-CV-01435-BLF, 2017 WL 878226, at *3 (N.D. Cal. Mar. 6, 2017))).

In response to this Court's findings on the Motion to Amend the Judgment, Attorney Stewart notes, correctly, that there are over 350 docketed entries in this matter, and that only two of those filings involved substantive responses by the SPO Defendants to the Cui Plaintiffs' claims. Those documents, in turn, contain only the briefest mentions of the securities fraud claims.[27] Furthermore, the breach of contract claim and the claim for declaratory judgment, which the Court dismissed only because it declined to exercise supplemental jurisdiction over them, were both brought against the SPO Defendants. The Court concludes, therefore, that Attorney Stewart's Rule 11 violation was not substantial with regard to the SPO Defendants. Therefore, the presumption that he should be liable for the full amount of attorney fees expended in this action is not in effect as to the SPO Defendants.

The question is closer with regard to the CRC Defendants, however. All of the Cui Plaintiffs' claims against the CRC Defendants were either withdrawn or dismissed by the Court on the merits. As the Court noted in its order dismissing the CRC Defendants from the case, the Cui Plaintiffs' complaint made scant mention of Waveland and, though it made some mention of CRC, its allegations were insufficient as to them as well. Attorney Stewart makes no argument to suggest that the Rule 11 violation was insubstantial as to the CRC Defendants and he likewise fails to rebut the presumptive sanctions in favor of the CRC Defendants. The Court thus concludes that reasonable attorney fees and costs should be assessed against him in favor of the CRC Defendants. The precise amount of those fees and costs is discussed further below.

### C.  Amount of Reasonable Fees

Based on the Court's conclusions, it is required to award the Defendants all of the

---

[27] ECF No. 223, ECF No.296.

reasonable attorneys' fees and expenses they incurred in the action against Attorney Litowitz. It is also required to award the CRC Defendants all the reasonable attorney fees and expenses they incurred in the action against Attorney Stewart. And the Court must impose a sanction it deems appropriate for Attorney Stewart's violation of Rule 11 as to the SPO Defendants.

*Attorney Litowitz.* Despite the opportunity to do so, Attorney Litowitz does not dispute the reasonableness of the amount of fees and expenses claimed by the Defendants in this case. The Court has reviewed the Defendants' motions for fees. It concludes that the hours expended were reasonable, given the complexity of this case and the number of filings involved. It also concludes that the rates charged were reasonable in light of the experience of the timekeepers. Given that review, the resulting product is presumed to be reasonable. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). Therefore, the Court will award $390,056.25 to the CRC Defendants against Attorney Litowitz and $244,020.68 in attorney fees to the SPO Defendants against Attorney Litowitz.

*Attorney Stewart.* Attorney Stewart contests the amount of fees requested by the CRC Defendants to the extent that those fees are duplicative of amounts already awarded by the Court in connection with the Order to Show Cause re Removal of Lis Pendens. The CRC Defendants concede that they inadvertently included an amount related to the removal of the Cui Plaintiffs' lis pendens in their request for fees. They therefore reduced their total request to reflect the removal of that amount.

Attorney Stewart otherwise does not dispute the reasonableness of the fees requested by the CRC Defendants. The Court has reviewed the services billed, time expended, and amounts charged and concludes that they are reasonable under the circumstances of this case. As previously indicated, the Court is fully aware of the complexity of this case and the work

required to defend it.  In light of those considerations, the Court concludes that the fees requested are reasonable once the duplicative amount has been removed.  Therefore, the court awards $139,539.75 to the CRC Defendants against the Attorney Stewart.

Per the Court's conclusion, above, Attorney Stewart did not commit a substantial Rule 11 violation against the SPO Defendants.  Therefore, the Court need not award all of the SPO Defendants' expenses in this action but rather must impose a sanction it deems appropriate pursuant to Rule 11.  Generally, the sanction for a Rule 11 violation is the opposing party's reasonable expenses incurred because of the violation.  *White v. General Motors Corp., Inc.*, 908 F.2d 675, 684 (10th Cir. 1990).  However, the appropriate amount of sanctions should not exceed the minimum that will serve to deter the unwanted behavior.  *Id.* at 684-85.  The Court should also consider the offender's ability to pay, as well as such other factors "as the offending party's history, experience, and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, the risk of chilling the type of litigation involved, and other factors as deemed appropriate in individual circumstances."  *Id.* at 685.

In this case, the Court has no information regarding Attorney Stewart's ability to pay, although such information could have been submitted to rebut the presumption applicable when awarding fees under the PSLRA.  *Gurary*, 303 F.3d at 221.  The Court is without any information regarding Attorney Stewart's history of such violations.  The Court does not believe, however, that Attorney Stewart's violation in this case stemmed from any malice or bad faith on his part.

The Court also must consider what will serve as the least severe sanction that will deter further abuse.  *Dodd Ins. Serv. Inc. v. Royal Ins. Co. of America*, 935 F.2d 1152, 1159 (10th Cir. 1991).  As the 10th Circuit noted in *White*, "[i]n evaluating the fee request, the district court

17

should consider that the very frivolousness of the claim is what justifies the sanctions." 908 F2d at 684. Therefore, the Court must consider whether the amount requested by the SPO Defendants, which they attribute to the defense of the securities claim, is, in fact, reflective of the claim's purported frivolousness. In response to this Court's order that they provide "precise fees and expense information" for their defense of the Cui Plaintiff's securities claim, the SPO Defendants requested $30,940.27.[28] The SPO Defendants requested a total of $77,376.79 for the defense of the entire action.[29] Thus, the SPO Defendants attribute almost 40 percent of their total attorneys' fees to the single, frivolous federal securities claim. The Court acknowledges that it is not easy to separate fees allocable solely to the securities claim but, as in *White* and *Dodd*, the Court suggests that if such an expense was necessary to defend against this single claim, "arguably [it] ought not to be considered frivolous." *Dodd*, 935 F.2d at 1160.

Having received minimal assistance from the parties on this question, the Court must nevertheless impose an appropriate sanction for Attorney Stewart's Rule 11 violation with respect to the SPO Defendants. The Court concludes that a sanction of $5,000 is an appropriate sanction in this case because, in the court's view, it is the minimum sanction that will serve to deter such a violation in the future.

### D. Awards are not Cumulative

Today the Court awards the Defendants in this case their attorney fees under a number of different provisions. The Court emphasizes that the awards are not cumulative, and the Defendants are entitled to collect only once on their attorney fees, though the same amounts have been awarded under multiple theories.

---

[28] ECF No. 404.
[29] ECF No. 370.

## IV. Conclusion

Based on the foregoing, it is therefore **ORDERED**

(1) That the CRC Defendants are awarded $390,056.25 in attorney fees against Attorney Litowitz;

(2) The CRC Defendants are awarded $139,539.75 in attorney fees against Attorney Stewart;

(3) The SPO Defendants are awarded $244,020.68 in attorney fees against Attorney Litowitz;

(4) The SPO Defendants are awarded $5,000 in Rule 11 sanctions against Attorney Stewart; and

(5) Final judgment shall enter in accordance with this Court's prior oral ruling on June 7, 2021, Order on Pending Motions (ECF No. 271), Order Regarding Subject Matter Jurisdiction (ECF No. 334), Order on SPO Defendant's Motion to Amend the Judgment (ECF No. 377), Order on SPO Defendant's Motion for Attorney Fees (ECF No.413), Order on CRC Defendant's Motion for Attorney Fees (ECF No. 414), and this Order on Fees Pursuant to the PSLRA.

Dated this 29th day of October, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443-RM-STV
     Consolidated with 19-cv-02637-RM-STV

---

Civil Action No. 19-cv-02443-RM-STV ("Li Plaintiffs")

**<u>Derivatively:</u>**
HSIN-YI WU, AND QI QIN, IN THEIR CAPACITY AS LIMITED PARTNERS OF
COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

    Plaintiffs

v.

COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

    Nominal Defendant,

and

**<u>Directly:</u>**
HSIN-YI WU, JUN LI, QI QIN, YI LIU, JIE YANG, YUQUAN NI, ZHONGZAO SHI, FANG
SHENG, SHUNLI SHAO, KAIYUAN WU, ZHIJIAN WU, ZHONGWEI LI, SA WU, FAN
ZHANG, LIN QIAO, JINGE HU, RUJUN LIU, YING XU, LU LI, CAO XIAOLONG, AND
YUWEI DONG,

    Plaintiffs,
v.

COLORADO REGIONAL CENTER LLC,
COLORADO REGIONAL CENTER I, LLC,
SOLARIS PROPERTY OWNER LLC,
SOLARIS PROPERTY OWNER I LLC,
PETER KNOBEL, AND COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,
AND ALL PRINCIPALS AND ULTIMATE OWNERS OF BUSINESS ENTITIES
PURSUANT TO PIERCING OF THE LIMITED LIABILITY VEIL,

    Defendants.

Civil Action No. 19-cv-2637-RM-STV ("Cui Plaintiffs")

DIANWEN CUI, LEI GU, SUFEN LENG, XUE MEI, ZHOU MEI, YAN SONG, LU WANG, YUE WU, ZHUO YANG, JINGWEN ZHANG, LEI ZHANG, LING ZHANG, XIAOHONG ZHANG, QIN ZHOU, XUN ZHU, AND CHUNYI ZOU,

     Plaintiffs,

v.

WAVELAND VENTURES LLC,
COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,
COLORADO REGIONAL CENTER I, LLC,
SOLARIS PROPERTY OWNER LLC,
SOLARIS PROPERTY OWNER I, AND
PETER KNOBEL,

     Defendants.

## AMENDED FINAL JUDGMENT

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered. Pursuant to the oral ruling on June 7, 2021; the Order on Pending Motions (Doc. 271); the Order Regarding Subject Matter Jurisdiction (Doc. 334); the Order on SPO Defendants' Motion to Amend the Judgment (Doc. 377); the Order on SPO Defendants' Motion for Attorney Fees (Doc. 413); Order on CRC Defendants' Motion for Attorney Fees (Doc. 414); and the Order on Fees Pursuant to the PSLRA (Doc. 415), it is hereby

ORDERED that judgment is hereby entered as follows:

1. The CRC Defendants are awarded $390,056.25 in attorney fees against Attorney Litowitz;

2. The SPO Defendants are awarded $244,020.68 in attorney fees against Attorney Litowitz;

3.  The SPO Defendants are awarded $244,020.68 in attorney fees against Attorney Litowitz;

4.  The SPO Defendants are awarded $5,000 in Rule 11 sanctions against Attorney Stewart

Dated this 29th day of October, 2021.

FOR THE COURT:
JEFFREY P. COLWELL

By:    s/ C.Pearson, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
                    Plaintiffs,

                    v.                                        Hon. Raymond P. Moore

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I, and
Peter Knobel,
                    Defendants.

---

Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou, Xun Zhu, Chunyi Zou, individually, and on behalf of Colorado Regional Center Project Solaris LLLP,

                    Plaintiffs,

          v.

Waveland Ventures, LLC, Colorado Regional Center, LLC, Colorado Regional Center I, LLC, Colorado Regional Center Project Solaris LLLP, Solaris Property Owner LLC, Solaris Property Owner LLC I, and John Does 1-10,

                    Defendants.

---

## AMENDED NOTICE OF APPEAL TO
## ADD POST JUDGMENT AWARDS

On July 12, 2021 at ECF 366, the Plaintiffs, DIANWEN CUI, LEI GU, SUFEN LENG, XUE MEI, ZHOU MEI, YAN SONG, LU WANG, YUE WU, ZHUO YANG, JINGWEN ZHANG, LEI ZHANG, LING ZHANG, XIAOHONG ZHANG, QIN ZHOU, XUN ZHU, CHUNYI ZOU, individually, and on behalf of COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP, collectively referred to as the "Cui Plaintiffs" (as distinct from the so-called "Li Plaintiffs") as those terms have been used by the District Court in the above-named consolidated case, submitted a Notice of Appeal to the Tenth Circuit from the District Court's Final Judgment at ECF 335; the District Court's Order entered on Pending Motions [ECF 271]; the District Courts Order on the Cui Plaintiffs F.R.C.P. Rule 60 Motion; the Order Regarding Subject Matter Jurisdiction [ECF 334]; and the Order Denying the Cui Plaintiff's Motion for Leave to file Fourth Amended Complaint [ECF 333].

///

///

///

///

///

///

///

///

///

The District Court has since entered several post-judgment awards, ECF 413,

414, and 415. The Cui Plaintiffs, by filing this Amended Notice of Appeal, hereby

amend their Notice of Appeal [ECF 335] to add the District Court rulings at 413,

414, and 415 to their Notice of Appeal.


DATED: November 12, 2021          */s/ Brian P. Stewart*
                                  Brian P. Stewart
                                  **Ardent Law Group**
                                  4340 Von Karman Ave.,
                                  Suite 290
                                  Newport Beach, California 92660
                                  Telephone: (949) 299-0188
                                  Facsimile:  (949) 299-0127
                                  bstewart@ardentlawgroup.com
                                  Attorney for Plaintiffs Dianwen Cui, Lei Gu,
                                  Sufen Leng, Xue Mei, Zhou Mei, Yan Song,
                                  Lu Wang, Yue Wu, Zhuo Yang, Jingwen
                                  Zhang, Lei Zhang, Ling Zhang, Xiaohong
                                  Zhang, Qin Zhou Chunyu Zou, individually,
                                  and on behalf of Colorado Regional Center
                                  Project Solaris LLLP

# CERTIFICATION OF SERVICE

The undersigned attorney certifies that copies of the foregoing: AMENDED NOTICE OF APPEAL TO ADD POST JUDGMENT AWARDS was served through ECF on November 12, 2021, 2021 upon all parties who have appeared.

*/s/ Brian Stewart*
Brian Stewart