FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

December 13, 2021

_____

Christopher M. Wolpert
Clerk of Court

JUN LI, et al.,

    Plaintiffs - Appellants,

and

DIANWEN CUI, et al.,

    Plaintiffs,

v.

COLORADO REGIONAL CENTER I, LLC, et al.,

    Defendants - Appellees.

No. 21-1232
(D.C. Nos. 1:19-CV-02443-RM-STV &
1:19-CV-02637-RM-STV)
(D. Colo.)

_____

DIANWEN CUI, et al.,

    Plaintiffs - Appellants,

and

JUN LI, et al.,

    Plaintiffs,

v.

COLORADO REGIONAL CENTER LLC, et al.,

    Defendants - Appellees,

and

No. 21-1253
(D.C. Nos. 1:19-CV-02443-RM-STV &
1:19-CV-02637-RM-STV)
(D. Colo.)

PETER KNOBEL,

    Defendant.

_____

**ORDER**

_____

Before **PHILLIPS** and **CARSON**, Circuit Judges.

_____

Before the court are the following requests for relief from the Li Plaintiffs: (1) "Motion for Stay of Execution of Attorney Fees Award and Elimination of Appeal Bond under Rule 8(a)(1)(b)," filed November 1, 2021; (2) "Motion for Affirmative Relief *Striking* the Amended Final Judgment," as embedded in the Li Plaintiffs' November 11, 2021 "Opposition to Leave Allowing District Court to 'Correct' Its Amended Final Judgment"; and (3) "Motion to Stay and Strike ECF 422," filed November 24, 2021.[1]

The parties are familiar with the background of this case. As is relevant to the pending motions, the district court initially entered final judgment against the Li Plaintiffs and the Cui Plaintiffs in June 2021. On October 29, 2021, the court entered three separate orders granting the defendants-appellees' motions for attorney's fees and awarding attorney's fees against the Li Plaintiffs and the Cui Plaintiffs and attorneys

---

[1] There are two related appeals that have been consolidated for procedural purposes—21-1232, *Li, et al. v. Colorado Regional Center I, LLC, et al.*, and 21-1253, *Cui, et al. v. Colorado Regional Center, LLC, et. al.* For ease of reference, Plaintiffs-Appellants in Appeal No. 21-1232 are referred to collectively as the "Li Plaintiffs" and Plaintiffs-Appellants in Appeal No. 21-1253 are referred to collectively as the "Cui Plaintiffs." Only the Li Plaintiffs have motions currently pending before the court.

Douglas Litowitz and Brian Stewart. It also entered an amended final judgment the same day. On November 23, 2021, the court entered another amended final judgment.

*Motion for Stay of Attorney's Fee Award*

In deciding whether to grant the Li Plaintiffs' motion for a stay pending appeal, we consider the traditional stay factors: (1) whether they have made a strong showing that they are likely to succeed on the merits of their appeal; (2) whether they will suffer irreparable injury if a stay is not granted; (3) whether granting the stay will substantially injure the non-moving parties; and (4) "where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks omitted). "A stay is not a matter of right, . . . [but] is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* at 433 (internal quotation marks and brackets omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." *Id.* at 433-34.

The Li Plaintiffs have not shown their entitlement to a stay of the attorney's fee award pending appeal.[2] In particular, they have failed to show they will suffer irreparable harm if a stay does not issue, which is one of the two "most critical" factors in the stay analysis. *See id.* at 434. The Li Plaintiffs were required to show more than some "possibility of irreparable injury," *id.* at 434-35 (internal quotation marks omitted), but

---

[2] In their motion, the Li Plaintiffs move to stay execution of the attorney's fee award and to stay enforcement of the judgment of attorney's fees. We construe their motion as seeking to stay the separate orders granting the defendants-appellees' motions for attorney's fees and to stay the October 29 amended final judgment that awarded attorney's fees pursuant to those separate orders.

they failed to explain how they will suffer any irreparable harm absent a stay. Although they suggest they are being made to "put up an additional $640,000 just to have a chance to be heard by a tribunal to get back their own money," Mot. for Stay at 17, they have not cited to any authority that would require them to pay the attorney's fee award to proceed with their appeal, and we are aware of none.

Moreover, the Li Plaintiffs may obtain a stay of the attorney's fee award under Rule 62(b) of the Federal Rules of Civil Procedure by providing a bond or other security. We note, however, that they must move first in the district court for "approval of a bond or other security provided to obtain a stay of judgment," Fed. R. App. P. 8(a)(1)(B). Although the Li Plaintiffs ask this court to eliminate or strike the requirement that they provide a bond, they offer no legal authority to support their request. Accordingly, we deny the Li Plaintiffs' "Motion for Stay of Execution of Attorney Fees Award and Elimination of Appeal Bond under Rule 8(a)(1)(b)."

*Other Requests for Relief*

In their response to Defendant-Appellee Colorado Regional Center I, LLC's "Motion for Leave to Allow the District Court to Correct Amended Final Judgment Pursuant to Fed. R. Civ. P. 60(a),"[3] the Li Plaintiffs also moved for affirmative relief, asking this court to strike the October 29 amended final judgment or, alternatively, to stay its enforcement pending appeal. We address only the request to stay the October 29

---

[3] This motion and its supplement have been referred to the panel of judges who will later be assigned to consider the merits of this appeal.

amended final judgment here, leaving the request to strike the judgment for the panel of judges who will later be assigned to consider the merits of this appeal. The Li Plaintiffs' request to stay enforcement of the October 29 amended final judgment pending appeal duplicates the request for relief in their motion to stay enforcement of the attorney's fee award discussed above, and we deny it for the reasons stated above.

The Li Plaintiffs have also filed a "Motion to Stay and Strike ECF 422," which we construe as seeking to stay or strike the November 23 amended final judgment. We address only the request to stay the November 23 amended final judgment here, leaving the request to strike the judgment for the panel of judges who will later be assigned to consider the merits of this appeal. Because the Li Plaintiffs do not even address the stay factors in connection with this request, let alone establish their entitlement to a stay of the November 23 amended final judgment, we deny their stay request.

        Entered for the Court

        CHRISTOPHER M. WOLPERT, Clerk