**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02443-RM-STV
Consolidated with Civil Action No. 1:19-cv-02637

Jun Li, *et al.*,

    Plaintiffs,

v.

Waveland Ventures, LLC, *et al.*,

    Defendants.

---

**CRC DEFENDANTS' MOTION FOR CHARGING ORDER AGAINST CUI PLAINTIFFS' PARTNERSHIP INTERESTS IN CRCPS**

---

Judgment Creditors/Defendants Waveland Ventures, LLC, Colorado Regional Center, LLC, and Colorado Regional Center I, LLC (collectively, the "CRC Defendants"), through undersigned counsel, respectfully submit this Motion for Entry of Charging Order on the Cui Plaintiffs as the limited partners of Colorado Regional Center Project Solaris LLLP ("CRCPS"), pursuant to C.R.S. § 7-62-703.  In support thereof, the CRC Defendants state as follows:

<u>CERTIFICATE OF CONFERRAL</u>: Pursuant to D.C.COLO.LCivR 7.1, undersigned counsel conferred with counsel for the SPO Defendants, Cui Plaintiffs, and Li Plaintiffs regarding the relief sought in this Motion.  Counsel for the SPO Defendants does not oppose the relief requested.  Counsel for the SPO Defendants does not oppose the relief requested.  Counsel for the Li Plaintiffs opposes the relief requested.  Counsel for the Cui Plaintiffs is still assessing with his clients and has not yet taken a position on the relief requested.

## ARGUMENT

1. The Cui Plaintiffs are all limited partners of CRCPS.  [*See* ECF 271 at 4.]

2. CRCPS is a Colorado limited liability limited partnership with an address of 280 Detroit Street, Suite 200, Denver, Colorado 80206.  [*See* ECF 2.]

3. Colorado Regional Center I, LLC is the general partner of CRCPS with an address of 280 Detroit Street, Suite 200, Denver, Colorado 80206.  [ECF 190, ¶ 4; ECF 121, ¶ 10.]

4. The CRC Defendants are the holder of a judgment against the Cui Plaintiffs, which this Court entered on November 23, 2021 in the amount of $139,539.75 in attorney fees (the "Amended Judgment").

5. The Amended Judgment is subject to the statutory interest as provided in 28 U.S.C. § 1961.

6. As of the date of this Motion, the Cui Plaintiffs have not satisfied the Amended Judgment in any part.  The following amount remains unpaid: $139,539.75 plus statutory interest of $0.80 per day.

7. Section 7-62-703 of the Colorado Revised Statutes provides, "On application by a judgment creditor of a partner . . . , a court having jurisdiction may charge the transferable interest of the judgment debtor to satisfy the judgment."

8. A charging order may be entered against distributions from a limited partnership to the judgment debtor limited partner. *Mountain States Bank v. Irvin*, 809 P.2d 1113, 1115 (Colo. App. 1991) ("A judgment creditor of either a general or a limited partner is statutorily entitled to apply to a court of competent jurisdiction for an order charging the

partner-debtor's partnership interest with the unsatisfied part of the judgment."); *see also Stanley v. Reef Secs., Inc.*, 314 S.W.3d 659, 664 (Tex. Ct. App. 2010) ("[A] charging order is the exclusive remedy by which a judgment creditor of a partner may satisfy a judgment out of the judgment debtor's partnership interest."); *Stewart v. Lanier Park Med. Off. Bldg., Ltd.*, 578 S.E.2d 572, 574 (Ga. App. 2003) (providing that limited partnership was a "judgment creditor" for purposes of statute permitting trial court to charge the interest of an indebted limited partner with payment of the unsatisfied amount of a judgment debt).

9. Because the Cui Plaintiffs, who are judgment debtors to the CRC Defendants, are limited partners in CRCPS, C.R.S. § 7-62-703 applies here. *E.g.*, *Mountain State Bank*, 809 P.2d at 1115.

10. Absent a stay of a judgment pending appeal or a supersedeas bond, the district court retains jurisdiction to implement or enforce the judgment or order and a judgment creditor may execute on judgment during the pendency of an appeal. *Peacock v. Thomas*, 516 U.S. 349, 356, 359 (1996) ("Without jurisdiction to enforce a judgment entered by a federal court, 'the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.'") (citation omitted); *Matter of Thorp*, 655 F.2d 997, 998 (9th Cir. 1981) ("The district court is divested of authority to proceed further with respect to such matters, except in aid of the appeal, or to correct clerical mistakes, or in aid of execution of a judgment that has not been superseded, until the mandate has been issued by the court of appeals."); *In re Fed. Facilities Realty Tr.*, 227 F.2d 651, 654 (7th Cir. 1955) ("From the inception of the federal judiciary, a judgment could be executed while an appeal therefrom was pending unless timely application was made by the

3

appellant to the trial court or to a judge or justice of the appellate tribunal for a stay."); *see also Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006) (providing that court retained jurisdiction over garnishment action in absence of stay or supersedeas, but noting "[s]hould the judgment be reversed on appeal, a district court may, on motion or sua sponte, order the judgment creditor to restore the benefits obtained").

11. The Cui Plaintiffs appealed the Amended Judgment on November 12, 2021 by filing their Amended Notice of Appeal. [ECF 419.]

12. The Cui Plaintiffs have not sought a Fed. R. Civ. P. 62(b) stay of the Amended Judgment pending appeal in this Court. The Cui Plaintiffs also did not seek a Rule 62(b) stay of the Court's original Final Judgment entered on June 14, 2021.

13. Accordingly, there is no stay of the Amended Judgment pending appeal in this case. Thus, the Court has jurisdiction to enforce the judgment and the CRC Defendants may execute on the Amended Judgment notwithstanding the appeal. *Peacock*, 516 U.S. at 359; *In re Fed. Facilities Realty Tr.*, 227 F.2d at 654; *see also* Order at 3, *Li v. Colorado Regional Center I, LLC*, (D. Colo. 2021) (No. 21-1232) ("The district court retains jurisdiction to enforce its orders and judgment even after the judgment is on appeal.").

14. Therefore, pursuant to C.R.S. § 7-62-703, the Court should issue a charging order on the Cui Plaintiffs' interest in CRCPS.

WHEREFORE, the CRC Defendants respectfully request that the Court grant this Motion and Order as follows:

A. The Court will enter a charging order in favor of the CRC Defendants against the partnership interest owned by the Cui Plaintiffs in CRCPS;

4

4868-8638-6949

B. The Cui Plaintiffs shall be directed to serve a certified copy of the charging order upon CRCPS, which such service to be accomplished pursuant to C.R.C.P. 4;

C. CRCPS will be ordered to turn over to the Registry of this Court all future distributions, dividends, profits, and/or income that the Cui Plaintiffs would be entitled to as partners of CRCPS, until such time as the judgment herein is satisfied;

D. The CRC Defendants shall be allowed to obtain all such funds deposited into an interest-bearing account in the Registry of the Court, to apply to its outstanding judgment; and

E. For such other, further, and different relief that the Court may deem just and proper under the circumstances of this case so that the CRC Defendants may collect their judgment from the Cui Plaintiffs.

DATED: December 23, 2021.

/s/James Kilroy
James Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email: jkilroy@swlaw.com
Email: skanan@swlaw.com

**Counsel for Defendants Waveland Ventures, LLC, Colorado Regional Center, LLC, and Colorado Regional Center I, LLC**

**CERTIFICATE OF SERVICE**

  This is to certify that on December 23, 2021, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
Christopher P. Montville
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

              */s/Sandy Braverman*
              for Snell & Wilmer L.L.P.