# In the United States District Court
# for the District of Colorado

Civil Action No. 1:19-cv-2443-RM-STV
—*Consolidated with* No. 19-cv-2637-RM-STV

JUN LI, *et al.*, individually and derivatively for Colorado Regional Center Project Solaris LLLP,

    Plaintiffs,

v.

WAVELAND VENTURES LLC, *et al.*,

    Defendants.

## SPO Defendants' Motion for Entry of Charging Order Against the *Li* Plaintiffs' Partnership Interests in CRCPS

    Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel (collectively, "SPO Defendants"), through their attorneys Haddon, Morgan, and Foreman, P.C., move under section 7-62-703, Colo Rev. Stats. (2021), for entry of an order charging the partnership interests of the *Li* Plaintiffs in Colorado Regional Center Project Solaris LLLP ("CRCPS").

    *Certificate of conferral.* I certify I conferred with counsel for the *Li* plaintiffs. They oppose the relief requested.

    1.  Section 7-62-703 provides: "On application to a court of competent jurisdiction by any judgment creditor of a partner, the court may charge the partnership interest of the partner with payment of the unsatisfied amount of the judgment with interest." *See Mountain States Bank v. Irvin*, 809 P.2d 1113, 1115 (Colo. App. 1991)

("A judgment creditor of either a general or a limited partner is statutorily entitled to apply to a court of competent jurisdiction for an order charging the partner-debtor's partnership interest with the unsatisfied part of the judgment.").

2. A charging order may be entered against a partnership interest requiring the partnership to pay to a judgment creditor any partnership distributions made to the judgment debtor limited partner. *See, e.g.*, *Yetter Well Serv., Inc. v. Cimarron Oil Co.*, 841 P.2d 1068, 1069 (Colo. App. 1992); *In re Marriage of Weiss*, 695 P.2d 778, 781 (Colo. App. 1984); *see generally Union Colony Bank v. United Bank of Greeley Nat. Ass'n*, 832 P.2d 1112, 1114-15 (Colo. App. 1992). A charging order "operates, in effect, as a substitute for execution," and "creates a lien upon a debtor partner's interest in the partnership, to wit, his distributive share of [the] partnership's profits and surplus." *Union Colony Bank*, 832 P.2d at 1115.

3. A charging order is appropriate here.

4. The *Li* Plaintiffs are: Hsin-Yi Wu, Jun Li, Qi Qin, Yi Liu, Jie Yang, Yuquan Ni, Zhongzao Shi, Fang Sheng, Shunli Shao, Kaiyuan Wu, Zhijian Wu, Zhongwei Li, Sa Wu, Fan Zhang, Lin Qiao, Jinge Hu, Rujun Liu, Ying Xu, Lu Li, Cao Xiaolong, and Yuwei Dong. Doc.222 at [1].

5. The *Li* Plaintiffs are limited partners of CRCPS. *See* Doc.271 at 4.

6. CRCPS is a Colorado limited liability limited partnership with an address of 280 Detroit Street, Suite 200, Denver, Colorado, 80206. *See* Doc.2.

7. The *Li* Plaintiffs impleaded the SPO Defendants in this action. *See* Doc.222.

8. The SPO Defendants hold a judgment against the *Li* Plaintiffs in the amount of $244,020.68. *See* Doc.422 at 3.

9. The judgment amount is subject to statutory interest under 28 U.S.C. § 1961 (2018).

10. The *Li* Plaintiffs have not satisfied the judgment in any part. The following amount remains unpaid: $244,020.68 plus statutory post-judgment interest of $1.20 per day.

11. The judgment is the subject of an appeal. However, no stay of execution has entered. Accordingly, as judgment creditors, the SPO Defendants may execute on the judgment during the pendency of the appeal, and this Court retains jurisdiction to enforce the judgment. *See, e.g.*, *City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007) ("Although a district court may not alter or enlarge the scope of its judgment pending appeal, it does retain jurisdiction to enforce the judgment."), *cited with approval in Knight ex rel. P.K. v. Colvin*, No. CIV 12-0382 JB/LFG, 2014 WL 59994, at *6 (D.N.M. Jan. 2, 2014); *Miller v. Inst. for Def. Analyses*, No. 17-cv-02411-NYW, 2019 WL 2085358, at *2 (D. Colo. May 13, 2019) ("district courts retain jurisdiction to enforce their own Orders or judgments while the case is up on appeal in the absence of a stay pending appeal"); *see also Peacock v. Thomas*, 516 U.S. 349, 356, 359 (1996) ("Without jurisdiction to enforce a judgment entered by a federal court, the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.") (cleaned up).

For the foregoing reasons, the SPO Defendants respectfully request that the Court:

A.  Enter a charging order in favor of the SPO Defendants and against the partnership interest owned by the *Li* Plaintiffs in CRCPS;

B.  Direct the *Li* Plaintiffs to serve a certified copy of the charging order within seven days of its entry on CRCPS pursuant to Colorado Rule of Civil Procedure 4;

C.  Order CRCPS to remit to the Registry of this Court all current and future distributions, dividends, profits and/or income that any or each of the *Li* Plaintiffs would be entitled to as limited partners of CRCPS, until such time as the judgment is satisfied;

D.  Authorize the SPO Defendants to obtain all such funds deposited into the Registry of the Court for application to their outstanding judgment; and

E.  Award such other relief that the Court may deem just and proper to enable the SPO Defendants to collect their judgment from the *Li* Plaintiffs.

December 29, 2021

Respectfully submitted,

*s/ Ty Gee*

Harold A. Haddon
Ty Gee
Christopher P. Montville
HADDON, MORGAN AND FOREMAN, P.C.
150 East Tenth Avenue
Denver, CO 80203
Tel 303.831.7364
hhaddon@hmflaw.com; tgee@hmflaw.com;
cmontville@hmflaw.com

*Attorneys for Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel*