# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.
        Plaintiffs,

                                            Hon. Judge Moore
    v.                                       Hon. Magistrate Varholak

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.
        Defendants.

### Li Plaintiffs' Response to SPO Defendants' Motion for Charging Order [ECF 430]

This Court's fee-shifting decision in favor of the SPO Defendants at ECF 413 is full of reversible errors and is on appeal. Now is not the time to double down with a charging order. Only **three** claims against the SPO Defendants were decided under Rule 12(b) because all other claims were voluntarily dismissed [ECF 271:7] and cannot be considered when deciding if this is a "tort action" subject to fee-shifting. None of these claims are torts that can trigger fee-shifting. The **three** counts are:

1) Count II for statutory civil theft, which the Colorado Supreme Court expressly refused to designate as a tort in *Bermel v. BlueRadios, Inc*. 440 P.3d 1150, 1157 (Colo. 2019).
2) Count III for breach of contract, which cannot be a tort; and
3) Count VI for violation of the Colorado Securities Act, which Judge Moore acknowledged has not been determined as a tort. *Sipf v. Herbers*, No. 1:12-CV-00441-RM-KMT, 2015 WL 2441395, at *8fn12 (D. Colo. May 20, 2015)(Moore, J.)(describing the only precedent as a Colorado case "discussing, but not deciding, whether a statutory securities fraud claim is a tort claim.")

There is no tort which the Court can examine under the fee-shifting statute, which does not apply to claims that have been voluntarily dismissed or withdrawn, so there cannot be any fee-shifting under §13-17-201.

It is troubling that Judge Moore found statutory civil theft to be a tort when the Colorado Supreme Court refused to rule that it was. But more troubling is that Judge Moore refuses to accept that securities claims are not torts, a mistake he made in both ECF 413 and 414.

In ECF 414, he held that the 10b-5 claim against the CRC Defendants was a tort, based solely on *dicta* from *deHaas v. Empire Petroleum Co.*, 302 F. Supp. 647, 649 (D. Colo. 1969), failing to provide a full citation of the case [see ECF 414:7]. Judge Moore cited only the district court opinion to extract a decontextualized quote that 10b-5 encompasses an intentional tort, a comment made by the district court obliquely in connection with punitive damages. On appeal, the Tenth Circuit remanded with instructions to vacate the punitive damage award, thereby vacating the reasoning supporting the punitive damage award, i.e. vacating the notion that 10b-5 is an intentional tort. The remand and vacating of the lower court's order explains why the language quoted by Judge Moore has never been cited by any court anywhere (indeed, *deHaas* was only cited once since it was decided, in 1971, but not for this issue) - it has **_never_** been cited for the principle that Judge Moore alleges, because the only way to cite it for this principle is to hide the fact that it was vacated

on appeal, which is what Judge Moore did. The full citation which Judge Moore failed to provide is: *deHaas v. Empire Petroleum Co.*, 302 F. Supp. 647, 649 (D. Colo. 1969), *aff'd in part, remanded in part*, 435 F.2d 1223, 1232 (10th Cir. 1970). **Let's be clear: Judge Moore cited a vacated opinion and withheld its procedural history to impose a $390,056.25 fee on the Li Plaintiffs and their counsel.**

So much for his misunderstanding of *federal* securities law.

On the state side, in ECF 413 he held that the *state* securities claim against the SPO Defendants is a tort, based solely on *dicta* in *First Nat'l Bank of Durango v. Lyons,* No. 13CA1907, 2015 WL 795034 (Colo. App. Ct. Feb. 26, 2015) which he himself - Judge Moore - characterized as "discussing, but not deciding, whether a [state] statutory securities fraud claim is a tort claim." *Sipf v. Herbers*, No. 1:12-CV-00441-RM-KMT, 2015 WL 2441395, at *8fn12 (D. Colo. May 20, 2015)(Moore, J.). In *Sipf*, the question was whether tort principles of contributory negligence apply to claims under the Colorado Securities Act, and Judge Moore said this tort analysis was not warranted since there was no precedent saying that a violation of the state securities statute was a tort. **Let's be clear: Judge Moore held in 2015 that *Bank of Durango* does not establish a violation of the CSA as a tort, but he suddenly and without any explanation reversed his own prior opinion and now says that *Bank of Durango* does**

**establish a violation of the CSA an unexplained change of position to impose a $244,020.68 fee on the Li Plaintiffs and their counsel.**

Judge Moore is supposed to apply the fee-shifting statute narrowly in favor of the plaintiffs, *Sotelo v. Hutchens Trucking Co.*, 166 P.3d 285, 287 (Colo. App. Ct. 2001), but instead he has cited vacated opinions, failed to inform lawyers that he was relying on overturned cases, and arbitrarily changed his view of Colorado law for no reason. His characterization of securities fraud claims as 'torts' is at odds with the opinion of experts and scholars, and it clashes with the Supreme Court's statement that, "[10b-5] resembles, but is not identical to, common-law tort actions for deceit and misrepresentation" *Dura Pharma. v. Broudo*, 544 U.S. 336, 341 (2005); Accord *Wenzel v. Patrick Petroleum Co.*, 745 F. Supp. 211, 214 (D. Del. 1990)(holding that securities claims have an 'affinity' with tort claims without being actual torts).

Like ECF 414, the ruling at ECF 413 violates the foundational principle of §13-17-201 that determination of whether a lawsuit is a "tort action" cannot be based on claims that were voluntarily dismissed. *Walters v. Townsend Farms, Inc.*, No. 13-cv-02730-CMA-CBS, 2015 WL 557178, at *4-5 (D. Colo. Feb 9, 2015)(holding that fee-shifting cannot be based on claims dismissed voluntarily, by stipulation, or by confession); *Zerr v. Johnson*, 120 F.3d 272 (10th Cir. 1997)(table), citing *Houdek v. Mobil Oil Corp.*, 879 P.2d 417, 425 (Colo. App. Ct. 1994)("Colorado courts have held a plaintiff may avoid liability for attorneys' fees under §13-17-201 by seeking

4

a voluntary dismissal or by filing a stipulation of dismissal, or by confessing to a defendant's motion to dismiss"). This is straight from the statute itself, which applies only to tort actions as determined by those claims "dismissed [by the Court] on motion of the defendant prior to trial under Rule 12(b)"  Fee-shifting cannot apply to claims dismissed other than by motion of the defendants such as by voluntary withdrawal or dismissal by the *plaintiffs*.

The rulings at ECF 413 and 414 are premised on the erroneous notion that the Li Plaintiffs submitted **ten** claims for the Court's determination under Rule 12(b), when in fact Judge Moore admitted that the number was actually **five**:

> "The Li Plaintiffs' operative Complaint in this case contained ten claims - seven derivative on behalf of CRCPS, and three direct claims. The Li Plaintiffs subsequently voluntarily dismissed all of the direct claims, as well as two of the derivative claims. On the Defendants' motions, this Court then dismissed all but one of the remaining claims." [ECF 415: 8]

Note his use of the past tense: the Li Plaintiffs' Complaint contain*ed* **ten** claims, but they voluntarily dismissed **five** of them, leaving **five** counts for determination under Rule 12(b).  This is consistent with his reference in the ruling under 12(b) to the Li Plaintiffs' "**remaining five counts**" and his chart showing only five counts to be considered [ECF 271:7 (emphasis added)].  Judge Moore's own charts and footnotes to ECF 413 and 414 admit that **five** claims were voluntarily dismissed, leaving only **five** claims for the Court to review under Rule 12(b) [ECF 413:20fn33 and ECF

5

414:20fn14]. Thus only **five** claims can be considered under the fee-shifting statute, and only **three** of these were directed against the SPO Defendants, none of which were torts.

Apart from these massive errors, there are minor but serious errors on nearly every page of every document that Judge Moore writes, and much of it is impossible to follow. At one point Judge Moore says that SPOI and Knobel can recover attorney fees under the Loan Agreement [ECF 413:8] even though he ruled that "Li Plaintiffs plausibly allege a claim for breach of contract" [ECF 271: 41], an insoluble contradiction. At another juncture, he said that only Defendant Knobel can recover attorney fees under the fee-shifting statute, since only Knobel was fully vindicated from all tort claims [ECF 413:12], but this presumes counterfactually that Knobel was charged with a tort claim -- which is not the case since no SPO Defendant was ever charged with any tort claim for the reasons described above.

In any event, all requests for fee-shifting in this lawsuit hit a hard stop because fee-shifting under §13-17-201 is disallowed when the underlying dispute is based on contracts even if tort claims are asserted collaterally to those contracts. *Liberty Bankers Life Ins. Co. v. First Citizens Bank & Trust Co.*, 411 P.3d 111, 119 (Colo. App. Ct. 2014). In *Liberty*, the Court held that the action did not fall within the fee-shifting statute even though torts were alleged by the parties, because the torts arose from collateral activity surrounding two 'loan participation' agreements:

6

> Here, while Count Three of Liberty's counterclaims facially alleged a tort claim of gross negligence and willful misconduct, the overall action is more accurately characterized as a contract action since all of the counterclaims, including Count Three, were based on acts or omissions relating to the alleged breach of the two participation agreements.

This parallels Judge Moore's description of this case as involving a core of two loans and some surrounding collateral activity: "[T]his action arises from the loan of money Plaintiffs invested in CRCPS to SPO/SPOI and the alleged failure to repay the loan" and "[T]his entire action arises from the Loan Agreement . . ." [ECF 413: 12, 8].

Even the SPO Defendants admitted this was a contractual dispute: "This action concerns Plaintiffs' investment in CRCPS and its loan to SPOI." [ECF 224: 8].

This case revolves around the breach of two agreements: CRCI breached the fiduciary duty provisions of the Limited Liability Partnership Agreement and SPOI breached the repayment provisions of the Loan Agreement. Everything else orbits around these contracts. Indeed, Judge Moore's recitation of the facts does not mention any conduct outside of contractual agreements:

> Plaintiffs filed their respective actions alleging that they purchased limited partnership interests in Colorado Regional Center Project Solaris LLLP ("CRCPS"). CRCPS loaned the money ($82.5 million) that Plaintiffs (and other limited partners) invested to Solaris Property Owner LLC ("SPO"). Subsequently, SPO assigned its rights and obligations under

7

>  the loan to Solaris Property Owner I LLC ("SPOI). At bottom, Plaintiffs allege that the loan was undercollateralized with inflated condos; that SPOI was allowed to 'prepay' the loan with overvalued condos (which was allegedly a disguised sale); the limited partners were offered "put options" to "unload" their interests in CRCPS; and the loan is in default but SPOI has not repaid.  [ECF 413: 2].

This describes a limited partnership *contract*, a loan *contract,* and an offering of investment *contracts*. Any tort here is collateral to the underlying contractual claims, so this case cannot be 'primarily' and 'essentially' a tort action.

The Colorado fee-shifting statute has never applied to civil theft, never applied to breach of contract, and never applied to the CSA.  Those are the only claims this Court is permitted to consider under the fee-shifting statute. None of them are torts.

WHEREFORE, the Li Plaintiffs oppose any charging order based on ECF 413 since that ruling is grounded in errors and is currently on appeal.

Dated: December 30, 2021						Respectfully Submitted,

/s/ Douglas Litowitz
413 Locust Place
Deerfield, IL 60015
312-622-2848
Litowitz@gmail.com

### Certificate of Service

This document was filed on the ECF system for the District of Colorado on December 30, 2021.