# In the United States District Court
# for the District of Colorado

Civil Action No. 1:19-cv-02443-RM-STV
—*Consolidated with* No. 19-cv-2637-RM-STV

JUN LI, *et al.*, individually and derivatively for Colorado Regional Center Project Solaris LLLP,

    Plaintiffs,

v.

WAVELAND VENTURES LLC, *et al.*,

    Defendants.

## SPO Defendants' Reply in Support of Entry of Charging Order Against the *Li* Plaintiffs' Partnership Interests in CRCPS

Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel (collectively, "SPO Defendants"), through their attorneys Haddon, Morgan, and Foreman, P.C., submit this Reply in support of their motion for entry of an order charging the partnership interests of the *Li* Plaintiffs in Colorado Regional Center Project Solaris LLLP ("Motion") (Doc.430).

The *Li* Plaintiffs' response to the Motion (Doc.431) consists entirely of complaints that the Court erred in awarding the attorney fees-reduced-to-judgment on which the SPO Defendants seek a charging order to execute. Doc.431 at 2-8. The Court erred in entering judgment on any attorney fees, the *Li* Plaintiffs argue, because they asserted no tort claims, "this entire action" is merely a contract action, *id.* at 6-8 (brackets,

capitalization and internal quotations omitted); and "[a]ny tort here is collateral to the underlying contractual claims," *id.* at 8.

Even if Plaintiffs' arguments fairly characterized the Court's rulings on attorney fees and had any merit (neither is true), they miss the mark entirely. As an initial matter, a judgment debtor cannot successfully oppose an order "in aid of . . . execution," Fed. R. Civ. P. 69(a)(1), by collaterally attacking the judgment. *See, e.g.*, *United States v. Caramadre*, No. CV 16-445 WES, 2020 WL 4049946, at *2 (D.R.I. July 20, 2020) (citing cases); *United States v. Stone*, No. 3:07-CV-1632-P, 2010 WL 11541785, at *2 (N.D. Tex. June 24, 2010).

In any case, the *Li* Plaintiffs' arguments are jurisdictionally foreclosed. On October 29, 2021, the *Li* Plaintiffs appealed (Doc.416) the orders awarding attorney fees to the SPO Defendants (Docs.413 & 415). On November 23, 2021, the Court entered final judgment on those orders. Doc.422. The appeal is pending. On December 13, 2021, the *Li* Plaintiffs filed their opening brief. Repeating the same arguments they make in their response to the Motion, they argued this Court erred in awarding attorney fees. *See Li* Plaintiffs' Op. Br. 45-54 (10th Cir. No. 21-1232).

The filing of the notice of appeal "was an event of jurisdictional significance, which divested the district court from granting . . . relief concerning the issues on appeal." *Walker v. City of Orem*, 451 F.3d 1139, 1146 (10th Cir. 2006) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). This Court lacks jurisdiction to consider the merits of the attorney fee awards or to grant relief from the awards, because

those merits and such relief "concern[] the issues on appeal." Jurisdiction is absent even if the *Li* Plaintiffs' arguments had merit (they don't). *See id.*

This Court, however, "retains jurisdiction to enforce its orders and judgment even after the judgment is on appeal." Order Denying *Li* Plaintiffs' Mot. for Contempt Against CRC I, at 3 (Dec. 8, 2021) (EXHIBIT A).

The Court should enter an order pursuant to section 7-62-703, Colo. Rev. Stats., charging each of the *Li* Plaintiffs' partnership interests in Colorado Regional Center Project Solaris LLLP.

December 31, 2021

                        Respectfully submitted,

                        *s/ Ty Gee*
                        Harold A. Haddon
                        Ty Gee
                        Christopher P. Montville
                        HADDON, MORGAN AND FOREMAN, P.C.
                        150 East Tenth Avenue
                        Denver, CO 80203
                        Tel 303.831.7364
                        hhaddon@hmflaw.com; tgee@hmflaw.com; cmontville@hmflaw.com

                        *Attorneys for Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel*