**FILED**
**United States Court of Appeals**
**Tenth Circuit**

December 8, 2021

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

JUN LI, et al.,

    Plaintiffs - Appellants,

and

DIANWEN CUI, et al.,

    Plaintiffs,

v.

COLORADO REGIONAL CENTER I, LLC, et al.,

    Defendants - Appellees.

No. 21-1232
(D.C. Nos. 1:19-CV-02443-RM-STV &
1:19-CV-02637-RM-STV)
(D. Colo.)

_____

DIANWEN CUI, et al.,

    Plaintiffs - Appellants,

and

JUN LI, et al.,

    Plaintiffs,

v.

COLORADO REGIONAL CENTER LLC, et al.,

    Defendants - Appellees,

and

No. 21-1253
(D.C. Nos. 1:19-CV-02443-RM-STV &
1:19-CV-02637-RM-STV)
(D. Colo.)

Exhibit A

PETER KNOBEL,

    Defendant.

**ORDER**

Before **PHILLIPS** and **CARSON**, Circuit Judges.

    Plaintiffs-Appellants are investors who purchased a limited partnership unit in Colorado Regional Center Project Solaris LLLP (CRCPS). Defendant-Appellee Colorado Regional Center I LLC (CRC I) is the general partner of CRCPS. Plaintiffs-Appellants sued CRC I for breach of fiduciary duty and to have CRC I judicially removed as the general partner,[1] along with other federal and state law claims, but the district court entered judgment against them. Plaintiffs-Appellants appealed.

    Plaintiffs-Appellants subsequently filed a post-judgment motion arguing that CRC I continues to act on behalf of CRCPS and by doing so is acting in violation of a district court order that no party has authority to act on behalf of CRCPS. They asserted that the district court should hold CRC I in contempt for violating one of the court's orders and to enjoin[2] CRC I from taking any further action on behalf of CRCPS until Plaintiffs-Appellants' appeal was resolved.

---

[1] During the district court proceedings, Plaintiffs-Appellants also filed a Status Report in which they indicated that 70% of the limited partners had signed proxies and written consents demanding removal of CRC I as general partner.

[2] Plaintiffs-Appellants' asked the district court for a stay, but the request was in substance a request for an injunction so that is how we characterize it.

The district court denied the motion for contempt because it "did not rule, or order, that CRC I could not act on behalf of CRCPS." *Li et al v. Colo. Reg'l Ctr. Project Solaris LLLP et al*, No. 19-cv-02443-RM-STV, slip op. at 4 (D. Colo. Sept. 7, 2021). It therefore concluded that "CRC I is not and cannot be in violation of this Court's orders." *Id.* at 5. It also denied the request for an injunction.

Plaintiffs-Appellants then filed a motion in this court seeking the same relief.[3] CRC I filed a response in opposition. We deny the motion.

Plaintiffs-Appellants have not shown they are entitled to a contempt remedy from this court. The district court retains jurisdiction to enforce its orders and judgment even after the judgment is on appeal. *See Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1223 (8th Cir. 2006). Plaintiffs-Appellants have not pointed to any authority that would permit this court to hold CRC I in contempt of a district court order when the district court itself said there was no such order and refused to hold CRC I in contempt because it had not violated any court order.

We next consider Plaintiffs-Appellants' request for an injunction pending appeal.[4] In considering a motion for an injunction pending appeal, we evaluate the following

---

[3] There are two related appeals that have been consolidated for procedural purposes—21-1232, *Li, et al. v. Colorado Regional Center I, LLC, et al.*, and 21-1253, *Cui, et al. v. Colorado Regional Center, LLC, et. al.* The motion that is currently before the court was only filed by the plaintiffs-appellants in 21-1232 (the "Li Plaintiffs"). Accordingly, any references to "Plaintiffs-Appellants" in this order refer only to the Li Plaintiffs.

[4] Plaintiffs-Appellants ask this court to "issue a stay preventing *any* party including CRCI from acting for CRCPS," Mot. at 16, but a stay is not the appropriate procedural vehicle for the relief they seek. A stay is used to stop a court's order or

3

factors: (a) the likelihood of success on appeal; (b) the threat of irreparable harm if the injunction is not granted; (c) the absence of harm to opposing parties if the injunction is granted; and (d) any risk of harm to the public interest. *See* 10th Cir. R. 8.1. "[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the [moving party] is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  Plaintiffs-Appellants have not demonstrated their entitlement to an injunction pending appeal.  In particular, Plaintiffs-Appellants have failed to show a likelihood of success on the merits of their appeal.

Accordingly, we deny Plaintiffs-Appellants' motion and renewed motion for a contempt citation and injunction.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

judgment from being enforced pending appeal. *See* Fed. R. App. P. 8(a)(1)(A). Plaintiffs-Appellants admit that is not what they seek here. *See* Mot. at 13-14.  Instead, they seek an order directing CRC I to refrain from acting on behalf of CRCPS—that is a request for injunctive relief, *see* 11A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 2941 (3d ed. 1998) (defining injunctions as orders that "require a party either to do or to refrain from doing some act").