IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02443-RM-STV
Consolidated with Civil Action No. 1:19-cv-02637

Jun Li, *et al.*,

    Plaintiffs,

v.

Waveland Ventures, LLC, *et al.*,

    Defendants.

---

### CRC DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF CHARGING ORDER AGAINST LI PLAINTIFFS' PARTNERSHIP INTERESTS IN CRCPS [ECF 427]

---

Judgment Creditors/Defendants Waveland Ventures, LLC, Colorado Regional Center, LLC, and Colorado Regional Center I, LLC (collectively, the "CRC Defendants"), through undersigned counsel, submit this Reply in Support of Motion for Entry of Charging Order Against Li Plaintiffs' Partnership Interests in CRCPS (the "Motion") [ECF 427], stating as follows:

The Li Plaintiffs fail to identify any valid reason to deny the CRC Defendants' request for entry of a charging order. [ECF 428]. They do not allege that there is a question about the existence or extent of their partnership interests in Colorado Regional Center Project Solaris, LLLP ("CRCPS"). *See, e.g.*, *Sands v. New Age Fam. P'ship, Ltd.*, 897 P.2d 917, 922 (Colo. App. 1995) (holding that the trial court should not have dismissed judgment creditors' request for charging order against judgment debtor's partnership interest without first determining existence and extent of that interest). Nor do they contend that their partnership

interests lie outside this Court's jurisdiction.  *See, e.g.*, *Mountain States Bank v. Irvin*, 809 P.2d 1113, 1116 (Colo. App. 1991) (holding that after the defendant's death, the trial court lacked jurisdiction over actions—including charging order—designed to create liens or enforce unsecured claims against property in his estate).

Instead, the Li Plaintiffs oppose the entry of a charging order solely because "the Court wrongfully characterized this case as a 'tort action.'"  [*See* ECF 428 at 1.]  But that is not a proper basis to deny the Motion.  Indeed, courts have consistently held that a judgment debtor's collateral attack on an underlying judgment is improper in post-judgment proceedings.  *See, e.g.*, *Sonya C. ex rel Olivas v. Ariz. School for the Deaf & Blind*, 743 F. Supp. 700, 709 (D. Ariz. 1990) ("Once a judgment has been entered by a court of general jurisdiction, a presumption of regularity attaches thereto. Such a judgment may not be collaterally attacked unless it is void.") (citation omitted).  The Li Plaintiffs' attempt to revisit the merits of the judgment should therefore be disregarded.

Even if the Li Plaintiffs' were correct that attorney fees were improperly awarded (they are not), such arguments are jurisdictionally foreclosed by their pending appeal.  The filing of a notice of appeal is "an event of jurisdictional significance, which divested the district court from granting further relief concerning the issues on appeal."  *Walker v. City of Orem*, 451 F.3d 1139, 1146 (10th Cir. 2006) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).  The Li Plaintiffs appealed the Court's Amended Judgment on October 29, 2021 [ECF 416] and raised the very issues they attempt to raise now.  That is, whether the Court erred in awarding attorney fees because it improperly characterized this suit as a tort action. *See* Li Plaintiffs' Op. Br. at 45–54, *Li v. Colo. Reg'l Ctr. I LLC*, No. 21-

1232 (10th Cir. Dec. 13, 2021).  The Court lacks jurisdiction to consider the merits of the attorney fee awards or to grant relief from the awards because those merits and such relief "concern[] the issues on appeal."  *Walker,* 451 F.3d at 1146.

The Li Plaintiffs do not – and cannot – dispute that this Court "retains jurisdiction to enforce its orders and judgment even after the judgment is on appeal."  Order Denying Li Plaintiffs' Motion for Contempt Against CRC I [ECF 424 at 3]; *see also Int'l Paper Co. v. Whitson,* 595 F.2d 559, 56–62 (10th Cir. 1979) (the district court's "power to act in aid of execution of its judgment is not impaired by the filing of an appeal").  Thus, the Court should enter an order pursuant to C.R.S. § 7-62-703, charging each of the Li Plaintiffs' partnership interests in CRCPS.

DATED:  January 10, 2022.

/s/Stephanie A. Kanan
James Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email:  jkilroy@swlaw.com
Email:  skanan@swlaw.com

***Counsel for Defendants Waveland Ventures, LLC, Colorado Regional Center, LLC, and Colorado Regional Center I, LLC***

4885-4164-3528

## CERTIFICATE OF SERVICE

This is to certify that on January 10, 2021, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
Christopher P. Montville
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

　　　　　　　　　　　　　　　　　　　　　*/s/Sandy Braverman*
　　　　　　　　　　　　　　　　　　　　　for Snell & Wilmer L.L.P.