# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.
    Plaintiffs,

                   Hon. Judge Moore

   v.

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.
    Defendants.

---

### Motion for Court Order that Defendants Must Obtain Court Approval of Distributions per Rule 23.1(c)

---

Fed. R. Civ. P. 23.1(c) provides that a derivative action cannot be settled or compromised without Court approval:

> (c) Settlement, Dismissal, and Compromise. A derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders.

In violation of this rule, while the case is on appeal and still antagonistic, the Defendants are surreptitiously settling this derivative lawsuit by returning money to the limited partners (but not to their lawyers) outside

of Court supervision. Defendants refuse to put the distribution money in an escrow or IOLTA account that would enable Plaintiffs' attorneys to collect fees from clients, instead putting the money directly in each client's bank account and creating a situation where Plaintiffs counsels must chase down their own clients one-by-one. Such a surreptitious and unsupervised settlement violates Rule 23.1(c).

The Defendants have made one distribution of $80,000 per limited partner in December 2021 and they plan a distribution of $30,000 in April 2022. Together, this returns less than ¼ of the $500,000 invested by each limited partner ten years ago, not accounting for inflation, while more than half of the partnership property is sold, meaning that each limited partner will be lucky to get half their money back at most.

Basically their strategy is to leak out enough money so the limited partners walk away and give zero to the lawyers, thereby eliminating all the litigants and effectively settling the case without calling it a 'settlement.' This will force the lawyers to pursue their own clients one-by-one to collect legal fees, an ugly outcome that this Court can prevent by simply having Defendants comply with Rule 23.1 in setting forth a settlement proposal that puts the money in some fund where the lawyers

2

can get their fees (which are in the reasonable range of 12%). This Court should not allow an unsupervised and surreptitious *de facto* settlement in violation of Rule 23.1(c).

Counsel encourages distributions -- but insist they be done in compliance with law and not behind the back of the Court and behind the backs of the Plaintiffs' lawyers. The parties are still antagonistic, meaning that distributions from the Defendants are a "settlement" and "compromise." For example if the case is remanded and Plaintiffs obtain a judgment, the Defendants will claim that the judgment is offset by the distributions they have made, i.e. that these distributions are part of their 'settlement.' Any payment of money by the Defendants during a bitter lawsuit is certainly a 'settlement' or at least a 'compromise' and therefore requires Court supervision under Rule 23.1.

It is unfair for only limited partners represented by counsel to be hunted down for legal fees when this is a derivative action for the entity itself and all limited partners (including those unrepresented), so legal fees should be equal for all limited partners across the board. In a class action, attorneys don't have to chase down their clients one-by-one to get paid, nor should this happen in a Rule 23.1 action when the two Rules

have identical language requiring Court approval on settlement and compromise. Counsel merely ask that the Defendants comply with Rule 23.1(c) because they are effectively settling or at least 'compromising' a derivative case while ignoring the Rule 23.1(c) requirement for submitting a plan for Court approval.

WHEREFORE, counsel requests a finding that the distributions from the Defendants to the Plaintiffs outside Court supervision and outside the reach of the Plaintiffs' lawyers raises a "substantial issue" of whether Rule 23.1 has been violated, and whether future settlements and compromises must be supervised and approved by this Court under Rule 23.1.  If the Court rules that this is a substantial issue, then the Tenth Circuit can remand for a hearing or further briefing on this narrow issue.

Dated: March 31, 2022                        Respectfully Submitted,

/s/ Douglas Litowitz
413 Locust Place,
Deerfield, IL 60015
312-622-2848
Litowitz@gmail.com

## Certificate of Service

This document was filed on the ECF system for the District of Colorado on March 31, 2022 and sent to all counsels of record.