# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.
        Plaintiffs,

                                      Hon. Judge Moore

    v.

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.
        Defendants.

## Li Plaintiffs' Response to Motion for
## Enforcement of Charging Order on ECF 430

This Court should not enforce its fee-shifting decision in ECF 430 for the following reasons:

1. The fee award is currently under consideration by the Tenth Circuit. Enforcement of the fee award now, if followed by a Tenth Circuit reversal or modification, would create a nightmare of transfers and counter-transfers. Any distributions to the Li Plaintiffs would have to be paid into the court, segregated, then divided so that SPOI counsel gets some of the money, then after reversal the opposite movement would have to occur, with SPOI counsel repaying the money to the court, then that money would have to go back to CRCPS, then go back to the Li Plaintiffs. If there is a modification (say, a reduction in fees) they the process would be even worse. There is no reason to initiate complex money movements if the Tenth Circuit may obviate or modify the entire process.

2. The fee award is likely to be reversed or modified. The Li Plaintiffs have pointed out the following reversible errors that caution against enforcement:

   (a) The fee award relied on a **vacated** opinion for the proposition that Count V (federal securities fraud) is a tort, when the Tenth Circuit reversed on this point. *deHaas v. Empire Petroleum Co.*, 302 F. Supp. 647, 649 (D. Colo. 1969), which should have been cited as "*aff'd in part, remanded in part*, 435 F.2d 1223, 1232 (10th Cir. 1970)." Other courts have no trouble properly citing deHaas as a Tenth Circuit decision. See *Mullen v. Sweetwater Dev. Corp.*, 619 F. Supp. 809 (D. Colo. 1985). A vacated decision is non-precedential and citing it without its subsequent vacation runs afoul of the Bluebook Rule 10.7 which requires italicizing the "entire subsequent history."

   (b) The fee award contradicted the Colorado Supreme Court to conclude that statutory civil theft (Count II) is a tort. *Bermel v BlueRadios, Inc.*, 440 P.3d 1150, 1157 (Colo. 2019)("We need not resolve today whether a claim for civil theft [] is a claim sounding in tort"). Judge Moore was bound to follow Colorado's state's highest court by basic principles of federalism. *Reeves v. Enter. Prod. Partners, LP*, 17 F.4th 1008, 1012 (10th Cir. 2021).

(c)     The fee award asserted that violation of the Colorado Securities Act (Count VI) is a tort, when Judge Moore himself said in 2015 that the issue was undecided in a prior case. *Sipf v. Herbers*, No. 1:12-CV-00441-RM-KMT, 2015 WL 2441395, at *8fn12 (D. Colo. May 20, 2015)(Moore, J.). A federal judge cannot change his opinion without explanation: "The most complex relationship is between a court and its own previous decisions. A court must give considerable weight to those decisions unless and until they have been overruled or undermined by the decisions of a higher court, or other supervening developments, such as a statutory overruling." *Colby v. J.C. Penney Co.,* 811 F.2d 1119, 1123 (7th Cir. 1987)(Posner, J.).

(d)     The fee award was impermissibly based on consideration of counts that were voluntarily dismissed prior to the motion to dismiss under Rule 12(b). *Walters v. Townsend Farms, Inc.*, No. 13-cv-02730-CMA-CBS, 2015 WL 557178, at *4-5 (D. Colo. Feb 9, 2015)(fee-shifting cannot be based on claims dismissed voluntarily, by stipulation, or by confession); *Zerr v. Johnson*, 120 F.3d 272 (10th Cir. 1997)(table). **None of the 5 claims that came before Judge Moore on the motion to dismiss have ever been held to be a tort in any binding published decision.**

(e)     The fee award mistakenly construed a claim for breach of contract entitled "Breach of Fiduciary Duty Arising from Contract and Statute" (Count I) as a tort, which directly contradicts Colorado cases holding that when fiduciary duties are set forth in a contract, a claim for their breach must sound in breach of contract. *Casey v. Cheiba Trust*, 310 P.3d 196, 203 (Colo. App. 2012)("[R]eference in the complaint to specific contractual duties found in the trust agreements establishes that the claim lies in contract, not in tort, because it identifies the source of the duty as trust agreements.")

(f)     Even apart from all this, the fee-shifting statute cannot apply to business disputes based on investment contracts even when the plaintiff asserts peripheral claims that have tort-like characteristics. *Falcon Broadband v. Banning Lewis Ranch Metro. Dist. No. 1.*, 474 P.3d 1231, 1238 (Colo. App. 2018)(fee-shifting statute does not apply despite tort-based claims (promissory estoppel, tortious breach) since those claims were peripheral to the underlying contract dispute). This parallels Judge Moore's description of this case as involving a core of two loans and some surrounding collateral activity: "[T]his action arises from the loan of money Plaintiffs invested in CRCPS to SPO/SPOI and the alleged failure to repay the loan" and "[T]his entire action arises from the Loan

4

Agreement . . ." [ECF 413: 12, 8]. Even the SPO Defendants admitted this was a contractual dispute: "This action concerns Plaintiffs' investment in CRCPS and its loan to SPOI." [ECF 224: 8].

(g) On top of all these reasons why the fee-shifting statute did not apply, Judge Moore failed to read that statute narrowly in favor of the plaintiffs. *Sotelo v. Hutchens Trucking Co.*, 166 P.3d 285, 287 (Colo. App. Ct. 2001).

With this fee award being looked at by the Tenth Circuit, now is not the time for Judge Moore to double down on enforcing a ruling based on such obvious errors. The Court should deny the request for enforcement until the Tenth Circuit rules, and it should also take under consideration the Li Plaintiffs' pending motion for an indicative ruling that any distributions constitute a "settlement" or "compromise" that must be approved by the Court under Fed. R. Civ. P. 23.1(c).

WHEREFORE, the Li Plaintiffs oppose enforcement of the charging order based on ECF 430 since that ruling is grounded in errors and is currently on appeal.

Dated: April 5, 2022                    Respectfully Submitted,

/s/ Douglas Litowitz
413 Locust Place
Deerfield, IL 60015
312-622-2848
Litowitz@gmail.com

**Certificate of Service**

This document was filed on the ECF system for the District of Colorado on April 5 30, 2022.