# In the United States District Court
# for the District of Colorado

Civil Action No. 1:19-cv-2443-RM-STV
—*Consolidated with* No. 19-cv-2637-RM-STV

JUN LI, *et al.*, individually and derivatively for Colorado Regional Center Project Solaris LLLP,

    Plaintiffs,

v.

WAVELAND VENTURES LLC, *et al.*,

    Defendants.

## SPO Defendants' Request for Rulings on Their Motions for Entry of Charging Orders Against Plaintiffs' Interests in CRCPS

    Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel (collectively, "SPO Defendants"), through their attorneys Haddon, Morgan, and Foreman, P.C., submit this Reply in support of their request for rulings on their motions for charging orders (Doc.440).

    1.  The *Li* Plaintiffs oppose our request for rulings on the ground "[t]he fee award is likely to be reversed or modified." Doc.441 ¶ 2. To the extent this is an argument to stay a ruling on the charging order motions, it is meritless.

    2.  The Court awarded attorney fees under the loan agreement's fee-shifting provision. It provides that in any litigation arising out of the loan, the prevailing party shall be awarded its attorney fees and expenses. In their Second Amended Complaint, the *Li* Plaintiffs brought six claims against one or more of the SPO Defendants. By the

conclusion of the Federal Rule of Civil Procedure 12(b)(6) hearing, the Court had dismissed three of the six claims, which counsel for the *Li* Plaintiffs said they no longer were pursuing. In its subsequent 12(b)(6) order, the Court dismissed two of the three remaining claims, i.e., civil theft and state securities fraud. One claim survived—breach of the loan agreement.

3. On appeal, the SPO Defendants challenged the dismissal of *one* claim asserted against any of the SPO Defendants—state securities fraud. It is unlikely the *Li* Plaintiffs will prevail in their appeal. They focused their arguments on the Court's grounds for dismissal of the claim as to the CRC Defendants but failed to address the specific grounds for dismissal of the claim *as to the SPO Defendants*. Even if the *Li* Plaintiffs were to succeed in reinstating the state securities fraud claim, the SPO Defendants still would not be the prevailing parties under the loan agreement since four of the six claims asserted against the SPO Defendants would have been dismissed.

4. Additionally, on appeal the *Li* Plaintiffs failed to challenge the Court's award of attorney fees under the loan agreement. They challenged only the Court's *alternative* grounds for awarding attorney fees, e.g., section 13-17-201, Colo Rev. Stats. It is axiomatic the Tenth Circuit would not reverse an award of attorney fees under the loan agreement where the *Li* Plaintiffs did not challenge the award on that ground.

The SPO Defendants respectfully request that the Court rule on their pending charging order motions.

April 5, 2022

        Respectfully submitted,

        *s/ Ty Gee*
        Harold A. Haddon
        Ty Gee
        Christopher P. Montville
        HADDON, MORGAN AND FOREMAN, P.C.
        950 17th St, Suite 1000
        Denver, CO 80202
        Tel 303.831.7364
        hhaddon@hmflaw.com; tgee@hmflaw.com;
        cmontville@hmflaw.com

        *Attorneys for Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel*