# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Judge Raymond P. Moore

Civil Action No. 19-cv-02443-RM-STV
    Consolidated with 19-cv-02637-RM-STV

**Derivatively:**
HSIN-YI WU, and QI QIN,
IN THEIR CAPACITY AS LIMITED PARTNERS OF
COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

    Plaintiffs

v.

COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

    Nominal Defendant,

and

**Directly:**
HSIN-YI WU, JUN LI, QI QIN, YI LIU, JIE YANG, YUQUAN NI,
ZHONGZAO SHI, FANG SHENG, SHUNLI SHAO, KAIYUAN WU,
ZHIJIAN WU, ZHONGWEI LI, SA WU, FAN ZHANG, LIN QIAO,
JINGE HU, RUJUN LIU,YING XU, LU LI, CAO XIAOLONG,
and YUWEI DONG,

    Plaintiffs,

v.

COLORADO REGIONAL CENTER LLC,
COLORADO REGIONAL CENTER I, LLC,
SOLARIS PROPERTY OWNER LLC,
SOLARIS PROPERTY OWNER I LLC,
PETER KNOBEL, and
COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP, and
ALL PRINCIPALS AND ULTIMATE OWNERS OF BUSINESS ENTITIES PURSUANT TO
PIERCING OF THE LIMITED LIABILITY VEIL,

    Defendants.

Civil Action No. 19-cv-02637-RM-STV ("Cui Plaintiffs")

DIANWEN CUI, LEI GU, SUFEN LENG, XUE MEI, ZHOU MEI,
YAN SONG, LU WANG, YUE WU, ZHUO YANG, JINGWEN ZHANG,
LEI ZHANG, LING ZHANG, XIAOHONG ZHANG, QIN ZHOU,
XUN ZHU, and CHUNYI ZOU,

    Plaintiffs,

v.

WAVELAND VENTURES LLC,
COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,
COLORADO REGIONAL CENTER I, LLC,
SOLARIS PROPERTY OWNER LLC,
SOLARIS PROPERTY OWNER I, and
PETER KNOBEL,

    Defendants.

## ORDER

This matter is before the Court on Motions for Entry of Charging Orders, filed by Defendants in both cases, and a subsequent Request for Rulings.[1] Also before the Court is a Motion from the Li Plaintiffs requesting that this Court issue an Indicative Ruling pursuant to Fed. R. Civ. P. 62.1.[2] The Motions for Charging Orders have been fully briefed and are ripe for decision.[3] The Court concludes it does not need to obtain additional briefing in order to rule on the Motion for Indicative Ruling.

### I.    BACKGROUND

The Parties and the Court are very familiar with the extensive history of this case. For purposes of clarity, the Court will provide a brief summary of the case. This is a consolidated

---

[1] ECF Nos. 426, 429, 430, 440.
[2] ECF No. 438.
[3] ECF Nos. 428, 431, 432, 433.

action. For ease of reference, Plaintiffs in Civil Action No. 19-cv-02443 are referred to collectively as the "Li Plaintiffs" and Plaintiffs in Civil Action No. 19-cv-2637 are referred to collectively as the "Cui Plaintiffs" (Li and Cui Plaintiffs, collectively, "Plaintiffs").

Plaintiffs filed their respective actions alleging they purchased limited partnership interests in Colorado Regional Center Project Solaris, LLLP ("CRCPS"). CRCPS (lender) loaned the money ($82.5 million) Plaintiffs (and other limited partners) invested to Solaris Property Owner, LLC ("SPO," borrower). Subsequently, SPO assigned its rights and obligations under the loan to Solaris Property Owner I, LLC ("SPO I"). At bottom, Plaintiffs alleged that the loan was undercollateralized with inflated valued condos; that SPO I was allowed to "repay" the loan with the overvalued condos (which was allegedly a disguised sale[4]); the limited partners were offered "put options"[5] to "unload" their interests in CRCPS; and the loan is in default, but SPO I has not repaid. Plaintiffs filed numerous federal and state law claims against the various Defendants allegedly involved with this deal. Motions to Dismiss were filed by Waveland Ventures, LLC ("Waveland"), Colorado Regional Center, LLC ("CRC"), and Colorado Regional Center I, LLC ("CRC I") (collectively, "CRC Defendants") and by SPO, SPO I, and Peter Knobel, (collectively, the "SPO Defendants").

In its Order on Pending Motions,[6] the Court granted in full the CRC Defendants' motion to dismiss and dismissed the CRC Defendants from the case. The Court also granted in part and denied in part the SPO Defendants' Motion to Dismiss, filed under Fed. R. Civ. P. 12(b)(6), directed against Plaintiffs. The SPO Defendants' Motion to Dismiss was granted as to all

---

[4] According to Li Plaintiffs.
[5] According to Li Plaintiffs, these put options allegedly allowed the limited partners to "put" their partnership interests back to CRCPS and be assigned a condo. When the condo is sold, the limited partners who exercised the put options would receive the proceeds from the sale. (ECF No. 222, ¶ 99.) Cui Plaintiffs also made substantially the same allegations. (ECF No. 190, ¶ 22, 79.)
[6] ECF No. 271.

remaining claims[7] by Plaintiffs except the following: (1) the Cui Plaintiffs' Counts VI (derivative against SPO I) and Count VII (derivative against SPO and SPO I) for declaratory relief; and (2) the Li Plaintiffs' Count III (derivative for breach of contract against SPO I). All claims against Knobel were dismissed; therefore, he was dismissed as a party to this consolidated action.

Because the Court dismissed the federal claims, it also raised *sua sponte* whether diversity jurisdiction existed and, if not, whether the Court should retain supplemental jurisdiction over the three remaining state law claims. In its Order Regarding Subject Matter Jurisdiction,[8] the Court determined that it did not have diversity jurisdiction and declined to exercise supplemental jurisdiction over the state law claims. Therefore, the three state law claims were dismissed without prejudice. It appears that some Plaintiffs have recently filed a breach of contract claim in state court.[9] The Court's March 2, 2021, order did not, however, make any findings regarding the parties' and attorneys' compliance with Fed. R. Civ. P. 11, as required by the PSLRA.

Pursuant to the motion of the SPO defendants, the Court amended that order on August 23, 2021, to comply with the PSLRA.[10] The Court found that neither the Li Plaintiffs nor the Cui Plaintiffs themselves had violated Rule 11. But it also concluded that the Li Plaintiffs' Attorney Litowitz violated Rule 11(b)(2) and (b)(3) by bringing a derivative claim on behalf of CRCPS against its own general partner for alleged securities violations, in essence "bringing a securities fraud against itself."[11] The Court determined that, reviewing these claims under a purely objective standard, the allegations "were neither warranted by existing law nor warranted by 'a nonfrivolous argument for extending, modifying, or reversing existing law or for

---

[7] Some claims were voluntarily withdrawn or conceded. (*See* ECF No. 271.)
[8] ECF No. 334.
[9] ECF No. 409.
[10] ECF No. 377.
[11] ECF No. 377, p.9.

establishing new law.'" *Id.* (quoting Fed. R. Civ. P. 11(b)(2)). And the Court concluded that there existed no evidentiary basis upon which to file such a claim.

The Court also found that the Cui Plaintiffs' Attorney Stewart violated Rule 11(b)(2) by bringing a securities claim that was barred by the statute of repose and by failing to plausibly allege a claim against the SPO Defendants, relying instead on allegations against the CRC Defendants. *Id.* at 10-11. Finally, the Court determined that Attorney Stewart's allegations regarding the "put" options lacked evidentiary support as to all but one defendant. *Id.* at 11. Having concluded that the two attorneys violated Rule 11(b), the Court noted that the PSLRA imposes a presumption in favor of attorneys' fees and costs in such cases, but also acknowledged that such presumption was rebuttable. *Id.* at 14. The Court therefore offered Plaintiffs and their attorneys the opportunity to rebut the presumption that such fees and costs should be imposed. *Id*. at 14-15. The Court also ordered Defendants to file precise attorneys' fees and expense information related to the securities claims. *Id.* at 16. All parties filed responses to the Court's order.[12]

This Court ultimately awarded the CRC Defendants $390,056.25 in attorney fees against the Li Plaintiffs and Attorney Litowitz and $139,539.75 in attorney fees against the Cui Plaintiffs and Attorney Stewart.[13] It also awarded the SPO Defendants $244,020.68 in attorney fees against the Li Plaintiffs and Attorney Litowitz, $77,376.79 in attorney fees against the Cui Plaintiffs, and $5,000 in Rule 11 Sanctions against Attorney Stewart.[14] Plaintiffs filed appeals and those appeals remain pending.[15]

In the meantime, both the CRC Defendants and the SPO Defendants filed the Motions at

---

[12] ECF Nos. 381, 399, 400, 404.
[13] ECF Nos. 414, 415, 422.
[14] ECF Nos. 413, 415, 422.
[15] ECF Nos. 416, 419.

issue, requesting an order be entered charging Plaintiffs' partnership interests in CRCPS in order to satisfy the judgment. The CRC Defendants ultimately withdrew their motion as to the Cui Plaintiffs after those two parties reached an agreement to have CRCPS hold the amount of $139,539.75 from the Cui Plaintiffs' share of any partnership distributions until April 29, 2022 while the parties engaged in settlement negotiations.[16] The Cui Plaintiffs did not file a response to the SPO Defendants' Motion for Charging Order. The Li Plaintiffs strenuously opposed the requested charging orders, arguing that they were likely to prevail on appeal and that therefore charging against Plaintiffs' interests now would create "a nightmare of transfers and counter-transfers[17]" after the 10th Circuit reverses this Court's rulings on appeal.

The SPO Defendants filed their Request for Ruling, contending that because Plaintiffs are Chinese nationals, because "there is no indication they hold any assets in the United States other than their interests in CRCPS," and because CRCPS is in the process of selling its only assets, the condominium units, if this Court did not act promptly then there would be a risk that Plaintiffs would become judgment proof.

The Li Plaintiffs also filed a Motion with the Court, this one asking the Court to issue an Indicative Ruling that "Defendants Must Obtain Court Approval of Settlement Plan under Fed. R. Civ. P. 23.1." In the Motion, the Li Plaintiffs assert that, in violation the Federal Rule requiring Court approval of any settlement in a derivative action, "the Defendants have begun a below-the-radar campaign of *de facto* settling/compromising this lawsuit without Court approval, and without putting the money into an escrow or [Interest on Lawyers' Trust Accounts, referred to as an] IOLTA account where Plaintiffs' lawyers can draw fees." The Motion asserts that Defendants have taken $20 million in "management fees" out of the business and suggests that,

---

[16] ECF No. 437.
[17] ECF Nos. 428, 431.

6

apparently as a result, Plaintiffs' investments have halved in value. The Li Plaintiffs argue that "the Defendants' strategy is to leak out sufficient distributions directly to motivate Plaintiffs to drop the case and leave their lawyers with nothing, thereby avoiding paying legal fees."

## II.   LEGAL STANDARDS

### A. Charging Orders

"On application to a court of competent jurisdiction by any judgment creditor of a partner, the court may charge the partnership interest of the partner with payment of the unsatisfied amount of the judgment with interest." § 7-62-703, C.R.S. (2021). A partner, whether general or limited, possesses a personal and assignable interest in partnership profits and surplus. *Mountain States Bank v. Irvin*, 809 P.2d 1113, 1115 (Colo. App. 1991). While generally the filing of an appeal divests this Court of jurisdiction over a case, one exception to that rule is that this Court retains jurisdiction to issue orders "in aid of execution of a judgment that has not been superseded." *Int'l Paper Co. v. Whitson*, 595 F.2d 559, 561–62 (10th Cir. 1979). In other words, this Court retains jurisdiction to enforce its own orders or judgments, even while the case is on appeal. *Miller v. Inst. For Def. Analyses*, 2019 WL 2085358, at *2 (D. Colo. May 13, 2019). "Should the judgment be reversed on appeal, a district court may, on motion or sua sponte, order the judgment creditor to restore the benefits obtained." *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006).

### B. Indicative Rulings

Pursuant to Fed. R. Civ. P. 62.1, "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," the court has the option to either "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises

7

a substantial issue." "Indicative rulings allow for the timely resolution of motions which may further the appeal or obviate its necessity. For example, a meritorious Rule 60(b) motion to vacate a judgment because of newly discovered evidence makes an appeal of that judgment unnecessary." *Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of New York Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y. 2013). An indicative ruling is not appropriate in cases in which a district court must predict the outcome of an appeal taken of its own decision and is likewise inappropriate where it would do little to aid in the circuit's consideration of the questions before it but would instead merely slow or impede the appeal. *Id.* at 222.

### III.     APPLICATION

#### A. Charging Orders

In this case, Plaintiffs do not attempt to argue that they lack partnership interests in CRCPS, and in fact it is because Plaintiffs acquired limited partnership interests in CRCPS that this litigation came to be before this Court.[18] Nor do Plaintiffs assert that this Court lacks jurisdiction to enter charging orders in order to enforce its judgment in this case. In fact, the Cui Plaintiffs filed no response to the SPO Defendants' Motion. The Li Plaintiffs, meanwhile, respond to both of the pending motions directed at them by asserting that this Court committed numerous errors in making the initial determination to award fees to Defendants and arguing that entering charging orders would be to "double down on enforcing a ruling based on such obvious errors." The Li Plaintiffs ask this Court to deny the request to enforce the judgment pending the decision from the 10th Circuit on Plaintiffs' appeals. The Li Plaintiffs offer no authority, however, to support the proposition that such alleged errors constitute a proper basis for the Court to refuse to enforce its own judgment.

Defendants make an argument that immediate enforcement is needed because otherwise

---
[18] See ECF No. 222.

there is a risk that Plaintiffs will become judgment proof, and that it will be impossible for Defendants to collect the amounts due them.

The Court concludes that Defendants are entitled to the relief requested, and therefore the Motions for Entry of Charging Orders are GRANTED.

### B. Indicative Ruling

The Li Plaintiffs ask this Court for an order requiring the Defendants to obtain Court approval of any distributions it makes. They assert that such an order is proper under Fed. R. Civ. P. 23.1(c) which states that a derivative action cannot be settled without court approval. This Court has the discretion to determine whether it should issue an indicative ruling. The Court declines to issue an indicative ruling in this case because such a ruling would neither moot any of the issues before the Circuit nor would it assist it to address, or in any way clarify, any of the arguments before it. Rather, such a ruling would merely add new issues and further complicate the proceedings. Moreover, as of now, this Court has dismissed the Plaintiffs' claims. Having done so, there is little sense to an indicative ruling which would require the Court to act contrary to its prior rulings by requiring that it approve settlements in a case it Ordered be dismissed. For these reasons, the Motion for Indicative Ruling is DENIED.

### IV. CONCLUSION

Based on the foregoing, it is therefore ORDERED

(1) That the CRC Defendants' Motion for a Charging Order Against the Li Plaintiffs' Partnership Interests in CRCPS (ECF No. 427) is GRANTED;

(2) That the SPO Defendants' Motion for a Charging Order against the Cui Plaintiffs' Partnership Interests in CRCPS (ECF No. 429) is GRANTED;

(3) That the SPO Defendants' Motion for a Charging Order Against the Li Plaintiffs'

9

    Partnership Interests in CRCPS (ECF No. 430) is GRANTED; and

(4)  The Li Plaintiffs' 62.1 Motion for Indicative Ruling (ECF No. 438) is DENIED.

The Court further ORDERS that

(1)  A Charging Order is entered in favor of and for the benefit of the CRC Defendants and against the Li Plaintiffs' interests;

(2)  Until such time as the judgment in favor of the CRC Defendants and against the Li Plaintiffs, ($390,056.25 plus interest pursuant to 28 U.S.C. § 1961[19]), is satisfied, CRCPS shall remit to the Registry of this Court all current and future distributions of profits, dividends, income, and surplus that any or each of the Li Plaintiffs would be entitled to as limited partners of CRCPS;

(3)  A Charging Order is entered in favor of and for the benefit of the SPO Defendants and against the Li Plaintiffs' interests;

(4)  Until such time as the judgment in favor of the SPO Defendants and against the Li Plaintiffs, ($244,020.68 plus post-judgment interest pursuant to 28 U.S.C. § 1961, which is accruing at a rate of $1.20 per day), is satisfied, CRCPS shall remit to the Registry of this Court all current and future distributions of profits, dividends, income, and surplus that any or each of the Li Plaintiffs would be entitled to as limited partners of CRCPS;

(5)  A Charging Order is entered in favor of and for the benefit of the SPO Defendants and against the Cui Plaintiffs' interests;

(6)  Until such time as the judgment in favor of the SPO Defendants and against the Cui Plaintiffs, ($77,376.79 plus post-judgment interest pursuant to 28 U.S.C.

---

[19] Counsel for the CRC Defendants has not provided the Court with the applicable interest rate for this judgment against the Li Plaintiffs. The CRC Defendants are directed to do so within 30 days.

       § 1961, which is accruing at a rate of $.38 per day), is satisfied, CRCPS shall remit to the Registry of this Court all current and future distributions of profits, dividends, income, and surplus that any or each of the Cui Plaintiffs would be entitled to as limited partners of CRCPS; and

(7)    Within seven days of the date of this Order, Plaintiffs shall cause to be served on CRCPS, pursuant to C.R.C.P. 4, a certified copy of this Charging Order.

Dated this 7th day of April, 2022.

                                  BY THE COURT:

                                  _____
                                  RAYMOND P. MOORE
                                  United States District Judge