UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443
    Consolidated with Civil Action No. 19-cv-02637

                        Hon. Judge Raymond P. Moore
                        Hon. Magistrate Judge Scott T. Varholak

**Derivatively:**
HSIN-YI WU, and QI QIN,
IN THEIR CAPACITY AS LIMITED PARTNERS OF COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

    Plaintiffs,

v.

COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

    Nominal Defendant,

and

**Directly:**
HSIN-YI WU, JUN LI, QI QIN, YI LIU, JIE YANG, YUQUAN NI, ZHONGZAO SHI, FANG SHENG, SHUNLI SHAO, KAIYUAN WU, ZHIJIAN WU, ZHONGWEI LI, SA WU, FAN ZHANG, LIN QIAO, JINGE HU, RUJUN LIU,YING XU, LU LI, CAO XIAOLONG, and YUWEI DONG,

    Plaintiffs,

v.

COLORADO REGIONAL CENTER LLC, COLORADO REGIONAL CENTER I, LLC, SOLARIS PROPERTY OWNER LLC, SOLARIS PROPERTY OWNER I LLC, PETER KNOBEL, and COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP, and
ALL PRINCIPALS AND ULTIMATE OWNERS OF BUSINESS ENTITIES PURSUANT TO PIERCING OF THE LIMITED LIABILITY VEIL,

    Defendants.

 ---

1

Civil Action No. 19-cv-02637-RM-STV ("Cui Plaintiffs")

DIANWEN CUI, LEI GU, SUFEN LENG, XUE MEI, ZHOU MEI, YAN SONG, LU WANG, YUE WU, ZHUO YANG, JINGWEN ZHANG, LEI ZHANG, LING ZHANG, XIAOHONG ZHANG, QIN ZHOU, XUN ZHU, and CHUNYI ZOU,

Plaintiffs,

v.

WAVELAND VENTURES LLC, COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP, COLORADO REGIONAL CENTER I, LLC, SOLARIS PROPERTY OWNER LLC, SOLARIS PROPERTY OWNER I, and PETER KNOBEL,

Defendants.

## CROSS-MOTION TO INTERVENE and
## OPPOSITION TO LI PLAINTIFFS' MOTION FOR ATTORNEY FEES

This Cross-Motion to Intervene is filed pursuant to Rule 24 of the Federal Rules of Civil Procedure (F.R.C.P.), and, if intervention is granted by the Court, this Opposition to the Li Plaintiffs' Motion for Attorney Fees (Rec. Doc. 456, styled "Li Plaintiffs' Motion for Attorney Fees of 15% from Distribution Made to Limited Partners Without a Required F.R.C.P. 23(c) Hearing and Without Required Payment through IOLTA Accounts") is hereby filed by local Colorado Counsel, Sumeeta Gawande, Esq. of Gawande Law LLC, and lead counsel, Carlos M. Carvajal, Esq. of Liu, Chen & Hoffman, LLP, on behalf of the following non-parties: Yibo Bao, Yuan Bi, Yichen Dao, Xue Han, Guohai He, Yi Hou, Beilei Huang, Shenyun Huang, Fang Li, Gang Li, Yan Li, Ying Li, Yue Li, Zhongwei Li, Xiaofeng Liang, Song Lin, Naidong Liu, Yan Lv, Ji Ma, Fuqiang Sun, Wei Wang, Xiaoshen Wang, Li Wei, Hsinyi Wu, Jun Xie, Hao Ying, Jiaqi Yuan, Tao Yuan, Jun Zhang, Xushen Zhang, and Min Zheng (collectively "Non-Parties").

2

## STATEMENT OF CONFERRAL PER LOCAL CIVIL RULE 7.1

The undersigned counsel states that Carlos Carvajal, Esq., counsel for the Non-Parties, advised that on October 6 and 7, 2022, he conferred with the Li Plaintiffs' counsel and requested plaintiffs' consent to intervention and that plaintiffs' counsel did not consent. On October 6 and 7, 2022, Mr. Carvajal conferred with counsel for defendants Colorado Regional Center Project Solaris LLLP, Colorado Regional Center I, LLC, and Colorado Regional Center LLC ("Defendants"), who responded that Defendants did not object to intervention by the Non-Parties.

## BACKGROUND

As set forth in the Wu/Li Plaintiff's Third Amended Complaint for Derivative and Direct Relief ("Li Plaintiff's Complaint") (Rec. Doc. 121) and in the Cui Plaintiffs' Third Amended Verified Complaint ("Cui Plaintiffs' Complaint") (Rec. Doc. 190), Defendant, Colorado Regional Center Project Solaris LLLP ("CRCPS") is a Colorado limited liability limited partnership that was formed more than 10 years ago when 165 limited partners each invested $500,000 to form CRCPS (Rec. Doc. 190, ¶¶4-5). Defendant Colorado Regional Center I LLC was designated as the general partner of CRCPS. (*Id.*, ¶4). The Complaints were filed by some, but not all, of the aforementioned limited partners, who assert a variety of fraud, misrepresentation, and securities fraud claims against CRCPS and the co-defendants. Here, the Non-Parties, *i.e.,* the movants on this motion, are also limited partners in CRCPS, each having invested $500,000 in CRCPS. As set forth in much more detail in the above Complaints, the claims in the Complaints pertain to the limited partnership investments made by both Plaintiffs and the Non-Parties. (See also **Affidavit of Fang Li** submitted in support of this Cross-Motion.)

One of the limited partners also filed a judicial dissolution proceeding in Colorado state court, seeking dissolution of CRCPS pursuant to Colo. Rev. Stat. § 7-62-802. *See Quinfang Yu v. Colorado Regional Center Project*, District Court, Denver, Colorado, Case 2022CV30877. The grounds cited in the judicial dissolution proceeding are similar to the fraud allegations asserted by Plaintiffs in this proceeding, namely fraud and misconduct by the general partners and breach of the partnership agreement. Non-Parties were recently allowed to intervene in that proceeding under Rule 24 of the Colorado Rules of Civil Procedure. (*See* Order re: Motion to Intervene, attached hereto as **Exhibit 1**).

In permitting the Non-Parties to intervene in the state court action, the state court judge found that the Non-Parties have an interest relating to the property. Similarly, in this case, as limited partners, Non-Parties have a vested interest in the subject matter of this proceeding and thus now seek to intervene pursuant to F.R.C.P. 24.

## ARGUMENT

**I.   NON-PARTIES ARE ENTITLED TO INTERVENE AS OF RIGHT.**

Intervention is authorized by Rule 24 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> \*\*\*
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

The Tenth Circuit follows "a somewhat liberal line in allowing intervention." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) ("*Clinton*") (quoting *Coalition of*

4

*Arizona/New Mexico Counties v. Dep't of Interior*, 100 F.3d 837, 841 (10th Cir. 1996) (quoting *Nat'l Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977)). Accordingly, an applicant may intervene as of right if: (1) the application is "timely"; (2) "the applicant claims an interest relating to the property or transaction which is the subject of the action"; (3) the applicant's interest "may as a practical matter" be "impair[ed] or impede[d]"; and (4) "the applicant's interest is [not] adequately represented by existing parties." *Clinton*, 255 F.3d at 1249. Non-Parties satisfy each of these criteria and, therefore, are entitled to intervene as of right.

      **A.**      **The Motion to Intervene Is Timely.**

F.R.C.P. 24 does not provide an express time limit for intervention. Instead, the timeliness of a motion to intervene is assessed "in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Sanguine, Ltd. v. United States Dep't of Interior,* 736 F.2d 1416, 1418 (10th Cir. 1984) (citations omitted). In that regard, "the analysis is contextual; absolute measures of timeliness should be ignored." *Sierra Club v. Espy*, 18 F.3d 1202, 1204 (5th Cir. 1994); *see also Stupak-Thrall v. Glickman*, 226 F.3d 467, 4754 (6th Cir. 2000) (absolute measure of time between filing of the complaint and the motion to intervene is one of least important circumstances). Moreover, "the requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner. Federal courts should allow intervention `where no one would be hurt and greater justice could be attained.'" *Sierra Club,* 18 F.3d at 1205 (citations omitted); *see also* 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER MARY KAY KANE,

FEDERAL PRACTICE PROCEDURE § 1916, at 425-26 (2d ed. 1986) ("The requirement of timeliness is not a means of punishment for the dilatory and the mere lapse of time by itself does not make an application untimely." (footnote omitted)).

In this case, although the litigation has been pending for some time, the Court of Appeals just recently remanded this case to the District Court and, among other things, reversed the District Court's dismissal of the Cui Appellants' motion to amend their complaint. Thus, the case is still in its pleading phase, and motion practice and discovery are still ongoing. More important, there is no indication that intervention of Non-Parties would cause any delay or prejudice the existing parties. Accordingly, Non-Parties respectfully suggest that their motion is timely under Tenth Circuit law. *See Clinton*, 255 F.3d at 1251 ("In view of the relatively early stage of the litigation and the lack of prejudice to plaintiffs flowing from the length of time between the initiation of the proceedings and the motion to intervene, we conclude the request for intervention is timely.")

**B.     Non-Parties Have A Strong Interest In This Matter.**

Non-Parties have a strong interest in protecting their investments in the limited partnership that is the subject of this proceeding, CRCPS, and making sure that their interests are heard in the context of Plaintiffs' fraud and misrepresentation claims arising from the limited partnership investments. In that regard, the Tenth Circuit has noted "that while 'the contours of the interest requirement have not been clearly defined,' in this circuit the interest must be 'direct, substantial, and legally protectable.'" *Clinton*, 255 F.3d at 1251 (citing *Coalition of Arizona/New Mexico Counties*, 100 F.3d at 840. In that regard, the inquiry is "highly fact-specific" as "the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently

6

concerned persons as is compatible with efficiency and due process." *Clinton*, 255 F.3d at 1251-1252 (quoting *Coalition of Arizona/New Mexico Counties*, 100 F.3d at 841.

In light of these principles, Non-Parties undoubtedly have a strong interest in the subject matter of this litigation given that they each invested $500,000 in the CRCPS. Non-Parties have an interest in the outcome and impact of any fraud claims asserted against CRCPS and the co-defendants, including whatever measures are taken to protect their investments. *Clinton*, 255 F.3d at 1252 ("The interest of the intervenor is not measured by the particular issue before the court but is instead measured by whether the interest the intervenor claims is *related to the property that is the subject of the action.*")

### C. The Proposed Intervenors' Interests May Be Impaired By This Lawsuit.

Rule 24(a)(2) also requires the intervenors to demonstrate that the disposition of this action may as a practical matter impair or impede their ability to protect their interest. In that regard, the Tenth Circuit has pointed out that "the question of impairment is not separate from the question of existence of an interest." *Clinton*, 255 F.3d at 1254 (citing *Natural Res. Def. Council v. United States Nuclear Regulatory Comm'n,* 578 F.2d 1341, 1345 (10th Cir. 1978)). Moreover, "[t]o satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal.'" *Clinton*, 255 F.3d at 1253 (quoting *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999)). Indeed, this element typically is satisfied provided there is not a clear alternative venue in which the proposed intervenor may pursue relief or defend its interests. *Clinton*, 255 F.3d at 1253 (explaining that the movant must show only that impairment of its interest is possible and the court's analysis "is not limited to consequences of a strictly legal nature" (citation omitted)).

Again, as noted above, Non-Parties have significant investments in CRCPS as limited partners, and those interests cannot be protected in some other forum or venue. Thus, in order to make sure the Non-Parties' limited partnership interests are adequately protected in this forum, it is important that they permitted to intervene in this action.

### D. Non-Parties' Interests Are Not Adequately Represented.

The U.S. Supreme Court has held that a prospective intervenor bears only a "minimal" burden to show that representation of its interests "may be" inadequate. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). Under Rule 24(a)(2), "[a]lthough an applicant for intervention as of right bears the burden of showing inadequate representation, that burden is the 'minimal' one of showing that representation 'may' be inadequate." *Clinton*, 255 F.3d at 1254 (quoting *Trbovich,* 404 U.S. at 538 n.10); *see also Coalition,* 100 F.3d at 844. Further, the possibility that the interests of the applicant and the parties may diverge "need not be great" in order to satisfy this minimal burden. *Natural Res. Def. Council v. United States Nuclear Reg. Comm'n,* 578 F.2d 1341, 1346 (10th Cir. 1978).

The Non-Parties meet this minimal burden as they have similar interests to those asserted by the named Plaintiffs, but they are not adequately represented as reflected by the need to file this opposition to the Li Plaintiffs' Motion for Attorney Fees. Accordingly, intervention is appropriate. This Court therefore should grant the Non-Parties' motion to intervene as of right.

### II. IN THE ALTERNATIVE, THE COURT SHOULD GRANT PERMISSIVE INTERVENTION.

The Non-Parties alternatively request permissive intervention. Under Rule 24(b), permissive intervention is available at the trial court's discretion when an applicant "has a claim or defense that shares with the main action a common question of law or fact," F.R.C.P.

24(b)(1)(B) and the applicant's intervention will not "unduly delay or prejudice the adjudication of the original parties' rights," F.R.C.P. 24(b)(3). The Non-Parties qualify for permissive intervention because, like Plaintiffs, they are limited partners in CRCPS who have an interest in protecting their limited partnership investments in CRCPS. Therefore, the Non-Parties will not inject extraneous matters into the case. The Non-Parties' participation also will not unduly delay this case or prejudice any existing party. As noted above, the Non-Parties are seeking intervention at an early stage of the litigation. Accordingly, the Non-Parties respectfully request permission to intervene so that they can defend their unique interests and provide additional perspective and expertise that will assist the Court in adjudicating the claims at issue.

### III.   LI PLAINTIFFS' MOTION FOR ATTORNEY FEES OF 15% FROM DISTRIBUTION SHOULD BE DENIED IN ITS ENTIRETY.

#### A. The Distribution Does Not Constitute, in Substance or Form, a Partial Settlement. To the Contrary, the Distribution Is Part of the Ordinary Course of the Business of the Partnership.

The distribution is part of the ordinary course of the business of the Partnership and is not part of a settlement agreement. (See Affidavit of Fang Li, ¶¶7-8). By the admission of counsel to the Li Plaintiffs, Fed. R. Civ. P. 23.1(c) provides that derivative actions cannot be settled or compromised without a court hearing. "The authority to approve a settlement of a class or derivative action is committed to the sound discretion of the trial court." *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (quoting *West Virginia v. Chas. Pfizer & Co.*, 314 F. Supp 710, 740). Since (a) there has not been a court hearing on any purported settlement, (b) neither the Li Plaintiffs, nor the Defendants, let alone both, have submitted any settlement proposal to the Court or the Limited Partners to review or approve any purported settlement proposal, the

only logical conclusion is that there has not been any settlement of the derivative action. As the Court is well aware of, it has no proposal of settlement to review or approve.

The Li Plaintiffs apparently argue that the $80,000 distribution was *de facto* part and parcel of a settlement between the Limited Partners, the General Partner and the Limited Partnership. A settlement, however, requires the meeting of minds of the parties to the settlement and the manifestation of an agreement which, among other things, release certain if not all claims against each other in consideration for settlement payments or other valuable considerations. When a settlement is evaluated, it must be found to be fairly and honestly negotiated. *Jones v. Nuclear Pharmacy,* 741 F.2d 322, 324. This factor was expanded upon in *Mohammed v. Ells,* finding that a settlement agreement was fair because it was "the result of arms-length negotiation after extensive discover and intelligent evaluation of the lawsuit by the parties and their capable counsel. *Mohammed* 2014 WL 42126867 (*quoting Maher v. Zapata Corp*. 714 F.2d 436). Additionally, a settlement must be memorialized by the trial court in writing or on the record, supported by "well-reasoned conclusions" and include an "evaluation of the facts [and] analysis of the law" *Protective Co Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 434.

Settlements in derivative actions exist to dispose of litigation and "are particularly favored because such litigation is 'notoriously difficult and unpredictable'" *Maher 714 F.2d 436, 455; quoting Schimmel v. Goldman*, 57 F.R.D. 481, 487. Settlements involve an exchange of interests that must be considered fair and reasonable in the judgment of all parties *Mohammed v. Ells*, 2014 WL 4212687. However, here, none of the Limited Partners, including the Li Plaintiffs, has in form or substance, released the General Partner or the Limited Partnership, from any legal

claims. The litigation continues.  However, the $80,000 distribution to each limited partner had already been made, not in consideration of any release of claims. Therefore, there has not been any exchange of interest requisite for the finding of a settlement.

### B. Counsel to Li Plaintiffs Is Not Entitled to Any Legal Fees from the Distribution, At Least Not Relative to the Distributions Made to the Limited Partners Who Are Not Li Plaintiffs.

The Li Plaintiffs, or here more specifically, counsel to the Li Plaintiffs, cannot unilaterally declare there has been a settlement, just because such declaration is convenient for the Counsel to the Li Plaintiffs, to wit, to collect legal fees (or to secure a better position to collect legal fees) from the bona fide distributions made by the Limited Partnership that it would have made anyway.

The legal work of counsel of Li Plaintiffs has not occasioned the distribution, as the funds distributed consist of the sales proceeds of the assets of the Partnership, to wit, the remaining apartment units. (See Affidavit of Fang Li, ¶¶7-9).

In addition, for counsel to the Li Plaintiffs to be entitled to any legal fees, it has to prove that its work brings benefits to the limited partners, such as through the improvement of the governance of the limited partnership, whether through a settlement or a verdict. To the contrary, the legal maneuvers by counsel for the Li Plaintiffs has only operated to delay the sales of the apartment units and the distribution of the $80,000 sales proceeds thereof. In addition, the sales of the apartment units would have occurred with or without any of the legal work performed by counsel to the Li Plaintiff.

Contrary to the assertions of the Li Plaintiffs, or probably more accurately, the assertions of counsel to Li Plaintiffs, the distribution of $80,000, as well as any similar distributions of the

11

sale proceeds of the apartment units in the future, was and will be made in the ordinary course of the business of the Limited Partnership.  Counsel to the Li Plaintiffs argues that CRCI will claim the distribution should be considered part of the settlement.  Claiming what CRCI "will surely argue" is nothing but mere speculation. (See Page 4, Plaintiff's Motion for Attorney Fees). Even if CRCI does claim the distribution should be considered part of the settlement, it does not make the distribution part of an as-yet-nonexistent-settlement in the eyes of the law.

### C. Since There Is No Settlement Payment Here, and Since Counsel to Li Plaintiffs Is Not Entitled to Any Portion of Such Distribution as Its Legal Fee, the Issue Whether Such Distribution Should Have Been Paid into Counsel's IOLTA Account Is Moot.

Counsel to the Li Plaintiffs is also inherently conflicted here in its brazen attempt to reach and/or divert the funds rightfully belong to its own clients, the Li Plaintiffs, let alone the funds of the rest of the Limited Partners.  To the extent that Li Plaintiffs are willing to pay their counsel 15% of the $80,000 distribution, or whatever amount of legal fee, the Non-Parties (Intervening Defendants) are disinterested except to alert the Court that there are apparent conflicts of interests between the Li Plaintiffs and their Counsel as the latter seeks such a payment or deposit of such amount into its IOLTA account. Such conflict is particularly pronounced since most of the Li Plaintiffs do not speak English and may be otherwise prevented from understanding such conflicts.  It is entirely possible that most of the Li Plaintiffs are not aware of the fact their counsel has filed the motion whereby it attempts to grab 15% of their past and future distribution from the Limited Partnership, let alone consent to the filing of this motion in their name.

It is within the domain of the power and authorities and the business judgment of the General Partner to sell or otherwise monetize the remaining apartment units and distribute the

12

proceeds thereof the Limited Partners, as the General Partner did via the distribution of $80,000 to each limited partner. (Partnership Agreement Article VIII ¬ß8.01(2), (3)).

It is also part of the fiduciary duties of the General Partner to the Limited Partnership and the Limited Partners to sell or otherwise monetize the remaining apartment units and distribute the proceeds thereof to the Limited Partners, as the General Partner did via the distribution of $80,000 to each limited partner. (Partnership Agreement Article VIII ¬ß8.06).

For the General Partner not to make such sales and distributions, or to comply with the wishes of the Li Plaintiffs, or to be more accurate, the wishes of the Counsel of the Li Plaintiffs to divert 15% or so of any past and future distribution of the sale proceeds of the apartment units to the IOLTA accounts of the Counsel of the Li Plaintiffs, will be a breach of the fiduciary duty of the General Partner as the General Partner would effectively put no less than 1.8 million dollars of funds that rightfully belong to all the Limited Partners into the hands of someone who (a) although purportedly representing the best interests of all Limited Partners, has done everything to frustrate the desires of the Limited Partners for orderly exits from the Limited Partnership in his own reckless pursuits of millions of dollars of legal fees, and (b) has a rather checkered history in personal finance with not one but two personal bankruptcy filings under his own name, including one as recent as January 2018.

Counsel to the Li Plaintiffs cites the Trust Account Manual to support its claim for 15% of the distribution to be deposited into its IOLA account while conveniently neglecting that even if there has been a settlement, the Manual only applies to the situation in which the lawyer "has a contingency fee agreement with the client."  Counsel to Li Plaintiff did not and does not have a contingency fee agreement with Non-Party Limited Partners.

## CONCLUSION

WHEREFORE, it is respectfully requested that the Court grant this Cross-Motion to Intervene, permit Non-Parties to intervene in this proceeding pursuant to F.R.C.P. 24, and deny Plaintiffs motion in its entirety, along with such other and further relief this Court deems just and proper.

Dated October 7, 2022.

                                            Respectfully submitted,

                                            **GAWANDE LAW LLC**

By: _____
      Sumeeta Gawande, Esq., #: 47524
      Local Counsel for Non-Parties

**LIU, CHEN & HOFFMAN, LLP**

By: /s/ Carlos M. Carvajal
      Carlos M. Carvajal, Esq.
      Lead Counsel for Non-Parties

## CERTIFICATE OF SERVICE

I certify that on October 7, 2022 a true and accurate copy of this **CROSS-MOTION TO INTERVENE and OPPOSITION TO LI PLAINTIFFS' MOTION FOR ATTORNEY FEES** was served electronically on all counsel of record via ECF.

                                            /s/ Sumeeta Gawande
                                            Sumeeta Gawande