| | |
|---|---|
| DISTRICT COURT, DENVER, COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: September 19, 2022 11:44 AM<br>CASE NUMBER: 2022CV30877 |
| **Plaintiff: QUINFANG YU**.<br><br>v.<br><br>**Defendant: COLORADO REGIONAL CENTER PROJECT** | ▲ COURT USE ONLY ▲<br><br>Case Number(s): 2022CV30877<br>Courtroom: 280 |
| **ORDER RE: MOTION TO INTERVENE** | |

This matter is before the Court on a Motion To Intervene and Plaintiff's Motion For Reconsideration of the Court's Order Granting Motion to Intervene. Based on the pleading, arguments of counsel, the case record, and applicable law and authority, the Court finds and concludes as follows:

## I. Background

This case concerns a judicial dissolution proceeding brought by Plaintiff Qinfang Yu ("Plaintiff") against Defendant Colorado Regional Center Project Solaris LLLP ("CRCPS"). As more fully set forth in Plaintiff's Complaint for Judicial Dissolution, CRCPS is a Colorado limited liability limited partnership that was formed more than a decade ago when Plaintiff and another 164 limited partners each invested $500,000 in CRCPS. The Limited Liability Limited Partnership Agreement designated Colorado Regional Center I LLC ("CRC") as the general partner. The Intervenors ("Intervenors") are all limited partners in CRCPS, each having invested $500,000 in CRCPS. Plaintiff seeks dissolution of CRCPS under Colorado law, namely Colo. Rev. Stat. § 7-62-802. Plaintiff cites four factors in support of its requests for judicial dissolution, all of which are outlined in his complaint. Compl. at ¶¶ 51-91.  As limited partners, the Intervenors aver they

have a vested interest in the subject matter of this proceeding and seek to intervene pursuant to C.R.C.P. 24.

## II. Standard of Review

C.R.C.P. 24(a)(2) provides:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) When a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Generally, intervention as of right is a fact-specific determination. *Cherokee Metro. Dist. v. Meridian Serv. Metro. Dist.*, 266 P.3d 401 (Colo. 2011). "Rule 24 should be liberally interpreted to allow, whenever possible and compatible with efficiency and due process, issues related to the same transaction to be resolved in the same lawsuit and at the trial court level." *Feigin v. Alexa Grp., Ltd.*, 19 P.3d 23, 26 (Colo. 2001). A party who timely files a motion for intervention may intervene as a matter of right if: "(1) the applicant claims an interest in the subject matter of the litigation; (2) the disposition of the case may impede or impair the applicant's ability to protect that interest; and (3) the interest is not adequately represented by existing parties." C.R.C.P. 24(a); *Feigin*, 19 P.3d at 26.

## III. Analysis

### A. The motion was timely filed.

Plaintiff does not contest the timeliness of the Motion; the Court finds that the motion was timely filed. The complaint in this matter was filed in March of 2022 and is in the early stages of litigation. Discovery has not begun, and no trial date has been set.

### B. Intervenors have an interest relating to the property.

Plaintiff's counsel makes much of the fact that this is an $82 million investment that involves 165 limited partners, and each invested the sum of $500,000 for their interests. Notably, Plaintiff is but one investor, who invested $500,000, and the Intervenors comprise 31 investors who have invested $15,500,000 in the partnership. Specifically, the Plaintiff and Intervenors are

all parties to the same Limited Liability Partnership Agreement ("LPA") of the Defendant, CRCPS. Compl. at ¶ 8. The LPA appointed Colorado Regional Center I LLC (CRCI") as the general partner of CRCPS. Id. ¶ 9. The LPA controls annual compensation for the general partner, the duties and responsibilities of the general partner, and process for removal of the general partner. Compl.at ¶¶ 9-12. The LPA also sets forth the overall loan agreement and process to collateralize the loans. Compl. at ¶¶ 13-18. Disputes have arisen between the parties concerning return of principal and interest, general partner compensation, as well as actions taken by the general partner relative to the loan and units in the Solaris condominium project. Compl. at ¶¶ 18- 50.

Intervenors argue that they are entitled to intervene as of right because they claim an interest relating to the property that is the subject to the action, the disposition of the action may impair or impede her ability to protect their respective investments, and the parties in the case will not adequately represent her interests. Plaintiff contests Intervenor's right to intervene in this proceeding, asserts that Intervenors must align themselves with Plaintiff or Defendant, and that the Court committed error by granting intervention without providing a fact-based determination[1].

The Court finds that Plaintiff and the Intervenors are all limited partners in the same investment vehicle and that an order of dissolution will impact all the parties. Plaintiff seeks an order placing all CRCPS assets into a constructive trust and the appointment of a neutral manager to collect and liquidate all assets, perform an accounting, and provide "full and fair information" to the partners. Such actions, will forever change the corporate structure, result in costs and expenses for all the limited partners, and insert a new party into the operation of the investment. Such action will necessarily impair or impede the Intervenor's interests to the extent their strategies, methodologies and philosophies concerning CRCPS are not consonant.

### C. The Intervenors' Interests Are Not Adequately Represented By Plaintiff

As more fully evidenced on the record, and based on statements of counsel for Intervenors, the Intervenors do not appear interested in dissolution and, quite possibly, may support the general partner. As such, Plaintiff will not adequately represent the Intervenor's position and a failure to allow intervention may impair or impede the Intervenor's ability to protect their

---

[1] As the Court disclosed to the parties during hearing, the undersigned was in the middle of a multi-week jury trial when my father died in Chicago. I suspended the trial, attended the funeral, and entered an interim order allowing intervention to properly posture this matter for motion practice and trial.

interests. Contrary to Plaintiff's assertions, the Intervenor's are not required to align themselves with one side or the other side. Rather, the Intervenors may take positions in this action that is contrary to either party or align themselves with different parties on different issues, depending on the issue before the court.

## Conclusion

For the foregoing reasons, the Court finds and concludes that intervention of right pursuant to C.R.C.P. 24(a)(2) is appropriate and Intervenors' Motion To Intervene is Granted.

Dated this 19th day of September 2022, nunc pro tunc September 2, 2022.

BY THE COURT:

_____

David H. Goldberg
Denver District Court Judge