# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443
Consolidated with Civil Action No. 19-cv-02637

Hon. Judge Raymond P. Moore

Hon. Magistrate Judge Scott T. Varholak

**Derivatively:**
HSIN-YI WU, and QI QIN,
IN THEIR CAPACITY AS LIMITED PARTNERS OF COLORADO REGIONAL CENTER
PROJECT SOLARIS LLLP,

     Plaintiffs

v.

COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

     Nominal Defendant,

and

**Directly:**
HSIN-YI WU, JUN LI, QI QIN, YI LIU, JIE YANG, YUQUAN NI, ZHONGZAO SHI, FANG
SHENG, SHUNLI SHAO, KAIYUAN WU, ZHIJIAN WU, ZHONGWEI LI, SA WU, FAN
ZHANG, LIN QIAO, JINGE HU, RUJUN LIU,YING XU, LU LI, CAO XIAOLONG,
and YUWEI DONG,

     Plaintiffs,

v.

COLORADO REGIONAL CENTER LLC, COLORADO REGIONAL CENTER I, LLC,
SOLARIS PROPERTY OWNER LLC, SOLARIS PROPERTY OWNER I LLC, PETER
KNOBEL, and COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP, and
ALL PRINCIPALS AND ULTIMATE OWNERS OF BUSINESS ENTITIES PURSUANT TO
PIERCING OF THE LIMITED LIABILITY VEIL,

     Defendants.

Civil Action No. 19-cv-02637-RM-STV ("Cui Plaintiffs")

DIANWEN CUI, LEI GU, SUFEN LENG, XUE MEI, ZHOU MEI, YAN SONG, LU WANG, YUE WU, ZHUO YANG, JINGWEN ZHANG, LEI ZHANG, LING ZHANG, XIAOHONG ZHANG, QIN ZHOU, XUN ZHU, and CHUNYI ZOU,

Plaintiffs,

v.

WAVELAND VENTURES LLC, COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP, COLORADO REGIONAL CENTER I, LLC, SOLARIS PROPERTY OWNER LLC, SOLARIS PROPERTY OWNER I, and PETER KNOBEL,

Defendants.

---

## AFFIDAVIT OF FANG LI

FANG LI, being duly sworn, deposes and says under penalty of perjury:

1. I am one of the 31 moving Non-Party "Intervening Defendants", and as such I am personally familiar with the facts stated herein.

2. I submit this Affidavit in opposition to the motion by the Li Plaintiffs for Attorney fees of 15% From Distribution Made to Limited Partners, and in support of the cross-motion to allow the Intervention of the 31 moving Limited Partners.

## **CROSS-MOTION**

3. Defendant, Colorado Regional Center Project Solaris LLLP ("CRCPS") is a Colorado limited liability limited partnership that was formed more than 10 years ago when 165

limited partners each invested $500,000 for the purpose of developing apartment units in Vail, Colorado. Defendant Colorado Regional Center I LLC was designated as the General Partner of CRCPS. The Complaints were filed by a fraction of the Limited Partners, who assert a variety of fraud, misrepresentation, and securities fraud claims against CRCPS and the co-defendants.

4. Here, the moving "Intervening Defendants" are also Limited Partners in CRCPS, each also having invested $500,000 in CRCPS.

5. As set forth in more detail in the underlying Complaints, the claims pertain to the Limited Partnership investments made by both Plaintiffs and the other Limited Partners.

6. As Limited Partners, the 31 "Intervening Defendants" have a vested interest in the subject matter of this proceeding, and thus now seek to intervene pursuant to F.R.C.P. 24, as set forth in further detail in the accompanying motion.

## OPPOSITION TO MOTION

7. The Li Plaintiffs apparently argue that the recently made $80,000 distribution was *de facto* part and parcel of a settlement between the Limited Partners, the General Partner and the Limited Partnership. However, no such settlement has taken place.

8. Contrary to the assertions of the Li Plaintiffs, or probably more accurately, the assertions of counsel to Li Plaintiffs, the distribution of $80,000, as well as any similar distributions in the future, was and is in the ordinary course of the business of the Limited Partnership, as the funds originated from the sale proceeds of the only assets of the Limited Partnership, to wit, the apartment units located in Vail, Colorado.

9. The distribution was not anyhow "occasioned" by the legal work of counsel to the Li Plaintiffs.

10. This is particularly concerning since many of the Li Plaintiffs do not speak English and may otherwise not understand the distinction between a settlement or distribution.

11. If the Li Plaintiffs are willing to pay their counsel 15% of the $80,000 distribution, or whatever amount as a legal fee, that should be between them and not impact the remaining Limited Partners in any way shape or form.

12. If the General Partner were to comply with the wishes of the Li Plaintiffs' counsel by diverting 15% the distribution as legal fees, that would put over approximately $1.8 million  dollars of funds that rightfully belongs to the Limited Partners into the hands of Li Plaintiffs' counsel, who I understand has filed personal bankruptcy more than once.

13. Li Plaintiff's counsel does not represent the best interests of all Limited Partners. To the contrary, he has done everything to frustrate the desires of the remaining Limited Partners for orderly exits from the Limited Partnership in his reckless pursuits of millions of dollars in legal fees.

14. The Intervening Defendants, and likely all other Limited Partners, desire and support the disposition of the remaining apartment units and the distribution of the sale proceeds as soon as practicable.   Such disposition and distribution will enable the Limited

Partners to exit from their EB-5 investments after so many years as we have met the requirements under the relevant rules and regulations applicable to their immigration petitions.

      WHEREFORE, the Intervening Defendants request an Order denying the Li Plaintiffs' Motion for Attorney fees of 15% From Distribution Made to Limited Partners and granting their Cross-Motion for Intervention in its entirety, along with such other and further relief as this Court deems just and proper.

Name: Fang LI

Sworn to before me this
Day of October, 2022

NOTARY PUBLIC

CHAMROEUN TRY
COMM. #2341262
NOTARY PUBLIC • CALIFORNIA
ALAMEDA COUNTY
Commission Expires JANUARY 12, 2025