IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02443-RM-STV
Consolidated with Civil Action No. 1:19-cv-02637

Jun Li, *et al.*,

    Plaintiffs,

v.

Waveland Ventures, LLC, *et al.*,

    Defendants.

## CRC DEFENDANTS' RESPONSE TO THE LI PLAINTIFFS' MOTION FOR ATTORNEY FEES [ECF 456]

Defendants Waveland Ventures, LLC, Colorado Regional Center, LLC, and Colorado Regional Center I, LLC (collectively, the "CRC Defendants"), through undersigned counsel, respectfully submit this Response to the Li Plaintiffs' Motion for Attorney Fees [ECF 456] ("Li Fee Motion"). In support thereof, the CRC Defendants state as follows:

### ARGUMENT

CRCPS is a Colorado limited liability limited partnership that owns condominium units in Vail, Colorado. As it has sold units, CRCPS, through its general partner Colorado Regional Center I ("CRC I") has made distributions to the limited partners. Distributions have occurred before this lawsuit was filed and during the course of this proceeding.[1] And as CRCPS sells the remaining units it will make additional distributions to limited partners – exactly as contemplated

---

[1] As non-plaintiff limited partners of CRCPS have pointed out, the legal maneuvering of counsel to the Li Plaintiffs has operated to delay the sale of units and distributions to limited partners [ECF458, p. 11]. CRCPS has nevertheless proceeded to market and sell units and make distributions

4875-8551-9927

in the CRCPS limited liability limited partnership agreement. In December 2021, CRC I transparently advised all CRCPS limited partners of its intention to make distributions to limited partners based on the sale of six units. [ECF 456-1]. CRCPS proceeded to make those distributions.

About ten months later, counsel for Li Plaintiffs filed the Li Fee Motion [ECF 456], arguing that counsel for the Li Plaintiffs is entitled to a contingency fee of 15% of all distributions that were made to *all* CRCPS limited partners. Counsel for Li Plaintiffs justifies this demand by insisting that there was some kind of "settlement" of derivative claims for relief that required court approval under Fed. R. Civ. P. 23.1(c) and that counsel's legal work in this case has somehow benefitted all limited partners such that he is entitled to 15% of all distributions that were made to the limited partners. [ECF 456].

The premise of counsel for Li Plaintiffs' motion is that there has been some kind of settlement of claims asserted in this matter. This premise is completely false, as counsel for Li Plaintiffs is well aware. There has simply been no settlement or compromise of anything. Counsel for Li Plaintiffs' insistence to the contrary is a blatant and improper effort to obtain a monetary benefit for himself – to the obvious detriment of his own clients and the many other limited partners of CRCPS who disapprove of everything he has done to thwart the operations of CRCPS. [ECF 458].

Counsel for Li Plaintiffs, in seeking money for himself, now criticizes CRC I for making contractually required distributions to CRCPS limited partners without obtaining court approval under Fed. R. Civ. P. 23.1. But Fed. R. Civ. P. 23.1 provides: "A derivative action may be settled, voluntarily dismissed or compromised only with the court's approval. Notice of a

2

4875-8551-9927

proposed settlement, voluntary dismissal or compromise must be given to shareholders or other members in the manner that the court orders." The rationale for the notice and court approval process of Fed. R. Civ. P. 23.1 dismissals or compromises is to discourage the private settlement of a derivative claim under which a shareholder-plaintiff and attorney personally profit to the exclusion of the corporation and other shareholders. *See PGH Inv., L.P. v. Colorado Realty Group, LLC*, Civ. Action 11-cv-02489-CMA-CBS, 2013 Westlaw 1876754 at *3 (D. Colo., May 3, 2013) at * 3.

Neither Fed. R. Civ. P. 23.1 nor its rationale have anything to do with the situation at hand. This rule obviously does not apply where, as here, there has been no settlement, voluntary dismissal or compromise. Indeed, counsel for Li Plaintiffs cites no evidence whatsoever in support of his contention that CRCPS and the CRC Defendants "settled" this matter by paying CRCPS limited partners distributions that CRCPS was contractually required to pay. There is no such evidence.

Finally, even if counsel for Li Plaintiffs is somehow correct that the Court must approve normal course distributions to CRCPS limited partners, it does not follow that the Court can or should issue an order awarding counsel for Li Plaintiffs anything. By counsel for Li Plaintiffs' reasoning, if he is entitled to 15% of each distribution that went to a CRCPS limited partner, that payment would of course have to come from the limited partners who received the distributions– both his own clients and all other CRCPS limited partners. Again, counsel for Li Plaintiffs cites no law in support of his legally incorrect and seriously conflicted demand.

The CRC Defendants respectfully ask the Court to summarily deny the Li Fee Motion [ECF 456]. If the Court is inclined to entertain the demand of counsel for Li Plaintiffs, the CRC

3

4875-8551-9927

Defendants request the Court to establish a notice and approval process, as required by Fed. R. Civ. P. 23.1, and an evidentiary hearing.

DATED: October 13, 2022

/s/ James Kilroy
James Kilroy
Stephanie A. Kanan
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
Email: jkilroy@swlaw.com
Email: skanan@swlaw.com

*Counsel for Defendants Waveland Ventures, LLC, Colorado Regional Center, LLC, and Colorado Regional Center I, LLC*

4

4875-8551-9927

## CERTIFICATE OF SERVICE

This is to certify that on October 13, 2022, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660

Harold A. Haddon
Ty Gee
Christopher P. Montville
Haddon Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO  80203

                                                    */s/Amy Kovarsky*
                                                    for Snell & Wilmer L.L.P.