# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.
        Plaintiffs,

                                        Hon. Judge Moore
       v.                              Hon. Magistrate Varholak

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.
        Defendants.


### Li Plaintiffs' Motion to Strike Fees Awarded to SPO Defendants at Dkt 413 pursuant to the Tenth Circuit Supplemental Mandate and Fed. R. Civ. P. 60(6)

*Statement of Conferral under Local Rule 7.1(a): The Li Plaintiffs conferred with opposing counsel on this motion. The SPO Defendants oppose the relief sought. The CRC Defendants have no stance on the relief sought. The Cui Plaintiffs will seek the same relief sought by the Li Plaintiffs in this Motion.*

\

1

# **TABLE OF CONTENTS**

1. The Tenth Circuit's Supplemental Mandate denied appellate attorney fees on the same arguments that this Court accepted to grant attorney fees at Dkt 413, thereby *sub rosa* overruling Dkt 413, so this Court should strike the fees awarded under Dkt 413 pursuant to the Supplemental Mandate and/or Fed. R. Civ. P. 60(6)..................................................................................................................1

2. Under the *Erie* doctrine, "prevailing party" status under the Loan Agreement is a question of substantive state law (not federal law as this Court wrongly analogized). Under the Colorado law of contracts, neither defendant Knobel nor defendant SPOI was a "prevailing party" under the Loan Agreement ........................................................ 2

    A.    Colorado law limits "prevailing party" status to the named parties in a contract, so defendant Peter Knobel (a non-party to the Loan Agreement) could not be a "prevailing party" under it................................. 3

    B.    SPOI cannot be a "prevailing party" under the Loan Agreement because Colorado law holds that "prevailing party" status in a contract can only be determined *after* a decision on the merits as to liability – at the end of the litigation................................................. 4

    C.    Dismissal of the Loan Agreement claim without prejudice due to lack of subject matter jurisdiction does not bestow "prevailing party" status on SPOI and cannot trigger a contractual fee-shifting provision under Colorado law ........................................................ 5

3. This Court erred by fee-shifting in favor of defendant Knobel under §13-17-201 since the two claims against him dismissed under Rule 12(b) were not a "tort action" ................................................. 6

4. The recent amendment to §13-17-201 obviates the attorney fees awarded to the SPO Defendants in Dkt 413............................................... 9

  Conclusion ....................................................................................................................... 10

..

\

The Li Plaintiffs hereby move that the fees awarded under Dkt 413 be stricken pursuant to the Tenth Circuit Supplemental Mandate and the power of this Court to amend its judgments per Fed. R. Civ. P. 60(b)(6). For their motion, the Li Plaintiffs state as follows:

1. **The Tenth Circuit's Supplemental Mandate denied appellate attorney fees on the same arguments that this Court accepted to grant attorney fees at Dkt 413, thereby *sub rosa* overruling Dkt 413, so this court should strike the fees awarded under Dkt 413 pursuant to the Supplemental Mandate and/or Fed. R. Civ. P. 60(6).**

The Tenth Circuit's Supplemental Mandate denied the SPO Defendants' motion for appellate attorney fees, after considering their arguments on the merits:

> Upon consideration of the motion, the Appellants' responses, and the SPO Defendants' reply, we deny the motion on the ground that the SPO Defendants have not made a sufficient showing to warrant a fee award for this appeal. [Supplemental Mandate at Dkt 463-464].

The Tenth Circuit was unmoved by the SPO Defendants' arguments that they were the "prevailing party" under the Loan Agreement, and that the claims against Knobel dismissed under Rule 12(b) were "torts" that triggered fee shifting under Colo. Rev. Stat. §13-17-201. These were the exact same arguments accepted by this Court to award attorney fees to the SPO Defendants at Dkt 413. This has implications on remand: if the Tenth Circuit was (rightly) unconvinced by these arguments, this Court should strike its reliance on the same arguments which led to its award of fees (Dkt 413). This can be justified in furtherance of the Supplemental Mandate or under Fed. R. Civ. P. 60(6) which authorizes relief from a judgment for any reason.

\
1

**2. Under the *Erie* doctrine, "prevailing party" status under the Loan Agreement is a question of substantive state law (not federal law as this Court wrongly analogized). Under the Colorado law of contracts, neither defendant Knobel nor defendant SPOI was a "prevailing party" under the Loan Agreement.**

Under the *Erie* doctrine, a federal court must decide questions of federal law and procedure by looking to federal law, and it must decide questions of substantive state law by looking to state law. There was confusion here between the term "prevailing party" as used in federal law and "prevailing party" as it is used in substantive state law, such as the law of contract interpretation which governs the Loan Agreement. Federal law governs the use of the term "prevailing party" in 42 U.S.C. §1988, 15 U.S.C. §1117, and Fed. R. Civ. P. 54(d); under these federal laws, the term "prevailing party" is typically defined broadly to include a who brought about (or resisted) some alternation in the rights of the parties. This is a matter of federal law.

But "prevailing party" status under a contract (here, under a Loan Agreement) is determined by substantive state law, in this case the Colorado law of contract interpretation. *North Texas Prod. Credit Ass'n v. McCurtain Cnty. Nat. Bank*, 222 F.3d 800, 817 (10th Cir. 2000)("the matter of attorney fees is a substantive legal issue and is therefore controlled by state law"); *Ward v. Siebel Living Tr.*, 449 F. App'x 747, 750 (10th Cir. 2011)(prevailing party determination of a contractual attorney fees provision is governed by Colorado substantive law).

This Court's decision at Dkt 413 used federal law to determine the state law question of when a party "prevails" under a contractual fee-shifting provision. The court relied on *Allen v. Lang*, 738 Fed. App'x. 934 (10th Cir. 2018) to decide state law interpretation of a contract, when *Allen* did not involve a contract in the first place, let alone a contractual provision for fee-shifting of the type before the Court. Under the *Erie* doctrine, this Court should have looked to Colorado law of contract interpretation to determine "prevailing party" status under the Loan Agreement,

\

2

not to federal law. When Colorado cases on contract interpretation are used as our guide, there is no way that the SPO Defendants can the "prevailing party" under the Loan Agreement.

> **A. Colorado law limits "prevailing party" status to the named parties in a contract, so defendant Peter Knobel (a non-party to the Loan Agreement) could not be a "prevailing party" under it.**

"Prevailing party" status in a contractual fee-shifting provision is limited to the parties to the contract. Colorado law rejects the notion of a 'third party beneficiary' or 'indirect beneficiary' of a prevailing party provision unless that person is expressly named in the contract itself, which is not the case here. Knobel is nowhere named in the Loan Agreement, and the prevailing party provision contains no language benefitting any party other than the named parties to the agreement who are SPOI and CRCPS. Colorado law is crystal clear that a non-party such as Knobel cannot be a "prevailing party" under a contract to which he is not a party:

> *Ward v. Siebel Living Tr.,* 449 F. App'x. 747, 752 (10th Cir. 2011)("In summary we conclude that, under Colorado law, "prevailing party" in the fee-shifting provision at issue means the party that prevails as between the parties to that contract, not in the context of the litigation as a whole.")
>
> *Parker v. Center for Creative Leadership,* 15 P.3d 297, 299 (Colo. App. 2000)(contractual fee-shifting provision for "any party" is limited to the contracting parties).
>
> *Harwig v. Downey*, 56 P.3d 1220, 1222 (Colo. App. 2002)(prevailing party provision in favor of "any party" does not apply to third parties but only to parties named in the contract).
>
> *Regency Realty Invs., LLC v. Cleary Fire Prot., Inc*., 260 P.3d 1, 7 (Colo. App. 2009)(an executive of a company is not the beneficiary of a prevailing party provision by virtue of having an indemnity agreement with the company).

Only SPOI, as a party to the Loan Agreement, can possibly be a "prevailing party" – but since "prevailing party" status is determined under Colorado law only *after* a decision or verdict on the

\

3

merits of liability, there is currently no prevailing party under the Loan Agreement.

> **B.   SPOI cannot be a "prevailing party" under the Loan Agreement because Colorado law holds that prevailing party status in a contract can only be determined *after* a decision on the merits as to liability – at the end of the litigation.**

The "prevailing party" in a contractual fee-shifting provision is the one who receives a decision or verdict on the merits of liability, that is, who receives a judgment that the contract was breached or a judgment that the contract wasn't breached. That has not happened yet, so there is no prevailing party at this time. This is black letter law:

> *Dennis I. Spencer Contractor, Inc. v. City of Aurora*, 884 P.2d 326, 329 n.7 (Colo. 1994)("In light of the approaches taken by other jurisdictions in determining who is the prevailing party, we now hold that, where a claim exists for a violation of a contractual obligation, the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of awarding attorney fees.")
>
> *W. Stone & Metal Corp. v. DIG HP1, LLC*, 465 P.3d 105, 107 (Colo. App. 2020)("the Colorado Supreme Court has furnished a test for when the contract awards fees and costs to the "prevailing party" but does not define the term for purposes of the contract. . . The test provides that, for purposes of attorney fees, the prevailing party is the one who received a favorable ruling on the question of liability.")
>
> *23 LTD v. Herman*, 457 P.3d 754, 762 (Colo. App. 2019)("where a claim exists for violation of a contractual obligation, the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of awarding attorney fees.")
>
> *S. Foodservice, Inc. v. Shamrock Foods Co.*, 246 F. App'x 570, 579–80 (10th Cir. 2007)(neither party "prevailed" under a contractual fee-shifting provision in a contract since there was no grant of injunctive relief or finding on liability).

This does not mean the SPO Defendants are *forever* barred from recovering attorney fees under the Loan Agreement. They might get these fees in the Denver County case now hearing the breach

\
4

of Loan Agreement dispute (Case No. 21-cv-32918 Denver County), but that will have to wait until the state court decision or verdict on liability. The award of fees to SPOI as a prevailing party at Dkt 413 was premature under Colorado law.

      **C.**    **Dismissal of the Loan Agreement claim without prejudice due to lack of subject matter jurisdiction does not bestow "prevailing party" status on SPOI and cannot trigger a contractual fee-shifting provision under Colorado law.**

Dismissal of a breach of contract claim without prejudice for lack of subject matter jurisdiction doesn't constitute a decision or verdict on the merits of liability: it simply allows the claim to be re-filed in another court and pushes the verdict into the future. This was explained by a federal court in California construing the exact same situation as that before this Court:

> Indeed, the Court's conclusion that subject matter jurisdiction was lacking expressly precluded the Court from making any findings with respect to the merits of the underlying action, including Plaintiff's breach of contract claim. . . Further, this Court's dismissal for lack of subject matter jurisdiction in *federal court* did not foreclose the possibility that Plaintiff could pursue its contract claims in *state court*. Thus, it remains to be seen which entity is the "prevailing party" on Plaintiff's contract action.

*Idea Place Corp. v. Fried*, 390 F. Supp. 2d 903, 905 (N.D. Cal. 2005). This is exactly what happened here. In March 2021 this Court upheld the Li Plaintiffs' claim that SPOI breached the Loan Agreement. Then in June 2021 it dismissed this claim without prejudice by declining to exercise supplemental jurisdiction. The Li Plaintiffs immediately re-filed the breach of Loan Agreement claim in Colorado State court where it is ongoing and will eventually reach the issue of liability. It remains to be seen who is the prevailing party in this litigation. This is black letter law:

\
5

> *GHK Expl. Co. v. Tenneco Oil Co.*, 857 F.2d 1388, 1392 (10th Cir. 1988)(dismissal for lack of subject matter jurisdiction does not make the defendant a "prevailing party" in suit on account stated, since "prevailing party" status requires a "decision on the merits").
>
> *DisputeSuite.com, LLC v. Scoreinc.com*, 391 P.3d 1181, 1185 (Cal. 2017)("prevailing party" provision in a contract is not triggered by transfer of case from one state to another since that is not a decision on the merits as to liability).
>
> *Curo Enterprises, LLC v. Dunes Residential Servs., Inc.*, 342 P.3d 948, 956 (Kan. App. 2015)(the prevailing party under a contract provision is decided "at the conclusion of the entire case.")
>
> *McKnight v. 12th & Div. Prop., LLC*, 709 F. Supp. 2d 653, 656 (M.D. Tenn. 2010)(defendant wasn't "prevailing party" under a fee-shifting provision because the same contract claims could "be immediately re-filed" so it does not constitute a decision on the merits).
>
> *Ffrench v. Ffrench*, 418 F. Supp. 3d 1186, 1190 (S.D. Fla 2019)("Brian is still free to refile his action in Florida state court. Thus at this stage of the proceedings, the legal relationship between the parties has not changed whatsoever.")

In the state court action SPOI may earn "prevailing party" fees under the Loan Agreement, but the question is premature now, and was surely premature at the time of Dkt 413.

### 3. This Court erred by fee-shifting in favor of defendant Knobel under §13-17-201 since the two claims against him dismissed under Rule 12(b) were not torts.

The Colorado fee-shifting statute permits fee shifting only in "tort actions" that are "dismissed under Rule 12(b)". Only two claims by the Li Plaintiffs against the SPO Defendants were dismissed under Rule 12(b): statutory civil theft against defendant Knobel under §18-4-405 and violation of the Colorado Securities Act (CSA) against defendant Knobel under §11-51-501.

For some unexplained reason, the Court framed its analysis (Dkt 413: 13-14) by considering

\
6

a voluntarily withdrawn fraud claim that wasn't dismissed under Rule 12(b), which it later admitted (see Dkt 413: 20 and Dkt 413: 14n27), and which could never form the basis of fee-shifting under the statute. *Houdek v. Mobil Oil Corp.*, 879 P.2d 417, 425 (Colo. App. 1994)("§13-17-201 allows a plaintiff to escape liability for attorney fees by seeking a voluntary dismissal"). Indeed, voluntary withdrawal of the fraud claim demonstrates that the Li Plaintiffs were trying to *eliminate* any potential tort claims prior to the Court's ruling on 12(b), an inference that the Court did not give the Li Plaintiffs.

The Court held then that §18-4-405 sounded in tort without citing the 2019 ruling of the Colorado Supreme Court that, "We need not resolve today whether a claim for civil theft under section 18-4-405 is a claim sounding in tort." *Bermel v. BlueRadios, Inc*. 440 P.3d 1150, 1157 (Colo. 2019). But when the highest court of the state says the claim is not a tort, this Court is bound to follow it under the *Erie* doctrine.

The Court then held that §11-51-501 sounded in tort claim despite the 2020 statement from the District of Colorado in an unreported case that "No Colorado court has determined whether these statutory claims [under the Colorado Securities Act] are torts." *Estate of Bogue v. Adams*, No. 18-cv-01425-DDD-MEH, 2020 WL 13076908 *3 (D. Colo. Feb. 10, 2020). In other words, the Colorado Supreme Court has never proclaimed that §11-51-501 sounds in tort, so the best that a court can do is take a guess how the Colorado Supreme Court might (or might not) rule, which is hardly a solid basis for awarding hundreds of thousands of dollars in legal fees.

The Colorado Supreme Court says, "it is the legislature's intention that Colorado securities law be coordinated with federal securities law," *Cagle v. Mathers Family Trust*, 295 P.3d 460, 467 (Colo. 2013). This counsels against §11-51-501 (Colorado's antifraud statute) being classified as a tort because Rule 10b-5 (the federal antifraud statute) doesn't sound in tort. *Dura Pharma. Inc.*

7

*v. Broudo*, 544 U.S. 336, 341-2 (2005)(federal securities claims don't sound in tort); *Herman & MacLean v. Huddleston*, 459 U.S. 375, 388–89 (1983)("the antifraud provisions of the securities laws are not coextensive with common law [tort] doctrines of fraud"); *Wenzel v. Patrick Petroleum Co.*, 745 F. Supp. 211, 214 (D. Del. 1990)(federal securities claims are not tort claims).

It is obvious to any onlooker that neither claim dismissed under Rule 12(b) was a traditionally recognized tort such as negligence, interference with contract, defamation, or any 'business tort' but was instead two statutory violations, but not every violation of a statute is a tort. *JW Construction Co. v. Elliott*, 253 P.3d 1265, 1270 (Colo. App. 2011)("the violation of a statute in itself does not constitute a tort").  The Li Plaintiffs never alleged any recognizable torts, and their characterization of their claims is controlling. *Robinson v. Colorado State Lottery Div.*, 179 P.3d 998, 1008 (Colo. 2008)("for the purposes of §13-17-201 courts must rely on plaintiff's characterization of the claims"). The Court had to engage in mental gymnastics to squeeze a "tort action" out of two statutory claims that have never been deemed torts, which it couldn't do without considering a withdrawn claim that wasn't dismissed under Rule 12(b) and fell outside the statute. That suggests that the two statutory violations dismissed under Rule 12(b) were not a tort action.[1]

The best that can be said is this: the question of whether §18-4-405 and §11-51-501 are 'torts' is uncertain.  And the Court is required to read the fee-shifting statute narrowly in favor of

---

[1] The Court's subsequent ruling on attorney fees to the CRC Defendants (Dkt 414, stricken by the Tenth Circuit) doesn't help the SPO Defendants either.  The Court cited *Bermel* but ignored the Colorado Supreme Court's refusal to designate §18-4-405 as a tort (Dkt 414: 7).  It then cited a <u>vacated</u> lower court decision as saying that all securities claims are torts, apparently not realizing that this ruling was vacated on appeal and that current law holds that securities claims don't sound in tort. *deHaas v. Empire Petroleum Co.*, 302 F. Supp. 647, 649, *aff'd in part remanded in part* 435 F.2d 1223, 1232 (10th Cir. 1970). It then cited *First Nat'l Bank of Durango v. Lyons*, 349 P.3d 1161, 1164 (2015) as authority that a CSA violation is 'tortious,' but this contradicts this Court's own description of that case as "discussing, but not deciding whether a statutory securities fraud claim is a tort." *Sipf v. Herbers*, No. 1:12-CV-00441-RM-KMT, 2015 WL 2441395, at *8fn12 (D. Colo. May 20, 2015)(Moore, J.).

8

the Li Plaintiffs. *Sotelo v. Hutchens Trucking Co.,* 166 P.3d 285, 287 (Colo. App. 2001)(the fee-shifting statute should be read narrowly in favor of plaintiffs). There is simply not enough meat on the bones to justify finding a tort action to impose fee-shifting. There were two claims for statutory violations, neither of which has been held to be a tort. There is no way to rub together two non-torts to get a tort action. The Tenth Circuit was not convinced and neither should this Court have been.

### 4. The recent amendment to §13-17-201 obviates the attorney fees awarded to the SPO Defendants in Dkt 413

In June 2022, the Colorado legislature added section (2) to §13-17-201, and under Colorado law this amendment applies to existing litigation. *Billington v. Yust,* 789 P.2d 196, 199 (Colo. App. 1989). Although there is no case law under this section yet, it is being interpreted as providing an "out" when a claim has not been declared a tort by the Colorado Supreme Court and where the action is not frivolous or groundless. See, e.g., *Petition for Rehearing in Zallaps v. Merrill Lynch*, 2022 WL 16550375 (Colo. App.)("section 13-17-201 was amended effective June 8, 2022 . . . and that amendment could be interpreted to limit the availability of fees only to claims that are frivolous and groundless.") Stripped of verbiage, it reads:



> **(2)** Subsection (1) [fee-shifting] does not apply to any good faith, non-frivolous claim filed for the express purpose of establishing the meaning, of a law and the meaning has not been determined by the Colorado Supreme Court. This subsection (2) applies so long as the party that brought the dismissed claim has pleaded, in its complaint, counterclaim, or cross claim, that the dismissed claim was made for one of the express purposes stated in this subsection (2) and identified the precedent, law, or regulation

> the party seeks to extend, limit, modify, or reverse, or whether the issue to be decided is a matter of first impression.

Notice that this appears in a statute on tort actions. This suggests that a plaintiff can avoid having its claims deemed a "tort action" if the Colorado Supreme Court had never ruled that such claims were torts: the exact situation of the Li Plaintiffs. In any event, the Li Plaintiffs are planning to amend their complaint to add a dozen more parties, at which time they can easily add this language to avoid fee-shifting. This renders meaningless the question of fee-shifting under §13-17-201 and obviates the fee award under that old version of the statute in Dkt 413.

**Conclusion**

The Tenth Circuit was unconvinced by the arguments this Court found persuasive in granting attorney fees for the SPO Defendants. In the Tenth Circuit Mandate, this Court was instructed to re-examine the question of attorney fees on remand (page 35 of the October 7, 2022 ruling), and in that regard the Li Plaintiffs urge this Court to strike the fees it awarded in Dkt 413. This is easily justified under the Supplemental Mandate and/or the Court's inherent power to alter its judgments under Fed. R. Civ. P. 60(b)(6).

Dated: November 14 , 2022                   /s/ Douglas Litowitz
                                            413 Locust Place
                                            Deerfield, IL 60015
                                            312-622-2848
                                            Litowitz@gmail.com

**Certificate of Service**

This document was filed on the ECF system for the District of Colorado on November 14, 2022 and thereby sent to all counsels of record.