# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Li, et al,

        Plaintiffs,

                                                Hon. Judge Moore
      v.                                           Hon. Magistrate Varholak

Colorado Regional Center Project Solaris LLLP,
        Nominal Defendant

      v.

Colorado Regional Center I, LLC, et al.
        Defendants.

### Li Plaintiffs' Response to Non-Parties' *Cross-Motion to Intervene and Opposition to Li Plaintiffs' Motion for Attorney Fees* (Dkt 458)

Thirty-one limited partners in CRCPS who are non-parties (the "Non-Parties") have moved to intervene in this derivative lawsuit under the intervention statute, Fed. R. Civ. P. 24. However they refuse to disclose whether they are intervening as plaintiffs or defendants; they refuse to attach a pleading to their motion to intervene; and they refuse to disclose the claims they wish to assert on the merits of the case, all of which are required by Fed. R. Civ. P. 24(c). They claim to possess "unique interests" yet they possess identical interests as the Li and Cui Plaintiffs, namely one limited partnership share in CRCPS. Vaguely, they offer to provide this Court with "additional perspective and expertise that will assist the Court in adjudicating the claims at issue." (Dkt 458: 9). They claim that their interests in CRCPS are not being protected by the named parties even

though the current parties and their lawyers are asking for greater recovery to CRCPS than the Non-Parties would seek.

But there is a back story that explains it all. The Non-Parties' lawyers oppose attorney Litowitz's pending motion that the Li and Cui counsels should get attorney fees from the large distribution of assets by CRCPS to limited partners. Apparently, Litowitz's motion is bothersome to them because it would award the Li and Cui lawyers who have been litigating this case for 3 years on the grounds that they were the catalyst for recovery by CRCPS, but it would leave Non-Parties' counsel with no fees, which they find sufficiently incensing that they filed an intervention solely to challenge Litowitz's motion. Further, they propound a litigation strategy that the Li and Cui Plaintiffs should drop their request for full recovery to CRCPS and instead ask for far less than restitution, in hopes that the case will resolve faster and get fees quickly into the hands of the Non-Parties' lawyers.  This explains why their motion for intervention is tied to a responsive motion against Litowitz's motion for fees. But as described in the case law below, a non-party's opposition to the named parties' litigation strategy does not justify intervention under Rule 24.

1. **The Non-Parties lack standing to file a "Cross-Claim" or "Cross-Motion"**

The Non-Parties' motion is styled as a *Cross-Claim* and *Cross-Motion*, but Fed. R. Civ. P. 13(g) defines a crossclaim as "a claim by one party against a coparty."  In other words, only a party can file a crossclaim.

But the Non-Parties are, by definition, not parties.  They lack standing to file a crossclaim, let alone a cross-motion. Courts take notice when parties try to get involved in a case before being admitted as parties. *Grice v. CVR Energy, Inc*, No. 16-CV-459-GKF-FHM, 2016 WL 7495818, at *1 (N.D. Okla. Dec. 30, 2016)("Fed. R. Civ. P. 13(g), however, defines a crossclaim as any claim "against a coparty," which WRS plainly is not, as WRS is not a party to this case.")

Logically, the proper sequence is (i) the Non-Parties must file a motion to intervene under Rule 24 which, if granted, will make them parties to this litigation; (ii) they must attach a pleading to their motion for intervention under Rule 24 setting forth their claim and/or crossclaim per Rule 13; (iii) if they have become a party and have filed a pleading, they now have standing to respond to attorney Litowitz's pending motion for fees per Rule 27.  The Non-Parties did not follow this sequence but instead jumbled everything into one confusing motion/pleading/response.  The Non-Parties need to go back to the drawing board and follow the logical sequence of becoming parties, filing their pleading, and then – only then – opposing Litowitz's motion. Until then, they are not parties to the case and cannot oppose a motion.

2. **The Non-Parties' failed to comply with Rule 24(c)**

Rule 24(c) requires that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." The Non-Parties did not accompany their motion with any pleading, nor did they set out the claim or defense for which they are intervening. They refuse to say if they are intervening for plaintiffs (to *expand* recovery for CRCPS) or for defendants (to *limit* recovery by CRCPS). This falls short of Rule 24(c) and leaves the Court to engage in unnecessary guesswork as to the point of intervention.  An intervenor needs to be clear as to the claims they want to assert and which are not being represented by the current parties, which the Non-Parties have failed to do.

3. **The test for intervention (as of right or permissively) is not satisfied because (i) the Non-Parties don't have a unique interest, (ii) they cannot articulate how their interests will be harmed by non-joinder, and (iii) they cannot they explain how the existing parties and lawyers – who are asking for *greater* recovery – will harm them.**

The Non-Parties list four requirements for intervention: (i) timeliness of their motion; (ii) holding of an interest relating to the transaction; (iii) that their interest may be impaired if they are not allowed to intervene, and (iv) that their interest is not adequately represented by the named

3

parties. *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001). The first element – timeliness – is a concern since this case is already 3 years old and has dozens of parties and hundreds of docket entries, so this Court should think hard before adding to this burden by increasing the number of parties by 33% and adding counsel from New York and Colorado who want to advance undisclosed claims and (without being asked) lend their "perspective and expertise to assist the Court."

As for the second element, the Non-Parties certainly have an interest in this case, but their interest is identical to that of the existing parties since they all own precisely one limited partnership interest in CRCPS with precisely the same rights. In fact, the named parties and the Non-Parties stand to benefit equally from a settlement or verdict because the damages will go to the entity CRCPS itself (as in all derivative cases) and then be divided equally among parties and Non-Parties alike. The Non-Parties never articulate how *their* interests are unique and different from the named parties, nor how the existing lawyers cannot represent these somehow unique interests.

Nor does permissive intervention, which lies within the discretion of the Court, make sense. It will certainly cause undue delay to the original parties. The addition of thirty-one new parties represented by two sets of lawyers in New York and Colorado will add another layer of complexity without any clear benefit.

4. **Intervention in derivative lawsuits is discouraged because non-party investors have the same interest as named parties investors, so intervention only makes sense when the non-party will add a new or different claim, which is not the case here.**

In derivative cases, courts assume that all shareholders have the same interest regardless of whether they are named as parties or not – since they hold the same security and they all seek a common goal to get the maximum recovery for the company, which will benefit them derivatively.

4

*In re Facebook, Inc. Shareholder Derivative Privacy Litigation,* 367 F. Supp. 3d 1108, 1130 (N.D. Cal. 2019). In *Facebook*, non-party shareholders who had been involved in a state action against Facebook moved to intervene in a federal derivative action against Facebook, but since they owned the same interest as the named parties (e.g. shares of Facebook stock) they lacked a special interest justifying intervention. Citing cases from other federal courts, the *Facebook* court said that courts regularly conclude that investors in the same class of securities "share an identity of interest almost by definition," quoting *In re Ambac. Fin. Grp. Inv. Deriv. Litig*, 257 F.R.D. 390, 393 (S.D.N.Y. 2009). The Court further denied permissive intervention sought by the movants on the theory that had a superior litigation strategy, since this isn't sufficient grounds for intervention. See also *Bumgarner v. Ute Indian Tribe,* 417 F.2d 1305, 1308 (10th Cir.1969)(denying intervention where the movant claimed he had a better litigation strategy). On this point the *Bumgarner* court cited to Moore's Federal Practice but the same can be found in Wright & Miller:

> A mere difference of opinion concerning the tactics with which the litigation should be handled does not make inadequate the representation of those whose interests are identical with that of an existing party or who are formally represented in the lawsuit. Neither does the fact that the absentee does not like the lawyer the representative has chosen.

7C Wright, Miller, & Kane, Fed. Prac. & Proc. Civ. § 1909 (3rd ed. 2022). Here, the Non-Parties offer nothing beyond disagreement over litigation strategies, and that simply won't justify intervention. *Ordnance Container Corp. v. Sperry Rand Corp.*, 478 F.2d 844, 845 (5th Cir. 1973)(mere conclusory language about having a different interest from existing parties is insufficient to justify intervention). The only exception to this rule is where the Non-Parties can demonstrate "adversity of interest, collusion, or nonfeasance on the part of the existing party." *Entergy Gulf States Louisiana, L.L.C. v. U.S. E.P.A.*, 817 F.3d 198, 203 (5th Cir. 2016). That is impossible for the Non-Parties to prove because the named parties are seeking to recover *more* for

CRCPS and thus *more* for the Non-Parties, so there is no adversity of interest, no collusion favoring named parties over Non-Parties since they will receive the same result, and no nonfeasance since the Non-Parties cannot identify any salient claims that the parties failed to file.

5. **Derivative lawsuits already have a built-in feature for intervention at the settlement stage: Rule 23.1(c) allows a non-party to intervene and object to a settlement, so there is no need for intervention prior to the settlement approval and notice.**

Fed. R. Civ. P. 23.1(c) requires that a derivative lawsuit cannot be settled without court supervision and notice to all securityholders, who can file their objection to the terms of the settlement and the proposed attorney fees:

> In any event, the main consideration in framing the notice must be to provide the shareholders with enough information to permit them to make a rational decision whether to intervene in the settlement-approval process.

7C Wright, Miller, & Kane, Fed. Prac. & Proc. Civ. § 1839 (3d ed. 2022 update).

The proper stage to disagree about settlement and fees is *after* the notice of settlement is sent out, which has not happened yet. See, e.g., *Maher v. Zapata Corp.*, 714 F.2d 436, 450–51 (5th Cir. 1983)(non-parties' objection to attorney fees will be heard *after* notice of proposed fees are sent to investors with settlement terms). If a settlement is recognized by the Court, and the Non-Parties feel strongly about its terms, they will have a chance to intervene on this issue. This does not justify intervention *before* that point.

**Conclusion**

Intervention under Fed. R. Civ. P. 24 is meant for situations where non-parties need to get involved in a case because their interests are so different from those asserted by existing parties that they will suffer a tangible harm if not allowed to appear in this particular forum at this particular time to assert their particular claim. *Int'l Bhd. of Teamsters, Local 523 v. Keystone*

6

*Freight Lines Inc.*, 123 F.2d 326, 328 (10th Cir. 1941). In *Keystone*, the intervenors were about to be affected by an injunction so they were allowed to intervene, but the Tenth Circuit noted that a proposed intervenor must explain the specific reason why intervention is sought, must inform the parties against whom relief is sought, and must state the claim they want the Court to rule on. None of that was satisfied here.

The Non-Parties have not complied with Fed. R. Civ. P. 13, 24, or 27, and they will create busywork for this Court by proposing to add thirty-one new parties without saying on what side they will be sitting, what claims they will be asserting, or how the current clients and lawyers are somehow harming them. And to make it worse, the Non-Parties have never filed a stand-alone motion for intervention in the form required by Rule 24(c).

WHEREFORE, Li Plaintiffs oppose the Non-Parties' proposed crossclaim and proposed cross-motion, and request that their motion for intervention be denied.

Dated: November 15, 2022                                Respectfully Submitted,

/s/ Douglas Litowitz
413 Locust Place
Deerfield, IL 60015
312-622-2848
Litowitz@gmail.com

**Certificate of Service**

This document was filed on the ECF system for the District of Colorado on November 15, 2022 and thereby sent to all counsels of record.