**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-02443
Consolidated with Civil Action No. 19-cv-02637

Hon. Judge Raymond P. Moore
Hon. Magistrate Judge Scott T. Varholak

**Derivatively:**
HSIN-YI WU, and QI QIN,
IN THEIR CAPACITY AS LIMITED PARTNERS OF COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

Plaintiffs,

v.

COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

Nominal Defendant,

and

**Directly:**
HSIN-YI WU, JUN LI, QI QIN, YI LIU, JIE YANG, YUQUAN NI, ZHONGZAO SHI, FANG SHENG, SHUNLI SHAO, KAIYUAN WU, ZHIJIAN WU, ZHONGWEI LI, SA WU, FAN ZHANG, LIN QIAO, JINGE HU, RUJUN LIU,YING XU, LU LI, CAO XIAOLONG, and YUWEI DONG,

Plaintiffs,

v.

COLORADO REGIONAL CENTER LLC, COLORADO REGIONAL CENTER I, LLC, SOLARIS PROPERTY OWNER LLC, SOLARIS PROPERTY OWNER I LLC, PETER KNOBEL, and COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP, and ALL PRINCIPALS AND ULTIMATE OWNERS OF BUSINESS ENTITIES PURSUANT TO PIERCING OF THE LIMITED LIABILITY VEIL,

Defendants.

---

Civil Action No. 19-cv-02637-RM-STV ("Cui Plaintiffs")

DIANWEN CUI, LEI GU, SUFEN LENG, XUE MEI, ZHOU MEI, YAN SONG, LU WANG, YUE WU, ZHUO YANG, JINGWEN ZHANG, LEI ZHANG, LING ZHANG, XIAOHONG ZHANG, QIN ZHOU, XUN ZHU, and CHUNYI ZOU,

Plaintiffs,

v.

WAVELAND VENTURES LLC, COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP, COLORADO REGIONAL CENTER I, LLC, SOLARIS PROPERTY OWNER LLC, SOLARIS PROPERTY OWNER I, and PETER KNOBEL,

Defendants.

---

**NON-PARTIES' REPLY IN FURTHER SUPPORT OF CROSS-MOTION TO INTERVENE**

---

The following Non-Parties hereby submit this Reply in further support of their Cross-Motion to Intervene through their local Colorado Counsel, Sumeeta Gawande, Esq. of Gawande Law LLC: Yibo Bao, Yuan Bi, Yichen Dao, Xue Han, Guohai He, Yi Hou, Beilei Huang, Shenyun Huang, Fang Li, Gang Li, Yan Li, Ying Li, Yue Li, Zhongwei Li, Xiaofeng Liang, Song Lin, Naidong Liu, Yan Lv, Ji Ma, Fuqiang Sun, Wei Wang, Xiaoshen Wang, Li Wei, Hsinyi Wu, Jun Xie, Hao Ying, Jiaqi Yuan, Tao Yuan, Jun Zhang, Xushen Zhang, and Min Zheng (collectively "Non-Parties").

## I. INTERVENTION SHOULD BE GRANTED BECAUSE NO TIMELY OPPOSITION WAS FILED.

Non-Parties' motion to intervene should be granted because no timely opposition was filed.

On October 7, 2022, under Document Number 458, Non-Parties filed a Cross-Motion to Intervene along with an Opposition to the Li Plaintiff's Motion for Attorney Fees. As reflected in

the Cross-Motion (Rec. Doc. 458, p.3), Li Plaintiff's counsel was aware that a motion to intervene would be filed because, just one day prior to filing the Cross-Motion to Intervene, Non-Parties' counsel conferred with Li Plaintiff's counsel to request their consent, and Li Plaintiff's counsel declined to consent. Under Local Civil Rule 7.1(d), responses were due 21 days after the Cross-Motion to Intervene was filed, *i.e.*, on October 28, 2022. No responses were filed as of the October 28 due date.

Even as of November 11, 2022, no responses were filed, and thus on November 11, 2022, Non-Parties filed a Reply under Document Number 465 requesting the Court to grant the Cross-Motion to Intervene because no opposition had been filed.

Subsequently, on November 15, 2022, Li Plaintiffs filed an out-of-time response to the Cross-Motion to Intervene. Li Plaintiffs did not request the Court's permission to file a response out of time. Li Plaintiffs also did not provide any reason, let alone a justifiable reason, for missing the deadline to respond.

For the foregoing reasons, Li Plaintiffs' out-of-time response should be stricken, and the Cross-Motion to Intervene should be granted.

## II. INTERVENTION SHOULD BE GRANTED ON THE MERITS.

Li Plaintiffs' opposition papers also do not present any meritorious reason for denying intervention.

First, Li Plaintiffs' argument in Point 1 (Rec. Doc. 467, p.2-3). constitutes circular reasoning which is non-meritorious on its face.

Second, Li Plaintiffs assert in Point 2 that the Non-Parties must disclose whether they are intervening as plaintiffs or defendants. The assertion lacks merit. Intervenors are not required to

choose sides between plaintiffs and defendants. See, e.g. *Malcolm v. Reynolds Polymer Tech., Inc.*, Civil Action No. 17-cv-2835-WJM-KLM, 2018 U.S. Dist. LEXIS 215596, at *12 (D. Colo. Dec. 20, 2018) (finding that the proposed intervenors had both defenses towards Plaintiff and claims against Defendant).

Li Plaintiffs also assert that Non-Parties "refuse to a attach a pleading to their motion to intervene." (Rec. Doc. 467, pp.1 & 3). There is no such refusal here as the Non-Parties will file such a pleading promptly upon receiving the Court's permission to intervene. Non-Parties had only recently learned about the Li Plaintiffs' Motion for Attorneys and had a limited time period to respond. It was necessary to file a response expeditiously because the relief requested by the Li Plaintiffs would be harmful to the Non-Parties.

Third, Li Plaintiffs assert that Non-Parties "possess identical interests as the Li and Cui Plaintiffs," by virtue of the fact that both Non-Parties and the Li and Cui Plaintiffs are limited partners in CRCPS. " (Rec. Doc. 467, pp.1 & 4). However, Li Plaintiffs' Motion for Attorneys Fees was contrary to Non-Parties' interests, which thus made it necessary for Non-Parties to intervene and bring their opposition to the Court's attention. The derivative nature of this lawsuit does not alter circumstances warranting intervention. Li Plaintiffs state they are acting in the best interests of the Non-Parties, but they attach no documents or affidavits to support that assertion. To the contrary, the reality is that Li Plaintiffs' are not acting in Non-Parties' best interests, as demonstrated by Li Plaintiff's Motion to Attorneys Fee and the Non-Parties' opposition to that Motion.

Li Plaintiffs' argument regarding timeliness also lacks merit. The recent Motion for Attorneys Fees filed by Li Plaintiff has made Non-Parties aware of the risk there may be actions

or positions taken by the parties which may be adverse to Non-Parties which would warrant intervention by Non-Parties. Non-Parties responded to the harmful Motion for Attorneys Fees promptly within only two weeks. Moreover, this case is still active and proceeding. *See also Gubricky v. Ells, Civil Action No. 16-cv-2011-WJM-KLM, 2018 U.S. Dist. LEXIS 56788,* at *7 (D. Colo. Mar. 26, 2018) (reiterating that "[t]he timeliness requirement is also somewhat relaxed.")

Finally, Li Plaintiffs present a "back story" which is factually inaccurate. (Rec. Doc. 467, p.2). Notably, Li Plaintiffs' present no documents and no affidavits to support their factual assertions. Non-Parties refer the Court to their Cross-Motion and the Affidavit of Fang Li.

For the reasons set forth above and in the Non-Parties' Cross-Motion to Intervene, it is respectfully requested that permission to intervene be granted.

Dated November 29, 2022.

Respectfully submitted,

**GAWANDE LAW LLC**

By: ______________________________
Sumeeta Gawande, Esq., #: 47524
Local Counsel for Non-Parties

---

**CERTIFICATE OF SERVICE**

I certify that on November 29, 2022 a true and accurate copy of this **NON-PARTIES' REPLY IN SUPPORT OF CROSS-MOTION TO INTERVENE** was served electronically on all counsel of record via ECF.

/s/ Sumeeta Gawande
Sumeeta Gawande