**In the United States District Court
for the District of Colorado**

Civil Action No. 1:19-cv-02443-RM-STV
—*Consolidated with* No. 19-cv-2637-RM-STV

JUN LI, *et al.*, individually and derivatively for Colorado Regional Center Project Solaris LLLP,

    Plaintiffs,

v.

WAVELAND VENTURES LLC, *et al.*,

    Defendants.

---

**Defendants SPO, SPO I and Knobel's Response In Opposition To Li Plaintiffs'
Motion To Strike Fees Awarded To SPO Defendants' At Dkt 413 Pursuant
To The Tenth Circuit Supplemental Mandate And Fed. R. Civ. P. 60(b)**

---

Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel (the "SPO Defendants") hereby respond in opposition to the Li Plaintiffs' Motion To Strike Fees Awarded To SPO Defendants' At Dkt 413 Pursuant To The Tenth Circuit Supplemental Mandate And Fed. R. Civ. P. 60(b) ("Motion to Reconsider").

## INTRODUCTION

The Li Plaintiffs' Motion to Reconsider this Court's attorneys' fee award in favor of the SPO Defendants is groundless and frivolous. It is readily apparent under well-settled law that the motion is barred by the doctrine of issue preclusion and the standards governing Fed. R. Civ. P. 60(b) motions. The Li Plaintiffs are attempting to relitigate issues that they either failed to appeal and waived or lost on appeal. This they cannot do. Moreover, the Motion to Reconsider simply rehashes old arguments previously made and rejected by this Court. To the extent that they make new arguments, those arguments could have been asserted at the time of the initial

briefing on attorneys' fees and have been waived. And finally, the Li Plaintiffs' arguments lack merit on their face.

This Court, therefore, should – and under the doctrine of issue preclusion actually must – deny the Motion to Reconsider.

**ARGUMENT AND AUTHORITIES**

I. **THE TENTH CIRCUIT COURT OF APPEALS' DECISION DID NOT "OVERRULE" THIS COURT'S AWARD OF ATTORNEYS' FEES TO THE SPO DEFENDANTS.**

Plaintiffs argue that the Tenth Circuit's November 1, 2022, Order [Doc. 463] denying the SPO Defendants' appellate attorneys' fees constituted a "sub rosa overruling" of this Court's October 29, 2021, Order On SPO Defendants' Motion For Attorneys' Fees ("Attorneys' Fees Order") [Doc. 413]. In doing so, Plaintiffs offer nothing more than speculation regarding the reasoning underlying the Tenth Circuit's decision. In its Order, the Tenth Circuit merely stated that: "Upon consideration of the motion, the Appellants' responses, and the SPO Defendants' reply, we deny the motion on the ground that the SPO Defendants have not made a sufficient showing to warrant a fee award *for this appeal*." [Doc. 463] (emphasis supplied). The Tenth Circuit said nothing about the SPO Defendants' prevailing party status *in this proceeding*. *Id*.

Significantly, Plaintiffs did not appeal this Court's award of attorneys' fees to the SPO Defendants under the fee-shifting provisions in the Loan Agreement. *See Li v. Colorado Reg'l Ctr. I, LLC*, 2022 WL 5320135, at *18 n.29 (10th Cir. Oct. 7, 2022) ("Appellants do not challenge on appeal the awards of attorney fees to the SPO Defendants under the Loan Agreement."). The Tenth Circuit, therefore, did not address the issue and Plaintiffs waived the argument. *Id.*, at *14 (issues not raised on appeal are deemed waived) (citation omitted).

Now, Plaintiffs are attempting to use their Motion to Reconsider as an after-the-fact substitute for appealing this Court's award of fees under the Loan Agreement. This is impermissible. A Rule 60(b) motion cannot be used as a substitute for appeal. *See Morris v. Adams-Millis Corp.*, 758 F.2d 1352, 1357-58 (10th Cir. 1985) (where party could have appealed an award of attorneys' fees, but failed to do so, "weight of authority indicates that . . . he is not entitled to relief").

II.  **THE RELIEF REQUESTED BY THE LI PLAINTIFFS IS BARRED BY THE DOCTRINE OF ISSUE PRECLUSION.**

"When a court issues a final adjudication on an issue against a party on the merits after the party had a full and fair opportunity to litigate, the doctrine of issue preclusion prevents that party from later seeking a contrary resolution of the same issue." *United States v. Stevens*, 723 F. App'x 629, 631 (10th Cir. 2018); *see also id.,* at 631 n.2 (doctrine of issue preclusion barred movant's request for district court to revisit prior order where he did not appeal prior order); *Scrivner v. Mashburn*, 535 F.3d 1258, 1266 (10th Cir. 2008) (when party fails to appeal lower-court order, issue preclusion applies); *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 152 (2015) (failure to appeal "does not undermine" issue preclusion) (*citing* Restatement (Second) of Judgments § 28, Comment *a* and Illustration 1).

Judicial policy supports this rule of law. *See Agrawal v. Ogden*, 753 F. App'x 644, 647 (10th Cir. 2018) ("It is a 'sound and obvious principle of judicial policy that a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise.'") (*quoting Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991)). *See also* 18A Fed. Prac. & Proc. Juris. § 4433 (3d ed.) ("A party who elects to appeal on one issue, omitting another issue on which it lost, is subject to issue preclusion on the issue not appealed.").

Here, the Li Plaintiffs are attempting to relitigate issues that they either failed to appeal or lost on appeal. First, the Li Plaintiffs argue that the SPO Defendants are not entitled to attorneys' fees under the Loan Agreement because their breach of contract claim was dismissed without prejudice. As discussed above, however, the Li Plaintiffs did not appeal this Court's award of attorneys' fees to the SPO Defendants based on the fee-shifting provisions in the Loan Agreement. *Li*, 2022 WL 5320135, at *18 n.29.

Second, the Li Plaintiffs argue that Mr. Knobel cannot recover attorneys' fees under the Loan Agreement because he is not named in the agreement. Again, the Li Plaintiffs did not appeal this issue. *Id*. They also waived this argument in this Court by failing to contest this issue in the initial attorneys' fees briefing. *See* Attorneys' Fees Order [Doc. 413, at 8] ("Li Plaintiffs do not dispute that Knobel and his fees should be encompassed within the Loan Agreement"). And third, the Li Plaintiffs argue that Peter Knobel cannot be awarded attorneys' fees under C.R.S. § 13-17-201 because their claims against Mr. Knobel did not sound in tort. The Tenth Circuit, however, did not reverse the award of fees under C.R.S. § 13-17-201 in favor of Mr. Knobel. *See Li*, 2022 WL 5320135, at *18 n.25 (noting its decision "does not affect the attorney fee award for Mr. Knobel against the Li Appellants under Colorado law"). This Court, therefore, is bound by that decision.

For these reasons, the Li Plaintiffs cannot seek a rematch on these issues through their Motion to Reconsider. They already have had a full and fair opportunity to litigate the issues. The motion, therefore, must be summarily denied because it is barred by the doctrine of issue preclusion.

**III. PLAINTIFFS' MOTION TO RECONSIDER FAILS TO MEET THE REQUIRED STANDARDS OF FED. R. CIV. P. 60(b) BECAUSE IT SIMPLY REHASHES OLD ARGUMENTS AND ASSERTS ARGUMENTS THAT COULD HAVE BEEN PRESENTED TO THE COURT DURING THE ORIGINAL BRIEFING ON THE ISSUE OF ATTORNEYS' FEES.**

Even if the Li Plaintiffs had not appealed and their arguments are not barred by issue preclusion, the Motion to Reconsider fails to meet the standards governing Rule 60(b) motions, which they utterly fail to address. A Rule 60(b) motion is an inappropriate vehicle to reargue an issue previously addressed by a court when the motion merely advances new arguments or supporting facts that were available at the time of the original motion. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Moreover, a motion to reconsider under Rule 60(b) "is not at the disposal of parties who want to rehash old arguments." *Goodwin v. Nat'l Elec. Annuity Plan*, 2022 WL 4448483, at *1 (D. Colo. Sept. 23, 2022) ("[a] motion to reconsider should be denied unless it clearly demonstrates *manifest* error of law or fact or presents newly discovered evidence" (emphasis supplied, citations omitted); *see also Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (motion to reconsider not for the purpose of revisiting issue that were already addressed or could have been addressed). And, as discussed above, a Rule 60(b) motion cannot be used as a substitute for appeal. *Morris*, 758 F.2d at 1357. Under these standards, the Motion to Reconsider fails.

First, in its Attorneys' Fee Order, this Court noted that the Li Plaintiffs presented only one argument in opposition to the SPO Defendants' request for attorneys' fees pursuant to the Loan Agreement – "that SPO Defendants did not prevail because Li Plaintiffs' one remaining claim against SPO I for breach of the Loan Agreement was dismissed without prejudice, leaving Li Plaintiffs free to file that claim elsewhere." [Doc. 413, at 8]. Plaintiffs' Motion to Reconsider simply rehashes this argument by means of an about-face regarding the applicable law.

5

In their Response to SPO Defendants' Motion for Attorneys' Fees [Doc. 354], the Li Plaintiffs argued that the SPO Defendants could not be deemed "prevailing parties" because this Court only dismissed their breach of contract claim without prejudice. *Id.* at 1-3. This Court rejected that argument. Attorneys' Fee Order [Doc. 413, at 8]. And, as stated above, the Li Plaintiffs did not appeal this issue and they cannot use the Motion to Reconsider as a substitute for appeal. *Morris*, 758 F.2d at 357.

Additionally, the Li Plaintiffs originally cited *federal law* in support of their argument regarding prevailing parties. [Doc. 354, at 2] (citing *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987)).[1] Now, the Li Plaintiffs argue that federal law does not govern this issue – but instead, state law applies. This argument was available to the Li Plaintiffs when the attorneys' fees issue was first briefed. Under well-settled law, they cannot now seek a reconsideration of the Court's Attorneys' Fee Order based on their new state law argument. *See Servants of Paraclete*, 204 F.3d at 1012.

Second, the Li Plaintiffs now argue that Peter Knobel cannot be awarded attorneys' fees under the Loan Agreement because he is not named in the agreement. Again, this is an argument that the Li Plaintiffs could have made in their initial briefing on the fee issue; but they failed to do so. This Court expressly stated in its Attorneys' Fee Order, the "Li Plaintiffs do not dispute that Knobel and his fees should be encompassed within the Loan Agreement." [Doc. 413, at 8]. Nor did the Li Plaintiffs challenge this Court's award of attorneys' fees in favor Mr. Knobel under the Loan Agreement on appeal. *See Li*, 2022 WL 5320135, at *18 n.29 (award of

---

[1] *Szabo* is distinguishable because it involved a voluntary dismissal of a claim under Fed. R. Civ. P. 41(a). *Id.* at 1076.

attorneys' fees in favor of Knobel against Li Plaintiffs under Loan Agreement not reversed on appeal). The Li Plaintiffs, therefore, are again improperly attempting to use their Motion to Reconsider as a substitute for appeal. *See Morris*, 758 F.2d at 357.

Third, the Li Plaintiffs argue that Peter Knobel cannot be awarded attorneys' fees under C.R.S. § 13-17-201 because their claims against Mr. Knobel do not sound in tort. This simply rehashes the argument that it already made to the Court and which the Court rejected. *See* [Doc. 354, at 12-14]. The Tenth Circuit also did not reverse the award of fees under C.R.S. § 13-17-201 in favor of Mr. Knobel. *See Li*, 2022 WL 5320135, at *18 n.25.

## IV. THE LI PLAINTIFFS' ARGUMENTS IGNORE THE PLAIN LANGUAGE OF THE LOAN AGREEMENT.

The Li Plaintiffs assiduously avoid addressing the plain language of the loan agreement, which provides:

> In the event of *any litigation arising out of this Loan*, the prevailing party, in addition to any other rights or remedies to which it may be entitled, shall be awarded its reasonable expenses incurred in enforcing or defending such action. This includes, subject to any limits under applicable law, attorneys' fees and legal expenses. . . .

Loan Agreement, § 20(vi) (attached hereto as **Exhibit A**) (emphasis supplied).

They argue that they may prevail on their breach of contract claim in the state court proceedings, but that is beside the point. The language in the Loan Agreement references "*any litigation arising out of the Loan*." It does not limit prevailing party status to those who prevail on a breach of the Loan Agreement. Here, this entire case – which included claims other than breach of contract – arises under the Loan Agreement. *See* [Doc. 413, at 8] (Li Plaintiffs do not dispute "that this entire action arises from the Loan Agreement"). Under the plain language of

7

the Loan Agreement, the relevant question for the Court was whether the SPO Defendants were the prevailing parties in *this* case – not some later case.

Citing several cases, the Li Plaintiffs argue that under state law the SPO Defendants were required to show that they did not breach the Loan Agreement in order to be the prevailing parties. Even if the Li Plaintiffs had made this argument in their initial briefing – which they did not – the argument fails.

The Li Plaintiffs cite *Dennis I. Spencer Contractor, Inc. v. City of Aurora*, 884 P.2d 326 (Colo. 1994), for the proposition that a court may not award attorneys' fees under a prevailing party contract clause *unless* there is a final judgment as to whether the contract was breached. Unlike this case, though, *Spencer* only involved breach of contract claims. *Spencer*, 884 P.2d at 327.[2] Here, the Li Plaintiffs asserted other claims in addition to breach of contract – and the SPO Defendants prevailed on all of them.

In *Anderson v. Pursell*, 244 P.3d 1188 (Colo. 2010), the Colorado Supreme Court found that "[i]n order to be a 'prevailing party,' a party must succeed on a significant issue in the litigation and achieve some of the benefits sought." *Id*. at 1194 (affirming award of attorneys' fees under fee-shifting provision in agreement). *See also FD Interests, LLC v. Fairways at Buffalo Run Homeowners Ass'n, Inc.*, 490 P.3d 496, 507 (Colo. App. 2019) ("[t]o be a prevailing party for the purpose of an award of attorney fees pursuant to a statute or contract, the applicant must have succeeded upon a significant issue presented by the litigation and must have achieved

---

[2] *23 LTD v. Herman*, 457 P.3d 754 (Colo. App. 2019), and *W. Stone & Metal Corp. v. DIG HP1, LLC*, 465 P.3d 105, 108 (Colo. App. 2020), are similarly distinguishable because they only involved breach of contract claims. *U.S. Foodservice, Inc. v. Shamrock Foods Co.*, 246 F. App'x 570 (10th Cir. 2007), also is inapposite because both parties voluntarily dismissed their claims against each other.

some of the benefits that he sought in the lawsuit . . . a party need not prevail upon the 'central' issue, only upon a significant one"). In light of the multiple claims that the Li Plaintiffs asserted against the SPO Defendants, there is no question that the SPO Defendants succeeded on significant issues in the case and achieved some of the benefits that they sought.

The Li Plaintiffs also argue that "dismissal of the Loan Agreement claim without prejudice due to lack of subject matter jurisdiction does not bestow 'prevailing party' status on SPOI." Motion to Reconsider, at 5. This misses the point. The SPO Defendants obtained dismissal – *with prejudice* – of all of the other claims asserted against them by the Li Plaintiffs.

The Li Plaintiffs cite *Idea Place Corp. v. Fried*, 390 F. Supp. 2d 903 (N.D. Cal. 2005), in support of their argument. *Fried*, however, is distinguishable. In *Fried*, the court dismissed all of the plaintiff's state claims for lack of subject matter jurisdiction. *Id.* at 904. It did not make findings with respect to the merits of any of the claims. *Id*. at 905.[3] In contrast, with the exception of the breach of contract claim, this Court dismissed all of the Li Plaintiffs' claims as legally deficient. [Doc. 271, at 54].

Contrary to the Li Plaintiffs' argument, this Court correctly applied *Allen v. Lang*, 738 F. App'x 934 (10th Cir. 2018), in its underlying decision. In *Allen*, the trial court granted summary judgment on the plaintiff's civil rights claims and declined to exercise supplemental jurisdiction

---

[3] Other cases cited by the Li Plaintiffs are similarly distinguishable because they did not involve dismissals on the merits. *See GHK Expl. Co. v. Tenneco Oil Co.*, 857 F.2d 1388, 1389 (10th Cir. 1988) (dismissal without prejudice of single claim); *DisputeSuite.com, LLC v. Scoreinc.com*, 2 Cal. 5th 968, 972, 391 P.3d 1181, 1183 (2017) (dismissal of all claims without prejudice based on forum selection clause); *Ffrench v. Ffrench*, 418 F. Supp. 3d 1186, 1190 (S.D. Fla. 2019) (all claims dismissed based on lack of subject matter jurisdiction). The Li Plaintiffs' citation of *Curo Enterprises, LLC v. Dunes Residential Servs., Inc.*, 342 P.3d 948, 957 (Kan. App. 2015), is off point because the court in *Curo* actually awarded attorneys' fees to the plaintiff as a prevailing party following a settlement agreement that was in that nature of a consent decree.

over the plaintiff's remaining state law claims. *Id*. at 937. It then awarded one of the defendants her costs based on a finding that she was a prevailing party. *Id*. at 933-34. The plaintiff argued on appeal that the defendant was not a prevailing party because he could still prevail against the defendant on his state law claims. *Id*. at 934. The Tenth Circuit rejected the plaintiff's argument, finding that "a defendant is a prevailing party for Rule 54(d)(1) purposes when a district court enters judgment on federal claims and declines to exercise supplemental jurisdiction over state claims, dismissing them without prejudice." *Id*. at 945.

The Li Plaintiffs argue that *Allen* is distinguishable because it did not involve a breach of contract claim. This, however, is a distinction without a difference. The relevant point of *Allen* is that a defendant can be deemed a "prevailing party" even if some of the plaintiff's claims are dismissed without prejudice for lack of supplemental jurisdiction.

## V. THIS COURT PROPERLY AWARDED ATTORNEYS' FEES TO PETER KNOBEL UNDER C.R.S. § 13-17-201.

The Li Plaintiffs argue that this Court erred in awarding attorneys' fees to Mr. Knobel under C.R.S. § 13-17-201 because their civil theft and state securities fraud claims against him were not tortious in nature. Apart from the fact that this is just a rehash of the Li Plaintiffs' argument already made to this Court, the argument lacks merit. In order to determine whether a claim sounds in tort for purposes of C.R.S. § 13-17-201, a court must consider the "essence" of the claim. *Luskin Daughters 1996 Tr. for benefit of Ackerman v. Young*, 448 P.3d 982, 987 (Colo. 2019). This Court properly determined that the essence of the Li Plaintiffs' civil theft and state securities fraud claims were in the nature of torts. [Doc 413, at 12-14]. The entire premise of those claims was that Mr. Knobel made a false representation of material fact. *Id*.

The Li Plaintiffs cite *Bermel v. BlueRadios, Inc*. 440 P.3d 1150, 1157 (Colo. 2019), for the proposition that the Colorado Supreme Court has not decided whether a claim for civil theft

10

sounds in tort.  They also cite *Estate of Bogue v. Adams*, 2020 WL 13076908, *3 (D. Colo. Feb. 10, 2020), for the proposition that "[n]o Colorado court has determined whether these statutory claims [under the Colorado Securities Act] are torts."  They fail to explain, though, how these cases advance their argument.

The Li Plaintiffs urge this Court to make a categorical determination that claims under the Colorado Securities Act do not sound in tort.  But this ignores the "essence" analysis required under Colorado law.  *See Luskin*, 448 P.3d at 987.  This Court properly considered the Li Plaintiffs' *own allegations* in determining that their Colorado Securities Act claim sounded in tort.

The Li Plaintiffs also argue that a June 8, 2022, amendment to C.R.S. § 13-17-201 requires a showing that their civil theft and state securities fraud claims were "groundless and frivolous" before fees can be awarded.[4]  They cite *Billington v. Yust*, 789 P.2d 196 (Colo. App. 1989), for the proposition that the amendment "applies to existing litigation."  Motion to Reconsider, at 9.  *Billington*, however, makes clear that a statute must only be applied retroactively if its "plain and positive" language reflects an intent for retrospective application.  *Id*. at 198 (*citing Allchurch v. Project Unicorn, Ltd.*, 516 P.2d 441, 442 (Colo. App. 1973) (attorneys' fees statute could not be applied retroactively)).

C.R.S. § 13-17-201 was amended well after the Li Plaintiffs brought their claims against Mr. Knobel and well after those claims were dismissed.  It does not contain any language, much

---

[4] Oddly, in support of their argument, the Li Plaintiffs cite a brief filed by a Boulder attorney in the Colorado Court of Appeals which speculates regarding the meaning of the amendment.  Motion to Reconsider, at 9.

11

less "plain and positive" language, indicating a legislature intended the amendment to apply retroactively. Therefore, the amendment is inapplicable to this case.

Moreover, contrary to the Li Plaintiffs' argument, the language of the new amendment does not provide an "out" for plaintiffs who file non-groundless and non-frivolous claims. The amendment provides:

> (2) Subsection (1) of this section does not apply to any claim that is a good faith, non-frivolous claim filed for the express purpose of extending, limiting, modifying, or reversing existing precedent, law, or regulation; or for the express purpose of establishing the meaning, lawfulness, or constitutionality of a law, regulation, or United States or state constitutional right and the meaning, lawfulness, or constitutionality has not been determined by the Colorado supreme court, or for cases presenting questions under the United States constitution, to the Supreme Court of the United States. *This subsection (2) applies so long as the party that brought the dismissed claim has pleaded, in its complaint, counterclaim, or cross claim, that the dismissed claim was made for one of the express purposes stated in this subsection (2) and identified the precedent, law, or regulation the party seeks to extend, limit, modify, or reverse, or whether the issue to be decided is a matter of first impression.*

C.R.S. § 13-17-201(2) (emphasis supplied).

The Li Plaintiffs do not even argue that they brought their claims against Mr. Knobel for extending or determining the meaning of existing law. Nor did they state this in any of their complaints as would be required by the language at the end of section (2). Instead, they argue that they can avoid fees under § 13-17-201 because the Colorado Supreme Court has never ruled that securities fraud and civil theft claims are "tort actions." This argument is facile; the Li Plaintiffs did not file their claims against Mr. Knobel for purposes of determining whether Colorado securities fraud and civil theft claims are tortious in nature. And of course, they did not say so in their complaints.

## CONCLUSION

For the foregoing reasons, the Court should deny the Li Plaintiffs' Motion to Reconsider. Pursuant to paragraph 20(vi) of the Loan Agreement, the SPO Defendants also respectfully request their reasonable attorneys' fees and cost associated with responding to the Motion to Reconsider.

December 9, 2022

                                            Respectfully submitted,

*s/Heather R. Hanneman*
Heather Hanneman
Harold A. Haddon
Ty Gee
Christopher P. Montville
HADDON, MORGAN AND FOREMAN, p.c.
950 17th Street, Suite 100
Denver, CO 80202
Tel 303.831.7364
hhanneman@hmflaw.com; hhaddon@hmflaw.com;
tgee@hmflaw.com; cmontville@hmflaw.com

*Attorneys for Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2022, I electronically filed the foregoing *Defendants SPO, SPO I and Knobel's Response In Opposition To Li Plaintiffs' Motion To Strike Fees Awarded To SPO Defendants' At Dkt 413 Pursuant To The Tenth Circuit Supplemental Mandate And Fed. R. Civ. P. 60(b)* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

*All other counsel of record*

s/*Matthew MacPhail*
Paralegal