# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02443

Jun Li, Qi Qin, Yi Liu, Jie Yang, et al.
        Plaintiffs,

                                        Hon. Judge Moore
      v.                              Hon. Magistrate Varholak

Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC, et al.
        Defendants.

### Li Plaintiffs' Reply to the SPO Defendants' Response on Motion to Strike Fees Awarded to SPO Defendants at Dkt 413 <u>pursuant to the Supplemental Mandate and Rule 60(b)(6)</u>

Li Plaintiffs hereby reply to the SPO Defendants' *Response*.

As a preliminary matter, the Li Plaintiffs take offense at the SPO Defendants' mischaracterization of this motion sequence as a "Motion to Reconsider," especially since that term does not exist in the Federal Rules of Civil Procedure [*Response* at pp. 1, 2, 3, 4, 5, 6, 7, 8, 9, 11]. The Li Plaintiffs are not asking this Court to "reconsider" Dkt 413 in the format it was decided last year, since there has been an intervening ruling of the Tenth Circuit. The Li Plaintiffs are simply reminding this Court that it awarded fees to defendant Knobel under federal law at Dkt 413, but the Tenth Circuit's Supplemental Mandate requires that awards of attorney fees must be derived from substantive state law. Striking the fees awarded under federal law at

1

Dkt 413 is something this Court has to do anyway, and the Li Plaintiffs assert that this can be done <u>either</u> as an implementation of the Supplemental Mandate or under a Fed. R. Civ. P. 60(b) motion for relief from an order or judgment due to an intervening change in the law of the case. When implementing the Supplemental Mandate by applying state law, this Court can also review its ruling under the tort fee-shifting statute.

The *Response* is correct that a Rule 60(b) motion cannot be used as a <u>substitute</u> for an appeal [Response p. 2, 5] but the Li Plaintiffs don't need a <u>substitute</u> for an appeal since they had an actual appeal and received a Supplemental Mandate from the Tenth Circuit that is dispositive.

**I.   The Supplemental Mandate provides that fee awards must be made under substantive <u>state</u> law but Dkt 413 awarded fees to defendant Knobel under <u>federal</u> law.  The fees under <u>federal</u> law must be stricken.**

The Supplemental Mandate of the Tenth Circuit is "the law of the case" which sets the controlling law on remand. *Rohrbaugh v. Celotex Corp.,* 53 F.3d 1181, 1183 (10th Cir.1995).  The Supplemental Mandate said that awards of attorney fees and determinations of "prevailing party" status are matters of <u>substantive state law, not federal law</u> and will be reviewed de novo [Opinion 10/7/22 at pp. 35-36].  The requirement to use state law (not federal law) to determine attorney fees is now the law of the case.  It must be implemented by the District Court "without power to do

2

anything contrary to the letter or spirit of the mandate." *Whitlock's Est. v. Comm'r*, 547 F.2d 509, 510 (10th Cir. 1976).

It is true that the Supplemental Mandate has a footnote saying that the fees awarded to defendant Knobel are not *ipso facto* wiped away with the striking of other fees, but nowhere did the Tenth Circuit analyze Dkt 413 under state law, leaving that for this Court on remand.

The Supplemental Mandate leaves zero room for doubt that all awards to defendant Knobel (whether based on "prevailing party status" or tort fee-shifting) must be determined under <u>state</u> law, which invalidates the district court's award of such fees under <u>federal</u> law at Dkt 413. To ignore this Supplemental Mandate on the determination of fees is reversible error. *Huffman v. Saul Holdings Ltd. P'Ship*, 262 F.3d 1128, 1132-33 (10th Cir. 2001)(after remand, the case was appealed again due to the district court's failure to properly implement fee instructions). The Li Plaintiffs merely suggest that while this Court is striking federal law fees in Dkt 413 by applying substantive state law, it also has the power to strike the fees awarded in error under the state fee-shifting statute.

**II. If this Court does not strike the fees awarded to defendant Knobel as a "prevailing party" under the Loan Agreement, it will violate multiple Tenth Circuit cases, thereby inviting another appeal.**

The Tenth Circuit held in *North Texas Prod. Credit Ass'n v. McCurtain Cnty. Nat. Bank*, 222 F.3d 800, 817 (10th Cir. 2000) that "the matter of attorney fees is a

3

substantive legal issue and is therefore controlled by state law." If the Court treats state attorney fees as controlled by federal law, it will be violating this superior precedent and committing legal error.

The Tenth Circuit held in *Ward v. Siebel Living Tr.,* 449 F. App'x. 747, 752 (10th Cir. 2011) that contractual "prevailing party" status is determined by state law and is limited only to the express parties to the contract, except in rare cases where a contract is specifically intended to benefit a third party, which was not the case here. If this Court uses federal law to award "prevailing party" fees to a "nonparty," it will violate this superior precedent.

The Tenth Circuit held in *S. Foodservice, Inc. v. Shamrock Foods Co.*, 246 F. App'x 570, 579–80 (10th Cir. 2007) that "prevailing party" status is determined at the conclusion of a case <u>after</u> a ruling on the merits and a finding of liability. If the Court uses federal law to say that "prevailing party" status under a contract can be decided <u>before</u> a ruling on liability, it will violate this superior precedent.

The Tenth Circuit held in *GHK Expl. CO. v. Tenneco Oil Co.*, 857 F.2d 1388, 1392 (10th Cir. 1988) that under state law a dismissal without prejudice for lack of subject matter jurisdiction does not trigger "prevailing party" status under a contract. If the Court uses federal law to say that "prevailing party" status under a contract can be derived from dismissal without prejudice on jurisdictional grounds, it will violate this superior precedent.

These are four established decisions from a superior court that this Court will violate the law if it leaves Dkt 413 intact.

Desperately, the SPO Defendants argue without citing any cases that the fee-shifting language in the Loan Agreement covers nonparty Knobel because it grants fees "in the event of any litigation arising out of this Loan" [*Response*, p.7]. But they cannot escape the next words in the provision, which restrict recovery to the "prevailing party" and we have just seen that under Colorado law "prevailing party" in a contract is limited to the parties named the contract, which eliminates Knobel since he is not a party to the contract. Colorado law governs, and it simply does not allow Knobel to be a prevailing party under the Loan Agreement. This makes sense: SPOI signed the Loan Agreement alone to protect Knobel from liability without mentioning him, taking advantage of the separate existence of the entity by purposely leaving Knobel out so that he would be insulated, but are now trying to turn around and claim that Knobel was a party. That argument doesn't work under Colorado law.

### III. Rule 60 is simply another avenue by which this Court can revisit Dkt 413 under state law, since courts have allowed Rule 60 motions after remand.

The Supplemental Mandate alone is sufficient to justify striking the fees awarded to Knobel under federal law at Dkt 413. Nevertheless, Fed. R. Civ. P. 60 is an alternative path to accomplish this. Either way seems available to this Court.

5

The Li Plaintiffs realize that in this Circuit there is normally a 30-day time limit for motions under Rule 60(b)(1)-(3) for relief from a judgment due to error, even though the text of Rule 60 allows one year. Technically, this motion was filed within one year of the final judgment of Dkt 413 since it was filed November 14, 2022 and the final judgment was entered November 23, 2021. But putting that aside, there is no time limit for motions under Rule 60(b)(6) which allows relief from a judgment for "any other reason that justifies relief." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 279 (10th Cir. 1996)(applying a 30-day limit to 60(b)(1) while holding there is no time limit under 60(b)(6)).

The Tenth Circuit has allowed Rule 60 motions even after an appeal and remand. *Colorado Interstate Gas Co. v. Nat. Gas Pipeline Co. of Am.*, 962 F.2d 1528, 1534 (10th Cir. 1992); *Amoco Oil Co. v. U.S. EPA*, 231 F.3d 694, 697 (10th Cir. 2000)(on remand a district court may consider a motion under 60(b)); *Johnson v. Spencer*, 950 F.3d 680, 704 (10th Cir. 2020)(remanding to district court to decide motions under Rule 60(b)(6)); *Wallace v. Barnhart*, No. 05-CV-01613MSK, 2008 WL 4681926, at *1 (D. Colo. Oct. 21, 2008)(allowing a Rule 60(6) motion for fees after a decision on appeal). Some courts hold that the issuance of an appellate opinion altering the law of the case restarts the one-year period for claims under Rule 60(b)(1)-(3), so the Li Plaintiffs would be within that limit. *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1089 (10th Cir. 2005). But in any event, Rule 60

6

is only a suggested alternative to simply implementing the Supplemental Mandate.

Much of the *Response* is based on the mistaken notion that issue preclusion bars this Court from striking the fees awarded at Dkt 413, but issue preclusion cannot prevent implementation of a superior court mandate, because that would have the absurd effect that no appeal could ever change a lower court ruling since every ruling below would be protected by issue preclusion. In short, a mandate overrides issue preclusion.

Indeed, the Supreme Court recognizes a "change-in-law" exception to issue preclusion. *Herrera v. Wyoming*, 139 S. Ct. 1686, 1697 (2019). In *Herrera*, the Supreme Court said that the Tenth Circuit was required to change a pending decision due to an intervening decision of the Supreme Court. Now if the Tenth Circuit itself must follow intervening law as mandated by a higher court, then the District of Colorado must do the same. In fact, this District recognizes that issue preclusion (collateral estoppel) does not apply when the court needs to "take account of an intervening change in the applicable legal context". *Bernal v. Burnett,* 793 F. Supp. 2d 1280, 1284 (D. Colo. 2011), quoting *Central Bank Denver v. Mehaffy et al.*, 940 P.2d 1097, 1103 (Colo. App. 1997). Here, the Supplemental Mandate is "an intervening change in the applicable legal context" because it commands examination of attorney fees under state law and not federal law. The Li Plaintiffs simply believe that when this Court goes back to Dkt 413 to implement the

7

Supplemental Mandate, it will see that under state law there is no justification for attorney fees to Knobel under state law either as a prevailing party or under the tort fee-shifting statute.

## IV. The Li Plaintiffs did not waive their challenge to Dkt 413. They filed a Revised Notice of Appeal (Dkt 466) and briefed that defendant Knobel was not entitled to fees under Colorado's fee-shifting law, but they did not need to argue that a "<u>nonparty</u>" to a contract cannot be the "prevailing <u>party</u>" to the contract since that is an "antecedent matter" so obvious it needn't be briefed.

The Li Plaintiffs filed a revised notice of appeal against Dkt 413 the day that it came down (see Dkt 466). Their Opening and Reply Briefs both argued that Dkt 413 was wrongly decided because no "tort action" was dismissed against defendant Knobel under Rule 12(b). In fact, only two claims were dismissed under Rule 12(b), one of which (civil theft) the Colorado Supreme Court expressly refused to label as a tort, and the other (Colorado Securities Act) which has never been declared a tort because all that exists is conflicting and nonbinding *dicta*.

The Li Plaintiffs did not brief the issue of Knobel's "prevailing party" status because it was so obviously wrong it did not require briefing. It is commonsense that only a party to a contract can be a "prevailing party" under the contract just as only a dog can be an "award-winning dog." Such issues are called "antecedent issues" that can be decided without briefing, and this includes fee awards: "Whether the district court's fee award was appropriate under *Erie* is precisely such an

8

antecedent issue . . [even when it is] an issue the parties fail to identify and brief." *Banner Bank v. Smith*, 30 F.4th 1232, 1238–39 (10th Cir. 2022), citing *U.S. Nat'l Bank of Or. V. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 447 (1993), quoting *Arcadia v. Ohio Power Co.,* 498 U.S. 73, 77 (1990); see also *Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1270 (10th Cir. 2022)("courts should consider [that is, decide] 'an issue antecedent to and ultimately dispositive of the dispute before it, even an issue the parties fail to identify and brief' on appeal"), quoting *U.S. Nat'l Bank of Or.,* 508 U.S. at 447.

That only a "party" to a contract can be a "prevailing party" to the contract is so obvious that briefing is a waste of space. Indeed, the SPO Defendants' 14-page *Response* lists case after case but not a single decision in Colorado where a nonparty was deemed a prevailing party under a contract. There is simply nothing to talk about, no cases to discuss or analogize: it is a settled matter decided dozens of times in Colorado. The Li Plaintiffs don't need to brief such obvious "antecedent issues" and their failure to do so is not a waiver, especially since they immediately filed a revised notice of appeal against Dkt 413.

**Conclusion**

On remand, this Court must implement the Supplemental Mandate by conducting a proper analysis of Knobel's supposed "prevailing party" status under Colorado law, and while doing so it should ask itself how Knobel could have been

9

charged with a "tort action" under Rule 12(b) when a contract claim was upheld against SPO (owned by Knobel) and the two statutory claims against him have never been held to be torts, requiring the Court to reach its conclusion by looking at outdated claims never dismissed under Rule 12(b). The Supplemental Mandate requires that this Court get Dkt 413 right under Colorado state law.

                                                 Respectfully submitted,

Dated: December 13, 2022                /s/ Douglas Litowitz
                                                 413 Locust Place
                                                Deerfield, IL 60015
                                                312-622-2848
                                                Litowitz@gmail.com

**Certificate of Service**
This document was filed on the ECF system for the District of Colorado on December 13, 2022 and thereby sent to all counsels of record.