# FIVE MANAGEMENT, LLC
## 100 Wilshire Blvd, Suite 700
## Santa Monica, California 90401
## 310-917-1075

May 30, 2023

Re: *Ni & Qin v. Solaris Property Owner I LLC and Peter Knobel*
    Supplement to Johnston Expert Report Dated May 18, 2023

I was retained as an expert witness in real estate, lending, and corporate finance in this matter, and my Expert Report was submitted to the Court on/about May 19, 2023. This update is intended as a supplement to my Report based on recent news.

The Borrower/Defendant SPO I has apparently recently claimed in its Responses to Plaintiff's First Requests for Production that it prepaid its loan advances under the $82,500,000 loan from CRCPS, LLC by *'tendering'* condominium units in 2015 without an actual contemporaneous deed reconveyance and/or without the necessary recording of a transfer document at the Eagle County Recorder's Office, but instead by later asserting in the Agreement Regarding Collateral Units (which documentary evidence indicates was both negotiated and signed in 2019, and therefore several years after-the-fact) that it had effectively stood ready to reconvey/record years earlier.

## Supplemental Opinion

Based on my education, training, and experience covering more than 35 years in nationwide commercial banking & lending, private lending, real estate, corporate finance, and mergers & acquisitions in over 20 states, and including my roles as both a lender and borrower and as EVP-Finance of the largest private company in Los Angeles (and encompassing years of frequent interactions with senior partners at some of the world's largest law, tax, and accounting firms), I do not recall ever seeing or hearing of another circumstance where a tender was completed in commercial or residential real estate without an actual executed deed conveyance/reconveyance via a duly-recorded deed transfer having been completed contemporaneous with the actual real estate transaction described. In business terms, a well-known principle is that until the deed is recorded, and title transferred, the holders of the title still own the property. A similar well-known principle is creditors disregard unrecorded deeds.

In my experience and opinion, real estate that collateralizes a loan advance is **not** tendered by the parties-at-interest merely claiming years later that they intended to make a valid transfer at an earlier time.

As noted in my Report, I recommend the Court proceed with ample discovery in the case, and I reserve the right to amend or alter my opinions based on the emergence of new information regarding this transaction.


Five Management, LLC


By: Douglas E. Johnston, Jr., Manager
May 30, 2023