IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02443-RM-STV
Consolidated with Civil Action No. 1:19-cv-02637

Jun Li, *et al.*,

    Plaintiffs,
v.

Waveland Ventures, LLC, *et al.*,

    Defendants.

## JOINT MOTION TO DISMISS

Defendants Waveland Ventures, LLC, Colorado Regional Center, LLC, and Colorado Regional Center I, LLC's (collectively, the "CRC Defendants"), the Li Plaintiffs and the Cui Plaintiffs, jointly move for a dismissal of the action, with prejudice, and with each party responsible for their own attorney fees and costs, stating as follows:

**CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCivR 7.1 (a).**

Undersigned counsel conferred with all counsel regarding this Motion. The Li Plaintiffs and the Cui Plaintiffs join the CRC Defendants in asking the Court to dismiss this action in its entirety. The SPO Defendants oppose this Motion unless the Court conditions dismissal on a

payment by Plaintiffs of SPO attorneys' fees.[1]

## BACKGROUND

1. This action has involved two sets of Plaintiffs (referred to in this action as the "Li Plaintiffs and the Cui Plaintiffs) and two sets of Defendants (referred to in this action as the "CRC Defendants" and the "SPO Defendants").

2. On March 2, 2021, the Court entered an Order on the motions to dismiss filed by the CRC Defendants and the SPO Defendants. Based on this Order and subsequent proceedings, the Court dismissed all claims asserted by both sets of Plaintiffs. Plaintiffs' derivative claim for breach of contract against the SPO Defendants was ultimately dismissed without prejudice.

3. Both sets of Plaintiffs appealed to the Tenth Circuit Court of Appeals in June of 2021.

4. On September 15, 2021, counsel for the Li Plaintiffs reasserted a derivative breach of contract action against the SPO Defendants through a complaint filed in Denver District Court, State of Colorado. That action is styled *Wu and Qin, derivatively for CRCPS v. Solaris Property Owner I and Knoebel*, 2021CV32918 (referred to herein as the "Wu Action"). Counsel for the Li Plaintiffs also filed, on March 30, 2022 and on behalf of a limited partner in CRCPS, a state court dissolution action against CRCPS styled *Yu v. CRCPS*, 2022CV30877 (referred to herein as the "Yu Action"). The Honorable Jill Deborah Dorancy has presided over the Wu Action and the Yu Action.

---

[1] SPO Defendants have already executed on attorney fee judgments entered by this Court. [ECF 443; ECF 449; ECF 452. In addition, after affirming the dismissal of all of Plaintiffs' claims against the SPO Defendants, the SPO Defendants filed a Motion for Appeal-Related Attorneys' Fees and Legal Expanses and Request for Remand to District Court for Determination of Amount of Fees and Expenses. The Tenth Circuit Court of Appeals denied this Motion. [ECF 463].

5. On September 12, 2022, the Tenth Circuit ruled on this Court's dismissal of this action. The Tenth Circuit affirmed in part and reversed in part, and on November 1, 2022, the Tenth Circuit Court of Appeals transferred jurisdiction back to this Court.

6. On May 31, 2023, the parties to the Wu Action attended a mediation. Undersigned counsel for the CRC Defendants was invited to attend with the hope that all interested parties could achieve a global settlement of the various state court actions and this action.[2] Ultimately the parties in the state court actions (other than the SPO Defendants), the CRC Defendants, the Li Plaintiffs and the Cui Plaintiffs agreed to a settlement. Because the Wu Action and this action involve derivative causes of action, the parties to the settlement recognized the need for court approval of any settlement, dismissal or compromise under C.R.C.P. 23.1 (for the Wu Action) and under Fed. R. Civ. P. 23.1. The parties therefore made the final dismissal of this action subject to this Court's approval.

7. On June 30, 2023, the settling parties in the state court actions filed a Joint Motion to Establish Procedures for Settlement. *See* Exhibit A. Specifically, the parties in the state court actions proposed that notices of the anticipated global settlement be sent to each limited partner of CRCPS, with a copy of the settlement agreement and an opportunity to send comments or objections to the Denver District Court within a certain time frame. Judge Dorancy approved the proposals in this Joint Motion on July 6, 2203, and CRC I sent notices to all limited partners of CRCPS by electronic mail, using the email addresses for each limited partner maintained by CRC I and CRCPS.

---

[2] Undersigned counsel for the CRC Defendants is not an attorney of record in the state court actions. CRCPS is represented by separate counsel with a different law firm.

3

8. CRC I sent out all notices to the limited partners on July 11, 2023, advising each limited partner of their right to register an objection or provide comments by July 21, 2023. Many limited partners, through their respective counsel, expressed support for the settlement. No objections were filed by any limited partners of CRCPS.

9. On July 24, 2023, the parties in the state court actions filed a Joint Motion to Approve Settlement of Derivative Claims and to Dismiss Certain Claims ("Joint Motion to Approve"). *See* Exhibit B.

10. On July 28, 2023, Judge Dorancy granted the Joint Motion to Approve. *See* Exhibit C.

## **ANALYSIS**

The CRC Defendants, the Li Plaintiffs and the Cui Plaintiffs wish to end this litigation. The moving parties therefore bring this Joint Motion under Fed. R. Civ. P. 41 and Fed. R. Civ. P. 23.1(c) to dismiss this action, with prejudice, and with each party responsible for their own attorney fees and costs. Because the settlement agreement referred to herein involved an agreement to resolve the remaining claims in this action (which are derivative claims) as well as claims in the state court actions (which include derivative claims), the parties to the settlement agreement understand that both the Denver District Court and this Court must approve the settlement agreement and the voluntary dismissal of the parties' derivative claims.

Courts strongly favor settlement as a method for resolving disputes. *See Amoco Prod. Co. v. Fed. Power Comm'n*, 465 F.2d 1350, 1354 (10th Cir. 1972). This is particularly true with respect to derivative litigation, "because such litigation is notoriously difficult and unpredictable." *Make a Difference Found, Inc. v. Hopkins*, No. 10-cv-00408-WJM-MJW, 2012 WL 917283, at *2 (D.

4

Colo. Mar. 19, 2012)(quoting *Maher v. Zapata Corp.*, 714 F.2d 436, 455 (5th Cir. 1983).

The applicable procedural rules under Colorado and federal law are substantially identical. C.R.C.P. 23.1 provides, in pertinent part, that a derivative action "shall not be dismissed or compromised without the approval of the court and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs." And Fed. R. Civ. P. 23.1(c) provides as follows:

> A derivative action may be settled, voluntarily dismissed or compromises only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders.

In federal practice, the settlement and/or dismissal of derivative actions involves a two-step process. First, the Court considers preliminary approval of the settlement/dismissal, which triggers notice to the company's shareholders or members. Second, the court holds a fairness hearing to consider arguments for and against the proposed settlement/dismissal, in order to determine whether the settlement is "fair, reasonable and adequate." *See* 7C Fed. Prac. & Proc. Civ. § 1839; *see also Freebird, Inc. v. Merit Energy Co.*, No. 10-1154-KHV, 2012 WL 6085135, at * 4 (D. Kan. Dec. 6, 2012)("(t)he purpose of preliminary approval is to determine whether the proposed settlement is within the range of possible approval, *i.e.*, whether there is any reason not to notify class members of the proposed settlement and proceed with a fairness hearing."); *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

Judge Dorancy followed the same process typically utilized under Fed. R. Civ. P. 23.1 analysis when she first reviewed the overall settlement through the Joint Motion to Establish Procedures, and then considered the fairness of the settlement in granting the Joint Motion to Approve. While this Court, of course, has discretion on how to proceed, the remaining parties all

request that this Court recognize that the notice process approved by Judge Dorancy served to notify all limited partners of CRCPS of the settlement agreement and their right to object or comment. From the moving parties' perspective, this Court can and, respectfully, should determine that the notice that already went to CRCPS limited partners suffices for purposes of approval of the settlement and dismissal under Fed. R. Civ. P. 23.1.[3]

The parties also submit that, for the same reasons provided to Judge Dorancy in the Joint Motion to Approve, this Court can and, respectfully, should determine that the settlement and dismissal of this action is fair and adequate in light of the interests of all parties. *Maher v. Zapata Corp.*, 714 F.2d 436, 466 (5th Cir. 1983)(a trial court may approve of a derivative settlement by determining that the settlement thoroughly, reasonably and adequately serves the best interest of the corporation, and such a determination is discretionary with the trial court).

As the parties in the state court action explained in the Joint Motion to Approval, the merits of all of Plaintiffs' claims in all actions, weighed against the risk, expense and complexity of further litigation favor approval of this Joint Motion to Dismiss. The moving parties in this action believe that the overall settlement, and in particular the dismissal of this action, offers the certainty of a greater return to limited partners, on a shorter time frame than that offered by continuing to litigate the disputes.

Judge Dorancy did not hold a fairness hearing before granting the Motion to Approve

---

[3] The moving parties did not find any case law addressing the context of an overall settlement that involved both state law and derivative actions. From the moving parties' perspective, the key policies to the settlement and dismissal process for derivative actions under both Colorado and federal law are: (a) to provide due process to shareholders, or in this case limited partners, of the settlement and dismissal so that all interested parties have a right to object; and, (b) to ensure that the settlement is fair. The parties respectfully submit that the process Judge Dorancy followed was consistent with these policies.

because there was no need to do so. No limited partners objected to the settlement, and many supported the settlement. Of course, Judge Dorancy evaluated the fairness and adequacy of the settlement independently before granting the Joint Motion to Approve. This Court, likewise, need not set an evidentiary hearing if this Court is satisfied that the interests of all are adequately protected by the settlement and dismissal proposal. *See Plaskow v. Peabody Int'l Corp.* 95 F.R.D. 297 (D.C.N.Y. 1982)(court has discretion to waive fairness hearing in settlement of derivative action).

In sum, for the same reasons presented to Judge Dorancy, the moving parties in this action submit that the settlement and dismissal of this case is fair and reasonable, and that this Court should approve of the parties' dismissal of this action.

## **CONCLUSION**

The moving parties in this action respectfully request this Court to dismiss this action, with prejudice and with each party responsible for their own attorney fees and costs.

///

DATED: August 2, 2023.

SNELL & WILMER L.L.P.

s/ James Kilroy
James Kilroy
Stephanie A. Kanan
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Phone: (303) 634-2000
Fax: (303) 634-2020
**Counsel for Defendants Waveland Ventures, LLC, Colorado Regional Center, LLC, and Colorado Regional Center I, LLC**

/s/ Douglas Litowitz
Douglas Litowitz
413 Locus Place
Deerfield, IL 60015
Phone: (312) 622-2848
Email: Litowitz@gmail.com
**Counsel for Li Plaintiffs**

s/ Brian Stewart
Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Email: hkuo@ardentlawgroup.com
Email: bstewart@ardentlawgroup.com
**Attorneys for Cui Plaintiffs**

# CERTIFICATE OF SERVICE

This is to certify that on August 2, 2023, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Douglas Litowitz
413 Locust Place
Deerfield, IL  60015
Telephone: (312) 622-2848
Email: litowitz@gmail.com
***Attorneys for Li Plaintiffs***

Hubert Kuo
Brian P. Stewart
Ardent Law Group
4340 Von Karman Avenue, Suite 290
Newport Beach, CA  92660
Telephone: (949) 299-0188
Email: hkuo@ardentlawgroup.com
Email: bstewart@ardentlawgroup.com
***Attorneys for Cui Plaintiffs***

Heather Hanneman
Harold A. Haddon
Ty Gee
Christopher P. Montville
Haddon Morgan and Foreman, P.C.
950 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 831-7364
Email: hhanneman@hmflaw.com
Email: hhaddon@hmflaw.com
Email: tgee@hmflaw.com
Email: cmontville@hmflaw.com
***Attorneys for Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel***

/s/Amy Kovarsky
for Snell & Wilmer L.L.P.

4869-7342-8849

9