# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Li, et al.,

        Plaintiffs,                              No. 19-cv-02443

                                            Hon. Judge Moore
        v.                                 Hon. Magistrate Varholak

Colorado Regional Center Project Solaris LLLP,
        Nominal Defendant,

        v.

Colorado Regional Center I, LLC, et al.
        Defendants.

---

### Li Plaintiffs' joinder with *Joint Motion to Dismiss* (Doc. 484)

---

The Li Plaintiffs hereby respond to the *Joint Motion to Dismiss* filed at Doc. 484 (August 2, 2023) as permitted by this Court at Doc. 486 (August 7, 2023).

The Li Plaintiffs were signatories to the *Joint Motion to Dismiss* and support it fully. It correctly explained that the parties reached a global settlement agreement which included the voluntary dismissal of all claims in both state and federal court. Accordingly, the Li Plaintiffs seek an order granting the *Joint Motion to Dismiss* and dismissing all of their claims against CRCPS, CRCI and any of their affiliates.

The Li Plaintiffs have no intention of filing any further documents in this Court and are content to let all of their pending motions be withdrawn. The only exception would be if the SPO Defendants initiate a post-dismissal demand for fees against them, in which case the Li Plaintiffs will argue that the SPO Defendants lack standing since they were dismissed as parties early in this

case and already received fees against the Li Plaintiffs (Docs. 271, 413). It is the desire of the Li Plaintiffs that this lawsuit be closed as to issues of both substance and procedure.

The Li Plaintiffs have little to add to the *Joint Motion*, except to reiterate that their state court action was also derivative in nature, so it was subject to specific settlement procedures overseen by the Honorable Judge Dorancy in Denver District Court pursuant to C.R.C.P. 23.1 which is nearly verbatim – and substantively identical – to Fed. R. Civ. P. 23.1 which governs settlement of derivative actions in federal court.

The special rules for settlement of derivative cases (C.R.C.P. 23.1 and Fed. R. Civ. P. 23.1) are meant to ensure fairness, notice, and an opportunity to be heard for unnamed investors who did not appear before the court. This was accomplished by Judge Dorancy. Her Honor inquired, and was informed, that the proposed settlement terms were explained to the Li Plaintiffs in writing and in two lengthy town hall meetings. Judge Dorancy then followed C.R.C.P. 23.1 by requiring notice of the settlement terms to all limited partners in CRCPS and granting them an opportunity to reach out directly to the Court to voice their opinion on the fairness of the settlement. No objections were voiced, only approvals. After the time period for comments expired, Judge Dorancy reviewed the substance of the settlement agreement and approved the settlement. This avoided further litigation and an imminent trial that would have been costly.

Judge Dorancy applied C.R.C.P. 23.1 scrupulously, using procedures that satisfy Fed. R. Civ. P. 23.1, from which C.R.C.P. 23.1 was drawn. Accordingly, the Li Plaintiffs don't see any benefit in this Court ordering identical procedures under Fed. R. Civ. P. 23.1 to approve the same terms. A dismissal with prejudice makes more sense, given that courts have satisfied their obligation (in derivative cases) to allow the unnamed investors to be notified of the settlement and be heard by the court. Therefore, the Li Plaintiffs ask that this Court grant the *Joint Motion to*

*Dismiss* and to note that no further claims of any kind remain between the named litigants. A dismissal *with prejudice* is justified.

Dated: August 8, 2023                              Respectfully Submitted,

/s/ Douglas Litowitz
413 Locust Place
Deerfield, IL 60015
312-622-2848
Litowitz@gmail.com

**Certificate of Service**
This document was filed on the ECF system for the District of Colorado on August 8, 2023.