# In the United States District Court
# for the District of Colorado

Civil Action No. 1:19-cv-02443-RM-STV
—*Consolidated with* No. 19-cv-2637-RM-STV

JUN LI, *et al.*, individually and derivatively for Colorado Regional Center Project Solaris LLLP,

    Plaintiffs,

v.

WAVELAND VENTURES LLC, *et al.*,

    Defendants.

## Solaris Property Owner, Solaris Property Owner I and Peter Knobel's Brief in Response to the Other Parties' Joint Motion to Dismiss This Action

Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC ("SPO I"), and Peter Knobel (collectively, "SPO Defendants"), through their counsel, submit this Brief in response to the other parties' joint motion to dismiss this action ("Joint Motion") (Doc.484) and in accordance with the Court's Order (Doc.486).

## Introduction

The *Li* Plaintiffs and *Cui* Plaintiffs (collectively, "Plaintiffs") brought a patently and substantially groundless action against the SPO Defendants. After maintaining the action for four years they settled with some of the defendants, i.e., the CRC Defendants, and now want simply to be done. The SPO Defendants respectfully take the position that

Plaintiffs should not be "done" until they have discharged their derivative contractual obligations under the Loan Agreement and their duties to this Court.

As the Court referenced in its Order, Plaintiffs have paid to the SPO Defendants, as the prevailing party under the Loan Agreement, attorney fees incurred through July 21, 2021. Exclusive of fees incurred in the appeal, the SPO Defendants have incurred fees in district court proceedings from July 22, 2021 through the current date. The fee-shifting provision in the Loan Agreement contemplates that the non-prevailing party will suffer no attorney-fee harm. So Plaintiffs must pay for these fees. However, after reviewing the case law on the procedure to be followed, the SPO Defendants stipulate under Federal Rule of Civil Procedure 41(a)(1)(A)(2) to dismissal with prejudice of Plaintiffs' actions and will move separately for attorney fees and costs.

As to Plaintiffs' duties to this Court: The Court previously amended the judgment under Rule 59(e), found counsel for the *Li* Plaintiffs and counsel for the *Cui* Plaintiffs violated Rule 11(b) in their prosecution and maintenance of certain claims against the defendants, and awarded attorney fees. Doc.377 at 9-12; Doc.415 at 4. The Tenth Circuit vacated the fee awards, in part because after its decision to remand there may not yet have been a "final adjudication," 15 U.S.C. § 78u-4(c)(1), for Private Securities Litigation Reform Act purposes. Dismissal of an action with prejudice constitutes a final adjudication under the PSLRA. Accordingly, as the Court recognized, under the PSLRA "it is mandatory" that the Court now make Rule 11 findings. Doc.377 at 5.

# Discussion

## I. The SPO Defendants' position on the Joint Motion.

On August 7, 2023, the Court directed the SPO Defendants to set forth their position on the Joint Motion. Doc.486, at 3.

The SPO Defendants take this position: They stipulate under Rule 41(a)(1)(A)(2) to dismissal with prejudice of Plaintiffs' actions and will move separately under Rule 54(d) and the Loan Agreement's fee-shifting provision for attorney fees incurred after July 21, 2021.

## II. The SPO Defendants are entitled to recover unreimbursed attorney fees and costs under the Loan Agreement as the prevailing parties.

**Facts.** CRCPS and SPO I in 2010 signed a Loan Agreement with an expansive fee-shifting provision:

> In the event of any litigation arising out of this Loan, the prevailing party, in addition to any other rights or remedies to which it may be entitled, shall be awarded its reasonable expenses incurred in enforcing or defending such action. This includes, subject to any limits under applicable law, attorneys' fees and legal expenses, . . . including . . . appeals, and any anticipated postjudgment collection services, the prevailing party also will be entitled to recover any court costs, in addition to all other sums provided by law.

Doc.344-1 § 20(vi). The Court is familiar with the SPO Defendants' entitlement to attorney fees as the prevailing parties under the Loan Agreement. *See* Doc.413. The Court awarded the SPO Defendants for attorney fees incurred from the commencement of this consolidated action through July 21, 2021. *See, e.g.*, Doc.370 at 2; Doc.413 at 19.

3

Since July 21, 2021, Plaintiffs have caused the SPO Defendants to incur additional attorney fees. For example, they meritlessly contested the execution of the Court's fee award. *See, e.g.*, Doc.443. Additionally, after the Tenth Circuit entered its judgment:

- On November 14, 2022, the *Li* Plaintiffs moved in this Court to "strike" the attorney fees this Court awarded to the SPO Defendants ("*Li* Plaintiffs' Motion to Strike") (Doc.466), to which the SPO Defendants submitted a response (Doc.472).

- On May 17, 2023, the *Li* Plaintiffs accused the SPO Defendants' counsel in this Court of "presenting false evidence" and "fabricat[ing] and backdat[ing]" the Agreement Regarding Collateral Units, or ARCU ("*Li* Plaintiffs' Notice of Ethical Violations") (Doc.479), to which the SPO Defendants submitted a response (Doc.482).

**Analysis.** Through their Joint Motion, the CRC Defendants, who have relinquished any claims for attorney fees against Plaintiffs,[1] the *Li* Plaintiffs and the *Cui* Plaintiffs' (collectively, "Movants") purport to preempt the SPO Defendants' contractual right to attorney fees. They do so by moving for "dismissal of the action, with prejudice, *and with each party responsible for their own attorney fees and costs*," Doc.484 at [1] (emphasis supplied). While the SPO Defendants stipulate to dismissal with prejudice, they do so under Rule 41(a)(1)(A)(2), which like Rule 41(a) generally does not presume to address any party's post-dismissal liability to any other party for attorney fees. In any case, Movants have no ability to empower this Court to preclude the SPO Defendants' recovery of their attorney fees under the Loan Agreement.

---

[1] Doc.485 at 10 ¶ 2(d); Doc.485 at 20 ¶ 2(b).

Procedurally, Rule 54(d)(2) provides that a claim for attorney fees and any nontaxable expenses "must be made by motion" filed "no later than 14 days after the entry of judgment." Neither judgment nor dismissal had occurred before today.

Substantively, a court has no discretion over whether to enforce a valid contractual fee-shifting provision. *See, e.g.*, *Prima Partners, LLC v. Waterhouse*, 2019 WL 9358725, at *1 (D. Colo. Sept. 4, 2019) ("Under the plain language of the contract, an award of prevailing party fees is mandatory."); *Brock v. Weidner,* 93 P.3d 576, 580 (Colo. App. 2004) (contract provision requires the award of attorney fees to the prevailing party). While a court has discretion to determine the reasonable amount of prevailing party fees, it may not categorically decline to award such fees. *See Magenis v. Bruner*, 187 P.3d 1222, 1225-26 (Colo. App. 2008) (arbitrator had no discretion to deny prevailing party's fee motion based on contractual fee-shifting provision).

Although state law applies here,[2] Tenth Circuit law accords with this proposition. "[W]here contracting parties have agreed that a breaching party will be liable for attorneys' fees, the purpose of the award is to give the parties the benefit of that bargain, and the court's responsibility is to enforce that bargain." *U.S. for Use of C.J.C.,*

---

[2]Section 20(iii) of the Loan Agreement states that Colorado law applies to any dispute arising out of the Loan. And if this were not dispositive, the Tenth Circuit recognizes that "[c]ontractual obligations are created by state law" and therefore "the general presumption is in favor of applying state law" to contract provisions even where jurisdiction is based on federal claims. *Madsen v. Prudential Fed. Sav. & Loan Ass'n*, 635 F.2d 797, 802–03 (10th Cir. 1980).

5

*Inc. v. W. States Mech. Contractors, Inc.*, 834 F.2d 1533, 1548 (10th Cir. 1987). Discretion of the court is therefore limited such that "fees are routinely granted and [contracts] enforced according to [their] terms." *Student Mktg. Grp., Inc. v. Coll. P'ship, Inc.*, 247 Fed. Appx. 90, 103 (10th Cir. 2007) (quoting *U.S. ex rel. C.J.C.,* 834 F.2d at 1549)); *see also U.S. ex rel. Noyes v. Kimberly Constr., Inc.*, 43 F. App'x 283, 289 (10th Cir. 2002) (finding abuse of discretion where district court reduced requested fees by half without justifying the reduction).

As the Court already determined, the SPO Defendants are the prevailing parties, given the claims against them were dismissed. Moreover, the Tenth Circuit upheld the dismissal of the claims and the fee awards under the Loan Agreement (the latter of which plaintiffs did not challenge on appeal). The SPO Defendants are entitled to their reasonable attorney fees incurred since July 21, 2021.

Nor do Movants have any claim the Court lacks jurisdiction post-dismissal to consider the SPO Defendants' on-remand motion for attorney fees. Rule 54(d) does not *permit* a fee motion before judgment. In any case, It is well-established that, while a court loses jurisdiction over the merits of a case following dismissal, it retains jurisdiction over collateral matters such as fees and sanctions. *E.g.*, *Lundahl v. Halabi*, 600 F. App'x 596, 605-06 (10th Cir. 2014). This includes where a defendant moves for fees after a plaintiff, like Movants here, secures a dismissal with prejudice under Rule 41(a)(2). *See, e.g.*, *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214 (10th Cir. 2006).

Other than saying it three times, the Joint Motion doesn't say why "each party" should be "responsible for their [sic] own attorney fees and costs." Doc.484 at [1], 4 & 7. They do note that the SPO Defendants "have already executed" on the Court's prior fee award. *Id.* at 2 n.1. But that fact has no bearing on whether the SPO Defendants are entitled under the Loan Agreement to *additional* fees incurred in this action, particularly when one or more of the Movants *caused* them to incur those fees. They also point out that the Tenth Circuit denied the SPO Defendants' motion under the Loan Agreement for appellate fees. *Id.* But the Tenth Circuit denied the motion because, it found, "the SPO Defendants have not made a sufficient showing to warrant a fee award for this appeal." Doc.463 at 2. Neither the finding nor the ruling bears on the motion for attorney fees we intend to file here on remand: (a) we intend to make a sufficient showing for a fee award, much as we did for the first fee award; and (b) we do not intend to move under the Loan Agreement for an award of appellate fees.

The *Li* Plaintiffs argue the SPO Defendants "lack standing" to move for attorney fees because "they were dismissed as parties" and "already received fees against the *Li* Plaintiffs." Doc.487 at 1-2. Both points are meritless. If dismissal, or a judgment, deprived a party of standing to pursue attorney fees, then no party would be able to move under Rule 54(d) for attorney fees. Here, the SPO Defendants' injury in fact is the incurring of attorney fees occasioned by Plaintiffs' litigation against them. As we suggested earlier, the Loan Agreement does not provide that the prevailing party is

7

entitled to move for attorney fees only once; nor does it provide that the non-prevailing party need only pay once. So long as Movants continue to cause the SPO Defendants to incur attorney fees, they must pay, because they contracted to pay.

The *Cui* Plaintiffs repeat the same arguments and add: "the SPO Defendants were not the prevailing party on Appeal [sic] as to the *Cui* Plaintiffs, as the SPO Defendants Motion [for appellate fees] was denied"; and "the Tenth Circuit vacated all awards of attorney's fees in this action." Doc.488 at 2-3. Both arguments are factually wrong. The Tenth Circuit did not deny our motion for appellate fees because we were not the prevailing party on appeal—the Tenth Circuit's judgment on the merits speaks for itself—but because we did not make a "sufficient showing" of entitlement to appellate fees. And, as this Court noted, the Tenth Circuit did not vacate "all awards of attorney's fees in this action." Doc.486 at 2.

### III. Because of the stipulated dismissal with prejudice, the Court must conduct under the PSLRA a Rule 11 analysis of the parties' conduct.

**Facts.** As this Court discussed in the order granting the SPO Defendants' Rule 59(e) motion, upon a "final adjudication" of a federal securities fraud action, the PSLRA requires that a court make specific findings regarding compliance by each attorney representing any party with each requirement of Rule 11(b). Doc.377 at 3-4 (quoting § 788u-4(c)(1)). This Court reviewed Plaintiffs' counsel's submissions, found that Attorney Litowitz and Attorney Stewart violated Rule 11(b) with respect to a range of claims they asserted, and imposed sanctions against them. Doc.415 at 8-15, 19. As to

8

Attorney Litowitz, the Court found that four of the five claims he brought were frivolous: federal securities fraud, state securities fraud, civil theft, and breach of fiduciary duty. *Id.* at 8-11. As to Attorney Stewart, the Court found the following claims he brought were frivolous: fraud, federal securities fraud, and breach of fiduciary duty. *Id.* at 13-15.

The Tenth Circuit vacated the Rule 11 fee awards on two grounds. One, as to the claim for fiduciary breach by CRC I, Plaintiffs either did, or should have been given an opportunity to, plead it properly, and so the court remanded the case for further proceedings. Two, because it was remanding for further proceedings, the Tenth Circuit questioned whether there any longer was a "final adjudication" for PSLRA purposes and so any Rule 11 award might be premature. *See* Doc.457 at 38-41 & nn.27-29. Otherwise, the Tenth Circuit did not disturb this Court's Rule 11 findings. *See id.* at 41 ("Nothing in this Order and Judgment should necessarily prevent the district court from revisiting whether it should award attorney fees under Colorado law or the PSLRA at the conclusion of proceedings on remand.").

**Analysis.** A final adjudication under the PSLRA is a "terminating decision, such as a . . . *dismissal with prejudice without leave to amend*." *DeMarco v. Depotech Corp.*, 131 F. Supp. 2d 1185, 1187 (S.D. Cal. 2001) (emphasis supplied), *aff'd*, 32 F. App'x 260 (9th Cir. 2002), *and cited with approval in In re Cross Media Mktg. Corp. Sec. Litig.*, 314 F. Supp. 2d 256, 269 (S.D.N.Y. 2004), *and Hilkene v. WD-40 Co.*, No. CIV A 04-2253-KHV,

2007 WL 470830, at *1 (D. Kan. Feb. 8, 2007); *accord Polar Int'l Brokerage Corp. v. Reeve*, 120 F. Supp. 2d 267, 268 n.1 (S.D.N.Y. 2000).

We understand the *Li* Plaintiffs' "desire . . . that this lawsuit be closed as to issues of both substance and procedure," Doc.487 at 2, but we suggest the Court's PSLRA analysis need not take up much additional time. The Court already has conducted a Rule 11 review of the parties' submissions, *see generally* Doc.415, and received the parties' submissions about whether they complied with Rule 11, *e.g.*, Docs.381 & 400. Except for the Tenth Circuit's holding on Plaintiffs' fiduciary-breach claim, nothing has changed and we respectfully submit it is not necessary to re-do the Rule 11 review.

We would not agree that the PSLRA review is discretionary or makework merely because (a) Attorney Litowitz's and Attorney Stewart's clients "satisfied," Doc.488 at 3, the fee awards entered alternatively under the Loan Agreement, section 13-17-201, C.R.S. (2021), and Rule 11, or (b) the CRC Defendants have relinquished any claim to a fee award against Plaintiffs. As the Notes of the Advisory Committee on Rules said in connection with the 1993 amendments to Rule 11: "Since the purpose of Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty." This particularly is true of, as here, Rule 11(b) violations.

Nor would the SPO Defendants' application for supplemental attorney fees take up much time. Plaintiffs previously did not challenge the reasonableness of the SPO

Defendants' attorneys' hourly rates, and the additional fees incurred in the district court proceedings are limited to the period July 21, 2021-September 2023—during a large part of which the appeal was pending.

## Conclusion

The SPO Defendants, along with the other parties, stipulate to dismissal of Plaintiffs' action. They will pursue their attorney fees and costs under Rule 54(d). Nonetheless, we respectfully submit that the Court should issue PSLRA findings.

August 21, 2023

Respectfully submitted,

*s/ Ty Gee*

*s/ Delanie Grewe*

Ty Gee
Heather R. Hanneman
Delanie Grewe
HADDON, MORGAN AND FOREMAN, p.c.
950 Seventeenth Avenue, Suite 1000
Denver, CO 80202
Tel 303.831.7364
tgee@hmflaw.com; hhanneman@hmflaw.com; dgrewe@hmflaw.com

*Attorneys for Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel*