# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Li, et al.,

        Plaintiffs,                      No. 19-cv-02443

                                              Hon. Judge Moore
       v.                             Hon. Magistrate Varholak

Colorado Regional Center Project Solaris LLLP,
        Nominal Defendant,

       v.

Colorado Regional Center I, LLC, et al.
        Defendants.

---

**Li Plaintiffs' Response to SPO Defendants'** *Motion for Extension of Time* **(Doc. 493)**

---

The SPO Defendants' *Motion for Extension of Time* (Doc. 493) should be denied because (i) their forthcoming motion for something akin to 'attorney fees on remand' is groundless, and (ii) they have **six** lawyers assigned to this case who could have each submitted the motion on time, so they cannot show hardship or "good cause" for an extension that will only overcomplicate this already-dismissed case.

**1. SPO's Pursuit of Something Akin to 'Attorney Fees on Remand' is Groundless**

In the District Court, His Honor awarded fees to the SPO Defendants under the PSLRA. He also awarded "prevailing party" fees to defendant Knobel under a fee-shifting provision in the Loan Agreement to which Knobel was not even a "party." His Honor's theory was that even though the Li Plaintiffs stated a claim for breach of the Loan Agreement by Knobel's wholly owned company SPOI under Colorado law, Knobel himself somehow "prevailed" under Federal law when the Court denied supplemental jurisdiction over the claim, which was refiled in state

court (Docs. 335, 413). In other words, this Court used Federal procedural law instead of State substantive law to determine the "prevailing party" status under a contract.

On appeal, the 10th Circuit issued a mixed opinion affirming SPO's dismissal but struck all fees awarded under the PSLRA, and denied SPO's request for appellate fees and costs (Docs. 457, 463).

Further, the 10th Circuit's mandate held that "prevailing party" status under a contract must be determined by substantive State law, not by Federal law. In other words, it appears that the District Court erred by using Federal law in declaring Knobel the "prevailing party" under the Loan Agreement when His Honor should have applied the Colorado law of contracts under which Knobel could not have been the prevailing party entitled to fees.

In light of this mandate, on remand the Li Plaintiffs moved to strike the fees awarded to Knobel as the "prevailing party" based on Federal instead of state law (Doc. 466). This motion was directed at the Court alone, arguing that the Court alone should unilaterally revoke its fee award to Knobel in light of the 10th Circuit mandate. No filing was sought or required from the SPO Defendants.

Despite not being invited, the SPO Defendants voluntarily responded to this motion which was addressed to the Court (Doc. 472). The motion was never decided since the case was settled.

Several months later, the SPO Defendants voluntary filed another submission. The occasion was that the Li Plaintiffs discovered that the CRC and SPO Defendants had misrepresented the signature date of a pivotal document in the case, thereby misleading the Plaintiffs and the Court. The Li Plaintiffs asked for an in-person hearing as to whether defense counsels violated the Colorado Rules of Professional Conduct (Doc. 479; May 17, 2023). As before, the motion was addressed to the Court itself – not to the SPO Defendants. And as before, no hearing took place and no decision was made because the case was settled.

**In other words, on remand, the SPO Defendants did not have to file a single document. They unilaterally chose to throw themselves into motions that the Li Plaintiffs addressed to the Court itself, and no demand was ever made for the SPO Defendants to submit any filings. Nothing on which they intervened was ever heard, and nothing on which they intervened was ever decided, because the case was settled and dismissed.**

The Li Plaintiffs have no desire to open a can of worms. But if the SPO Defendants persist in seeking 'fees on remand' (for submissions they chose to make *after* their dismissal), the Li Plaintiffs will be compelled to challenge and appeal this Court's original fee award to defendant Peter Knobel as "prevailing party" under the Loan Agreement, since this award violated the 10th Circuit mandate as well as precedents in both the 10th Circuit and Colorado: (i) a <u>non-party</u> to a contract cannot be the prevailing <u>party</u> on the contract; (ii) the determination of prevailing party status takes place only *after* a ruling on the contract's merits and not on procedural grounds; and (iii) prevailing party fees under a contractual provision must be decided on substantive State law of contracts with no reference to Federal procedural law. These arguments are outlined in Li Plaintiffs' motion at Doc. 466, and they cast extreme doubt on the award of fees to Knobel as a prevailing party under the Loan Agreement to which he was a non-party in the first place. It would be folly for the Court to wade back into these matters.

Even worse, if this Court hears SPO's motion for fees on remand, this Court will have to deal with the fact that Peter Knobel does not recognize the loan documents on which this Court said he was the "prevailing party." This is from his deposition:

> **Litowitz:** It [the Loan Agreement] says, 'Solaris Property Owner LLC by Solaris Mezz LLC, a Delaware limited liability company, by Peter Knobel." So we have a document that you signed for Solaris Mezz. Does that refresh your memory as to what Solaris Mezz is?
> **Knobel:** No.

3

| | |
|---|---|
| **Litowitz:** | [Showing Knobel the Promissory Note] Mr. Knobel, have you seen this document before? |
| **Knobel**: | No idea. |
| **Litowitz**: | So go back up to the top and it'll say, "Promissory Note, promise to pay." Do – do you see that? |
| **Knobel:** | Second line – oh, promissory note, yes. |
| **Litowitz:** | So you're not familiar with this document or you are, can you clarify? |
| **Knobel:** | I'm not familiar with this document. |
| **Litowitz:** | [Showing Knobel the loan advances and collateral units which are Exhibit A to the Promissory Note] Now, are you – have you ever seen this Exhibit A, Mr. Knobel? |
| **Knobel:** | No. |
| **Litowitz:** | Do you know what this is? |
| **Knobel:** | Not that I remember, no. |
| **Litowitz**: | [W]hen is the prepayment period under the promissory note? |
| **Knobel**: | Whatever you say it is. |
| **Litowitz:** | Are you familiar with the document called ARCU [agreement regarding collateral units]? |
| **Knobel:** | No. |

Deposition of Peter Knobel, Tr. at pp. 9, 14, 23, 27, attached as **Exhibit 1** hereto. There is no reason to keep this case alive just to degrade into a circus where the man designated as "prevailing party" cannot recognize the contracts on which the court said he prevailed. This will likely lead to mental examinations as to capacity to contract since Knobel claims he has a learning disability that prevents him from understanding contracts, which is why he cannot recognize the contracts that bear his signature in this case. SPO is asking this Court to open a can of worms that will take another year, just to get fees for documents they didn't need to file in a case where they were already dismissed.

4

**2. SPO's counsel lacks "good cause" for an extension under this Court's Practice Standards since the SPO Defendants have six (6) lawyers of record who could have made a timely filing.**

This case was settled and dismissed on August 22, 2023 (Doc. 492). SPO's demand for fees is due 14 days later -- September 5, 2023. Fed. R. Civ. P. 54(d)(2)(B)(i). As of 2:00 on the deadline of September 5th they had not filed anything.

The law firm representing the SPO Defendants staffed this case with six (6) lawyers of record on the docket: Harold Haddon, Christopher Montville, David Maxted, Ty Gee, Delanie Grewe, and Heather Hannenman. Despite having 6 lawyers on the case (and an unknown number of paralegals and staff members) the SPO Defendants could file a motion within a two-week deadline they knew was coming.

This Court's Civ. Practice Standard IV.K.1 allows extensions of time due to unanticipated and unavoidable situations <u>where other attorneys in a firm cannot cover</u>:

> Unless the circumstances are unanticipatable and unavoidable, the following do not constitute good cause: inconvenience to counsel or parties, press of other business, scheduling conflicts (especially when more than one attorney has entered an appearance for a party), or agreements by counsel.

The SPO Defendants have only scheduling excuses, as their lead counsel Ty Gee explained in a "woe is me' email of September 4 (a day before the motion is due) to the other lawyers:

> Counsel, we intend to move tomorrow for a seven-day extension of time to file the SPO Defendants' motion for attorney fees and costs. Our grounds will be these: Numerous deadlines complicated by travel and health issues. Delanie and I, together or separately, have multiple filings due this short week in addition to the fees motion. These other filings are on extension of time. My partner Adam [**not** on this case] and I have a Colorado Supreme Court brief due tomorrow: his ability to work on the brief has been affected by the health of his father . . . I am preparing an amendment to a complex complaint that is due at the end of the week. And both Delanie and I are working on two factually complicated motions due on Friday. Delanie is out of the state on a previously planned trip.

5

None of these are health issues or extraordinary circumstances suffered by attorneys of record. Nowhere is an explanation as to why the other 4 attorneys of record could not file the motion. Scheduling problems of their creation are not a "good cause" for keeping the case alive just to decide one remaining issue. If the SPO Defendants blow through a deadline they knew was coming, that is their choice and they have to live with it.

**Conclusion**

The parties have settled, and the case is dismissed. This Court should not let the SPO Defendants drag this case to infinity based on flimsy theories at the expense of other litigants and the Court.

Dated: September 5, 2023                    Respectfully Submitted,

/s/ Douglas Litowitz
413 Locust Place
Deerfield, IL 60015
312-622-2848
Litowitz@gmail.com

**Certificate of Service**
This document was filed on the ECF system for the District of Colorado on September 5, 2023.