# In the United States District Court
# for the District of Colorado

Civil Action No. 1:19-cv-02443-RM-STV
—*Consolidated with* No. 19-cv-2637-RM-STV

JUN LI, *et al.*, individually and derivatively for Colorado Regional Center Project Solaris LLLP,

    Plaintiffs,

v.

WAVELAND VENTURES LLC, *et al.*,

    Defendants.

## Defendants Solaris Property Owner, Solaris Property Owner I and Peter Knobel's Motion for Attorney Fees

Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC ("SPO I"), and Peter Knobel (collectively, "SPO Defendants"), through their counsel, move under Federal Rule of Civil Procedure 54(d)(2) and the parties' Loan Agreement for an award of attorney fees.

Counsel for the SPO Defendants conferred with all counsel regarding the relief requested in this Motion. The *Li* Plaintiffs and *Cui* Plaintiffs oppose. The CRC Defendants reserve their right to oppose after reviewing this Motion.

## Introduction

The *Li* Plaintiffs and *Cui* Plaintiffs (collectively, "Plaintiffs") initiated this derivative action four years ago, which implicates a Loan Agreement under which the prevailing party is entitled to attorney fees. In 2021 this Court dismissed all claims against

the SPO Defendants. After finding the SPO Defendants were the prevailing parties, the Court awarded them under the Loan Agreement their attorney fees incurred through July 21, 2021. Plaintiffs did not challenge the award, and the Tenth Circuit affirmed it.

Since July 21, 2021, the date of the last attorney fees submitted by the SPO Defendants for payment under the Loan Agreement, Plaintiffs have caused the SPO Defendants to incur additional attorney fees in the district court proceedings. The SPO Defendants remain the prevailing parties in this litigation. Under the Loan Agreement, they are entitled to their attorney fees for the period July 22, 2021 through the conclusion of this proceeding for recovery of their attorney fees.

## Facts

Although the SPO Defendants assume the Court's familiarity with the background of this case, we provide this summary of the relevant procedural history to facilitate the Court's evaluation of this fee request.

**District court proceedings.** Colorado Regional Center Project Solaris, LLLP ("CRCPS"), loaned SPO I money under a 2010 Loan Agreement. Plaintiffs are two groups of Chinese investors, who each purchased a limited partnership interest in CRCPS as part of an approved EB-5 program to obtain lawful permanent residency in the United States.

In August 2019, the *Li* Plaintiffs sued the SPO Defendants for actions arising out of the Loan Agreement. The *Cui* Plaintiffs brought a similar action shortly afterward. The Court ultimately dismissed all Plaintiffs' claims against the SPO Defendants—some

pursuant to the SPO Defendants' motion to dismiss, and the remaining state-law claims after declining to exercise supplemental jurisdiction over them. *See* Doc.271 at 7-8; Docs.333 & 334 at 7-8.

The SPO Defendants moved for attorney fees against both sets of Plaintiffs under, among other grounds, the Loan Agreement. Doc.344. The Court granted the SPO Defendants' fees motion on October 29, 2021. Doc.413. The Court found that the SPO Defendants were the prevailing parties under the Loan Agreement. *See id.* at 8-9. It further found the SPO Defendants' requested fees were reasonable.[1] It acknowledged the complexity of the case, the substantial volume of filings in the action, and the typical rates in this locale, and concluded that the amount sought was reasonable. *See id.* at 16-18.

The Court awarded the SPO Defendants $321,397.47 in fees: $244,020.68 against the *Li* Plaintiffs, and $77,376.79 against the *Cui* Plaintiffs. *Id.* at 19.

None of the Plaintiffs paid the fees. So the SPO Defendants moved for charging orders against them. *See* Docs.429 & 430. The *Li* Plaintiffs "strenuously opposed," Doc.443 at 6, the motion. *See* Doc.431. The *Cui* Plaintiffs did not concede the motion but also did not file a response. The Court granted both motions. Doc.443 at 9-11.

---

[1] Although the *Li* Plaintiffs did not challenge the reasonableness of the SPO Defendants' requested fees—instead relying on their "prevailing party" argument—the Court nonetheless conducted an independent analysis of the reasonableness of the fee rates and hours expended. *See id.* at 16-18.

The Tenth Circuit affirmed the fee award in its entirety as relevant to this Motion. *See* Doc.457 at 35-41; *see also* Doc.492 at 3 (district court order on remand providing that "the Court's previous Orders on fees awarded under the Loan Agreement stand").

**Remand proceedings.** On remand, the *Li* Plaintiffs moved to strike the attorney fees this Court awarded to the SPO Defendants. Doc.466. The SPO Defendants responded. Doc.472. Thereafter the *Li* Plaintiffs filed a "notice" accusing counsel for the SPO Defendants of ethical violations, Doc.479, to which the SPO Defendants objected, Doc.482.

In June 2023 CRCPS and Plaintiffs entered into a "global" settlement agreement resolving their disputes in this action and two related state court actions. Thereafter the CRC Defendants and Plaintiffs jointly moved to dismiss this action with prejudice ("Joint Motion") and suggested that the Court should ignore the Loan Agreements' fee-shifting provision. *See* Doc.484. The SPO Defendants responded. Doc.490. The Court granted the Joint Motion and dismissed the action with prejudice. Doc.492. The Court further "[a]cknowledge[d] that SPO Defendants have indicated their intention to file for additional fees." *Id.* at 3.

## Discussion

The SPO Defendants seek attorney fees incurred by Haddon, Morgan and Foreman, P.C. ("HMF") in this action, at the district court level, from July 22, 2021, to

the present.² The fee request includes those fees incurred in preparing this Motion, as the Tenth Circuit authorizes. *See, e.g.*, *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1254 (10th Cir. 1998) (citing cases).

This action was consolidated to take advantage of common issues and facts while addressing differences separately. Accordingly, where appropriate, we address together common issues and facts and address separately the differences in the *Li* action and *Cui* action.

I. **The SPO Defendants are entitled to recover their attorney fees under the Loan Agreement for the period after July 21, 2021.**

**Standard of review.** A court is required to enforce an attorney fee-shifting provision in a contract. *See, e.g.*, *Prima Partners, LLC v. Waterhouse*, 2019 WL 9358725, at *1 (D. Colo. Sept. 4, 2019) ("Under the plain language of the contract, an award of prevailing party fees is mandatory."); *Brock v. Weidner*, 93 P.3d 576, 580 (Colo. App. 2004) ("[B]ecause defendants are the prevailing parties, the trial court is required to award them reasonable attorney fees."); *see also Magenis v. Bruner*, 187 P.3d 1222, 1225-26 (Colo. App. 2008) (holding that arbitrator lacked discretion to deny fee motion based on contractual fee-shifting provision).³

---

²The Court awarded the SPO Defendants attorney fees incurred from the commencement of this action through July 21, 2021. *See, e.g.*, Doc.370 at 2; Doc.413 at 19.

³Colorado law applies to the interpretation of contractual provisions such as the fee-shifting provision. *See* SPO Defs' Br. in Resp. to Joint Motion, Doc.490, at 5 n.3. The law is the same in the Tenth Circuit. *E.g.*, *Student Mktg. Grp. v. Coll. P'ship, Inc.*, 247

**Facts.** The Loan Agreement provides that the prevailing party in any dispute over the agreement is entitled to attorney fees, expenses and costs, both before and after judgment:

> In the event of any litigation arising out of this Loan, the prevailing party, in addition to any other rights or remedies to which it may be entitled, shall be awarded its reasonable expenses incurred in enforcing or defending such action. This includes, subject to any limits under applicable law, attorneys' fees and legal expenses, . . . including . . . appeals, and any anticipated postjudgment collection services, the prevailing party also will be entitled to recover any court costs, in addition to all other sums provided by law.

Doc.344-1 § 20(vi).

**Analysis**. The Court already has found the SPO Defendants are the prevailing parties under the Loan Agreement and are entitled to attorney fees under Section 20(vi) of the Loan Agreement. *See* Doc.413 at 6-9. We incorporate here by reference the Court's findings and fee award in Doc.413. As noted above, the Tenth Circuit affirmed the Court's findings and fee award, and this Court acknowledged the affirmance and ordered that "the Court's previous Orders on fees awarded under the Loan Agreement stand," Doc.492 at 3.

In opposing the original fees motion, the *Li* Plaintiffs argued the SPO Defendants were not the prevailing parties because the Court dismissed the *Li* Plaintiffs' contract claim without prejudice on jurisdictional grounds. This Court rejected the argument,

---

F. App'x 90, 103 (10th Cir. 2007) ("fees are routinely granted and [contracts] enforced according to [their] terms.").

6

citing *Allen v. Lang*, 738 F. App'x 934, 945 (10th Cir. 2018). Doc.413 at 8. The Court said that to the extent the *Cui* Plaintiffs made the same argument, it too would be rejected for the same reason. *See id.* at 9.

Following dismissal the *Li* Plaintiffs asserted in state court a similar contract claim under the Loan Agreement. Notably the *Li* Plaintiffs ultimately dismissed their state court action with prejudice and stipulated that the SPO Defendants are the prevailing parties under the Loan Agreement, and the state court approved the stipulation. EXHIBIT A (Denver District Court order approving stipulated dismissal).

The Tenth Circuit's order and the state court proceedings confirm what this Court determined nearly two years ago: the SPO Defendants are the prevailing parties under the Loan Agreement. They are entitled to their attorney fees incurred since July 21, 2021. *See, e.g.*, *Prima Partners*, 2019 WL 9358725, at *1; *Brock*, 93 P.3d at 580.

## II. The SPO Defendants' requested fees are reasonable and necessary.

To determine reasonable "prevailing party" attorney fees, a court calculates a "lodestar" amount, which represents the number of hours reasonably expended by the timekeepers multiplied by a reasonable hourly rate. *E.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), *quoted in Homeward Bound, Inc. v. Hissom Mem'l Ctr.*, 963 F.2d 1352, 1355 (10th Cir. 1992), *and cited in Deatley v. Allard*, No. 14-CV-00100-RM-KMT, 2015 WL 1740368, at *2 (D. Colo. Apr. 13, 2015). There is a "strong presumption that the lodestar figure . . . represents a reasonable fee." *Pennsylvania v. Delaware Valley Citizens' Council*

*for Clean Air*, 478 U.S. 546, 565 (1986), *supplemented*, 483 U.S. 711 (1987), *and quoted in Homeward Bound*, 963 F.2d at 1355.

The total fees the SPO Defendants request are as follows:

|  | Hours Expended | Fees |
|---|---|---|
| *Li* Action | 114.7 | $41,166.75 |
| *Cui* Action | 43.34 | $18,044.75 |
| **Total** | **158.04** | **$59,211.50** |

These fees are reasonable and were necessarily incurred. *See* EXHIBIT B ¶¶ 8-35 (Gee Declaration).

A. **Hourly rates.**

A reasonable hourly billing rate is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guarneros v. Denver Green Party*, No. 1:19-cv-00139-RM-NYW, 2020 WL 7055493, at *6 (D. Colo. Dec. 2, 2020); *see Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt*, 295 F.3d 1065, 1078 (10th Cir. 2002). A court may use its own knowledge of the prevailing market rate to determine whether the claimed rate is reasonable. *Guarneros*, 2020 WL 7055493, at *6. The requesting party has the burden of showing the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Id.*

Each of the HMF attorneys' billing rates in this action is well within the range of rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. EXHIBIT B ¶ 8. Attorney Gee's rate in this

8

Fees Motion is $550 an hour, within the rates the Court previously found reasonable. *See* Doc.413 at 8, 16, 28. Attorneys Heather R. Hanneman's and Delanie Grewe's respective hourly rates, $530 and $315, also are reasonable. *See* EXHIBIT B ¶¶ 11-12.

The hourly rates for HMF's other two timekeepers—paralegals—range from $100 to $150. EXHIBIT B ¶¶ 13-14. These hourly rates are well within the range customarily charged in the Denver area for paralegals of similar skill, experience, and reputation. *Id*.

### B. Hours expended.[4]

Factors considered in the reasonableness of the numbers of hours spent by counsel for the prevailing party include (1) the hours that would be properly billed to one's client in accordance with good billing judgment; (2) time spent on specific tasks; and (3) duplication of efforts. *Deatley,* 2015 WL 1740368, at *2 (citing *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996)).

The Gee Declaration discusses in detail the expenditure of time in the *Li* action and *Cui* action. EXHIBIT B ¶¶ 15-33.

- Attachments B-3 and B-4 to EXHIBIT B are, respectively, the (1) detailed time records and (2) summary of time and fees in the *Li* action.

- Attachments B-5 and B-6 to EXHIBIT B are, respectively, the (1) detailed time records and (2) summary of time and fees in the *Cui* action.

The Gee Declaration addresses each of the *Deatley* factors. *See* EXHIBIT B ¶¶ 25-33.

---

[4] HMF timekeepers allocated their time separately in the *Li* action and *Cui* action. *See* EXHIBIT B ¶ 6.

1. **The SPO Defendants' fees as to the *Li* Plaintiffs.**

HMF's timekeepers expended 114.7 hours in defense of the *Li* action since July 21, 2021. This is a reasonable number of hours to defend this action. EXHIBIT B ¶¶ 24, 33 (Gee Declaration).

The SPO Defendants incurred attorney fees in the *Li* action primarily in connection with six matters, as discussed in Paragraph 29 of the Gee Declaration (EXHIBIT B):

- Litigation relating to the Court's Rule 59(e) Order regarding the PSLRA. *See, e.g.*, Doc.404.

- Litigation concerning the SPO Defendants' execution against the *Li* Plaintiffs of the order awarding them attorney fees. *See, e.g.*, Docs.430-432.

- Post-remand litigation concerning the *Li* Plaintiffs' motion to "strike" the Court's award of $321,397.47 in attorney fees to the SPO Defendants. Doc.472.

- Post-remand litigation concerning the *Li* Plaintiffs' "Notice" accusing the SPO Defendants' counsel of ethical violations in connection with CRCPS and SPO I's agreement to backdate the ARCU and requesting that the Court take action against the SPO Defendants' counsel. Doc.482.

- Post-remand litigation concerning the CRC Defendants' and Plaintiffs' joint motion to dismiss the Lawsuit with prejudice. The motion suggested the Court should ignore the Loan Agreement's fee-shifting provision and require each party to bear its own attorney fees and costs. *See* Doc.484 at [1], 4 & 7.

- Preparation of this Fees Motion and its exhibits.

The time expended in these and other matters since July 21, 2021 is reasonable and was necessarily incurred. The resulting lodestar amount of $41,166.75 is subject to a

"strong presumption," *Delaware Valley Citizens' Council*, 478 U.S. at 565, that it is reasonable.

### 2. The SPO Defendants' fees as to the *Cui* Plaintiffs.

HMF's timekeepers expended 43.34 hours in defense of the *Cui* action since July 21, 2021. This is a reasonable number of hours to defend this action. Exhibit B ¶¶ 24-28, 30, 34-35 (Gee Declaration).

The SPO Defendants incurred attorney fees in the *Cui* action primarily in connection with four matters, as discussed in Paragraph 30 of the Gee Declaration (Exhibit B):

- Litigation relating to the Court's Rule 59(e) Order regarding the PSLRA. *See, e.g.*, Doc.404.

- Litigation concerning the SPO Defendants' execution against the *Cui* Plaintiffs of the order awarding them attorney fees. *See, e.g.*, Doc.429.

- Post-remand litigation concerning the CRC Defendants' and Plaintiffs' joint motion to dismiss the Lawsuit with prejudice. The motion suggested the Court should ignore the Loan Agreement's fee-shifting provision and require each party to bear its own attorney fees and costs. *See* Doc.484 at [1], 4 & 7.

- Preparation of this Fees Motion and its exhibits.

The time expended in these and other matters since July 21, 2021 is reasonable and was necessarily incurred. The resulting lodestar amount of $18,044.75 is subject to a "strong presumption," *Delaware Valley Citizens' Council*, 478 U.S. at 565, that it is reasonable.

## Conclusion

The Court should award to the SPO Defendants under the Loan Agreement their reasonable attorney fees.

September 8, 2023

Respectfully submitted,

*s/ Ty Gee*

*s/ Delanie Grewe*
Ty Gee
Heather R. Hanneman
Delanie Grewe
HADDON, MORGAN AND FOREMAN, P.C.
950 Seventeenth Street, Suite 1000
Denver, CO 80202
Tel 303.831.7364
tgee@hmflaw.com; hhanneman@hmflaw.com; dgrewe@hmflaw.com

*Attorneys for Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel*