# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Li, et al.,
    Plaintiffs,

        v.

Colorado Regional Center Project Solaris LLLP,
    Nominal Defendant,

        v.

Colorado Regional Center I, LLC, et al.
    Defendants.

No. 19-cv-02443

Hon. Judge Moore
Hon. Magistrate Varholak

---

### Li Plaintiffs' Response to SPO Defendants' *Motion for Attorney Fees* (Doc. 497)

---

The *Motion for Fees* (Doc. 497) seeks to alter this Court's Order that no one will receive "additional fees" for the remand phase of this lawsuit (Doc. 492).  The SPO Defendants, who were denied attorney's fees by the Tenth Circuit (Doc. 464), now insist that even though the case settled, they alone - and no other lawyers - should get attorney fees incurred on remand. The *Motion for Fees* is a non-starter for many reasons.

    First, the Tenth Circuit dismissed all claims against the SPO Defendants in Federal Court, making them *nonparties* on remand, so they cannot be *prevailing parties*.  They were not required to file a single document on remand.  They could have walked away from the Tenth Circuit decision without further expense, and should have done so. Instead, they voluntarily chose to submit filings during the remand phase, so these were not fees "necessarily incurred" (*Motion for Fees* at p. 10).

Second, attorney fees under the fee-shifting provision of the Loan Agreement are payable only to a "prevailing party" -- but this Court never held a hearing or made a decision on remand, so there was no prevailing party at the remand stage. Even if the Loan Agreement applied on remand – which it didn't – its prevailing party provision could not have been triggered.

Third, the SPO Defendants already recovered their attorney fees incurred while this Court had jurisdiction over the Loan Agreement, which was from the inception of the case until June 2021 (Doc. 413). In June 2021, this Court declined to exercise further supplemental jurisdiction over the claim for breach of the Loan Agreement because it was purely a state law issue (Doc. 334), and the claim was re-filed and jurisdiction transferred to Denver County State Court. The SPO Defendants cannot magically vest this Court with renewed Federal jurisdiction over the Loan Agreement for the sole purpose of giving it an award: if they want fees under the Loan Agreement that is a State court matter.

Fourth, the Tenth Circuit refused to give them prevailing party fees at the appellate level at a time when the SPO Defendants were still parties in this federal case (Doc. 464). Now that they are nonparties in this Federal action, there is even less justification to give them fees on remand. Again, they were not required to file a single document on remand.

Even worse, the *Motion for Fees* raises unnecessary confusion as to whether it is a Rule 54(d) motion for attorney fees or a Rule 59(e) motion to alter or set aside a previous Order. The SPO Defendants style it as a Rule 54(d) motion for fees but the Court already addressed the issue of fees in its dismissal Order, so the *Motion for Fees* appears to seek alteration or reversal of a preexisting Order, which is covered by Rule 59(e). Classification is relevant because the two Rules have different standards. This confusion tied the Tenth Circuit into knots in *Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010) as they tried to figure out whether a party's challenge to a denial of attorney fees is a motion under Rule 54(d) or 59(e) for purposes of calculating the timing of a

notice of appeal. There is no point in this Court buying trouble by engaging in a long analysis to figure out which Rule applies. As it happens, the Order denying additional fees is squarely within the reasonable discretion of this Court, and nowhere does the *Motion for Fees* demonstrate any judicial errors or abuses of discretion.

### 1. This Court lacks subject matter jurisdiction to decide prevailing party status under the fee-shifting provision of the Loan Agreement.

In June 2021 this Court declined to retain subject matter jurisdiction on claims surrounding the Loan Agreement, saying that it was purely a matter of state law (Doc. 334). The Court held that the SPO Defendants "prevailed" during the period that the Court had jurisdiction up until the Court declined jurisdiction: that is, they "prevailed" by getting the Court to dismiss on jurisdictional grounds (Doc. 413). Shortly thereafter, the claim for breach was severed from this Federal case and re-filed in State court.

The upshot is that the Loan Agreement (and its fee-shifting provision for prevailing parties) has not been within Federal jurisdiction for years. The *Motion for Fees* is simply the SPO Defendants returning to this Court in 2023 to enforce a contract provision over which the Court declined jurisdiction in 2021.

This tactic has met with zero success in other federal courts. This same move was attempted and rejected in the Middle District of Florida a few years ago:

> Having successfully convinced the Court to dismiss this case because the Court lacked subject matter jurisdiction over a state law claim, Defendants now return seeking attorneys' fees under state law as "prevailing parties." But lacking subject matter jurisdiction over the case, the Court is likewise without subject matter jurisdiction over the attorney fees claim.

*S-Owners Ins. Co. v. Maronda Homes, Inc. of Fla.*, No. 3:18-CV-1305-J-32MCR, 2020 WL 1451684, at *1 (M.D. Fla. Mar. 25, 2020), aff'd 2023 WL 3270065 (11th Cir. May 5, 2023); *W.G.*

3

*v. Senatore*, 18 F.3d 60, 64 (2nd Cir. 1994)("fee-shifting provisions cannot themselves confer subject matter jurisdiction"); *16 Front St. LLC v. Mississippi Silicon, LLC*, 162 F. Supp. 3d 558, 261 (N.D. Miss 2016)(earlier dismissal for lack of subject matter jurisdiction prevented federal court from awarding fees under fee-shifting provision).

Another way to express this principle is that dismissals for lack of subject matter jurisdiction have res judicata effect: a federal court cannot recapture disclaimed jurisdiction. 18A Wright & Miller, Fed. Prac. & Proc. Juris. §4436 (3rd ed. 2023)("There is little mystery about the res judicata effects of a judgment that dismisses an action for lack of subject matter or personal jurisdiction"). The SPO Defendants cannot demand in 2023 that this Court issue a fee award based on a Loan Agreement over which it disclaimed jurisdiction in 2021.

Nor can it be said that the Li Plaintiffs or this Court hailed the SPO Defendants back into this case at the remand stage: again, they could have walked away after the Tenth Circuit ruling and not spent a penny more on attorney fees. In fact, the SPO Defendants only made one filing on remand that had to do with the Loan Agreement, and that consisted of chiming in – uninvited - on a motion from the Li Plaintiffs to the Court itself (Doc. 470). The Court never held a hearing or decided on that matter, so the prevailing party language in the Loan Agreement could not have been triggered even if the Court had jurisdiction, which it didn't. All filings on remand by the SPO Defendants were voluntary, and they must absorb their costs for that.

2. **The Tenth Circuit dismissal of the SPO Defendants made them *nonparties* so they cannot claim prevailing *party* status on remand.**

The Tenth Circuit dismissed all claims against the SPO Defendants by its Mandate and denied them attorney fees by its Supplemental Mandate (Docs. 457, 464). This dismissal made them nonparties as of November 2022: "A 'party' dismissed from a lawsuit is no longer a 'party'

4

to it after his dismissal. . . . [D]ismssal is the quintessential (if not only) method for a party to become a nonparty." *Cameron v. EMW Women's Surgical Ctr., P.S.C.,* 142 S. Ct. 1002, 1015 (2022)(Thomas, J., concurring). As parties dismissed by the Tenth Circuit, the SPO Defendants could have walked away from Federal Court without spending a penny. As a *nonparty* in Federal Court ever since the Tenth Circuit decision, they cannot suddenly become a *prevailing party* on remand. They were not hailed back into Federal Court and could have stayed outside and not incurred any fees.

### 3. The fees requested are not reasonable since they are not related to the Loan Agreement and no one prevailed.

All of the fees sought by Haddon Morgan are grounded in the Loan Agreement's fee-shifting provision which applies to a prevailing party in "litigation arising out of this Loan" (See *Motion for Fees* at p. 6).

But this Court stopped hearing "litigation arising out of this Loan" on June 14, 2021, when it dismissed due to lack of subject matter jurisdiction over that state law claim. That claim was refiled in State Court where Haddon Morgan fought it strenuously before it settled. They have no grounds to ask that the Federal Court award $41,000 in remand filings based on a state contract matter over which the Federal Court denied jurisdiction several years ago. The Loan Agreement dispute was heard in State Court, and that is where fees should be debated, not in this Federal Court.

Attorney Gee complains that the task of compiling his firm's hours was a "substantial and complex undertaking" (Doc. 497-2 at 10), but no one told him to do it. Precisely the opposite. This Court's Order at Doc. 492 denied "additional fees" to all parties, at which point attorney Gee and Haddon Morgan should have stopped calculating fees.

As a testament to their desperation for fees, they demand 'prevailing party' fees for their voluntary response to the Li Plaintiffs' request for the Court to hold a hearing under the Rules of Professional Conduct due to the Defendants' backdating of the ARCU.  This had nothing to do with the Loan Agreement – it had to do with the ARCU -- and the Court never requested briefing nor made a decision, so it was a matter on which no one 'prevailed.'  This is another example of how the SPO Defendants voluntarily made filings that were not necessary, on which they did not prevail, and for which they do not deserve fees.

**Conclusion**

The SPO Defendants were *nonparties* on remand, having been dismissed by the Tenth Circuit.  Every filing they made was voluntary.  As *nonparties* they cannot request fees for being *prevailing parties*.

This Court ceased jurisdiction in 2021 to enforce the prevailing party clause in the Loan Agreement, and it cannot 'regain' Federal jurisdiction to make a one-off award of fees to the SPO Defendants.

Even if the Loan Agreement applied in Federal Court – which it doesn't – the prevailing party clause could not be triggered on remand since no one "prevailed" on remand – the case settled without a single hearing or decision.

This Court should take note that the Tenth Circuit denied appellate fees to the SPO Defendants under the prevailing party clause when they were actual parties to the Federal litigation.  There is even less justification to award them fees during remand when they weren't even parties and had no obligation to file a single document.

This Court's dismissal Order at Doc. 492 was squarely within the Court's reasonable discretion. This Court should join the Tenth Circuit in not giving further attorney fees to the SPO Defendants, and simply let this case be done.

Dated: September 15, 2023                                      Respectfully Submitted,

/s/ Douglas Litowitz
413 Locust Place
Deerfield, IL 60015
312-622-2848
Litowitz@gmail.com

**Certificate of Service**
This document was filed on the ECF system for the District of Colorado on September 15, 2023.