# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 19-cv-02443**
**Consolidated with Civil Action No. 19-cv-02637**

Jun Li, Qi Qin, Yi Liu, et al.,
        Plaintiffs,

v.                                                      Hon. Raymond P. Moore

Waveland Ventures LLC,
Colorado Regional Center Project Solaris LLLP,
Colorado Regional Center I, LLC,
Solaris Property Owner LLC,
Solaris Property Owner I, and
Peter Knobel,
        Defendants.

---

## Cui Plaintiffs' Opposition to SPO Defendants' Motion for Attorneys' Fees
## [ECF 497]

---

Plaintiffs Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou Chunyu Zou, individually, and derivatively on behalf of Colorado Regional Center Project Solaris LLLP (collectively the "CUI Plaintiffs") by and through the undersigned counsel, hereby submit this Opposition to Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel's (collectively the "SPO Defendants") Motion for Attorneys' Fees

[ECF 497] as follow:

*Certificate of Conferral.* Counsel for the SPO Defendants, conferred with counsel for the CUI Plaintiffs. CUI Plaintiffs object to the request motion for post remand attorneys' fees.

## BACKGROUND

Throughout this litigation, the SPO Defendants have frequently attempted to lump all the Plaintiffs into a single category even though the Li Plaintiffs and the CUI Plaintiffs have made very different claims. Once again, the SPO Defendants attempt to drag the CUI Plaintiffs in to their dispute with the LI Plaintiffs for post remand attorneys' fees. The arguments made are both unethical and dishonest as applied to the CUI Plaintiffs. The SPO Defendants' Motion for Attorneys' Fees (Dkt. 497) seeks to alter this Court's Order entered on August 22, 2023 which states that no party will receive "additional fees" for the remand phase of this lawsuit (Dkt. 492). The Tenth Circuit has already denied the SPO Defendants' request for attorneys' fees in the appellate phase of this litigation (Dkt. 464), and now the SPO Defendants seeks post remand attorneys' fees from the CUI Plaintiffs, even though the CUI Plaintiffs have not filed a single document following the remand.

The post remand Motion for Attorneys' Fees is entirely frivolous and brought in bad faith for several reasons: 1) The Tenth Circuit dismissed the

2

contractual claims against the SPO Defendants in Federal Court for lack of subject matter jurisdiction [ECF 457], making them *nonparties* on remand, so they cannot be *prevailing parties*; 2) attorney fees under the fee-shifting provision of the Loan Agreement are payable only to a "prevailing party". There has been no ruling post remand identifying anyone as a prevailing party under the fee-shifting provision of the Loan Agreement. Furthermore, as to the CUI Plaintiffs, the SPO Defendants were never the prevailing party on the contract claims [ECF 413] and it is both dishonest and completely unethical for them to attempt to pursue an additional award of Attorneys' Fees under such false claims; 3) The SPO Defendants were awarded their Attorneys' Fees from inception up until the Court's Order on the prior fees motion on October 29, 2021 [ECF 413], and collected them. The fees claimed by the SPO Defendants herein appear to be related to their motion for charging order, which was not opposed by the CUI Plaintiffs and there PLSRA claims in which they sought $77, 376.79 in sanctions against the CUI Plaintiffs' counsel but were only awarded $5,000; and 4) The Tenth Circuit already denied the SPO Defendants ill-advised request for attorneys' fees at the Appellate level.

///

///

///

# ARGUMENT

1. **The Court Lacks Jurisdiction To Hear The SPO Defendants' Current Motion.**

As a technical matter In June 2021 this Court declined to retain subject matter jurisdiction on claims surrounding the Loan Agreement, saying that it was purely a matter of state law (Dkt. 334). The Court held that the SPO Defendants "prevailed" during the period that the Court had jurisdiction up until the Court declined jurisdiction: that is, they "prevailed" by getting the Court to dismiss on jurisdictional grounds (Dkt. 413).   Unlike the Li Plaintiffs, the CUI Plaintiffs did not pursue these claims in state court.  Furthermore, the CUI Plaintiffs have not filed a single Document in this matter, post remand, other than the reply to the Joint Motion to Dismiss, which was filed upon the Court's request.

The SPO Defendants are improperly attempting to get another bite at the apple in their pursuit of attorneys' fees for claims that they were unsuccessful at before the Court dismissed the claims for lack of jurisdiction.   Defendants who have attempted the same type of arguments have been unsuccessful in other Districts.

> "Having successfully convinced the Court to dismiss this case because the Court lacked subject matter jurisdiction over a state law claim, Defendants now return seeking attorneys' fees under state law as "prevailing parties." But lacking subject matter jurisdiction over the case, the Court is likewise without subject matter jurisdiction over the attorney fees claim. *S-Owners Ins. Co. v. Maronda Homes, Inc. of*

*Fla.*, No. 3:18-CV-1305-J-32MCR, 2020 WL 1451684, at *1 (M.D. Fla. Mar. 25, 2020), aff'd 2023 WL 3270065 (11th Cir. May 5, 2023); *W.G. v. Senatore*, 18 F.3d 60, 64 (2nd Cir. 1994) ("fee-shifting provisions cannot themselves confer subject matter jurisdiction"); *16 Front St. LLC v. Mississippi Silicon, LLC*, 162 F. Supp. 3d 558, 261 (N.D. Miss 2016)(earlier dismissal for lack of subject matter jurisdiction prevented federal court from awarding fees under fee-shifting provision)."

This brazen action by the SPO Defendants should be denied as the Court lacks jurisdiction to hear the argument.

## 2. **The Proposed Motion For Attorney's Fees Is Completely Frivolous, And The Fees Requested Are Unreasonable**.

The SPO Defendants appear to be seeking their attorneys' fees from July 21, 2021 to date (i.e., those fees incurred after briefing the initial fee motion and excluding appellate fees), pursuant to the Loan Agreement's fee shifting provision." Unlike the Li Plaintiffs The Court denied the SPO Defendants' prior Motion for Attorney's Fees against the CUI Plaintiffs as to the fee provision in the contract [ECF 413]. The court specifically stated that:

> "***Motion against Cui Plaintiffs***. Cui Plaintiffs' arguments that SPO Defendants are not the prevailing parties appear to apply to SPO Defendants' request for fees under the ARCU, so the Court will address it here as well. And, here, the Court agrees with Cui Plaintiffs. Only Count VII requested relief based on the ARCU, seeking a determination as to its enforceability. **SPO Defendants, however, were not the prevailing parties on the claims for breach of contract or declaratory relief (Counts VI and VII). The Court dismissed those claims without prejudice after declining to exercise supplemental jurisdiction. Accordingly, SPO Defendants are not entitled to recover fees under the ARCU."** [emphasis added]

5

[ECF 413 page 10]

On appeal, the Tenth Circuit ruled in favor of the CUI Plaintiffs on the Motion to Amend their Complaint **and vacated the awards of attorney's fees and remanded the matter back to the district Court** [ECF 455]. While the Li Plaintiffs and the SPO Defendants were involved in some post remand law and motion, the CUI Plaintiffs were not involved in any post remand filings, other than filing a reply to the Joint Motion to Dismiss which was requested by the Court. On August 22, 2023 the Court approved the Joint Motion to Dismiss filed by the Li Plaintiffs, the Cui Plaintiffs, and the CRC Defendants[1] [ECF 492] and ordered that: the Court's previous Orders on fees awarded under the Loan Agreement stand; that no additional fees are ordered pursuant to the dismissal; and closed the matter. Why the SPO Defendants feel that they are entitled to post mandate attorneys' fees is a complete mystery.

The Cui Plaintiffs' Notice of Appeal was filed on July 12, 2021 [ECF 366], the Tenth Circuit. All the time entries offered by the SPO Defendants occur between July 22, 2021 and August 31, 2021. These entries are vague and, in some cases, redacted. The only substantive information that can be gleaned from them

---

[1] The only parties remaining in the action. Although they had been previously dismissed, the SPO Defendants attempted to oppose the Motion.

are a few references to the PSLRA, but as a practical matter they cannot involve anything related to the contract claims, because the Court had already 1) denied the SPO Defendants' Motion to Dismiss the breach of contract and declaratory relief claims [ECF 271; 2) ruled that the SPO Defendants **were not the prevailing parties on the claims for breach of contract or declaratory relief (Counts VI and VII)** [ECF 413]; and 3) reduced the SPO Defendants' Rule 11 claims funder the PSLRA from $77,376.79 to $5,000.

Furthermore, during this time frame, the only thing that the Cui Plaintiffs prepared was the record on appeal and their Appellate Briefs.  The Tenth Circuit ruled in favor of the CUI Plaintiffs and vacated the award of attorney's fees in the District Court [ECF 455].  On October 21, 2022, the SPO Defendants brought a Motion for Appeal-Related Attorneys' Fees and Legal Expenses and Request for Remand to the District Court for Determination of the Amount of Fees and Expenses. *See* Exhibit A, Declaration of Brian P. Stewart. The Tenth Circuit denied the motion on November 9, 2022 [ECF 463].  The SPO Defendants are fully aware of the fact that there is absolutely no basis for this motion as it applies to the CUI Plaintiffs.  Nevertheless, they insist on wasting the Court's time as well as the time of the Cui Plaintiffs' counsel.

///

## CONCLUSION

The SPO Defendants' claims for attorneys' fees are frivolous and without merit for the reasons stated herein. Therefore, the CUI Plaintiffs respectfully request that the Court make a factual finding that the SPO Defendants shall not be awards any further attorney's fees in this action.

DATED: September 22, 2023

*/s/ Brian P. Stewart*
Brian P. Stewart
**Ardent Law Group**
4340 Von Karman Ave.,
Suite 290
Newport Beach, California 92660
Telephone: (949) 299-0188
Facsimile:  (949) 299-0127
bstewart@ardentlawgroup.com
Attorney for Plaintiffs Dianwen Cui, Lei Gu, Sufen Leng, Xue Mei, Zhou Mei, Yan Song, Lu Wang, Yue Wu, Zhuo Yang, Jingwen Zhang, Lei Zhang, Ling Zhang, Xiaohong Zhang, Qin Zhou Chunyu Zou, individually, and on behalf of Colorado Regional Center Project Solaris LLLP

/

8

## CERTIFICATION OF SERVICE

This is to certify that on September 22, 2023, a true and correct copy of the above and foregoing **Cui Plaintiffs' Opposition to SPO Defendants' Motion for Attorneys' Fees [ECF 497]** has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Brian P. Stewart*
For Ardent Law Group, P.C.
