# In the United States District Court
# for the District of Colorado

Civil Action No. 1:19-cv-02443-RM-STV
—*Consolidated with* No. 19-cv-2637-RM-STV

JUN LI, *et al.*, individually and derivatively for Colorado Regional Center Project Solaris LLLP,

    Plaintiffs,

v.

WAVELAND VENTURES LLC, *et al.*,

    Defendants.

## SPO Defendants' Reply to the *Li* Plaintiffs' Response to Motion for Attorney Fees

Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel (collectively, "SPO Defendants"), through counsel, submit this Reply to the *Li* Plaintiffs' response (Doc.498) to the SPO Defendants' motion for attorney fees ("Fees Motion") (Doc.497).

## Introduction

The *Li* Plaintiffs do not dispute any facts. Instead, they argue the SPO Defendants as a matter of law are not entitled to attorney fees under the Loan Agreement for three reasons: (a) the Court lacks jurisdiction because in 2021 it dismissed the *Li* Plaintiffs' contract claim under the Loan Agreement; (b) the SPO Defendants are "nonparties" because all claims against them have been dismissed; and (c) after dismissal of the

contract claim, the SPO Defendants could not have incurred any fees arising out of the Loan. These arguments are meritless.

The law is clear that the Court retains jurisdiction to award fees notwithstanding any dismissal of claims or an entire action. For related reasons the SPO Defendants remain parties notwithstanding any dismissal for purposes of pursuing their right under the Loan Agreement to attorney fees. The *Li* Plaintiffs' last argument is premised on treating the post-dismissal or post-remand proceedings as a separate lawsuit. That is fundamentally incorrect. There has been one continuous proceeding that the *Li* Plaintiffs commenced and lost at the trial level, then at the appellate level. In this proceeding the *Li* Plaintiffs are contractually bound to pay the attorney fees of the prevailing parties, the SPO Defendants.

## Discussion

### I. The Court has subject-matter jurisdiction to decide the Fees Motion.

The Fees Motion seeks attorney fees under the Loan Agreement's fee-shifting provision. *See* Doc.344-1 § 20(vi), at 10. The *Li* Plaintiffs argue the Court lacks subject-matter jurisdiction to decide the Fees Motion because it dismissed without prejudice their contract claim under the Loan Agreement after declining to exercise supplemental jurisdiction over the claim. Resp. 3. This argument borders on being frivolous—it ignores this Court's prior rulings, and United States Supreme Court and Tenth Circuit law in favor of conflicting cases from other states.

The Court has already implicitly rejected the argument. On October 29, 2021, the Court awarded the SPO Defendants attorney fees under section 20(vi) of the Loan Agreement. Doc.413. That section provides:

> In the event of *any litigation arising out of this Loan*, the prevailing party, in addition to any other rights or remedies to which it may be entitled, *shall be awarded its reasonable expenses* incurred in enforcing or defending such action. This includes, subject to any limits under applicable law, attorneys' fees and legal expenses, . . . *including attorneys' fees* for . . . appeals and any anticipated post-judgment collection services . . . .

Doc.344-1 § 20(vi), at 10 (emphasis supplied).

When the Court issued the award, it already had (a) dismissed all the *Li* Plaintiffs' tort claims with prejudice (Doc.271); (b) declined to exercise supplemental jurisdiction over their contract claim, which it dismissed without prejudice (Doc.334 at 6-7); (c) entered final judgment in accordance with Docs.271 and 334 (Doc.335[1]); and (d) acknowledged that some of the *Li* Plaintiffs had asserted contract claims in a new state-court action (Doc.413 at 3). The Court noted all of these facts when it issued its fee award. *See* Doc.413 at 3. So when it issued the award in October 2021, the Court was in precisely the same procedural posture as it is now—all claims, including the contract claim, have been dismissed. Yet before the award the *Li* Plaintiffs did not argue the Court lacked subject-matter jurisdiction, *see* Doc.354, and the Court did not find it lacked jurisdiction, *see* Doc.413.

---

[1]The Court later amended the final judgment in ways not relevant to this Reply. *See* Docs.417 & 422.

3

To the contrary, the Court recognized that by rule a prevailing party cannot move for attorney fees until *after* entry of judgment, Doc.413 at 4 (quoting Fed. R. Civ. P. 54(d)(2)), that is, until after all claims and other merits litigation has ended, *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199 (1988). As this Court implicitly already has said, Rule 54(d)(2) rejects the *Li* Plaintiffs' argument that it has lost subject-matter jurisdiction over the Fees Motion. *See* Doc.413 at 4; *see also id.* at 6 (holding that granting motion to amend judgment does not affect finality of judgment since any amendment "deals only with attorney fees"). Rule 54(d)(2)'s terms acknowledge that a court post-judgment retains jurisdiction to decide a fee motion.

The United States Supreme Court has rejected their argument:

> [W]e think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain . . . . At common law, attorney's fees were regarded as an element of 'costs' awarded to the prevailing party, which are not generally treated as part of the merits judgment.

*Budinich*, 486 U.S. at 200 (citations omitted).

In *Cooter & Gell v. Hartmarx Corp.*, the Supreme Court held:

> It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs *after an action is dismissed for want of jurisdiction*. This Court has indicated that motions for costs or attorney's fees are independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree.

496 U.S. 384, 395 (1990) (cleaned up; emphasis supplied); *see id.* at 396 ("even years after the entry of a judgment on the merits a federal court could consider an award of counsel fees").

4

The Tenth Circuit has rejected the *Li* Plaintiffs' argument. In *Patrick G. by & through Stephanie G. v. Harrison Sch. Dist. No. 2*, 40 F.4th 1186 (10th Cir. 2022), the Tenth Circuit held that for purposes of a fees motion it doesn't matter whether the court abjured jurisdiction:

> As a general matter, we have held that "a district court may still award attorney's fees after dismissing [an] underlying action for lack of subject-matter jurisdiction. This is because a claim for attorney's fees gives rise to issues separate and distinct from the merits of the original cause of action."

40 F.4th at 1208 (quoting *D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1236 (10th Cir. 2013)); *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1056 (10th Cir. 2004) ("'[c]ourts that lack jurisdiction with respect to one kind of decision may have it with respect to another'") (quoting *Citizens for a Better Env't v. Steel Co.*, 230 F.3d 926 (7th Cir. 2000)). Under this rule "a district court may abstain from hearing a case and still retain the power to consider a prevailing defendant's request for attorney's fees." *D.A. Osguthorpe Family P'ship*, 705 F.3d at 1236. The rule applies even where the substantive claims are moot: "While a claim of entitlement to attorney's fees does not preserve a moot cause of action, the expiration of the underlying cause of action does not moot a controversy over attorney's fees *already incurred*." *Patrick G.*, 40 F.4th at 1208 (cleaned up).

In *Grynberg* the Tenth Circuit held that notwithstanding the district court's dismissal of a federal *qui tam* action for lack of subject-matter jurisdiction, the court retained jurisdiction to consider a fees motion under the federal *qui tam* statute. 389 F.3d

5

at 1057-58. The Tenth Circuit began its analysis by noting that the Second, Eighth and Ninth circuits have held that courts dismissing an action brought under a federal statute lack jurisdiction to consider a subsequent fees motion brought under the statute. *Id.* at 1056. It specifically referenced the same Second Circuit case for the same proposition that the *Li* Plaintiffs rely on: "*W.G. ex rel. D.G. v. Senatore*, 18 F.3d 560, 64 (2d Cir. 1994) (concluding that 'fee shifting provisions cannot themselves confer subject matter jurisdiction')." *See* Resp. 3-4 (citing *Senatore* for the proposition that "'fee shifting provisions cannot themselves confer subject matter jurisdiction'").

But the Tenth Circuit *rejected* the analysis of the Second, Eighth and Ninth circuit cases in favor of the Seventh Circuit's decision in *Citizens for a Better Environment*. *Grynberg*, 389 F.3d at 1057 ("We believe the Seventh Circuit takes the most thoughtful approach and will apply its analysis . . . ."). It thus held the district court had jurisdiction to consider the fees motion.

Instead of citing Supreme Court and binding Tenth Circuit decisions, the *Li* Plaintiffs rely principally on an unpublished Middle District of Florida case, *Southern-Owners Insurance Co. v. Maronda Homes, Inc. of Fla.*, 2020 WL 1451684, at *4 (M.D. Fla. Mar. 25, 2020), *aff'd*, 2023 WL 3270065 (11th Cir. May 5, 2023). *Maronda Homes*, which the *Li* Plaintiffs do not describe accurately or completely, does not help them.

There the court dismissed an insurer's action for lack of diversity jurisdiction. The insureds-defendants moved for attorney fees under a Florida statute requiring an award of attorney fees for the insured when it secures a judgment under the policy against an

6

insurer. The district court denied the motion, finding it lacked jurisdiction to award fees under the statute because an award of attorney fees under the statute is "an integral part of the merits," 2020 WL 1451684, at *3 (internal quotations omitted).

Affirming the district court, the Eleventh Circuit distinguished *Maronda Homes* from the long line of cases holding that courts have jurisdiction over fee motions notwithstanding dismissals or judgments: "A court may consider *collateral issues* after it has dismissed an action for lack of subject-matter jurisdiction because 'the determination of a collateral issue' is not 'a judgment on the merits of an action,' and 'does not raise the issue of a district court adjudicating the merits of a "case or controversy" over which it lacks jurisdiction.'" *S.-Owners Ins. Co. v. Maronda Homes, Inc. of Fla.*, 2023 WL 3270065, at *2 (11th Cir. May 5, 2023) (quoting *Willy v. Coastal Corp.*, 503 U.S 131, 138 (1992)). An award of fees in *Maronda Homes*, the Eleventh Circuit held, would not have been collateral but instead would have been "an integral part of the merits"; so the district court properly declined to consider the fee request. *Id.* at **2-3.

In contrast to *Maronda Homes*, the SPO Defendants applied for an award of attorney fees under a contractual fee-shifting provision, which is a "paradigmatic example of a collateral issue," *McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010). Accordingly the Court has jurisdiction to consider it.

The *Li* Plaintiffs also rely on the Second Circuit's decision in *Senatore*. Resp. 3-4. As noted above, the Tenth Circuit explicitly rejected *Senatore*'s analysis and holding.

Finally, the *Li* Plaintiffs rely on a Northern District of Mississippi decision, *16 Front Street LLC v. Mississippi Silicon, LLC*, 162 F. Supp. 3d 558 (N.D. Miss. 2016). Resp. 4. This case is the same species as *Senatore*. The district court relied on two Fifth Circuit decisions that "strongly suggest" the Fifth Circuit would hold courts lack jurisdiction to decide a fees motion brought after a claim under a federal statute has been dismissed for lack of jurisdiction. 162 F. Supp. 3d at 562. *Front Street* has no weight here. The court did not consider any other cases. The decision has been cited eight times, seven times by the same court and once by the district court for the Southern District of Mississippi. *Grynberg* implicitly has rejected its analysis.

Even if the Tenth Circuit had not rejected *Senatore* and *Front Street*, they would have no application here. Unlike those species of cases, this Court has had continuing subject-matter jurisdiction over the action and over all the *Li* Plaintiffs' claims, including the contract claim, from the commencement of this action until entry of final judgment, as the Court has held. *See* Doc.334 at 4. Noting the *Li* Plaintiffs' shifting positions on jurisdiction, the Court explicitly rejected their argument that the Court lacked jurisdiction over all the state-law claims from the action's inception. *See id.* The Court continues to have jurisdiction over this action.

And even if the Supreme Court and Tenth Circuit had not already rejected it, the *Li* Plaintiffs' argument has a fundamental error: It presupposes that the Court's June 2021 discretionary decision to decline to exercise supplemental jurisdiction over the *Li*

8

Plaintiffs' *claim for breach of contract* must also mean the Court is divested of jurisdiction to consider a *request for fees* under the Loan Agreement. This is wrong.

The *Li* Plaintiffs implicitly admitted, and the Court found, that "*this entire action* arises from the Loan Agreement." Doc.413 at 8 (emphasis supplied). The *Li* Plaintiffs did not challenge this finding. So it is binding on remand. *See, e.g., Estate of Cummings by & through Montoya v. Cmty. Health Sys.*, 881 F.3d 793, 801 (10th Cir. 2018) ("Failing to raise an issue on appeal has the same consequences for that litigation as an adverse appellate ruling on that issue. Thus, the mandate rule forecloses litigation of issues decided by the district court but forgone on appeal or otherwise waived.") (cleaned up).

Declining to exercise supplemental jurisdiction over the contract claim—one piece of "this entire action," Doc.413 at 8—is irrelevant to the Court's jurisdiction to consider the Fees Motion. *Every one* of the *Li* Plaintiffs' claims was based on the Loan Agreement and its related "Loan Documents." *See, e.g.*, Doc.222 ¶¶ 31-107 (Third Am. Compl.); Doc.344-1 at CRC_231 (Loan Agreement: defining Loan to mean "loan or loans made to Borrower under this Agreement and the Loan Documents"); *id.* (defining Loan Documents by reference to its definition in the Deed of Trust); Doc.344-4 at 2 (Deed of Trust: defining Loan Documents to mean "the Promissory Note, Loan Agreement and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness"). Accordingly even if the *Li* Plaintiffs *never had brought a contract claim*, this Court nonetheless would have jurisdiction to

9

consider a motion brought under the Loan Agreement for attorney fees incurred in the "litigation arising out of th[e] Loan," Doc.344-1 § 20(vi).

## II. It is irrelevant whether the *Li* Plaintiffs or this Court "hailed" the SPO Defendants back into court.

The *Li* Plaintiffs argue that "[a]ll filings on remand" by the SPO Defendants were "voluntary" and, implicitly, were not the result of the *Li* Plaintiffs' or the Court's "hail[ing] the SPO Defendants back into this case at the remand stage." Resp. 4. There is much wrong with this argument.

It is factually wrong. The *Li* Plaintiffs "hailed" the SPO Defendants into court when they served the SPO Defendants with a summons and complaint. Once there, the SPO Defendants cannot be "un-hailed" by dismissal or otherwise for purposes of participating in this action and, yes, moving for attorney fees from the plaintiffs under the Loan Agreement, as discussed in Argument III, below.

Even if the SPO Defendants somehow exited the litigation "stage," *id.*, when the Tenth Circuit issued its decision affirming the dismissal of all claims against the SPO Defendants, the *Li* Plaintiffs "hailed" them back onto the stage. As discussed in Argument III, on remand the *Li* Plaintiffs moved the Court to "strike" the attorney fees awarded to the SPO Defendants and to impose sanctions against the SPO Defendants' counsel for allegedly violating ethics rules. The idea that the SPO Defendants' responses to these motions were "voluntary" or "not necessary," *id.* at 6, or that the *Li* Plaintiffs'

motions were only "addressed to the Court," Doc.494 at 2, is, with all due respect, absurd.

It is legally wrong to the extent it suggests that the SPO Defendants must sit idly by while the *Li* Plaintiffs move for judicial relief against them based on the *Li* Plaintiffs' false and misleading allegations.

### III. The SPO Defendants have standing to request attorney fees under the Loan Agreement.

The *Li* Plaintiffs argue the SPO Defendants are "nonparties" because the Court dismissed all claims against them. Resp. 4-5. The argument is meritless.

The status of dismissed parties is not directly addressed by any federal rule. *De La Torre v. Legal Recovery Law Office*, 2014 WL 4547035, at *2 (S.D. Cal. Sept. 12, 2014). While they no longer have an ongoing stake in the action and are no longer expected to take part in it, their status is not the same as those who have never been part of the suit. *Id.* They do retain some interest in what occurred in the suit before their dismissal, and sometimes even events occurring after their dismissal, if those events have a direct effect on their rights. *Id. Grynberg* is in accord. *See* 389 F.3d at 1056-57.

The case at bar illustrates the point. One, even after dismissal of all claims against the SPO Defendants, CRCPS's counsel conferred with the SPO Defendants' counsel under Local Rule 7.1(a) (requiring conferral with opposing counsel) before filing the Joint Motion to Dismiss (Doc.484). Two, if the SPO Defendants were not a party for any purposes, then CRCPS, the *Li* Plaintiffs, and *Cui* Plaintiffs could have simply filed a

11

stipulated dismissal under Rule 41(a)(1)(A)(ii). But that rule vests in even dismissed parties the right to block such a stipulated dismissal. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (requiring that stipulation of dismissal be "signed by all parties *who have appeared*") (emphasis supplied). Three, if the SPO Defendants were not a party for any purposes, the *Li* Plaintiffs would not be able to secure any relief against them. Yet the *Li* Plaintiffs clearly believed the SPO Defendants were a party for purposes of the post-remand relief they requested from this Court, which the *Li* Plaintiffs believed had subject-matter jurisdiction over the motion and personal jurisdiction over the SPO Defendants. They moved to "strike" the attorneys awarded to the SPO Defendants (Doc.466), and they falsely accused the SPO Defendants' counsel of unethical conduct and requested sanctions (Doc.479).

But it is irrelevant whether the SPO Defendants are or are not "parties" for all purposes following the dismissal. The only question is whether as a current or previous party in this action they have "[a] claim for attorney's fees" under a "statute, rule, or other ground[] entitling" them to an award of fees on which it claims another party is subject to "liability," Fed. R. Civ. P. 54(d)(2)(A), (B)(ii) & (C). *See Grynberg*, 389 F.3d at 1056-57. Notably the *Li* Plaintiffs do not contend the SPO Defendants have failed to comply with Rule 54(d)(2).

Rule 54(d)(2) thus implicitly rejects Plaintiffs' argument that they cannot move for attorney fees. *Grynberg* explicitly has rejected the argument. 389 F.3d at 1056-57; *see also De La Torre*, 2014 WL 4547035, at *2 ("The argument that dismissed defendants lack

standing to move for fees under [the California anti-SLAPP statute] is also incorrect. California courts agree that even when a defendant is dismissed while an anti-SLAPP motion is pending, the defendant may move for fees.").

### IV. All fees requested in the Fees Motion were incurred in litigation arising out of the Loan.

The *Li* Plaintiffs argue that the SPO Defendants seek fees for matters unrelated to litigation arising out of the Loan because all Loan litigation ended when the Court dismissed their contract claim. Resp. 5. This is a repeat of the *Li* Plaintiffs' jurisdictional argument. It is equally meritless.

A premise of the *Li* Plaintiffs' argument is that there is a difference between attorney fees incurred before the dismissal of their contract claim and fees incurred after the dismissal. For the reasons discussed in Argument I, the premise is wrong. There is no such distinction. The *Li* Plaintiffs commenced a single action that, as the Court found, constituted "litigation arising out of th[e] Loan" for purposes of the Loan Agreement's fee-shifting provision. Doc.413 at 6-8. On appeal the *Li* Plaintiffs did not challenge the finding. Doc.457 at 16 n.13 & 41 n.29 (Tenth Circuit opinion). Their failure to challenge the Court's finding is fatal: it precludes any challenge to the finding on remand. *See Estate of Cummings by & through Montoya v. Cmty. Health Sys.*, 881 F.3d 793, 801 (10th Cir. 2018) (cleaned up); *see id.* ("the mandate rule applies not only to issues on which the higher court has ruled but also forecloses litigation of issues decided by the district court but forgone on appeal or otherwise waived" (cleaned up); *United States v. Husband*, 312 F.3d

13

247, 250 (7th Cir. 2002) ("[A]ny issue that could have been but was not raised on appeal is waived and thus not remanded."); *id.* at 251 ("Parties cannot use the accident of remand as an opportunity to reopen waived issues.").[2]

All fees incurred by the SPO Defendants after July 21, 2021, were incurred in connection with the same action, i.e., the one at bar. The *Li* Plaintiffs do not claim otherwise. The Loan Agreement's fee-shifting provision makes the *Li* Plaintiffs, as the non-prevailing party, responsible for those fees. Notably, the provision explicitly requires the non-prevailing party to pay attorney fees incurred in defense of Loan-related litigation and "post-judgment collection services."

Finally, the *Li* Plaintiffs argue that the fees incurred in this action after dismissal of their contract claim should be "heard in State Court," where they commenced a new contract action. Doc.498 at 5. The argument is incorrect. The fee-shifting provision requires payment of the prevailing party's attorney fees wherever the non-prevailing party brings a Loan-related lawsuit. The *Li* Plaintiffs brought the action at bar; they are the non-prevailing party; therefore they must pay the SPO Defendants' attorney fees incurred in this action. It is true the *Li* Plaintiffs brought a second Loan-related lawsuit in Denver District Court. They are the non-prevailing party in that action as well; therefore they will be required to pay the SPO Defendants' attorney fees incurred in that action.

---

[2] *Cummings* quoted *Husband* with approval. *See* 881 F.3d at 801.

Payment of attorney fees, in short, is the cost of bringing Loan-related litigation and losing.

## Conclusion

The Court should grant the Fees Motion and award the fees requested against the *Li* Plaintiffs.

September 29, 2023

Respectfully submitted,

*s/ Ty Gee*
Ty Gee
Heather R. Hanneman
Delanie Grewe
HADDON, MORGAN AND FOREMAN, P.C.
950 Seventeenth Avenue
Denver, CO 80202
Tel 303.831.7364
tgee@hmflaw.com; dgrewe@hmflaw.com

*Attorneys for Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel*