# In the United States District Court
# for the District of Colorado

Civil Action No. 1:19-cv-02443-RM-STV
—*Consolidated with* No. 19-cv-2637-RM-STV

JUN LI, *et al.*, individually and derivatively for Colorado Regional Center Project Solaris LLLP,

    Plaintiffs,

v.

WAVELAND VENTURES LLC, *et al.*,

    Defendants.

## SPO Defendants' Reply to the *Cui* Plaintiffs' Response to Motion for Attorney Fees

    Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel (collectively, "SPO Defendants"), through counsel, submit this Reply to the *Cui* Plaintiffs' response (Doc.499) to the SPO Defendants' motion for attorney fees ("Fees Motion") (Doc.497).

## Introduction

    The *Cui* Plaintiffs' Response is infused with unfortunate rhetoric: The Fees Motion's arguments are "both unethical and dishonest"; the motion is "frivolous and brought in bad faith"; and it is "both dishonest and completely unethical" for the SPO Defendants to pursue attorney fees against the *Cui* Plaintiffs. Doc.499 at 2-3. But rhetoric cannot do service for substance, which the Response lacks.

The *Cui* Plaintiffs do not dispute any facts in any substantive way. Instead, they argue the SPO Defendants as a matter of law are not entitled to attorney fees. These arguments have two problems. One is that some of their core arguments are grounded on blatantly incorrect factual statements, which the *Cui* Plaintiffs would say are "both unethical and dishonest." For example, they state as a fact that this Court "declined to retain subject matter jurisdiction on *claims surrounding the Loan Agreement*." Resp. 4 (emphasis supplied). That is untrue. A second problem is that even if the Court overlooked the numerous factual errors, each of the arguments is legally wrong.

## Discussion

**I. The Court has subject-matter jurisdiction to decide the Fees Motion.**

The Fees Motion seeks attorney fees under the Loan Agreement's fee-shifting provision, Doc.344-1 § 20(vi), at 10. The *Cui* Plaintiffs argue, "this Court declined to retain subject matter jurisdiction *on claims surrounding the Loan Agreement*." Resp. 4 (emphasis supplied). The argument is meritless.

Factually, the argument is baseless: at no time did the Court decline to retain subject matter jurisdiction "on claims surrounding the Loan Agreement." In April 2021 the Court dismissed the *Cui* Plaintiffs' claims except for two contract claims. Doc.271 at 7-8, 53. But the Court *sua sponte* questioned its jurisdiction to consider the contract claims and ordered the parties to brief its jurisdiction. Doc.271 at 50-52.

On June 14, 2021, the Court addressed its jurisdiction. On page 4 of its Order the Court ruled that because it had federal jurisdiction based on the *Cui* Plaintiffs' federal

claim, *see* Doc.190 at 26-27, "supplemental jurisdiction exist[ed] over the state law claims." Doc.334 at 4. On pages 5-6 of its Order, the Court rejected the *Cui* Plaintiffs' argument (Doc.286 at 5-7) that it had diversity jurisdiction.

On page 6, the Court made clear that it was declining to exercise supplemental jurisdiction over the *Cui* Plaintiffs' "remaining" claims, i.e., the contract claims:

> "'When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.'" [Quoting Tenth Circuit decisions.]. *The only claims remaining are for breach of contract and declaratory relief as to certain agreements.* Accordingly, the Court exercises its discretion and *declines to exercise supplemental jurisdiction over these remaining claims*.

Doc.334 at 6 (emphasis supplied; citation omitted).

In the Order the Court acknowledged its jurisdiction over all federal and state law claims and declined to *continue* exercising jurisdiction over the *Cui* Plaintiffs' two contract claims. That is far different from "declin[ing] to retain subject matter jurisdiction *on claims surrounding the Loan Agreement*," Resp. 4 (emphasis supplied). As this Court found, all the federal and state claims, including the state tort claims it dismissed, arose out of the Loan Agreement. Doc.413 at 8. The *Cui* Plaintiffs did not challenge this finding on appeal; so it is binding on them. *See, e.g.*, *Estate of Cummins by & through Montoya v. Cmty. Health Sys.*, 881 F.3d 793, 801 (10th Cir. 2018). It does not speak well of the *Cui* Plaintiffs that they falsely state the facts or ignore wholesale the Court's Order addressing subject matter jurisdiction over the two claims.

3

Nor does it speak well of *Cui* Plaintiffs, who accused the SPO Defendants of being "unethical and dishonest" and of filing "frivolous" papers, that they fail to disclose they previously made the same arguments, and the Court rejected them. In contesting the SPO Defendants' first fees motion, the *Cui* Plaintiffs made the same argument they make now: "SPO Defendants were not prevailing parties because the Court dismissed *Cui* Plaintiffs' two contractual claims without prejudice after declining to exercise supplemental jurisdiction." Doc.413 at 9. The Court rejected the argument. *Id.* Nowhere in their Response do the *Cui* Plaintiffs acknowledge this fact.

Although the *Cui* Plaintiffs object to being "lump[ed]" together with the *Li* Plaintiffs, Doc.499 at 2, they repeatedly have "lumped" themselves with the *Li* Plaintiffs by copying those plaintiffs' (meritless) arguments. Indeed on pages 4-5 of their Response the *Cui* Plaintiffs, without attribution, copy verbatim an argument from the *Li* Plaintiffs' response to the Fees Motion, *see* Doc.498 at 4. Rather than repeat the arguments in our reply to the *Li* Plaintiffs' response, we incorporate by reference the arguments in that reply, Doc.500.

## II. The Fees Motion is not precluded by any ruling of this Court or anything that occurred after July 21, 2021.

The *Cui* Plaintiffs argue the Fees Motion is "completely frivolous" because this Court's orders and various events preclude an award of fees to the SPO Defendants.

1. Ignoring that the Court previously awarded the SPO Defendants their fees under the Loan Agreement, the *Cui* Plaintiffs mischaracterize its prior orders by citing an

4

inapposite ruling regarding a distinct contract, which the SPO Defendants are not invoking as a basis for the Fees Motion. They first argue that this Court's October 2021 Order on attorney fees "denied the SPO Defendants' [first fees motion] against the *Cui* Plaintiffs as to the fee provision in the contract." Doc.499 at 5 (citing Doc.413). In support the *Cui* Plaintiffs quote from the Court's decision denying the SPO Defendants' request for fees—alternatively—under the Agreement Regarding Collateral Units, or ARCU. *Id.* The selective reliance on that part of the Court's Order reveals a fundamental misunderstanding both of the SPO Defendants' first fees motion and the Court's Order.

In the first fees motion the SPO Defendants argued they were entitled to attorney fees from the *Cui* Plaintiffs on four alternative grounds: the Loan Agreement; the ARCU; section 13-17-201, C.R.S. (2021); and the Private Securities Litigation Reform Act of 1995, Pub. L. 104-67, 109 Stat. 737 (1995). Doc.344 at 2-21. The Court carefully considered each ground. *See* Doc.413 at 6-16 (analyzing fees requested under Loan Agreement, ARCU, and section 13-17-201); Doc.415 at 13-15 (conducting PSLRA analysis, finding Attorney Stewart violated Fed. R. Civ. P. 11(b)(2) by asserting frivolous claims, and imposing sanctions against him).

While the Court denied the SPO Defendants' request for fees under the ARCU, the Court *granted* the request for fees under each of the alternative grounds, including the fee-shifting provision of the Loan Agreement, which is the basis for the Fees Motion. Doc.413 at 6-9, 11, 15-16; Doc.415 at 13-15. It is thus "a complete mystery," Doc.499 at 6, why the *Cui* Plaintiffs fail to disclose the rulings or acknowledge this Court's August 22,

5

2023 Order on this topic, *see* Doc.492 at 3 (ordering that "the Court's previous Orders on fees awarded *under the Loan Agreement* stand") (emphasis supplied). In any case, contrary to the *Cui* Plaintiffs' assertion, the Court did not deny the SPO Defendants' request for fees under the Loan Agreement.

    2. The *Cui* Plaintiffs next make a series of miscellaneous arguments: The Court cannot award fees after July 21, 2021, because the Tenth Circuit "vacated the award of attorney's fees"; on remand the *Cui* Plaintiffs "were not involved in any post remand filings" except for a Federal Rule of Civil Procedure 41(a) paper; in dismissing the action under Rule 41 this Court "ordered that . . . no additional fees are ordered pursuant to the dismissal." Doc.499 at 6. These undeveloped, conclusory arguments are factually and legally baseless.

    The Tenth Circuit did not vacate the fee award under the Loan Agreement. It is not correct to suggest otherwise. The *Cui* Plaintiffs inexplicably fail to acknowledge that the Tenth Circuit repeatedly found they never appealed the fee award under the Loan Agreement, Doc.457 at 12 n.13 & at 41 n.29, and that their failure to appeal the award binds them on remand, *see, e.g.*, *Estate of Cummins*, 881 F.3d at 801; *see also* Doc.457 at 32 (Tenth Circuit decision in appeal in the action at bar: "Issues not raised on appeal are deemed to be waived.") (internal quotations omitted).

    And it is irrelevant whether the *Cui* Plaintiffs were "involved" in post-remand submissions. As the *Cui* Plaintiffs remind us in their Response, there are two actions here—the *Li* action and *Cui* action—consolidated into one case for trial proceedings,

6

Doc.93. That is to say, the *Cui* Plaintiffs brought a separate "litigation," Doc.344-1 § 20(vi) (Loan Agreement), against the SPO Defendants. So as the losing party they must pay "the prevailing party," *id.*, its attorney fees incurred in that litigation. The question is not whether the *Cui* Plaintiffs were "involved" in "post remand" submissions. Rather it is whether after July 21, 2021, the SPO Defendants incurred attorney fees in the *Cui* action that the losing parties, the *Cui* Plaintiffs, have not paid. The Fees Motion, including the Gee Declaration, establishes that the SPO Defendants have incurred attorney fees in the *Cui* action that the *Cui* Plaintiffs have not paid. Accordingly they must pay those fees under the Loan Agreement.

      3. Finally, the *Cui* Plaintiffs make another series of unrelated arguments. We address each seriatim. They argue "[a]ll the time entries offered by the SPO Defendants occur between July 22, 2021 and August 31, 2021." Doc.499 at 6. That is incorrect. The time entries submitted with the Fees Motion span the period July 22, 2021-August 31, *2023. See* Doc.497-7.

      The *Cui* Plaintiffs argue some or all of the time entries are "vague and, in some cases, redacted." Doc.499 at 6. Such a "vague and conclusory assertion," *United States ex rel. RME v. Intact Ins. Grp. USA*, No. 21-CV-03285-CMA-SKC, 2023 WL 2837340, at *4 (D. Colo. Apr. 7, 2023), is inadequate to challenge the sufficiency of time entries. *See id.*; *Cuesta v. SMT Holdings*, No. 21-CV-03094-NYW, 2023 WL 3626517, at *27 (D. Colo. May 24, 2023) ("Plaintiff merely asserts, without any support, that Defendant's bill contains several entries that are questionable at best and lack requisite detail. However,

7

the Court finds that the billing entries provide sufficient detail to permit the Court to identify the specific tasks Resolute Brewing's counsel performed.").

The United States Supreme Court has held that time entries need not "record in great detail how each minute of . . . time was expended" so long as they "identify the general subject of . . . time expenditures." *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983). The courts have authorized redaction in time entries of privileged communications. *See In re Ogden*, No. BR 11-19841 EEB, 2015 WL 12817664, at *7 (Bankr. D. Colo. June 1, 2015); *see also Miller v. Bahakel Commc'ns*, No. 20-CV-0791-WJM-KMT, 2022 WL 1469546, at *3 (D. Colo. May 9, 2022) ("the Court finds that the relevant time entries are sufficiently particular . . ., do not reflect excessive block billing or redactions, and are reasonable").

Nowhere do the *Cui* Plaintiffs identify any specific "vague" or redacted time entry that provided insufficient information to permit them to assess the reasonableness or necessity of the time incurred.

Like the *Li* Plaintiffs, the *Cui* Plaintiffs merely argue that any time incurred for anything not related to their contract claims is outside the scope of the Loan Agreement's fee-shifting provision. *See* Doc.499 at 6-7. This argument presupposes that the presence of the contract claims controls the SPO Defendants' right to fees under the Loan Agreement. This is wrong for the reasons stated in our reply to the *Li* Plaintiffs' identical argument. *See* Doc.500 at 13-15.

Finally the *Cui* Plaintiffs suggest that the Tenth Circuit's order denying the SPO Defendants' motion for appellate attorney fees bars the Fees Motion. That argument is meritless. The Fees Motion does not request any appellate attorney fees. The Tenth Circuit issued no order precluding the SPO Defendants from requesting attorney fees incurred in the district court proceedings since July 21, 2021. The SPO Defendants' request for attorney fees is controlled by the Loan Agreement's fee-shifting provision.

## Conclusion

The Court should grant the Fees Motion and award the fees requested against the *Cui* Plaintiffs.[1]

---

[1] Both the Loan Agreement's broad fee-shifting provision, which requires the non-prevailing party to pay, e.g., "postjudgment collection services," Doc.344-1 § 20(vi), and this Circuit's jurisprudence authorize the award of attorney fees incurred in bringing and prosecuting a fees motion, *e.g.*, *Cummins v. Campbell*, 44 F.3d 847, 855 (10th Cir. 1994); *Valenzuela v. Coleman*, No. 18-CV-00329-CMA-STV, 2022 WL 2528330, at *17 (D. Colo. July 7, 2022).

Accordingly, it is appropriate to move—and we intend to move—to supplement the Fees Motion to request fees incurred since its submission, e.g., fees incurred in preparing replies to the *Li* Plaintiffs' and *Cui* Plaintiffs' separate responses to the Fees Motion. *See Glass v. Pfeffer*, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988) ("It is obviously fair to grant a fee for time spent litigating the fee issue, at least if the fee petitioner is successful and his claim as to a reasonable fee is vindicated, since it is the adversary who made the additional work necessary.") (internal quotations omitted); Hernandez v. George, 793 F.2d 264, 269 (10th Cir. 1986) ("this court generally allows recovery of fees for attorneys' work in seeking attorneys' fees"). This Court granted such a supplement to the SPO Defendants' first fees motion. *See* Doc.374 ("The Court's acceptance of the supplement will allow it to have a complete record of the matters at issue.").

October 6, 2023

        Respectfully submitted,

        *s/ Ty Gee*
        Ty Gee
        Heather R. Hanneman
        Delanie Grewe
        HADDON, MORGAN AND FOREMAN, P.C.
        950 Seventeenth Avenue
        Denver, CO 80202
        Tel 303.831.7364
        tgee@hmflaw.com; hhanneman@hmflaw.com; dgrewe@hmflaw.com

        *Attorneys for Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel*