**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-02443-RM-STV
     Consolidated with 19-cv-02637-RM-STV

**Derivatively:**
HSIN-YI WU, and QI QIN,
IN THEIR CAPACITY AS LIMITED PARTNERS OF
COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

     Plaintiffs

v.

COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,

     Nominal Defendant,

and

**Directly:**
HSIN-YI WU, JUN LI, QI QIN, YI LIU, JIE YANG, YUQUAN NI,
ZHONGZAO SHI, FANG SHENG, SHUNLI SHAO, KAIYUAN WU,
ZHIJIAN WU, ZHONGWEI LI, SA WU, FAN ZHANG, LIN QIAO,
JINGE HU, RUJUN LIU,YING XU, LU LI, CAO XIAOLONG,
and YUWEI DONG,

     Plaintiffs,

v.

COLORADO REGIONAL CENTER LLC,
COLORADO REGIONAL CENTER I, LLC,
SOLARIS PROPERTY OWNER LLC,
SOLARIS PROPERTY OWNER I LLC,
PETER KNOBEL, and
COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP, and
ALL PRINCIPALS AND ULTIMATE OWNERS OF BUSINESS ENTITIES PURSUANT TO
PIERCING OF THE LIMITED LIABILITY VEIL,

     Defendants.

Civil Action No. 19-cv-02637-RM-STV

DIANWEN CUI, LEI GU, SUFEN LENG, XUE MEI, ZHOU MEI,
YAN SONG, LU WANG, YUE WU, ZHUO YANG, JINGWEN ZHANG,
LEI ZHANG, LING ZHANG, XIAOHONG ZHANG, QIN ZHOU,
XUN ZHU, and CHUNYI ZOU,

      Plaintiffs,

v.

WAVELAND VENTURES LLC,
COLORADO REGIONAL CENTER PROJECT SOLARIS LLLP,
COLORADO REGIONAL CENTER I, LLC,
SOLARIS PROPERTY OWNER LLC,
SOLARIS PROPERTY OWNER I, and
PETER KNOBEL,

      Defendants.

---

## ORDER

---

    This matter comes before the Court on the Motion of Defendants Solaris Property Owner, LLC, Solaris Property Owner I, LLC, and Peter Knobel (together, "SPO Defendants") for Attorney Fees.  (ECF No. 497.)  Plaintiffs in each action[1] filed Responses in opposition to the Motion (ECF Nos. 498, 499) and SPO Defendants filed Replies to each (ECF Nos. 500, 501).  Being fully advised, the Court finds and orders as follows.

## I.    Background

    The background of this litigation has been set forth repeatedly and at length in the Court's prior orders as well as in the opinion of the 10th Circuit issued following the appeal in

---

[1] For ease of reference, Plaintiffs in Civil Action No. 19-cv-02443 are referred to collectively as the "Li Plaintiffs" and Plaintiffs in Civil Action No. 19-cv-2637 are referred to collectively as the "Cui Plaintiffs" (Li and Cui Plaintiffs, collectively, "Plaintiffs").

this case.  (ECF Nos. 271, 413, 414, 415, 457.)  It is therefore unnecessary to repeat that background here except as pertinent to the present Motion.

Following this Court's dismissal of Plaintiffs' claims and its award of attorney fees to Defendants, Plaintiffs appealed to the 10th Circuit.  On appeal, the Circuit affirmed the dismissal of Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6) with the exception of the Li Plaintiffs' claim for breach of fiduciary duty.  *Li v. Colorado Reg'l Ctr. I, LLC*, No. 21-1232, 2022 WL 5320135, at *2 (10th Cir. Oct. 7, 2022).  That Court also affirmed this Court's dismissal of the Cui Plaintiffs' remaining state law claims and its denial of the Li Plaintiffs' Motion for Default Judgment.  *Id.*  It reversed in part, however.  *Id.*  As noted above, the Court affirmed in part and reversed in part the dismissal of the Li Plaintiffs' claim for breach of fiduciary duty.  *Id.*  The Court also reversed this Court's Order denying the Cui Plaintiffs' Motion to Amend their Complaint.  *Id.*  And it vacated in part this Court's award of attorney fees as against Plaintiffs' attorneys personally.  *Id.*  The fees awarded under the Loan Agreement were not appealed and remained in place.  *Id.*  The 10th Circuit then remanded the matter to this Court.  *Id.*

After the case was remanded, the Li Plaintiffs filed a Motion to Strike Fees Awards to the SPO Defendants (ECF No. 466) and something it styled as a "Notice"—a Notice of D.C.Colo. LAttyR 2(a) Violation by Defendants in Fabricating and Backdating a Contract Integral to this Case, and Requesting an Evidentiary Hearing (ECF No. 479).  SPO Defendants filed a Response to the Motion to Strike Fees Awards (ECF No. 472) and Objections to the Notice (ECF No. 482).

Before the Court had an opportunity to resolve either of those issues, however, the other Defendants in this case (referred to as the CRC Defendants), the Li Plaintiffs, and the Cui Plaintiffs filed a Joint Motion to Dismiss.  (ECF No. 484.)  In that Motion the Parties noted that the SPO Defendants, though not party to the Motion, objected to it unless the Court conditioned

dismissal on payment by Plaintiffs of the SPO Defendants' legal fees.  The Motion also noted that all claims against the SPO Defendants had already been dismissed, although one was dismissed without prejudice.  The Motion finally explained that the CRC Defendants, the Li Plaintiffs, and the Cui Plaintiffs had reached a settlement, asking the Court to dismiss the action with prejudice, with each party to bear its own attorney fees and costs.  Because of the SPO Defendants' apparent objection to dismissal, the Court granted the SPO Defendants an opportunity to explain their position by filing a brief and permitted the other parties to do so as well.  (ECF No. 486.)  All Parties filed briefs.  (ECF Nos. 487, 488, 489, 490.)  In their Response, the SPO Defendants stated that they did not believe that Plaintiffs should be "done" with this case "until they have discharged their derivative contractual obligations under the Loan Agreement and their duties to this Court."  (ECF No. 490, p.2.)  The SPO Defendants went on to "stipulate under Rule 41(a)(1)(A)(2) to dismissal with prejudice of Plaintiffs' actions and will move separately under Rule 54(d) and the Loan Agreement's fee-shifting provision for attorney fees incurred after July 21, 2021."  (Id.)  After reviewing the Parties' filings, the Court granted the Motion to dismiss, dismissed the action with prejudice, and acknowledged that the SPO Defendants had indicated an intent to file for additional fees.  (ECF No. 492.)

The SPO Defendants then did file the Motion for Attorney Fees at issue here.  (ECF No. 497.)  In that Motion the SPO Defendants argue that they are entitled to recover their fees accrued after July 21, 2021, under the terms of the Loan Agreement.  The SPO Defendants note that the Court has already found them to be prevailing parties under the Loan Agreement and that Section 20(vi) of the Agreement entitles them to an award of attorney fees.  The SPO Defendants then assert that they accumulated $41,166.75 in fees as against the Li Plaintiffs and $18,044.75 in fees as against the Cui Plaintiffs since July 21, 2021.

Both the Li Plaintiffs and the Cui Plaintiffs responded, arguing that the SPO Defendants were not entitled to additional fees for several reasons.  (ECF Nos. 498, 499.)  First, the Li Plaintiffs argue that the SPO Defendants were nonparties at the time of the remand, and therefore could not have been prevailing parties.  (ECF No. 498.)  They argue that the SPO Defendants were not required to file a single document on remand.  Second, they argue that the SPO Defendants were not a prevailing party under the Loan Agreement because "this Court never held a hearing or made a decision on remand, so there was no prevailing party at the remand stage."  Third, they argue that the SPO Defendants already recovered all attorney fees to which they were entitled and incurred "while this Court had jurisdiction over the Loan Agreement," which the Li Plaintiffs argue the Court ceased to have in June of 2021.  Fourth, and finally, the Li Plaintiffs note that the 10th Circuit declined to award the SPO Defendants prevailing party fees at the appellate level.

The Cui Plaintiffs agree with the Li Plaintiffs that the SPO Defendants were nonparties on remand, so they could not be the prevailing parties on remand.  (ECF No. 499.)  Their second argument is that there was no ruling post-remand that would have rendered anyone the "prevailing party" under the loan agreement.  Third, the Cui Plaintiffs argue that the fees sought by the SPO Defendants appear to relate to the SPO Defendants' Motion for a Charging Order (ECF No. 429), which the Cui Plaintiffs point out they did not oppose, and for "PLSRA claims in which they sought $77,376.79 in sanctions against the CUI Plaintiffs' counsel but were only awarded $5,000."  Fourth and finally, the Cui Plaintiffs point out that the 10th Circuit already denied the SPO Defendants' request for attorney fees on appeal.

Both the Li Plaintiffs and the Cui Plaintiffs also argue that the fees requested by the SPO Defendants are not reasonable.  (ECF Nos. 498 pp.5-6, 499 p.7.)  The Li Plaintiffs argue that the

SPO Defendants' fees were the result of their "voluntary response" to filings by the Li Plaintiffs. (ECF No. 498, p.6.)  According to the Li Plaintiffs, "the SPO Defendants voluntarily made filings that were not necessary, on which they did not prevail, and for which they do not deserve fees."  (Id.)  The Cui Plaintiffs note, among other things, that "[w]hile the Li Plaintiffs and the SPO Defendants were involved in some post remand law and motion, the CUI Plaintiffs were not involved in any post remand filings, other than filing a reply to the Joint Motion to Dismiss which was requested by the Court."  (ECF No. 499.)  The SPO Defendants filed Replies to both Plaintiffs' Responses (ECF Nos. 500, 501), and the issue is now ripe for resolution.

## II.    Legal Standards

Motions for attorney's fees are governed by Federal Rule of Civil Procedure 54(d)(2). Generally, the "American Rule" provides that "the prevailing litigant is ordinarily not entitled to reasonable attorney's fees."  *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 247 (1975).  "However, that general rule is subject to exception if the contract in question calls for a deviation from that rule or if the legislature dictates an alternative arrangement through statute." *Guarantee Tr. Life Ins. Co. v. Est. of Casper by & through Casper*, 2018 CO 43, ¶ 23, 418 P.3d 1163, 1172; *see also Travelers Cas. And Sur. Co. of America v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 448 (2007) (same).

In this case, the Parties have never disputed that the Loan Agreement provides for an award of fees to the prevailing party.  That provision states:

> In the event of any litigation arising out of this Loan, the prevailing party, in addition to any other rights or remedies to which it may be entitled, shall be awarded its reasonable expenses incurred in enforcing or defending such action. This includes, subject to any limits under applicable law, attorneys' fees and legal expenses, whether or not there is a lawsuit…."

(ECF No. 344-1, p.10.)

"A 'prevailing party' is one who prevails on a significant issue in the litigation and derives some of the benefits sought by the litigation. The number of claims upon which a party prevails or the amount awarded for those claims is not determinative." *Archer v. Farmer Bros. Co.*, 90 P.3d 228, 230 (Colo. 2004). Furthermore, "where a claim exists for a violation of a contractual obligation, the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of awarding attorney fees." *Dennis I. Spencer Contractor, Inc. v. City of Aurora*, 884 P.2d 326, 327 (Colo. 1994). "[A] defendant is a prevailing party for Rule 54(d)(1) purposes when a district court enters judgment on federal claims and declines to exercise supplemental jurisdiction over state claims, dismissing them without prejudice." *Allen v. Lang*, 738 F. App'x 934, 945 (10th Cir. 2018).

## III.   Analysis

Because the Plaintiffs are not identically situated, the Court will address them in turn.

### A.   The Li Plaintiffs

The Court previously concluded that the SPO Defendants were the prevailing parties under the Loan Agreement[2]. (ECF No. 413, p.8.) The 10th Circuit did not reverse any such conclusion, although it reinstated the Li Plaintiffs' claim for breach of fiduciary duty, a claim brought against the CRC Defendants, and not the SPO Defendants. *Li*, 2022 WL 5320135, at *2. Thus, the decision of the 10th Circuit left this Court's finding on that issue undisturbed. Nevertheless, the Li Plaintiffs argue that the SPO Defendants never prevailed on any of the motions brought on remand, and therefore they could not have been the prevailing party on

---

[2] The Cui Plaintiffs argue that the Court previously concluded that the SPO Defendants did not prevail for the purpose of awarding fees under the Agreement Regarding Collateral Unit ("ARCU"). (ECF No. 499, pp.5-6.) The Court's Order on SPO Defendants' Motion for Attorney Fees, however, distinguished between fees under the ARCU and fees under the Loan Agreement. (ECF No. 413, pp.6-10.) The Cui Plaintiffs are correct that the Court previously rejected the claim of the SPO Defendants that they were the prevailing party under the ARCU (ECF No. 413, p10) but found that the SPO Defendants were the prevailing party under the Loan Agreement itself (ECF No. 413, p.9).

remand.  (ECF No. 498, p.5.)  The Li Plaintiffs have cited no caselaw, however, and the Court is aware of none, that suggest that each phase of a proceeding in district court is treated as distinct for the purpose of determining the prevailing party.  In fact, the law appears to state the opposite—the prevailing party is determined based on the result of the *litigation*, not the individual motion.  *See, e.g., Archer*, 90 P.3d at 230 (defining a "prevailing party" by the result of the litigation).  Thus, the Court is unpersuaded by this argument.

Similarly, the Court does not agree with the Li Plaintiffs that it now lacks jurisdiction to address the question of attorney fees for the SPO Defendants.  As the 10th Circuit has concluded, even if this Court never had jurisdiction to consider *any* of the claims in this case, it would nevertheless have jurisdiction to resolve questions of attorney fees.  *U.S. ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1056-57 (10th Cir. 2004); *see also Vanderbeek v. Vernon Corp.*, 25 P.3d 1242, 1248 (Colo. App. 2000) (confirming that trial court retained jurisdiction to determine the award of attorney fees even though that court had previously determined it did not have subject matter jurisdiction over the underlying suit).

The Li Plaintiffs also argue that the SPO Defendants are, at this time, *nonparties* to this Federal action.  Therefore, they assert, they cannot be prevailing *parties* on remand.  (ECF No. 498.)  Again, the Court disagrees.  The Court concludes that such a rule would be nonsensical, as it would deprive defendants who successfully defend themselves, and achieve dismissal of the claims against them, from recovering attorney fees from a plaintiff, whether under contract, statute, or other authority.  Moreover, standing requires that a party demonstrate that it suffered a personal injury, fairly traceable to the other party's conduct, that is likely to be redressed by the requested relief.  *Allen v. Wright*, 468 U.S. 737, 751 (1984) (abrogated on other grounds by *Lexmark Int'l., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014)).  As the 10th

Circuit explained in *Grynberg*, 389 F.3d at 1057, a claim for attorney fees meets the requirements to confer standing on a party even though it has been dismissed from the litigation.

Here, the SPO Defendants were brought into this Court when Plaintiffs filed suit against them.  In the specific case of the Li Plaintiffs, the SPO Defendants were again hailed into this Court by the filing of several postjudgment motions, including one seeking the reconsideration of this Court's previous award of attorney fees (ECF No. 466) and one accusing the SPO Defendants and their Counsel of presenting this Court with a false document.  (ECF No. 479).  The Court finds the Li Plaintiffs' contention, that the SPO Defendants' filings in response were "not necessary," to be disingenuous.  It is only to be expected that a party would file a response in opposition in order to defend attorney fees it had already been awarded and which it had already collected.  It is even clearer that a party would seek to defend itself from allegations of fraud-on-the-court.  Thus, the Court concludes that the SPO Defendants were, in fact, hailed into court by the Li Plaintiffs. The court thus concludes that the SPO Defendants, as the prevailing party in this litigation, are entitled to an award of attorney fees pursuant to the Loan Agreement.

The Court is also unpersuaded that the decision by the 10th Circuit to deny fees on appeal is somehow determinative on remand.  The Parties cite no authority for such a proposition.  Furthermore, the 10th Circuit's Order on this question comprised a single paragraph with no explanation other than that "the SPO Defendants have not made a sufficient showing to warrant a fee award for this appeal."  (ECF No. 463.)  The Court considers the filings made in this Court and, having done so, concludes that the SPO Defendants have made an adequate showing in *this Court* that they are entitled to an award of attorney fees.

That does not end the Court's inquiry, however.  The question remains as to whether the fees sought by the SPO Defendants are *reasonable*.  The Court should consider the lodestar

amount, which represents a reasonable number of hours expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The Li Plaintiffs do not contest the reasonableness of the hourly rates charged by the SPO Defendants' counsel. Thus, the Court must determine whether the number of hours expended was reasonable. While the Court has explained why it rejects the Li Plaintiffs' blanket statement that the SPO Defendants were not required to respond to any filings on remand, the Court does agree with the Li Plaintiffs that not all of the SPO Defendants' attorney fees were reasonable.

It is unclear to the Court why the SPO Defendants initially decided to oppose the Motion to Dismiss that was filed by the other parties in this case. The case law is clear that questions of attorney fees can be addressed, even after the underlying case has been dismissed. Nevertheless, the SPO Defendants informed the other parties that they opposed the Motion to Dismiss, which prompted this Court to permit them to file a brief explaining their opposition. (ECF No. 486.) That the SPO Defendants' objection to dismissal was unnecessary was demonstrated in their Brief filed in response to the Court's Order. (ECF Nos. 489, 490.) In that Brief, the SPO Defendants stipulated to the dismissal with prejudice of the Plaintiffs' remaining claims (which notably involved only the CRC Defendants) and stated that they would move separately for attorney fees. (Id.) In the Court's view, the fees spent on that exercise are not reasonable and therefore should be disallowed. The Court has reviewed the billing records filed by the SPO Defendants and attributed to the Li Plaintiffs and has calculated that Attorney Grew apparently spent 3.15 hours on the opposition to the Motion to Dismiss. Attorney Hanneman spent .3 hours and Attorney Gee spent 5.2 hours on that work. (ECF No. 497-5.) Based on those hours, Attorney Grew accumulated $992.25 in fees, Attorney Hanneman accumulated $159 in fees, and Attorney Gee accumulated $2,860 in fees, for a combined total of $4,011.25. That amount is

disallowed.  The Court concludes that the SPO Defendants reasonably expended the remaining

$37,155.50 on the collection of the Court's prior fee award, on responses to the Li Plaintiffs'

postjudgment motions, and in preparation of this fee request.  Because, as the prevailing parties

under the Loan Agreement, the request for fees was meritorious the Court concludes that time

spent preparing that fee request was also reasonable.  The Court therefore awards the SPO

Defendants $37,155.50 in attorney fees from the Li Plaintiffs.

**B.  The Cui Plaintiffs**

The Court's analysis with regard to the Cui Plaintiffs is simpler.  As an initial matter, the

Court rejects the Cui Plaintiffs arguments that the Court lacks subject matter jurisdiction to issue

this award and its argument that there has been no prevailing party on remand for the reasons

discussed above.  The Court also rejects the Cui Plaintiffs' assertion that the 10th Circuit's

decision on appellate fees controls here, again for the reasons set forth above.

The Court does agree with the Cui Plaintiffs, in part, that the fees accumulated are not

entirely reasonable.  The Cui Plaintiffs' only filings on remand (aside from those in response to

the SPO Defendants' fee request) were the joint Motion to Dismiss and the Response to the SPO

Defendants' Objection to that Motion.  Thus, the Court concludes that the Cui Plaintiffs never

required the SPO Defendants to expend any resources after the conclusion of the appeal.  As

already set forth above, the Court has concluded that the SPO Defendants' counsel unreasonably

expended time objecting to the other parties' Motion to Dismiss, as such objection was not

required in order to request the award of their remaining attorney fees.

The Court disagrees with the Cui Plaintiffs, however, that their lack of opposition to the

SPO Defendants' Motion for Entry of Charging Order Against the Cui Plaintiffs' Partnership

Interests in CRCPS (ECF No. 429) negates any responsibility they might have for the attorney

fees expended on that Motion.  It is true that the Cui Plaintiffs did not oppose the request, and that lack of objection is reflected in the billing records of the SPO Defendants' counsel.  (ECF Nos. 497-5, 497-7.)  Those records reflect time expended responding to the Li Plaintiffs' objection to the Motion, the fees for which were included in the request as to the Li Plaintiffs, and not included in the request as to the Cui Plaintiffs.  (ECF Nos. 497-5, 497-7.)  The SPO Defendants needed to file a Motion for a Charging Order in order to recover the fees they had already been awarded.  They needed to do so, in part, because of the Cui Plaintiffs' failure to satisfy that judgment.  (ECF No. 429, p.3.)  As the SPO Defendants noted in that Motion, although the judgment was the subject of an appeal, no stay of execution had been entered and the Cui Plaintiffs were obligated to pay that amount.  Their failure to do so rendered the Motion for Charging Order, and the time expended preparing that Motion, reasonable.

Similarly, in order to recover the fees accumulated in the pursuit of those amounts, the SPO Defendants reasonably spent some time preparing this Motion for Fees.  The Court will therefore allow those amounts but will disallow the fees accumulated in objecting to the other parties' settlement agreement.  The Court has again reviewed the billing records filed by the SPO Defendants and concludes that their counsel expended the following amounts of time on that opposition: Attorney Gee spent 3.6 hours on the Response to the Motion to Dismiss for a total of $1,980.00 in fees and Attorney Grew spent 3.15 hours on that Response for a total of $992.25 in fees.  (ECF No. 497-7.)  The Court therefore concludes that the combined $2,972.25 in fees were not reasonable and awards the SPO Defendants the remaining $15,072.50 in fees from the Cui Plaintiffs.

## IV.    Conclusion

Based on the foregoing the Court ORDERS as follows.

(1)     That the SPO Defendants' Motion for Attorney Fees is GRANTED as stated
        herein;

(2)     That the SPO Defendants are awarded $37,155.50 in attorney fees against the Li
        Plaintiffs; and

(3)     That the SPO Defendants are awarded $15,072.50 in attorney fees against the Cui
        Plaintiffs.

DATED this 24th day of October, 2023.

BY THE COURT:

_____

RAYMOND P. MOORE
Senior United States District Judge